District NextGen v1.5.2 LIVE DB

https://nmd-ecf.sso.dcn/cgi-bin/DktRpt.pl?102827714240926-L_1_1-1

Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 1
APPEAL,CUSTODY,FILINGFEEDUE,INT-SPA,RELEASE,RST-PNDNG,RVO-PNDNG

# U.S. District Court
# United States District Court - District of New Mexico (Las Cruces)
# CRIMINAL DOCKET FOR CASE #: 2:15-cr-04268-JB All Defendants

Case title: USA v. DeLeon et al                                      Date Filed: 12/01/2015

Assigned to: District Judge James O. Browning

**Defendant (1)**

**Angel DeLeon**                          represented by  **Sarah M. Gorman**
                                                          Law Offices of Robert D. Gorman
                                                          1201 Lomas NW
                                                          Suite A
                                                          Albuquerque, NM 87102
                                                          505-243-5442
                                                          Fax: 505-247-1539
                                                          Email: smgorman.law@gmail.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: CJA Appointment*

                                                          **Susan M. Porter**
                                                          908 Lomas Blvd. NW
                                                          Albuquerque, NM 87102
                                                          505-312-7742
                                                          Fax: 651-602-3655
                                                          Email: sporterlaw@gmail.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (1) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (1s) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (1ss) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |

None

---

Assigned to: District Judge James O. Browning

Appeals court case number: 20-2058 U S Court of Appeals

**Defendant (2)**

| | | |
|---|---|---|
| **Joe Lawrence Gallegos**<br>*TERMINATED: 06/11/2019* | represented by | **Brock Benjamin**<br>Benjamin Law Firm<br>1600 N. Kansas St.<br>El Paso, TX 79902<br>(915) 412-5858<br>Fax: (915) 503-2224<br>Email: brock@brockmorganbenjamin.com<br>*TERMINATED: 05/14/2020*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

**Gregory M. Acton**
3811 Atrisco Dr. NW
Suite B
Albuquerque, NM 87120
(505) 338-0453
Fax: (505) 839-7212
Email: gregoryacton@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
(314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com
*TERMINATED: 05/14/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(1ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$100; deft in custody |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)<br>(4ss) | SENTENCE IMPOSED: CBOP-120 months concurrently; Supervised Release-3 years concurrently; SPA-$100; deft in custody |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(5ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$100; deft in custody |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

18:1959(A)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER) AND 18:2
(1)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(1s)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(4s)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(5s)

18:1959(a)(3): VIOLENT CRIMES IN AID OF
RACKETEERING (ASSAULT WITH A
DANGEROUS WEAPON); 18:2 AIDING AND
ABETTING
(13s)

18:1959(a)(3): VIOLENT CRIMES IN AID OF
RACKETEERING (ASSAULT WITH
DANGEROUS WEAPON); 18:2 AIDING AND
ABETTING
(13ss)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(14s)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(14ss)

18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES
IN AID OF RACKETEERING (ATTEMPTED
MURDER, ASSAULT RESULTING IN SERIOUS
BODILY INJURY AND ASSAULT WITH A
DANGEROUS WEAPON); 18:2 AIDING AND
ABETTING
(15s)

18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES
IN AID OF RACKETEERING (ATTEMPTED
MURDER, ASSAULT RESULTING IN SERIOUS
BODILY INJURY AND ASSAULT WITH
DANGEROUS WEAPON); 18:2 AIDING AND
ABETTING
(15ss)

18:1512: WITNESS TAMPERING; 18:2 AIDING
AND ABETTING
(16ss)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

None

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2188 U S Court of
Appeals

**Defendant (3)**

**Edward Troup**
*TERMINATED: 05/15/2019*
*also known as*
Huero Troup
*TERMINATED: 05/15/2019*

represented by **Cori Ann Harbour-Valdez**
The Harbour Law Firm, P.C.
1522 Montana Ave
3rd Floor
El Paso, TX 79902
915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net
*TERMINATED: 12/09/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**John T. Carlson**
Ridley McGreevy & Winocur
303 16th Street
Suite 200
Denver, CO 80202
303-629-9700
Fax: 303-629-9702
Email: jtcarlson@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street
Suite 2055
Denver, CO 80202
303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com
*TERMINATED: 12/09/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(1ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$100; deft in custody. |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(3ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$100; deft in custody. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2<br>(1) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING | |

(1s)

18:1959(A)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER) AND 18:2
(3)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(3s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (4)**

| **Leonard Lujan**<br>*TERMINATED: 07/29/2020* | represented by | **Russell Dean Clark**<br>P.O. Box 576<br>755 S Telshor Bldg R Ste 202<br>Las Cruces, NM 88004<br>575-526-9000<br>Fax: 575-526-9800<br>Email: russelldeanclark@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Donald R Knight**<br>7852 South Elati Street<br>Suite 201<br>Littleton, CO 80120<br>303-797-1645<br>Email: Don@dknightlaw.com<br>*TERMINATED: 07/08/2016*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
|---|---|---|

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF<br>RACKETEERING (MURDER); 18:2 AIDING AND<br>ABETTING<br>(1ss-2ss) | SEALED PROCEEDINGS |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF<br>RACKETEERING (MURDER) AND 18:2<br>(1-2) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF<br>RACKETEERING (MURDER); 18:2 AIDING AND<br>ABETTING<br>(1s-2s) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2152 U S Court of
Appeals

**Defendant (5)**

**Billy Garcia**
*TERMINATED: 06/11/2019*
also known as
Wild Bill
*TERMINATED: 06/11/2019*

represented by **James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com
*TERMINATED: 09/04/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jason Bowles**
Bowles Law Firm
4811 Hardware Drive, N.E.
Bldg D, Suite 5
Albuquerque, NM 87109
505-217-2680
Fax: 505-217-2681
Email: jason@Bowles-Lawfirm.com
*TERMINATED: 03/24/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Joseph Libory Green**
The Law Firm of Joseph Green, L.L.C.
1 McBride & Sons Center Drive,
Suite 225A
Chesterfield, MO 63005
636-532-6600
Email: joe@josephgreenlaw.com
*TERMINATED: 02/25/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kathleen Lord**
Lord Law Firm
1544 Race St
Denver, CO 80206
303-947-5371
Email: kathleen@klordlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Mario Carreon**

200 W. Las Cruces Ave. Suite B
Las Cruces, NM 88005
575-523-7979
Fax: 575-523-4311
Email: texflood@aol.com
*TERMINATED: 12/14/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505 842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com
*TERMINATED: 10/03/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(1ss-2ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$200; Restitution-Held open for 90 days; deft in custody |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2<br>(1-2) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(1s-2s) | |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (6)**

| | | |
|---|---|---|
| **Eugene Martinez**<br>*TERMINATED: 10/22/2019*<br>*also known as*<br>Little Guero<br>*TERMINATED: 10/22/2019* | represented by | **Douglas E Couleur**<br>Douglas E. Couleur, P.A.<br>1640 Old Pecos Trail<br>Suite A<br>Santa Fe, NM 87505<br>(505) 984-1962<br>Fax: (505) 819-0522<br>Email: doug@couleurlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

*Designation: CJA Appointment*

**Carlos Ibarra**
304 N San Pedro
Las Cruces, NM 88001
(575) 527-4045
Email: carlosibarraesq@gmail.com
*TERMINATED: 02/04/2016*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**David A. Lane**
Killmer, Lane & Newman, LLP
1543 Champa Street
Suite 400
Denver, CO 80202
303-571-1000
Fax: 303-571-1001
Email: dlane@kln-law.com
*TERMINATED: 06/21/2016*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Robert J. Gorence**
Gorence & Oliveros PC
300 Central Avenue SW
Suite 1000E
Albuquerque, NM 87102
505-244-0214
Fax: 505-244-0888
Email: gorence@golaw.us
*TERMINATED: 03/24/2016*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (2ss) | SENTENCE IMPOSED:CBOP-92 months; Supervised Release-5 years; SPA-$100; Restitution-$2645.31; deft in custody |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (2) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (2s) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: District Judge James O. Browning

**Defendant (7)**

| | |
|---|---|
| **Allen Patterson** *TERMINATED: 05/25/2018* | represented by **Jeffrey C. Lahann** |

**Allen Patterson**
*TERMINATED: 05/25/2018*

represented by **Jeffrey C. Lahann**
665 E. University Ave. #2A
Las Cruces, NM 88005
575-523-4394
Fax: 1-888-694-7241
Email: jeff@lahannlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Joseph E. Shattuck**
Marco & Shattuck
620 Roma Ave. NW
Albuquerque, NM 87102
505-226-1100
Fax: 800-743-1631
Email: jshattuck@marcoshattucklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Phillip A. Linder**
The Linder Firm
3500 Maple Avenue, Suite 400
Dallas, TX 75219
214-252-9900
Fax: 214-252-9902
Email: phillip@thelinderfirm.com
*TERMINATED: 03/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (2) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (2s) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (2ss) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|

None

---

Assigned to: District Judge James O. Browning

**Defendant (8)**

**Christopher Chavez**
*TERMINATED: 06/19/2018*
*also known as*
Critter
*TERMINATED: 06/19/2018*

represented by **Eduardo Solis**
901 Wyoming Avenue
El Paso, TX 79902
(915) 544-1818
Fax: (915) 544-4068
Email: esolis@solislawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Orlando Mondragon**
1028 Rio Grande
El Paso, TX 79902
915-566-8181
Fax: 915-566-9696
Email: mondragonom@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**David L Andersen**
Andersen & Zimmer
385 Grand Avenue
Suite 300
Oakland, CA 94610
(510) 835-4952
Fax: (510) 835-4958
Email: andzim@sbcglobal.net
*TERMINATED: 06/13/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**John L. Granberg**
Granberg Law Office
303 N. Oregon, Ste. 805
El Paso, TX 79901
915-253-2091
Fax: 915-543-3201
Email: granberglawoffice@yahoo.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1959(A)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER) AND 18:2
(2)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(2s)

**Disposition**

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(2ss) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (9)**

| **Javier Alonso**<br>*also known as*<br>Wineo | represented by | **Nathan D. Chambers**<br>Nathan D. Chambers LLC<br>303 16th Street, Suite 200<br>Denver<br>Denver, CO 80202<br>303-825-2222<br>Fax: 303-825-4010<br>Email: nchambers@nathanchamberslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Noel Orquiz**<br>P.O. Box 971<br>Deming, NM 88031<br>575-546-4131<br>Fax: 575-546-8406<br>Email: norq@zianet.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
|---|---|---|

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2<br>(3) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(3s) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(3ss) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

**Complaints**                                              **Disposition**

None

---

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2148 U.S. Court of
Appeals

**Defendant (10)**

**Arturo Arnulfo Garcia**                    represented by   **Billy R. Blackburn**
*TERMINATED: 06/11/2019*                                      1011 Lomas Blvd. NW
*also known as*                                               Albuquerque, NM 87102
Shotgun                                                       505-242-1600
*TERMINATED: 06/11/2019*                                      Fax: 505-243-6279
                                                              Email: Billy@BBlackburnlaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: CJA Appointment*

                                                              **Scott Moran Davidson**
                                                              1011 Lomas Boulevard NW
                                                              Albuquerque, NM 87102
                                                              505-255-9084
                                                              Fax: 505-243-6279
                                                              Email: scott@justappeals.net
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: CJA Appointment*

**Pending Counts**                                          **Disposition**

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND         SENTENCE IMPOSED: CBOP-Life; Supervised
ABETTING                                       Release-5 years; SPA-$100; deft in custody.
(3ss)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                       **Disposition**

18:1959(A)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER) AND 18:2
(3)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(3s)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                              **Disposition**

None

---

Assigned to: District Judge James O. Browning

**Defendant (11)**

| | |
|---|---|
| **Benjamin Clark**<br>*TERMINATED: 08/29/2019*<br>*also known as*<br>Cyclone<br>*TERMINATED: 08/29/2019* | represented by **Jerry Daniel Herrera**<br>620 Roma Avenue, NW<br>Albuquerque, NM 87102<br>505-262-1003<br>Fax: 505-246-2668<br>Email: jd@jdherreralaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | **Stephen E. Hosford**<br>Stephen E. Hosford, P.C.<br>PO Box 420<br>Arrey, NM 87930<br>(575) 644-6068<br>Email: sehosford@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(3s) | SENTENCE IMPOSED: CBOP-110 months; Supervised Release-5 years; SPA-$100; deft in custody |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2<br>(3) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (12)**

| | |
|---|---|
| **Ruben Hernandez**<br>*TERMINATED: 08/16/2019* | represented by **Leon Encinias**<br>Leon Felipe Encinias Attorney at Law<br>1412 Lomas Blvd NW<br>Albuquerque, NM 87104<br>505-842-9053<br>Fax: 505-842-0686<br>Email: lenciniasesq@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

**Pedro Pineda**
P.O. Box 13447
Las Cruces, NM 88013
575-644-6419
Fax: 575-993-5300
Email: lawyer19742003@yahoo.com
*TERMINATED: 11/20/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(3s) | SENTENCE IMPOSED: CBOP-1357 days; Supervised Release-5 years; SPA-$100; deft in custody |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2<br>(3) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (13)**

| **Jerry Armenta**<br>*TERMINATED: 08/16/2019*<br>*also known as*<br>Creeper<br>*TERMINATED: 08/16/2019* | represented by | **Gary Mitchell**<br>Mitchell Law Office<br>PO Box 2460<br>Ruidoso, NM 88345<br>575-257-3070<br>Fax: 575-257-3171<br>Email: gary@gmlaw.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
|---|---|---|

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)<br>(6s) | SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years concurrently; SPA-$100 |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(7ss) | SENTENCE IMPOSED: CBOP-140 months concurrently; Supervised Release-5 years concurrently; SPA-$100 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (5) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (14)**

| | | |
|---|---|---|
| **Jerry Montoya**<br>*TERMINATED: 08/29/2019*<br>*also known as*<br>Boxer<br>*TERMINATED: 08/29/2019* | represented by | **Larry A. Hammond**<br>Osborn Maledon PA<br>2929 N Central Ave.,<br>Suite 210<br>Phoenix, AZ 85012-2794<br>(602) 640-9361<br>Fax: 640-6076<br>Email: lhammond@omlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Margaret Strickland**<br>McGraw & Strickland<br>165 West Lucero Ave.<br>Las Cruces, NM 88005<br>575-323-1529<br>Fax: 575-680-1200<br>Email: Margaret@lawfirmnm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6s) | SENTENCE IMPOSED:CBOP-120 months concurrently; Supervised Release-3 years concurrently; SPA-$100 |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7ss) | SENTENCE IMPOSED:CBOP-140 months concurrently; Supervised Release-5 years concurrently; SPA-$100 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |

18:1959(A)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER) AND 18:2
(5)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (15)**

**Mario Rodriguez**
*also known as*
Blue

represented by **Santiago David Hernandez**
Law Office of Santiago D. Hernandez
1219 E. Missouri
El Paso, TX 79902
915-351-4300
Fax: 915-314-0054
Email: santilawyer@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Steven M Potolsky**
PO Box 50973
Jacksonville Beach, FL 32250
305-335-5539
Fax: 305-358-5917
Email: stevepo@bellsouth.net
*TERMINATED: 06/28/2019*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (5) | |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6s) | |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6sss) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7ss) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7sss) | |

**Highest Offense Level (Opening)**

Felony

---

**Terminated Counts**                                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                 **Disposition**

None

---

Assigned to: District Judge James O. Browning

**Defendant (16)**

**Timothy Martinez**                          represented by   **Jacqueline K. Walsh**
*TERMINATED: 10/22/2019*                                       Walsh & Larranaga
*also known as*                                                705 2nd Ave., #501
Red                                                            Seattle, WA 98104
*TERMINATED: 10/22/2019*                                       (206) 325-7900
                                                               Fax: (206) 322-4305
                                                               Email: jackie@jamlegal.com
                                                               *TERMINATED: 07/05/2016*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

                                                               **Ray Velarde**
                                                               1216 Montana
                                                               El Paso, TX 79902
                                                               (915) 532-6003
                                                               Fax: 542-2341
                                                               Email: velardelaw2005@yahoo.com
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

                                                               **Steven Lorenzo Almanza**
                                                               PO Box 1660
                                                               Las Cruces, NM 88004
                                                               (575) 524-8312
                                                               Fax: (575) 526-6449
                                                               Email: steven.l.almanza@gmail.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

**Pending Counts**                                             **Disposition**

18:1959(a)(5): VIOLENT CRIMES IN AID OF                        SENTENCE IMPOSED: CBOP-92 months;
RACKETEERING (CONSPIRACY TO MURDER)                            Supervised Release-3 years concurrent; SPA-$100;
(6s)                                                           deft in custody

18:1959(a)(1): VIOLENT CRIMES IN AID OF                        SENTENCE IMPOSED: CBOP-92 months;
RACKETEERING (MURDER); 18:2 AIDING AND                         Supervised Release-5 years concurrent; SPA-$100;
ABETTING                                                       deft in custody
(7ss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (5) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: District Judge James O. Browning

**Defendant (17)**

| | | |
|---|---|---|
| **Mauricio Varela** | represented by | **Mary Stillinger** |
| *TERMINATED: 10/15/2018* | | Mary Stillinger |
| *also known as* | | 401 Boston Avenue |
| Archie | | El Paso, TX 79902 |
| *also known as* | | 915-775-0705 |
| Hog Nuts | | Fax: 915-886-7178 |
| | | Email: stillingerlaw@sbcglobal.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

**Michael David Lindsey**
David Lindsey, Attorney
7887 East Bellview Avenue
Suite 1100
Engelwood, CO 80111
303-228-2270
Fax: 303-228-2271
Email: david@mdavidlindsey.com
*TERMINATED: 05/06/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Joe Spencer**
1009 Montana Avenue
El Paso, TX 79902
915-532-5562
Fax: 915-532-7535
Email: joe@joespencerlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |
| 18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 | |

(5)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(6s)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(7ss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6sss) | Dismissed |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7sss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2141 U S Court of
Appeals

**Defendant (18)**

**Daniel Sanchez**
*TERMINATED: 05/15/2019*
*also known as*
Dan Dan
*TERMINATED: 05/15/2019*

    represented by    **Amy E. Jacks**
Law Office of Amy E. Jacks
315 E. 8th St.
#801
Los Angeles, CA 90014
213-489-9025
Fax: 213-489-9027
Email: amyejacks@sbcglobal.net
*TERMINATED: 09/17/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Josh R. Lee**
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80212
303-294-7002
Fax: 303-294-1192
Email: josh.lee@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Lauren Noriega**
The Noriega Law Firm
941 S Vermont Ave.
Ste. 101, #542
Los Angeles, CA 90006
213-290-2656
Fax: 213-603-5284
Email: AttorneyNoriega@yahoo.com
*TERMINATED: 09/17/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Richard Jewkes**
Richard Jewkes
701 N. Saint Vrain St
El Paso, TX 79902
(915) 534-7400
Fax: (915)534-7407
Email: richardjewkes@sbcglobal.net
*TERMINATED: 04/12/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)
(6sss)

18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING
(7sss)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)
(4)

18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2
(5)

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)
(6s)

18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING
(7ss)

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

SENTENCE IMPOSED:CBOP-120 months; Supervised Release-3 years; SPA-$100; deft in custody

SENTENCE IMPOSED:CBOP-Life; Supervised Release-5 concurrently years; SPA-$100; deft in custody

**Disposition**

**Disposition**

Assigned to: District Judge James O. Browning

**Defendant (19)**

**Gerald Archuleta**        represented by   **George A Harrison**
*TERMINATED: 08/17/2018*                             703 Oro Viejo Rd
*also known as*                                         Las Cruces, NM 88011
Styx                                                5756391083
*TERMINATED: 08/17/2018*                             Fax: 575-708-4078
*also known as*                                          Email: ghlaw707@gmail.com
Grandma                                       *TERMINATED: 09/11/2018*
*TERMINATED: 08/17/2018*                             *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kimberly S Brusuelas-Benavidez**
1015 Fifth St NW
Albuquerque, NM 87102
505-247-9333
Fax: 505-247-9292
Email: kim@fifthstreetlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY) (8s) | Sealed Proceedings |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(A)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY) (6) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (20)**

**Conrad Villegas**        represented by   **B.J. Crow**
*TERMINATED: 02/21/2019*                             Crow Law Firm
*also known as*                                          400 N. Pennsylvania Ave.
Chitmon                                        Suite 1150
*TERMINATED: 02/21/2019*                             Roswell, NM 88201
575-291-0200
Fax: 575-291-0201

Email: bj@crow-law-firm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1959(A)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY) (6) | |
| 18:1959(a)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY) (8s) | |
| 18:1959(a)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY) (8ss) | SENTENCE IMPOSED: CBOP-12 months and 1 day; Supervised Release-1 year; SPA-$100; deft in custody |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2195 U S Court of Appeals

**Defendant (21)**

| | | |
| --- | --- | --- |
| **Anthony Ray Baca**<br>*TERMINATED: 06/12/2019*<br>*also known as*<br>Pup<br>*TERMINATED: 06/12/2019* | represented by | **Cesar Pierce-Varela**<br>1690 N Main St.<br>PO Box 8557<br>Las Cruces, NM 88006<br>575 523 2224<br>Fax: 575 523 2373<br>Email: defensapenal@netzero.net<br>*TERMINATED: 12/14/2015*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Jess R. Lilley**<br>Lilley Law Office<br>1020 S. Main St.<br>Las Cruces, NM 88005<br>(575) 524-7809<br>Fax: (575) 526-2642 |

Email: jess@lilleyandoconnell.com
*TERMINATED: 12/07/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Theresa M Duncan**
Duncan Earnest LLC
PO Box 2769
Santa Fe, NM 87102
505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Neal Douglas Stern**
U.S. Probation Office and Pretrial Services Division
Email: neal_stern@nmp.uscourts.gov
*ATTORNEY TO BE NOTICED*

**Pending Counts**

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6sss)

18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7sss)

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (9sss-10sss)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4)

18:1959(A)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER) AND 18:2 (5)

18:1959(A)(6): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO COMMIT ASSAULT RESULTING IN SERIOUS BODILY INJURY)

**Disposition**

SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years concurrent; SPA-$100

SENTENCE IMPOSED: CBOP-Life; Supervised Release-3 years concurrent; SPA-$100

SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years concurrent; SPA-$100

**Disposition**

(6)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(6s)

18:1959(A)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(7-8)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(7ss)

18:1959(a)(6): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO COMMIT
ASSAULT RESULTING IN SERIOUS BODILY
INJURY)
(8s)

18:1959(a)(6): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO COMMIT
ASSAULT RESULTING IN SERIOUS BODILY
INJURY)
(8sss)

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(9s-10s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (22)**

| | | |
| --- | --- | --- |
| **Robert Martinez**<br>*also known as*<br>Baby Rob | represented by | **Charles J. McElhinney**<br>McElhinney Law Firm LLC<br>1140 E. Idaho Ave<br>Las Cruces, NM 88001<br>575-288-1989<br>Fax: 575-556-9388<br>Email: cjm@cjmlawfirm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF<br>RACKETEERING (CONSPIRACY TO MURDER)<br>(7-8) | |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF<br>RACKETEERING (CONSPIRACY TO MURDER)<br>(9s-10s) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: District Judge James O. Browning

**Defendant (23)**

| | | |
|---|---|---|
| **Roy Paul Martinez** | represented by | **Marcia J. Milner** |
| *also known as* | | P.O BOX 1450 |
| Shadow | | Las Cruces, NM 88001 |
| | | 575-523-2696 |
| | | Fax: 575-523-2699 |
| | | Email: maalaw4@gmail.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (7-8) | |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (9s-10s) | |

| **Highest Offense Level (Opening)** | |
|---|---|
| Felony | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2109 U. S. Court of Appeals

**Defendant (24)**

| | | |
|---|---|---|
| **Christopher Garcia** | represented by | **Amy Sirignano** |
| *TERMINATED: 05/10/2019* | | Law Office of Amy Sirignano, PC |
| | | 5901 Wyoming Blvd. NE |
| | | Suite J-250 |
| | | Albuquerque, NM 87109 |
| | | 505-242-2770 |

Fax: 505-242-2774
Email: amy@abqnmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Christopher W Adams**
102 Broad Street
Suite C
Charleston, SC 29401
(843) 577-2153
Fax: (877) 883-9114
Email: adams.c@me.com
*TERMINATED: 06/18/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Marc M Lowry**
(See above for address)
*TERMINATED: 12/14/2015*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (10ss) | SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; SPA-$200 |
| 18:922(g)(1) and 924(a)(2): FELON IN POSSESSION OF A FIREARM (11ss) | SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; SPA-$200 |

**Highest Offense Level (Opening)**
Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| 18:1959(A)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (8) | |
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (10s) | |
| 18:922(g)(1) and 924(a)(2): FELON IN POSSESSION OF A FIREARM (11s) | |
| 18:924(c): USING AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE (12s) | |
| 18:924(c): USING AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE (12ss) | |

**Highest Offense Level (Terminated)**
Felony

| | |
|---|---|
| **Complaints** | **Disposition** |

None

---

Assigned to: District Judge James O. Browning

Appeals court case number: 19-2126 U S Court of
Appeals

### Defendant (25)

| | |
|---|---|
| **Carlos Herrera**<br>*TERMINATED: 06/11/2019*<br>*also known as*<br>Lazy<br>*TERMINATED: 06/11/2019* | represented by **Michael V Davis**<br>Michael V. Davis<br>523 Camino De La Tierra<br>Corrales, NM 87048<br>505-242-5979<br>Email: mdavis@swcp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
(505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William R. Maynard**
William R> Maynard, Attorney
521 Texas Ave.
El Paso, TX 79901
915-201-2580
Fax: 915-201-2581
Email: wrm@wrmaynardlaw.com
*TERMINATED: 08/20/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
1306 Rio Grande Blvd. NW, Suite B
Albuquerque, NM 87104
505-508-5589
Email: carey@bhallalaw.com
*TERMINATED: 08/20/2019*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)<br>(6ss) | SENTENCE IMPOSED: CBOP-120 months;<br>Supervised Release-3 years; SPA-$100 |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING<br>(7ss) | SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years; SPA-$100 |

### Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(6)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(7s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|

None

---

Assigned to: District Judge James O. Browning

**Defendant (26)**

| **Rudy Perez** | represented by | **Donald R West** |
|---|---|---|

*TERMINATED: 06/11/2018*
*also known as*
Ru Dog
*TERMINATED: 06/11/2018*

represented by   **Donald R West**
Don West Law Group
P. O. Box 547644
Orlando, FL 32854
407-425-9710
Fax: 407-425-8287
Email: donwest@donwestlawgroup.com
*TERMINATED: 09/06/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Justine Fox-Young**
Justine Fox-Young, P.C.
201 12th St. NW
Albuquerque, NM 87102
505-796-8268
Email: justine@foxyounglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Ryan J Villa**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|

18:1959(a)(5): VIOLENT CRIMES IN AID OF
RACKETEERING (CONSPIRACY TO MURDER)
(6)

18:1959(a)(1): VIOLENT CRIMES IN AID OF
RACKETEERING (MURDER); 18:2 AIDING AND
ABETTING
(7s)

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (6ss) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (7ss) | |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

Appeals court case number: 20-2056 U S Court of Appeals

**Defendant (27)**

| | | |
|---|---|---|
| **Andrew Gallegos**<br>*TERMINATED: 05/10/2019*<br>*also known as*<br>Smiley<br>*TERMINATED: 05/10/2019* | represented by | **Donavon A Roberts**<br>1959<br>723 FRUIT NW<br>723 FRUIT NW<br>ALBUQUERQUE, NM 87102<br>United Sta<br>505-506-3749<br>Fax: 505-503-8405<br>Email: ladar170@aim.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **John Michael Bowlin**<br>Bowlin Law Firm LLC<br>1000 Harrison Dr.<br>Rio Rancho, NM 87144<br>505-892-1324<br>Fax: 505-359-3291<br>Email: johnmbowlin@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Lisa Torraco**<br>823 Gold Ave SW<br>Albuquerque, NM 87102<br>Email: lisatorraco@gmail.com<br>*TERMINATED: 05/26/2020*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Rhiannon M. Work**<br>U.S. Probation Office and Pretrial Services Division<br>Email: rhiannon_work@nmp.uscourts.gov<br>*ATTORNEY TO BE NOTICED* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4s) | SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; SPA-$100 |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (5s) | SENTENCE IMPOSED: CBOP - Life; Supervised Release-5 years; SPA-$100 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (4) | |
| 18:1959(a)(1): VIOLENT CRIMES IN AID OF RACKETEERING (MURDER); 18:2 AIDING AND ABETTING (5) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: District Judge James O. Browning

**Defendant (28)**

**Santos Gonzalez**
*TERMINATED: 11/14/2017*

represented by **Erlinda O Johnson**
Law Office of Erlinda Ocampo Johnson, LLC
620 Roma Ave. N.W.
Albuquerque, NM 87102
505 792-4048
Fax: 505-792-2268
Email: erlinda@erlindajohnsonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (14s) | SENTENCE IMPOSED: CBOP 96 months as to counts 14,15 and 16 of the SSI (said terms shall run concurrently); 3 yrs supervised release as to counts 14 and 15, 5 yrs as to count 16, said terms shall run concurrently for a total term of 5 yrs; SPA $300; deft in custody |
| 18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (ATTEMPTED MURDER, ASSAULT RESULTING IN SERIOUS BODILY INJURY AND ASSAULT WITH DANGEROUS WEAPON); 18:2 AIDING AND ABETTING (15s) | SENTENCE IMPOSED: CBOP 96 months as to counts 14,15 and 16 of the SSI (said terms shall run concurrently); 3 yrs supervised release as to counts 14 and 15, 5 yrs as to count 16, said terms shall run concurrently for a total term of 5 yrs; SPA $300; deft in custody |

18:1512: WITNESS TAMPERING; 18:2 AIDING AND ABETTING
(16s)

SENTENCE IMPOSED: CBOP 96 months as to counts 14,15 and 16 of the SSI (said terms shall run concurrently); 3 yrs supervised release as to counts 14 and 15, 5 yrs as to count 16, said terms shall run concurrently for a total term of 5 yrs; SPA $300; deft in custody

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                         **Disposition**

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)
(14)

18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (ATTEMPTED MURDER, ASSAULT RESULTING IN SERIOUS BODILY INJURY AND ASSAULT WITH A DANGEROUS WEAPON); 18:2 AIDING AND ABETTING
(15)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                               **Disposition**

None

---

Assigned to: District Judge James O. Browning

**Defendant (29)**

**Paul Rivera**                         represented by   **Keith R Romero**
*TERMINATED: 07/25/2019*                                 500 17th Street NW
                                                         Albuquerque, NM 87104
                                                         (505) 244-7636
                                                         Fax: (505) 212-0895
                                                         Email: keith@keithromerolaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: CJA Appointment*

**Pending Counts**                                           **Disposition**

18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER)
(14)

SENTENCE IMPOSED: CBOP-46 months concurrently; Supervised Release-3 years concurrently; SPA-waived

18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (ATTEMPTED MURDER, ASSAULT RESULTING IN SERIOUS BODILY INJURY AND ASSAULT WITH A DANGEROUS WEAPON); 18:2 AIDING AND ABETTING
(15)

SENTENCE IMPOSED: CBOP-46 months concurrently; Supervised Release-3 years concurrently; SPA-waived

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge James O. Browning

**Defendant (30)**

**Shauna Gutierrez**
*TERMINATED: 06/12/2019*

represented by **Chandler C Blair**
Law Office of Chandler C. Blair, LLC
P.O. Box 27083
Albuquerque, NM 87125-7083
505-596-5505
Fax: 505-444-6515
Email: chandler@chandlerblairlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Angela Arellanes**
P.O. Box 1784
Albuquerque, NM 87103
505-247-2417
Fax: 505-242-1878
Email: arellanesattorney@yahoo.com
*TERMINATED: 08/10/2020*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (14s) | SENTENCE IMPOSED: CBOP-36 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft on conditions of release |
| 18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (ATTEMPTED MURDER, ASSAULT RESULTING IN SERIOUS BODILY INJURY AND ASSAULT WITH DANGEROUS WEAPON); 18:2 AIDING AND ABETTING (15s) | SENTENCE IMPOSED: CBOP-36 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft on conditions of release |
| 18:1512: WITNESS TAMPERING; 18:2 AIDING AND ABETTING (16s) | SENTENCE IMPOSED: CBOP-36 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft on conditions of release |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (14) | |

18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES
IN AID OF RACKETEERING (ATTEMPTED
MURDER, ASSAULT RESULTING IN SERIOUS
BODILY INJURY AND ASSAULT WITH A
DANGEROUS WEAPON); 18:2 AIDING AND
ABETTING
(15)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: District Judge James O. Browning

**Defendant (31)**

| | | |
|---|---|---|
| **Brandy Rodriguez**<br>*TERMINATED: 09/20/2018* | represented by | **Alfred D Creecy**<br>City of Albuquerque<br>PO Box 2248<br>Albuquerque, NM 87103<br>505-768-4500<br>Fax: 505-768-4525<br>Email: acreecy@cabq.gov<br>*TERMINATED: 08/30/2017*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Jerry A. Walz**<br>Walz and Associates<br>133 Eubank NE<br>Albuquerque, NM 87123<br>505-275-1800<br>Fax: 505-275-1802<br>Email: jerryawalz@walzandassociates.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (CONSPIRACY TO MURDER) (14) | SENTENCE IMPOSED: CBOP-96 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft in custody |
| 18:1959(a)(3) and 1959(a)(5): VIOLENT CRIMES IN AID OF RACKETEERING (ATTEMPTED MURDER, ASSAULT RESULTING IN SERIOUS BODILY INJURY AND ASSAULT WITH DANGEROUS WEAPON); 18:2 AIDING AND ABETTING (15) | SENTENCE IMPOSED: CBOP-96 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft in custody |
| 18:1512: WITNESS TAMPERING; 18:2 AIDING AND ABETTING (16) | SENTENCE IMPOSED: CBOP-96 months concurrent; Supervised Release-3 years concurrent; SPA-$100; deft in custody |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                **Disposition**

None

---

**Plaintiff**

USA                                    represented by   **Maria Ysabel Armijo**
United States Attorney's Office
Criminal
200 N. Church Street
Las Cruces, NM 88001
575 522-2304
Fax: 575 522-2391
Email: maria.armijo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Randy M Castellano**
United States Attorney's Office
Criminal
200 N. Church Street
Las Cruces, NM 88001
575-522-2304
Fax: 575-522-2391
Email: randy.castellano@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Ryan Ellison**
U.S. Attorney's Office
200 N. Church Street
Las Cruces, NM 88001
575-323-5250
Fax: 575-522-2391
Email: ryan.ellison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Matthew M Beck**
Peifer, Hanson, Mullins & Baker, P.A.
PO Box 25245
Albuquerque, NM 87125-5245
505-247-4800
Fax: 505-243-6458
Email: mbeck@peiferlaw.com
*TERMINATED: 09/26/2018*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 12/01/2015 | 2 | REDACTED INDICTMENT as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (emr) (Entered: 12/03/2015) |
| 12/01/2015 | 12 | ARREST Warrant Issued as to Arturo Arnulfo Garcia. One certified copy(ies) of Indictment and ARREST Warrant with AO 442 Page 2 delivered to USMS by interoffice mail box. Copy of Indictment and ARREST Warrant placed in USPPS mail box. (emr) (Entered: 12/03/2015) |
| 12/01/2015 | 27 | SEALED MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Anthony Ray Baca. (emr) (Entered: 12/03/2015) |
| 12/01/2015 | 28 | SEALED ORDER by Magistrate Judge Karen B. Molzen granting 27 SEALED Motion for Writ of Habeas Corpus ad prosequendum as to Anthony Ray Baca (21) (emr) (Entered: 12/03/2015) |
| 12/01/2015 | | Judge update in case as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. District Judge Kenneth J. Gonzales added. (emr) (Entered: 12/03/2015) |
| 12/03/2015 | 70 | ORDER by Magistrate Judge Karen B. Molzen granting 69 Motion to Unseal Case as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24) (emr) (Entered: 12/03/2015) |
| 12/03/2015 | | Arrest of Gerald Archuleta in District of Tennessee, Chattanooga. (yc) (Entered: 01/13/2016) |
| 12/04/2015 | | Arrest of Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (emr) Modified filed date on 12/15/2015 (jn). (Entered: 12/04/2015) |
| 12/04/2015 | | Set Hearings as to Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia: Initial Appearance set for 12/4/2015 at 09:00 AM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge Karen B. Molzen. (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 71 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Anthony Ray Baca held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 72 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 73 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez held; Defendants remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 74 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Javier Alonso held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 75 | MOTION to Extend (other) *United States' Motion for Extension of Time to Appoint Learned Counsel* by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, |

| | | |
|---|---|---|
| | | Christopher Garcia. (Armijo, Maria) (Entered: 12/04/2015) |
| 12/04/2015 | 76 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Benjamin Clark held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 77 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Ruben Hernandez held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 78 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Jerry Armenta held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 79 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Jerry Montoya, Timothy Martinez held; Defendants remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 80 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Mario Rodriguez, Mauricio Varela, Daniel Sanchez held; Defendants remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 81 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Edward Troup held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 82 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Roy Paul Martinez held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 83 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Conrad Villegas, Christopher Garcia held; Defendants remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 84 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Robert Martinez held; Defendant remanded; Arraignment/Detention to be set in Las Cruces (Recording Info: Rio Grande - FTR) (emr) (Entered: 12/04/2015) |
| 12/04/2015 | 85 | ORAL ORDER of temporary detention pending hearing as to Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 86 | CJA 20: Appointment of Attorney Brock Benjamin for Joe Gallegos by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 87 | CJA 20: Appointment of Attorney Mario Carreon for Billy Garcia by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 88 | CJA 20: Appointment of Attorney Carlos Ibarra for Eugene Martinez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 89 | CJA 20: Appointment of Attorney Jeffrey C Lahann for Allen Patterson by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 90 | CJA 20: Appointment of Attorney Orlando Mondragon for Christopher Chavez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 91 | CJA 20: Appointment of Attorney Noel Orquiz for Javier Alonso by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |

| | | |
|---|---|---|
| 12/04/2015 | 92 | CJA 20: Appointment of Attorney Stephen E. Hosford for Benjamin Clark by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 93 | CJA 20: Appointment of Attorney Pedro Pineda for Ruben Hernandez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 94 | CJA 20: Appointment of Attorney Gary Mitchell for Jerry Armenta by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 95 | CJA 20: Appointment of Attorney Margaret Strickland for Jerry Montoya by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 96 | CJA 20: Appointment of Attorney Santiago David Hernandez for Mario Rodriguez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 97 | CJA 20: Appointment of Attorney Steven Lorenzo Almanza for Timothy Martinez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 98 | CJA 20: Appointment of Attorney Mary Stillinger for Mauricio Varela by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 99 | CJA 20: Appointment of Attorney Richard Jewkes for Daniel Sanchez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 100 | CJA 20: Appointment of Attorney B.J. Crow for Conrad Villegas by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 101 | CJA 20: Appointment of Attorney Jess R. Lilley for Anthony Ray Baca by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 102 | CJA 20: Appointment of Attorney Charles McElhinney for Robert Martinez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 103 | CJA 20: Appointment of Attorney Marcia J. Milner for Roy Paul Martinez by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/04/2015 | 104 | NOTICE OF HEARING as to Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia: Arraignment/Detention set for 12/8/2015 at 11:00 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/04/2015) |
| 12/07/2015 | 105 | FILED IN ERROR - NOTICE OF ATTORNEY APPEARANCE: Gary Mitchell appearing for Jerry Armenta (Mitchell, Gary) Modified on 12/7/2015 (rh). (Entered: 12/07/2015) |
| 12/07/2015 | 106 | CJA 7 - Order Terminating Attorney by Magistrate Judge Gregory B. Wormuth; Attorney Jess R. Lilley terminated as to Anthony Ray Baca. (kls) (Entered: 12/07/2015) |
| 12/07/2015 | 107 | CJA 20: Appointment of Attorney Cori Ann Harbour-Valdez for Edward Troup by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/07/2015) |
| 12/07/2015 | 108 | CJA 20: Appointment of Attorney Russell Dean Clark for Leonard Lujan by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/07/2015) |

| | | |
|---|---|---|
| 12/07/2015 | 109 | CJA 20: Appointment of Attorney Cesar Pierce-Varela for Anthony Ray Baca by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/07/2015) |
| 12/08/2015 | 110 | MOTION *Defendant's Motion to Seek Authorization for the Use of Electronic Devices at The Detention Facility Wherein Defendant is Detained* by Joe Gallegos. (Benjamin, Brock) (Entered: 12/08/2015) |
| 12/08/2015 | 115 | RESPONSE to Motion by Jerry Montoya re 75 MOTION to Extend (other) *United States' Motion for Extension of Time to Appoint Learned Counsel and Request for Immediate Appointment of Learned Counsel* (Strickland, Margaret) (Entered: 12/08/2015) |
| 12/08/2015 | 117 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Joe Gallegos (2) Count 1 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 118 | ORDER OF DETENTION as to Joe Gallegos by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 119 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Edward Troup (3) Count 1,3 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 120 | ORDER OF DETENTION as to Edward Troup by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 121 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Leonard Lujan (4) Count 1-2 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 122 | ORDER OF DETENTION as to Leonard Lujan by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 123 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Billy Garcia (5) Count 1-2 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 124 | ORDER OF DETENTION as to Billy Garcia by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 125 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Eugene Martinez (6) Count 2 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 126 | ORDER OF DETENTION as to Eugene Martinez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 127 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Allen Patterson (7) Count 2 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 128 | ORDER OF DETENTION as to Allen Patterson by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 129 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Christopher Chavez (8) Count 2 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 130 | ORDER OF DETENTION as to Christopher Chavez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 131 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Javier Alonso (9) Count 3 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 132 | ORDER OF DETENTION as to Javier Alonso by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 133 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Benjamin Clark (11) Count 3 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |

| | | |
|---|---|---|
| 12/08/2015 | 134 | ORDER OF DETENTION as to Benjamin Clark by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 135 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Ruben Hernandez (12) Count 3 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 136 | ORDER OF DETENTION as to Ruben Hernandez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 137 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Jerry Armenta (13) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 138 | ORDER OF DETENTION as to Jerry Armenta by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 139 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Jerry Montoya (14) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 140 | ORDER OF DETENTION as to Jerry Montoya by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 141 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Mario Rodriguez (15) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 142 | ORDER OF DETENTION as to Mario Rodriguez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 143 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Timothy Martinez (16) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 144 | ORDER OF DETENTION as to Timothy Martinez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 145 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Mauricio Varela (17) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 146 | ORDER OF DETENTION as to Mauricio Varela by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 147 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Daniel Sanchez (18) Count 4,5 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 148 | ORDER OF DETENTION as to Daniel Sanchez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 149 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Conrad Villegas (20) Count 6 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 150 | ORDER OF DETENTION as to Conrad Villegas by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 151 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Anthony Ray Baca (21) Count 4,5,6,7-8 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 152 | ORDER OF DETENTION as to Anthony Ray Baca by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 153 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Robert Martinez (22) Count 7-8 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |

| | | |
|---|---|---|
| 12/08/2015 | 154 | ORDER OF DETENTION as to Robert Martinez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 155 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Roy Paul Martinez (23) Count 7-8 held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 156 | ORDER OF DETENTION as to Roy Paul Martinez by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 12/09/2015) |
| 12/08/2015 | 157 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention Continued as to Christopher Garcia held on 12/8/2015 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 12/09/2015) |
| 12/09/2015 | 116 | NOTICE OF HEARING as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia: Status Conference set for 12/14/2015 at 01:30 PM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. **COUNSEL ARE TO BE PREPARED TO ADDRESS ANY PENDING MOTIONS. DEFENDANTS WILL NOT BE PRESENT AT THIS HEARING.**(cde) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/09/2015) |
| 12/10/2015 | 162 | CJA 20: Appointment of Attorney Marc M Lowry for Christopher Garcia by Magistrate Judge Gregory B. Wormuth (rh) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/10/2015) |
| 12/10/2015 | 163 | Arrest Warrant Returned Executed on 12/3/2015 as to Christopher Chavez. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 164 | Arrest Warrant Returned Executed on 12/3/2015 as to Joe Gallegos. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 165 | Arrest Warrant Returned Executed on 12/3/2015 as to Billy Garcia. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 166 | Arrest Warrant Returned Executed on 12/3/2015 as to Eugene Martinez. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 167 | Arrest Warrant Returned Executed on 12/3/2015 as to Allen Patterson. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 168 | Arrest Warrant Returned Executed on 12/3/2015 as to Edward Troup. (mmm) (Entered: 12/10/2015) |
| 12/10/2015 | 170 | NOTICE OF HEARING as to Christopher Garcia: Arraignment/Detention set for 12/15/2015 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/10/2015) |
| 12/14/2015 | 172 | MOTION to Withdraw as Attorney by Mario Carreon by Billy Garcia. (Carreon, Mario) (Entered: 12/14/2015) |
| 12/14/2015 | 174 | ORDER referring 172 Motion to Withdraw as Attorney to Magistrate Judge Gregory B. Wormuth by District Judge Kenneth J. Gonzales. (tah) (Entered: 12/14/2015) |
| 12/14/2015 | 175 | ORDER by District Judge Kenneth J. Gonzales granting 110 Motion to Seek Authorization for the Use of Electronic Devices at the Detention Facility Wherein Defendant is Detained as to Joe Gallegos (2) (cde) Modified to add text only language on 12/15/2015 (cde). [THIS IS A TEXT ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/14/2015) |
| 12/14/2015 | 176 | ORDER REGARDING CASE BUDGETING by District Judge Kenneth J. Gonzales. (tah) (Entered: 12/14/2015) |
| 12/14/2015 | 177 | MINUTE ORDER, pursuant to the direction of Magistrate Judge Gregory B. Wormuth, VACATING the Arraignment/Detention hearing set for 12/15/2015 as to Christopher Garcia; hearings to be reset as soon as possible. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/14/2015) |
| 12/14/2015 | 179 | AMENDED ORDER referring 172 Motion to Withdraw as Attorney to Magistrate Judge Gregory B. Wormuth by District Judge Kenneth J. Gonzales. (tah) (Entered: 12/14/2015) |
| 12/14/2015 | 180 | Clerk's Minutes for proceedings held before District Judge Kenneth J. Gonzales: Status Conference as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, |

| | | |
|---|---|---|
| | | Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on 12/14/2015 (Court Reporter: Danna Schutte Everett) (jn) (Entered: 12/14/2015) |
| 12/14/2015 | 182 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Motion Hearing held on 12/14/2015 re 172 MOTION to Withdraw as Attorney by Mario Carreon as to Billy Garcia; Motion granted, Order to be filed; Defendant not present, but in custody. (AUSA: None required; Defense: Mario Carreo) (LCR-Dona Ana @ 2:55 - 2:57 p.m.) (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/14/2015) |
| 12/14/2015 | 184 | ORDER by Magistrate Judge Gregory B. Wormuth granting 172 Motion to Withdraw; Attorney Mario Carreon withdrawn from case as to Billy Garcia (5). (kls) (Entered: 12/14/2015) |
| 12/14/2015 | 185 | Arrest Warrant Returned Executed on 12/04/2015 as to Leonard Lujan. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 186 | Arrest Warrant Returned Executed on 12/04/2015 as to Javier Alonso. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 187 | Arrest Warrant Returned Executed on 12/04/2015 as to Benjamin Clark. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 188 | Arrest Warrant Returned Executed on 12/04/2015 as to Ruben Hernandez. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 189 | Arrest Warrant Returned Executed on 12/04/2015 as to Jerry Armenta. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 190 | Arrest Warrant Returned Executed on 12/04/2015 as to Jerry Montoya. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 191 | Arrest Warrant Returned Executed on 12/04/2015 as to Timothy Martinez. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 192 | Arrest Warrant Returned Executed on 12/04/2015 as to Mauricio Varela. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 193 | Arrest Warrant Returned Executed on 12/04/2015 as to Daniel Sanchez. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 194 | Arrest Warrant Returned Executed on 12/04/2015 as to Conrad Villegas. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 195 | Arrest Warrant Returned Executed on 12/04/2015 as to Anthony Ray Baca. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 196 | Arrest Warrant Returned Executed on 12/04/2015 as to Roy Paul Martinez. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 197 | Arrest Warrant Returned Executed on 12/04/2015 as to Christopher Garcia. (jn) (Entered: 12/15/2015) |
| 12/14/2015 | 200 | AMENDED CJA 20 Appointment by Magistrate Judge Gregory B. Wormuth; Attorney Marc M. Lowry is now appointed counsel for Anthony Ray Baca. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/15/2015) |
| 12/15/2015 | 198 | ORDER TO CONFER by District Judge Kenneth J. Gonzales; Defense counsel must consult with all other defense counsel prior to filing a motion in order to ascertain whether any other Defendant wishes to join in that motion; as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (jn) (Entered: 12/15/2015) |
| 12/15/2015 | 201 | CJA 20: Appointment of Attorney Amy Sirignano for Christopher Garcia by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/15/2015) |
| 12/15/2015 | | Arrest of Arturo Arnulfo Garcia in District of Colorado, Denver. (yc) (Entered: 01/11/2016) |
| 12/16/2015 | 202 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Gary Mitchell as to Jerry Armenta; Attorney Mitchell is permitted to bill for this case pursuant to the Criminal Justice Act (nunc pro tunc - 12/4/2015). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/16/2015) |
| 12/16/2015 | 207 | CJA 20: Appointment of Attorney Jason Bowles for Billy Garcia by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/21/2015) |
| 12/17/2015 | 203 | NOTICE OF HEARING as to Christopher Garcia: Arraignment/Detention set for 12/18/2015 at 11:00 AM in Las Cruces - 360 Dona Ana Courtroom (South Tower) before Magistrate Judge Gregory B. Wormuth. (vrr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/17/2015) |
| 12/18/2015 | 204 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Christopher Garcia (24) Count 8 held on 12/18/2015 (Recording Info: LCR |

| | | |
|---|---|---|
| | | Dona Ana) (bc) (Entered: 12/18/2015) |
| 12/18/2015 | 205 | FILED IN ERROR: ORDER OF DETENTION as to Christopher Garcia by Magistrate Judge Gregory B. Wormuth (bc) Modified to add text on 12/18/2015 (bc). (Entered: 12/18/2015) |
| 12/18/2015 | 206 | ORDER OF DETENTION as to Christopher Garcia by Magistrate Judge Gregory B. Wormuth(bc) (Entered: 12/18/2015) |
| 01/06/2016 | 208 | **FILED IN ERROR** ORDER by District Judge Kenneth J. Gonzales denying 75 Motion for Extension of Time to Appoint Learned Counsel as to Angel DeLeon (1). (tah) Modified to add error text on 1/6/2016 (cde). (Entered: 01/06/2016) |
| 01/06/2016 | 209 | ORDER by District Judge Kenneth J. Gonzales denying 75 Motion to Extend (other) as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24). (tah) (Entered: 01/06/2016) |
| 01/07/2016 | 210 | Unopposed MOTION Declare Case Complex by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Armijo, Maria) (Entered: 01/07/2016) |
| 01/07/2016 | 211 | ORDER DECLARING CASE COMPLEX By United States District Judge Gonzales, Granting 210 Unopposed MOTION Declare Case Complex filed by USA, as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (jjs) (Entered: 01/08/2016) |
| 01/11/2016 | | Arrest of Gerald Archuleta (bw) (Entered: 01/11/2016) |
| 01/11/2016 | | Set/Reset Deadlines/Hearings as to Gerald Archuleta: Initial Appearance set for 1/12/2016 at 08:41 AM in Las Cruces - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Lourdes A. Martinez. (bw) (Entered: 01/11/2016) |
| 01/11/2016 | 212 | Rule 5 Documents Received as to Arturo Arnulfo Garcia (yc) (Entered: 01/11/2016) |
| 01/12/2016 | 214 | Clerk's Minutes for proceedings held before Magistrate Judge Lourdes A. Martinez: Initial Appearance as to Gerald Archuleta held on 1/12/2016; Defendant in custody; Arraignment/Detention hearing to be set at a later date. (Recording Info: LCR Sierra Blanca) (jv) (Entered: 01/12/2016) |
| 01/12/2016 | 215 | Arrest Warrant Returned Executed on 12/3/15 as to Gerald Archuleta. (yc) (Entered: 01/12/2016) |
| 01/12/2016 | 216 | CJA 20: Appointment of Attorney George A Harrison for Gerald Archuleta by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/12/2016) |
| 01/12/2016 | 217 | NOTICE OF HEARING as to Gerald Archuleta: Arraignment/Detention set for 1/21/2016 at 11:15 AM in Las Cruces, NM - 460 Organ Courtroom (South Tower) before Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/12/2016) |
| 01/12/2016 | 219 | CJA 30: Appointment of Attorney Jerry Daniel Herrera as Learned Counsel for Benjamin Clark in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/13/2016) |
| 01/12/2016 | 220 | CJA 30: Appointment of Attorney Theresa M Duncan as Learned Counsel for Anthony Ray Baca in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/13/2016) |
| 01/13/2016 | 218 | Rule 5 Documents Received as to Gerald Archuleta (yc) (Entered: 01/13/2016) |
| 01/13/2016 | 222 | FILED IN ERROR - NOTICE *OF UNAVAILABILITY* by Benjamin Clark as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, |

| | | |
|---|---|---|
| | | Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (Herrera, Jerry) Modified text on 1/14/2016 (ln). (Entered: 01/13/2016) |
| 01/14/2016 | 223 | NOTICE *OF UNAVAILABILITY* by Benjamin Clark (Herrera, Jerry) (Entered: 01/14/2016) |
| 01/14/2016 | 225 | ORDER by District Judge Kenneth J. Gonzales setting a Status Conference for 1/20/2016 at 2:00 PM in Las Cruces - 420 Mimbres Courtroom (North Tower), Albuquerque - 380-4 ADR Conference Room and telephonic before District Judge Kenneth J. Gonzales. (tah) (Entered: 01/14/2016) |
| 01/14/2016 | | Arrest of Arturo Arnulfo Garcia. (kls) (Entered: 01/14/2016) |
| 01/14/2016 | | Set/Reset Hearings as to Arturo Arnulfo Garcia: Initial Appearance set for 1/15/2016 at 08:30 AM in Las Cruces - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Lourdes A. Martinez. (kls) (Entered: 01/14/2016) |
| 01/15/2016 | 226 | ORDER OF DETENTION as to Arturo Arnulfo Garcia by U.S. Magistrate Judge Craig B. Shaffer from the District of Colorado (yc) (Entered: 01/15/2016) |
| 01/15/2016 | 227 | Clerk's Minutes for proceedings held before Magistrate Judge Lourdes A. Martinez: Initial Appearance as to Arturo Arnulfo Garcia held on 1/15/2016; Defendant in custody; Arraignment/Detention hearing to be set at a later date. (Recording Info: LCR Sierra Blanca) (jv) (Entered: 01/15/2016) |
| 01/15/2016 | 228 | Arrest Warrant Returned Executed on 12/15/15 as to Arturo Arnulfo Garcia. (yc) (Entered: 01/15/2016) |
| 01/15/2016 | 229 | CJA 20: Appointment of Attorney Billy R. Blackburn for Arturo Arnulfo Garcia by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/15/2016) |
| 01/15/2016 | 230 | NOTICE OF HEARING as to Arturo Arnulfo Garcia: Arraignment set for 1/21/2016 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/15/2016) |
| 01/20/2016 | 233 | Clerk's Minutes for proceedings held before District Judge Kenneth J. Gonzales: Status Conference as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on 1/20/2016 (Court Reporter: Danna Schutte Everett) (yc) (Entered: 01/20/2016) |
| 01/21/2016 | 246 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Arturo Arnulfo Garcia (10) Count 3 held on 1/21/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 01/22/2016) |
| 01/21/2016 | 247 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment/Detention as to Gerald Archuleta (19) Count 6 held on 1/21/2016 (Recording Info: LCR Organ) (vh) (Entered: 01/22/2016) |
| 01/21/2016 | 248 | ORDER OF DETENTION as to Gerald Archuleta by Magistrate Judge Gregory B. Wormuth (vh) (Entered: 01/22/2016) |
| 01/22/2016 | 236 | ORDER by District Judge Kenneth J. Gonzales authorizing CJA Appointment of Attorney Jerry Daniel Herrera as Learned Counsel for Defendant Benjamin Clark (nunc pro tunc - 1/12/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 237 | ORDER by District Judge Kenneth J. Gonzales authorizing CJA Appointment of Theresa Duncan as Learned Counsel for Defendant Anthony Ray Baca (nunc pro tunc - 1/12/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 238 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Nathan Chambers as Learned Counsel for Defendant Javier Alonso; Attorney Chambers is permitted to bill for this case pursuant to the Criminal Justice Act (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 239 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Larry Hammond as Learned Counsel for Defendant Jerry Montoya; Attorney Hammond is permitted to bill for this case pursuant to the Criminal Justice Act (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |

| | | |
|---|---|---|
| 01/22/2016 | 240 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney David Lane as Learned Counsel for Defendant Eugene Martinez; Attorney Lane is permitted to bill for this case pursuant to the Criminal Justice Act (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 241 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney David Lindsey as Learned Counsel for Defendant Mauricio Varela; Attorney Lindsey is permitted to bill for this case pursuant to the Criminal Justice Act (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 242 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Joseph Green as Learned Counsel for Defendant Billy Garcia; Attorney Green is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 243 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Richard Sindel as Learned Counsel for Defendant Joe Gallegos; Attorney Sindel is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 244 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Jacqueline Walsh as Learned Counsel for Defendant Timothy Martinez; Attorney Walsh is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 245 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Amy Jacks as Learned Counsel for Defendant Daniel Sanchez; Attorney Jacks is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/22/2016) |
| 01/22/2016 | 249 | ORDER by District Judge Kenneth J. Gonzales granting 231 Motion to Appoint Expert (coordinating discovery attorney) as to Christopher Garcia (24) (yc) (Entered: 01/22/2016) |
| 01/22/2016 | 250 | SCHEDULING ORDER as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia by District Judge Kenneth J. Gonzales. Discovery due by 4/15/2016; Motions due 6/10/2016; Jury Selection set for 10/4/2016 at 09:00 AM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. (tah) (Entered: 01/22/2016) |
| 01/22/2016 | | Jury Selection/Trial set for 10/4/2016 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (dmw) (Entered: 09/08/2016) |
| 01/27/2016 | 251 | NOTICE OF ATTORNEY APPEARANCE: Joseph Libory Green appearing for Billy Garcia (Green, Joseph) (Entered: 01/27/2016) |
| 01/27/2016 | 252 | NOTICE OF ATTORNEY APPEARANCE: Larry A. Hammond appearing for Jerry Montoya (Hammond, Larry) Modified Security on 1/28/2016 (jjs). (Entered: 01/27/2016) |
| 01/27/2016 | | Attorney update in case as to Jerry Montoya. Attorney Larry A. Hammond for Jerry Montoya added. (jjs) (Entered: 01/28/2016) |
| 01/27/2016 | | Attorney update in case as to Billy Garcia. Attorney Joseph Libory Green for Billy Garcia added. (jjs) (Entered: 01/28/2016) |
| 01/28/2016 | 255 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Patrick J. Burke as Learned Counsel for Defendant Edward Troup; Attorney Burke is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/28/2016) |
| 01/29/2016 | 256 | NOTICE OF ATTORNEY APPEARANCE: Amy E. Jacks appearing for Daniel Sanchez (Jacks, Amy) (Entered: 01/29/2016) |
| 01/29/2016 | | Attorney update in case as to Daniel Sanchez. Attorney Amy E. Jacks for Daniel Sanchez added. (jjs) (Entered: 02/01/2016) |
| 02/04/2016 | 261 | CJA 7 - Order Terminating Attorney Carlos Ibarra as to Defendant Eugene Martinez by District Judge Kenneth J. Gonzales. (kls) |

| | | |
|---|---|---|
| | | [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/04/2016 | 262 | CJA 20: Appointment of Attorney Robert J. Gorence for Eugene Martinez by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 263 | NOTICE OF HEARING ON MOTION in case as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia 260 MOTION for Protective Order: Motion Hearing set for 2/8/2016 at 11:30 AM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. **Defense counsel shall designate no more than 2 attorneys to speak for all the defendants in CR 15-4268, CR 15-4269 and CR 15-4275. One or both attorneys may appear telephonically. Counsel may call the Judge Gonzales' Meet Me line at (505) 348-2354. Due to the limited number of lines, the 2 designated defense attorneys and the Government need to be available for the hearing.**(cde) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 264 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney Phillip A. Linder as Learned Counsel for Defendant Allen Patterson; Attorney Linder is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 265 | CJA 30: Appointment of Attorney Richard Sindel for Joe Gallegos in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/22/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 266 | CJA 30: Appointment of Attorney Patrick J. Burke for Edward Troup in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/28/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 267 | CJA 30: Appointment of Joseph Libory Green for Billy Garcia in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/22/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 269 | CJA 30: Appointment of Attorney David A. Lane for Eugene Martinez in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 270 | CJA 30: Appointment of Attorney Phillip A. Linder for Allen Patterson in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 271 | CJA 30: Appointment of Attorney Nathan D. Chambers for Javier Alonso in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 272 | CJA 30: Appointment of Attorney Larry A. Hammond for Jerry Montoya in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 273 | CJA 30: Appointment of Attorney Jacqueline K. Walsh for Timothy Martinez in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/22/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 274 | CJA 30: Appointment of Attorney David Lindsey for Mauricio Varela in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/15/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/05/2016 | 275 | CJA 30: Appointment of Attorney Amy E. Jacks for Daniel Sanchez in Death Penalty Proceedings by District Judge Kenneth J. Gonzales (nunc pro tunc - 1/22/2016). (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/05/2016) |
| 02/07/2016 | 276 | MOTION to Vacate *and for Extension of Time* by Javier Alonso as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Chambers, Nathan) |

| | | |
|---|---|---|
| | | (Entered: 02/07/2016) |
| 02/08/2016 | 277 | Joint MOTION for Protective Order *Defendants' Joint Motion for Protective Order Concerning All Defendants Professional Visits and Correspondence* by Anthony Ray Baca as to Joe Gallegos, Edward Troup, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Jerry Armenta, Jerry Montoya, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Christopher Garcia. (Attachments: # 1 Exhibit 1)(Duncan, Theresa) (Entered: 02/08/2016) |
| 02/08/2016 | 278 | ORDER by District Judge Kenneth J. Gonzales VACATING Motion Hearing set for 2/8/2016 at 11:30 AM as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (cde) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] Modified to add text only text on 2/8/2016 (yc). (Entered: 02/08/2016) |
| 02/17/2016 | 282 | NOTICE of Unavailability of Counsel for Defendant Christopher Garcia by Christopher Garcia (Sirignano, Amy) (Entered: 02/17/2016) |
| 02/25/2016 | 285 | NOTICE OF HEARING ON MOTION in case as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia 260 MOTION for Protective Order , 277 Joint MOTION for Protective Order *Defendants' Joint Motion for Protective Order Concerning All Defendants Professional Visits and Correspondence* : Motion Hearing set for 3/3/2016 at 01:30 PM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. (yc) Modified text on 3/2/2016 (yc). (Entered: 02/25/2016) |
| 02/25/2016 | 286 | ORDER by District Judge Kenneth J. Gonzales allowing Attorney Joseph Green, learned counsel for Billy Garcia (5), to withdraw as counsel, as he has been appointed to the state court bench in Missouri. (cde) [THIS IS A TEXT ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/25/2016) |
| 02/25/2016 | 287 | CJA 7 - Order Terminating Attorney by District Judge Kenneth J. Gonzales: Terminating Learned Counsel appointment of Attorney Joseph Libory Green as to Billy Garcia. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/25/2016) |
| 02/25/2016 | 288 | ORDER by District Judge Kenneth J. Gonzales authorizing a special CJA Appointment for Attorney James A. Castle as Learned Counsel for Defendant Billy Garcia; Attorney Castle is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/25/2016) |
| 02/25/2016 | 289 | CJA 30: Appointment of Attorney James A. Castle for Billy Garcia in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/25/2016) |
| 02/29/2016 | 290 | MOTION to Unseal Document *United States' Sealed Motion to Unseal Court Hearing* by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Armijo, Maria) (Entered: 02/29/2016) |
| 02/29/2016 | 292 | MOTION for Psychiatric/Psychological Exam *for Determination of Mental Competency to Stand Trial* by Eugene Martinez. (Gorence, Robert) (Entered: 02/29/2016) |
| 03/02/2016 | 295 | CONSOLIDATED ORDER UNSEALING HEARING by District Judge Kenneth J. Gonzales granting 290 Motion to Unseal Document as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24) (yc) (Entered: 03/02/2016) |
| 03/03/2016 | 297 | Clerk's Minutes for proceedings held before District Judge Kenneth J. Gonzales: Motion Hearing as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen |

| | | |
|---|---|---|
| | | Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on 3/3/2016 re 260 MOTION for Protective Order filed by USA, 277 Joint MOTION for Protective Order *Defendants' Joint Motion for Protective Order Concerning All Defendants Professional Visits and Correspondence* filed by Anthony Ray Baca, 291 MOTION for Order *for Due Process at Hearing* filed by Eugene Martinez, AND 292 MOTION for Psychiatric/Psychological Exam *for Determination of Mental Competency to Stand Trial* filed by Eugene Martinez, (Court Reporter: Danna Schutte Everett) (yc) (Entered: 03/04/2016) |
| 03/03/2016 | 298 | ORDER by District Judge Kenneth J. Gonzalez granting 292 Motion for Psychiatric/Psychological Exam as to Eugene Martinez (6) (yc) (Entered: 03/04/2016) |
| 03/09/2016 | 304 | ORDER TO SHOW CAUSE for Counsel as to Eugene Martinez, Christopher Garcia by District Judge Kenneth J. Gonzales Show Cause Hearing set for 3/11/2016 at 10:00 AM in Las Cruces - Telephonic Hearing/Conference before District Judge Kenneth J. Gonzales. Counsel are to call (505) 348-2354 to appear telephonically before the Court(yc) (Entered: 03/09/2016) |
| 03/09/2016 | 305 | Association Dues: $ 100 paid, receipt number # 1084-4464204 re: 303 Association of Attorney Licensed Outside the District, filed by Defendant Billy Garcia (mmm) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/10/2016) |
| 03/10/2016 | 306 | Ex Parte MOTION Determine whether Robert Gorence has an actual or potential conflict of interest by USA as to Eugene Martinez. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Armijo, Maria) (Entered: 03/10/2016) |
| 03/11/2016 | 308 | STIPULATED PROTECTIVE ORDER by District Judge Kenneth J. Gonzales granting 260 Motion for Protective Order as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24) (jn) (Entered: 03/11/2016) |
| 03/11/2016 | 309 | Clerk's Minutes for proceedings held before District Judge Kenneth J. Gonzales: Show Cause Hearing as to Eugene Martinez, Christopher Garcia held on 3/11/2016 (Court Reporter: Danna Schutte Everett) (jn) (Entered: 03/11/2016) |
| 03/11/2016 | 310 | NOTICE OF HEARING ON MOTION in case as to Eugene Martinez, Christopher Garcia Motion Hearing and Order To Show Cause set for 3/22/2016 at 01:30 PM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. (jn) Modified text on 3/11/2016 (jn). (Entered: 03/11/2016) |
| 03/11/2016 | 311 | NOTICE OF HEARING ON MOTION in case as to Leonard Lujan, Billy Garcia Motion Hearing set for 3/22/2016 at 03:00 PM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge Kenneth J. Gonzales. (jn) (Entered: 03/11/2016) |
| 03/14/2016 | 312 | ORDER by District Judge Kenneth J. Gonzales WITHDRAWING 308 Stipulated Protective Order (cde) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/14/2016) |
| 03/14/2016 | 313 | PROTECTIVE ORDER by District Judge Kenneth J. Gonzales re 260 MOTION for Protective Order filed by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia (jn) (Entered: 03/14/2016) |
| 03/14/2016 | 314 | TRANSCRIPT of Status Conference as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on December 14, 2015, before District Judge Kenneth J. Gonzales. Court Reporter: Danna Schutte Everett, Telephone number (575)528-1656. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no** |

| | | |
|---|---|---|
| | | **notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/21/2016. Redaction Request due 4/4/2016. Redacted Transcript Deadline set for 4/14/2016. Release of Transcript Restriction set for 6/13/2016.(dse) (Entered: 03/14/2016) |
| 03/15/2016 | 315 | REPLY by Daniel Sanchez *Regarding Court's Ability to Subject Materials Obtained Independently of this Court's Process to Court's Protective Order (Doc. 313)* (Attachments: # 1 Exhibit news article)(Jacks, Amy) (Entered: 03/15/2016) |
| 03/18/2016 | 319 | NOTICE *(Response to United States' Ex Parte Sealed Motion Regarding Attorney Conflict (Doc. 306))* by Eugene Martinez (Gorence, Robert) (Entered: 03/18/2016) |
| 03/21/2016 | 322 | TRANSCRIPT of Motions For Protective Orders Hearing as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on March 3, 2016, before District Judge Kenneth J. Gonzales. Court Reporter: Danna Schutte Everett, Telephone number (575)528-1656. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/28/2016. Redaction Request due 4/11/2016. Redacted Transcript Deadline set for 4/21/2016. Release of Transcript Restriction set for 6/20/2016.(dse) (Entered: 03/21/2016) |
| 03/22/2016 | 323 | MOTION Termination of Appointment of Learned Counsel re 274 CJA Appointment, by Mauricio Varela. (Stillinger, Mary) (Entered: 03/22/2016) |
| 03/22/2016 | 325 | Clerk's Minutes for proceedings held before District Judge Kenneth J. Gonzales: Show Cause/Motion Hearings as to Eugene Martinez, Christopher Garcia held on 3/22/2016, re 306 Ex Parte MOTION Determine whether Robert Gorence has an actual or potential conflict of interest filed by USA (Court Reporter: Danna Schutte Everett) (jjs) (Entered: 03/23/2016) |
| 03/23/2016 | 328 | Unopposed MOTION for Extension of Time to File Response/Reply as to 302 Brief, 315 Reply by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Armijo, Maria) (Entered: 03/23/2016) |
| 03/23/2016 | 334 | ORDER by District Judge Kenneth J. Gonzales granting 328 Motion for Extension of Time to File Response/Reply as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24) (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | 330 | ORDER UNSEALING CERTAIN DOCUMENTS by District Judge Kenneth J. Gonzales as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia |

| | | |
|---|---|---|
| | | re 304 Order to Show Cause, 306 Ex Parte MOTION Determine whether Robert Gorence has an actual or potential conflict of interest filed by USA, and 319 Notice (Other) filed by Eugene Martinez (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | 331 | ORDER ON ORAL MOTION TO CONTINUE HEARING by District Judge Kenneth J. Gonzales as to Leonard Lujan and Billy Garcia (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | 332 | ORDER ON ATTORNEY SUBSTITUTION by District Judge Kenneth J. Gonzales granting 306 Motion as to Eugene Martinez (6) (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | | Attorney update in case as to Eugene Martinez. Attorney Robert J. Gorence terminated. (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | | Attorney update in case as to Billy Garcia. Attorney Jason Bowles terminated. (jjs) (Entered: 03/24/2016) |
| 03/24/2016 | 335 | ORDER OF REFERENCE by District Judge Kenneth J. Gonzales to Magistrate Judge Carmen E. Garza re: 323 Motion for Termination of Appointment of Learned Counsel as to Mauricio Varela (jjs) Modified text on 3/25/2016 (jjs). (Entered: 03/24/2016) |
| 03/24/2016 | 336 | AMENDED ORDER FOR AN EVALUATION TO DETERMINE COMPETENCY by District Judge Kenneth J. Gonzales as to Eugene Martinez (jjs) (Entered: 03/24/2016) |
| 03/25/2016 | 338 | LETTER by the Court as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia (cde) (Entered: 03/25/2016) |
| 03/25/2016 | 339 | NOTICE of Objection to Protective Order by Javier Alonso as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia re 313 Order,, (Chambers, Nathan) (Entered: 03/25/2016) |
| 03/25/2016 | 340 | Unopposed MOTION to Extend (other) Deadline to File Notice by USA as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Armijo, Maria) (Entered: 03/25/2016) |
| 03/25/2016 | 343 | CJA 30: Appointment of Attorney Robert R. Cooper for Billy Garcia in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/28/2016) |
| 03/28/2016 | 342 | MOTION for Order re Compliance with Rules by Javier Alonso as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia. (Chambers, Nathan) (Entered: 03/28/2016) |
| 03/28/2016 | 346 | ORDER Granting Motion To Extend Deadline To File Notice by District Judge Kenneth J. Gonzales granting 340 Motion to Extend (other) as to Angel DeLeon (1), Joe Gallegos (2), Edward Troup (3), Leonard Lujan (4), Billy Garcia (5), Eugene Martinez (6), Allen Patterson (7), Christopher Chavez (8), Javier Alonso (9), Arturo Arnulfo Garcia (10), Benjamin Clark (11), Ruben Hernandez (12), Jerry Armenta (13), Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Gerald Archuleta (19), Conrad Villegas (20), Anthony Ray Baca (21), Robert Martinez (22), Roy Paul Martinez (23), Christopher Garcia (24) (jn) (Entered: 03/28/2016) |
| 03/29/2016 | 347 | CJA 30: Appointment of Attorney Douglas E Couleur for Eugene Martinez in Death Penalty Proceedings by District Judge Kenneth J. Gonzales. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/29/2016) |
| 03/30/2016 | 351 | PLEASE TAKE NOTICE that this case has been reassigned to District Judge James O. Browning. The first page of each document must have the case file number and initials of the assigned judge. *Accordingly, further documents filed in this matter must bear the case number and the judge's initials* |

| | | |
|---|---|---|
| | | *shown in the case caption and the NEF for this document.* **Kindly reflect this change in your filings.**<br><br>District Judge Kenneth J. Gonzales no longer assigned to this case.<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (dmw) (Entered: 03/30/2016) |
| 03/30/2016 | 354 | RESPONSE by USA as to Joe Gallegos, Edward Troup, Jerry Montoya, Timothy Martinez, Christopher Garcia re 302 Brief *Regarding Protective Orders* (Armijo, Maria) (Entered: 03/30/2016) |
| 03/30/2016 | 355 | REPLY by USA as to Daniel Sanchez re 315 Reply (Armijo, Maria) (Entered: 03/30/2016) |
| 04/01/2016 | 357 | TRANSCRIPT of Show Cause and Motions Hearing as to Angel DeLeon, Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia held on March 22, 2016, before District Judge Kenneth J. Gonzales. Court Reporter:Danna Schutte Everett, Telephone number (575)528-1656. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/8/2016. Redaction Request due 4/22/2016. Redacted Transcript Deadline set for 5/2/2016. Release of Transcript Restriction set for 6/30/2016.(dse) (Entered: 04/01/2016) |
| 04/01/2016 | 358 | NOTICE *United States' Notice Regarding When the New Mexico United States Attorney's Office First Became Involved in Prosecuting the Defendants in this Case or any other Case* by USA as to Billy Garcia re 331 Order (Attachments: # 1 Exhibit)(Armijo, Maria) (Entered: 04/01/2016) |
| 04/14/2016 | 359 | NOTICE *Notice of Unavailability of counsel 4/18-22/2016* by Christopher Garcia (Sirignano, Amy) Modified text to add dates on 4/14/2016 (dmw). (Entered: 04/14/2016) |
| 04/18/2016 | 362 | Unopposed MOTION for Order *Authorizing Doc. 360 to Be Filed as a Restricted Access Document* by Edward Troup as to Joe Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Javier Alonso, Arturo Arnulfo Garcia, Timothy Martinez, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia. (Harbour-Valdez, Cori) (Entered: 04/18/2016) |
| 04/21/2016 | 368 | REDACTED SUPERSEDING INDICTMENT as to Angel DeLeon (1) count(s) 1s, Joe Lawrence Gallegos (2) count(s) 1s, 4s, 5s, 13s, 14s, 15s, Edward Troup (3) count(s) 1s, 3s, Leonard Lujan (4) count(s) 1s-2s, Billy Garcia (5) count(s) 1s-2s, Eugene Martinez (6) count(s) 2s, Allen Patterson (7) count(s) 2s, Christopher Chavez (8) count(s) 2s, Javier Alonso (9) count(s) 3s, Arturo Arnulfo Garcia (10) count(s) 3s, Benjamin Clark (11) count(s) 3s, Ruben Hernandez (12) count(s) 3s, Jerry Armenta (13) count(s) 6s, Jerry Montoya (14) count(s) 6s, Mario Rodriguez (15) count(s) 6s, Timothy Martinez (16) count(s) 6s, Mauricio Varela (17) count(s) 6s, Daniel Sanchez (18) count(s) 6s, Gerald Archuleta (19) count(s) 8s, Conrad Villegas (20) count(s) 8s, Anthony Ray Baca (21) count(s) 6s, 8s, 9s-10s, Robert Martinez (22) count(s) 9s-10s, Roy Paul Martinez (23) count(s) 9s-10s, Christopher Garcia (24) count(s) 10s, 11s, 12s, Carlos Herrera (25) count(s) 6, Rudy Perez (26) count(s) 6, Andrew Gallegos (27) count(s) 4, 5, Santos Gonzalez (28) count(s) 14, 15, Paul Rivera (29) count(s) 14, 15, Shauna Gutierrez (30) count(s) 14, 15. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 370 | ARREST Warrant Issued as to Joe Lawrence Gallegos. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 371 | ARREST Warrant Issued as to Edward Troup. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 372 | ARREST Warrant Issued as to Leonard Lujan. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: |

|            |      | 04/28/2016) |
|------------|------|-------------|
| 04/21/2016 | 373  | ARREST Warrant Issued as to Billy Garcia. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 374  | ARREST Warrant Issued as to Eugene Martinez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 375  | ARREST Warrant Issued as to Allen Patterson. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 376  | ARREST Warrant Issued as to Christopher Chavez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 377  | ARREST Warrant Issued as to Javier Alonso. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 378  | ARREST Warrant Issued as to Arturo Arnulfo Garcia. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 379  | ARREST Warrant Issued as to Benjamin Clark. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 380  | ARREST Warrant Issued as to Ruben Hernandez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 381  | ARREST Warrant Issued as to Jerry Armenta. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 382  | ARREST Warrant Issued as to Jerry Montoya. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 383  | ARREST Warrant Issued as to Mario Rodriguez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 384  | ARREST Warrant Issued as to Timothy Martinez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 385  | ARREST Warrant Issued as to Mauricio Varela. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 386  | ARREST Warrant Issued as to Daniel Sanchez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 387  | ARREST Warrant Issued as to Gerald Archuleta. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 388  | ARREST Warrant Issued as to Conrad Villegas. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 389  | ARREST Warrant Issued as to Anthony Ray Baca. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |

| 04/21/2016 | 390 | ARREST Warrant Issued as to Robert Martinez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| --- | --- | --- |
| 04/21/2016 | 391 | ARREST Warrant Issued as to Roy Paul Martinez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 392 | ARREST Warrant Issued as to Christopher Garcia. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 393 | ARREST Warrant Issued as to Carlos Herrera. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 394 | ARREST Warrant Issued as to Rudy Perez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 395 | ARREST Warrant Issued as to Andrew Gallegos. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 396 | ARREST Warrant Issued as to Santos Gonzalez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 397 | ARREST Warrant Issued as to Paul Rivera. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/21/2016 | 398 | ARREST Warrant Issued as to Shauna Gutierrez. Original ARREST Warrant with AO 442 Page 2 and one certified copy of Superseding Indictment hand-delivered to USMS by CRD K. Solis. (kls) (Entered: 04/28/2016) |
| 04/26/2016 | 364 | NOTICE *OF JOINDER TO 360 DEFENDANTS' RESPONSE TO DOC. NO 358 UNITED STATES NOTICE REGARDING WHEN THE NEW MEXICO UNITED STATES ATTORNEYS OFFICE FIRST BECAME INVOLVED IN PROSECUTING THE DEFENDANTS IN THIS CASE OR ANY OTHER CASE* by Jerry Montoya (Strickland, Margaret) Modified linkage on 4/27/2016 (dmw). (Entered: 04/26/2016) |
| 04/27/2016 | 399 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Carlos Herrera. (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 400 | ORDER by Chief Magistrate Judge Karen B. Molzen granting 399 Motion for Writ of Habeas Corpus ad prosequendum as to Carlos Herrera (25) (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 401 | Writ of Habeas Corpus ad Prosequendum Issued as to Carlos Herrera for 4/29/16 at 1:30 pm (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 402 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Rudy Perez. (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 403 | ORDER by Chief Magistrate Judge Karen B. Molzen granting 402 Motion for Writ of Habeas Corpus ad prosequendum as to Rudy Perez (26) (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 404 | Writ of Habeas Corpus ad Prosequendum Issued as to Rudy Perez for 4/29/16 at 1:30 pm (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 405 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Andrew Gallegos. (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 406 | ORDER by Chief Magistrate Judge Karen B. Molzen granting 405 Motion for Writ of Habeas Corpus ad prosequendum as to Andrew Gallegos (27) (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 407 | Writ of Habeas Corpus ad Prosequendum Issued as to Andrew Gallegos for 4/29/16 at 1:30 pm (kd) (Entered: 04/28/2016) |
| 04/27/2016 | 408 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Santos Gonzalez. (kd) (Entered: 04/28/2016) |

| 04/27/2016 | 409 | ORDER by Chief Magistrate Judge Karen B. Molzen granting 408 Motion for Writ of Habeas Corpus ad prosequendum as to Santos Gonzalez (28) (kd) (Entered: 04/28/2016) |
|---|---|---|
| 04/27/2016 | 410 | Writ of Habeas Corpus ad Prosequendum Issued as to Santos Gonzalez for 4/29/16 at 1:30 pm (kd) (Entered: 04/28/2016) |
| 04/28/2016 | | Arrest of Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez (emr) (Entered: 04/28/2016) |
| 04/28/2016 | | Set Hearings as to Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez: Initial Appearance set for 4/29/2016 at 01:30 PM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Karen B. Molzen. (emr) (Entered: 04/28/2016) |
| 04/28/2016 | | Arrest of Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia. (Defendants already in custody; entry made for statistical purposes) (kls) (Entered: 04/28/2016) |
| 04/28/2016 | 412 | NOTICE OF HEARING as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, and Christopher Garcia: Arraignment set for 5/4/2016 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. **IF A DEFENDANT WISHES TO WAIVE HIS APPEARANCE AT ARRAIGNMENT, THE COURT MUST BE NOTIFIED NO LATER THAN 24 HOURS BEFORE THE HEARING. COUNSEL IS STILL REQUIRED APPEAR TO ENTER A PLEA ON BEHALF OF THE DEFENDANT ON THE RECORD.** *Any inquires regarding this setting should be directed to CRD Kristin Solis.* (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/28/2016) |
| 04/29/2016 | 414 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Initial Appearance as to Carlos Herrera, Rudy Perez, Andrew Gallegos, and Santos Gonzalez held on 4/29/2016; Arraignment/Detention set for 5/5/2016 at 01:30 PM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Karen B. Molzen. (Recording Info: Gila Liberty) (emr) (Entered: 04/29/2016) |
| 04/29/2016 | 415 | ORAL ORDER of temporary detention pending hearing as to Carlos Herrera, Rudy Perez, Andrew Gallegos, and Santos Gonzalez by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/29/2016) |
| 04/29/2016 | | Set Hearings as to Christopher Garcia: Arraignment set for 5/5/2016 at 01:30 PM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Karen B. Molzen. (emr) (Entered: 04/29/2016) |
| 05/01/2016 | 416 | MOTION to Continue *Arraignment* by Joe Lawrence Gallegos. (Attachments: # 1 Exhibit 1)(Benjamin, Brock) (Entered: 05/01/2016) |
| 05/02/2016 | 417 | MINUTE ORDER, pursuant to the direction of Magistrate Judge Gregory B. Wormuth, vacating the Arraignment set for 5/4/2016 as to Christopher Garcia; matter to be reset in Albuquerque due to logistical issues. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/02/2016) |
| 05/02/2016 | 418 | ORDER by Magistrate Judge Gregory B. Wormuth granting 416 Motion to Continue Arraignment as to Joe Lawrence Gallegos (2); Arraignment reset for 5/5/2016 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) (Entered: 05/02/2016) |
| 05/02/2016 | 419 | First MOTION to Continue *Arraignment* by Leonard Lujan. (Clark, Russell) (Entered: 05/02/2016) |
| 05/02/2016 | 420 | First MOTION to Appoint Counsel by Leonard Lujan. (Clark, Russell) (Entered: 05/02/2016) |
| 05/02/2016 | 422 | MOTION to Appoint Counsel *LEARNED COUNSEL* by Christopher Garcia. (Attachments: # 1 Exhibit A)(Sirignano, Amy) (Entered: 05/02/2016) |
| 05/02/2016 | 423 | CJA Appointment of Attorney Ryan J Villa for Rudy Perez in Death Penalty Proceedings by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/02/2016) |

| | | |
|---|---|---|
| 05/02/2016 | 424 | CJA Appointment of Attorney Erlinda O Johnson for Santos Gonzalez by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/02/2016) |
| 05/02/2016 | 425 | CJA Appointment of Attorney Donavon A. Roberts for Andrew Gallegos in Death Penalty Proceedings by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/02/2016) |
| 05/02/2016 | 426 | ORDER by District Judge James O. Browning authorizing CJA Appointment of Theresa Duncan as Learned counsel for Defendant Anthony Ray Baca; Attorney Duncan is permitted to bill for this case pursuant to the Criminal Justice Act. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/02/2016) |
| 05/02/2016 | 427 | RESPONSE to Motion by USA as to Christopher Garcia re 422 MOTION to Appoint Counsel *LEARNED COUNSEL* (Armijo, Maria) (Entered: 05/02/2016) |
| 05/03/2016 | 429 | APPENDIX/SUPPLEMENT re 420 First MOTION to Appoint Counsel (Clark, Russell) (Entered: 05/03/2016) |
| 05/03/2016 | 430 | CJA Appointment of Attorney Michael V Davis for Carlos Herrera in Death Penalty Proceedings by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/03/2016) |
| 05/03/2016 | 431 | ORDER by Magistrate Judge Gregory B. Wormuth granting 419 Motion to Continue Arraignment as to Leonard Lujan (4). (kls) (Entered: 05/03/2016) |
| 05/03/2016 | 432 | Unopposed MOTION to Withdraw Document 422 MOTION to Appoint Counsel *LEARNED COUNSEL* by Christopher Garcia. (Sirignano, Amy) (Entered: 05/03/2016) |
| 05/03/2016 | 433 | **FILED IN ERROR** WAIVER of Hearings by Mauricio Varela (Stillinger, Mary) Modified on 5/3/2016 (dmw). (Entered: 05/03/2016) |
| 05/03/2016 | 437 | NOTICE *OF WITHDRAWAL OF MOTION FOR TERMINATION OF APPOINTMENT OF LEARNED COUNSEL* by Mauricio Varela re 323 MOTION Termination of Appointment of Learned Counsel re 274 CJA Appointment, (Stillinger, Mary) (Entered: 05/03/2016) |
| 05/04/2016 | 440 | ORDER by District Judge James O. Browning granting 362 Motion for Order Regarding Doc. 360 (dmw) (Entered: 05/04/2016) |
| 05/04/2016 | | Set Hearings as to Christopher Garcia: Arraignment set for 5/5/2016 at 01:30 PM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Karen B. Molzen. (emr) (Entered: 05/04/2016) |
| 05/04/2016 | 444 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Edward Troup (3) Count 1s,3s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 445 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Billy Garcia (5) Count 1s-2s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 446 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Allen Patterson (7) Count 2s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 447 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Christopher Chavez (8) Count 2s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 448 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Javier Alonso (9) Count 3s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 449 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Arturo Arnulfo Garcia (10) Count 3s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 450 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Benjamin Clark (11) Count 3s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |

| 05/04/2016 | 451 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Benjamin Clark (vh) (Entered: 05/05/2016) |
|---|---|---|
| 05/04/2016 | 452 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 5/4/2016; Defendant was not transported and will be reset for Arraignment. (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 453 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Jerry Armenta (13) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 454 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jerry Armenta (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 455 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Jerry Montoya (14) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 456 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Mario Rodriguez (15) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 457 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Timothy Martinez (16) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 458 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Mauricio Varela (17) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 459 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Mauricio Varela (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 460 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Daniel Sanchez (18) Count 6s,7ss held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 461 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Gerald Archuleta (19) Count 8s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 462 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Gerald Archuleta (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 463 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Conrad Villegas (20) Count 8s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 464 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Anthony Ray Baca (21) Count 6s,7ss,8s,9s-10s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 465 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Robert Martinez (22) Count 9s-10s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 466 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Robert Martinez (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 467 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Roy Paul Martinez (23) Count 9s-10s held on 5/4/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/04/2016 | 468 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Roy Paul Martinez (vh) (Entered: 05/05/2016) |
| 05/05/2016 | 471 | WAIVER of Detention Hearing by Santos Gonzalez (nm) (Entered: 05/05/2016) |
| 05/05/2016 | 472 | WAIVER of Detention Hearing by Andrew Gallegos (nm) (Entered: 05/05/2016) |

| | | |
|---|---|---|
| 05/05/2016 | 473 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment/Detention as to Andrew Gallegos (27) Count 4,5 held on 5/5/2016 (Recording Info: Gila Liberty) (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 474 | ORDER OF DETENTION as to Andrew Gallegos by Magistrate Judge Karen B. Molzen (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 475 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment/Detention as to Santos Gonzalez (28) Count 14,15 held on 5/5/2016 (Recording Info: Gila Liberty) (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 476 | ORDER OF DETENTION as to Santos Gonzalez by Magistrate Judge Karen B. Molzen (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 477 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment as to Joe Lawrence Gallegos (2) Count 1s,4s,5s,13s,14s,15s held on 5/5/2016 (Recording Info: LCR Sierra Blanca) (vh) (Entered: 05/05/2016) |
| 05/05/2016 | 478 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment/Detention as to Rudy Perez (26) Count 6,7s held on 5/5/2016 (Recording Info: Gila Liberty) (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 479 | ORDER OF DETENTION as to Rudy Perez by Magistrate Judge Karen B. Molzen (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 480 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment/Detention as to Carlos Herrera (25) Count 6,7s held on 5/5/2016 (Recording Info: Gila Liberty) (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 481 | ORDER OF DETENTION as to Carlos Herrera by Magistrate Judge Karen B. Molzen (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 482 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Christopher Garcia (24) Count 10s,11s,12s held on 5/5/2016 (Recording Info: Gila Liberty) (emr) (Entered: 05/05/2016) |
| 05/05/2016 | 483 | DISCOVERY ORDER as to Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos and Santos Gonzalez by Magistrate Judge Karen B. Molzen (emr) (Entered: 05/05/2016) |
| 05/06/2016 | 487 | ORDER by District Judge James O. Browning granting 432 MOTION to Withdraw Document 422 MOTION to Appoint Counsel *LEARNED COUNSEL* filed by Christopher Garcia. (dmw) (Entered: 05/09/2016) |
| 05/06/2016 | 533 | ORDER by District Judge James O. Browning granting 413 Motion to Substitute Attorney. Joe Spencer replacing Michael David Lindsey as to Mauricio Varela (17) (dmw) (Entered: 05/13/2016) |
| 05/06/2016 | 571 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Christopher Garcia held on 5/6/2016 re 361 Ex Parte MOTION for Reconsideration re 206 Notice (Other) *Emergency and Opposed* filed by Christopher Garcia, 434 Ex Parte MOTION to Unseal Court Hearing re 363 Notice of Hearing on Motion, *United States' Ex Parte Motion to Unseal Court Hearing* filed by USA, 469 MOTION to Quash filed by USA, 428 Second MOTION for Order *EX PARTE OPPOSED EMERGENCY FOR EXPEDITED DISCOVERY AND EXTRAORDINARY RELIEF REGARDING CLIENTS AND HIS FAMILYS SAFETY* filed by Christopher Garcia (Court Reporter: J. Bean) (dmw) (Entered: 06/10/2016) |
| 05/09/2016 | | Arrest of Paul Rivera (eh) (Entered: 05/09/2016) |
| 05/09/2016 | 486 | NOTICE OF HEARING as to Paul Rivera: Initial Appearance set for 5/9/2016 at 09:30 AM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Steven C. Yarbrough. (eh) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/09/2016) |
| 05/09/2016 | 489 | Clerk's Minutes before Magistrate Judge William P Lynch: Initial Appearance as to Paul Rivera held; Arraignment/Detention set for 5/11/2016 at 09:30 AM in Albuquerque - 520 Gila Courtroom; deft held in custody of USMS (Recording Info: liberty - Gila) (kd) (Entered: 05/09/2016) |
| 05/09/2016 | 490 | ORAL ORDER of Temporary Detention pending hearing as to Paul Rivera by Magistrate Judge William P Lynch (kd) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/09/2016) |
| 05/09/2016 | 491 | ARREST Warrant Returned Executed on 5/4/2016 as to Gerald Archuleta. (dmw) (Entered: 05/09/2016) |

| 05/09/2016 | 492 | ARREST Warrant Returned Executed on 5/4/2016 as to Christopher Garcia. (dmw) (Entered: 05/09/2016) |
|---|---|---|
| 05/09/2016 | 493 | ARREST Warrant Returned Executed on 5/4/2016 as to Andrew Gallegos. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 494 | ARREST Warrant Returned Executed on 5/4/2016 as to Joe Lawrence Gallegos. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 495 | ARREST Warrant Returned Executed on 5/4/2016 as to Santos Gonzalez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 496 | ARREST Warrant Returned Executed on 5/4/2016 as to Leonard Lujan. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 497 | ARREST Warrant Returned Executed on 5/4/2016 as to Edward Troup. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 498 | ARREST Warrant Returned Executed on 5/4/2016 as to Rudy Perez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 499 | ARREST Warrant Returned Executed on 5/4/2016 as to Carlos Herrera. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 500 | ARREST Warrant Returned Executed on 5/4/2016 as to Anthony Ray Baca. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 501 | ARREST Warrant Returned Executed on 5/4/2016 as to Robert Martinez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 502 | ARREST Warrant Returned Executed on 5/4/2016 as to Roy Paul Martinez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 503 | ARREST Warrant Returned Executed on 5/4/2016 as to Conrad Villegas. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 504 | ARREST Warrant Returned Executed on 5/4/2016 as to Mauricio Varela. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 505 | ARREST Warrant Returned Executed on 5/4/2016 as to Timothy Martinez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 506 | ARREST Warrant Returned Executed on 5/4/2016 as to Mario Rodriguez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 507 | ARREST Warrant Returned Executed on 5/4/2016 as to Jerry Montoya. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 508 | ARREST Warrant Returned Executed on 5/4/2016 as to Jerry Armenta. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 509 | ARREST Warrant Returned Executed on 5/4/2016 as to Ruben Hernandez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 510 | ARREST Warrant Returned Executed on 5/4/2016 as to Benjamin Clark. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 511 | ARREST Warrant Returned Executed on 5/4/2016 as to Javier Alonso. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 512 | ARREST Warrant Returned Executed on 5/4/2016 as to Christopher Chavez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 513 | ARREST Warrant Returned Executed on 5/4/2016 as to Arturo Arnulfo Garcia. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 514 | ARREST Warrant Returned Executed on 5/4/2016 as to Allen Patterson. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 515 | ARREST Warrant Returned Executed on 5/4/2016 as to Eugene Martinez. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 516 | ARREST Warrant Returned Executed on 5/4/2016 as to Billy Garcia. (dmw) (Entered: 05/09/2016) |
| 05/09/2016 | 517 | ARREST Warrant Returned Executed on 5/4/2016 as to Daniel Sanchez. (dmw) (Entered: 05/09/2016) |
| 05/10/2016 | 523 | CJA Appointment of Attorney Keith R Romero for Paul Rivera by Magistrate Judge Karen B. Molzen (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/10/2016) |
| 05/11/2016 | 526 | Clerk's Minutes before Chief Magistrate Judge Karen B. Molzen: Arraignment/Detention as to Paul Rivera (29) Count 14,15 held (Recording Info: liberty - Gila) (kd) (Entered: 05/11/2016) |
| 05/11/2016 | 527 | ORDER OF DETENTION as to Paul Rivera by Chief Magistrate Judge Karen B. Molzen (kd) (Entered: 05/11/2016) |
| 05/11/2016 | 529 | WAIVER of Detention Hearing by Paul Rivera (emr) (Entered: 05/11/2016) |
| 05/18/2016 | 534 | ORDER by District Judge James O. Browning granting 420 Motion to Appoint Counsel Donald R Knight for Leonard Lujan appointed (vv) (Entered: 05/18/2016) |
| 05/18/2016 | 535 | Joint MOTION for Order *TO SUSPEND THE SCHEDULING ORDER (DOC. 250), OPPOSED REQUEST FOR STATUS CONFERENCE AND EX PARTE CJA CONFERENCE WITH THE DISTRICT COURT* by Christopher Garcia. (Sirignano, Amy) (Entered: 05/18/2016) |
| 05/19/2016 | 536 | NOTICE of Status Conference and Motion Hearing (agenda to follow at a later time) scheduled for 6/2/2016 at 09:00 AM in Albuquerque - 320 Rio Grande Courtroom before District Judge James O. Browning. The Court will require the appearance of all Defendants at this proceeding.(kw) |

| | | |
|---|---|---|
| | | [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/19/2016) |
| 05/19/2016 | 537 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, notifying the parties that the following motions/issues will be heard at the Status Conference scheduled for 6/2/2016: 1) the Brief Regarding Protective Orders for Materials Obtained From Sources Other Than the Government 302 ; 2) the Defendant Daniel Sanchez's Reply Regarding Court's Ability to Subject Materials Obtained Independently of This Court's Process to Court's Protective Order (Doc. 313) 315 ; 3) the United States' Notice Regarding When the New Mexico United States Attorneys Office First Became Involved in Prosecuting the Defendants in This Case or Any Other Case 358 ; 4) the Motion for Order Directing the United States to Comply With Court Rules and for Fundamental Due Process 342 ; and 5) the Motion to Suspend the Scheduling Order (Doc. 250), Request for Status Conference and Ex Parte CJA Conference With the District Court 535 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/19/2016) |
| 05/20/2016 | 538 | NOTICE OF HEARING as to Leonard Lujan: Arraignment reset for 5/24/2016 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) *THE U.S. MARSHALS SERVICE IS NOT REQUIRED TO TRANSPORT THE DEFENDANT FOR THIS HEARING; DEFENDANT'S APPEARANCE WILL BE WAIVED.* [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/20/2016) |
| 05/23/2016 | 541 | Opposed MOTION for Reconsideration re 313 Order, *Protection Order* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Jerry Montoya, Timothy Martinez, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Blackburn, Billy) Modified text on 5/24/2016 (dmw). (Entered: 05/23/2016) |
| 05/23/2016 | 542 | MOTION to Expedite *Briefing on Motion for Reconsideration (Doc 541)* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Jerry Montoya, Timothy Martinez, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Blackburn, Billy) (Entered: 05/23/2016) |
| 05/24/2016 | 544 | MOTION to Appoint Counsel *Learned* by Mario Rodriguez. (Attachments: # 1 Supplement)(Hernandez, Santiago) (Entered: 05/24/2016) |
| 05/24/2016 | 545 | NOTICE OF HEARING as to Ruben Hernandez: Arraignment set for 5/26/2016 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Lourdes A. Martinez. (kls) *THE U.S. MARSHALS SERVICE IS NOT REQUIRED TO TRANSPORT THE DEFENDANT FOR THIS HEARING; DEFENDANT'S APPEARANCE WILL BE WAIVED.* [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/24/2016) |
| 05/24/2016 | 549 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 5/24/2016 as to Leonard Lujan (4); Waiver of Appearance filed, and Not Guilty plea entered on the Defendant's behalf to Counts 1s-2s of the Superseding Indictment; Defendant in custody. (LCR-Sierra Blanca) (kls) (Entered: 05/26/2016) |
| 05/24/2016 | 550 | WAIVER of Appearance at Arraignment and Entry of Plea of Not Guilty by Leonard Lujan. (kls) (Entered: 05/26/2016) |
| 05/25/2016 | 546 | AMENDED NOTICE OF HEARING (to change date) as to Ruben Hernandez: Arraignment reset for 5/27/2016 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Lourdes A. Martinez. (kls) *THE U.S. MARSHALS SERVICE IS NOT REQUIRED TO TRANSPORT THE DEFENDANT FOR THIS HEARING; DEFENDANT'S APPEARANCE WILL BE WAIVED.* [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/25/2016) |

| | | |
|---|---|---|
| 05/25/2016 | 547 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez re 535 Joint MOTION for Order *TO SUSPEND THE SCHEDULING ORDER (DOC. 250), OPPOSED REQUEST FOR STATUS CONFERENCE AND EX PARTE CJA CONFERENCE WITH THE DISTRICT COURT* (Armijo, Maria) (Entered: 05/25/2016) |
| 05/25/2016 | 548 | Unopposed MOTION to Appoint Learned Counsel by Rudy Perez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Villa, Ryan) Modified text on 5/26/2016 (dmw). (Entered: 05/25/2016) |
| 05/26/2016 | 551 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez re 542 MOTION to Expedite *Briefing on Motion for Reconsideration (Doc 541)* (Armijo, Maria) (Entered: 05/26/2016) |
| 05/26/2016 | 552 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding the Defendants' Opposed Joint Motion for Reconsideration of the Protective Order 541 to the agenda of motions to be heard at the hearing scheduled for 6/2/2016. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/26/2016) |
| 05/26/2016 | 553 | NOTICE *of Unavailability of Counsel for Defendant Christopher Garcia 6/30-7/9/2016* by Christopher Garcia (Sirignano, Amy) Modified text to add dates on 5/27/2016 (dmw). (Entered: 05/26/2016) |
| 05/26/2016 | 554 | MOTION for Order *to Waive Appearance at Hearing* by Eugene Martinez (Lane, David) Modified text on 5/27/2016 (dmw). (Entered: 05/26/2016) |
| 05/26/2016 | 555 | ORDER by District Judge James O. Browning granting 544 Motion to Appoint Learned Counsel. Steven M Potolsky for Mario Rodriguez appointed. (dmw) (Entered: 05/26/2016) |
| 05/26/2016 | 556 | ORDER by District Judge James O. Browning granting 548 Motion to Appoint Learned Counsel Donald R West for Rudy Perez (26) (dmw) (Entered: 05/26/2016) |
| 05/27/2016 | 557 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning (dmw) (Entered: 05/27/2016) |
| 05/27/2016 | 558 | Clerk's Minutes for proceedings held before Magistrate Judge Lourdes A. Martinez: Arraignment held on 5/27/2016 as to as to Ruben Hernandez (12); Waiver of Appearance filed, and Not Guilty plea entered on the Defendant's behalf to Counts 3s of the Superseding Indictment; Defendant in custody. (LCR-Sierra Blanca) (kls) (Entered: 05/27/2016) |
| 05/27/2016 | 559 | WAIVER of Appearance at Arraignment and Entry of Plea of Not Guilty by Ruben Hernandez. (kls) (Entered: 05/27/2016) |
| 05/30/2016 | 561 | MOTION to Appoint Counsel *David Andersen* by Christopher Chavez. (Attachments: # 1 Exhibit) (Mondragon, Orlando) (Entered: 05/30/2016) |
| 05/31/2016 | 562 | ORDER by District Judge James O. Browning granting 561 Motion to Appoint Learned Counsel David L Andersen for Christopher Chavez (8) (dmw) (Entered: 05/31/2016) |
| 06/01/2016 | 565 | NOTICE *of Filing of Executed Declaration (Doc. 541-2)* by Daniel Sanchez (Jacks, Amy) (Entered: 06/01/2016) |
| 06/06/2016 | 567 | NOTICE *of Intent Not to Seek a Sentence of Death* by USA as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez, Andrew Gallegos (Armijo, Maria) Modified text on 6/6/2016 (dmw). (Entered: 06/06/2016) |
| 06/08/2016 | 570 | MOTION to Withdraw as Attorney by David A. Lane by Eugene Martinez. (Lane, David) (Entered: 06/08/2016) |
| 06/09/2016 | 605 | E-Mail from Cori Harbour-Valdez (dmw) (Entered: 06/22/2016) |
| 06/10/2016 | 573 | MOTION to Withdraw as Attorney by David L. Andersen by Christopher Chavez. (Mondragon, Orlando) (Entered: 06/10/2016) |

| | | |
|---|---|---|
| 06/13/2016 | 578 | ORDER by District Judge James O. Browning granting 573 Motion to Withdraw as Attorney. David L Andersen withdrawn from case as to Christopher Chavez (8) (dmw) (Entered: 06/13/2016) |
| 06/13/2016 | 580 | CJA7: Order Terminating David Andersen as to Christopher Chavez by Magistrate Judge Laura Fashing (kd) (Entered: 06/14/2016) |
| 06/14/2016 | 581 | NOTICE OF HEARING as to Gerald Archuleta: Change of Plea Hearing set for 6/16/2016 at 10:15 AM in Las Cruces, NM - 460 Organ Courtroom (South Tower) before Magistrate Judge Gregory B. Wormuth. (kls) **COPIES OF ALL PLEA DOCUMENTS MUST BE PROVIDED TO THE COURTROOM DEPUTY 24 HOURS PRIOR TO THE COURT DATE.** [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/14/2016) |
| 06/15/2016 | 583 | NOTICE *of Unavailability of Counsel 7/13-22, 9/21-23 and 8/5* by Edward Troup (Attachments: # 1 Exhibit A)(Harbour-Valdez, Cori) Modified text to add dates on 6/15/2016 (dmw). (Entered: 06/15/2016) |
| 06/16/2016 | 584 | Unopposed MOTION for Extension of Time to File Response/Reply as to 539 MOTION for Discovery by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Jerry Montoya. (Armijo, Maria) (Entered: 06/16/2016) |
| 06/16/2016 | 585 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Gerald Archuleta (dmw) (Entered: 06/16/2016) |
| 06/16/2016 | 586 | PLEA AGREEMENT as to Gerald Archuleta (dmw) (Entered: 06/16/2016) |
| 06/16/2016 | 587 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing as to Gerald Archuleta held on 6/16/2016; deft entered guilty plea to count 8 of superseding indictment; sentencing to be set; deft in custody; PSR ordered (Recording Info: LCR-ORGAN) (dmw) (Entered: 06/16/2016) |
| 06/16/2016 | 589 | PROTECTIVE ORDER by District Judge James O. Browning (dmw) (Entered: 06/17/2016) |
| 06/17/2016 | 590 | ORDER by District Judge James O. Browning granting 584 Motion for Extension of Time to File Response to Motion for Specific Discovery as to Joe Lawrence Gallegos (2), Edward Troup (3), Billy Garcia (5), Christopher Chavez (8), Jerry Montoya (14) (dmw) (Entered: 06/17/2016) |
| 06/21/2016 | 594 | ORDER by District Judge James O. Browning granting 570 Motion to Withdraw as Attorney. David A. Lane withdrawn from case as to Eugene Martinez (6) (dmw) (Entered: 06/21/2016) |
| 06/21/2016 | 595 | NOTICE *of Unavailability of counsel 6/24-28, 9/8-22, 10/17-19 and 10/27-31/2016* by Joe Lawrence Gallegos (Benjamin, Brock) Modified text to add dates on 6/21/2016 (dmw). (Entered: 06/21/2016) |
| 06/23/2016 | 607 | COURT'S NOTICE of Memorandum Opinion and Order Entered in Unrelated Case Nos. 15-2485 (Doc. 181) and 15-3883 (Doc. 51) (dmw) (Entered: 06/23/2016) |
| 06/30/2016 | 609 | ORDER by District Judge James O. Browning granting 542 Defendants' Joint Motion to Expedite Briefing (dmw) (Entered: 06/30/2016) |
| 06/30/2016 | 610 | Arrest Warrant Returned Executed on 5/8/16 as to Paul Rivera. (vv) (Entered: 06/30/2016) |
| 07/05/2016 | 611 | First MOTION to Withdraw as Attorney by Donald Knight by Leonard Lujan. (Clark, Russell) (Entered: 07/05/2016) |
| 07/05/2016 | 613 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Jerry Montoya re 539 MOTION for Discovery (Attachments: # 1 Exhibit A)(Armijo, Maria) (Entered: 07/05/2016) |
| 07/08/2016 | 617 | ORDER by District Judge James O. Browning granting 611 Motion to Withdraw as Attorney. Donald R Knight withdrawn from case as to Leonard Lujan (4) (dmw) (Entered: 07/08/2016) |
| 07/13/2016 | 620 | NOTICE *of Non Availability* by Carlos Herrera (Davis, Michael) (Entered: 07/13/2016) |
| 07/19/2016 | 626 | Unopposed MOTION for Extension of Time to File Response/Reply as to 539 MOTION for Discovery , 613 Response in Opposition by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Jerry Montoya. (Cooper, Robert) (Entered: 07/19/2016) |
| 07/21/2016 | 628 | ORDER by District Judge James O. Browning granting 626 Motion for Extension of Time to File Response to Response to Motion for Specific Discovery until 7/22/2016 (dmw) (Entered: 07/21/2016) |
| 07/25/2016 | 631 | Unopposed MOTION for Extension of Time to File Response/Reply as to 539 MOTION for Discovery , 613 Response in Opposition by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, |

| | | |
|---|---|---|
| | | Jerry Montoya. (Cooper, Robert) (Entered: 07/25/2016) |
| 07/25/2016 | 632 | REPLY TO RESPONSE to Motion by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Jerry Montoya re 539 MOTION for Discovery (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D)(Cooper, Robert) (Entered: 07/25/2016) |
| 07/29/2016 | 635 | ORDER by District Judge James O. Browning granting 631 Motion for Extension of Time to File Reply to Response to Motion for Specific Discovery (dmw) (Entered: 07/29/2016) |
| 07/29/2016 | 639 | NOTICE *of Unavailability of Counsel 8/8-12/2016* by Christopher Garcia (Sirignano, Amy) Modified text to add dates on 8/1/2016 (dmw). (Entered: 07/29/2016) |
| 08/04/2016 | | Arrest of Shauna Gutierrez (nm) (Entered: 08/04/2016) |
| 08/04/2016 | 641 | NOTICE OF HEARING as to Shauna Gutierrez: Initial Appearance set for 8/4/2016 at 09:30 AM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Kirtan Khalsa. (nm) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/04/2016) |
| 08/04/2016 | 642 | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Initial Appearance as to Shauna Gutierrez held on 8/4/2016; defendant remanded to the custody of the USMS. Arraignment/Detention set for 8/5/2016 at 09:30 AM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Kirtan Khalsa. (Recording Info: Liberty-Gila) (eh) (Entered: 08/08/2016) |
| 08/04/2016 | 643 | ORAL ORDER of Temporary Detention pending hearing as to Shauna Gutierrez by Magistrate Judge Kirtan Khalsa. (eh) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/04/2016) |
| 08/04/2016 | 644 | CJA Appointment of Attorney Angela Arellanes for Shauna Gutierrez by Magistrate Judge Kirtan Khalsa (nm) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/04/2016) |
| 08/05/2016 | 646 | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Arraignment/Detention as to Shauna Gutierrez (30) Count 14,15 held on 8/5/2016; defendant remanded to the custody of the USMS. (Recording Info: Liberty-Gila) (eh) (Entered: 08/08/2016) |
| 08/05/2016 | 647 | ORDER OF DETENTION pending trial as to Shauna Gutierrez by Magistrate Judge Kirtan Khalsa. (eh) (Entered: 08/08/2016) |
| 08/18/2016 | 656 | NOTICE OF ATTORNEY APPEARANCE Matthew Beck appearing for USA. (Beck, Matthew) (Entered: 08/18/2016) |
| 08/19/2016 | 661 | CJA Appointment of Attorney Christopher W Adams for Christopher Garcia by District Judge James O. Browning (dmw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/22/2016) |
| 08/22/2016 | 664 | CJA Appointment of Attorney Ray Velarde for Timothy Martinez by District Judge James O. Browning (dmw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/23/2016) |
| 08/24/2016 | 665 | Unopposed MOTION to Withdraw as Attorney by Donald R. West by Rudy Perez. (West, Donald) (Entered: 08/24/2016) |
| 08/29/2016 | 666 | NOTICE OF HEARING as to Roy Paul Martinez: Change of Plea Hearing set for 9/15/2016 at 10:30 AM in Las Cruces, NM - 460 Organ Courtroom (South Tower) before Magistrate Judge Gregory B. Wormuth. (kls) **COPIES OF ALL PLEA DOCUMENTS MUST BE PROVIDED TO THE COURTROOM DEPUTY 24 HOURS PRIOR TO THE COURT DATE.** [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2016) |
| 09/01/2016 | 668 | MOTION to Compel *Discovery* by Jerry Montoya. (Strickland, Margaret) (Entered: 09/01/2016) |
| 09/06/2016 | 671 | ORDER by District Judge James O. Browning granting 665 Motion to Withdraw as Attorney. Donald R West withdrawn from case as to Rudy Perez (26) (dmw) (Entered: 09/06/2016) |
| 09/06/2016 | 672 | MOTION to Appoint Counsel by Rudy Perez. (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 09/06/2016) |
| 09/07/2016 | 674 | Ex Parte MOTION for Order *for Second Counsel and Appointment Pro Hac Vice* by Carlos Herrera. (Davis, Michael) (Entered: 09/07/2016) |

| 09/07/2016 | 675 | NOTICE *of Unavailability of counsel 11/9-15/2016* by Edward Troup (Harbour-Valdez, Cori) Modified text to add dates on 9/8/2016 (dmw). (Entered: 09/07/2016) |
|---|---|---|
| 09/07/2016 | 676 | Joint MOTION to Vacate *March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing* by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Villa, Ryan) (Entered: 09/07/2016) |
| 09/07/2016 | 677 | NOTICE *of unavailability of counsel 11/1-15 and 12/1-4/2016* by Robert Martinez (McElhinney, Charles) Modified text on 9/8/2016 (dmw). (Entered: 09/07/2016) |
| 09/08/2016 | 678 | Opposed MOTION for Discovery by Edward Troup as to Edward Troup, Billy Garcia, Javier Alonso, Arturo Arnulfo Garcia, Rudy Perez. (Harbour-Valdez, Cori) (Entered: 09/08/2016) |
| 09/09/2016 | 680 | Unopposed MOTION to Continue *NUNC PRO TUNC MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Attachments: # 1 Exhibit)(Harbour-Valdez, Cori) (Entered: 09/09/2016) |
| 09/13/2016 | 682 | Unopposed MOTION to Withdraw Document 680 Unopposed MOTION to Continue *NUNC PRO TUNC MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Harbour-Valdez, Cori) (Entered: 09/13/2016) |
| 09/13/2016 | 683 | Unopposed MOTION to Continue *October 4, 2016 Trial Setting (Doc. 250) and Related Scheduling Order* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Harbour-Valdez, Cori) (Entered: 09/13/2016) |
| 09/14/2016 | 684 | NOTICE *Unopposed Notice to Withdraw Doc. 680 and Doc. 682* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, Shauna Gutierrez (Harbour-Valdez, Cori) (Entered: 09/14/2016) |
| 09/15/2016 | 685 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Roy Paul Martinez (dmw) (Entered: 09/15/2016) |
| 09/15/2016 | 686 | PLEA AGREEMENT as to Roy Paul Martinez (dmw) (Entered: 09/15/2016) |
| 09/15/2016 | 687 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing as to Roy Paul Martinez held on 9/15/2016; deft entered guilty plea to counts 9 and 10 of SSI; sentencing to be set; deft in custody (Recording Info: LCR-Dona Ana) (dmw) (Entered: 09/15/2016) |
| 09/16/2016 | 688 | NOTICE *OF JOINDER TO DEFENDANTS JOINT MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER* by Allen Patterson as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez re 683 Unopposed MOTION to Continue *October 4, 2016 Trial Setting (Doc. 250) and Related Scheduling Order* (Lahann, Jeffrey) (Entered: 09/16/2016) |
| 09/16/2016 | 689 | NOTICE *of Joinder to Doc. 683* by Conrad Villegas (Crow, B.J.) (Entered: 09/16/2016) |
| 09/19/2016 | 691 | RESPONSE in Opposition by USA as to Rudy Perez re 672 MOTION to Appoint Counsel *United States' Response in Opposition to Motion for Appointment of Second Counsel* (Attachments: # 1 Exhibit)(Beck, |

| | | |
|---|---|---|
| | | Matthew) (Entered: 09/19/2016) |
| 09/19/2016 | 692 | NOTICE *of Unavailability of Counsel for Defendant Christopher Garcia* by Christopher Garcia (Sirignano, Amy) (Entered: 09/19/2016) |
| 09/21/2016 | 693 | NOTICE of motion hearing regarding the following motions: 1) Motion for Specific Discovery 539 ; 2) Motion to Compel Discovery 668 ; and 3) Motion for Specific Discovery 678 scheduled for 10/4/2016 at 10:30 AM in Albuquerque - 320 Rio Grande Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] Modified text on 9/21/2016 to indicate hearing will take place in Rio Grande Courtroom (dc). (Entered: 09/21/2016) |
| 09/22/2016 | 694 | RESPONSE in Opposition by USA as to Edward Troup, Billy Garcia, Javier Alonso, Arturo Arnulfo Garcia, Rudy Perez re 678 Opposed MOTION for Discovery *United States' Response in Opposition to Defendants' Motion for Specific Discovery* (Beck, Matthew) (Entered: 09/22/2016) |
| 09/22/2016 | 697 | ORDER by District Judge James O. Browning granting 674 Motion to Appoint Counsel Carey Corlew Bhalla for Carlos Herrera (25) (dmw) (Entered: 09/22/2016) |
| 09/22/2016 | 698 | Joint MOTION for Disclosure *and Production of Confidential Informant* by Rudy Perez as to Edward Troup, Jerry Montoya, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez, Andrew Gallegos. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Villa, Ryan) (Entered: 09/22/2016) |
| 09/22/2016 | 715 | SEALED CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Robert Martinez. (kls) Modified document security on 12/20/2016. (kls) (Entered: 10/03/2016) |
| 09/22/2016 | 716 | SEALED PLEA AGREEMENT as to Robert Martinez. (kls) Modified document security on 12/20/2016. (kls) (Entered: 10/03/2016) |
| 09/22/2016 | 717 | SEALED Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 9/22/2016 as to Robert Martinez (22); Guilty plea entered to counts 9s-10s of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) Modified document security on 12/20/2016. (kls) (Entered: 10/03/2016) |
| 09/26/2016 | 700 | MOTION for Order to Show Cause *Defendant's Motion to Show Cause for Violation of Order, Document 299 and Request for Evidentiary Hearing on Violations of 4th Amendment and 6th Amendments to the United States Constitution* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 09/26/2016) |
| 09/28/2016 | 703 | MOTION to Withdraw Attorney Orlando Mondragon by Christopher Chavez. (meq) (Entered: 09/28/2016) |
| 09/28/2016 | 704 | MOTION to Withdraw as Attorney by Orlando Mondragon by Christopher Chavez. (Mondragon, Orlando) (Entered: 09/28/2016) |
| 09/30/2016 | 705 | REPLY TO RESPONSE to Motion by Rudy Perez re 672 MOTION to Appoint Counsel (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Villa, Ryan) (Entered: 09/30/2016) |
| 09/30/2016 | 706 | NOTICE *of Completion of Briefing* by Rudy Perez re 672 MOTION to Appoint Counsel (Villa, Ryan) (Entered: 09/30/2016) |
| 09/30/2016 | 707 | NOTICE *of Completion of Briefing* by Rudy Perez re 676 Joint MOTION to Vacate *March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing* (Villa, Ryan) (Entered: 09/30/2016) |
| 09/30/2016 | 708 | STATUS REPORT *REGARDING MOTION FOR SPECIFIC DISCOVERY* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Jerry Montoya (Attachments: # 1 Appendix, # 2 Appendix)(Castle, James) Modified linkage on 9/30/2016 (dmw). (Entered: 09/30/2016) |
| 09/30/2016 | 709 | MOTION for Extension of Time to File Response/Reply as to 668 MOTION to Compel *Discovery* by USA as to Jerry Montoya, Mario Rodriguez, Timothy Martinez, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Armijo, Maria) (Entered: 09/30/2016) |
| 09/30/2016 | 710 | RESPONSE in Opposition by USA as to Jerry Montoya, Mario Rodriguez, Timothy Martinez, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez re 668 MOTION to Compel *Discovery* (Beck, Matthew) (Entered: 09/30/2016) |
| 09/30/2016 | 711 | Unopposed MOTION for Order *to Exceed Page Limits for Reply* by Edward Troup. (Harbour-Valdez, Cori) (Entered: 09/30/2016) |
| 10/03/2016 | 719 | APPENDIX/SUPPLEMENT *FILING OF SUPPLEMENTAL AUTHORITY RE DISCOVERY MOTIONS* (Hernandez, Santiago) (Entered: 10/03/2016) |

| | | |
|---|---|---|
| 10/04/2016 | 722 | ORDER TO CONTINUE by District Judge James O. Browning granting 683 MOTION to Continue *Trial Setting and Related Scheduling Order* and rescheduling on 3/6/2017 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom. (dmw) (Entered: 10/04/2016) |
| 10/04/2016 | 723 | NOTICE of motion hearing regarding the Motion for Appointment of Second Counsel 672 scheduled for 10/5/2016 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/04/2016) |
| 10/06/2016 | 724 | Unopposed MOTION for Extension of Time to File Response/Reply as to 698 Joint MOTION for Disclosure *and Production of Confidential Informant* by USA as to Rudy Perez. (Armijo, Maria) (Entered: 10/06/2016) |
| 10/07/2016 | 729 | ORDER by District Judge James O. Browning granting 711 Motion to Exceed Page Limit as to Edward Troup (3) (meq) (Entered: 10/12/2016) |
| 10/11/2016 | 727 | ORDER by District Judge James O. Browning granting 724 Motion for Extension of Time to File Response as to Rudy Perez (26) (meq) (Entered: 10/11/2016) |
| 10/12/2016 | 730 | Unopposed MOTION for Extension of Time to File Response/Reply as to 700 MOTION for Order to Show Cause *Defendant's Motion to Show Cause for Violation of Order, Document 299 and Request for Evidentiary Hearing on Violations of 4th Amendment and 6th Amendments to the United States Constitution* by USA as to Joe Lawrence Gallegos. (Armijo, Maria) (Entered: 10/12/2016) |
| 10/13/2016 | 736 | ORDER TO SHOW CAUSE by District Judge James O. Browning. Show Cause Hearing set for 10/28/2016 at 11:00 AM in Albuquerque - 460 Vermejo Courtroom. (meq) (Entered: 10/13/2016) |
| 10/14/2016 | 737 | ORDER by District Judge James O. Browning granting 672 Motion to Appoint Counsel; Justine Fox-Young for Rudy Perez appointed. (meq) (Entered: 10/14/2016) |
| 10/14/2016 | 738 | LETTER from James Verdream (meq) (Entered: 10/14/2016) |
| 10/17/2016 | 740 | NOTICE *Of Withdrawal of Motions to Withdraw as Counsel* by Christopher Chavez (Mondragon, Orlando) (Entered: 10/17/2016) |
| 10/17/2016 | 741 | RESPONSE in Opposition by USA as to Rudy Perez re 698 Joint MOTION for Disclosure *and Production of Confidential Informant* (Beck, Matthew) (Entered: 10/17/2016) |
| 10/18/2016 | 743 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez held on October 4, 2016, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Tape Number: NA. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 10/25/2016. Redaction Request due 11/8/2016. Redacted Transcript Deadline set for 11/18/2016. Release of Transcript Restriction set for 1/17/2017.(jab) (Entered: 10/18/2016) |
| 10/18/2016 | 744 | NOTICE *United States' Notice of Proposed Scheduling Order* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez (Armijo, Maria) (Entered: 10/18/2016) |

| | | |
|---|---|---|
| 10/21/2016 | 745 | Unopposed MOTION for Protective Order by USA as to Rudy Perez. (Beck, Matthew) (Entered: 10/21/2016) |
| 10/21/2016 | 746 | NOTICE *of Non Availability (December 16, 2016 through January 3, 2017)* by Carlos Herrera (Davis, Michael) (Entered: 10/21/2016) |
| 10/26/2016 | 747 | NOTICE *Unavailability 11/9-11/18* by Allen Patterson (Lahann, Jeffrey) Modified text on 10/27/2016 (meq). (Entered: 10/26/2016) |
| 10/26/2016 | 748 | ORDER by District Judge James O. Browning granting 745 Motion for Protective Order as to Rudy Perez (26) (meq) (Entered: 10/26/2016) |
| 10/26/2016 | 749 | ORDER by District Judge James O. Browning granting 709 Motion for Extension of Time to File Response to Motion to Compel Discovery (meq) (Entered: 10/26/2016) |
| 10/26/2016 | 750 | ORDER by District Judge James O. Browning granting 730 Motion for Extension of Time to File Response to Motion to Show Cause (meq) (Entered: 10/26/2016) |
| 10/26/2016 | 751 | NOTICE *of Non-Availability of Counsel 11/18-11/25* by Billy Garcia (Cooper, Robert) Modified text on 10/27/2016 (meq). (Entered: 10/26/2016) |
| 10/26/2016 | 752 | Unopposed MOTION for Extension of Time to File Response/Reply as to 698 Joint MOTION for Disclosure *and Production of Confidential Informant* by Edward Troup as to Edward Troup, Jerry Montoya, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Andrew Gallegos. (Harbour-Valdez, Cori) (Entered: 10/26/2016) |
| 10/28/2016 | 753 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting in part and denying in part 541 Opposed MOTION for Reconsideration of Protective Order; denying in part 342 MOTION for Order re Compliance with Rules; granting in part and denying in part 302 Brief; granting in part and denying in part 315 Reply; denying 358 360 Notice; and denying 535 Motion to Suspend Scheduling Order, Request for Status Conference and Ex Parte CJA Conference(meq). (Entered: 10/28/2016) |
| 10/28/2016 | 754 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Show Cause Hearing as to Jerry Armenta held on 10/28/2016 (Court Reporter: J. Bean) (dmw) (Entered: 10/31/2016) |
| 11/01/2016 | 755 | ORDER by District Judge James O. Browning granting 752 Motion for Extension of Time to File Reply as to Edward Troup (3), Jerry Montoya (14), Daniel Sanchez (18), Anthony Ray Baca (21), Carlos Herrera (25), Andrew Gallegos (27) (meq) (Entered: 11/01/2016) |
| 11/01/2016 | 756 | NOTICE *of Address Change for Counsel* by Santos Gonzalez (Johnson, Erlinda) (Entered: 11/01/2016) |
| 11/02/2016 | 757 | NOTICE of Change of Address by Nathan D. Chambers (Chambers, Nathan) (Entered: 11/02/2016) |
| 11/04/2016 | 759 | SCHEDULING ORDER by District Judge James O. Browning (meq) (Entered: 11/04/2016) |
| 11/07/2016 | 761 | NOTICE of Change of Address by Patrick J. Burke (Burke, Patrick) (Entered: 11/07/2016) |
| 11/08/2016 | 763 | Joint MOTION Exclude the Prosecution Team from Evidence Viewing *on December 2, 2016* by Rudy Perez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Fox-Young, Justine) (Entered: 11/08/2016) |
| 11/10/2016 | 765 | NOTICE *Amended Notice of Unavailability of Counsel for Defendant Christopher Garcia 11/23/16 - 11/27/16,and 12/25/16 - 1/6/17* by Christopher Garcia (Sirignano, Amy) Modified text on 11/14/2016 (meq). (Entered: 11/10/2016) |
| 11/11/2016 | 766 | MOTION to Supplement *Supplement to Joint Motion for Disclosure and Production of Confidential Informant (Doc. 698)* by Jerry Montoya. (Strickland, Margaret) (Entered: 11/11/2016) |
| 11/15/2016 | 767 | SEALED CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Benjamin Clark. (kls) Modified document security on 1/23/2017. (kls) (Entered: 11/15/2016) |
| 11/15/2016 | 768 | SEALED PLEA AGREEMENT as to Benjamin Clark. (kls) Modified document security on 1/23/2017. (kls) (Entered: 11/15/2016) |
| 11/15/2016 | 769 | SEALED Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 11/15/2016 as to Benjamin Clark (11); Guilty plea entered to Count 3s of the Superseding |

| | | |
|---|---|---|
| | | Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Dona Ana) (kls) Modified document security on 1/23/2017. (kls) (Entered: 11/15/2016) |
| 11/16/2016 | 771 | NOTICE of motion hearing regarding the Defendants' Joint Motion to Vacate March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing 676 , the Joint Motion for Disclosure and Production of Confidential Informant 698 ; and the Joint Motion to Exclude the Prosecution Team From December 2, 2016 Evidence Viewing 763 scheduled for 11/29/2016 at 09:00 AM in Albuquerque - 320 Rio Grande Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/16/2016) |
| 11/22/2016 | 772 | Opposed MOTION for Release from Custody by Shauna Gutierrez. (Arellanes, Angela) (Entered: 11/22/2016) |
| 11/22/2016 | 787 | LETTER from anonymous (meq) (Entered: 11/30/2016) |
| 11/23/2016 | 773 | Joint MOTION for Disclosure *of Grand Jury and Petit Jury Data* by Anthony Ray Baca. (Lowry, Marc) (Entered: 11/23/2016) |
| 11/23/2016 | 774 | LETTER by District Judge James O. Browning (meq) (Entered: 11/23/2016) |
| 11/25/2016 | 775 | RESPONSE in Opposition by USA as to Rudy Perez re 763 Joint MOTION Exclude the Prosecution Team from Evidence Viewing *on December 2, 2016* (Armijo, Maria) (Entered: 11/25/2016) |
| 11/27/2016 | 777 | NOTICE *of Anthony Ray Baca's Opposition to Proposed Courtroom Restrictions* (Lowry, Marc) Modified text on 11/28/2016 (meq). (Entered: 11/27/2016) |
| 11/28/2016 | 779 | NOTICE *of Joinder of Defendant, Anthony Ray Baca's Opposition to Proposed Courtroom Restrictions (Doc. 777)* by Carlos Herrera re 777 Notice (Other) (Davis, Michael) (Entered: 11/28/2016) |
| 11/28/2016 | 780 | NOTICE *of Unavailability of Counsel 11/29/16* by Arturo Arnulfo Garcia (Blackburn, Billy) Modified on 11/29/2016 (meq). (Entered: 11/28/2016) |
| 11/28/2016 | 781 | NOTICE *of Joinder* by Rudy Perez re 777 Notice (Other) (Villa, Ryan) (Entered: 11/28/2016) |
| 11/28/2016 | 782 | NOTICE *of Joinder of Defendant Edward Troup in Anthony Ray Baca's Opposition to Proposed Courtroom Restrictions (Doc. 777)* by Edward Troup (Burke, Patrick) (Entered: 11/28/2016) |
| 11/28/2016 | 783 | NOTICE *of Joinder of Defendant Joe Gallegos to Defendant Anthony Ray Baca's Opposition to Proposed Courtroom Restrictions (Doc. 777)* by Joe Lawrence Gallegos re 777 Notice (Other) (Benjamin, Brock) (Entered: 11/28/2016) |
| 11/29/2016 | 784 | REPLY TO RESPONSE to Motion by Rudy Perez re 763 Joint MOTION Exclude the Prosecution Team from Evidence Viewing *on December 2, 2016* (Fox-Young, Justine) (Entered: 11/29/2016) |
| 11/29/2016 | 785 | NOTICE *of Joinder* by Santos Gonzalez re 777 Notice (Other) (Johnson, Erlinda) (Entered: 11/29/2016) |
| 11/29/2016 | 797 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing granting in part and denying in part 676 Joint MOTION to Vacate *March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing*, Inclined to grant in part and deny in part 763 Joint MOTION Exclude the Prosecution Team from Evidence Viewing *on December 2, 2016*, granting 698 Joint MOTION for Disclosure *and Production of Confidential Informant*, granting 773 Joint MOTION for Disclosure *of Grand Jury and Petit Jury Data* (Court Reporter: J. Bean) (meq) (Entered: 12/12/2016) |
| 11/30/2016 | 786 | NOTICE of Appeal of Detention Hearing as to Defendant Shauna Gutierrez scheduled for 11/30/2016 at 01:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/30/2016) |
| 11/30/2016 | 795 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Shauna Gutierrez held on 11/30/2016 re 772 Opposed MOTION for Release from Custody filed by Shauna Gutierrez (Court Reporter: J. Bean) (meq) (Entered: 12/08/2016) |
| 12/01/2016 | 788 | NOTICE *Regarding Status of Tablets* by Edward Troup as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez (Harbour-Valdez, Cori) (Entered: 12/01/2016) |
| 12/02/2016 | 790 | THIRD SCHEDULING ORDER by District Judge James O. Browning (meq) (Entered: 12/02/2016) |

| | | |
|---|---|---|
| 12/08/2016 | 794 | MOTION for Bond *Opposed Motion for Release of Defendant Pending Trial* by Christopher Chavez. (Attachments: # 1 Exhibit Transcript excerpts, # 2 Exhibit Duke City Rehab Letter, # 3 Exhibit Employment letter, # 4 Exhibit Dismissal record, # 5 Exhibit Medical records)(Mondragon, Orlando) (Entered: 12/08/2016) |
| 12/09/2016 | 796 | ORDER by District Judge James O. Browning quashing 736 Order to Show Cause (meq) (Entered: 12/09/2016) |
| 12/13/2016 | 801 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Jerry Armenta. (kls) (Entered: 12/15/2016) |
| 12/13/2016 | 802 | PLEA AGREEMENT as to Jerry Armenta. (kls) (Entered: 12/15/2016) |
| 12/13/2016 | 803 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 12/13/2016 as to Jerry Armenta (13); Guilty Plea entered to Counts 6s and 7s of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 12/15/2016) |
| 12/20/2016 | 804 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez held on November 29, 2016, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Tape Number: NA. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/27/2016. Redaction Request due 1/10/2017. Redacted Transcript Deadline set for 1/20/2017. Release of Transcript Restriction set for 3/20/2017.(jab) (Entered: 12/20/2016) |
| 12/21/2016 | | U.S. Probation and Pretrial Services added as interested party.(Richardson, Brenda) (Entered: 12/21/2016) |
| 12/22/2016 | 805 | NOTICE *OF RELATED CASE (related to 16CR4572)* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez (Castellano, Randy) (Entered: 12/22/2016) |
| 12/22/2016 | 806 | RESPONSE in Opposition by USA as to Christopher Chavez re 794 MOTION for Bond *Opposed Motion for Release of Defendant Pending Trial* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Armijo, Maria) (Entered: 12/22/2016) |
| 12/23/2016 | 807 | MOTION to Sever Defendant *All Defendants in Counts 6 and 7* by Rudy Perez as to Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Villa, Ryan) (Entered: 12/23/2016) |
| 12/29/2016 | 808 | TRANSCRIPT of Motion Proceedings as to Rudy Perez held on October 4, 2016, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Tape Number: NA. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no** |

| | | |
|---|---|---|
| | | **notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/5/2017. Redaction Request due 1/19/2017. Redacted Transcript Deadline set for 1/30/2017. Release of Transcript Restriction set for 3/29/2017.(jab) (Entered: 12/29/2016) |
| 01/05/2017 | 810 | NOTICE *of Law Firm Change of Name* by Anthony Ray Baca (Lowry, Marc) (Entered: 01/05/2017) |
| 01/06/2017 | 812 | RESPONSE in Support by Javier Alonso as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7* (Chambers, Nathan) (Entered: 01/06/2017) |
| 01/06/2017 | 813 | RESPONSE in Support by Edward Troup as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7 Joined by Joe Lawrence Gallegos, Leonard Lujan, Billy Garcia, Allen Patterson and Christopher Chavez* (Harbour-Valdez, Cori) (Entered: 01/06/2017) |
| 01/06/2017 | 814 | Unopposed MOTION for Extension of Time to File Response/Reply as to 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7 United States' Unopposed Motion for Extension of Time to Respond to Defendants' Joint Motion to Sever Defendants Charged with Offenses in Counts 6 and 7* by USA as to Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Castellano, Randy) (Entered: 01/06/2017) |
| 01/08/2017 | 815 | MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials* by Daniel Sanchez. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit)(Jacks, Amy) (Entered: 01/08/2017) |
| 01/08/2017 | 816 | APPENDIX/SUPPLEMENT re 698 Joint MOTION for Disclosure *and Production of Confidential Informant Supplemental Brief Regarding Timing of Disclosure of the Identity of Confidential Informant* by Anthony Ray Baca (Duncan, Theresa) (Entered: 01/08/2017) |
| 01/10/2017 | 818 | ORDER by District Judge James O. Browning granting 814 Motion for Extension of Time to File Response as to Jerry Montoya (14), Mario Rodriguez (15), Timothy Martinez (16), Mauricio Varela (17), Daniel Sanchez (18), Anthony Ray Baca (21), Carlos Herrera (25), Rudy Perez (26) (meq) (Entered: 01/10/2017) |
| 01/11/2017 | 819 | NOTICE *Edward's Notice* by Christopher Garcia (Sirignano, Amy) (Entered: 01/11/2017) |
| 01/11/2017 | 820 | Opposed MOTION to Compel *Disclosure of Benjamin Clark's Plea Agreement and Related Documents* by Edward Troup as to Edward Troup, Javier Alonso, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez. (Burke, Patrick) Termed Mtn per 846 on 2/1/2017 (meq). (Entered: 01/11/2017) |
| 01/11/2017 | 821 | NOTICE *PURSUANT TO EDWARDS V. ARIZONA* by Edward Troup (Harbour-Valdez, Cori) (Entered: 01/11/2017) |
| 01/13/2017 | 822 | NOTICE of motion hearing scheduled for 2/7-8/2017 at 08:30 AM in Albuquerque - 320 Rio Grande Courtroom before District Judge James O. Browning. An agenda of the matters to be heard will follow at a later date.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/13/2017) |
| 01/13/2017 | 823 | NOTICE *Notice of Unavailability 2/7/17-2/8/17* by Joe Lawrence Gallegos (Benjamin, Brock) Modified on 1/17/2017 (meq). (Entered: 01/13/2017) |

| 01/13/2017 | 824 | RESPONSE in Opposition by USA as to Rudy Perez re 698 Joint MOTION for Disclosure *and Production of Confidential Informant United States' Supplement in Response to the Joint Motion for Disclosure and Production of Confidential Informant* (Armijo, Maria) (Entered: 01/13/2017) |
| --- | --- | --- |
| 01/15/2017 | 825 | NOTICE *of Unavailability of Counsel for February 24, 2017 through March 6, 2017* by Santos Gonzalez (Johnson, Erlinda) (Entered: 01/15/2017) |
| 01/20/2017 | 836 | RESPONSE in Opposition by USA as to Jerry Montoya, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7 United States' Response in Opposition to the Joint Motion to Sever Defendants Charged with Offenses in Counts 6 and 7* (Armijo, Maria) (Entered: 01/20/2017) |
| 01/23/2017 | 838 | Unopposed MOTION for Extension of Time to File Response/Reply as to 815 MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Armijo, Maria) (Entered: 01/23/2017) |
| 01/23/2017 | 839 | Unopposed MOTION for Leave to File *Oversized Brief* by Daniel Sanchez. (Attachments: # 1 Exhibit [Proposed] Order)(Jacks, Amy) (Entered: 01/23/2017) |
| 01/23/2017 | 840 | Unopposed MOTION for Extension of Time to File Response/Reply as to 817 Opposed MOTION to Identify Witness/Informant by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Armijo, Maria) (Entered: 01/23/2017) |
| 01/23/2017 | 841 | NOTICE *of Joinder* by Rudy Perez as to Anthony Ray Baca, Rudy Perez re 829 Brief, (Villa, Ryan) (Entered: 01/23/2017) |
| 01/24/2017 | 844 | Unopposed MOTION for Extension of Time to File Response/Reply as to 829 Brief, by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Armijo, Maria) (Entered: 01/24/2017) |
| 01/24/2017 | 845 | MEMORANDUM in Support by Mario Rodriguez re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7 ; and Motion to Join* (Potolsky, Steven) (Entered: 01/24/2017) |
| 01/25/2017 | 846 | NOTICE *Unopposed Notice to Withdraw Doc 820* by Edward Troup as to Edward Troup, Javier Alonso, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez re 820 Opposed MOTION to Compel *Disclosure of Benjamin Clark's Plea Agreement and Related Documents* (Harbour-Valdez, Cori) (Entered: 01/25/2017) |
| 01/25/2017 | 848 | Unopposed MOTION for Leave to File Excess Pages by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Beck, Matthew) (Entered: 01/25/2017) |
| 01/25/2017 | 849 | RESPONSE by USA as to Christopher Garcia *United States' Response in Opposition to the Supplemental Brief in Support of the Opposed Motion to Compel the Identification of Confidential Informants (Doc. 817)* (Beck, Matthew) Modified typo on 1/26/2017 (meq). (Entered: 01/25/2017) |
| 01/26/2017 | 851 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Timothy Martinez. (kls) (Entered: 01/26/2017) |
| 01/26/2017 | 852 | PLEA AGREEMENT as to Timothy Martinez. (kls) (Entered: 01/26/2017) |

| 01/26/2017 | 853 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 1/26/2017 as to Timothy Martinez (16); Guilty plea entered to Counts 6s and 7s of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Organ) (kls) (Entered: 01/26/2017) |
| --- | --- | --- |
| 01/26/2017 | 854 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Jerry Montoya. (kls) (Entered: 01/26/2017) |
| 01/26/2017 | 855 | PLEA AGREEMENT as to Jerry Montoya. (kls) (Entered: 01/26/2017) |
| 01/26/2017 | 856 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 1/26/2017 as to Jerry Montoya (14); Guilty plea entered to Counts 6s and 7s of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Organ) (kls) (Entered: 01/26/2017) |
| 01/26/2017 | 857 | NOTICE of Addendum by Daniel Sanchez re 839 Unopposed MOTION for Leave to File Oversized Brief (Jacks, Amy) (Entered: 01/26/2017) |
| 01/30/2017 | 861 | ORDER by District Judge James O. Browning granting 844 Motion for Extension of Time to File Response (meq) (Entered: 01/30/2017) |
| 01/30/2017 | 862 | ORDER by District Judge James O. Browning granting 838 Motion for Extension of Time to File Response as to MOTION to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials (meq) (Entered: 01/30/2017) |
| 01/30/2017 | 863 | Unopposed MOTION for Leave to File Excess Pages by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Beck, Matthew) (Entered: 01/30/2017) |
| 01/30/2017 | 864 | RESPONSE by USA as to Daniel Sanchez, Rudy Perez re 815 MOTION to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT DANIEL SANCHEZS MOTION TO COMPEL THE GOVERNMENT TO REVEAL THE IDENTITY OF CERTAIN CONFIDENTIAL INFORMANTS REFERENCED IN DISCOVERY MATERIALS [No. CR 15-4268, Doc. 815; No. CR 16-1613, Doc. 285], DEFENDANT RUDY PEREZS NOTICE OF JOINDER IN DEFENDANT DANIEL SANCHEZS MOTION TO COMPEL [No. CR 15-4268, Doc. 831], AND DEFENDANT RUDY PEREZS NOTICE OF JOINDER IN DEFENDANT CHRIS GARCIAS SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSED MOTION TO COMPEL THE IDENTIFICATION OF CONFIDENTIAL INFORMANTS [No. CR 15-4268, Doc. 828] (Attachments: # 1 Exhibit)(Beck, Matthew) (Entered: 01/30/2017) |
| 01/30/2017 | 865 | Unopposed MOTION to Allow Counsel to Access Sealed Pleadings in Related Cases by Anthony Ray Baca as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Javier Alonso, Arturo Arnulfo Garcia, Jerry Montoya, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Santos Gonzalez, Shauna Gutierrez. (Duncan, Theresa) (Entered: 01/30/2017) |
| 01/31/2017 | 866 | First MOTION for Bill of Particulars by Santos Gonzalez. (Johnson, Erlinda) (Entered: 01/31/2017) |
| 01/31/2017 | 867 | ORDER by District Judge James O. Browning granting 840 Motion for Extension of Time to File Response to Defendant Christopher Garcias Supplemental Brief in Support of Opposed Motion to Compel the Identification of Confidential Informants (meq) (Entered: 01/31/2017) |
| 01/31/2017 | 868 | Opposed MOTION to Sever Defendant Andrew Gallegos and/or Counts 4 and 5 by Andrew Gallegos as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Roberts, Donavon) (Entered: 01/31/2017) |
| 01/31/2017 | 871 | ORDER by District Judge James O. Browning granting 848 Motion for Leave to File Excess Pages (meq) (Entered: 01/31/2017) |
| 02/01/2017 | 873 | MOTION to Seal Document 872 by Javier Alonso. (Chambers, Nathan) (Entered: 02/01/2017) |

| | | |
|---|---|---|
| 02/01/2017 | 874 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, notifying the parties of the agenda for the motions hearing scheduled for 2/7-8/2017. On 2/7/17 the Court will hear Docs. 700 and 807 . The hearing on 2/8/2017 will be held in conjunction with CR 16-1613 and argument will resume as it relates to Doc. 698 in CR 15-4268 and 239 in CR 16-1613; also, the Court will take up Doc. 815 in CR 15-4268 and 285 in CR 16-1613. THIS IS A TEXT ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED. (kw) <br> [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/01/2017) |
| 02/01/2017 | 875 | NOTICE of motion hearing regarding the Opposed Motion for Release of Detention Pending Trial 794 scheduled for 2/7/2017 at 04:00 PM in Albuquerque - 320 Rio Grande Courtroom before District Judge James O. Browning. (kw) <br> [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/01/2017) |
| 02/01/2017 | 876 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Paul Rivera. (kls) (Entered: 02/01/2017) |
| 02/01/2017 | 877 | PLEA AGREEMENT as to Paul Rivera. (kls) (Entered: 02/01/2017) |
| 02/01/2017 | 878 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 2/1/2017 as to Paul Rivera (29); Guilty plea entered to Counts 14 and 15 of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Dona Ana) (kls) (Entered: 02/01/2017) |
| 02/01/2017 | 879 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Ruben Hernandez. (kls) (Entered: 02/01/2017) |
| 02/01/2017 | 880 | PLEA AGREEMENT as to Ruben Hernandez. (kls) (Entered: 02/01/2017) |
| 02/01/2017 | 881 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 2/1/2017 as to Ruben Hernandez (12); Guilty plea entered to Count 3s of the Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Dona Ana) (kls) (Entered: 02/01/2017) |
| 02/02/2017 | 883 | MOTION to Seal Document *No. 869 and No. 882* by Billy Garcia as to Edward Troup, Billy Garcia. (Castle, James) (Entered: 02/02/2017) |
| 02/03/2017 | 885 | MOTION to Seal Document *Second Status Report Regarding Discovery (Doc. 884)* by Edward Troup, Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Burke, Patrick) (Entered: 02/03/2017) |
| 02/03/2017 | 886 | Unopposed MOTION for Leave to File Excess Pages *for Reply to Motion to Sever* by Rudy Perez. (Villa, Ryan) (Entered: 02/03/2017) |
| 02/03/2017 | 887 | REPLY TO RESPONSE to Motion by Rudy Perez as to Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7* (Villa, Ryan) (Entered: 02/03/2017) |
| 02/03/2017 | 888 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos re 700 MOTION for Order to Show Cause *Defendant's Motion to Show Cause for Violation of Order, Document 299 and Request for Evidentiary Hearing on Violations of 4th Amendment and 6th Amendments to the United States Constitution* (Armijo, Maria) (Entered: 02/03/2017) |
| 02/03/2017 | 889 | Unopposed MOTION for Leave to File Excess Pages by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Beck, Matthew) (Entered: 02/03/2017) |
| 02/03/2017 | 890 | MOTION Permission to File Omnibus Response *to Sealed Supplemental Brief in Support of Motion to Compel the Identification of Confidential Informants (Doc. 829)* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez. (Beck, |

| | | Matthew) (Entered: 02/03/2017) |
|---|---|---|
| 02/05/2017 | 892 | REPLY TO RESPONSE to Motion by Daniel Sanchez re 815 MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials* (Attachments: # 1 Affidavit Declaration of Amy E. Jacks, # 2 Affidavit Declaration of Richard Jewkes)(Jacks, Amy) (Entered: 02/05/2017) |
| 02/05/2017 | 894 | MOTION to Seal *Doc 893* by Javier Alonso. (Chambers, Nathan) (Entered: 02/05/2017) |
| 02/06/2017 | 896 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning sustaining the objections in Defendant Anthony Ray Baca's Opposition to Proposed Courtroom Restrictions (Doc. 777).(kw) (Entered: 02/06/2017) |
| 02/07/2017 | 899 | ORDER by District Judge James O. Browning granting 863 Motion for Leave to File Excess Pages (meq) (Entered: 02/07/2017) |
| 02/07/2017 | 900 | ORDER by District Judge James O. Browning granting 886 Motion for Leave to File Excess Pages as to Rudy Perez (26) (meq) (Entered: 02/07/2017) |
| 02/07/2017 | 902 | APPENDIX/SUPPLEMENT re 807 MOTION to Sever Defendant *All Defendants in Counts 6 and 7* (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 02/07/2017) |
| 02/07/2017 | 904 | ORDER by District Judge James O. Browning granting 889 Motion for Leave to File Excess Pages (dc) (Entered: 02/08/2017) |
| 02/07/2017 | 917 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing held on 2/7/2017 re 794 MOTION for Bond *Opposed Motion for Release of Defendant Pending Trial* filed by Christopher Chavez (Court Reporter: J. Bean) (meq) (Entered: 02/13/2017) |
| 02/08/2017 | 906 | ORDER by District Judge James O. Browning granting 865 Motion to Allow Counsel to Access Sealed Pleadings in Related Cases (meq) (Entered: 02/08/2017) |
| 02/08/2017 | 907 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting in part and denying in part the discovery requests in the Defendants Motion for Specific Discovery 539, granting in part and denying in part the discovery requests in the Defendants Motion to Compel Discovery 668, and granting in part and denying in part the discovery requests in the Defendants Motion for Specific Discovery 678 (meq) (Entered: 02/08/2017) |
| 02/08/2017 | 908 | Unopposed MOTION for Extension of Time to File Response/Reply as to 866 First MOTION for Bill of Particulars , 872 MOTION for Disclosure *of Confidential Informants*, 882 Joint MOTION to Sever Defendant , 868 Opposed MOTION to Sever Defendant *Andrew Gallegos and/or Counts 4 and 5*, 893 MOTION to Sever Defendant *Alonso and Troup and Count 3*, 869 MOTION to Compel the *Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials*, 858 First MOTION to Sever Defendant by USA as to Billy Garcia, Javier Alonso, Andrew Gallegos, Santos Gonzalez. (Armijo, Maria) (Entered: 02/08/2017) |
| 02/08/2017 | 909 | NOTICE OF JOINDER *to Docket No. 815 and 829* by Javier Alonso. (Chambers, Nathan) Modified text 2/9/2017 (meq). (Entered: 02/08/2017) |
| 02/08/2017 | 910 | **FILED IN ERROR** MEMORANDUM OPINION AND ORDER by District Judge James O. Browning, the objections in Anthony Ray Bacas Opposition to Proposed Restrictions on his Participation and Inclusion in Court Proceedings, are sustained; the directives outlined in the Email from Royce Namoca (USMS) to KAun Wild, are not incorporated in any court order; Defendant Baca will not, at this time, be subject to partitioning as the United States Marshal Service has suggested (meq) Modified on 2/9/2017 (meq). (Entered: 02/08/2017) |
| 02/08/2017 | 911 | ORDER by District Judge James O. Browning granting 890 Motion for Permission to File Omnibus Reponse (meq) (Entered: 02/08/2017) |
| 02/09/2017 | 912 | ORDER by District Judge James O. Browning granting 839 Motion for Leave to File Oversized Brief as to Daniel Sanchez (18) (meq) (Entered: 02/09/2017) |
| 02/09/2017 | 913 | NOTICE of Status Conference as to Defendant Eugene Martinez scheduled for 2/10/2016 at 08:45 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/09/2017) |
| 02/09/2017 | 914 | First MOTION to Compel *Specific Discovery* by Santos Gonzalez. (Johnson, Erlinda) (Entered: 02/09/2017) |

| | | |
|---|---|---|
| 02/09/2017 | 915 | AMENDED NOTICE of Status Conference as to Defendant Eugene Martinez scheduled for 2/10/2017 (not 2016) at 08:45 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/09/2017) |
| 02/10/2017 | 930 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Status Conference as to Eugene Martinez held on 2/10/2017 (Court Reporter: J. Bean) (meq) (Entered: 02/27/2017) |
| 02/11/2017 | 916 | Second MOTION to Withdraw as Attorney by Orlando Mondragon by Christopher Chavez. (Mondragon, Orlando) (Entered: 02/11/2017) |
| 02/19/2017 | 918 | Amended MOTION to Compel *Specific Discovery* by Santos Gonzalez. (Johnson, Erlinda) (Entered: 02/19/2017) |
| 02/21/2017 | 919 | ORDER by District Judge James O. Browning granting 908 Motion for Extension of Time to File Responses to Motions as to Billy Garcia (5), Javier Alonso (9), Andrew Gallegos (27), Santos Gonzalez (28) (meq) (Entered: 02/21/2017) |
| 02/22/2017 | 921 | NOTICE *of Unavailability of Counsel for March 21, 2017 through March 25, 2017* by Santos Gonzalez (Johnson, Erlinda) (Entered: 02/22/2017) |
| 02/24/2017 | 923 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez held on 02/07/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number (505)348-2283. Tape Number: N/A.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>(jab) (Entered: 02/24/2017) |
| 02/24/2017 | 924 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez held on 02/08/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number (505)384-2283. Tape Number: N/A.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>(jab) (Entered: 02/24/2017) |
| 02/27/2017 | 928 | ORDER by District Judge James O. Browning granting 873 Motion to Seal Document as to Javier Alonso (9) (meq) (Entered: 02/27/2017) |
| 02/27/2017 | 929 | ORDER by District Judge James O. Browning granting 894 Motion to Seal as to Javier Alonso (9) (meq) (Entered: 02/27/2017) |
| 02/27/2017 | 931 | UNITED STATES' RESPONSE OPPOSING Defendant Santos Gonzalez's Motion for a Bill of Particulars 866 (dc) (Entered: 02/27/2017) |

| 02/28/2017 | 932 | DEFENDANT SHAUNA GUTIERREZ' OPPOSED SUPPLEMENT IN SUPPORT OF MOTIONS FOR SEVERANCE re Docs. 807 845 868 882 893 and 901 (dc) (Entered: 02/28/2017) |
| 02/28/2017 | 933 | UNITED STATES' RESPONSE IN OPPOSITION to the Opposed Motion to Sever Counts 4 and 5 868 . (dc) (Entered: 03/01/2017) |
| 02/28/2017 | 934 | UNITED STATES' RESPONSE IN OPPOSITION to Defendants Troup and Garcia's Motion to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials 869 (dc) (Entered: 03/01/2017) |
| 03/01/2017 | 935 | UNITED STATES' RESPONSE IN OPPOSITION to Defendant Javier Alonso's Motion to Compel the Government to Reveal the Identity of Certain Confidential Informants 872 . (dc) (Entered: 03/01/2017) |
| 03/02/2017 | 936 | UNITED STATES' RESPONSE IN OPPOSITION to Defendants Troup and Garcia's Motion to Sever Counts 1 and 2 882 (dc) (Entered: 03/03/2017) |
| 03/06/2017 | 939 | NOTICE OF UNAVAILABILITY OF COUNSEL for Defendant Christopher Garcia beginning April 3 through April 13, 2017 and April 15 through April 23, 2017. (dc) (Entered: 03/06/2017) |
| 03/06/2017 | 940 | UNITED STATES' RESPONSE IN OPPOSITION to Defendant Javier Alonso's Motion to Sever 893 (dc) (Entered: 03/06/2017) |
| 03/07/2017 | 942 | ORDER by District Judge James O. Browning granting 885 Motion to Seal Document as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 03/07/2017) |
| 03/08/2017 | 943 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning, the Defendants' Joint Motion to Vacate March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing, 676 is granted; the Joint Motion to Exclude the Prosecution Team from December 2, 2016 Evidence Viewing, 763 is granted; and The Joint Motion for Disclosure and Production of Confidential Informant, 698 is granted in part, and denied in part without prejudice (meq) (Entered: 03/08/2017) |
| 03/09/2017 | 944 | NOTICE OF HEARING as to Leonard Lujan: Change of Plea Hearing set for 3/13/2017 at 03:00 PM in Albuquerque - 560 Cimarron Courtroom before Magistrate Judge Karen K. Molzen. (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/09/2017) |
| 03/09/2017 | 949 | REDACTED SECOND SUPERSEDING INDICTMENT as to Angel DeLeon (1) count(s) 1ss, Joe Lawrence Gallegos (2) count(s) 1ss, 4ss, 5ss, 13ss, 14ss, 15ss, 16ss, Edward Troup (3) count(s) 1ss, 3ss, Leonard Lujan (4) count(s) 1ss-2ss, Billy Garcia (5) count(s) 1ss- 2ss, Eugene Martinez (6) count(s) 2ss, Allen Patterson (7) count(s) 2ss, Christopher Chavez (8) count(s) 2ss, Javier Alonso (9) count(s) 3ss, Arturo Arnulfo Garcia (10) count(s) 3ss, Mario Rodriguez (15) count(s) 6ss, 7sss, Mauricio Varela (17) cou nt(s) 6sss, 7sss, Daniel Sanchez (18) count(s) 6sss, 7sss, Conrad Villegas (20) count(s) 8ss, Anthony Ray Baca (21) count(s) 6sss, 7sss, 8sss, 9sss-10sss, Christopher Garcia (24) count(s) 10ss, 11ss, 12ss, Carlos Herrera (25) count(s) 6ss, 7s s, Rudy Perez (26) count(s) 6ss, 7ss, Andrew Gallegos (27) count(s) 4s, 5s, Santos Gonzalez (28) count(s) 14s, 15s, 16s, Shauna Gutierrez (30) count(s) 14s, 15s, 16s, Brandy Rodriguez (31) count(s) 14, 15, 16. (kls) (Entered: 03/11/2017) |
| 03/09/2017 | 956 | CJA 20: Appointment of Alfred D Creecy for Brandy Rodriguez by District Judge James O. Browning. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/13/2017) |
| 03/10/2017 | 945 | UNOPPOSED MOTION TO EXTEND DEADLINE Within Which to File Reply to Government's Response to Defendant Santos Gonzales' Motion to Sever 858 by Santos Gonzalez. (dc) (Entered: 03/10/2017) |
| 03/10/2017 | 946 | UNITED STATES' UNOPPOSED MOTION FOR EXTENSION OF TIME to Respond to Defendant Santos Gonzalez's Amended Motion to Compel Specific Discovery 918 (dc) (Entered: 03/10/2017) |
| 03/10/2017 | 948 | UNOPPOSED MOTION FOR EXTENSION OF TIME by Edward Troup, Billy Garcia to File Reply to Government's Response to Edward Troup and Billy Garcia's Motion to Compel the Government to Reveal Identity of Certain Confidential Informants Referenced in Discovery Materials 869 (dc) (Entered: 03/11/2017) |
| 03/10/2017 | 950 | NOTICE OF HEARING as to Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, and Shauna Gutierrez: Arraignment set for 3/15/2017 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) *Inquiries regarding this setting should be directed to CRD Kristin Solis at Kristin_Solis@nmcourt.fed.us* |

| | | |
|---|---|---|
| | | *[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2017)* |
| 03/13/2017 | 952 | MOTION to Seal Document *951* by Javier Alonso. (Chambers, Nathan) (Entered: 03/13/2017) |
| 03/13/2017 | 953 | Unopposed MOTION to Continue *Arraignment Setting Scheduled for March 15, 2017* by Santos Gonzalez. (Johnson, Erlinda) (Entered: 03/13/2017) |
| 03/13/2017 | 954 | Unopposed MOTION to Continue *Arraignment* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 03/13/2017) |
| 03/13/2017 | 955 | MOTION to Continue *Arraignment* by Mario Rodriguez. (Hernandez, Santiago) (Entered: 03/13/2017) |
| 03/13/2017 | 957 | Summons Issued as to Brandy Rodriguez: Initial Appearance/Arraignment/Detention Hearing set for 3/27/2017 at 10:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) (Entered: 03/13/2017) |
| 03/13/2017 | 958 | MOTION to Continue *Arraignment* by Billy Garcia. (Cooper, Robert) (Entered: 03/13/2017) |
| 03/13/2017 | 959 | REPLY TO RESPONSE to Motion by Santos Gonzalez re 866 First MOTION for Bill of Particulars (Johnson, Erlinda) (Entered: 03/13/2017) |
| 03/13/2017 | 960 | Unopposed MOTION for Extension of Time to File Response/Reply as to 936 Response in Opposition *to Edward Troup and Billy Garcias Motion to Sever Counts 1 and 2* by Edward Troup as to Edward Troup, Billy Garcia. (Harbour-Valdez, Cori) (Entered: 03/13/2017) |
| 03/13/2017 | 961 | MOTION to Withdraw as Attorney by Phillip Linder by Allen Patterson. (Lahann, Jeffrey) (Entered: 03/13/2017) |
| 03/13/2017 | 962 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Leonard Lujan (nm) (Entered: 03/13/2017) |
| 03/13/2017 | 963 | PLEA AGREEMENT as to Leonard Lujan (nm) (Entered: 03/13/2017) |
| 03/13/2017 | 964 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Plea Hearing as to Leonard Lujan held on 3/13/2017; Guilty Plea entered by Leonard Lujan (4) as to Superseding Indictment. (Recording Info: FTR - Cimarron) (nm) (Entered: 03/13/2017) |
| 03/13/2017 | 965 | MINUTE ORDER, pursuant to the direction of Magistrate Judge Gregory B. Wormuth, vacating the Arraignments set for 3/15/2017 as to Arturo Arnulfo Garcia and Christopher Garcia *only.* (See CR 16-1613 JB, Doc. 382) (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/13/2017) |
| 03/13/2017 | 966 | RESPONSE in Opposition by USA as to Santos Gonzalez re 918 Amended MOTION to Compel *Specific Discovery* (Armijo, Maria) (Entered: 03/13/2017) |
| 03/13/2017 | 967 | FILED IN ERROR -- RESPONSE in Opposition by USA as to Santos Gonzalez re 918 Amended MOTION to Compel *Specific Discovery* (Armijo, Maria). Duplicate filing caused by system issues; document filed as 966 ; modified text on 3/14/2017 (dc). (Entered: 03/13/2017) |
| 03/13/2017 | 968 | Opposed MOTION for Order *to SET ARRAIGNMENT ON SUPERSEDING INDICTMENT IN ALBUQUERQUE, NM FOR ALBUQUERQUE ATTORNEYS (FOR CONDIDERATION BY THE U.S. MAGISTRATE JUDGE)* by Christopher Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Sirignano, Amy) (Entered: 03/13/2017) |
| 03/13/2017 | 969 | MINUTE ORDER, pursuant to the direction of Magistrate Judge Gregory B. Wormuth, vacating the Arraignment set for 3/15/2017 as to Leonard Lujan; Defendant has entered a guilty plea, Arraignment no longer necessary. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/14/2017) |
| 03/13/2017 | 970 | ORDER by Magistrate Judge Gregory B. Wormuth granting 953 Motion to Continue Arraignment as to Santos Gonzalez (28), as described herein. (kls) (Entered: 03/14/2017) |
| 03/13/2017 | 971 | ORDER by Magistrate Judge Gregory B. Wormuth granting 954 Motion to Continue Arraignment as to Joe Lawrence Gallegos (2); Arraignment reset for 3/21/2017 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) (Entered: 03/14/2017) |

District NextGen v1.5.2 LIVE DB                                    https://nmd-ecf.sso.dcn/cgi-bin/DktRpt.pl?102827714240926-L_1_1-1

| 03/13/2017 | 972 | ORDER by Magistrate Judge Gregory B. Wormuth granting 955 Motion to Continue Arraignment as to Mario Rodriguez (15); Arraignment reset for 3/21/2017 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) (Entered: 03/14/2017) |
|---|---|---|
| 03/13/2017 | 973 | ORDER by Magistrate Judge Gregory B. Wormuth granting 958 Motion to Continue Arraignment as to Billy Garcia (5), as described herein. (kls) (Entered: 03/14/2017) |
| 03/14/2017 | 974 | ORDER by Magistrate Judge Gregory B. Wormuth denying as moot 968 Motion for Order as to Joe Lawrence Gallegos (2), Billy Garcia (5), Arturo Arnulfo Garcia (10), Christopher Garcia (24), and Santos Gonzalez (28); denying 968 Motion for Order as to Anthony Ray Baca (21), Carlos Herrera (25); and granting 968 Motion for Order as to Rudy Perez (26), Shauna Gutierrez (30). (kls) (Entered: 03/14/2017) |
| 03/15/2017 | 976 | REPLY by Javier Alonso re 935 Response in Opposition (Chambers, Nathan) (Entered: 03/15/2017) |
| 03/15/2017 | 977 | NOTICE OF HEARING as to Billy Garcia, Arturo Arnulfo Garcia, Christopher Garcia, Rudy Perez, Santos Gonzalez and Shauna Gutierrez: Arraignment set for 3/24/2017 at 02:00 PM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge Karen B. Molzen. (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/15/2017) |
| 03/15/2017 | 978 | Unopposed MOTION for Extension of Time to File Response/Reply as to 933 Response in Opposition *to Motion to Sever* by Andrew Gallegos as to Joe Lawrence Gallegos, Andrew Gallegos. (Roberts, Donavan) (Entered: 03/15/2017) |
| 03/15/2017 | 979 | ORDER by District Judge James O. Browning granting 773 Motion for Disclosure of Grand and Petit Jury Data as to Anthony Ray Baca (21) (meq) (Entered: 03/15/2017) |
| 03/15/2017 | 980 | ORDER by District Judge James O. Browning granting 945 Motion for Extension of Time to File Reply as to Santos Gonzalez (28) (meq) (Entered: 03/15/2017) |
| 03/15/2017 | 981 | ORDER by District Judge James O. Browning granting 946 Motion for Extension of Time to File Response as to Santos Gonzalez (28) (meq) (Entered: 03/15/2017) |
| 03/15/2017 | 982 | Unopposed MOTION to Continue *Arraignment Setting Scheduled for March 24, 2017* by Santos Gonzalez. (Johnson, Erlinda) (Entered: 03/15/2017) |
| 03/15/2017 | 986 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Edward Troup (3); Not Guilty plea entered to Counts 1ss and 3ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 987 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Allen Patterson (7); Not Guilty plea entered to Count 2ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 988 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Christopher Chavez (8); Not Guilty plea entered to Count 2ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 989 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Javier Alonso (9); Not Guilty plea entered to Count 3ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 990 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Mauricio Varela (17); Not Guilty plea entered to Counts 6ss and 7ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 991 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Daniel Sanchez (18); Not Guilty plea entered to Counts 6ss and 7ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 992 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Conrad Villegas (20); Not Guilty plea entered to Count 8ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 993 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Carlos Herrera (25); Not Guilty plea entered to Counts 6ss and 7ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/15/2017 | 994 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Andrew Gallegos (27); Not Guilty plea entered to Count 4s and 5s of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |

| | | |
|---|---|---|
| 03/15/2017 | 995 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/15/2017 as to Anthony Ray Baca (21); Not Guilty plea entered to Counts 6ss, 7ss, 8ss, and 9ss-10ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/17/2017) |
| 03/16/2017 | 983 | ORDER by District Judge James O. Browning granting 952 Motion to Seal Document as to Javier Alonso (9) (meq) (Entered: 03/16/2017) |
| 03/16/2017 | 984 | ORDER by District Judge James O. Browning granting 948 Motion for Extension of Time to File Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 03/16/2017) |
| 03/16/2017 | 985 | ORDER by District Judge James O. Browning granting 978 Motion for Extension of Time to File Response/Reply as to Andrew Gallegos (27) (meq) (Entered: 03/16/2017) |
| 03/16/2017 | | Reset Hearings as to Santos Gonzalez ONLY: Arraignment Reset for 3/20/2017 at 09:30 AM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge Karen B. Molzen. (emr) (Entered: 03/16/2017) |
| 03/17/2017 | 996 | Unopposed MOTION for Extension of Time to File Response/Reply as to 940 Response in Opposition by Javier Alonso. (Chambers, Nathan) (Entered: 03/17/2017) |
| 03/17/2017 | 997 | ORDER by District Judge James O. Browning granting 961 Motion to Withdraw as Attorney. Phillip A. Linder withdrawn from case as to Allen Patterson (7) (meq) (Entered: 03/20/2017) |
| 03/20/2017 | 998 | ORDER by District Judge James O. Browning granting 996 Motion for Extension of Time to File Response as to Javier Alonso (9) (meq) (Entered: 03/20/2017) |
| 03/20/2017 | 999 | ORDER by District Judge James O. Browning granting 960 Motion for Extension of Time to File Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 03/20/2017) |
| 03/20/2017 | 1000 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Santos Gonzalez (28) Count 14,14s,15,15s,16s held on 3/20/2017 (Recording Info: RIO GRANDE @ 9:39 AM) (cl) (Entered: 03/20/2017) |
| 03/20/2017 | 1001 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Santos Gonzalez (28) Count 14,14s,15,15s,16s held on 3/20/2017 (Recording Info: RIO GRANDE @ 9:39 AM) (cl) (Entered: 03/20/2017) |
| 03/21/2017 | 1003 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/21/2017 as to Joe Lawrence Gallegos (2); Not Guilty plea entered to Counts 1ss, 4ss, 5ss, 13ss, 14ss, 15ss, and 16ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/21/2017) |
| 03/21/2017 | 1004 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Arraignment held on 3/21/2017 as to Mario Rodriguez (15); Waiver of Appearance filed, Not Guilty plea entered on behalf of the Defendant to Counts 6ss and 7ss of the Second Superseding Indictment; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 03/21/2017) |
| 03/21/2017 | 1005 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Mario Rodriguez. (kls) (Entered: 03/21/2017) |
| 03/24/2017 | 1008 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Rudy Perez (nm) (Entered: 03/24/2017) |
| 03/24/2017 | 1009 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Christopher Garcia (nm) (Entered: 03/24/2017) |
| 03/24/2017 | 1018 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Rudy Perez (26) Count 6,6ss,7s,7ss held on 3/24/2017 (Recording Info: Rio Grande) (emr) (Entered: 03/27/2017) |
| 03/24/2017 | 1019 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Christopher Garcia (24) Count 8,10s,10ss,11s,11ss,12s,12ss held on 3/24/2017 (Recording Info: Rio Grande) (emr) (Entered: 03/27/2017) |
| 03/24/2017 | 1020 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Shauna Gutierrez (30) Count 14,14s,15,15s,16s held on 3/24/2017 (Recording Info: Rio Grande) (emr) (Entered: 03/27/2017) |
| 03/24/2017 | 1025 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Arturo Arnulfo Garcia (10) Count 3,3s,3ss held on 3/24/2017 (Recording Info: Rio Grande) (emr) (Entered: 03/28/2017) |

| 03/24/2017 | [1026](#) | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Billy Garcia (5) Count 1-2,1s-2s,1ss-2ss held on 3/24/2017 (Recording Info: Rio Grande) (emr) Modified on 3/28/2017 (emr). (Entered: 03/28/2017) |
|---|---|---|
| 03/27/2017 | [1013](#) | Summons Returned Executed on 3/16/17 as to Brandy Rodriguez (meq) (Entered: 03/27/2017) |
| 03/27/2017 | [1014](#) | REPLY TO RESPONSE to Motion by Edward Troup, Billy Garcia re [882](#) Joint MOTION to Sever Defendant *Counts 1 and 2* (Attachments: # [1](#) Exhibit 1)(Burke, Patrick) (Entered: 03/27/2017) |
| 03/27/2017 | [1015](#) | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Initial Appearance/Arraignment/Detention Hearing held on 3/27/2017 as to Brandy Rodriguez (31); Not Guilty plea ented to Counts 14, 15, and 16 of the Second Superseding Indictment; Conditions of Release set, Defendant to remain out of custody. (LCR-Sierra Blanca) (kls) (Entered: 03/27/2017) |
| 03/28/2017 | 1021 | NOTICE of motions hearing scheduled for 4/20-21/2017 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. An agenda of the matters to be heard will follow at a later date.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/28/2017) |
| 03/28/2017 | [1022](#) | NOTICE *of Unavailability May 16, 2017 - June 3, 2017,* by Javier Alonso (Chambers, Nathan) Modified text on 3/29/2017 (meq). (Entered: 03/28/2017) |
| 03/28/2017 | [1023](#) | MOTION to Dismiss *Motion to Dismiss and to Compel Government Disclosure of Grand Jury Transcripts* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 03/28/2017) |
| 03/28/2017 | [1027](#) | NOTICE *Notice of Filing Attachment of Exhibits to Motion to Dismiss and to Compel Government Disclosure of Grand Jury Transcripts [Doc 1023]* by Joe Lawrence Gallegos re [1023](#) MOTION to Dismiss *Motion to Dismiss and to Compel Government Disclosure of Grand Jury Transcripts* (Benjamin, Brock) (Entered: 03/28/2017) |
| 03/28/2017 | [1028](#) | Unopposed MOTION for Extension of Time to File Response/Reply as to [869](#) MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials,* [934](#) Response in Opposition by Billy Garcia. (Cooper, Robert) (Entered: 03/28/2017) |
| 03/29/2017 | [1029](#) | Amended MOTION for Extension of Time to File Response/Reply as to [869](#) MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials,* [934](#) Response in Opposition by Billy Garcia. (Cooper, Robert) (Entered: 03/29/2017) |
| 03/30/2017 | [1030](#) | Unopposed MOTION for Extension of Time to File *Rule 16 & Rule 7(f) motions* by Eugene Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Couleur, Douglas) (Entered: 03/30/2017) |
| 03/30/2017 | [1031](#) | REPLY TO RESPONSE to Motion by Andrew Gallegos re [868](#) Opposed MOTION to Sever Defendant *Andrew Gallegos and/or Counts 4 and 5,* [978](#) Unopposed MOTION for Extension of Time to File Response/Reply as to [933](#) Response in Opposition *to Motion to Sever Counts 4 and 5* (Roberts, Donavon) (Entered: 03/30/2017) |
| 03/30/2017 | [1033](#) | Unopposed MOTION to Seal *Docket No. 1032* by Billy Garcia. (Attachments: # [1](#) Proposed Order)(Castle, James) (Entered: 03/30/2017) |
| 03/30/2017 | [1035](#) | MOTION for Leave to File Excess Pages by Javier Alonso. (Chambers, Nathan) (Entered: 03/30/2017) |
| 03/30/2017 | [1036](#) | REPLY TO RESPONSE to Motion by Javier Alonso re [893](#) MOTION to Sever Defendant *Alonso and Troup and Count 3* (Chambers, Nathan) (Entered: 03/30/2017) |
| 03/31/2017 | [1038](#) | MOTION to Unseal Document *Motion to Compel [Doc. 1037]* by Rudy Perez. (Villa, Ryan) (Entered: 03/31/2017) |
| 04/03/2017 | [1043](#) | NOTICE *United States' Notice of Expert Witness Testimony* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 04/03/2017) |

| | | |
|---|---|---|
| 04/04/2017 | 1044 | NOTICE OF HEARING as to Eugene Martinez: Arraignment set for 4/12/2017 at 01:30 PM in Albuquerque - 560 Cimarron Courtroom before Magistrate Judge Karen B. Molzen. (emr) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/04/2017) |
| 04/04/2017 | 1045 | MOTION for Extension of Time to File *Scientific Expert Witness Notices and Reports* by Javier Alonso. (Attachments: # 1 Exhibit)(Chambers, Nathan) (Entered: 04/04/2017) |
| 04/05/2017 | 1046 | MOTION for Extension of Time to File *Scientific Expert Witness Notices and Reports* by Billy Garcia as to Edward Troup, Billy Garcia. (Castle, James) (Entered: 04/05/2017) |
| 04/05/2017 | 1047 | Opposed MOTION for Disclosure *of FRE 404(B), 405, 406, 608 and Res Gestae Evidence* by Billy Garcia as to Edward Troup, Billy Garcia. (Castle, James) (Entered: 04/05/2017) |
| 04/05/2017 | 1048 | NOTICE *of Expert Testimony of Laura Schile* by Rudy Perez (Attachments: # 1 Exhibit Exhibit 1)(Fox-Young, Justine) (Entered: 04/05/2017) |
| 04/05/2017 | 1049 | NOTICE *of Expert Testimony of Raimund Carrillo* by Rudy Perez (Attachments: # 1 Exhibit Exhibit 1)(Fox-Young, Justine) (Entered: 04/05/2017) |
| 04/05/2017 | 1050 | NOTICE *Expert Disclosure* by Rudy Perez (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 04/05/2017) |
| 04/05/2017 | 1051 | NOTICE *Expert Disclosure* by Rudy Perez (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 04/05/2017) |
| 04/05/2017 | 1052 | NOTICE *Expert Disclosure* by Rudy Perez (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 04/05/2017) |
| 04/05/2017 | 1054 | NOTICE *of Joinder in Co-Defendant Rudy Perez's Expert Notices* by Anthony Ray Baca as to Anthony Ray Baca, Rudy Perez re 1049 Notice (Other), 1051 Notice (Other), 1048 Notice (Other) (Duncan, Theresa) (Entered: 04/05/2017) |
| 04/05/2017 | 1055 | MOTION for Extension of Time to File *Expert Notices and Reports* by Anthony Ray Baca. (Duncan, Theresa) (Entered: 04/05/2017) |
| 04/05/2017 | 1058 | ORDER Setting Conditions of Release by Magistrate Judge Gregory B. Wormuth as to Brandy Rodriguez. (kg) (Entered: 04/06/2017) |
| 04/06/2017 | 1062 | Unopposed MOTION to Seal *Docket No. 1061* by Billy Garcia as to Edward Troup, Billy Garcia. (Attachments: # 1 Proposed Order)(Castle, James) (Entered: 04/06/2017) |
| 04/07/2017 | 1067 | TRANSCRIPT of Plea Hearing as to Timothy Martinez held on January 26, 2017, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** Notice of Intent to Request Redaction set for 4/14/2017. Redaction Request due 4/28/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/6/2017.(jg) (Entered: 04/07/2017) |
| 04/07/2017 | 1068 | TRANSCRIPT of Plea Hearing as to Jerry Montoya held on January 26, 2017, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is,** |

| | | |
|---|---|---|
| | | **to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/14/2017. Redaction Request due 4/28/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/6/2017.(jg) (Entered: 04/07/2017) |
| 04/07/2017 | 1069 | TRANSCRIPT of Plea Hearing as to Gerald Archuleta held on June 16, 2016, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/14/2017. Redaction Request due 4/28/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/6/2017.(jg) (Entered: 04/07/2017) |
| 04/07/2017 | 1071 | TRANSCRIPT of Plea Hearing as to Roy Paul Martinez held on September 15, 2016, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/14/2017. Redaction Request due 4/28/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/6/2017.(jg) (Entered: 04/07/2017) |
| 04/10/2017 | 1076 | ORDER by District Judge James O. Browning granting 1030 Motion for Extension of Time to File Motions (meq) (Entered: 04/10/2017) |
| 04/10/2017 | 1077 | NOTICE *of Joinder* by Daniel Sanchez re 1037 MOTION to Compel *(SEALED)* (Jacks, Amy) (Entered: 04/10/2017) |
| 04/10/2017 | 1078 | NOTICE *of Joinder in Co-defendant Rudy Perez's Expert Notices (Docs. 1048-1052)* by Daniel Sanchez (Jacks, Amy) (Entered: 04/10/2017) |
| 04/10/2017 | 1079 | NOTICE *of Joinder in Co-defendant Anthony Ray Baca's Motion for a Bill of Particulars* by Daniel Sanchez (Jacks, Amy) (Entered: 04/10/2017) |
| 04/10/2017 | 1080 | RESPONSE to Motion by USA as to Javier Alonso re 951 First MOTION for Discovery *Specific Discovery* (Castellano, Randy) (Entered: 04/10/2017) |
| 04/11/2017 | 1082 | Unopposed MOTION for Leave to File *an out of time response to Doc. 951* by USA as to Javier Alonso. (Castellano, Randy) (Entered: 04/11/2017) |
| 04/11/2017 | 1092 | ORDER by District Judge James O. Browning granting 1033 Motion to Seal Docket No. 1032 as to Billy Garcia (5) (meq) (Entered: 04/13/2017) |
| 04/11/2017 | 1093 | ORDER by District Judge James O. Browning granting 1062 Motion to Seal Docket No. 1061 as to Billy Garcia (5) (meq) (Entered: 04/13/2017) |

| | | |
|---|---|---|
| 04/12/2017 | 1083 | NOTICE of motions hearing scheduled for 5/9-11/2017 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. These dates are set as a reservation and a backup to a firm Jury Selection/Jury Trial scheduled in another matter from 5/1-12/2017. An agenda of the matters to be heard will follow at a later date.(kw)(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/12/2017) |
| 04/12/2017 | 1084 | NOTICE of motions hearing scheduled for 5/19/2017 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. An agenda of the matters to be heard will follow at a later date.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/12/2017) |
| 04/12/2017 | 1085 | ORDER by District Judge James O. Browning granting 1028 and 1029 Motions for Extension of Time to File Reply as to Motion to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials (meq) (Entered: 04/12/2017) |
| 04/12/2017 | 1086 | ORDER by District Judge James O. Browning granting 1035 Motion for Leave to File Excess Pages as to Javier Alonso (9) (meq) (Entered: 04/12/2017) |
| 04/12/2017 | 1087 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos re 1023 MOTION to Dismiss *Motion to Dismiss and to Compel Government Disclosure of Grand Jury Transcripts* (Armijo, Maria) (Entered: 04/12/2017) |
| 04/12/2017 | 1090 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Arraignment as to Eugene Martinez (6) Count 2,2s,2ss held on 4/12/2017 (Recording Info: Cimarron Liberty) (emr) (Entered: 04/12/2017) |
| 04/14/2017 | 1096 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, vacating the motions hearing scheduled for 4/20-21/2017. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/14/2017) |
| 04/18/2017 | 1099 | NOTICE of motion hearing as to Defendant Christopher Chavez regarding the Second Motion to Withdraw as Counsel 916 scheduled for 4/24/2017 at 01:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/18/2017) |
| 04/18/2017 | 1100 | ORDER by District Judge James O. Browning granting 1082 Motion for Leave to File an Out of Time Response as to Javier Alonso (9) (meq) (Entered: 04/18/2017) |
| 04/18/2017 | 1101 | Opposed MOTION to Continue *July 10, 2017 Trial Setting* by Joe Lawrence Gallegos. (Attachments: # 1 Exhibit A-pending motions chart)(Benjamin, Brock) (Entered: 04/18/2017) |
| 04/20/2017 | 1102 | RESPONSE in Opposition by USA as to Edward Troup, Billy Garcia re 1047 Opposed MOTION for Disclosure *of FRE 404(B), 405, 406, 608 and Res Gestae Evidence* (Castellano, Randy) (Entered: 04/20/2017) |
| 04/20/2017 | 1103 | RESPONSE in Opposition by USA as to Anthony Ray Baca re 1056 MOTION for Bill of Particulars (Castellano, Randy) (Entered: 04/20/2017) |
| 04/21/2017 | 1105 | MOTION to Withdraw as Attorney by John Granberg by Christopher Chavez. (Granberg, John) (Entered: 04/21/2017) |
| 04/21/2017 | 1106 | First MOTION to Suppress *Identification Evidence at Trial* by Santos Gonzalez. (Attachments: # 1 Exhibit A- FBI report)(Johnson, Erlinda) (Entered: 04/21/2017) |
| 04/21/2017 | 1107 | NOTICE *Statement of Cause* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 04/21/2017) |
| 04/21/2017 | 1108 | JOINDER to 882 Joint MOTION to Sever Defendant *Counts 1 & 2* joined by Defendant Eugene Martinez. (Couleur, Douglas) (Entered: 04/21/2017) |
| 04/21/2017 | 1109 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1061 MOTION to Compel *Discovery* by USA as to Edward Troup, Billy Garcia. (Castellano, Randy) (Entered: 04/21/2017) |
| 04/22/2017 | 1110 | NOTICE of motion hearing as to Defendant Christopher Chavez regarding the Motion to Withdraw as Co-Counsel 1105 scheduled for 4/24/2017 at 01:00 PM in Albuquerque - 460 Vermejo Courtroom before |

| | | |
|---|---|---|
| | | District Judge James O. Browning. (kw)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/22/2017) |
| 04/24/2017 | 1111 | REPLY TO RESPONSE to Motion by Javier Alonso re 951 First MOTION for Discovery *Specific Discovery* (Chambers, Nathan) (Entered: 04/24/2017) |
| 04/24/2017 | 1112 | ORDER by District Judge James O. Browning granting 1109 Motion for Extension of Time to File Response to Motion to Compel by Edward Troup (3) and Billy Garcia (5) (meq) (Entered: 04/24/2017) |
| 04/24/2017 | 1135 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Christopher Chavez held on 4/24/2017 re 916 Second MOTION to Withdraw as Attorney by Orlando Mondragon filed by Christopher Chavez, 1105 MOTION to Withdraw as Attorney by John Granberg filed by Christopher Chavez (Court Reporter: J. Bean) (meq) (Entered: 05/05/2017) |
| 04/25/2017 | 1114 | NOTICE *of Objection to Motion to Continue Trial Scheduled for July 10 2017 (doc.1101)* by Santos Gonzalez (Johnson, Erlinda) (Entered: 04/25/2017) |
| 04/28/2017 | 1115 | RESPONSE in Opposition by USA as to Edward Troup, Billy Garcia re 1061 MOTION to Compel *Discovery* (Castellano, Randy) (Entered: 04/28/2017) |
| 04/28/2017 | 1116 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1097 Opposed MOTION for Disclosure *of Confidential Informants* by USA as to Eugene Martinez. (Castellano, Randy) (Entered: 04/28/2017) |
| 04/28/2017 | 1120 | MOTION for Dismissal of Counsel Orlando Mondragon by Christopher Chavez. (meq) (Entered: 05/01/2017) |
| 04/28/2017 | 1125 | ORDER by District Judge James O. Browning granting 883 Motion to Seal Documents 869 and 882 as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 05/03/2017) |
| 04/30/2017 | 1117 | RESPONSE to Motion by Rudy Perez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1101 Opposed MOTION to Continue *July 10, 2017 Trial Setting* (Villa, Ryan) (Entered: 04/30/2017) |
| 05/01/2017 | 1118 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning. IT IS ORDERED that, pursuant to 18 U.S.C. 4241(b), the Court finds the Defendant Eugene Martinez competent to stand trial or take a guilty plea (meq) (Entered: 05/01/2017) |
| 05/01/2017 | 1119 | ORDER by District Judge James O. Browning granting 1116 Motion for Extension of Time to File Response as to Eugene Martinez's Motion to Compel Disclosure of Confidential Informants (meq) (Entered: 05/01/2017) |
| 05/01/2017 | 1121 | NOTICE *of Completion of Briefing* by Rudy Perez re 1038 MOTION to Unseal Document *Motion to Compel [Doc. 1037]* (Villa, Ryan) (Entered: 05/01/2017) |
| 05/02/2017 | 1123 | NOTICE *Statement of Defendant Edward Troup re: the Government's Statement of Cause (Doc. 1107)* by Edward Troup (Attachments: # 1 Exhibit A)(Burke, Patrick) (Entered: 05/02/2017) |
| 05/02/2017 | 1124 | MOTION for Order to Show Cause *for the Immediate Return of Tablet and Request for the United States to File an Expedited Response to this Motion* by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Javier Alonso, Arturo Arnulfo Garcia, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Shauna Gutierrez. (Villa, Ryan) (Entered: 05/02/2017) |
| 05/04/2017 | 1127 | RESPONSE in Opposition by USA as to Santos Gonzalez re 1106 First MOTION to Suppress *Identification Evidence at Trial United States' Response in Opposition to Santos Gonzalez's Motion to Suppress Identification Evidence by Government Witness* (Attachments: # 1 Exhibit)(Armijo, Maria) (Entered: 05/04/2017) |
| 05/04/2017 | 1128 | NOTICE OF HEARING as to Eugene Martinez: Change of Plea Hearing set for 5/5/2017 at 10:00 AM in Albuquerque - 560 Cimarron Courtroom before Magistrate Judge Karen B. Molzen. (emr)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/04/2017) |
| 05/05/2017 | 1132 | Opposed MOTION to Modify Conditions of Release *Set Conditions of Release* by Shauna Gutierrez. (Attachments: # 1 Supplement BCSO S.O.R.T Release and Letters)(Arellanes, Angela) (Entered: 05/05/2017) |

| | | |
|---|---|---|
| 05/05/2017 | 1133 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, notifying the parties that the following motions are set to be heard at the motion hearing commencing 5/9/2017: 1101 , 1010 , 1034 , 1124 , 858 , [815 resuming argument)], 817 , 829 , 872 , 869 , 1037 , 1038 , 866 , 914 , 951 & 1023 . THIS IS A TEXT ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/05/2017) |
| 05/05/2017 | 1136 | Unopposed MOTION for Extension of Time to File *Motion to Suppress Statement* by Rudy Perez. (Villa, Ryan) (Entered: 05/05/2017) |
| 05/05/2017 | 1137 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Eugene Martinez (meq) (Entered: 05/05/2017) |
| 05/05/2017 | 1138 | PLEA AGREEMENT as to Eugene Martinez (meq) (Entered: 05/05/2017) |
| 05/05/2017 | 1139 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Plea Hearing as to Eugene Martinez held; Guilty Plea entered by Eugene Martinez (6) Guilty Count 2ss. (Recording Info: Cimarron Liberty) (emr) (Entered: 05/05/2017) |
| 05/06/2017 | 1140 | NOTICE *of Unavailability of Counsel of Record for May 9, 2017 Motions Hearing* by Arturo Arnulfo Garcia (Davidson, Scott) (Entered: 05/06/2017) |
| 05/08/2017 | 1186 | LETTER of Concern by Vincent Garduno (meq) (Entered: 06/07/2017) |
| 05/09/2017 | 1141 | First MOTION for Hearing *Pursuant to United States v. James* by Santos Gonzalez. (Johnson, Erlinda) (Entered: 05/09/2017) |
| 05/09/2017 | 1142 | MOTION to Suppress *evidence and statements* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 05/09/2017) |
| 05/09/2017 | 1143 | Opposed MOTION for Bill of Particulars *for Counts 4 and 5* by Joe Lawrence Gallegos as to Angel DeLeon. (Benjamin, Brock) (Entered: 05/09/2017) |
| 05/10/2017 | 1144 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding the following motions to the agenda for the motion hearings to be held 5/9-11/2017: 893 , 1047 , 1053 , 1056 & 868 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/10/2017) |
| 05/11/2017 | 1145 | NOTICE *of Withdrawal of document 1134* by Joe Lawrence Gallegos as to Angel DeLeon (Benjamin, Brock) (Entered: 05/11/2017) |
| 05/11/2017 | 1146 | REPLY TO RESPONSE to Motion by Santos Gonzalez re 1106 First MOTION to Suppress *Identification Evidence at Trial* (Johnson, Erlinda) (Entered: 05/11/2017) |
| 05/11/2017 | 1165 | E-MAIL from Gregory Acton (meq) (Entered: 05/25/2017) |
| 05/16/2017 | 1150 | Unopposed MOTION for Protective Order by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Beck, Matthew) (Entered: 05/16/2017) |
| 05/17/2017 | 1152 | ORDER by District Judge James O. Browning granting 1136 Motion for Extension of Time to File as to Rudy Perez (26) (meq) (Entered: 05/17/2017) |
| 05/18/2017 | 1153 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, notifying the parties that the following motions will be heard at the motion hearing scheduled for 5/19/2017: the Defendants Troup and Billy Garcia's Motion to Sever Counts 1 & 2 882 & the Motion to Compel Discovery 1061 .(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/18/2017) |
| 05/18/2017 | 1154 | NOTICE of motion hearing regarding the Opposed Motion to Set Conditions of Release 1132 as to Defendant Shauna Gutierrez scheduled for 5/19/2017 at 11:00 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/18/2017) |
| 05/18/2017 | 1155 | MOTION to Dismiss *INDICTMENT AS IT RELATES TO SHAUNA GUTIERREZ* by Shauna Gutierrez. (Arellanes, Angela) (Entered: 05/18/2017) |
| 05/18/2017 | 1156 | NOTICE *Notice of Unavailability* on 6/8-6/9/17 and 6/15/17 by Joe Lawrence Gallegos (Benjamin, Brock) Modified text on 5/19/2017 (kg). (Entered: 05/18/2017) |

| 05/18/2017 | 1157 | NOTICE *NOTICE OF JOINDER TO DOCUMENT 1141-MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS, PRETRIAL HEARINGS ON THEIR ADMISSIBILITY PURSUANT TO FED.R.EVID. 801 (d)(2)(E).* by Shauna Gutierrez (Arellanes, Angela) (Entered: 05/18/2017) |
|---|---|---|
| 05/18/2017 | 1158 | APPENDIX/SUPPLEMENT *United States' Supplemental Brief Regarding Timing of Disclosure of Giglio Impeachment Evidence* by USA (Beck, Matthew) (Entered: 05/18/2017) |
| 05/19/2017 | 1175 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Shauna Gutierrez held on 5/19/2017 re 1132 Opposed MOTION to Modify Conditions of Release *Set Conditions of Release* filed by Shauna Gutierrez (Court Reporter: J. Bean) (meq) (Entered: 06/02/2017) |
| 05/23/2017 | 1159 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1142 MOTION to Suppress *evidence and statements United States' Unopposed Motion for Extension of time to Respond to Defendant Joe Gallegos' Motion to Suppress Evidence and Statements (Doc. 1142) and Motion for a Bill of Particulars (Doc. 1143)* by USA as to Joe Lawrence Gallegos. (Armijo, Maria) (Entered: 05/23/2017) |
| 05/23/2017 | 1160 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 05/09/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2017. Redaction Request due 6/13/2017. Redacted Transcript Deadline set for 6/23/2017. Release of Transcript Restriction set for 8/21/2017.(jab) (Entered: 05/23/2017) |
| 05/23/2017 | 1161 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 05/10/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2017. Redaction Request due 6/13/2017. Redacted Transcript Deadline set for 6/23/2017. Release of Transcript Restriction set for 8/21/2017.(jab) (Entered: 05/23/2017) |
| 05/23/2017 | 1162 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray |

| | | |
|---|---|---|
| | | Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 05/11/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2017. Redaction Request due 6/13/2017. Redacted Transcript Deadline set for 6/23/2017. Release of Transcript Restriction set for 8/21/2017.(jab) (Entered: 05/23/2017) |
| 05/24/2017 | 1163 | Opposed MOTION for Discovery *of Giglio Materials* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) (Entered: 05/24/2017) |
| 05/25/2017 | 1164 | RESPONSE to Motion by Carlos Herrera re 1126 MOTION to determine whether Michael V. Davis has an actual or potential conflict of interest *United States' Sealed Motion Regarding Attorney Conflict* (Attachments: # 1 Affidavit Affidavit of Michael V. Davis)(Davis, Michael) (Entered: 05/25/2017) |
| 05/26/2017 | 1166 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 05/19/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/2/2017. Redaction Request due 6/16/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/24/2017.(jab) (Entered: 05/26/2017) |
| 05/26/2017 | 1167 | NOTICE OF HEARING as to Santos Gonzalez: Change of Plea set for 5/31/2017 at 09:30 AM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge William P Lynch. (kd) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/26/2017) |
| 05/26/2017 | 1168 | ORDER by District Judge James O. Browning granting 1150 Motion for Protective Order (meq) (Entered: 05/26/2017) |
| 05/30/2017 | 1169 | NOTICE OF HEARING as to Santos Gonzalez: Change of Plea Hearing reset for 6/5/2017 at 10:00 AM in Albuquerque - 320 Rio Grande Courtroom before Chief Magistrate Judge Karen B. Molzen. (eh) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/30/2017) |
| 05/30/2017 | 1170 | ORDER by District Judge James O. Browning granting 1159 Motion for Extension of Time to File Response/Reply as to Joe Lawrence Gallegos (2) (meq) (Entered: 05/30/2017) |

| 06/01/2017 | 1172 | NOTICE *OF UNAVAILABILITY* by Mauricio Varela (Stillinger, Mary) (Entered: 06/01/2017) |
|---|---|---|
| 06/01/2017 | 1173 | RESPONSE in Opposition by USA as to Shauna Gutierrez re 1155 MOTION to Dismiss *INDICTMENT AS IT RELATES TO SHAUNA GUTIERREZ* (Castellano, Randy) (Entered: 06/01/2017) |
| 06/02/2017 | 1174 | NOTICE *of Non Availability July 3, 2017, through July 7, 2017* by Carlos Herrera (Davis, Michael) Modified on 6/2/2017 (meq). (Entered: 06/02/2017) |
| 06/05/2017 | 1178 | NOTICE *Of Firm Name Change* by Anthony Ray Baca (Duncan, Theresa) (Entered: 06/05/2017) |
| 06/05/2017 | 1179 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Santos Gonzalez (meq) (Entered: 06/05/2017) |
| 06/05/2017 | 1180 | PLEA AGREEMENT as to Santos Gonzalez (meq) (Entered: 06/05/2017) |
| 06/05/2017 | 1181 | Clerk's Minutes for proceedings held before Magistrate Judge Karen B. Molzen: Plea Hearing as to Santos Gonzalez held on 6/5/2017; Guilty Plea entered by Santos Gonzalez (28) as to Counts 14s, 15s and 16s. (Recording Info: Rio Grande) (emr) (Entered: 06/05/2017) |
| 06/06/2017 | 1182 | Opposed MOTION to Continue *July 10, 2017 Trial Setting* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Exhibit Proposed Scheduling Order)(Harbour-Valdez, Cori) (Entered: 06/06/2017) |
| 06/06/2017 | 1183 | RESPONSE in Opposition by USA as to Angel DeLeon, Joe Lawrence Gallegos re 1143 Opposed MOTION for Bill of Particulars *for Counts 4 and 5* (Castellano, Randy) (Entered: 06/06/2017) |
| 06/06/2017 | 1184 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos re 1142 MOTION to Suppress *evidence and statements* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Beck, Matthew) (Entered: 06/06/2017) |
| 06/07/2017 | 1185 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1163 Opposed MOTION for Discovery *of Giglio Materials* (Beck, Matthew) (Entered: 06/07/2017) |
| 06/07/2017 | 1193 | NOTICE of Lodging by Joe Lawrence Gallegos as to 1184 RESPONSE in Opposition by USA as to Joe Lawrence Gallegos re 1142 MOTION to Suppress evidence and statements (meq) (Entered: 06/16/2017) |
| 06/09/2017 | 1188 | Amended MOTION to Continue *July 10, 2017 Trial Setting (UNOPPOSED)* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Exhibit Proposed Scheduling Order)(Harbour-Valdez, Cori) (Entered: 06/09/2017) |
| 06/14/2017 | 1192 | APPENDIX/SUPPLEMENT re 1188 Amended MOTION to Continue *July 10, 2017 Trial Setting (UNOPPOSED)* by Edward Troup (Harbour-Valdez, Cori) (Entered: 06/14/2017) |
| 06/19/2017 | 1196 | ORDER TO CONTINUE by District Judge James O. Browning granting 1101 Motion to Continue Trial as to Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez and rescheduling on 1/29/2018 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom (meq) (Entered: 06/23/2017) |
| 06/19/2017 | 1197 | ORDER TO CONTINUE by District Judge James O. Browning granting 1188 Amended MOTION to Continue *Trial Setting* as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez and Brandy Rodriguez and rescheduling on 4/9/2018 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom (meq) (Entered: 06/23/2017) |
| 06/21/2017 | 1194 | TRANSCRIPT of Plea Hearing as to Eugene Martinez held on May 5, 2017, before Magistrate Judge Karen B. Molzen. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of** |

| | | |
|---|---|---|
| | | personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 6/28/2017. Redaction Request due 7/12/2017. Redacted Transcript Deadline set for 7/24/2017. Release of Transcript Restriction set for 9/19/2017.(jg) (Entered: 06/21/2017) |
| 06/21/2017 | 1201 | LETTER Re: Jury Data, from Lincoln Sorrell (meq) (Entered: 06/29/2017) |
| 06/21/2017 | 1202 | E-MAIL Re: Jury Data, from Lincoln Sorrell (meq) (Entered: 06/29/2017) |
| 06/26/2017 | 1198 | NOTICE *of Assertion of Privilege, Rule 501* by Eugene Martinez re 1190 Opposed MOTION for Disclosure *of Mental Health Records* (Couleur, Douglas) (Entered: 06/26/2017) |
| 06/26/2017 | 1203 | LETTER Re: Jury Data, from Lincoln Sorrell (meq) (Entered: 06/29/2017) |
| 06/27/2017 | 1199 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca re 1190 Opposed MOTION for Disclosure *of Mental Health Records* (Castellano, Randy) (Entered: 06/27/2017) |
| 06/30/2017 | 1204 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning, Defendants' Joint Motion to Sever Defendants Charged with Offenses in Counts 6 & 7 807 is granted in part and denied in part, Defendant Santos Gonzales' Motion for a Severance of Defendant 858 is granted in part and denied in part, Defendant A. Gallegos' Opposed Motion to Sever Counts Four and Five 868 is granted in part and denied in part, Defendants Troup and Billy Garcia's Motion to Sever Counts 1 and 2 882 is granted in part and denied in part, Defendant Javier Alonso's Motion to Sever Count 3 and to Sever the Trials of Edward Troup and Javier Alonso 893 is granted in part and denied in part and Defendant Santos Gonzales' Amended Motion for a Severance of Defendant 901 is granted in part and denied in part (meq) (Entered: 06/30/2017) |
| 07/07/2017 | 1205 | FOURTH SCHEDULING ORDER by District Judge James O. Browning (meq) (Entered: 07/07/2017) |
| 07/10/2017 | 1210 | MOTION to Substitute Attorney by Ruben Hernandez. (meq) (Entered: 07/12/2017) |
| 07/11/2017 | 1206 | NOTICE *of Non Availability July 26, 2017 to July 28, 2017.* by Conrad Villegas (Crow, B.J.) Added dates on 7/12/2017 (meq). (Entered: 07/11/2017) |
| 07/13/2017 | 1211 | NOTICE *OF UNAVAILABILITY July 30, 2017 to August 6, 2017* by Joe Lawrence Gallegos (Benjamin, Brock) Added dates on 7/14/2017 (meq). (Entered: 07/13/2017) |
| 07/14/2017 | 1212 | NOTICE *of Non Availability September 25, 2017 to October 2, 2017* by Conrad Villegas (Crow, B.J.) Added dates on 7/17/2017 (meq). (Entered: 07/14/2017) |
| 07/27/2017 | 1216 | Unopposed MOTION to Withdraw as Attorney *and for Appointment of New CJA Counsel for Defendant* by Alfred Creecy by Brandy Rodriguez. (Creecy, Alfred) (Entered: 07/27/2017) |
| 08/04/2017 | 1217 | NOTICE *Pursuant to Fed. R. Crim. P. 16(b)* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Attachments: # 1 Exhibit Phillip Danielson CV)(Cooper, Robert) (Entered: 08/04/2017) |
| 08/04/2017 | 1218 | NOTICE *Pursuant to Fed. R. Crim. P. 16(b)* by Edward Troup (Harbour-Valdez, Cori) (Entered: 08/04/2017) |
| 08/04/2017 | 1219 | NOTICE *DEFENDANT SHAUNA GUTIERREZ NOTICE PURSUANT TO FED. R. CRIM. P. 16(b)* by Shauna Gutierrez (Arellanes, Angela) (Entered: 08/04/2017) |
| 08/04/2017 | 1220 | NOTICE *PURSUANT TO FED. R. CRIM. P. 16(b)* by Christopher Chavez (Mondragon, Orlando) (Entered: 08/04/2017) |
| 08/04/2017 | 1221 | NOTICE *Pursuant to Fed. R. Crim. P. 16(b)* by Daniel Sanchez (Jacks, Amy) (Entered: 08/04/2017) |
| 08/09/2017 | 1224 | NOTICE *of Unavailability of Counsel for August 15, 2017 through September 11, 2017* by Santos Gonzalez (Johnson, Erlinda) (Entered: 08/09/2017) |

| | | |
|---|---|---|
| 08/14/2017 | 1226 | NOTICE *of Joinder in Co-Defendants' Notices Pursuant to Rule 16* by Rudy Perez as to Edward Troup, Billy Garcia, Daniel Sanchez, Rudy Perez re 1218 Notice (Other), 1217 Notice (Other),, 1221 Notice (Other) (Villa, Ryan) (Entered: 08/14/2017) |
| 08/21/2017 | 1228 | MOTION to Produce *Co-Conspirator Statements and for James Hearing* by Rudy Perez as to Billy Garcia, Allen Patterson, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Fox-Young, Justine) (Entered: 08/21/2017) |
| 08/21/2017 | 1230 | NOTICE *Notice of Joinder in Co-Defendants' Notices Pursuant to Rule 16* by Joe Lawrence Gallegos re 1217 Notice (Other),, (Benjamin, Brock) (Entered: 08/21/2017) |
| 08/22/2017 | 1231 | NOTICE *Notice of Joinder* by Andrew Gallegos re 1217 Notice (Other),, (Roberts, Donavon) (Entered: 08/22/2017) |
| 08/24/2017 | 1232 | NOTICE *of Joinder to Notices (1218) and (1221)* by Carlos Herrera re 1217 Notice (Other),, (Davis, Michael) (Entered: 08/24/2017) |
| 08/28/2017 | 1236 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE by Javier Alonso. (kls) (Entered: 08/28/2017) |
| 08/28/2017 | 1237 | PLEA AGREEMENT as to Javier Alonso. (kls) (Entered: 08/28/2017) |
| 08/28/2017 | 1238 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 8/28/2017 as to Javier Alonso (9); Guilty plea entered to Count 3ss of the Second Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Dona Ana) (kls) (Entered: 08/28/2017) |
| 08/30/2017 | 1239 | ORDER by District Judge James O. Browning granting 1216 Motion to Withdraw as Attorney. Alfred D Creecy withdrawn from case as to Brandy Rodriguez (31) (meq) (Entered: 08/30/2017) |
| 08/30/2017 | 1240 | CJA Appointment of Attorney Jerry A. Walz for Brandy Rodriguez by District Judge James O. Browning (meq) <br> [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/30/2017) |
| 08/31/2017 | 1241 | Unopposed MOTION to Extend (other) *Time to File Motions Pursuant to Rule 16* by Rudy Perez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Villa, Ryan) (Entered: 08/31/2017) |
| 09/01/2017 | 1242 | NOTICE *United States' Amended Notice of Expert Witness Testimony* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1043 Notice (Other),, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit)(Armijo, Maria) (Entered: 09/01/2017) |
| 09/05/2017 | 1243 | RESPONSE to Motion by USA as to Rudy Perez re 1228 MOTION to Produce *Co-Conspirator Statements and for James Hearing United States' Response to Defendant Perez's Motion for Production of Alleged Co-Conspirator Statements and for a James Hearing on their Admissibility* (Castellano, Randy) (Entered: 09/05/2017) |
| 09/15/2017 | 1246 | NOTICE *Defendant's Notice of Expert Witnesses* by Joe Lawrence Gallegos (Benjamin, Brock) (Entered: 09/15/2017) |
| 09/15/2017 | 1247 | First MOTION to Compel *Discovery* by Carlos Herrera. (Bhalla, Carey) (Entered: 09/15/2017) |
| 09/15/2017 | 1248 | Second MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) Modified on 9/29/2017 (meq). (Entered: 09/15/2017) |

| | | |
|---|---|---|
| 09/15/2017 | 1249 | NOTICE *of Expert Testimony of Katherine Raven, M.D.* by Rudy Perez (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 09/15/2017) |
| 09/15/2017 | 1250 | Second MOTION to Compel *Discovery* by Edward Troup, Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Burke, Patrick) (Entered: 09/15/2017) |
| 09/15/2017 | 1252 | NOTICE *of Expert Testimony of Karen Green* by Edward Troup (Attachments: # 1 Exhibit A)(Harbour-Valdez, Cori) (Entered: 09/15/2017) |
| 09/15/2017 | 1253 | MOTION to Compel *Specific Discovery* by Daniel Sanchez. (Jacks, Amy) (Entered: 09/15/2017) |
| 09/15/2017 | 1254 | NOTICE *of Expert Witness Testimony* by Anthony Ray Baca (Lowry, Marc) (Entered: 09/15/2017) |
| 09/15/2017 | 1255 | RESPONSE by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Carlos Herrera, Rudy Perez, Brandy Rodriguez re 1242 Notice (Other),,, *TO UNITED STATES AMENDED NOTICE OF EXPERT WITNESS TESTIMONY (DOC. 1242) AND MOTION TO EXCLUDE GOVERNMENTS EXPERT WITNESSES* (Sirignano, Amy) (Entered: 09/15/2017) |
| 09/15/2017 | 1256 | NOTICE *OF JOINDER TO UNOPPOSED MOTION TO EXTEND TIME TO FILE MOTIONS PURSUANT TO RULE 16 (Doc. 1241)* by Christopher Garcia re 1241 Unopposed MOTION to Extend (other) *Time to File Motions Pursuant to Rule 16* (Sirignano, Amy) (Entered: 09/15/2017) |
| 09/15/2017 | 1257 | NOTICE *OF INTENT TO OFFER EXPERT WITNESS TESTIMONY* by Christopher Garcia (Attachments: # 1 Exhibit A_Janine Arvisu, # 2 Exhibit B_Tim Bryan)(Sirignano, Amy) (Entered: 09/15/2017) |
| 09/15/2017 | 1258 | Opposed MOTION to Continue *THE DEFENDANTS DEADLINE TO FILE FED. R. CRIM. PROC. 16 MOTIONS* by Christopher Garcia. (Sirignano, Amy) (Entered: 09/15/2017) |
| 09/18/2017 | 1260 | NOTICE *of Parties' Positions* by Daniel Sanchez re 1253 MOTION to Compel *Specific Discovery* (Jacks, Amy) (Entered: 09/18/2017) |
| 09/18/2017 | 1261 | ORDER by District Judge James O. Browning granting 1241 Motion to Extend Time to File Motions Pursuant to Rule 16 (meq) (Entered: 09/18/2017) |
| 09/18/2017 | 1262 | NOTICE of Parties Positions on 1247 Motion to Compel Discovery *ADDENDUM TO RULE 16 MOTION* by Carlos Herrera. (Bhalla, Carey) Modified text on 9/27/2017 (meq). (Entered: 09/18/2017) |
| 09/18/2017 | 1263 | Unopposed MOTION for Extension of Time to File *Discovery Motion* by Anthony Ray Baca as to Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca. (Duncan, Theresa) (Entered: 09/18/2017) |
| 09/19/2017 | 1265 | SUPPLEMENT to 1248 *Motion to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials (Doc. 1248)* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) Modified text on 9/27/2017 (meq). (Entered: 09/19/2017) |
| 09/19/2017 | 1266 | Unopposed MOTION for Order *FOR PERMISSION TO EXCEED PAGE LIMIT* by Christopher Garcia. (Sirignano, Amy) (Entered: 09/19/2017) |
| 09/19/2017 | 1267 | MOTION to Compel *COMPEL DISCOVERY AND INSPECTION OF DOCUMENTS AND PHYSICAL EVIDENCE PURSUANT TO RULE 16* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Rudy Perez, Brandy Rodriguez. (Sirignano, Amy) (Entered: 09/19/2017) |
| 09/19/2017 | 1268 | REPLY TO RESPONSE to Motion by Rudy Perez as to Billy Garcia, Allen Patterson, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez re 1228 MOTION to Produce *Co-Conspirator Statements and for James Hearing* (Villa, Ryan) (Entered: 09/19/2017) |
| 09/22/2017 | 1269 | MOTION for Order *FOR NOTICE TO COUNTS 6 THROUGH 12 DEFENDANTS OF FEDERAL RULES OF EVIDENCE 404(B), 405, 406, 608 AND RES GESTAE EVIDENCE* by Rudy Perez. (Villa, Ryan) (Entered: 09/22/2017) |

| | | |
|---|---|---|
| 09/23/2017 | 1271 | NOTICE *of Counsel Amy Sirignano's Unavailability Thursday, September 28, 2017 through and including Saturday, September 30, 2017; Thursday, October 12, 2017 through and including Monday October 16, 2017; and Thursday November 16, 2017 through and including Saturday November 25, 2017* by Christopher Garcia (Sirignano, Amy) Modified on 9/25/2017 (meq). (Entered: 09/23/2017) |
| 09/26/2017 | 1272 | NOTICE *of Unavailability of Counsel for Defendant Joe Lawrence Gallegos* October 4, 2017, October 12, 2017, October 13, 2017; Week of October 16 to October 20, 2017; October 24, 2017; Week of November 13 to November 17, 2017; Week of November 20 to November 24, 2017, November 29 and 30, 2017; and December 1, 2017.(Benjamin, Brock) Modified Text on 9/27/2017 (meq). (Entered: 09/26/2017) |
| 09/28/2017 | 1273 | NOTICE *of Withdrawal of Doc. 1248* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1248 Second MOTION to Compel *the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials* (Castle, James) (Entered: 09/28/2017) |
| 09/29/2017 | 1274 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1253 MOTION to Compel *Specific Discovery* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 09/29/2017) |
| 09/29/2017 | 1275 | RESPONSE to Motion by USA as to Edward Troup, Billy Garcia re 1250 Second MOTION to Compel *Discovery* (Armijo, Maria) (Entered: 09/29/2017) |
| 09/29/2017 | 1276 | RESPONSE to Motion by USA as to Rudy Perez re 1251 Second MOTION to Compel *Discovery* (Armijo, Maria) (Entered: 09/29/2017) |
| 09/29/2017 | 1277 | REPLY by USA as to Christopher Garcia re 1242 Notice (Other),,, *United States' Reply in Support of its Notice of Expert Witness Testimony* (Armijo, Maria) (Entered: 09/29/2017) |
| 09/29/2017 | 1278 | RESPONSE by USA as to Christopher Garcia re 1258 Opposed MOTION to Continue *THE DEFENDANTS DEADLINE TO FILE FED. R. CRIM. PROC. 16 MOTIONS*, 1256 Notice (Other) *United States' Response in Opposition to Defendant Christopher Garcia's Notice of Joinder to Unopposed Motion to Extend Time to File Motions Pursuant to Rule 16(1256) and to Defendant's Opposed Motion to Continue Defendant's Deadline to File Fed. R. Crim. Proc. 16 Motions (1258)* (Beck, Matthew) (Entered: 09/29/2017) |
| 10/02/2017 | 1279 | Unopposed MOTION for Leave to File Excess Pages by Billy Garcia. (Castle, James) (Entered: 10/02/2017) |
| 10/02/2017 | 1280 | RESPONSE to Motion by USA as to Anthony Ray Baca re 1264 MOTION for Discovery (Armijo, Maria) (Entered: 10/02/2017) |
| 10/02/2017 | 1281 | Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Christopher Garcia, Carlos Herrera, Rudy Perez. (Sirignano, Amy) (Entered: 10/02/2017) |
| 10/03/2017 | 1282 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1253 MOTION to Compel *Specific Discovery* (Castellano, Randy) (Entered: 10/03/2017) |
| 10/03/2017 | 1287 | ORDER by District Judge James O. Browning granting 1266 Motion for Permission to Exceed Page Limit (meq) (Entered: 10/05/2017) |

| 10/05/2017 | 1283 | Opposed MOTION to Dismiss by Billy Garcia. (Attachments: # 1 Appendix A)(Castle, James) (Entered: 10/05/2017) |
|---|---|---|
| 10/05/2017 | 1285 | Unopposed MOTION for Order *Authorizing Doc. No. 1284 to be filed as a Restricted Access Document* by Edward Troup. (Harbour-Valdez, Cori) (Entered: 10/05/2017) |
| 10/05/2017 | 1286 | Unopposed MOTION to Modify Conditions of Release by Brandy Rodriguez. (Walz, Jerry) (Entered: 10/05/2017) |
| 10/05/2017 | 1288 | JOINDER to 1281 Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* joined by Defendant Andrew Gallegos. (Roberts, Donavon) (Entered: 10/05/2017) |
| 10/06/2017 | 1291 | RESPONSE to Motion by USA as to Rudy Perez re 1269 MOTION for Order *FOR NOTICE TO COUNTS 6 THROUGH 12 DEFENDANTS OF FEDERAL RULES OF EVIDENCE 404(B), 405, 406, 608 AND RES GESTAE EVIDENCE* (Armijo, Maria) (Entered: 10/06/2017) |
| 10/06/2017 | 1292 | MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Shauna Gutierrez. (Harbour-Valdez, Cori) (Entered: 10/06/2017) |
| 10/06/2017 | 1293 | NOTICE *of Joinder to Doc. 1281 and Doc. 1228* by Conrad Villegas (Crow, B.J.) (Entered: 10/06/2017) |
| 10/06/2017 | 1296 | MOTION to Sever Defendant *Daniel Sanchez and/or Trial of Counts 6-7 from Trial of Counts 8-12* by Daniel Sanchez. (Jacks, Amy) (Entered: 10/06/2017) |
| 10/06/2017 | 1297 | Opposed MOTION for Extension of Time to File *Daubert Motions* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Harbour-Valdez, Cori) (Entered: 10/06/2017) |
| 10/06/2017 | 1298 | Opposed MOTION for Separate Trial on Counts Joe Lawrence Gallegos (2) Count 4ss,4s,5ss,5s and Andrew Gallegos (27) Count 4,4s,5,5s by Andrew Gallegos as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Roberts, Donavon) (Entered: 10/06/2017) |
| 10/06/2017 | 1299 | NOTICE *OF, AND MOTION IN LIMINE TO ADMIT, GANG EXPERT WITNESSES TESTIMONY* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) Modified on 10/10/2017 to a motion (meq). (Entered: 10/06/2017) |
| 10/06/2017 | 1301 | Unopposed MOTION to Continue *DEFENDANTS DEADLINE TO FILE FEDERAL RULE OF CRIMINAL PROCURE 12 MOTIONS* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez. (Sirignano, Amy) (Entered: 10/06/2017) |
| 10/06/2017 | 1302 | Opposed MOTION to Exclude *GOVERNMENT EXPERT WITNESS TESTIMONY AND MOTION FOR DAUBERT HEARING* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez. (Sirignano, Amy) (Entered: 10/06/2017) |
| 10/06/2017 | 1303 | Opposed MOTION for Order *FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez. (Sirignano, Amy) (Entered: 10/06/2017) |
| 10/10/2017 | 1305 | First MOTION for Joinder *and Request for Joint Hearing* by Carlos Herrera. (Bhalla, Carey) (Entered: 10/10/2017) |

| | | |
|---|---|---|
| 10/10/2017 | 1306 | MOTION to Supplement *Motion to Dismiss* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) (Entered: 10/10/2017) |
| 10/10/2017 | 1307 | MOTION for Order *Motion to Prevent the Admission of Statements of Non-Testifying Codefendants Implicating Defendant Billy Garcia and for an Order for the Government to Specify Such Statements Prior to Trial* by Billy Garcia. (Castle, James) (Entered: 10/10/2017) |
| 10/10/2017 | 1308 | MOTION in Limine *Regarding Alleged Bad Acts* by Billy Garcia. (Attachments: # 1 Appendix A)(Castle, James) (Entered: 10/10/2017) |
| 10/10/2017 | 1310 | ORDER MODIFYING CONDITIONS by Magistrate Judge Gregory B. Wormuth granting 1286 Motion to Modify Conditions of Release as to Brandy Rodriguez (31) (jv) (Entered: 10/11/2017) |
| 10/11/2017 | 1309 | NOTICE *of Joinder (Doc# 1303)* by Christopher Chavez (Granberg, John) (Entered: 10/11/2017) |
| 10/12/2017 | 1336 | ORDER by District Judge James O. Browning granting 1263 Motion for Extension of Time to File Discovery Motion (meq) (Entered: 10/17/2017) |
| 10/12/2017 | 1338 | ORDER by District Judge James O. Browning granting 1274 Motion for Extension of Time to File Response (meq) (Entered: 10/17/2017) |
| 10/13/2017 | 1311 | JOINDER to 1281 Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1312 | JOINDER to 1292 MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1313 | JOINDER to 1300 Joint MOTION to Suppress *Lost or Destroyed Evidence* joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1314 | JOINDER to 1302 Opposed MOTION to Exclude *GOVERNMENT EXPERT WITNESS TESTIMONY AND MOTION FOR DAUBERT HEARING* joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1315 | JOINDER to 1303 Opposed MOTION for Order *FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY* joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1316 | JOINDER to 1283 Opposed MOTION to Dismiss joined by Defendant Allen Patterson. (Lahann, Jeffrey) (Entered: 10/13/2017) |
| 10/13/2017 | 1317 | MOTION for Hearing *MOTION FOR JAMES HEARING AND DETERMINATION OF CO-CONSPIRATOR STATEMENTS ADMISSIBILITY AT A PRE-TRIAL HEARING* by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez. (Benjamin, Brock) (Entered: 10/13/2017) |
| 10/13/2017 | 1318 | MOTION to Dismiss *Defendants' Motion to Dismiss - Preindictment Delay* by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez. (Benjamin, Brock) (Entered: 10/13/2017) |
| 10/13/2017 | 1319 | MOTION for Bill of Particulars *Defendants Motion for a Bill of Particulars as to Counts 13-16* by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez. (Benjamin, Brock) (Entered: 10/13/2017) |
| 10/13/2017 | 1320 | MOTION for Bill of Particulars by Shauna Gutierrez. (Arellanes, Angela) (Entered: 10/13/2017) |
| 10/13/2017 | 1321 | MOTION for Hearing *James Hearing* by Shauna Gutierrez. (Arellanes, Angela) (Entered: 10/13/2017) |

| | | |
|---|---|---|
| 10/13/2017 | 1322 | NOTICE *of Joinder in Motions to Suppress Statements [Dkt. 1294 and Dkt. 1295]* by Anthony Ray Baca as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1295 Joint MOTION to Suppress *Statement* (Duncan, Theresa) (Entered: 10/13/2017) |
| 10/13/2017 | 1329 | Opposed MOTION for Order *TO SHOW CAUSE FOR NON-COMPLIANCE OF DISTRICT COURT ORDERS DURING MAY 9-10, 2017 HEARINGS* by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez. (Sirignano, Amy) (Entered: 10/13/2017) |
| 10/13/2017 | 1331 | REPLY by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Anthony Ray Baca, Christopher Garcia *TO GOVERNMENTS RESPONSE (DOC. 1278) TO OPPOSED MOTION TO CONTINUE THE DEFENDANTS DEADLINE TO FILE FED. R. CRIM. PROC. 16 MOTIONS (DOC. 1258)* (Sirignano, Amy) (Entered: 10/13/2017) |
| 10/15/2017 | 1333 | NOTICE *of UNAVAILABILITY* November 7, 2017; November 11, 2017; November 22-24, 2017; December 7, 2017; December 15, 2017; December 21, 2017; and January 3, 2018. by Andrew Gallegos (Roberts, Donavon) Modified on 10/16/2017 (meq). (Entered: 10/15/2017) |
| 10/16/2017 | 1334 | RESPONSE in Opposition by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1281 Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* (Armijo, Maria) (Entered: 10/16/2017) |
| 10/17/2017 | 1337 | RESPONSE in Opposition by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1299 MOTION in Limine (Castle, James) (Entered: 10/17/2017) |
| 10/17/2017 | 1339 | ORDER by District Judge James O. Browning granting 1285 Motion for Order Authorizing Restricted Access to Doc. 1284 (meq) (Entered: 10/17/2017) |
| 10/17/2017 | 1340 | NOTICE *OF LODGING OF THE SUPPLEMENT OF EXHIBITS TO ANTHONY RAY BACA'S MOTION TO COMPEL IMMEDIATE PRODUCTION OF BRADY AND GIGLIO MATERIALS* by Anthony Ray Baca re 1332 MOTION to Compel *Immediate Production of Brady/Giglio Materials* (Lowry, Marc) (Entered: 10/17/2017) |
| 10/17/2017 | 1341 | REPLY by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1267 MOTION to Compel *COMPEL DISCOVERY AND INSPECTION OF DOCUMENTS AND PHYSICAL EVIDENCE PURSUANT TO RULE 16* (Sirignano, Amy) (Entered: 10/17/2017) |
| 10/18/2017 | 1342 | NOTICE *of Defendant Daniel Sanchez's Joinder in Co-defendant Garcia's Motion to Dismiss (Doc. 1330) and Co-defendant Baca's Motion for Immediate Production of Brady and Giglio Materials (Doc. 1332)* by Daniel Sanchez (Jacks, Amy) (Entered: 10/18/2017) |
| 10/18/2017 | 1343 | NOTICE OF HEARING as to Mauricio Varela: Change of Plea Hearing set for 10/19/2017 at 11:00 AM in Las Cruces, NM - 360 Dona Ana Courtroom (South Tower) before Magistrate Judge Gregory B. Wormuth. (kls) **COPIES OF ALL PLEA DOCUMENTS MUST BE PROVIDED TO THE COURTROOM DEPUTY 24 HOURS PRIOR TO THE COURT DATE.** [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/18/2017) |
| 10/19/2017 | 1344 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1283 Opposed MOTION to Dismiss , 1284 Opposed MOTION to Dismiss by USA as to Edward Troup, Billy Garcia. (Castellano, Randy) (Entered: 10/19/2017) |
| 10/19/2017 | 1478 | NOTICE of Clerk's Minutes for Plea Hearing held in CR 15-4269 JB (Doc. 166) as to Mauricio Varela; Guilty plea entered to Count 2 of the Indictment; Count 1 of Indictment and Counts 6 and 7 of the Second |

| | | |
|---|---|---|
| | | Superseding Indictment in CR 15-4268 JB to be dismissed at a later date; Sentencing hearing to be set; Defendant to remain in custody. (kls) (Entered: 11/27/2017) |
| 10/20/2017 | 1345 | MOTION to Compel *Government to Comply with Rule 16 in Noticing Its Intent to Rely on Gang Expert Witness Testimony, OR, in the alternative, to Exclude the Government's Gang Expert Witnesses Altogether* by Daniel Sanchez. (Jacks, Amy) (Entered: 10/20/2017) |
| 10/20/2017 | 1346 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1292 MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* by USA as to Edward Troup, Billy Garcia. (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1347 | RESPONSE in Opposition by USA as to Christopher Garcia re 1302 Opposed MOTION to Exclude *GOVERNMENT EXPERT WITNESS TESTIMONY AND MOTION FOR DAUBERT HEARING* (Beck, Matthew) (Entered: 10/20/2017) |
| 10/20/2017 | 1348 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1295 Joint MOTION to Suppress *Statement* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1349 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1300 Joint MOTION to Suppress *Lost or Destroyed Evidence* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1350 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1303 Opposed MOTION for Order *FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1351 | RESPONSE in Opposition by USA as to Andrew Gallegos re 1298 Opposed MOTION for Separate Trial on Counts Joe Lawrence Gallegos (2) Count 4ss,4s,5ss,5s and Andrew Gallegos (27) Count 4,4s,5,5s (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1352 | RESPONSE in Opposition by USA as to Daniel Sanchez re 1296 MOTION to Sever Defendant *Daniel Sanchez and/or Trial of Counts 6-7 from Trial of Counts 8-12* (Armijo, Maria) (Entered: 10/20/2017) |
| 10/20/2017 | 1353 | NOTICE *of Expert Witness* by Carlos Herrera (Bhalla, Carey) (Entered: 10/20/2017) |
| 10/20/2017 | 1354 | NOTICE *of Expert Testimony* by Rudy Perez (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 10/20/2017) |
| 10/20/2017 | 1355 | NOTICE *REGARDING A POSSIBLE GANG OR CORRECTIONS EXPERT* by Edward Troup, Billy Garcia (Castle, James) (Entered: 10/20/2017) |
| 10/20/2017 | 1356 | RESPONSE in Opposition by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez re 1299 MOTION in Limine *and Request for Hearing Pursuant to Daubert and Kumho Tire* (Fox-Young, Justine) (Entered: 10/20/2017) |
| 10/20/2017 | 1357 | NOTICE *Prison Gang Expert* by Mario Rodriguez (Attachments: # 1 Exhibit "A" CV)(Hernandez, Santiago) (Entered: 10/20/2017) |
| 10/24/2017 | 1358 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1308 MOTION in Limine *Regarding Alleged Bad Acts*, 1307 MOTION for Order *Motion to Prevent the Admission of Statements of Non-Testifying Codefendants Implicating Defendant Billy Garcia and for an Order for the Government to Specify Such Statements Prior to Trial* by USA as to Billy Garcia. (Armijo, Maria) (Entered: 10/24/2017) |

| | | |
|---|---|---|
| 10/25/2017 | 1359 | ORDER by District Judge James O. Browning granting 1279 Motion for Leave to File Excess Pages as to Billy Garcia (5) (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1360 | ORDER by District Judge James O. Browning granting 1344 Motion for Extension of Time to File Response/Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1361 | ORDER by District Judge James O. Browning granting 1346 Motion for Extension of Time to File Response/Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1362 | ORDER by District Judge James O. Browning granting 1348 Motion for Extension of Time to File Response (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1363 | ORDER by District Judge James O. Browning granting 1349 Motion for Extension of Time to File Response (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1364 | ORDER by District Judge James O. Browning granting 1350 Motion for Extension of Time to File Response (meq) (Entered: 10/25/2017) |
| 10/25/2017 | 1365 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1294 First MOTION to Suppress *Statements* by USA as to Carlos Herrera. (Armijo, Maria) (Entered: 10/25/2017) |
| 10/25/2017 | 1366 | NOTICE of motion hearing scheduled for 11/8-9/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. The agenda of the matters to be heard will issue at a later date.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/25/2017) |
| 10/25/2017 | 1367 | NOTICE *OF ENTRY OF APPEARANCE OF ASSOCIATE COUNSEL* by Christopher Garcia (Sirignano, Amy) (Entered: 10/25/2017) |
| 10/26/2017 | 1372 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Andrew Gallegos re 1318 MOTION to Dismiss *Defendants' Motion to Dismiss - Preindictment Delay*, 1283 Opposed MOTION to Dismiss , 1306 MOTION to Supplement *Motion to Dismiss*, 1284 Opposed MOTION to Dismiss (Castellano, Randy) (Entered: 10/26/2017) |
| 10/27/2017 | 1373 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1295 Joint MOTION to Suppress *Statement* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/27/2017) |
| 10/27/2017 | 1374 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1328 MOTION to Exclude *Incomplete and Selective Recordings of Communications Made By Government Informant & Request for Evidentiary Hearing*, 1325 MOTION to Suppress *Coerced Statements and Anticipated Testimony of Cooperating Witness & Request for Evidentiary Hearing* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/27/2017) |
| 10/27/2017 | 1375 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1329 Opposed MOTION for Order *TO SHOW CAUSE FOR NON-COMPLIANCE OF DISTRICT COURT ORDERS DURING MAY 9-10, 2017 HEARINGS*, 1330 Opposed MOTION to Dismiss *AND REQUEST FOR EVIDENTIARY HEARING* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 10/27/2017) |
| 10/27/2017 | 1376 | RESPONSE to Motion by USA as to Billy Garcia re 1292 MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* (Castellano, Randy) (Entered: 10/27/2017) |

| | | |
|---|---|---|
| 10/27/2017 | 1377 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos re 1317 MOTION for Hearing *MOTION FOR JAMES HEARING AND DETERMINATION OF CO-CONSPIRATOR STATEMENTS ADMISSIBILITY AT A PRE-TRIAL HEARING* (Castellano, Randy) (Entered: 10/27/2017) |
| 10/27/2017 | 1378 | RESPONSE to Motion by USA as to Shauna Gutierrez re 1321 MOTION for Hearing *James Hearing* (Castellano, Randy) (Entered: 10/27/2017) |
| 10/27/2017 | 1379 | RESPONSE to Motion by USA as to Christopher Garcia re 1303 Opposed MOTION for Order *FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY* (Castellano, Randy) (Entered: 10/27/2017) |
| 10/27/2017 | 1380 | RESPONSE in Opposition by USA as to Shauna Gutierrez re 1320 MOTION for Bill of Particulars (Armijo, Maria) (Entered: 10/27/2017) |
| 10/27/2017 | 1381 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1300 Joint MOTION to Suppress *Lost or Destroyed Evidence* (Armijo, Maria) (Entered: 10/27/2017) |
| 10/27/2017 | 1382 | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos re 1319 MOTION for Bill of Particulars *Defendants Motion for a Bill of Particulars as to Counts 13-16* (Armijo, Maria) (Entered: 10/27/2017) |
| 10/30/2017 | 1383 | NOTICE OF HEARING as to Conrad Villegas: Change of Plea Hearing set for 11/1/2017 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Gregory B. Wormuth. (kls) **COPIES OF ALL PLEA DOCUMENTS MUST BE PROVIDED TO THE COURTROOM DEPUTY 24 HOURS PRIOR TO THE COURT DATE.** [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/30/2017) |
| 10/30/2017 | 1385 | RESPONSE to Motion by USA as to Billy Garcia re 1308 MOTION in Limine *Regarding Alleged Bad Acts* (Armijo, Maria) (Entered: 10/30/2017) |
| 10/30/2017 | 1386 | SENTENCING MEMORANDUM by Santos Gonzalez (Johnson, Erlinda) (Entered: 10/30/2017) |
| 10/30/2017 | 1387 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1332 MOTION to Compel *Immediate Production of Brady/Giglio Materials* by USA as to Anthony Ray Baca. (Armijo, Maria) (Entered: 10/30/2017) |
| 10/30/2017 | 1388 | REPLY by Christopher Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1334 Response in Opposition,, *TO DEFENDANTS MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B) (DOC. 1281)* (Sirignano, Amy) (Entered: 10/30/2017) |
| 10/31/2017 | 1389 | RESPONSE to Motion by USA as to Billy Garcia re 1307 MOTION for Order *Motion to Prevent the Admission of Statements of Non-Testifying Codefendants Implicating Defendant Billy Garcia and for an Order for the Government to Specify Such Statements Prior to Trial* (Castellano, Randy) (Entered: 10/31/2017) |
| 11/01/2017 | 1390 | JOINDER to 1281 Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* joined by Defendant Anthony Ray Baca. (Duncan, Theresa) (Entered: 11/01/2017) |
| 11/01/2017 | 1391 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Conrad Villegas. (kls) (Entered: 11/01/2017) |
| 11/01/2017 | 1392 | PLEA AGREEMENT as to Conrad Villegas. (kls) (Entered: 11/01/2017) |
| 11/01/2017 | 1393 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 11/1/2017 as to Conrad Villegas (20); Guilty plea entered to Count 8ss of the Second Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 11/01/2017) |
| 11/01/2017 | 1394 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Mario Rodriguez. (kls) (Entered: 11/01/2017) |
| 11/01/2017 | 1395 | PLEA AGREEMENT as to Mario Rodriguez. (kls) (Entered: 11/01/2017) |

| | | |
|---|---|---|
| 11/01/2017 | 1396 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 11/1/2017 as to Mario Rodriguez (15); Guilty plea entered to Counts 6ss and 7ss of the Second Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 11/01/2017) |
| 11/03/2017 | 1398 | Unopposed MOTION to Continue *DEFENDANTS DEADLINE TO FILE Reply To United States Responses TO DEFENDANT CHRISTOPHER GARCIAS MOTION FOR DAUBERT HEARING AND TO EXCLUDE GOVERNMENT EXPERT WITNESS TESTIMONY [Doc. 1302] (Doc. 1347) and UNITED STATES RESPONSE TO DEFENDANTS OPPOSED MOTION FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY 1303 (Doc. 1379)* by Christopher Garcia. (Sirignano, Amy) (Entered: 11/03/2017) |
| 11/03/2017 | 1399 | NOTICE *OF JOINDER TO DEFENDANTS RUDY PEREZ, EDWARD TROUP, AND BILLY GARCIA MOTIONS* by Christopher Garcia (Sirignano, Amy) (Entered: 11/03/2017) |
| 11/03/2017 | 1404 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1345 MOTION to Compel *Government to Comply with Rule 16 in Noticing Its Intent to Rely on Gang Expert Witness Testimony, OR, in the alternative, to Exclude the Government's Gang Expert Witnesses Altogether* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 11/03/2017) |
| 11/03/2017 | 1411 | ORDER by District Judge James O. Browning granting 1373 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/03/2017 | 1413 | ORDER by District Judge James O. Browning granting 1374 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/03/2017 | 1414 | ORDER by District Judge James O. Browning granting 1358 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/03/2017 | 1415 | ORDER by District Judge James O. Browning granting 1365 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/03/2017 | 1416 | ORDER by District Judge James O. Browning granting 1387 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/03/2017 | 1417 | ORDER by District Judge James O. Browning granting 1375 Motion for Extension of Time to File Response (meq) (Entered: 11/07/2017) |
| 11/06/2017 | 1406 | TRANSCRIPT of Change of Plea as to Javier Alonso held on August 28, 2017, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting, Telephone number 361-949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 11/13/2017. Redaction Request due 11/27/2017. Redacted Transcript Deadline set for 12/7/2017. Release of Transcript Restriction set for 2/5/2018.(ar) (Entered: 11/06/2017) |
| 11/06/2017 | 1407 | JOINDER to 1281 Opposed MOTION for Order *OPPOSED MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)* joined by Defendant Shauna Gutierrez. (Arellanes, Angela) (Entered: 11/06/2017) |
| 11/06/2017 | 1408 | MOTION for Order *for Statewide Jury Pool and Jury Questionnaire* by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna |

| | | |
|---|---|---|
| | | Gutierrez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Villa, Ryan) (Entered: 11/06/2017) |
| 11/06/2017 | 1409 | Unopposed MOTION for Extension of Time to File Response/Reply *to Motion to Compel Production of Brady and Giglio Materials* by USA as to Anthony Ray Baca. (Armijo, Maria) (Entered: 11/06/2017) |
| 11/06/2017 | 1410 | MINUTE ORDER, pursuant to the directionof District Judge James O. Browning, notifying the parties that the following motions are scheduled to be heard at the motions hearing scheduled for 11/8-9/2017: 1055 , 1126 , 1163 , [1228 & 1303], 1247 , 1251 , 1253 , 1258 , 1264 , 1267 , 1269 , 1270 , 1281 , 1296 , 1297 , 1046 , 1250 , 1292 , 1190 , 1283 and 1155 .(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/06/2017) |
| 11/07/2017 | 1412 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, removing Docs. [1228 & 1303] and 1283 from the agenda of motions to be heard at the motion hearing scheduled for 11/8-9/2017. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/07/2017) |
| 11/07/2017 | 1418 | NOTICE of sentencing hearing as to Defendant Santos Gonzalez scheduled for 11/14/2017 at 09:00 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/07/2017) |
| 11/07/2017 | 1419 | Unopposed MOTION to Continue *THE MOTIONS IN LIMINE AND REPLIES TO DAUBERT MOTIONS DEADLINE, DUE NOVEMBER 10, 2017 (Doc. 1205) TO DECEMBER 1, 2017 FOR ALL DEFENDANTS* by Christopher Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Sirignano, Amy) Modified on 11/29/2017 (meq). (Entered: 11/07/2017) |
| 11/08/2017 | 1421 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, removing Docs. 1292 from the agenda of motions to be heard at the motion hearing scheduled for 11/8-9/2017. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/08/2017) |
| 11/08/2017 | 1423 | First MOTION for Extension of Time to File Response/Reply by Carlos Herrera. (Bhalla, Carey) (Entered: 11/08/2017) |
| 11/09/2017 | 1425 | NOTICE of motions hearing regarding Docs. 1228 , 1292 , 1294 , 1295 & 1303 scheduled for 11/20/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/09/2017) |
| 11/09/2017 | 1426 | NOTICE of motions hearing regarding Docs. 1283 , 1284 , 1300 , 1325 , 1328 & 1330 scheduled for 12/7-8/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/09/2017) |
| 11/09/2017 | 1427 | NOTICE of motions hearing regarding Docs. 1242 , 1299 , 1302 , 1332 & 1345 scheduled for 12/12-13/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/09/2017) |
| 11/09/2017 | 1428 | NOTICE of motions hearing regarding Docs. 1317 & 1329 scheduled for 12/18-19/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/09/2017) |
| 11/09/2017 | 1429 | AMENDED NOTICE of motions hearing regarding Docs. 1228, 1292, 1294, 1295 & 1303 scheduled for 11/20-22/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/09/2017) |
| 11/09/2017 | 1431 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1283 Opposed MOTION to Dismiss , 1284 Opposed MOTION to Dismiss by Edward Troup as to Edward Troup, Billy Garcia. (Harbour-Valdez, Cori) (Entered: 11/09/2017) |
| 11/09/2017 | 1432 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1292 MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* by Edward Troup as to Edward Troup, Billy Garcia. (Harbour-Valdez, Cori) (Entered: 11/09/2017) |

| 11/09/2017 | 1434 | MOTION for Extension of Time to File Response/Reply as to 1308 MOTION in Limine *Regarding Alleged Bad Acts*, 1307 MOTION for Order *Motion to Prevent the Admission of Statements of Non-Testifying Codefendants Implicating Defendant Billy Garcia and for an Order for the Government to Specify Such Statements Prior to Trial* by Billy Garcia. (Attachments: # 1 Proposed Order)(Castle, James) (Entered: 11/09/2017) |
|---|---|---|
| 11/10/2017 | 1435 | REPLY TO RESPONSE to Motion by Christopher Garcia re 1302 Opposed MOTION to Exclude *GOVERNMENT EXPERT WITNESS TESTIMONY AND MOTION FOR DAUBERT HEARING* (Sirignano, Amy) (Entered: 11/10/2017) |
| 11/10/2017 | 1436 | RESPONSE by Christopher Garcia re 1379 Response to Motion *FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND FOR PRE- TRIAL HEARING ON THE STATEMENTS ADMISSIBILITY 1303* (Sirignano, Amy) (Entered: 11/11/2017) |
| 11/13/2017 | 1437 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, rescheduling the sentencing hearing for Defendant Santos Gonzalez on 11/14/2017 to commence at 01:30 PM. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/13/2017) |
| 11/13/2017 | 1438 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1345 MOTION to Compel *Government to Comply with Rule 16 in Noticing Its Intent to Rely on Gang Expert Witness Testimony, OR, in the alternative, to Exclude the Government's Gang Expert Witnesses Altogether* (Armijo, Maria) (Entered: 11/13/2017) |
| 11/14/2017 | 1440 | SECOND AMENDED NOTICE (changing dates of hearing and agenda of motions set to be heard) of motions hearing regarding Docs. 1228 , 1242 , 1292 , 1299 , 1302 , 1303 , 1345 and vacating the hearing scheduled for 11/20-22/2017 and rescheduling for 11/27-29/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/14/2017) |
| 11/14/2017 | 1441 | AMENDED NOTICE (revising the agenda of motions to be heard) of motions hearing regarding Docs. 1294 & 1295 scheduled for 12/12-13/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/14/2017) |
| 11/14/2017 | 1508 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 11/14/2017 for Santos Gonzalez (28), Count(s) 14s, 15s, 16s SENTENCE IMPOSED: CBOP 96 months as to counts 14,15 and 16 of the SSI (said terms shall run concurrently); 3 yrs supervised release as to counts 14 and 15, 5 yrs as to count 16, said terms shall run concurrently for a total term of 5 yrs; SPA $300; deft in custody(Court Reporter: J. Bean) (meq) (Entered: 11/30/2017) |
| 11/15/2017 | 1442 | MOTION for Downward Adjustment *in Defendant's Total Offense Level* by USA as to Santos Gonzalez. (Castellano, Randy) (Entered: 11/15/2017) |
| 11/15/2017 | 1443 | REPLY TO RESPONSE to Motion by Billy Garcia re 1283 Opposed MOTION to Dismiss , 1306 MOTION to Supplement *Motion to Dismiss and 1372 United States' Response in Opposition to Defendants' Motions to Dismiss* (Castle, James) (Entered: 11/15/2017) |
| 11/17/2017 | 1449 | MOTION for Order *for Additional Peremptory Challenges* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez as to Billy Garcia. (Castle, James) (Entered: 11/17/2017) |
| 11/17/2017 | 1450 | BRIEF by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez as to Billy Garcia 1449 MOTION for Order *for Additional Peremptory Challenges* filed by Billy Garcia (Castle, James) (Entered: 11/17/2017) |
| 11/17/2017 | 1452 | REPLY TO RESPONSE to Motion by Edward Troup as to Edward Troup, Billy Garcia re 1292 MOTION to Produce *Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility* (Attachments: # 1 Exhibit)(Harbour-Valdez, Cori) (Entered: 11/17/2017) |
| 11/17/2017 | 1454 | REPLY by Christopher Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert |

| | | |
|---|---|---|
| | | Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1401 Response to Motion *FOR ORDER TO SHOW CAUSE FOR NON-COMPLIANCE OF DISTRICT COURT ORDERS DURING MAY 9-10, 2017 HEARINGS (DOC. 1329)* (Sirignano, Amy) (Entered: 11/17/2017) |
| 11/19/2017 | 1455 | NOTICE *Withdrawing Pleading* by Anthony Ray Baca re 1055 MOTION for Extension of Time to File *Expert Notices and Reports* (Duncan, Theresa) (Entered: 11/19/2017) |
| 11/20/2017 | 1456 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 11/08/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 11/27/2017. Redaction Request due 12/11/2017. Redacted Transcript Deadline set for 12/21/2017. Release of Transcript Restriction set for 2/20/2018.(jab) (Entered: 11/20/2017) |
| 11/20/2017 | 1457 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 11/09/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 11/27/2017. Redaction Request due 12/11/2017. Redacted Transcript Deadline set for 12/21/2017. Release of Transcript Restriction set for 2/20/2018. (jab) (Entered: 11/20/2017) |
| 11/20/2017 | 1458 | MOTION for Order *for Additional Peremptory Challenges* by Daniel Sanchez. (Jacks, Amy) (Entered: 11/20/2017) |
| 11/20/2017 | 1459 | NOTICE *of Letter to Government Regarding Questions about Electronic Surveillance* by Daniel Sanchez (Jacks, Amy) (Entered: 11/20/2017) |
| 11/20/2017 | 1461 | NOTICE *of Non Availability (December 18, 2017 through January 1, 2018)* by Carlos Herrera (Davis, Michael) (Entered: 11/20/2017) |
| 11/20/2017 | 1463 | NOTICE *of Withdrawing Motion* by Anthony Ray Baca as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez re 1332 MOTION to Compel *Immediate Production of Brady/Giglio Materials* (Duncan, Theresa) (Entered: 11/20/2017) |

| | | |
|---|---|---|
| 11/21/2017 | 1466 | MOTION to Supplement *Objection to Government's Proposed Gang Expert Evidence on Sixth Amendment Confrontation Grounds [Doc. 1337]* by Billy Garcia. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D, # 5 Appendix E, # 6 Appendix F, # 7 Appendix G, # 8 Appendix H)(Castle, James) (Entered: 11/21/2017) |
| 11/22/2017 | 1469 | APPENDIX/SUPPLEMENT re 1126 MOTION to determine whether Michael V. Davis has an actual or potential conflict of interest *United States' Sealed Motion Regarding Attorney Conflict* (Davis, Michael) (Entered: 11/22/2017) |
| 11/22/2017 | 1470 | EMAIL from Ryan Villa of Purposed Supplemental Juror Questionnaire (meq) (Entered: 11/22/2017) |
| 11/22/2017 | 1471 | NOTICE *REGARDING ATTORNEY CONFLICT (DOC. 1126)* by Roy Paul Martinez (Milner, Marcia) (Entered: 11/22/2017) |
| 11/24/2017 | 1472 | NOTICE of Pretrial Conference scheduled for 12/18/2017 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/24/2017) |
| 11/24/2017 | 1473 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, removing Doc. 1317 from the agenda of motions scheduled to be heard 12/18-19/2017 and adding it to the agenda of motions to be heard 11/27-29/2017; also, removing Doc. 1332 from the 11/27-29/17 agenda, as a result of the motion being withdrawn. (kw) (Entered: 11/24/2017) |
| 11/27/2017 | 1477 | WITNESS LIST by Rudy Perez (Fox-Young, Justine) (Entered: 11/27/2017) |
| 11/27/2017 | 1479 | NOTICE *Defendant's Witness List* by Carlos Herrera (Bhalla, Carey) (Entered: 11/27/2017) |
| 11/27/2017 | 1480 | REPLY TO RESPONSE to Motion by Carlos Herrera re 1294 First MOTION to Suppress *Statements* (Bhalla, Carey) (Entered: 11/27/2017) |
| 11/27/2017 | 1481 | NOTICE *of Addendum* by Carlos Herrera re 1480 Reply to Response (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Bhalla, Carey) (Entered: 11/27/2017) |
| 11/27/2017 | 1482 | NOTICE *of Letter to Government Regarding DNA Evidence* by Christopher Garcia (Sirignano, Amy) (Entered: 11/27/2017) |
| 11/27/2017 | 1483 | WITNESS LIST by Daniel Sanchez (Jacks, Amy) (Entered: 11/27/2017) |
| 11/28/2017 | 1486 | NOTICE *PER COURTS RULING OF INCORPORATION OF MOTIONS AND RELATED TRANSCRIPTS FROM 15-CR-4275 NEEDING THE COURTS DECISION* by Christopher Garcia (Sirignano, Amy) (Entered: 11/28/2017) |
| 11/28/2017 | 1487 | NOTICE *of Letter to Government Regarding Incorporating 15-CR-4275 Motions and Motions to Suppress* by Christopher Garcia (Sirignano, Amy) (Entered: 11/28/2017) |
| 11/28/2017 | 1488 | MOTION to Appoint Counsel , MOTION to Continue by Carlos Herrera. (Bhalla, Carey) (Entered: 11/28/2017) |
| 11/29/2017 | 1490 | ORDER by District Judge James O. Browning granting 1398 Motion to Continue Defendant's Deadline to File Replies as to Christopher Garcia (24) (meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1491 | ORDER by District Judge James O. Browning granting 1404 Motion for Extension of Time to File Response(meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1492 | ORDER by District Judge James O. Browning granting 1409 Motion for Extension of Time to File Response to Motion to Compel Production of Brady and Giglio Materials (meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1493 | ORDER by District Judge James O. Browning granting 1419 Motion to Continue the Motions in Limine and Replies to Daubert Motions Deadline(meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1494 | ORDER by District Judge James O. Browning granting 1423 Motion for Extension of Time to File Replies to the Government's Response to his Motion to Suppress Involuntary Statements as to Carlos Herrera (25) (meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1495 | ORDER by District Judge James O. Browning granting 1432 Motion for Extension of Time to File Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 11/29/2017) |
| 11/29/2017 | 1496 | WITNESS LIST by Christopher Garcia (Sirignano, Amy) (Entered: 11/29/2017) |
| 11/29/2017 | 1497 | ORDER by District Judge James O. Browning granting 1434 Motion for Extension of Time to File Reply as to Billy Garcia (5) (meq) (Entered: 11/29/2017) |

| | | |
|---|---|---|
| 11/29/2017 | 1498 | ORDER by District Judge James O. Browning granting 1431 Motion for Extension of Time to File Reply as to Edward Troup (3), Billy Garcia (5) (meq) (Entered: 11/29/2017) |
| 11/30/2017 | 1501 | Opposed MOTION for Discovery *Regarding Monetary Payments to Inmate Informant Witnesses - No Hearing Requested* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Appendix A)(Castle, James) (Entered: 11/30/2017) |
| 11/30/2017 | 1502 | Opposed MOTION in Limine *Regarding Plea Agreements and Addenda* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Appendix A)(Castle, James) (Entered: 11/30/2017) |
| 11/30/2017 | 1503 | Opposed MOTION for Order *for Advance Notice of Witnesses to be Called by the Government - No Hearing Requested* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) (Entered: 11/30/2017) |
| 11/30/2017 | 1504 | Opposed MOTION in Limine *Regarding Alleged Bad Acts* by Edward Troup. (Attachments: # 1 Appendix)(Harbour-Valdez, Cori) (Entered: 11/30/2017) |
| 11/30/2017 | 1505 | MOTION in Limine *to Prohibit Cooperating and Other Witnesses from Testifying to Fear of Defendants, the SNM or Retaliation, and About any Witness Protection Measures* by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Villa, Ryan) (Entered: 11/30/2017) |
| 11/30/2017 | 1509 | Unopposed MOTION for Order *TO RESOLVE CONFLICT PURSUANT TO THE COURTS ORDER* by Christopher Garcia. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sirignano, Amy) (Entered: 11/30/2017) |
| 12/01/2017 | 1512 | MOTION to Exclude *Evidence of Other "Enterprise" Acts* by Rudy Perez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Fox-Young, Justine) (Entered: 12/01/2017) |
| 12/01/2017 | 1513 | Opposed MOTION in Limine *Regarding Alias Names, Monikers and/or A/K/A* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Harbour-Valdez, Cori) (Entered: 12/01/2017) |
| 12/01/2017 | 1514 | MOTION in Limine *to Exclude Statement of Cooperating Government Witnesses* by Rudy Perez as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Villa, Ryan) (Entered: 12/01/2017) |
| 12/01/2017 | 1515 | MOTION in Limine *Defendants Motion in Limine Invoking Federal Rule of Criminal Procedure 615 or The Rule* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 12/01/2017) |
| 12/01/2017 | 1516 | MOTION in Limine *Defendants Motion in Limine Requesting the Maintenance of the Appearance of Innocence* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 12/01/2017) |
| 12/01/2017 | 1517 | Opposed MOTION in Limine *TO EXCLUDE CO-DEFENDANTS STATEMENTS* by Christopher Garcia. (Sirignano, Amy) (Entered: 12/01/2017) |

| 12/01/2017 | 1518 | Opposed MOTION in Limine *TO PROHIBIT WITNESSES FROM READING PRE-TRIAL AND TRIAL TESTIMONY TRANSCRIPTS* by Christopher Garcia. (Sirignano, Amy) (Entered: 12/01/2017) |
|---|---|---|
| 12/01/2017 | 1519 | MOTION in Limine *to Prohibit Government from Making Statements or Arguments that Improperly Suggest that Propensity Character Inferences Can or Should be Made from Extrinsic Act Evidence* by Daniel Sanchez. (Jacks, Amy) (Entered: 12/01/2017) |
| 12/01/2017 | 1520 | Opposed MOTION in Limine *to Preclude Questioning Government Witnesses Regarding Personal Information* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 12/01/2017) |
| 12/01/2017 | 1521 | Opposed MOTION in Limine *to Exclude Any Reference to Punishment or Sentencing* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 12/01/2017) |
| 12/01/2017 | 1522 | Opposed MOTION in Limine *for a Pretrial Order Permitting the Prosecution to Present Witness Testimony in Installments* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 12/01/2017) |
| 12/01/2017 | 1523 | Opposed MOTION in Limine *to Allow Transcripts Containing English Translations of Recorded Spanish Conversations as Substantive Evidence* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 12/01/2017) |
| 12/01/2017 | 1524 | MOTION in Limine *to Preclude Soliciting Testimony About Sensitive Government Recording Devices and Programs* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Beck, Matthew) (Entered: 12/01/2017) |
| 12/01/2017 | 1525 | NOTICE *United States' Notice of Intent to Use Evidence Pursuant to Rule 609* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 12/01/2017) |
| 12/01/2017 | 1526 | Opposed MOTION in Limine *FOR UPDATED WITNESS LIST, ASSESSMENT OF ALL GOVERNMENT WITNESSES AND VOIR DIRE OF ALL GOVERNMENT EXPERT WITNESSES* by Christopher Garcia. (Sirignano, Amy) (Entered: 12/01/2017) |
| 12/01/2017 | 1527 | MOTION in Limine *for Pre-Trial Rulings on Pre-Trial Evidentiary Objections to Exhibits* by Arturo Arnulfo Garcia. (Davidson, Scott) Modified on 1/10/2018, Termed per doc 1617 (meq). (Entered: 12/01/2017) |
| 12/01/2017 | 1528 | MOTION in Limine *Regarding Alleged Bad Act* by Arturo Arnulfo Garcia. (Attachments: # 1 Attachment A)(Davidson, Scott) (Entered: 12/01/2017) |
| 12/01/2017 | 1530 | MOTION in Limine *to Prohibit Government from Introducing Testimony of Alleged "Bad Acts"* by Daniel Sanchez. (Attachments: # 1 Appendix A Govt Notice of "Bad Acts")(Jacks, Amy) (Entered: 12/01/2017) |
| 12/01/2017 | 1531 | MOTION in Limine *Regarding Alleged Bad Acts* by Christopher Chavez. (Attachments: # 1 Appendix)(Mondragon, Orlando) (Entered: 12/01/2017) |
| 12/01/2017 | 1532 | Opposed MOTION in Limine *to Exclude Other Bad Acts Evidence* by Allen Patterson. (Lahann, Jeffrey) (Entered: 12/01/2017) |
| 12/03/2017 | 1533 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting the request to disqualify Michael V. Davis as attorney of record for Defendant Carlos Herrera in the United States' Sealed Motion Regarding Attorney Conflict 1126 . (kw) (Entered: 12/03/2017) |

| | | |
|---|---|---|
| 12/04/2017 | 1537 | Opposed MOTION in Limine *TO PROHIBIT GOVERNMENT ATTORNEYS OR WITNESSES FROM REFERRING TO ALLEGED VICTIMS AS VICTIMS* by Anthony Ray Baca. (Duncan, Theresa) (Entered: 12/04/2017) |
| 12/04/2017 | 1539 | MOTION in Limine *TO PROHIBIT GOVERNMENT ATTORNEYS FROM USING RULE 405, 608 OR 609 CHARACTER EVIDENCE WITHOUT JUDICIAL APPROVAL* by Anthony Ray Baca. (Lowry, Marc) (Entered: 12/04/2017) |
| 12/04/2017 | 1540 | MOTION in Limine *TO PROHIBIT THE GOVERNMENT FROM QUESTIONING JERRY ARMENTA ABOUT DEFENDANT ANTHONY RAY BACAS INVOLVEMENT COUNTS 6 & 7* by Anthony Ray Baca. (Lowry, Marc) (Entered: 12/04/2017) |
| 12/05/2017 | 1544 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, removing Docs. 1283 , 1284 , 1325 , 1328 & 1330 from the agenda of motions to be heard 12/7-8/2017 and adding Docs. 1294 , 1295 , 1488 & 1534 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/05/2017) |
| 12/06/2017 | 1545 | TRANSCRIPT of Motions Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 11/27/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 5053482283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 12/13/2017. Redaction Request due 12/27/2017. Redacted Transcript Deadline set for 1/8/2018. Release of Transcript Restriction set for 3/6/2018. (jab) (Entered: 12/06/2017) |
| 12/06/2017 | 1546 | TRANSCRIPT of Motions Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 11/28/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 5053482283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 12/13/2017. Redaction Request due 12/27/2017. Redacted Transcript Deadline set for 1/8/2018. Release of Transcript Restriction set for 3/6/2018. (jab) (Entered: 12/06/2017) |
| 12/06/2017 | 1547 | TRANSCRIPT of Motions Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, |

| | | |
|---|---|---|
| | | Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 11/29/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 5058432283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/13/2017. Redaction Request due 12/27/2017. Redacted Transcript Deadline set for 1/8/2018. Release of Transcript Restriction set for 3/6/2018. (jab) (Entered: 12/06/2017) |
| 12/06/2017 | 1548 | RESPONSE by USA as to Daniel Sanchez re 1459 Notice (Other) *United States' Response to Defendant Daniel Sanchez's Notice of Letter to Government Regarding Questions about Electronic Surveillance* (Beck, Matthew) (Entered: 12/06/2017) |
| 12/06/2017 | 1549 | MOTION in Limine *to Prohibit Bad Acts* by Carlos Herrera. (Attachments: # 1 Exhibit A)(Bhalla, Carey) (Entered: 12/06/2017) |
| 12/06/2017 | 1550 | NOTICE *of Filing Expert Report* by Edward Troup re 1252 Notice (Other) (Harbour-Valdez, Cori) (Entered: 12/06/2017) |
| 12/06/2017 | 1551 | Opposed MOTION for Reconsideration *re: Court's Order for Limited Production of Sensitive Government Recording Devices or Programs* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Exhibit A (Declaration), # 2 Exhibit B (CV), # 3 Exhibit C (Testimony), # 4 Exhibit D (Testimony))(Beck, Matthew) (Entered: 12/06/2017) |
| 12/06/2017 | 1552 | Unopposed MOTION for Leave to File Excess Pages - *Regarding United States' Motion to Reconsider (Doc. 1551)* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Beck, Matthew) (Entered: 12/06/2017) |
| 12/07/2017 | 1553 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying the Motion to Dismiss Indictment as It Relates to Shauna Gutierrez 1155 (meq) (Entered: 12/07/2017) |
| 12/08/2017 | 1554 | NOTICE of motion hearing regarding Doc. 1551 scheduled for 12/11/2017 at 01:00 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/08/2017) |
| 12/08/2017 | 1555 | Opposed MOTION in Limine *TO PROHIBIT THE GOVERNMENT FROM INTRODUCING EVIDENCE OF ALLEGED BAD ACTS* by Christopher Garcia. (Attachments: # 1 Exhibit A)(Sirignano, Amy) (Entered: 12/08/2017) |
| 12/08/2017 | 1556 | MOTION to Supplement *Defendant Billy Garcia's Notice Pursuant to Fed.R. Crim. P. 16(b) [Doc. 1217]* by Billy Garcia. (Castle, James) (Entered: 12/08/2017) |
| 12/08/2017 | 1557 | APPENDIX/SUPPLEMENT re 1556 MOTION to Supplement *Defendant Billy Garcia's Notice Pursuant to Fed.R. Crim. P. 16(b) [Doc. 1217] Appendix A* (Castle, James) (Entered: 12/08/2017) |
| 12/09/2017 | 1558 | MOTION in Limine *to Exclude Prior Bad Acts* by Rudy Perez. (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 12/09/2017) |

| 12/09/2017 | 1559 | NOTICE *of Intent to Call Expert Witness Dr. Michael Spence (Amended)* by Rudy Perez re 1051 Notice (Other) (Villa, Ryan) (Entered: 12/09/2017) |
|---|---|---|
| 12/10/2017 | 1560 | NOTICE *of Supplemented Expert Disclosure* by Rudy Perez re 1052 Notice (Other) (Fox-Young, Justine) (Entered: 12/10/2017) |
| 12/11/2017 | 1561 | NOTICE *of Supplemented Expert Disclosure* by Rudy Perez re 1048 Notice (Other) (Fox-Young, Justine) (Entered: 12/11/2017) |
| 12/11/2017 | 1562 | NOTICE *Amended Expert Testimony* by Carlos Herrera as to Carlos Herrera, Rudy Perez re 1353 Notice (Other) (Bhalla, Carey) (Entered: 12/11/2017) |
| 12/11/2017 | 1563 | NOTICE *AMENDED OF INTENT TO OFFER EXPERT WITNESS TESTIMONY* by Christopher Garcia re 1257 Notice (Other) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Sirignano, Amy) (Entered: 12/11/2017) |
| 12/11/2017 | 1564 | NOTICE *of Supplemented Expert Disclosure* by Rudy Perez re 1354 Notice (Other) (Fox-Young, Justine) (Entered: 12/11/2017) |
| 12/11/2017 | 2492 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motions Hearing held on 12/11/2017 (Court Reporter: J. Bean) (Attachments: # 1 Exhibit) (vv) (Entered: 01/16/2019) |
| 12/14/2017 | 1567 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1501 Opposed MOTION for Discovery *Regarding Monetary Payments to Inmate Informant Witnesses - No Hearing Requested* by USA as to Billy Garcia. (Armijo, Maria) (Entered: 12/14/2017) |
| 12/14/2017 | 1568 | RESPONSE in Opposition by USA as to Billy Garcia re 1502 Opposed MOTION in Limine *Regarding Plea Agreements and Addenda* (Armijo, Maria) (Entered: 12/14/2017) |
| 12/14/2017 | 1569 | RESPONSE in Opposition by USA as to Billy Garcia, Christopher Garcia re 1526 Opposed MOTION in Limine *FOR UPDATED WITNESS LIST, ASSESSMENT OF ALL GOVERNMENT WITNESSES AND VOIR DIRE OF ALL GOVERNMENT EXPERT WITNESSES*, 1503 Opposed MOTION for Order *for Advance Notice of Witnesses to be Called by the Government - No Hearing Requested* (Armijo, Maria) (Entered: 12/14/2017) |
| 12/14/2017 | 1570 | RESPONSE in Opposition by USA as to Rudy Perez re 1505 MOTION in Limine *to Prohibit Cooperating and Other Witnesses from Testifying to Fear of Defendants, the SNM or Retaliation, and About any Witness Protection Measures* (Armijo, Maria) (Entered: 12/14/2017) |
| 12/15/2017 | 1571 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos, Christopher Garcia re 1515 MOTION in Limine *Defendants Motion in Limine Invoking Federal Rule of Criminal Procedure 615 or The Rule*, 1518 Opposed MOTION in Limine *TO PROHIBIT WITNESSES FROM READING PRE-TRIAL AND TRIAL TESTIMONY TRANSCRIPTS* (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1572 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos re 1516 MOTION in Limine *Defendants Motion in Limine Requesting the Maintenance of the Appearance of Innocence* (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1573 | RESPONSE in Opposition by USA as to Anthony Ray Baca re 1537 Opposed MOTION in Limine *TO PROHIBIT GOVERNMENT ATTORNEYS OR WITNESSES FROM REFERRING TO ALLEGED VICTIMS AS VICTIMS* (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1574 | RESPONSE to Motion by USA as to Edward Troup re 1513 Opposed MOTION in Limine *Regarding Alias Names, Monikers and/or A/K/A* (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1575 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1520 Opposed MOTION in Limine *to Preclude Questioning Government Witnesses Regarding Personal Information*, 1523 Opposed MOTION in Limine *to Allow Transcripts Containing English Translations of Recorded Spanish Conversations as Substantive Evidence*, 1525 Notice (Other),, 1522 Opposed MOTION in Limine *for a Pretrial Order Permitting the Prosecution to Present Witness Testimony in Installments*, 1524 MOTION in Limine *to Preclude Soliciting Testimony About Sensitive Government Recording Devices and Programs*, 1521 Opposed MOTION in Limine *to Exclude Any Reference to Punishment or Sentencing* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Harbour-Valdez, Cori) (Entered: 12/15/2017) |
| 12/15/2017 | 1576 | TRANSCRIPT of Motion to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, |

| | | |
|---|---|---|
| | | Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/07/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/22/2017. Redaction Request due 1/5/2018. Redacted Transcript Deadline set for 1/16/2018. Release of Transcript Restriction set for 3/15/2018. (jab) (Entered: 12/15/2017) |
| 12/15/2017 | 1577 | TRANSCRIPT of Motion to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/08/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/22/2017. Redaction Request due 1/5/2018. Redacted Transcript Deadline set for 1/16/2018. Release of Transcript Restriction set for 3/15/2018. (jab) (Entered: 12/15/2017) |
| 12/15/2017 | 1578 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1527 MOTION in Limine *for Pre-Trial Rulings on Pre-Trial Evidentiary Objections to Exhibits* by USA as to Arturo Arnulfo Garcia. (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1579 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1529 Opposed MOTION to Suppress *Cooperating Witness Unintelligible Recordings and to Dismiss Indictment Due to Trombetta Violation* by USA as to Christopher Garcia. (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1580 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1540 MOTION in Limine *TO PROHIBIT THE GOVERNMENT FROM QUESTIONING JERRY ARMENTA ABOUT DEFENDANT ANTHONY RAY BACAS INVOLVEMENT COUNTS 6 & 7,* 1517 Opposed MOTION in Limine *TO EXCLUDE CO-DEFENDANTS STATEMENTS,* 1514 MOTION in Limine *to Exclude Statement of Cooperating Government Witnesses* by USA as to Anthony Ray Baca, Christopher Garcia, Rudy Perez. (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1581 | RESPONSE in Opposition by USA as to Edward Troup, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1558 MOTION in Limine *to Exclude Prior Bad Acts,* 1549 MOTION in Limine *to Prohibit Bad Acts,* 1519 MOTION in Limine *to Prohibit Government from Making Statements or Arguments that Improperly Suggest that Propensity Character Inferences Can or Should be Made from Extrinsic Act Evidence,* 1531 MOTION in Limine *Regarding Alleged Bad Acts,* 1538 MOTION in Limine *TO PROHIBIT GOVERNMENT FROM INTRODUCING EVIDENCE OF ALLEGED BAD ACTS,* 1532 Opposed |

| | | |
|---|---|---|
| | | MOTION in Limine *to Exclude Other Bad Acts Evidence*, 1512 MOTION to Exclude *Evidence of Other "Enterprise" Acts*, 1555 Opposed MOTION in Limine *TO PROHIBIT THE GOVERNMENT FROM INTRODUCING EVIDENCE OF ALLEGED BAD ACTS*, 1539 MOTION in Limine *TO PROHIBIT GOVERNMENT ATTORNEYS FROM USING RULE 405, 608 OR 609 CHARACTER EVIDENCE WITHOUT JUDICIAL APPROVAL*, 1504 Opposed MOTION in Limine *Regarding Alleged Bad Acts*, 1530 MOTION in Limine *to Prohibit Government from Introducing Testimony of Alleged "Bad Acts"*, 1528 MOTION in Limine *Regarding Alleged Bad Act* (Armijo, Maria) (Entered: 12/15/2017) |
| 12/15/2017 | 1582 | REPLY TO RESPONSE to Motion by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1502 Opposed MOTION in Limine *Regarding Plea Agreements and Addenda* (Attachments: # 1 Appendix A)(Castle, James) (Entered: 12/15/2017) |
| 12/15/2017 | 1583 | RESPONSE to Motion by Carlos Herrera re 1523 Opposed MOTION in Limine *to Allow Transcripts Containing English Translations of Recorded Spanish Conversations as Substantive Evidence* (Bhalla, Carey) (Entered: 12/15/2017) |
| 12/17/2017 | 1584 | NOTICE *OF DECLARATION OF EXPERT JANINE ARVIZU PER COURTS RULING ON NOVEMBER 9, 2017* by Christopher Garcia (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sirignano, Amy) (Entered: 12/17/2017) |
| 12/18/2017 | 1585 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning, denying Defendant Daniel Sanchez's Motion to Sever the Trial of Counts 6-7 from the Trial of Counts 8-12 (meq) (Entered: 12/18/2017) |
| 12/19/2017 | 1586 | RESPONSE to Motion by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Shauna Gutierrez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1520 Opposed MOTION in Limine *to Preclude Questioning Government Witnesses Regarding Personal Information* (Benjamin, Brock) (Entered: 12/19/2017) |
| 12/19/2017 | 1587 | NOTICE *OF DECLARATION OF EXPERT DAN E. KRANE PER COURTS RULING ON NOVEMBER 9, 2017* by Christopher Garcia (Attachments: # 1 Exhibit A)(Sirignano, Amy) (Entered: 12/19/2017) |
| 12/19/2017 | 1588 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning, extending the motion hearing scheduled for 12/18-19/2017 to proceed through 12/20/2017; resuming argument as to Docs. 1294 & 1295 ; and, adding the following motions to the agenda: 1501 , 1502 , 1503 , 1504 , 1505 , 1512 , 1513 , 1514 , 1515 , 1516 , 1517 , 1518 , 1519 , 1520 , 1521 , 1522 , 1523 , 1524 , 1525 , 1528 , 1530 , 1531 , 1532 , 1537 , 1538 , 1539 , 1540 , 1549 and 1555 .(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/19/2017) |
| 12/20/2017 | 1589 | NOTICE resuming Pretrial Conference and of motions hearing scheduled for 1/8-12/2018 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. The following motions will be heard: Docs. 1328 , 1330 , 1527 & 1529 . The Court will also take up any outstanding attorney conflict issues and conduct the necessary colloquys to facilitate waiver of those issues. Further, if after the completion of the 12/20/2017 hearing there are other outstanding motions/issues pertaining to the Defendants scheduled to commence trial on 1/29/2018 that remain unheard and/or pending the presentation of evidence and/or oral argument, counsel shall notify the Court's Courtroom Deputy of those motions/issues in written format no later than the close of business on 12/31/2017; this shall include the estimated amount of time counsel believe will be required to complete the presentation of evidence and/or argument on the matters. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/20/2017) |
| 12/20/2017 | 1590 | Joint MOTION to Amend/Correct *Fourth Scheduling Order [Doc. 1205]* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Harbour-Valdez, Cori) (Entered: 12/20/2017) |

| | | |
|---|---|---|
| 12/20/2017 | 1591 | RESPONSE by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1563 Notice (Other), 1562 Notice (Other), 1550 Notice (Other), 1564 Notice (Other), 1559 Notice (Other), 1561 Notice (Other), 1560 Notice (Other) (Armijo, Maria) (Entered: 12/20/2017) |
| 12/21/2017 | 1592 | TRANSCRIPT of Motion to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/11/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br>Notice of Intent to Request Redaction set for 12/28/2017. Redaction Request due 1/11/2018. Redacted Transcript Deadline set for 1/22/2018. Release of Transcript Restriction set for 3/21/2018. (jab) (Entered: 12/21/2017) |
| 12/21/2017 | 1594 | RESPONSE to Motion by USA as to Anthony Ray Baca, Christopher Garcia, Rudy Perez re 1540 MOTION in Limine *TO PROHIBIT THE GOVERNMENT FROM QUESTIONING JERRY ARMENTA ABOUT DEFENDANT ANTHONY RAY BACAS INVOLVEMENT COUNTS 6 & 7*, 1517 Opposed MOTION in Limine *TO EXCLUDE CO-DEFENDANTS STATEMENTS*, 1514 MOTION in Limine *to Exclude Statement of Cooperating Government Witnesses* (Castellano, Randy) (Entered: 12/21/2017) |
| 12/27/2017 | 1597 | TRANSCRIPT of Motion to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/12/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br>Notice of Intent to Request Redaction set for 1/3/2018. Redaction Request due 1/17/2018. Redacted Transcript Deadline set for 1/29/2018. Release of Transcript Restriction set for 3/27/2018. (jab) (Entered: 12/27/2017) |
| 12/28/2017 | 1598 | TRANSCRIPT of Motion to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, |

| | | |
|---|---|---|
| | | Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/13/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/4/2018. Redaction Request due 1/18/2018. Redacted Transcript Deadline set for 1/29/2018. Release of Transcript Restriction set for 3/28/2018. (jab) (Entered: 12/28/2017) |
| 01/02/2018 | 1600 | TRANSCRIPT of Combined Motions to Suppress Proceedings and Daubert Hearings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/18/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/9/2018. Redaction Request due 1/23/2018. Redacted Transcript Deadline set for 2/2/2018. Release of Transcript Restriction set for 4/2/2018. (jab) (Entered: 01/02/2018) |
| 01/03/2018 | 1601 | MOTION for Leave to File *Motion in Limine Out of Time* by Joe Lawrence Gallegos. (Sindel, Richard) (Entered: 01/03/2018) |
| 01/03/2018 | 1602 | MOTION in Limine by Joe Lawrence Gallegos. (Attachments: # 1 Appendix A)(Sindel, Richard) (Entered: 01/03/2018) |
| 01/03/2018 | 1603 | MOTION to Amend/Correct 1601 MOTION for Leave to File *Motion in Limine Out of Time* filed by Joe Lawrence Gallegos by Joe Lawrence Gallegos. (Sindel, Richard) (Entered: 01/03/2018) |
| 01/04/2018 | 1607 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, and pursuant to the request of counsel, adding the following to be heard and/or resume argument at the motions hearing scheduled for 1/8/2018 through 1/12/2018: Docs. 1325 , 1517 , 1525 & 1539 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/04/2018) |
| 01/04/2018 | 1608 | TRANSCRIPT of Combined Motions to Suppress Proceedings and Daubert Hearings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/19/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/11/2018. Redaction Request due 1/25/2018. Redacted Transcript Deadline set for 2/5/2018. Release of Transcript Restriction set for 4/4/2018. (jab) (Entered: 01/04/2018) |
| 01/05/2018 | [1610](#) | TRANSCRIPT of Motions to Suppress Proceedings and James Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/20/17, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/12/2018. Redaction Request due 1/26/2018. Redacted Transcript Deadline set for 2/5/2018. Release of Transcript Restriction set for 4/5/2018. (jab) (Entered: 01/05/2018) |
| 01/05/2018 | [1611](#) | NOTICE *OF WAIVER OF IAD ANTISHUTTLING RIGHTS* by Roy Paul Martinez (Milner, Marcia) (Entered: 01/05/2018) |
| 01/08/2018 | 1614 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding Docs. 1595 , 1596 and 1606 to the agenda of motions to be heard at the hearing scheduled to commence 01/08/2017. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/08/2018) |
| 01/08/2018 | [1615](#) | ORDER by District Judge James O. Browning granting [1442](#) Motion for Downward Adjustment as to Santos Gonzalez (28) (meq) (Entered: 01/08/2018) |
| 01/08/2018 | [1616](#) | MOTION in Limine *to Preclude the Admission of Un-confronted, Out of Court Statements Proffered by the Government at the James Hearing* by Daniel Sanchez. (Jacks, Amy) (Entered: 01/08/2018) |
| 01/09/2018 | [1617](#) | NOTICE of Withdrawal by Arturo Arnulfo Garcia re [1527](#) MOTION in Limine *for Pre-Trial Rulings on Pre-Trial Evidentiary Objections to Exhibits* (Davidson, Scott) (Entered: 01/09/2018) |
| 01/09/2018 | [1749](#) | WAIVER of Potential Conflict by Daniel Sanchez (meq) (Entered: 02/06/2018) |
| 01/09/2018 | [1750](#) | WAIVER by Anthony Ray Baca, of Potential Conflict (meq) (Entered: 02/06/2018) |
| 01/10/2018 | [1618](#) | TRIAL BRIEF by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Castle, James) (Entered: 01/10/2018) |
| 01/10/2018 | 1619 | MINUTE ORDER, pursuant to the direction of by District Judge James O. Browning, requesting that Plaintiff United States of America respond to the following questions: (i) Does the United States stand by its argument that the Court should try the Counts 6-7 Defendants alongside the Counts 8-12 Defendants -- and will the United States defend that argument on appeal and not concede error -- even though evidence admitted against the Counts 8-12 Defendants under rule 801(d)(2)(E) is not admissible for its truth -- under |

| | | |
|---|---|---|
| | | that rule -- against the Counts 6-7 Defendants and vice versa?; (ii) Does the United States stand by its argument that the Court should proceed in a joint trial -- and will the United States defend that argument on appeal and not concede error -- given the number of statements that will be admissible against only one defendant under rule 801(d)(2)(A), requiring many limiting instructions?; (iii) Will the United States defend on appeal -- and not concede error -- the Courts ruling that particular out-of-court statements elicited by confidential human sources, such as Defendant Rudy Perez' statements to Billy Cordova and Defendant Anthony Baca's statements to Eric Duran, are nontestimonial?; (iv) Will the United States defend on appeal -- and not concede error -- the Court's ruling that Bruton v. United States, 391 U.S. 123 (1968) permits a nontestimonial confessions introduction, with a limiting instruction, if the confession implicates multiple defendants and is only admissible against one of them? The Court directs Assistant United States Attorney James Braun, or the current head of the Appellate Division of the United States Attorney's Office for the District of New Mexico, to respond on the United States' behalf by the end of business on January 17, 2018, so it can know the United States' appellate position. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/10/2018) |
| 01/10/2018 | 1751 | WAIVER of Potential Conflict by Arturo Arnulfo Garcia (meq) (Entered: 02/06/2018) |
| 01/11/2018 | 1621 | ORDER by District Judge James O. Browning granting 1552 Motion for Leave to File Excess Pages (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1622 | ORDER by District Judge James O. Browning granting 1580 Motion for Extension of Time to File Response (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1623 | ORDER by District Judge James O. Browning granting 1567 Motion for Extension of Time to File Response as to Billy Garcia (5) (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1624 | ORDER by District Judge James O. Browning granting 1578 Motion for Extension of Time to File Responses as to Arturo Arnulfo Garcia (10) (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1625 | ORDER by District Judge James O. Browning granting 1579 Motion for Extension of Time to File Response as to Christopher Garcia (24) (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1626 | ORDER by District Judge James O. Browning granting 1590 Motion to Amend Fourth Scheduling Order (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1628 | ORDER by District Judge James O. Browning granting 1575 Motion for Extension of Time to File Response to Motion in Limine (meq) (Entered: 01/11/2018) |
| 01/11/2018 | 1629 | NOTICE *of Joint Proposed Statement of the Case* by USA as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Castellano, Randy) (Entered: 01/11/2018) |
| 01/12/2018 | 1634 | Proposed Voir Dire by USA as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Armijo, Maria) (Entered: 01/12/2018) |
| 01/12/2018 | 1635 | Proposed Jury Instructions by USA as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Castellano, Randy) (Entered: 01/12/2018) |
| 01/12/2018 | 1636 | EXHIBIT LIST by Christopher Garcia as to Anthony Ray Baca, Christopher Garcia (Sirignano, Amy) (Entered: 01/12/2018) |
| 01/12/2018 | 1637 | EXHIBIT LIST by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 01/12/2018) |
| 01/12/2018 | 1638 | EXHIBIT LIST by Daniel Sanchez as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (Jacks, Amy) (Entered: 01/12/2018) |
| 01/12/2018 | 1639 | Proposed Voir Dire by Carlos Herrera (Bhalla, Carey) (Entered: 01/12/2018) |
| 01/12/2018 | 1640 | WITNESS LIST by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Fox-Young, Justine) (Entered: 01/12/2018) |
| 01/12/2018 | 1641 | Proposed Jury Instructions by Christopher Garcia as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Sirignano, Amy) (Entered: 01/12/2018) |
| 01/14/2018 | 1642 | JUDGMENT by District Judge James O. Browning as to Defendant Santos Gonzalez. (kw) (Entered: 01/14/2018) |

| 01/16/2018 | 1646 | NOTICE *of Defendants' Objection to Shackling During Trial* by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Villa, Ryan) (Entered: 01/16/2018) |
| --- | --- | --- |
| 01/17/2018 | 1652 | NOTICE *OF WITHDRAWAL OF EMERGENCY SEALED MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (No. 1606)* by Christopher Garcia re 1606 Emergency MOTION for Writ of Habeas Corpus ad testificandum *Sealed* (Sirignano, Amy) (Entered: 01/17/2018) |
| 01/17/2018 | 1653 | NOTICE *OF JOINDER TO TRIAL ONE DEFENDANTS JOINT PROPOSED VOIR DIRE (Doc. 1639)* by Christopher Garcia (Sirignano, Amy) (Entered: 01/17/2018) |
| 01/17/2018 | 1654 | RESPONSE by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 01/17/2018) |
| 01/18/2018 | 1655 | NOTICE *to Correct Testimony* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Attachments: # 1 FBI FD 1057 re Wire intercepts)(Armijo, Maria) (Entered: 01/18/2018) |
| 01/18/2018 | 1656 | NOTICE *OF GANG EXPERT TESTIMONY (SUPPLEMENTAL)* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1299 MOTION in Limine (Attachments: # 1 NMCD Memorandum Regarding Prison Gang Information)(Armijo, Maria) (Entered: 01/18/2018) |
| 01/18/2018 | 1657 | Opposed MOTION to Strike *SURPLUSAGE FROM THE SECOND SUPERSEDING INDICTMENT* by Christopher Garcia as to Christopher Garcia, Carlos Herrera. (Sirignano, Amy) (Entered: 01/18/2018) |
| 01/19/2018 | 1658 | NOTICE *Defendants' Joint Objections to the United States' Proposed Voir Dire* by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1634 Proposed Voir Dire (Villa, Ryan) (Entered: 01/19/2018) |
| 01/19/2018 | 1660 | WITNESS LIST by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Fox-Young, Justine) (Entered: 01/19/2018) |
| 01/19/2018 | 1661 | NOTICE *Objections to United States' Exhibit List (Dkt. 1637)* by Anthony Ray Baca as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1637 Exhibit List,, (Duncan, Theresa) (Entered: 01/19/2018) |
| 01/19/2018 | 1662 | NOTICE *of Joint Objections to the United States' Sealed Supplemental Witness List* by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez re 1633 Witness List (Villa, Ryan) (Entered: 01/19/2018) |
| 01/19/2018 | 1663 | NOTICE *Of Defendants Joint Objections to the United States' Proposed Jury Instructions* by Anthony Ray Baca as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez (Lowry, Marc) (Entered: 01/19/2018) |
| 01/21/2018 | 1664 | Joint MOTION for Order *to Sever Counts 6 and 7 (Renewed)* by Rudy Perez as to Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez. (Villa, Ryan) (Entered: 01/21/2018) |
| 01/21/2018 | 1665 | MEMORANDUM in Support by Daniel Sanchez re 1616 MOTION in Limine *to Preclude the Admission of Un-confronted, Out of Court Statements Proffered by the Government at the James Hearing* (Jacks, Amy) (Entered: 01/21/2018) |
| 01/22/2018 | 1670 | Opposed MOTION for Order *for the Imposition of a January 31, 2018 Deadline for the Government to Produce a Summary of Statements it Intends to Offer Against Trial Two Defendants* by Billy Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez. (Castle, James) (Entered: 01/22/2018) |

| | | |
|---|---|---|
| 01/22/2018 | 1671 | MOTION to Exclude *Testimony from Government's Gang Experts as Outlined in the United States' Supplemental Notice of Gang Expert Witnesses' Testimony [Doc. 1656]* by Billy Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Shauna Gutierrez. (Castle, James) (Entered: 01/22/2018) |
| 01/22/2018 | 1672 | TRANSCRIPT of Motion to Suppress Proceedings and James Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/08/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 1/29/2018. Redaction Request due 2/12/2018. Redacted Transcript Deadline set for 2/22/2018. Release of Transcript Restriction set for 4/23/2018. (jab) (Entered: 01/22/2018) |
| 01/23/2018 | 1679 | COURT'S FIRST PROPOSED PRELIMINARY JURY INSTRUCTIONS by District Judge James O. Browning. (kw) (Entered: 01/23/2018) |
| 01/23/2018 | 1681 | NOTICE OF HEARING as to Christopher Garcia: Change of Plea Hearing set for 1/25/2018 at 1:30 PM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Kevin R. Sweazea. (kls) **COPIES OF ALL PLEA DOCUMENTS MUST BE PROVIDED TO THE COURTROOM DEPUTY 24 HOURS PRIOR TO THE COURT DATE.** [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/23/2018) |
| 01/23/2018 | 1682 | NOTICE of hearing regarding the following Docs.: 1646 , 1657 , 1664 , 1673 , 1658 , 1661 and 1662 scheduled for 1/26/2018 at 09:00 AM in Las Cruces - 420 Mimbres Courtroom (North Tower) before District Judge James O. Browning. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/23/2018) |
| 01/24/2018 | 1683 | TRANSCRIPT of Motion to Suppress Proceedings and James Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/09/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 1/31/2018. Redaction Request due 2/14/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/24/2018. (jab) (Entered: 01/24/2018) |

| 01/24/2018 | 1684 | Second MOTION in Limine *to Prohibit Government from Introducing Evidence of Alleged "Bad Acts" Based on Government's January 22, 2018 Disclosure* by Daniel Sanchez. (Attachments: # 1 Appendix A)(Jacks, Amy) (Entered: 01/24/2018) |
| 01/24/2018 | 1685 | Second MOTION to Appoint Counsel by Christopher Chavez. (Granberg, John) (Entered: 01/24/2018) |
| 01/24/2018 | 1686 | Second MOTION in Limine *to Exclude Evidence of Prior Bad Acts* by Rudy Perez. (Attachments: # 1 Exhibit 1)(Villa, Ryan) (Entered: 01/24/2018) |
| 01/24/2018 | 1687 | MOTION in Limine *re 404(b)* by Carlos Herrera. (Maynard, William) (Entered: 01/24/2018) |
| 01/25/2018 | 1691 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding the following to the agenda of matters to be heard at the hearing scheduled for 1/26/2018: Docs. 1663 , 1684 , 1686 , 1687 and 1688 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/25/2018) |
| 01/25/2018 | 1694 | MOTION to Produce *Brady, Giglio or Jencks Materials Contained in Presentence Reports of Cooperating Witnesses, or, in the Alternative, In Camera Review* by Billy Garcia. (Castle, James) (Entered: 01/25/2018) |
| 01/25/2018 | 1695 | TRANSCRIPT of Change of Plea as to Mario Rodriguez held on November 1, 2017, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting, Telephone number 361-949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** Notice of Intent to Request Redaction set for 2/1/2018. Redaction Request due 2/15/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/25/2018.(ar) (Entered: 01/25/2018) |
| 01/25/2018 | 1696 | ORDER by District Judge James O. Browning allowing defense staff to bring cellphones inside the courthouse (meq) (Entered: 01/25/2018) |
| 01/25/2018 | 1697 | INSPECTION ORDER by District Judge James O. Browning (meq) (Entered: 01/25/2018) |
| 01/25/2018 | 1699 | COURT'S SECOND PROPOSED PRELIMINARY JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 01/25/2018) |
| 01/25/2018 | 1701 | MOTION to Strike *Cooperating Witnesses From Testifying in This Case & Request for Evidentiary Hearing* by Edward Troup, Billy Garcia, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez, Shauna Gutierrez as to Anthony Ray Baca. (Attachments: # 1 Exhibit A - Jail Call Between B.Clark and Mom, # 2 Exhibit B - Jail Call Between B.Cordova and A.DeLeon, # 3 Exhibit C - Jail Call Between L.Urquizo and Brother)(Lowry, Marc) (Entered: 01/25/2018) |
| 01/25/2018 | 1703 | TRANSCRIPT of Motions to Suppress Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/10/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at** |

| | | |
|---|---|---|
| | | **www.nmcourt.fed.us.** |
| | | Notice of Intent to Request Redaction set for 2/1/2018. Redaction Request due 2/15/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/25/2018. (jab) (Entered: 01/25/2018) |
| 01/25/2018 | [1704](#) | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Christopher Garcia. (kls) (Entered: 01/25/2018) |
| 01/25/2018 | [1705](#) | PLEA AGREEMENT as to Christopher Garcia. (kls) (Entered: 01/25/2018) |
| 01/25/2018 | [1706](#) | Clerk's Minutes for proceedings held before Magistrate Judge Kevin R. Sweazea: Plea Hearing held on 1/25/2018 as to Christopher Garcia (24); Guilty plea entered to counts 10ss and 11ss of the Second Superseding Indictment; Sentencing hearing to be set; Defendant to remain in custody. (LCR-Sierra Blanca) (kls) (Entered: 01/25/2018) |
| 01/26/2018 | [1721](#) | STIPULATED PROTECTIVE ORDER by District Judge James O. Browning re [1190](#) Opposed MOTION for Disclosure of Mental Health Records as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Daniel Sanchez, and Anthony Ray Baca. (kls) (Entered: 01/30/2018) |
| 01/26/2018 | [1752](#) | EMAILS from Christopher Mickendrow regarding location of missing tablet(meq) (Entered: 02/06/2018) |
| 01/27/2018 | [1713](#) | EXHIBIT LIST by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Armijo, Maria) (Entered: 01/27/2018) |
| 01/28/2018 | [1717](#) | RESPONSE to Motion by USA as to Billy Garcia re [1694](#) MOTION to Produce *Brady, Giglio or Jencks Materials Contained in Presentence Reports of Cooperating Witnesses, or, in the Alternative, In Camera Review* (Armijo, Maria) (Entered: 01/28/2018) |
| 01/29/2018 | [1746](#) | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Selection/Jury Trial as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, and Rudy Perez held on 1/29/2018-2/2/2018 (Court Reporter: J. Bean) (meq) (Entered: 02/06/2018) |
| 01/31/2018 | 1724 | NOTICE of Jury Trial as to Defendants Daniel Sanchez, Anthony Ray Baca, Carlos Herrera and Rudy Perez resuming from 1/30/2018 through 3/9/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/31/2018) |
| 01/31/2018 | [1728](#) | EXHIBIT LIST by Daniel Sanchez (Jacks, Amy) (Entered: 01/31/2018) |
| 02/01/2018 | [1731](#) | COURT'S FIRST PROPOSED JURY INSTRUCTIONS (w/citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/01/2018) |
| 02/01/2018 | [1732](#) | COURT'S FIRST PROPOSED JURY INSTRUCTIONS (with citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/01/2018) |
| 02/01/2018 | [1734](#) | TRIAL BRIEF by Rudy Perez (Fox-Young, Justine) (Entered: 02/01/2018) |
| 02/02/2018 | [1735](#) | RESPONSE in Opposition by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1733 MOTION in Limine *"Co-conspiracy" Statements* (Beck, Matthew) (Entered: 02/02/2018) |
| 02/02/2018 | [1736](#) | TRANSCRIPT of Plea Hearing as to Jerry Armenta held on December 13, 2016, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, INC, Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no** |

| | | | |
|---|---|---|---|
| | | | notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 2/9/2018. Redaction Request due 2/23/2018. Redacted Transcript Deadline set for 3/5/2018. Release of Transcript Restriction set for 5/3/2018.(jg) (Entered: 02/02/2018) |
| 02/02/2018 | | 1737 | TRANSCRIPT of Plea Hearing as to Robert Martinez held on September 22, 2016, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, INC, Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 2/9/2018. Redaction Request due 2/23/2018. Redacted Transcript Deadline set for 3/5/2018. Release of Transcript Restriction set for 5/3/2018.(jg) (Entered: 02/02/2018) |
| 02/02/2018 | | 1738 | EXHIBIT LIST by Daniel Sanchez (Jacks, Amy) (Entered: 02/02/2018) |
| 02/02/2018 | | 1739 | COURT'S SECOND PROPOSED JURY INSTRUCTIONS (w/citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/02/2018) |
| 02/02/2018 | | 1740 | COURT'S SECOND PROPOSED JURY INSTRUCTIONS (with citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/02/2018) |
| 02/02/2018 | | 1741 | **FILED IN ERROR** COURT'S SECOND PROPOSED PRELIMINARY JURY INSTRUCTION (with citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) Modified on 2/6/2018 Duplicate entry to 1699 (meq). (Entered: 02/02/2018) |
| 02/04/2018 | | 1742 | TRIAL BRIEF by Rudy Perez (Villa, Ryan) (Entered: 02/04/2018) |
| 02/05/2018 | | 1743 | Joint MOTION to Sever Defendant *Based on Practical Grounds* by Billy Garcia as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez, Brandy Rodriguez. (Castle, James) (Entered: 02/05/2018) |
| 02/05/2018 | | 1745 | ORDER by District Judge James O. Browning granting 1685 Motion to Appoint Counsel Eduardo Solis for Christopher Chavez appointed. (meq) (Entered: 02/05/2018) |
| 02/06/2018 | | 1747 | COURT'S FINAL PRELIMINARY JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 02/06/2018) |
| 02/06/2018 | | 1748 | COURT'S FINAL PRELIMINARY JURY INSTRUCTIONS (GIVEN) (without citations) by District Judge James O. Browning (meq) (Entered: 02/06/2018) |
| 02/06/2018 | | 1755 | COURT'S Third PROPOSED JURY INSTRUCTIONS (w/citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/07/2018) |
| 02/06/2018 | | 1756 | COURT'S Third PROPOSED JURY INSTRUCTIONS (with citations) as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/07/2018) |
| 02/06/2018 | | 1757 | PRELIMINARY JURY INSTRUCTION as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (jn) (Entered: 02/07/2018) |
| 02/07/2018 | | 1753 | TRIAL BRIEF by USA as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez (Beck, Matthew) (Entered: 02/07/2018) |
| 02/07/2018 | 1754 | | MOTION in Limine *to Exclude Extrinsic Evidence* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario |

| | | Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 02/07/2018) |
|---|---|---|
| 02/07/2018 | 1758 | MOTION to Appoint Counsel by Allen Patterson. (Lahann, Jeffrey) (Entered: 02/07/2018) |
| 02/07/2018 | 1759 | TRANSCRIPT of Motion to Suppress Proceedings and James Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/26/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 2/14/2018. Redaction Request due 2/28/2018. Redacted Transcript Deadline set for 3/12/2018. Release of Transcript Restriction set for 5/8/2018. (jab) (Entered: 02/07/2018) |
| 02/08/2018 | 1762 | NOTICE of motion hearing on all pending motions as to Group 2 Defendants scheduled for 3/12-16/2018 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. An itemized agenda of the specific motions/matters to be heard will issue separately.(kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/08/2018) |
| 02/08/2018 | 1834 | EMAIL From Christopher Mickendrow Regarding Tablets (meq) (Entered: 02/26/2018) |
| 02/09/2018 | 1766 | EXHIBIT LIST by Daniel Sanchez (Jacks, Amy) (Entered: 02/09/2018) |
| 02/09/2018 | 1768 | NOTICE *of Redacted Transcripts* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit)(Armijo, Maria) (Entered: 02/09/2018) |
| 02/09/2018 | 1778 | COURT'S FOURTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 02/12/2018) |
| 02/09/2018 | 1779 | COURT'S FOURTH PROPOSED JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 02/12/2018) |
| 02/12/2018 | 1781 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying the requests for relief in the Trial Brief in Support of Mr. Perez's Right to Present a Full Defense 1734 and the Trial Brief in Support of Mr. Perez's Right to Present Evidence of Threats 1742 (meq) (Entered: 02/12/2018) |
| 02/12/2018 | 1782 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting the request in the United States' Trial Brief Regarding Inadmissibility of Investigative Reports Under Rule 803(6) and Rule 803(8) 1753 (meq) (Entered: 02/12/2018) |
| 02/12/2018 | 1814 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez held on 2/12/2018-2/16/18 (Court Reporter: J. Bean) (meq) (Entered: 02/20/2018) |

| 02/13/2018 | 1802 | COURT'S FIFTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 02/15/2018) |
| 02/13/2018 | 1803 | COURT'S FIFTH PROPOSED JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 02/15/2018) |
| 02/14/2018 | 1805 | ORDER by District Judge James O. Browning granting 1758 Motion to Appoint Counsel Joseph E. Shattuck for Allen Patterson (meq) (Entered: 02/15/2018) |
| 02/16/2018 | 1808 | MOTION to Renew Motion to Dismiss Counts 4 and 5 and Motion for Bill of Particulars as to Counts 13 through 16 by Joe Lawrence Gallegos. (Sindel, Richard) Modified text on 2/20/2018 (meq). (Entered: 02/16/2018) |
| 02/19/2018 | 1810 | MOTION for Writ of Habeas Corpus ad testificandum *for Billy Cordova* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Castellano, Randy) (Entered: 02/19/2018) |
| 02/19/2018 | 1811 | MOTION for Writ of Habeas Corpus ad testificandum *for Eric Duran* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 02/19/2018) |
| 02/20/2018 | 1828 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez held on 2/20/2018-2/23/2018 (Court Reporter: J. Bean) (meq) (Entered: 02/26/2018) |
| 02/21/2018 | 1819 | COURT'S SIXTH PROPOSED JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 02/22/2018) |
| 02/21/2018 | 1822 | ORDER by District Judge James O. Browning granting 1810 Motion for Writ of Habeas Corpus ad testificandum as to Billy Cordova (meq) (Entered: 02/23/2018) |
| 02/21/2018 | 1823 | Writ of Habeas Corpus ad Prosequendum Issued as to Billy Cordova for 2-20-18 (meq) (Entered: 02/23/2018) |
| 02/21/2018 | 1824 | ORDER by District Judge James O. Browning granting 1811 Motion for Writ of Habeas Corpus ad testificandum as to Eric Duran (meq) (Entered: 02/23/2018) |
| 02/21/2018 | 1825 | Writ of Habeas Corpus ad Prosequendum Issued as to Eric Duran for 2-16-18 (meq) (Entered: 02/23/2018) |
| 02/22/2018 | 1817 | NOTICE *of Intent to Admit Statements Under Fed. R. Evid. 807* by Billy Garcia (Castle, James) (Entered: 02/22/2018) |
| 02/22/2018 | 1818 | COURT'S SIXTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 02/22/2018) |
| 02/23/2018 | 1820 | MOTION to Clarify Ruling Regarding Impeachment Witnesses by Anthony Ray Baca. (Duncan, Theresa) (Entered: 02/23/2018) |
| 02/23/2018 | 1821 | Proposed Jury Instructions by Daniel Sanchez (Jacks, Amy) (Entered: 02/23/2018) |
| 02/23/2018 | 1829 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Brandy Rodriguez. (kls) (Entered: 02/26/2018) |
| 02/23/2018 | 1830 | PLEA AGREEMENT as to Brandy Rodriguez. (kls) (Entered: 02/26/2018) |
| 02/23/2018 | 1831 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 2/23/2018 as to Brandy Rodriguez (31); Guilty plea entered to Counts 14,15, and 16 of the Second Superseding Indictment; Sentencing hearing to be set; Defendant remanded into custody. (LCR-Dona Ana) (kls) (Entered: 02/26/2018) |
| 02/23/2018 | 1832 | ORDER by Magistrate Judge Gregory B. Wormuth revoking Conditions of Release pursuant to 18 U.S.C. 3143 as to Brandy Rodriguez. (kls) (Entered: 02/26/2018) |

| | | |
|---|---|---|
| 02/25/2018 | 1826 | Opposed MOTION in Limine *to Exclude Irrelevant Witnesses and Evidence* by USA as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Beck, Matthew) (Entered: 02/25/2018) |
| 02/25/2018 | 1827 | NOTICE *in form of Letter to Court re Results of Ordered Meet and Confer re Jury Instructions* by Daniel Sanchez (Attachments: # 1 Exhibit Proposed Edits to Jury Instructions (Redlined))(Jacks, Amy) (Entered: 02/25/2018) |
| 02/26/2018 | 1868 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez held on 2/26/2018-3/2/2018 (Court Reporter: J. Bean) (meq) (Entered: 03/05/2018) |
| 02/27/2018 | 1835 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, notifying the parties that the Court will conduct a Pretrial Conference in conjunction with the motions hearing scheduled to commence 3/12/2018; also, notifying the parties that the following motions are set to be heard at said hearing: 1142 , 1143 , 1283 , 1284 , 1298 , 1307 , 1308 , 1318 , 1319 , 1320 , 1321 , 1504 , 1528 , 1531 , 1532 , 1602 , 1670 , 1671 , 1693 , 1743 , 1744 , 1754 & 1808 . Counsel shall provide a proposed batting order and estimated amount of time believed to be required to complete the presentation of evidence and/or argument on these motions no later than the close of business on 3/5/2018. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 02/27/2018) |
| 02/27/2018 | 1838 | COURT'S SEVENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 02/28/2018) |
| 02/27/2018 | 1839 | COURT'S SEVENTH PROPOSED JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 02/28/2018) |
| 02/28/2018 | 1837 | NOTICE *of Objection to Permitting the Jury to Consider Recordings, Never Presented in Court, During Their Deliberations* by Daniel Sanchez (Jacks, Amy) (Entered: 02/28/2018) |
| 02/28/2018 | 1840 | TRIAL BRIEF by Anthony Ray Baca (Lowry, Marc) (Entered: 02/28/2018) |
| 03/01/2018 | 1842 | MOTION to Dismiss by Carlos Herrera. (Bhalla, Carey) (Entered: 03/01/2018) |
| 03/01/2018 | 1843 | NOTICE *of Joinder in Motion to Dismiss* by Anthony Ray Baca as to Anthony Ray Baca, Carlos Herrera re 1842 MOTION to Dismiss (Duncan, Theresa) (Entered: 03/01/2018) |
| 03/01/2018 | 1844 | MOTION to Dismiss by Rudy Perez. (Attachments: # 1 Exhibit)(Villa, Ryan) Modified on 3/1/2018 to modify the restriction level of the attachment per Court's instructions during open court (vv). (Entered: 03/01/2018) |
| 03/01/2018 | 1845 | NOTICE *of Joinder in Defendant Herrera's Motion to Dismiss (Doc. 1842)* by Daniel Sanchez (Jacks, Amy) (Entered: 03/01/2018) |
| 03/01/2018 | 1846 | Proposed Jury Instructions by Carlos Herrera (Attachments: # 1 Exhibit)(Bhalla, Carey) (Entered: 03/01/2018) |
| 03/01/2018 | 1847 | NOTICE *of Defendants' Joint Objections to the Courts Eighth Proposed Jury Instructions* by Daniel Sanchez (Jacks, Amy) (Entered: 03/01/2018) |
| 03/01/2018 | 1848 | RESPONSE by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez *Defendant Baca's Rule 29 Motion* (Castellano, Randy) (Entered: 03/01/2018) |
| 03/01/2018 | 1864 | COURT'S EIGHTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/05/2018) |
| 03/01/2018 | 1865 | COURT'S EIGHTH PROPOSED JURY INSTRUCTIONS (w/citations) by District Judge James O. Browning (meq) (Entered: 03/05/2018) |
| 03/02/2018 | 1849 | NOTICE *of United States' Objections to Court's Eighth Proposed Jury Instructions* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1847 Notice (Other) (Castellano, Randy) (Entered: 03/02/2018) |

| | | |
|---|---|---|
| 03/02/2018 | 1850 | RESPONSE in Opposition by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1842 MOTION to Dismiss , 1844 MOTION to Dismiss , 1841 MOTION to Dismiss *Case for Government's Outrageous Misconduct and Violation of Brady v. Maryland* (Attachments: # 1 Jan. 22 302, # 2 Mar. 6 302)(Beck, Matthew) (Entered: 03/02/2018) |
| 03/02/2018 | 1851 | Proposed Jury Instructions by Daniel Sanchez (Jacks, Amy) (Entered: 03/02/2018) |
| 03/02/2018 | 1852 | RESPONSE by Anthony Ray Baca re 1848 Response,, *to Defendant Baca's Rule 29 Motion Regarding Count 8* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Lowry, Marc) (Entered: 03/02/2018) |
| 03/02/2018 | 1853 | NOTICE *of Joinder of Defendant Edward Troup in Christopher Garcia's Notice of Intent to Offer Expert Witness Testimony and the Amended Notice (Docs. 1257 and 1563)* by Edward Troup as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1257 Notice (Other) (Burke, Patrick) (Entered: 03/02/2018) |
| 03/02/2018 | 1859 | MOTION for Discovery *Motion for Discovery of the Arrest and Conviction Reports of Witnesses' Criminal History* by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Andrew Gallegos. (Benjamin, Brock) (Entered: 03/02/2018) |
| 03/02/2018 | 1860 | NOTICE *of Joinder in Motion to Dismiss* by Anthony Ray Baca as to Anthony Ray Baca, Rudy Perez re 1844 MOTION to Dismiss (Duncan, Theresa) (Entered: 03/02/2018) |
| 03/02/2018 | 1861 | MOTION to Produce *NOTES OF INTERVIEWS OF WITNESSES BY INVESTIGATING OFFICERS, SUBSTANTIALLY VERBATIM OR EXCULPATORY NOTES OF INTERVIEWS OF WITNESSES BY THE PROSECUTORS, FOR PRODUCTION OF RECORDED INTERVIEWS AND FOR DISCLOSURE OF EVIDENCE THAT ANY NOTES HAVE BEEN DESTROYED* by Billy Garcia. (Attachments: # 1 Appendix A, # 2 Appendix B)(Castle, James) (Entered: 03/02/2018) |
| 03/02/2018 | 1866 | COURT'S NINTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/05/2018) |
| 03/02/2018 | 1867 | COURT'S TENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/05/2018) |
| 03/05/2018 | 1862 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding the following motions to the agenda for the motions hearing set to commence 03/12/2018: 1292 , 1317 & 1694 . (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/05/2018) |
| 03/05/2018 | 1863 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding Docs. 1859 & 1861 to the agenda for the motions hearing scheduled to commence 03/12/2018. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/05/2018) |
| 03/05/2018 | 1869 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying the Defendants' Objection to Permitting the Jury to Consider Recordings, Never Presented in Court, During Their Deliberations (meq) (Entered: 03/05/2018) |
| 03/05/2018 | 1870 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting Defendant Anthony Ray Baca's oral motion for a judgment of acquittal, under rule 29 of the Federal Rules of Criminal Procedure, as to Count 8. (meq) (Entered: 03/05/2018) |
| 03/05/2018 | 1871 | MOTION in Limine *to Preclude Cross-Examination of Special Agent Acee on Unrelated Conduct* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Beck, Matthew) (Entered: 03/05/2018) |
| 03/05/2018 | 1873 | COURT'S ELEVENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/06/2018) |

| 03/05/2018 | 1875 | COURT'S TWELFTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/06/2018) |
| 03/05/2018 | 1876 | COURT'S THIRTEENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/06/2018) |
| 03/05/2018 | 1877 | COURT'S FINAL JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (meq) (Entered: 03/06/2018) |
| 03/05/2018 | 1897 | EMAIL from Theresa Duncan regarding Jury Instructions (meq) (Entered: 03/07/2018) |
| 03/05/2018 | 1931 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez held on 3/5/2018 through 3/9/18. (Court Reporter: J. Bean) (vv) (Entered: 03/13/2018) |
| 03/06/2018 | 1872 | NOTICE *of Joinder in Co-defendant's Motion Pursuant to Rule 16* by Christopher Chavez (Solis, Eduardo) (Entered: 03/06/2018) |
| 03/06/2018 | 1874 | NOTICE *of Joinder in Co-Defendants Motion Pursuan to Rule 16* by Christopher Chavez (Solis, Eduardo) (Entered: 03/06/2018) |
| 03/06/2018 | 1878 | NOTICE *of Joinder* by Christopher Chavez (Granberg, John) (Entered: 03/06/2018) |
| 03/07/2018 | 1879 | RESPONSE to Motion by USA as to Billy Garcia, Christopher Chavez re 1744 MOTION for Discovery (Beck, Matthew) (Entered: 03/07/2018) |
| 03/07/2018 | 1880 | RESPONSE in Opposition by USA as to Billy Garcia, Christopher Chavez re 1743 Joint MOTION to Sever Defendant *Based on Practical Grounds* (Beck, Matthew) (Entered: 03/07/2018) |
| 03/07/2018 | 1881 | RESPONSE to Motion by USA as to Billy Garcia, Christopher Chavez re 1693 MOTION to Produce *All Remaining Materials in the Government's Possession Regarding Trial Two Witnesses*, 1861 MOTION to Produce *NOTES OF INTERVIEWS OF WITNESSES BY INVESTIGATING OFFICERS, SUBSTANTIALLY VERBATIM OR EXCULPATORY NOTES OF INTERVIEWS OF WITNESSES BY THE PROSECUTORS, FOR PRODUCTION OF RECORDED INTERVIEWS AND FOR DISCLOSURE OF EVIDENCE THAT ANY N (Beck, Matthew) (Entered: 03/07/2018)* |
| 03/07/2018 | 1882 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting Defendant Santos Gonzales' Motion for Production of Alleged Co-Conspirator Statements, Pre-Trial Hearing on Their Admissibility Pursuant to Fed.R.Evid. 801(d)(2)(E) 1141 , granting Defendant Rudy Perez's Motion for Production of Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility 1228 , granting in part and denying in part the Opposed Motion for Specification of Co-Conspirator Statements and a Pre-Trial Hearing on the Statements' Admissibility 1303 , granting in part and denying in part Motion to Prevent the Admission of Statements of Non-Testifying Codefendants Implicating Defendant Billy Garcia and for an Order for the Government to Specify Such Statements Prior to Trial 1307 , granting Motion for James Hearing and Determination of Co-Conspirator Statements Admissibility at a Pre-Trial Hearing 1317 , granting Defendant Shauna Gutierrez' Opposed Motion for a James Hearing 1321 , granting in part and denying in part Motion in Limine to Exclude Statement of Cooperating Government Witnesses 1514 , denying Motion in Limine to Exclude Co-Defendant's Statements 1517 , denying Defendant Anthony Ray Baca's Motion in Limine to Prohibit the Government From Questioning Jerry Armenta About Defendant Anthony Ray Bacas Involvement in Counts 6 & 7 1540 , denying Defendant Daniel Sanchez's Motion in Limine to Preclude the Admission of Un-Confronted, Out of Court Statements Proffered by the Government at the James Hearing 1616 , and denying Motion to Renew Motion to Sever Defendants Charged with Offenses in Counts 6 and 7 1664 . (meq) (Entered: 03/07/2018) |
| 03/07/2018 | 1883 | RESPONSE to Motion by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 1671 MOTION to Exclude *Testimony from Government's Gang Experts as Outlined in the United States' Supplemental Notice of Gang Expert Witnesses' Testimony [Doc. 1656]* (Armijo, Maria) (Entered: 03/07/2018) |
| 03/07/2018 | 1887 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos re 1808 MOTION Motion to Renew Motion to Dismiss Counts 4 and 5 and Motion for Bill of Particulars as to Counts 13 through 16 (Armijo, Maria) (Entered: 03/07/2018) |
| 03/07/2018 | 1890 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos re 1602 MOTION in Limine (Armijo, Maria) (Entered: 03/07/2018) |

| | | |
|---|---|---|
| 03/07/2018 | [1896](#) | RESPONSE in Opposition by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Andrew Gallegos re [1859](#) MOTION for Discovery *Motion for Discovery of the Arrest and Conviction Reports of Witnesses' Criminal History* (Armijo, Maria) (Entered: 03/07/2018) |
| 03/07/2018 | [1898](#) | NOTICE *of Request to Proceed with Hearings on Motions to Dismiss (Docs. 1283 & 1284) on Tuesday, March 13, 2018* by USA as to Edward Troup, Billy Garcia re 1283 Opposed MOTION to Dismiss , [1284](#) Opposed MOTION to Dismiss (Beck, Matthew) (Entered: 03/07/2018) |
| 03/07/2018 | [1899](#) | NOTICE *Notice of Entry of Appearance for Non-Party Leroy Lucero* by Leroy Lucero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Fallick, Gregg) (Entered: 03/07/2018) |
| 03/08/2018 | 1902 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, adding Docs. [1871](#) & [1900](#) to the agenda of motions to be heard at the hearing scheduled to commence on 3/12/2018. (kw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/08/2018) |
| 03/09/2018 | [1907](#) | MOTION for Order *for Copy of Sealed Transcripts* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Cooper, Robert) (Entered: 03/09/2018) |
| 03/09/2018 | [1910](#) | RESPONSE by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez as to Billy Garcia re [1903](#) Notice (Other),, *GENERAL RESPONSE TO UNITED STATES NOTICE OF PROPOSED JAMES STATEMENTS FOR TRIAL 2 (Doc. 1903)* (Castle, James) (Entered: 03/09/2018) |
| 03/09/2018 | [1922](#) | Waiver of IAD antishuttling rights by Anthony Ray Baca (vv) (Entered: 03/12/2018) |
| 03/09/2018 | [1923](#) | Waiver of IAD antishuttling rights by Carlos Herrera (vv) (Entered: 03/12/2018) |
| 03/09/2018 | [1924](#) | Waiver of IAD antishuttling rights by Rudy Perez (vv) (Entered: 03/12/2018) |
| 03/09/2018 | [1925](#) | Waiver of IAD antishuttling rights by Daniel Sanchez (vv) (Entered: 03/12/2018) |
| 03/09/2018 | [1929](#) | COURT'S SUPPLEMENTAL JURY INSTRUCTION by District Judge James O. Browning (vv) (Entered: 03/13/2018) |
| 03/10/2018 | [1911](#) | MOTION to Quash *Subpoena to NMCD* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Beck, Matthew) (Entered: 03/10/2018) |
| 03/11/2018 | [1913](#) | NOTICE *RESPONSE TO UNITED STATES NOTICE OF PROPOSED JAMES STATEMENTS FOR TRIAL II (Doc. 1901)* by Shauna Gutierrez (Arellanes, Angela) (Entered: 03/11/2018) |
| 03/11/2018 | [1914](#) | NOTICE *RESPONSE TO UNITED STATES NOTICE OF PROPOSED JAMES STATEMENTS FOR TRIAL II (Doc. 1901)* by Shauna Gutierrez (Arellanes, Angela) (Entered: 03/11/2018) |
| 03/11/2018 | [1916](#) | RESPONSE by Christopher Chavez *to Notice of James Statements for Trial 2* (Granberg, John) (Entered: 03/11/2018) |
| 03/12/2018 | [1918](#) | RESPONSE by Joe Lawrence Gallegos as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re [1903](#) Notice (Other),, (Benjamin, Brock) (Entered: 03/12/2018) |

| | | |
|---|---|---|
| 03/12/2018 | 1921 | MOTION to Quash subpoenas by Jim and Cheryl Moore as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (vv) (Entered: 03/12/2018) |
| 03/12/2018 | 1926 | ORDER allowing defense staff to bring in cell phones inside the courthouse as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez by District Judge James O. Browning (vv) (Entered: 03/12/2018) |
| 03/12/2018 | 1937 | JURY VERDICT as to defendants (vv) (Entered: 03/14/2018) |
| 03/12/2018 | 1963 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motions Hearing held on 3/12/2018 - 3/16/18 re all pending motions as to all defendants (Court Reporter: J. Bean) (vv) (Entered: 03/23/2018) |
| 03/13/2018 | 1936 | NOTICE *of Objection to Proposed Courtroom Seating Arrangement* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez as to Billy Garcia (Castle, James) (Entered: 03/13/2018) |
| 03/15/2018 | 1941 | ORDER by District Judge James O. Browning re: Penitentiary of New Mexico North phone calls as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (cab) (Entered: 03/15/2018) |
| 03/15/2018 | 1942 | ORDER by District Judge James O. Browning re: New Mexico Department of Corrections phone calls as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (cab) (Entered: 03/15/2018) |
| 03/15/2018 | 1943 | Unopposed MOTION for Extension of Time to File *Rule 29 and Rule 33 motions* by Anthony Ray Baca as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera. (Duncan, Theresa) (Entered: 03/15/2018) |
| 03/15/2018 | 1944 | NOTICE *United States' Notice Regarding James Statements From Trial 1* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Attachments: # 1 Exhibit)(Armijo, Maria) (Entered: 03/15/2018) |
| 03/16/2018 | 1945 | ORDER by District Judge James O. Browning granting 1943 Motion for Extension of Time to File as to Daniel Sanchez (18), Anthony Ray Baca (21), Carlos Herrera (25) (vv) (Entered: 03/16/2018) |
| 03/16/2018 | 1946 | RETURN OF EXHIBITS to counsel (vv) (Entered: 03/16/2018) |
| 03/16/2018 | 1947 | RETURN OF EXHIBITS to counsel (vv) (Entered: 03/16/2018) |
| 03/16/2018 | 1949 | NOTICE *of Waiver of Conflict of Interest and Consent to Be Represented by Gary C. Mitchell Attorney at Law* by Jerry Armenta (Mitchell, Gary) (Entered: 03/16/2018) |
| 03/16/2018 | 1950 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying request in 1903 Notice 1918 Response, as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert |

| | | |
|---|---|---|
| | | Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (vv) (Entered: 03/16/2018) |
| 03/19/2018 | 1953 | Unopposed MOTION *to Redact Portions of Clerks Minutes (Docs 1780 and 1932)* by USA as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez. (Beck, Matthew) (Entered: 03/19/2018) |
| 03/20/2018 | 1954 | ORDER by District Judge James O. Browning as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (cab) (Entered: 03/20/2018) |
| 03/21/2018 | 1955 | ORDER to redact portions of the clerk's minutes by District Judge James O. Browning granting 1953 Motion as to Daniel Sanchez (18), Anthony Ray Baca (21), Carlos Herrera (25), Rudy Perez (26) (vv) (Entered: 03/21/2018) |
| 03/21/2018 | 1956 | Joint MOTION for Extension of Time to File *Parties Agreed and Disputed Challenges for Cause or Hardship* by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez. (Harbour-Valdez, Cori) (Entered: 03/21/2018) |
| 03/23/2018 | 1965 | Joint MOTION to Extend (other) *March 23, 2018 Filing Deadline* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez. (Armijo, Maria) (Entered: 03/23/2018) |
| 03/23/2018 | 1966 | Proposed Jury Instructions by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez (Castellano, Randy) (Entered: 03/23/2018) |
| 03/23/2018 | 1967 | Proposed Voir Dire by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez (Beck, Matthew) (Entered: 03/23/2018) |
| 03/23/2018 | 1969 | Proposed Voir Dire by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez (Harbour-Valdez, Cori) (Entered: 03/23/2018) |
| 03/23/2018 | 1970 | Proposed Jury Instructions by Edward Troup as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez (Harbour-Valdez, Cori) (Entered: 03/23/2018) |
| 03/26/2018 | 1972 | ORDER by District Judge James O. Browning granting 1956 Motion for Extension of Time to File as to Joe Lawrence Gallegos (2), Edward Troup (3), Billy Garcia (5), Allen Patterson (7), Christopher Chavez (8), Arturo Arnulfo Garcia (10), Andrew Gallegos (27), Shauna Gutierrez (30) (vv) (Entered: 03/26/2018) |
| 03/26/2018 | 1974 | MINUTE ORDER, pursuant to the direction of District Judge James O. Browning, RESCINDING THE ORDER GRANTING JOINT MOTION TO EXTEND THE DEADLINE TO FILE THE PARTIES' AGREED AND DISPUTED CHALLENGES FOR CAUSE OR HARDSHIP 1972 and reinstating the deadlines related to Group 2's disclosure of juror questionnaires, the submission of the parties' agreed and disputed challenges and the Court's ruling on said challenges as previously provided on March 2, 2018. The sole modification to these deadlines is to require the parties to provide their agreed and disputed for cause challenges to the Court no later than 12:00 p.m. on 03/27/2018. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/26/2018) |
| 03/26/2018 | 1975 | NOTICE OF JURY TRIAL as to Defendants Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos and Shauna Gutierrez resuming from 4/10/2018 through 6/1/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/26/2018) |
| 03/26/2018 | 1976 | NOTICE *of Other Crimes or Bad Acts Pursuant to Rule 404(b)* by USA as to Edward Troup (Castellano, Randy) (Entered: 03/26/2018) |
| 03/26/2018 | 1977 | MOTION in Limine by USA as to Joe Lawrence Gallegos. (Attachments: # 1 1 - Register of Actions) (Armijo, Maria) (Entered: 03/26/2018) |

| | | |
|---|---|---|
| 03/26/2018 | 1978 | MOTION in Limine *to Admit Out-of-Court Statements* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez. (Armijo, Maria) (Entered: 03/26/2018) |
| 03/26/2018 | 1979 | EXHIBIT LIST by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos, Shauna Gutierrez (Armijo, Maria) (Entered: 03/26/2018) |
| 03/28/2018 | 1994 | NOTICE *EDWARD TROUPS OBJECTION TO THE GOVERNMENTS NOTICE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b) [Doc. 1976]* by Edward Troup (Harbour-Valdez, Cori) (Entered: 03/28/2018) |
| 03/28/2018 | 1995 | NOTICE of motion hearing on all pending motions as to Group 2 Defendants scheduled for 4/4/2018 and 4/5/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. An itemized agenda of the specific motions/matters to be heard will issue separately.(cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] Modified on 4/2/2018 to include 4/5/18(cab). (Entered: 03/28/2018) |
| 03/29/2018 | 1996 | MOTION for Order to Show Cause *as to Why the Custodian for Bernalillo County Sheriff's Department Should Not be Held in Contempt* by Billy Garcia. (Castle, James) (Entered: 03/29/2018) |
| 03/29/2018 | 1998 | NOTICE of EMAIL COMMUNICATIONS as to applicable court reporting rates related to compensation for realtime transcript/feeds. (kdh) (Entered: 03/29/2018) |
| 03/29/2018 | 2000 | REPLY by USA as to Edward Troup re 1994 Notice (Other) *to the United States' Notice of Other Crimes or Bad Acts Pursuant to Rule 404(b)* 1976 (Armijo, Maria) (Entered: 03/29/2018) |
| 03/29/2018 | 2001 | RESPONSE in Opposition by USA as to Billy Garcia re 1948 MOTION to Bifurcate *Counts 4 and 5 from Counts 1-3 and 13-16* (Armijo, Maria) (Entered: 03/29/2018) |
| 03/29/2018 | 2002 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE IN A FELONY CASE by Shauna Gutierrez. (kls) (Entered: 03/30/2018) |
| 03/29/2018 | 2003 | PLEA AGREEMENT as to Shauna Gutierrez. (kls) (Entered: 03/30/2018) |
| 03/29/2018 | 2004 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Plea Hearing held on 3/29/2018 as to Shauna Gutierrez (30); Guilty plea entered to Counts 14s, 15s and 16s of the Second Superseding Indictment; Sentencing hearing to be set; Defendant in custody. (LCR-Dona Ana) (kls) (Entered: 03/30/2018) |
| 04/02/2018 | 2021 | RESPONSE by Andrew Gallegos re 1979 Exhibit List (Torraco, Lisa) (Entered: 04/02/2018) |
| 04/03/2018 | 2026 | TRANSCRIPT of Motion Proceedings held on March 12, 2018 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/12/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) Modified text on 4/4/2018 (kg). (Entered: 04/03/2018) |
| 04/03/2018 | 2027 | TRANSCRIPT of Motion Proceedings held on March 13, 2018 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, |

| | | |
|---|---|---|
| | | Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/13/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) Modified text on 4/4/2018 (kg). (Entered: 04/03/2018) |
| 04/03/2018 | 2028 | TRANSCRIPT of Motion Proceedings held on March 14, 2018 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/14/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) Modified text on 4/4/2018 (kg). (Entered: 04/03/2018) |
| 04/03/2018 | 2029 | TRANSCRIPT of Motion Proceedings held on March 15, 2018 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/15/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) Modified text on 4/4/2018 (kg). (Entered: 04/03/2018) |

| 04/03/2018 | 2030 | TRANSCRIPT of Motion Proceedings held on March 16, 2018 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/16/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) Modified text on 4/4/2018 (kg). (Entered: 04/03/2018) |
| 04/03/2018 | 2034 | TRANSCRIPT of Excerpt of Testimony of Mario Montoya Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/20/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2035 | TRANSCRIPT of Excerpt of Testimony of Roy Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/16/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2036 | TRANSCRIPT Excerpt of Testimony of Jerry Ray Armenta as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/8-9 and 12/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2037 | TRANSCRIPT Excerpt of Testimony of Gerald Archuleta and 104 Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/14/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2038 | CERTIFICATE of Compliance with Subpoena by Bernalillo County Sheriff's Office re 1996 MOTION for Order to Show Cause *as to Why the Custodian for Bernalillo County Sheriff's Department Should Not be Held in Contempt*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(kg) (Entered: 04/03/2018) |
| 04/03/2018 | 2039 | TRANSCRIPT Excerpt of Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/31/18 and 02/01/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | [2040](#) | TRANSCRIPT of Opening Statements as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 01/31/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | [2041](#) | TRANSCRIPT Excerpt of Testimony of Mario Rodriguez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/7-8/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | [2043](#) | TRANSCRIPT Excerpt of Testimony of Eric Preston Duran as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/20-22/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, |

Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018)

| | | |
|---|---|---|
| 04/03/2018 | 2044 | TRANSCRIPT Excerpt of Testimony of Nancy Stemo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/27-28/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2045 | TRANSCRIPT Excerpt of Testimony of Billy Cordova as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/22-23/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2046 | TRANSCRIPT Excerpt of Testimony of Manuel Armijo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario |

| | | |
|---|---|---|
| | | Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/1-2 and 8/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2047 | TRANSCRIPTExcerpt of Testimony of Jerry Montoya as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/12-13/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2048 | MOTION in Limine *to Prohibit Government from Introducing Evidence of Allgeged* by Andrew Gallegos. (Attachments: # 1 Appendix A)(Torraco, Lisa) (Entered: 04/03/2018) |
| 04/03/2018 | 2049 | TRANSCRIPT Excerpt of Testimony of Benjamin Clark as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/27/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction set for 4/10/2018. Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (jab) (Entered: 04/03/2018) |
| 04/03/2018 | 2050 | RESPONSE to Motion by Andrew Gallegos re 1978 MOTION in Limine *to Admit Out-of-Court Statements* (Torraco, Lisa) (Entered: 04/03/2018) |
| 04/03/2018 | 2052 | MOTION to Compel *Disclosure* by Billy Garcia. (Castle, James) (Entered: 04/03/2018) |
| 04/03/2018 | 2053 | MOTION to Withdraw Document 1936 Notice (Other), 1996 MOTION for Order to Show Cause *as to Why the Custodian for Bernalillo County Sheriff's Department Should Not be Held in Contempt* by Billy Garcia. (Castle, James) (Entered: 04/03/2018) |
| 04/04/2018 | 2054 | TRANSCRIPT Excerpt of Testimony of Timothy Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/13/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2055 | TRANSCRIPT Excerpt of Testimony of Javier Rubio as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/02/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2056 | TRANSCRIPT Excerpt of Testimony of David Calbert as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 2 & 5 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone |

number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018)

| | | |
|---|---|---|
| 04/04/2018 | 2057 | TRANSCRIPT Excerpt of Testimony of Norman Rhoades as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/05/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018.(jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2058 | TRANSCRIPT Excerpt of Testimony of Guadalupe Urquizo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 5 & 6 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2059 | TRANSCRIPT Excerpt of Testimony of Julian Romero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario |

| | | |
|---|---|---|
| | | Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/14/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | [2060](#) | TRANSCRIPT Excerpt of Testimony of Frederico Munoz as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 14 & 15 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | [2061](#) | MOTION for Writ of Habeas Corpus ad testificandum by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 04/04/2018) |
| 04/04/2018 | [2062](#) | TRANSCRIPT Excerpt of Testimony of Robert Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 02/15/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of** |

| | | |
|---|---|---|
| | | personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2063 | TRANSCRIPT Excerpt of Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 23 & 26 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2064 | TRANSCRIPT Excerpt of Testimony of Joseph Sainato as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 1 & 2 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2388. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2065 | TRANSCRIPT Excerpt of Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 03/02/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/11/2018. Redaction Request due 4/25/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/3/2018. (jab) (Entered: 04/04/2018) |
| 04/04/2018 | 2066 | RESPONSE re 1977 MOTION in Limine by Andrew Gallegos (Torraco, Lisa) Modified text on 4/4/2018 (kg). (Entered: 04/04/2018) |
| 04/04/2018 | 2068 | ORDER by District Judge James O. Browning granting 2061 Motion for Writ of Habeas Corpus ad Testificandum for James Garcia. (Copies provided to USMS by VR) (kdh) (Entered: 04/04/2018) |
| 04/04/2018 | 2070 | Writ of Habeas Corpus ad Testificandum Issued as to James Garcia for 04/05/18 in case as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Caleb Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Copies provided to USMS by VR) (kdh). (Entered: 04/04/2018) |
| 04/04/2018 | 2072 | MOTION for Sanctions *in Relation to Motion to Dismiss [Doc. 1283]* by Billy Garcia. (Castle, James) (Entered: 04/04/2018) |
| 04/04/2018 | 2095 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing/Pretrial Conference held on 4/4/2018-4/5/2018 as to Defendants Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos. (Court Reporter: J. Bean) (Attachments: # 1 Exhibit List) (kdh) (Entered: 04/10/2018) |
| 04/04/2018 | 2102 | LETTER to the Court from Attorney Gregg Fallick as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (kdh) (Entered: 04/12/2018) |
| 04/05/2018 | 2074 | TRANSCRIPT of Change of Plea as to Ruben Hernandez held on February 1, 2017, before Magistrate Judge Gregory B. Wormuth. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number (361) 949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 4/12/2018. Redaction Request due 4/26/2018. Redacted Transcript Deadline set for 5/7/2018. Release of Transcript Restriction set for 7/5/2018.(dr) (Entered: 04/05/2018) |
| 04/05/2018 | 2078 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting 1977 Motion in Limine as to Joe Lawrence Gallegos (2); granting 1978 Motion in Limine as to Joe Lawrence Gallegos (2) (cab) (Entered: 04/05/2018) |
| 04/06/2018 | 2079 | NOTICE of EMAIL COMMUNICATIONS as to applicable court reporting rates related to compensation for realtime transcript/feeds.(kdh) (Entered: 04/06/2018) |

| Date | Doc # | Description |
|---|---|---|
| 04/06/2018 | 2081 | Court's First Proposed Preliminary Jury Instructions by District Judge James O. Browning (cab) (Entered: 04/06/2018) |
| 04/06/2018 | 2082 | NOTICE *of Joint Proposed Statement of the Case* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos (Castellano, Randy) (Entered: 04/06/2018) |
| 04/06/2018 | 2084 | NOTICE *United States' Unopposed Notice of Removal of Witness* by USA as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos (Armijo, Maria) (Entered: 04/06/2018) |
| 04/07/2018 | 2086 | RESPONSE by USA as to Billy Garcia re 2085 Brief, (Beck, Matthew) (Entered: 04/07/2018) |
| 04/09/2018 | 2088 | EXHIBIT LIST by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos (Armijo, Maria) (Entered: 04/09/2018) |
| 04/09/2018 | 2090 | NOTICE *of Non-Availability* by Conrad Villegas (Crow, B.J.) (Entered: 04/09/2018) |
| 04/09/2018 | 2092 | MOTION in Limine *Regarding the Testimony of Agent Acee* by Billy Garcia. (Castle, James) (Entered: 04/09/2018) |
| 04/09/2018 | 2093 | NOTICE *of Objection to Government's Exhibits* by Billy Garcia re 1979 Exhibit List, 2088 Exhibit List (Castle, James) (Entered: 04/09/2018) |
| 04/09/2018 | 2324 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos held on 4/9/18 - 5/22/18. (Court Reporter: J. Bean) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (vv) (Entered: 06/06/2018) |
| 04/10/2018 | 2094 | AMENDED ORDER by District Judge James O. Browning allowing defense staff to bring cellphones inside the courthouse. (kdh) (Entered: 04/10/2018) |
| 04/10/2018 | 2096 | COURTS FIRST DRAFT OF TABLE TO BE INCLUDED IN THE IMPENDING MEMORANDUM OPINION AND ORDER REGARDING THE JAMES ISSUE (provided to the parties on April 4, 2018) (cab) Modified on 4/10/2018 (cab). (Entered: 04/10/2018) |
| 04/10/2018 | 2097 | COURTS SECOND DRAFT OF TABLE TO BE INCLUDED IN THE IMPENDING MEMORANDUM OPINION AND ORDER REGARDING THE JAMES ISSUE(provided to the parties on April 9, 2018) (cab) (Entered: 04/10/2018) |
| 04/10/2018 | 2098 | COURTS THIRD DRAFT OF TABLE TO BE INCLUDED IN THE IMPENDING MEMORANDUM OPINION AND ORDER REGARDING THE JAMES ISSUE(provided to the parties on April 9, 2018) (cab) (Entered: 04/10/2018) |
| 04/11/2018 | 2099 | NOTICE *United States' Objection to Defendant Joe Lawrence Gallegos's Opening Statement Exhibits* by USA as to Joe Lawrence Gallegos (Armijo, Maria) (Entered: 04/11/2018) |
| 04/11/2018 | 2100 | Unopposed MOTION to Unseal Case *Unopposed Motion to Unseal 16-MJ-993* by Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 04/11/2018) |
| 04/12/2018 | 2101 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting in part and denying in part 2071 Motion as to Arturo Arnulfo Garcia (10) (cab) (Entered: 04/12/2018) |
| 04/12/2018 | 2103 | COURTS FOURTH DRAFT OF TABLE TO BE INCLUDED IN THE IMPENDING MEMORANDUM OPINION AND ORDER REGARDING THE JAMES ISSUE(provided to the parties on April 11, 2018) (cab) (Entered: 04/12/2018) |
| 04/12/2018 | 2105 | SECOND AMENDED ORDER by District Judge James O. Browning allowing defense staff to bring cellphones inside the courthouse.(kdh) (Entered: 04/12/2018) |
| 04/12/2018 | 2107 | MOTION for Presentence Investigation Report *Not be Disclosed to Co-Defendants &/or 3rd Parties* by Frederico Munoz as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Lopez, Louis) (Entered: 04/12/2018) |
| 04/12/2018 | 2108 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning Related Document(s): 2099 (cab) (Entered: 04/12/2018) |

| 04/12/2018 | | Attorney update in case as to Daniel Sanchez. Attorney Richard Jewkes terminated. (vv) (Entered: 04/24/2018) |
|---|---|---|
| 04/13/2018 | 2109 | ORDER FOR PRODUCTION by District Judge James O. Browning. (kdh) (Entered: 04/13/2018) |
| 04/13/2018 | 2110 | ORDER TO SHOW CAUSE by District Judge James O. Browning that within two business days of this Order, Counsel for the aforementioned witnesses shall show cause as to why any PSIRs, draft PSIRs, probation notes or other documentation related to the reparation of their clients PSIR, other than personal identifying information, should not be released to defendant Billy Garcia with a protective order that such materials shall not be shared with the defendants. (kdh) (Entered: 04/13/2018) |
| 04/13/2018 | 2112 | RESPONSE TO ORDER TO SHOW CAUSE by Frederico Munoz as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Lopez, Louis) (Entered: 04/13/2018) |
| 04/15/2018 | 2113 | RESPONSE by Eugene Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez re 2110 Order to Show Cause, (Couleur, Douglas) (Entered: 04/15/2018) |
| 04/15/2018 | 2115 | TRIAL BRIEF by Billy Garcia (Castle, James) (Entered: 04/15/2018) |
| 04/15/2018 | 2116 | MOTION to Exclude *Statement of Mario Rodriguez* by Arturo Arnulfo Garcia. (Davidson, Scott) (Entered: 04/15/2018) |
| 04/16/2018 | 2119 | MEMORANDUM OPINION AND ORDER denying 2116 MOTION to Exclude *Statement of Mario Rodriguez* by District Judge James O. Browning (vv) (Entered: 04/16/2018) |
| 04/16/2018 | 2120 | MOTION to Extend time to comply with subpoena by non party Bernalillo County District Attorney's Office (vv) (Entered: 04/16/2018) |
| 04/17/2018 | 2122 | Third Amended ORDER allowing defense staff to bring in cell phones inside the courthouse by District Judge James O. Browning (vv) (Entered: 04/17/2018) |
| 04/17/2018 | 2123 | TRIAL BRIEF by Billy Garcia (Castle, James) (Entered: 04/17/2018) |
| 04/17/2018 | 2124 | MOTION to Exclude *Testimony and Evidence Relating to Frankie Gallegos* by Andrew Gallegos. (Torraco, Lisa) (Entered: 04/17/2018) |
| 04/17/2018 | 2127 | APPLICATION *for Appointment of Co-Counsel* (Attachments: # 1 Exhibit Lauren Noriega C.V.)(Jacks, Amy) (Entered: 04/17/2018) |
| 04/17/2018 | 2129 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning Related Document(s): 2123 Trial Brief (cab) (Entered: 04/17/2018) |
| 04/17/2018 | 2130 | NOTICE *of supplemental exhibit list* by Christopher Chavez (Granberg, John) (Entered: 04/17/2018) |
| 04/18/2018 | 2131 | MEMORANDUM OPINION AND ORDER denying 2121 MOTION to Exclude *Witness Testimony* by District Judge James O. Browning (vv) (Entered: 04/18/2018) |
| 04/18/2018 | 2132 | MEMORANDUM OPINION AND ORDER re opening statement by District Judge James O. Browning (vv) (Entered: 04/18/2018) |
| 04/18/2018 | 2133 | MOTION to Quash *Subpoena* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Attachments: # 1 Exhibit, # 2 Exhibit)(Granata, Joshua) (Entered: 04/18/2018) |
| 04/19/2018 | 2134 | ORDER appointing Lauren Noriega as second counsel re 2127 Application filed by Daniel Sanchez by District Judge James O. Browning (vv) . (Entered: 04/19/2018) |

| | | |
|---|---|---|
| 04/19/2018 | 2148 | CJA Appointment of Attorney Lauren Noriega for Daniel Sanchez by District Judge James O. Browning (vv) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/24/2018) |
| 04/20/2018 | 2140 | Court's Proposed Preliminary Jury Instruction Provided to Jury on 4/13/2018 (cab) (Entered: 04/20/2018) |
| 04/22/2018 | 2141 | MOTION to Exclude *Certain Statements by Joseph Otero* by Christopher Chavez. (Solis, Eduardo) (Entered: 04/22/2018) |
| 04/23/2018 | 2145 | NOTICE *of Objection* by Javier Alonso as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Chambers, Nathan) (Entered: 04/23/2018) |
| 04/23/2018 | 2146 | MOTION for Writ of Habeas Corpus ad testificandum by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Armijo, Maria) (Entered: 04/23/2018) |
| 04/24/2018 | 2150 | TRANSCRIPT of 104 Hearing and Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 04/04/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** Notice of Intent to Request Redaction set for 5/1/2018. Redaction Request due 5/15/2018. Redacted Transcript Deadline set for 5/25/2018. Release of Transcript Restriction set for 7/23/2018. (jab) (Entered: 04/24/2018) |
| 04/24/2018 | 2151 | Opposed MOTION to Continue *and/ or Adjourn Counts 4 and 5* by Andrew Gallegos as to Joe Lawrence Gallegos. (Benjamin, Brock) (Entered: 04/24/2018) |
| 04/24/2018 | 2152 | MOTION to Exclude *Recordings of Certain Telephone Calls* by Arturo Arnulfo Garcia. (Davidson, Scott) (Entered: 04/24/2018) |
| 04/25/2018 | 2161 | MOTION Opposing Disclosure of Medical Records by Frederico Munoz as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Lopez, Louis) (Entered: 04/25/2018) |
| 04/25/2018 | 2162 | MEMORANDUM OPINION AND ORDER denying 2141 MOTION to Exclude *Certain Statements by Joseph Otero* by District Judge James O. Browning (vv) (Entered: 04/25/2018) |
| 04/25/2018 | 2163 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying 2142 Motion in Limine as to Billy Garcia (5) (cab) (Entered: 04/25/2018) |

| 04/26/2018 | 2165 | NOTICE *of Supplemental Exhibits List* by Christopher Chavez (Granberg, John) (Entered: 04/26/2018) |
| 04/27/2018 | 2167 | ORDER by District Judge James O. Browning granting 2146 Motion for Writ of Habeas Corpus ad testificandum (vv) (Entered: 04/27/2018) |
| 04/27/2018 | 2168 | Writ of Habeas Corpus ad Prosequendum Issued for 4/30/18 (vv) (Entered: 04/27/2018) |
| 04/27/2018 | 2169 | SUPPLEMENTAL PROTECTIVE ORDER as to defendants by District Judge James O. Browning (vv) (Entered: 04/27/2018) |
| 04/27/2018 | 2172 | MEMO to all counsel from James O. Browning, United States District Judge (cab) (Entered: 04/27/2018) |
| 04/27/2018 | 2173 | COURT'S FIRST PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 04/27/2018) |
| 04/27/2018 | 2174 | COURT'S FIRST PROPOSED JURY INSTRUCTIONS (without citations) by District Judge James O. Browning (vv) (Entered: 04/27/2018) |
| 04/27/2018 | 2175 | MOTION to Exclude *Out of Court Statements Made by Adrian Burns* by Andrew Gallegos. (Torraco, Lisa) (Entered: 04/27/2018) |
| 04/27/2018 | 2178 | MEMORANDUM OPINION by District Judge James O. Browning Related document(s): 1985 MOTION for Order *to Obtain Physical and Mental Health Records* 2161 MOTION Opposing Disclosure of Medical Records . (cab) (Entered: 04/27/2018) |
| 04/30/2018 | 2180 | Email defense memo re trial road map (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2181 | Email from James Castle order on motion to dismiss (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2182 | LETTER to Judge Browning on the CJA Managing Attorney (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2183 | AMENDED MEMORANDUM OPINION AND ORDER re 2178 Memorandum Opinion by District Judge James O. Browning (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2184 | COURT'S SECOND PROPOSED JURY INSTRUCTIONS (with Citations) by District Judge James O. Browning (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2185 | FILED IN ERROR: Proposed Jury Instructions by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos (Harbour-Valdez, Cori) Modified to add file in error text at attorney's request on 4/30/2018 (bc). (Entered: 04/30/2018) |
| 04/30/2018 | 2186 | Proposed Jury Instructions by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos (Attachments: # 1 Exhibit Proposed Instruction No. 13)(Harbour-Valdez, Cori) (Entered: 04/30/2018) |
| 04/30/2018 | 2187 | COURT'S SECOND PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 04/30/2018) |
| 04/30/2018 | 2188 | MOTION to Exclude *Marital Communication Privileged Testimony by Yvonne Madrid* by Christopher Chavez. (Solis, Eduardo) (Entered: 04/30/2018) |
| 05/01/2018 | 2190 | TRANSCRIPT of 104 Hearing and Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 04/05/18, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction set for 5/8/2018. Redaction Request due 5/22/2018. Redacted Transcript Deadline set for 6/1/2018. Release of Transcript Restriction set for 7/30/2018. (jab) (Entered: 05/01/2018) |
| 05/02/2018 | 2195 | TRANSCRIPT of Excerpt of Testimony of Felipe Gonzalez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 19 and 20, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/9/2018. Redaction Request due 5/23/2018. Redacted Transcript Deadline set for 6/4/2018. Release of Transcript Restriction set for 7/31/2018. (jab) (Entered: 05/02/2018) |
| 05/02/2018 | 2196 | TRANSCRIPT of Excerpted Testimony of Norman Rhoades as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 19 and 20, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/9/2018. Redaction Request due 5/23/2018. Redacted Transcript Deadline set for 6/4/2018. Release of Transcript Restriction set for 7/31/2018. (jab) (Entered: 05/02/2018) |
| 05/03/2018 | 2198 | COURT'S THIRD PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/03/2018) |
| 05/03/2018 | 2199 | MEMORANDUM OPINION AND ORDER granting in part and denied in part 2188 MOTION to Exclude *Marital Communication Privileged Testimony by Yvonne Madrid* by District Judge James O. Browning (vv) (Entered: 05/03/2018) |
| 05/03/2018 | 2200 | WITNESS LIST by Andrew Gallegos (Torraco, Lisa) (Entered: 05/03/2018) |
| 05/03/2018 | 2203 | SEALED EMAIL from Maria Armijo with proposed trial schedule 5-3 (Attachments: # 1 Exhibit) (vv) (Entered: 05/04/2018) |
| 05/03/2018 | 2204 | SEALED EMAIL received from Cori A Harbour re trial schedule (Attachments: # 1 Exhibit, # 2 Exhibit) (vv) (Entered: 05/04/2018) |
| 05/04/2018 | 2205 | SEALED EMAIL received from Cori Harbour re trial schedule (Attachments: # 1 Exhibit) (vv) (Entered: 05/04/2018) |

| 05/04/2018 | 2206 | COURTS DRAFT TABLE RELATED TO WITNESS MICHAEL JARAMILLO (cab) (Entered: 05/04/2018) |
|---|---|---|
| 05/04/2018 | 2207 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning denying 2202 Motion in Limine as to Edward Troup (3) (cab) (Entered: 05/04/2018) |
| 05/07/2018 | 2213 | NOTICE *of Entry of Appearance for Interested Party* by NM Corrections Department, Probation & Parole Division as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Nault, Kevin) (Entered: 05/07/2018) |
| 05/07/2018 | 2214 | Emergency MOTION to Quash *Subpoenas for William Roach and Jesus Sandoval* by NM Corrections Department, Probation & Parole Division as to Joe Lawrence Gallegos. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nault, Kevin) (Entered: 05/07/2018) |
| 05/07/2018 | 2215 | Emergency MOTION to Quash *Subpoena for Recorded Phone Calls of Fred Quintana* by NM Corrections Department, Probation & Parole Division as to Billy Garcia. (Attachments: # 1 Exhibit 1)(Nault, Kevin) (Entered: 05/07/2018) |
| 05/07/2018 | 2218 | EMAIL received from Cori Harbour re trial schedule (vv) (Entered: 05/08/2018) |
| 05/07/2018 | 2219 | EMAIL received from Cori Harbour re trial schedule (vv) (Entered: 05/08/2018) |
| 05/08/2018 | 2217 | COURT'S FOURTH DRAFT JURY INSTRUCTIONS WITHOUT CITATIONS by District Judge James O. Browning (vv) (Entered: 05/08/2018) |
| 05/08/2018 | 2220 | ORDER by District Judge James O. Browning re USMS shall be permitted to conduct a search of the cells of inmates (vv) (Entered: 05/08/2018) |
| 05/08/2018 | 2225 | COURT'S FOURTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/08/2018) |
| 05/08/2018 | 2226 | NOTICE *of Compliance by New Mexico Corrections Department* by NM Corrections Department, Probation & Parole Division as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Nault, Kevin) (Entered: 05/08/2018) |
| 05/08/2018 | 2227 | MOTION to Quash *in Part Subpoena for Health Records of Inmate Joseph Otero* by NM Corrections Department, Probation & Parole Division as to Billy Garcia. (Attachments: # 1 Exhibit 1)(Nault, Kevin) (Entered: 05/08/2018) |
| 05/08/2018 | 2228 | ADDENDUM to 2225 Court's Jury Instructions (vv) (Entered: 05/08/2018) |
| 05/08/2018 | 2232 | MEMORANDUM OPINION AND ORDER denying oral motion to admit the Letter from Leroy Lucero as to Billy Garcia by District Judge James O. Browning (vv) (Entered: 05/09/2018) |
| 05/09/2018 | 2231 | Proposed Jury Instructions by Arturo Arnulfo Garcia (Davidson, Scott) (Entered: 05/09/2018) |
| 05/09/2018 | 2233 | TRANSCRIPT of Opening Statements as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 12, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is,** |

| | | |
|---|---|---|
| | | to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2234 | TRANSCRIPT Excerpted Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 12, 13 and 16, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2235 | TRANSCRIPT of Excerpted Testimony of Mario Rodriguez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 16 & 17, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2236 | TRANSCRIPT of Excerpted Testimony of Julian Romero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 17 & 18, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018)

| 05/09/2018 | 2237 | TRANSCRIPT of Excerpted Testimony of Phillip Gonzales as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 18 & 19, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| --- | --- | --- |
| 05/09/2018 | 2238 | TRANSCRIPT of Excerpted Testimony of Roy Paul Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 20 & 23, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2239 | TRANSCRIPT of Excerpted Testimony of Joseph Otero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 20 & 23, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone |

| | | |
|---|---|---|
| | | number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2240 | TRANSCRIPT of Excerpted Testimony of William Farmer as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 30 & May 1, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/16/2018. Redaction Request due 5/30/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/7/2018. (jab) (Entered: 05/09/2018) |
| 05/09/2018 | 2244 | MINUTE ORDER Pursuant to the direction of District Judge James O. Browning, counsel shall provide to the Court a copy of the *Kastigar* letter for Billy Cordova as soon as possible. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/09/2018) |
| 05/10/2018 | 2248 | Unopposed MOTION to Withdraw Document 2215 Emergency MOTION to Quash *Subpoena for Recorded Phone Calls of Fred Quintana* by NM Corrections Department, Probation & Parole Division as to Billy Garcia. (Attachments: # 1 Exhibit 1)(Nault, Kevin) (Entered: 05/10/2018) |
| 05/10/2018 | 2250 | ORDER re 2214 Emergency MOTION to Quash *Subpoenas for William Roach and Jesus Sandoval* filed by NM Corrections Department by District Judge James O. Browning (vv) (Entered: 05/10/2018) |
| 05/10/2018 | 2251 | MOTION to Compel *Immediate Production of Documents* by Arturo Arnulfo Garcia. (Davidson, Scott) (Entered: 05/10/2018) |
| 05/10/2018 | 2252 | COURT'S FIFTH PROPOSED JURY INSTRUCTIONS (with citations)by District Judge James O. Browning (vv) (Entered: 05/10/2018) |
| 05/10/2018 | 2253 | CORRECTED COURT'S FIFTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/10/2018) |
| 05/10/2018 | 2254 | COURT'S FIFTH PROPOSED JURY INSTRUCTIONS (with citations)by District Judge James O. Browning (vv) (Entered: 05/10/2018) |
| 05/10/2018 | 2255 | RESPONSE to Motion by Joe Lawrence Gallegos, Edward Troup re 2245 MOTION in Limine *to Exclude Irrelevant Evidence under Rule 609 Response to Motion in Limine [Doc 2245]* (Benjamin, Brock) (Entered: 05/10/2018) |
| 05/11/2018 | 2256 | ORDER by District Judge James O. Browning granting 2248 Motion to Withdraw Document 2215 as to Billy Garcia (5) (vv) (Entered: 05/11/2018) |

| 05/11/2018 | 2257 | MEMORANDUM OPINION AND ORDER denying oral motion to compel as to Billy Garcia by District Judge James O. Browning (vv) (Entered: 05/11/2018) |
| 05/11/2018 | 2259 | Proposed Jury Instructions by Arturo Arnulfo Garcia (Davidson, Scott) (Entered: 05/11/2018) |
| 05/14/2018 | 2263 | COURT'S SIXTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/14/2018) |
| 05/14/2018 | 2264 | COURT'S SIXTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/14/2018) |
| 05/14/2018 | 2265 | MEMORANDUM OPINION AND ORDER granting 2245 MOTION in Limine *to Exclude Irrelevant Evidence under Rule 609* by District Judge James O. Browning (vv) (Entered: 05/14/2018) |
| 05/14/2018 | 2270 | ORDER granting writ of habeas corpus ad testificandum for Brandy Rodriguez by District Judge James O. Browning (vv) (Entered: 05/14/2018) |
| 05/14/2018 | 2271 | Writ of Habeas Corpus ad Prosequendum Issued as to Brandy Rodriguez for 5/15/18 (vv) (Entered: 05/14/2018) |
| 05/15/2018 | 2273 | COURT'S SEVENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/15/2018) |
| 05/15/2018 | 2274 | COURT'S SEVENTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/15/2018) |
| 05/15/2018 | 2275 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting United States' oral motion (vv) (Entered: 05/15/2018) |
| 05/15/2018 | 2276 | ORDER granting writ of habeas corpus ad testificandum for Lorenzo Mora by District Judge James O. Browning (vv) (Entered: 05/15/2018) |
| 05/15/2018 | 2277 | Writ of Habeas Corpus ad Prosequendum Issued as to Lorenzo Mora for 5/16/18 (vv) (Entered: 05/15/2018) |
| 05/15/2018 | 2279 | Judgment Returned Executed as to Santos Gonzalez on 4/25/18. (vv) (Entered: 05/15/2018) |
| 05/16/2018 | 2282 | TRANSCRIPT of Excerpted Testimony of Leonard Lujan as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 23 and 24, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | 2283 | TRANSCRIPT of Excerpted Testimony of Lawrence Torres as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 24 and 25, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. |

| | | |
|---|---|---|
| | | After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | [2284](#) | TRANSCRIPT of Excerpted Testimony of Manuel Jacob Armijo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 26 and 27, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | [2285](#) | TRANSCRIPT of Excerpted Testimony of Jason Van Veghel as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 1, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | [2286](#) | TRANSCRIPT of Excerpted Testimony of Willie Romero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, |

| | | |
|---|---|---|
| | | Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 2, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | 2287 | TRANSCRIPT of Excerpted Testimony of Jose Gomez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 2 and 3, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: 05/16/2018) |
| 05/16/2018 | 2288 | COURT'S EIGHTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning. (vv) (Entered: 05/16/2018) |
| 05/16/2018 | 2289 | TRANSCRIPT of Excerpted Testimony of Shauna Gutierrez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 3, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/23/2018. Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/14/2018. (jab) (Entered: |

| | | |
|---|---|---|
| | | 05/16/2018) |
| 05/16/2018 | 2290 | COURT'S EIGHTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/16/2018) |
| 05/17/2018 | 2292 | COURT'S NINTH PROPOSED JURY INSTRUCTIONS (with citations) by District Judge James O. Browning (vv) (Entered: 05/17/2018) |
| 05/17/2018 | 2293 | NOTICE *of Unavailability* by Christopher Garcia from Thursday, June 14, 2018 through and including Saturday, June 30, 2018; and Tuesday, August 21, 2018 through and including Tuesday, September 11, 2018 (Sirignano, Amy) Modified on 5/17/2018 (vv). (Entered: 05/17/2018) |
| 05/17/2018 | 2294 | COURT'S TENTH PROPOSED JURY INSTRUCTIONS WITH CITATIONS (cab) (Entered: 05/17/2018) |
| 05/20/2018 | 2296 | MOTION Mistrial and Severance by Christopher Chavez. (Solis, Eduardo) (Entered: 05/20/2018) |
| 05/20/2018 | 2297 | MOTION to Vacate *Previously filed motion for mistrial* by Christopher Chavez. (Solis, Eduardo) (Entered: 05/20/2018) |
| 05/22/2018 | 2301 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning re 2295 Defendants' Objection to Jury Instruction 31, filed May 20, 2018. IT IS ORDERED that the Defendants' Objection to Jury Instruction 31, filed May 20, 2018 (Doc. 2295), is overruled. (kg) (Entered: 05/22/2018) |
| 05/23/2018 | 2302 | COURT'S FINAL JURY INSTRUCTIONS (without citations) by District Judge James O. Browning. (kg) (Entered: 05/23/2018) |
| 05/23/2018 | 2303 | COURT'S FINAL JURY INSTRUCTIONS (with citations) by District Judge James O. Browning. (kg) (Entered: 05/23/2018) |
| 05/23/2018 | 2304 | TRANSCRIPT of Excerpt of Testimony of Eugene Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 25 & 26 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2305 | TRANSCRIPT of Excerpt of Testimony of Morgan Ramirez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 30 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete** |

| | | |
|---|---|---|
| | | policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | [2306](#) | TRANSCRIPT of Excerpted Testimony of Paul Rivera as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 3 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | [2307](#) | TRANSCRIPT of Excerpted Testimony of Benjamin Clark as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 4 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | [2308](#) | TRANSCRIPT of Excerpted Testimony if Samuel Gonzales as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 4 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice** |

**of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018)

| | | |
|---|---|---|
| 05/23/2018 | 2309 | TRANSCRIPT of Excerpted Testimony of Ruben Hernandez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 4 & 7 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2310 | TRANSCRIPT of Excerpted Testimony of Javier Alonso as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 7 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2311 | TRANSCRIPT of Excerpted Testimony of Raymond Rascon as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 9 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased |

through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018)

| 05/23/2018 | 2312 | TRANSCRIPT of Excerpted Testimony of Billy Cordova as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 9 & 10 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2313 | TRANSCRIPT of Excerpted Testimony of Sammy Griego as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 10 & 11 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2314 | TRANSCRIPT of Excerpted Testimony of Gerald Archuleta as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, |

| | | |
|---|---|---|
| | | Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 11 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2315 | TRANSCRIPT of Excerpted Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 11 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |
| 05/23/2018 | 2316 | TRANSCRIPT of Excerpted Testimony of Michael Jaramillo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 14 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 5/30/2018. Redaction Request due 6/13/2018. Redacted Transcript Deadline set for 6/25/2018. Release of Transcript Restriction set for 8/21/2018. (jab) (Entered: 05/23/2018) |

| | | |
|---|---|---|
| 05/23/2018 | 2325 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Jury Trial [Deliberations] as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew Gallegos held on 5/23/2018- 5/25/18 (Court Reporter: J. Bean) (vv) (Entered: 06/06/2018) |
| 05/25/2018 | 2332 | JURY VERDICT (vv) (Entered: 06/06/2018) |
| 05/25/2018 | 2333 | JUDGMENT of acquittal as to Allen Patterson by District Judge James O. Browning (vv) (Entered: 06/06/2018) |
| 05/30/2018 | 2318 | TRANSCRIPT of Excerpted Trial Testimony of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 14 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/6/2018. Redaction Request due 6/20/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/28/2018. (jab) (Entered: 05/30/2018) |
| 05/30/2018 | 2319 | TRANSCRIPT of Excerpted Trial Testimony of Jimmie Rae Gordon as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 16 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/6/2018. Redaction Request due 6/20/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/28/2018. (jab) (Entered: 05/30/2018) |
| 06/01/2018 | 2320 | TRANSCRIPT of Trial Excerpt of Leroy Lucero as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 7 and 8 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/8/2018. Redaction Request due 6/22/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/30/2018. (jab) (Entered: 06/01/2018) |
| 06/01/2018 | [2321](#) | TRANSCRIPT of Trial Excerpt of Frederico Munoz as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 8 and 9 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/8/2018. Redaction Request due 6/22/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/30/2018. (jab) (Entered: 06/01/2018) |
| 06/01/2018 | [2322](#) | TRANSCRIPT of Testimony Excerpt of Bryan Acee as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 15 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 6/8/2018. Redaction Request due 6/22/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/30/2018. (jab) (Entered: 06/01/2018) |
| 06/06/2018 | [2334](#) | RETURN OF EXHIBITS to counsel (vv) (Entered: 06/06/2018) |
| 06/06/2018 | [2335](#) | Unopposed MOTION to Extend (other) *JOINT MOTION FOR EXTENSION OF TIME TO FILE RENEWED MOTIONS FOR DIRECTED VERDICT AND MOTIONS FOR NEW TRIAL* by Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Andrew Gallegos. (Harbour-Valdez, Cori) (Entered: 06/06/2018) |

| 06/11/2018 | 2336 | ORDER by District Judge James O. Browning granting 2335 Motion to Extend (other) as to Joe Lawrence Gallegos (2), Edward Troup (3), Billy Garcia (5), Arturo Arnulfo Garcia (10), Andrew Gallegos (27) (vv) (Entered: 06/11/2018) |
|---|---|---|
| 06/11/2018 | 2337 | JUDGMENT of acquittal as to Rudy Perez by District Judge James O. Browning (vv) (Entered: 06/11/2018) |
| 06/15/2018 | 2338 | Unopposed MOTION for Extension of Time to File *Rule 29 and Rule 33 motions* by Anthony Ray Baca as to Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Andrew Gallegos. (Duncan, Theresa) (Entered: 06/15/2018) |
| 06/19/2018 | 2339 | JUDGMENT of acquittal as to Christopher Chavez by District Judge James O. Browning (vv) (Entered: 06/19/2018) |
| 06/20/2018 | 2342 | ORDER by District Judge James O. Browning granting 2338 Motion for Extension of Time to File as to Joe Lawrence Gallegos (2), Edward Troup (3), Billy Garcia (5), Arturo Arnulfo Garcia (10), Daniel Sanchez (18), Anthony Ray Baca (21), Carlos Herrera (25), Andrew Gallegos (27) (vv) (Entered: 06/20/2018) |
| 06/20/2018 | 2343 | ORDER granting defendant's request for information from coordinating discovery attorney as to Daniel Sanchez by District Judge James O. Browning (vv) (Entered: 06/20/2018) |
| 07/03/2018 | 2344 | TRANSCRIPT of Excerpt of Voir Dire Examination by the Court as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on January 29 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 7/10/2018. Redaction Request due 7/24/2018. Redacted Transcript Deadline set for 8/3/2018. Release of Transcript Restriction set for 10/1/2018. (jab) (Entered: 07/03/2018) |
| 07/05/2018 | 2346 | MOTION for Hearing *for Presentment of Order on Docs 1694, 2110, 2113* by Eugene Martinez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Couleur, Douglas) (Entered: 07/05/2018) |
| 07/19/2018 | 2352 | TRANSCRIPT of Competency Hearing Proceedings as to Eugene Martinez held on March 20 2017, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**|

| | | | |
|---|---|---|---|
| | | | Notice of Intent to Request Redaction set for 7/26/2018. Redaction Request due 8/9/2018. Redacted Transcript Deadline set for 8/20/2018. Release of Transcript Restriction set for 10/17/2018. (jab) (Entered: 07/19/2018) |
| 07/19/2018 | 2353 | | TRANSCRIPT of Competency Hearing Proceedings as to Eugene Martinez held on March 21 2017, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 7/26/2018. Redaction Request due 8/9/2018. Redacted Transcript Deadline set for 8/20/2018. Release of Transcript Restriction set for 10/17/2018. (jab) (Entered: 07/19/2018) |
| 07/25/2018 | 2354 | | TRANSCRIPT of Jury Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 9 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 8/1/2018. Redaction Request due 8/15/2018. Redacted Transcript Deadline set for 8/27/2018. Release of Transcript Restriction set for 10/23/2018. (jab) (Entered: 07/25/2018) |
| 07/25/2018 | 2355 | | TRANSCRIPT of Jury Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 10 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 8/1/2018. Redaction Request due 8/15/2018. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 8/27/2018. Release of Transcript Restriction set for 10/23/2018. (jab) (Entered: 07/25/2018) |
| 07/25/2018 | 2356 | SEALED TRANSCRIPT of Jury Trial Proceedings (including voir dire) as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 11 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2833. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. (jab) Modified on 8/1/2018 (ljs). (Entered: 07/25/2018) |
| 08/14/2018 | 2367 | MOTION for Release from Custody *MOTION TO SET CONDITIONS OF RELEASE* by Shauna Gutierrez. (Arellanes, Angela) (Entered: 08/14/2018) |
| 08/20/2018 | 2370 | MOTION to Withdraw as Attorney by George Harrison by Gerald Archuleta. (Harrison, George) (Entered: 08/20/2018) |
| 08/20/2018 | 2372 | ORDER by District Judge James O. Browning granting 2367 Motion for Release from Custody as to Shauna Gutierrez (30) (vv) (Entered: 08/20/2018) |
| 08/21/2018 | 2373 | ORDER Setting Conditions of Release by District Judge James O. Browning (vv) (Entered: 08/21/2018) |
| 08/22/2018 | 2375 | JUDGMENT entered on 8/22/2018. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (cab) (Entered: 08/22/2018) |
| 08/28/2018 | 2378 | MEMORANDUM OPINION AND ORDER denying oral motion to dismiss count 3 of superseding 947 as to Arturo Arnulfo Garcia by District Judge James O. Browning (vv) (Entered: 08/28/2018) |
| 08/29/2018 | 2379 | NOTICE OF HEARING as to Shauna Gutierrez: Sentencing set for 9/13/2018 at 03:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/29/2018 | 2380 | NOTICE OF HEARING as to Brandy Rodriguez: Sentencing set for 9/13/2018 at 03:30 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/29/2018 | 2381 | MINUTE ORDER by District Judge James O. Browning as to Shauna Gutierrez VACATING 2379 Notice of Hearing. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/29/2018 | 2382 | AMENDED NOTICE OF HEARING as to Brandy Rodriguez: Sentencing set for 9/20/2018 at 02:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/29/2018 | 2383 | NOTICE OF HEARING as to Mauricio Varela: Sentencing set for 10/15/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/29/2018 | 2384 | NOTICE OF HEARING as to Conrad Villegas: Sentencing set for 10/15/2018 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/29/2018) |
| 08/31/2018 | 2387 | MEMORANDUM OPINION AND ORDER as to Christopher Garcia by District Judge James O. Browning (vv) (Entered: 08/31/2018) |
| 09/06/2018 | 2389 | NOTICE OF HEARING ON MOTION in case as to Eugene Martinez 2346 MOTION for Hearing *for Presentment of Order on Docs 1694, 2110, 2113*: Motion Hearing set for 9/20/2018 at 01:30 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/06/2018) |
| 09/07/2018 | 2390 | SENTENCING MEMORANDUM by Brandy Rodriguez as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Walz, Jerry) |

| | | |
|---|---|---|
| | | (Entered: 09/07/2018) |
| 09/11/2018 | 2392 | ORDER by District Judge James O. Browning granting 2370 MOTION to Withdraw as Attorney. Attorney George A Harrison terminated in case as to Gerald Archuleta. (vv) (Entered: 09/12/2018) |
| 09/12/2018 | 2393 | CJA Appointment of Attorney Kimberly S Brusuelas-Benavidez for Gerald Archuleta by District Judge James O. Browning (vv) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/12/2018) |
| 09/17/2018 | 2394 | RESPONSE by USA as to Brandy Rodriguez re 2390 Sentencing Memorandum,, (Armijo, Maria) (Entered: 09/17/2018) |
| 09/20/2018 | 2397 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Eugene Martinez held on 9/20/2018 re 2346 MOTION for Hearing *for Presentment of Order on Docs 1694, 2110, 2113 (Court Reporter: J. Bean) (vv) (Entered: 09/20/2018)* |
| 09/20/2018 | 2398 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 9/20/2018 for Brandy Rodriguez (31), Count(s) 14, 15, 16, SENTENCE IMPOSED: CBOP-96 months concurrent; Supervised Release-3 years concurrent; SPA-$300; deft in custody. (Court Reporter: J. Bean) (vv) (Entered: 09/21/2018) |
| 09/21/2018 | 2399 | Unopposed MOTION for Extension of Time to File *Objections to Presentence Report* by Javier Alonso. (Chambers, Nathan) (Entered: 09/21/2018) |
| 09/26/2018 | 2400 | NOTICE *of Withdrawal of Counsel* by USA as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez (Beck, Matthew) Modified spellings on 9/27/2018 (vv). (Entered: 09/26/2018) |
| 09/26/2018 | | Attorney update in case as to Angel DeLeon. Attorney Matthew M Beck terminated. (vv) (Entered: 09/26/2018) |
| 09/29/2018 | 2402 | NOTICE *of Counsel's Unavailability* Thursday, October 11, 2018 through and including Monday, October 15, 2018 and Saturday, October 20, 2018, through and including Tuesday, November 6, 2018 by Christopher Garcia (Sirignano, Amy) Modified on 10/1/2018 added dates (meq). (Entered: 09/29/2018) |
| 10/04/2018 | 2404 | Unopposed MOTION for Extension of Time to File *Objections to Presentence Report Renewed* by Javier Alonso. (Chambers, Nathan) (Entered: 10/04/2018) |
| 10/04/2018 | 2405 | JUDGMENT by District Judge James O. Browning as to Defendant Brandy Rodriguez. (cab) (Entered: 10/04/2018) |
| 10/09/2018 | 2407 | Unopposed MOTION for Leave to File Excess Pages by Daniel Sanchez. (Jacks, Amy) (Entered: 10/09/2018) |
| 10/09/2018 | 2408 | MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)* by Daniel Sanchez. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Errata, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit)(Jacks, Amy) (Entered: 10/09/2018) |
| 10/09/2018 | 2409 | ORDER by District Judge James O. Browning granting 2399 Motion for Extension of Time to File as to Javier Alonso (9) (vv) (Entered: 10/09/2018) |
| 10/10/2018 | 2410 | Unopposed MOTION to Continue *Sentencing hearing* by Conrad Villegas. (Crow, B.J.) (Entered: 10/10/2018) |
| 10/10/2018 | 2411 | ORDER by District Judge James O. Browning granting 2410 Motion to Continue sentencing as to Conrad Villegas (20).(vv) (Entered: 10/10/2018) |
| 10/11/2018 | 2412 | ORDER by District Judge James O. Browning granting 2407 Motion for Leave to File Excess Pages as to Daniel Sanchez (18) (vv) (Entered: 10/11/2018) |
| 10/15/2018 | 2413 | MOTION for New Trial by Carlos Herrera. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Bhalla, Carey) (Entered: 10/15/2018) |
| 10/15/2018 | 2414 | MOTION to Dismiss *Second Superseding Indictment Without Prejudice* by USA as to Mauricio Varela. (Armijo, Maria) (Entered: 10/15/2018) |

| | | |
|---|---|---|
| 10/15/2018 | 2415 | Joint MOTION for New Trial *Gallegos' Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial with Regard to Counts Four and Five* by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Andrew Gallegos. (Benjamin, Brock) (Entered: 10/15/2018) |
| 10/15/2018 | 2417 | MOTION for Extension of Time to File *Post-Conviction Motions Under FRCP Rule 29 and FRCP Rule 33* by Billy Garcia. (Castle, James) (Entered: 10/15/2018) |
| 10/15/2018 | 2418 | MOTION for New Trial by Andrew Gallegos. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Torraco, Lisa) (Entered: 10/15/2018) |
| 10/15/2018 | 2419 | MOTION for New Trial *Count 1* by Joe Lawrence Gallegos. (Attachments: # 1 Affidavit)(Benjamin, Brock) (Entered: 10/15/2018) |
| 10/15/2018 | 2420 | MOTION for New Trial by Edward Troup. (Harbour-Valdez, Cori) (Entered: 10/15/2018) |
| 10/15/2018 | 2421 | MOTION for New Trial by Anthony Ray Baca. (Lowry, Marc) (Entered: 10/15/2018) |
| 10/15/2018 | 2427 | Clerk's Minutes for proceedings held before District Judge James O. Browning in 15cr4269 JB: Sentencing held on 10/15/2018 for Mauricio Varela (1), Count(s) 2, SENTENCE IMPOSED: CBOP-168 months; Supervised Release-3 years; SPA-$100; deft in custody. (Court Reporter: J. Bean) (vv) (Entered: 10/16/2018) |
| 10/16/2018 | 2422 | MOTION for Acquittal *Or, In the Alternative, Dismissal Pursuant to Rule 12(b)(2)* by Arturo Arnulfo Garcia. (Davidson, Scott) (Entered: 10/16/2018) |
| 10/16/2018 | 2423 | APPENDIX/SUPPLEMENT *to Anthony Baca's Motion for a New Trial, Dkt. 2421* (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N)(Lowry, Marc) (Entered: 10/16/2018) |
| 10/16/2018 | 2424 | NOTICE OF HEARING ON MOTION in case as to Daniel Sanchez 2408 MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)*: Motion Hearing set for 12/17/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/16/2018) |
| 10/16/2018 | 2425 | NOTICE *TO JOIN MOTION FOR NEW TRIAL [Doc. No. 2420] AND MOTION FOR ACQUITTAL OR, IN THE ALTERNATIVE, DISMISSAL PURSUANT TO RULE 12(b)(2) [Doc. No. 2422]* by Billy Garcia (Castle, James) (Entered: 10/16/2018) |
| 10/16/2018 | 2426 | NOTICE *of Joinder to Arturo Garcias Motion for Acquittal or, in the Alternative, Dismissal Pursuant to Rule 12(b)(2) [Doc. 2422]* by Edward Troup (Harbour-Valdez, Cori) (Entered: 10/16/2018) |
| 10/16/2018 | 2428 | NOTICE *OF LODGING OF EXHIBIT A TO ANTHONY RAY BACA'S MOTION FOR A NEW TRIAL AND NOTICE OF JOINDER* by Anthony Ray Baca (Lowry, Marc) (Entered: 10/16/2018) |
| 10/18/2018 | 2429 | ORDER by District Judge James O. Browning granting 2414 Motion to Dismiss second superseding indictment as to Mauricio Varela (17) (vv) (Entered: 10/18/2018) |
| 10/18/2018 | 2430 | NOTICE *of Joinder to Defendant Baca's Motion for a New Trial (Doc 2421)* by Carlos Herrera (Bhalla, Carey) (Entered: 10/18/2018) |
| 10/22/2018 | 2431 | Joinder *to Defendant Baca's and Defendant Herrera's Motions for New Trial (Docs. 2421 and 2413)* by Daniel Sanchez. (Jacks, Amy) Modified text on 10/22/2018 (vv). (Entered: 10/22/2018) |
| 10/25/2018 | 2432 | Unopposed MOTION for Extension of Time to File *Objections to Presentence Report Second* by Javier Alonso. (Attachments: # 1 Proposed Order)(Chambers, Nathan) (Entered: 10/25/2018) |
| 10/29/2018 | 2433 | RESPONSE in Opposition by USA as to Billy Garcia re 2416 MOTION to Produce *Post-Conviction Discovery and for In Camera Review* (Attachments: # 1 Exhibit FBI FD-209a, # 2 Exhibit FBI FD-302s, # 3 Exhibit FBI FD-1023)(Armijo, Maria) (Entered: 10/29/2018) |
| 10/30/2018 | 2434 | ORDER by District Judge James O. Browning granting 2432 Motion for Extension of Time to File as to Javier Alonso (9) (vv) (Entered: 10/30/2018) |
| 10/30/2018 | 2435 | RESPONSE in Opposition by USA as to Arturo Arnulfo Garcia re 2422 MOTION for Acquittal *Or, In the Alternative, Dismissal Pursuant to Rule 12(b)(2)* (Castellano, Randy) (Entered: 10/30/2018) |
| 10/31/2018 | | U.S. Probation and Pretrial Services added as interested party.(Avrit, Krystle) (Entered: 10/31/2018) |
| 11/01/2018 | 2436 | NOTICE OF HEARING as to Conrad Villegas: Change of Plea Hearing set for 11/9/2018 at 10:00 AM in Las Cruces - 460 Organ Courtroom (South Tower) before Magistrate Judge Carmen E. Garza. (vrr) |

| | | |
|---|---|---|
| | | [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/01/2018) |
| 11/02/2018 | 2437 | NOTICE OF HEARING ON MOTION 2408 MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)*, 2413 MOTION for New Trial , 2415 Joint MOTION for New Trial *Gallegos' Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial with Regard to Counts Four and Five*, 2418 MOTION for New Trial , 2419 MOTION for New Trial *Count 1*, 2420 MOTION for New Trial , 2421 MOTION for New Trial and 2422 MOTION for Acquittal Or, In the Alternative, Dismissal Pursuant to Rule 12(b)(2) by Arturo Arnulfo Garcia. Motion Hearing set for 12/17/2018 through 12/19/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/02/2018) |
| 11/02/2018 | 2438 | REPLY TO RESPONSE to Motion by Billy Garcia re 2416 MOTION to Produce *Post-Conviction Discovery and for In Camera Review* (Attachments: # 1 Appendix A)(Castle, James) (Entered: 11/02/2018) |
| 11/05/2018 | 2440 | NOTICE OF HEARING ON MOTION in case as to Billy Garcia 2416 MOTION to Produce *Post-Conviction Discovery and for In Camera Review* and 2417 MOTION for Extension of Time to File *Post-Conviction Motions Under FRCP Rule 29 and FRCP Rule 33*: Motion Hearing set for 12/17/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/05/2018) |
| 11/05/2018 | 2441 | Unopposed MOTION for Extension of Time to File Response/Reply as to 2415 Joint MOTION for New Trial *Gallegos' Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial with Regard to Counts Four and Five*, 2421 MOTION for New Trial , 2413 MOTION for New Trial , 2419 MOTION for New Trial *Count 1*, 2420 MOTION for New Trial by USA as to Joe Lawrence Gallegos, Edward Troup, Anthony Ray Baca, Carlos Herrera. (Armijo, Maria) (Entered: 11/05/2018) |
| 11/05/2018 | 2442 | Unopposed MOTION for Extension of Time to File Response/Reply as to 2418 MOTION for New Trial , 2408 MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)* by USA as to Daniel Sanchez, Andrew Gallegos. (Armijo, Maria) (Entered: 11/05/2018) |
| 11/06/2018 | 2443 | ORDER by District Judge James O. Browning granting 2441 Motion for Extension of Time to File Response/Reply as to Carlos Herrera (25) (vv) (Entered: 11/06/2018) |
| 11/06/2018 | 2444 | ORDER by District Judge James O. Browning granting 2442 Motion for Extension of Time to File Response/Reply as to Andrew Gallegos (27) (vv) (Entered: 11/06/2018) |
| 11/09/2018 | 2445 | AMENDED PLEA AGREEMENT as to Conrad Villegas (vv) (Entered: 11/09/2018) |
| 11/09/2018 | 2446 | Clerk's Minutes for proceedings held before Magistrate Judge Carmen E. Garza: Plea Hearing as to Conrad Villegas held on 11/9/2018, Plea entered by Conrad Villegas (20) Guilty Count 6,8s,8ss. (Recording Info: LC Organ) (vv) (Entered: 11/09/2018) |
| 11/09/2018 | 2447 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Conrad Villegas (vv) (Entered: 11/13/2018) |
| 11/19/2018 | 2448 | NOTICE OF HEARING ON MOTION in case as to Daniel Sanchez 1841 MOTION to Dismiss *Case for Government's Outrageous Misconduct and Violation of Brady v. Maryland*: Motion Hearing set for 12/17/2018 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/19/2018) |
| 11/20/2018 | 2449 | CJA Appointment of Attorney Leon Encinias for Ruben Hernandez by District Judge James O. Browning (vv) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 11/20/2018) |
| 11/26/2018 | 2450 | RESPONSE to Motion by USA as to Andrew Gallegos re 2418 MOTION for New Trial (Armijo, Maria) (Entered: 11/26/2018) |
| 11/26/2018 | 2451 | RESPONSE to Motion by USA as to Daniel Sanchez re 2408 MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit)(Castellano, Randy) (Entered: 11/26/2018) |
| 11/30/2018 | 2452 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos, Andrew Gallegos re 2415 Joint MOTION for New Trial *Gallegos' Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial with Regard to Counts Four and Five* (Armijo, Maria) (Entered: 11/30/2018) |

| | | |
|---|---|---|
| 11/30/2018 | 2453 | RESPONSE to Motion by USA as to Joe Lawrence Gallegos re 2419 MOTION for New Trial *Count 1* (Attachments: # 1 Exhibit)(Armijo, Maria) (Entered: 11/30/2018) |
| 11/30/2018 | 2454 | RESPONSE to Motion by USA as to Carlos Herrera re 2413 MOTION for New Trial (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Castellano, Randy) (Entered: 11/30/2018) |
| 11/30/2018 | 2455 | TRANSCRIPT Transcript of Excerpt of Testimony of Richard Williamson as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 27 & 30 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/7/2018. Redaction Request due 12/21/2018. Redacted Transcript Deadline set for 12/31/2018. Release of Transcript Restriction set for 2/28/2019. (jab) (Entered: 11/30/2018) |
| 11/30/2018 | 2456 | TRANSCRIPT Excerpt of Testimony of Amber Sutton as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 27 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 12/7/2018. Redaction Request due 12/21/2018. Redacted Transcript Deadline set for 12/31/2018. Release of Transcript Restriction set for 2/28/2019. (jab) (Entered: 11/30/2018) |
| 11/30/2018 | 2458 | TRANSCRIPT Excerpt of Testimony of Michael Sutton as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on April 30 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no** |

| | | |
|---|---|---|
| | | **notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 12/7/2018. Redaction Request due 12/21/2018. Redacted Transcript Deadline set for 12/31/2018. Release of Transcript Restriction set for 2/28/2019. (jab) (Entered: 11/30/2018) |
| 11/30/2018 | 2459 | TRANSCRIPT Excerpt of Testimony of Charlene Baldizan as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 1 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 12/7/2018. Redaction Request due 12/21/2018. Redacted Transcript Deadline set for 12/31/2018. Release of Transcript Restriction set for 2/28/2019. (jab) (Entered: 11/30/2018) |
| 11/30/2018 | 2460 | RESPONSE to Motion by USA as to Edward Troup re 2420 MOTION for New Trial (Attachments: # 1 Exhibit)(Castellano, Randy) (Entered: 11/30/2018) |
| 12/04/2018 | 2462 | REPLY TO RESPONSE to Motion by Daniel Sanchez re 2408 MOTION for New Trial *(FRCP Rule 33) or Judgment of Acquittal (FRCP Rule 29)* (Jacks, Amy) (Entered: 12/04/2018) |
| 12/13/2018 | 2463 | NOTICE *NOTICE TO JOIN MOTION FOR NEW TRIAL [Doc 2420]* by Joe Lawrence Gallegos (Benjamin, Brock) (Entered: 12/13/2018) |
| 12/13/2018 | 2464 | NOTICE *NOTICE TO JOIN MOTION FOR ACQUITTAL OR, IN THE ALTERNATIVE, DISMISSAL PURSUANT TO RULE 12(b)(2) [Doc 2422]* by Joe Lawrence Gallegos (Benjamin, Brock) (Entered: 12/13/2018) |
| 12/13/2018 | 2465 | REPLY TO RESPONSE to Motion by Carlos Herrera re 2413 MOTION for New Trial (Bhalla, Carey) (Entered: 12/13/2018) |
| 12/14/2018 | 2466 | REPLY TO RESPONSE to Motion by Edward Troup re 2420 MOTION for New Trial (Harbour-Valdez, Cori) (Entered: 12/14/2018) |
| 12/14/2018 | 2467 | REPLY TO RESPONSE to Motion by Joe Lawrence Gallegos re 2415 Joint MOTION for New Trial *Gallegos' Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial with Regard to Counts Four and Five* (Benjamin, Brock) (Entered: 12/14/2018) |
| 12/14/2018 | 2468 | First MOTION for Extension of Time to File Response/Reply *in Support of Anthony Baca's Motion for a New Trial, Dkt. 2421,* by Anthony Ray Baca. (Lowry, Marc) (Entered: 12/14/2018) |
| 12/15/2018 | 2469 | REPLY TO RESPONSE to Motion by Anthony Ray Baca re 2421 MOTION for New Trial (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit T)(Lowry, Marc) (Entered: 12/15/2018) |
| 12/17/2018 | 2470 | NOTICE *OF LODGING OF THE SUPPLEMENT OF EXHIBITS Q, R AND S TO ANTHONY RAY BACA'S REPLY IN SUPPORT OF HIS MOTION FOR NEW TRIAL* by Anthony Ray Baca re 2469 Reply to Response (Lowry, Marc) (Entered: 12/17/2018) |
| 12/17/2018 | 2484 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Evidentiary Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, |

| | | |
|---|---|---|
| | | Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 12/17/2018 (Court Reporter: J. Bean) (cab) (Entered: 01/09/2019) |
| 12/19/2018 | 2471 | ORDER by District Judge James O. Browning granting 2468 Motion for Extension of Time to File Response/Reply as to Anthony Ray Baca (21) (vv) (Entered: 12/19/2018) |
| 12/20/2018 | 2474 | MOTION to Modify Conditions of Release *UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE* by Shauna Gutierrez. (Arellanes, Angela) (Entered: 12/20/2018) |
| 12/28/2018 | 2475 | Unopposed MOTION for Extension of Time to File *Further Motions for Discovery and/or Motion for New Trial* by Billy Garcia. (Castle, James) (Entered: 12/28/2018) |
| 12/31/2018 | 2476 | ORDER by District Judge James O. Browning granting 2474 Motion to Modify Conditions of Release as to Shauna Gutierrez (30) (vv) (Entered: 12/31/2018) |
| 01/04/2019 | 2478 | ORDER by District Judge James O. Browning granting 2475 Motion for Extension of Time to File as to Billy Garcia (5) (vv) (Entered: 01/04/2019) |
| 01/04/2019 | 2479 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on December 17, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/11/2019. Redaction Request due 1/25/2019. Redacted Transcript Deadline set for 2/4/2019. Release of Transcript Restriction set for 4/4/2019. (jab) (Entered: 01/04/2019) |
| 01/04/2019 | 2480 | TRANSCRIPT of Motion Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on December 18, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 1/11/2019. Redaction Request due 1/25/2019. Redacted Transcript Deadline set for 2/4/2019. Release of Transcript Restriction set for 4/4/2019. (jab) (Entered: 01/04/2019) |

| 01/04/2019 | 2481 | Unopposed MOTION to Extend (other) *Defendant Anthony Ray Baca's Unopposed Motion for a One Week Extension of Time to File Written Argument in Support of his Motion for New Trial (Dkt. 2421)* by Anthony Ray Baca. (Lowry, Marc) (Entered: 01/04/2019) |
| 01/07/2019 | 2483 | ORDER by District Judge James O. Browning granting 2481 Unopposed Motion for a One Week Extension of Time to File Written Argument in Support of His Motion to for New Trial as to Anthony Ray Baca (21) (bap) (Entered: 01/08/2019) |
| 01/10/2019 | 2485 | Unopposed MOTION for Extension of Time to File *Further Motions for Discovery and/or Motion for New Trial* by Billy Garcia. (Castle, James) (Entered: 01/10/2019) |
| 01/10/2019 | 2486 | Supplemental Juror Questionnaire for Trial 1 (cab) (Entered: 01/10/2019) |
| 01/10/2019 | 2487 | Supplemental Juror Questionnaire Trial 2 (cab) (Entered: 01/10/2019) |
| 01/11/2019 | 2488 | BRIEF by Anthony Ray Baca (Lowry, Marc) (Entered: 01/12/2019) |
| 01/14/2019 | 2489 | ORDER by District Judge James O. Browning granting 2485 Motion for Extension of Time to File Further Motions for Discovery And/Or Motion for New Trial as to Billy Garcia (5) (meq) (Entered: 01/14/2019) |
| 01/15/2019 | 2490 | NOTICE *Joining Arturo Arnulfo Garcia's Motion for Judgment of Acquittal or in the Alternative, Dismissal Pursuant to Rule 12 (B)(2) [Doc.2422]* by Andrew Gallegos (Torraco, Lisa) (Entered: 01/15/2019) |
| 01/15/2019 | 2491 | Supplement to MOTION for New Trial by Andrew Gallegos. (Torraco, Lisa) Modified text on 1/16/2019 (vv). (Entered: 01/15/2019) |
| 01/18/2019 | 2493 | NOTICE OF HEARING as to Conrad Villegas: Sentencing set for 2/21/2019 at 02:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 01/18/2019) |
| 01/25/2019 | 2494 | Unopposed MOTION for Extension of Time to File Response/Reply as to 2488 Brief by USA as to Anthony Ray Baca. (Armijo, Maria) (Entered: 01/25/2019) |
| 01/28/2019 | 2495 | LETTER from US Attorney to US District Judge James O. Browning (vv) (Entered: 01/28/2019) |
| 01/28/2019 | 2496 | Unopposed MOTION for Extension of Time to File Response/Reply as to 2491 Supplement to MOTION for New Trial by USA as to Andrew Gallegos. (Armijo, Maria) (Entered: 01/28/2019) |
| 01/30/2019 | 2497 | ORDER by District Judge James O. Browning granting 2494 Motion for Extension of Time to File Response/Reply as to Anthony Ray Baca (21) (vv) (Entered: 01/30/2019) |
| 02/01/2019 | 2498 | ORDER by District Judge James O. Browning granting 2496 Motion for Extension of Time to File Response/Reply as to Andrew Gallegos (27) (vv) (Entered: 02/01/2019) |
| 02/11/2019 | 2504 | Unopposed MOTION for Extension of Time to File *Further Motions for Discovery and/or Motions for New Trial* by Billy Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez. (Cooper, Robert) (Entered: 02/11/2019) |
| 02/13/2019 | 2506 | ORDER by District Judge James O. Browning granting 2504 Motion for Extension of Time to File as to Billy Garcia (5) (vv) (Entered: 02/13/2019) |
| 02/15/2019 | | U.S. Probation and Pretrial Services added as interested party.(Herman, Aydreanah) (Entered: 02/15/2019) |
| 02/15/2019 | | U.S. Probation and Pretrial Services added as interested party.(Herman, Aydreanah) (Entered: 02/15/2019) |
| 02/19/2019 | 2515 | RESPONSE by USA as to Andrew Gallegos re 2491 Supplement to MOTION for New Trial (Castellano, Randy) (Entered: 02/19/2019) |
| 02/21/2019 | 2516 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 2/21/2019 for Conrad Villegas (20), Count(s) 8ss, SENTENCE IMPOSED: CBOP-12 months and 1 day; Supervised Release-1 year; SPA-$100; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 02/21/2019) |
| 02/22/2019 | 2517 | MOTION for Downward Adjustment *in Defendant's Offense Level* by USA as to Conrad Villegas. (Castellano, Randy) (Entered: 02/22/2019) |
| 02/22/2019 | 2518 | JUDGMENT by District Judge James O. Browning as to Defendant Conrad Villegas (cab) (Entered: 02/22/2019) |

| | | |
|---|---|---|
| 02/22/2019 | 2519 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on January 31, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2520 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 1, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2521 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 2, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2522 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 5, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2523 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 6, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** <br><br> Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2524 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 7, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is,** |

| | | |
|---|---|---|
| | | to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2525 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 8, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2526 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 9, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2527 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 12, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019)

| | | |
|---|---|---|
| 02/22/2019 | [2528](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 13, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2529](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 14, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2530](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 15, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. |

| | | |
|---|---|---|
| | | Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2531](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 16, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2532](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 20, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2533](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy |

|  |  | Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 21, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2534 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 22, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 5. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2535 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 23, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |

| 02/22/2019 | 2536 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 26, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2537 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 27, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2538 | TRANSCRIPT of Tiral Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 28, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.** |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2539 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 1, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2540 | TRANSCRIPT of Tiral Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 2, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | 2541 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 5, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is,** |

| | | |
|---|---|---|
| | | **to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2542](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 6, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2543](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 7, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/22/2019 | [2544](#) | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 8, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**

Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019)

| 02/22/2019 | 2545 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 9, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| --- | --- | --- |
| 02/22/2019 | 2546 | TRANSCRIPT of Verict Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on March 12, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/1/2019. Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019. (jab) (Entered: 02/22/2019) |
| 02/28/2019 | 2548 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on January 29, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. |

| | | |
|---|---|---|
| | | Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/7/2019. Redaction Request due 3/21/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 5/29/2019. (jab) (Entered: 02/28/2019) |
| 02/28/2019 | 2549 | TRANSCRIPT of Trial Proceedings as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on January 30, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at www.nmcourt.fed.us.**<br><br>Notice of Intent to Request Redaction set for 3/7/2019. Redaction Request due 3/21/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 5/29/2019. (jab) (Entered: 02/28/2019) |
| 02/28/2019 | 2550 | ORDER as to Conrad Villegas by District Judge James O. Browning (vv) (Entered: 02/28/2019) |
| 03/01/2019 | 2551 | BRIEF by Anthony Ray Baca (Lowry, Marc) (Entered: 03/01/2019) |
| 03/06/2019 | 2555 | First MOTION for Extension of Time to File *Objections and Sentencing Memorandum* by Shauna Gutierrez. (Arellanes, Angela) (Entered: 03/06/2019) |
| 03/06/2019 | 2559 | NOTICE OF HEARING as to Shauna Gutierrez: Sentencing set for 4/22/2019 at 01:30 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2560 | NOTICE OF HEARING as to Paul Rivera: Sentencing set for 4/22/2019 at 02:30 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2561 | NOTICE OF HEARING as to Ruben Hernandez: Sentencing set for 4/22/2019 at 03:30 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2562 | NOTICE OF HEARING as to Jerry Armenta: Sentencing set for 4/17/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2563 | NOTICE OF HEARING as to Jerry Montoya: Sentencing set for 4/17/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |

| | | |
|---|---|---|
| 03/06/2019 | 2564 | NOTICE OF HEARING as to Timothy Martinez: Sentencing set for 4/17/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2565 | NOTICE OF HEARING as to Robert Martinez: Sentencing set for 4/17/2019 at 11:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2566 | NOTICE OF HEARING as to Roy Paul Martinez: Sentencing set for 4/17/2019 at 01:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2567 | NOTICE OF HEARING as to Javier Alonso: Sentencing set for 4/17/2019 at 02:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2568 | NOTICE OF HEARING as to Benjamin Clark: Sentencing set for 4/17/2019 at 03:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2569 | NOTICE OF HEARING as to Leonard Lujan: Sentencing set for 4/18/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2570 | NOTICE OF HEARING as to Billy Garcia: Sentencing set for 4/23/2019 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2571 | NOTICE OF HEARING as to Daniel Sanchez: Sentencing set for 4/23/2019 at 09:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2572 | NOTICE OF HEARING as to Eugene Martinez: Sentencing set for 4/23/2019 at 10:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/06/2019 | 2573 | NOTICE OF HEARING as to Carlos Herrera: Sentencing set for 4/23/2019 at 11:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/06/2019) |
| 03/07/2019 | 2574 | NOTICE *of Attorney Unavailability* by Christopher Garcia (Sirignano, Amy) (Entered: 03/07/2019) |
| 03/11/2019 | 2580 | ORDER by District Judge James O. Browning granting 2555 Motion for Extension of Time to File as to Shauna Gutierrez (30) (vv) (Entered: 03/11/2019) |
| 03/11/2019 | 2582 | NOTICE OF HEARING as to Daniel Sanchez: Sentencing set for 5/16/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/11/2019 | 2583 | NOTICE OF HEARING as to Joe Lawrence Gallegos: Sentencing set for 5/15/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/11/2019 | 2584 | NOTICE OF HEARING as to Edward Troup: Sentencing set for 5/15/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/11/2019 | 2585 | NOTICE OF HEARING as to Mario Rodriguez: Sentencing set for 5/15/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/11/2019 | 2586 | NOTICE OF HEARING as to Arturo Arnulfo Garcia: Sentencing set for 5/9/2019 at 09:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/11/2019 | 2587 | NOTICE OF HEARING as to Anthony Ray Baca: Sentencing set for 5/9/2019 at 10:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |

| 03/11/2019 | 2588 | NOTICE OF HEARING as to Christopher Garcia: Sentencing set for 5/10/2019 at 09:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
|---|---|---|
| 03/11/2019 | 2589 | NOTICE OF HEARING as to Andrew Gallegos: Sentencing set for 5/10/2019 at 10:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/11/2019) |
| 03/29/2019 | 2601 | Unopposed MOTION for Extension of Time to File *objections to PSR* by Eugene Martinez. (Couleur, Douglas) (Entered: 03/29/2019) |
| 03/29/2019 | 2602 | ORDER by District Judge James O. Browning denying 1841 2408 2415 2416 2419 2420 2421 2422 2413 2418 . (vv) (Entered: 03/29/2019) |
| 03/29/2019 | 2603 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning, the sentencing hearings for defendants Jerry Armenta, Jerry Montoya, Timothy Martinez, Robert Martinez, Roy Paul Martinez, Javier Alonso, Benjamin Clark, Leonard Lujan and Frederico Munoz are VACATED and will be reset by separate notice at a later date. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/29/2019) |
| 04/01/2019 | 2604 | Unopposed MOTION for Extension of Time to File *Objections and Corrections to the Presentence Investigation Report* by Edward Troup. (Harbour-Valdez, Cori) (Entered: 04/01/2019) |
| 04/03/2019 | 2608 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning, sentencing for Defendants Shauna Gutierrez, Paul Rivera, Ruben Hernandez, Billy Garcia, Carlos Herrera presently set for 4/22/19 and 4/23/19 is hereby VACATED and will be reset by separate notice at a later date. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/03/2019) |
| 04/04/2019 | 2609 | ORDER by District Judge James O. Browning granting 2601 Motion for Extension of Time to File as to Eugene Martinez (6) (vv) (Entered: 04/04/2019) |
| 04/08/2019 | 2610 | ORDER by District Judge James O. Browning granting 2604 Motion for Extension of Time to File as to Edward Troup (3) (vv) (Entered: 04/08/2019) |
| 04/11/2019 | | U.S. Probation and Pretrial Services added as interested party.(Rosiles, Cesar) (Entered: 04/11/2019) |
| 04/11/2019 | 2614 | OBJECTION TO PRESENCE INVESTIGATION REPORT by Joe Lawrence Gallegos (Benjamin, Brock) (Entered: 04/11/2019) |
| 04/18/2019 | 2617 | OBJECTION TO PRESENCE INVESTIGATION REPORT by Andrew Gallegos (Torraco, Lisa) (Entered: 04/18/2019) |
| 04/19/2019 | 2618 | SENTENCING MEMORANDUM by Andrew Gallegos (Torraco, Lisa) (Entered: 04/19/2019) |
| 04/23/2019 | 2619 | MEMORANDUM OPINION AND ORDER re 2138 Trial Brief by District Judge James O. Browning (vv) (Entered: 04/23/2019) |
| 04/30/2019 | 2622 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning, the sentencing presently set for Mario Rodriguez set for 5/15/19 is vacated and will be reset by separate notice at a later date. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/30/2019) |
| 05/01/2019 | 2623 | CJA Appointment of Attorney Sarah M. Gorman for Angel DeLeon by District Judge James O. Browning (vv) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/01/2019) |
| 05/03/2019 | 2629 | Unopposed MOTION to Continue *MAY 9, 2019 SENTENCING HEARING* by Arturo Arnulfo Garcia as to Arturo Arnulfo Garcia, Anthony Ray Baca. (Blackburn, Billy) (Entered: 05/03/2019) |
| 05/03/2019 | 2631 | AMENDED NOTICE OF HEARING as to Daniel Sanchez: Sentencing set for 5/15/2019 at 01:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/03/2019) |
| 05/07/2019 | 2636 | TRANSCRIPT of PLEA HEARING as to Leonard Lujan held on March 13, 2017, before Magistrate Judge Karen B. Molzen. Court Reporter/Transcriber Bean & Associates, Inc, Telephone number 505-843-9494. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no** |

| | | |
|---|---|---|
| | | **notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br> Notice of Intent to Request Redaction set for 5/14/2019. Redaction Request due 5/28/2019. Redacted Transcript Deadline set for 6/7/2019. Release of Transcript Restriction set for 8/5/2019.(dxz) (Entered: 05/07/2019) |
| 05/07/2019 | 2638 | RESPONSE by USA as to Andrew Gallegos re 2617 Objection to Presentence Investigation Report (Castellano, Randy) (Entered: 05/07/2019) |
| 05/08/2019 | | Reset Hearings AS TO TIME ONLY as to Edward Troup: Sentencing set for 5/15/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/08/2019) |
| 05/08/2019 | | Set/Reset Hearings AS TO TIME ONLY as to Daniel Sanchez: Sentencing set for 5/15/2019 at 10:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) (Entered: 05/08/2019) |
| 05/08/2019 | 2639 | ORDER by District Judge James O. Browning granting 2629 Motion to Continue as to Arturo Arnulfo Garcia (10) and Anthony Ray Baca (21) Sentencing set for Arturo Arnulfo Garcia for 6/11/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. Sentencing set for Anthony Ray Baca 6/11/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) (Entered: 05/08/2019) |
| 05/08/2019 | | Set/Reset Hearings as to Christopher Garcia: Sentencing set for 5/10/2019 at 08:31 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.](cab) (Entered: 05/08/2019) |
| 05/10/2019 | 2722 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 5/10/2019 for Andrew Gallegos (27), Count(s) 4s, SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; Count(s) 5s, SENTENCE IMPOSED: CBOP - Life; Supervised Release-5 years; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/27/2019) |
| 05/10/2019 | 2723 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 5/10/2019 for Christopher Garcia (24), Count(s) 10ss, 11ss, SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; SPA-$200. (Court Reporter: J Bean) (vv) (Entered: 06/27/2019) |
| 05/13/2019 | 2649 | ORDER by District Judge James O. Browning granting 2635 Motion to Continue as to Joe Lawrence Gallegos (2) Sentencing set for 6/11/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (vv) (Entered: 05/13/2019) |
| 05/13/2019 | 2650 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 1912 MOTION in Limine *SEALED re Statements against Penal Interest under Rule 804(b)(3)* by District Judge James O. Browning (vv) (Entered: 05/13/2019) |
| 05/13/2019 | 2652 | SENTENCING MEMORANDUM by Daniel Sanchez (Jacks, Amy) (Entered: 05/13/2019) |
| 05/14/2019 | 2656 | RESPONSE by USA as to Edward Troup *'s PSR Objections and Motion for Downward Departure* (Castellano, Randy) (Entered: 05/14/2019) |
| 05/15/2019 | 2657 | MOTION to Dismiss *Count 12 of the Second Superseding Indictment* by USA as to Christopher Garcia. (Armijo, Maria) (Entered: 05/15/2019) |
| 05/15/2019 | 2718 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 5/15/2019 for Daniel Sanchez (18), Count(s) 6sss, SENTENCE IMPOSED:CBOP-120 months; Supervised Release-3 years; Count(s) 7sss, SENTENCE IMPOSED:CBOP-Life; Supervised Release-5 concurrently years; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/19/2019) |
| 05/15/2019 | 2719 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 5/15/2019 for Edward Troup (3), Count(s) 1ss, 3ss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$200; deft in custody. (Court Reporter: J Bean) (Attachments: # 1 Exhibit) (vv) (Entered: 06/19/2019) |
| 05/17/2019 | 2658 | NOTICE OF HEARING as to Billy Garcia: Sentencing set for 6/11/2019 at 03:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/17/2019) |

| | | |
|---|---|---|
| 05/21/2019 | 2659 | NOTICE OF HEARING as to Shauna Gutierrez: Sentencing set for 6/12/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/21/2019) |
| 05/21/2019 | 2660 | AMENDED NOTICE OF HEARING as to Anthony Ray Baca: Sentencing set for 6/12/2019 at 11:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/21/2019) |
| 05/21/2019 | 2661 | NOTICE OF HEARING as to Carlos Herrera: Sentencing set for 6/11/2019 at 02:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/21/2019) |
| 05/24/2019 | 2666 | ORDER permitting Daniel Sanchez to retain possession of his written legal materials and his computer tablet, headphones and charger by District Judge James O. Browning (vv) (Entered: 05/24/2019) |
| 05/28/2019 | 2668 | NOTICE *OF UNAVAILABILITY* by Christopher Garcia (Sirignano, Amy) (Entered: 05/28/2019) |
| 05/29/2019 | 2669 | RESPONSE by USA as to Joe Lawrence Gallegos re 2614 Objection to Presentence Investigation Report (Castellano, Randy) (Entered: 05/29/2019) |
| 06/04/2019 | 2678 | Unopposed MOTION *to Retain Tablet and Related Materials, and Objections to PSR* by Arturo Arnulfo Garcia. (Davidson, Scott) (Entered: 06/04/2019) |
| 06/05/2019 | 2679 | Unopposed MOTION for Order *for Permission to Retain Computer Tablet and Legal Materials* by Billy Garcia. (Cooper, Robert) (Entered: 06/05/2019) |
| 06/07/2019 | 2685 | First MOTION to Continue by Shauna Gutierrez. (Arellanes, Angela) (Entered: 06/07/2019) |
| 06/10/2019 | 2687 | NOTICE OF HEARING as to Shauna Gutierrez: Change of Plea Hearing set for 6/11/2019 at 11:00 AM in Las Cruces - 380 Animas Courtroom (South Tower) before Magistrate Judge Carmen E. Garza. (bw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/10/2019) |
| 06/10/2019 | 2688 | ORDER by District Judge James O. Browning granting 2679 Motion for Order as to Billy Garcia (5) (vv) (Entered: 06/10/2019) |
| 06/10/2019 | 2689 | Addendum to sentencing memorandum by Shauna Gutierrez. (Attachments: # 1 Supplement Letters of Recommendation)(Arellanes, Angela) Modified on 6/10/2019 (vv). (Entered: 06/10/2019) |
| 06/11/2019 | 2691 | Clerk's Minutes for proceedings held before Magistrate Judge Carmen E. Garza: Change of Plea Hearing as to Shauna Gutierrez continued on 6/11/2019; Plea hearing to be continued to 2:00 p.m. today to allow more time to talk with attorney; Defendant on release (AUSA: Maria Armijo; Defense: Angela Arellanes)(LCR-Animas: 11:20-11:35 A.M.) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (bw) (Entered: 06/11/2019) |
| 06/11/2019 | 2692 | NOTICE OF HEARING as to Shauna Gutierrez: Change of Plea Hearing set for 6/11/2019 at 2:00 PM in Las Cruces - 380 Animas Courtroom (South Tower) before Magistrate Judge Carmen E. Garza. (bw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/11/2019) |
| 06/11/2019 | 2693 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/11/2019 for Arturo Arnulfo Garcia (10), Count(s) 3ss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years; SPA-$100; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2694 | CONSENT TO PLEA BEFORE US MAGISTRATE JUDGE by Shauna Gutierrez (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2695 | AMENDED PLEA AGREEMENT as to Shauna Gutierrez (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2696 | Clerk's Minutes for proceedings held before Magistrate Judge Carmen E. Garza: Plea Hearing as to Shauna Gutierrez held on 6/11/2019, Plea entered by Shauna Gutierrez (30) Guilty Count 14,14s,15,15s,16s. (Recording Info: LC-Animas) (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2699 | MEMORANDUM OPINION AND ORDER overruling 2558 Objection to Presentence Investigation Report as to Shauna Gutierrez by District Judge James O. Browning (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2700 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/11/2019 for Joe Lawrence Gallegos (2), Count(s) 1ss, 5ss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; Count(s) 4ss, SENTENCE IMPOSED: CBOP-120 months concurrently; Supervised Release-3 years concurrently; SPA-$300; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/11/2019) |

| 06/11/2019 | 2701 | ORDER permitting to Edward Troup to retain possession of his written legal materials and his computer tablet, headphones and charger by District Judge James O. Browning (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2702 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/11/2019 for Billy Garcia (5), Count(s) 1ss-2ss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years concurrently; SPA-$200; Restitution-Held open for 90 days; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/11/2019) |
| 06/11/2019 | 2706 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/11/2019 for Carlos Herrera (25), Count(s) 6ss, SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years; Count(s) 7ss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-5 years; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/12/2019) |
| 06/12/2019 | 2707 | Unopposed MOTION to Withdraw as Attorney by Steve Potolsky by Mario Rodriguez. (Potolsky, Steven) (Entered: 06/12/2019) |
| 06/12/2019 | 2709 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/12/2019 for Shauna Gutierrez (30), Count(s) 14s, 15s, 16s, SENTENCE IMPOSED: CBOP-36 months concurrent; Supervised Release-3 years concurrent; SPA-$300; deft on conditions of release. (Court Reporter: J Bean) (vv) (Entered: 06/12/2019) |
| 06/12/2019 | 2711 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 6/12/2019 for Anthony Ray Baca (21), Count(s) 6sss, 9sss-10sss, SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years concurrent; Count(s) 7sss, SENTENCE IMPOSED: CBOP-Life; Supervised Release-3 years concurrent; SPA-$400; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 06/14/2019) |
| 06/13/2019 | 2710 | Unopposed MOTION to Withdraw as Attorney by Christopher W. Adams by Christopher Garcia. (Adams, Christopher) (Entered: 06/13/2019) |
| 06/17/2019 | 2712 | Unopposed MOTION for Retention of Tablet and Related Materials by Andrew Gallegos. (Torraco, Lisa) (Entered: 06/17/2019) |
| 06/17/2019 | 2713 | ORDER granting 2678 Unopposed MOTION to Retain Tablet and Related Materials, and Objections to PSR filed by Arturo Arnulfo Garcia by District Judge James O. Browning (vv) (Entered: 06/17/2019) |
| 06/18/2019 | 2714 | ORDER by District Judge James O. Browning granting 2710 Motion to Withdraw as Attorney. Christopher W Adams withdrawn from case as to Christopher Garcia (24) (vv) (Entered: 06/18/2019) |
| 06/18/2019 | 2716 | ORDER permitting Carlos Herrera to retain possession of his written legal materials and his computer tablet, headphones and charger by District Judge James O. Browning (vv) (Entered: 06/18/2019) |
| 06/18/2019 | 2717 | FILED IN ERROR-NOTICE OF APPEAL by Joe Lawrence Gallegos (Filing Fee - Waived) (Benjamin, Brock) Modified on 6/19/2019 (vv). (Entered: 06/18/2019) |
| 06/20/2019 | 2720 | NOTICE OF HEARING as to Paul Rivera: Sentencing set for 7/25/2019 at 10:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/20/2019) |
| 06/21/2019 | 2721 | NOTICE of Attorney Unavailability by Christopher Garcia from Wednesday, July 3, 2019 through and including Tuesday, July 9, 2019. (Sirignano, Amy) Modified on 6/21/2019 (vv). (Entered: 06/21/2019) |
| 06/27/2019 | 2724 | JUDGMENT as to Christopher Garcia by District Judge James O. Browning (vv) (Entered: 06/27/2019) |
| 06/27/2019 | 2725 | JUDGMENT as to Carlos Herrera by District Judge James O. Browning (vv) (Entered: 06/27/2019) |
| 06/28/2019 | 2729 | ORDER by District Judge James O. Browning granting 2707 Motion to Withdraw as Attorney. Steven M Potolsky withdrawn from case as to Mario Rodriguez (15) (cab) (Entered: 06/28/2019) |
| 07/08/2019 | 2735 | TRANSCRIPT of Excerpt Testimony of Guadalupe Urquizo as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on February 5 & 6, 2018, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 7/15/2019. Redaction Request due 7/29/2019. Redacted Transcript Deadline set for 8/8/2019. Release of Transcript Restriction set for 10/7/2019. (jab) (Entered: 07/08/2019) |
| 07/10/2019 | 2736 | Unopposed MOTION for Extension of Time to File *Notice of Appeal* by Carlos Herrera. (Maynard, William) (Entered: 07/10/2019) |
| 07/10/2019 | 2737 | NOTICE OF APPEAL by Christopher Garcia re 2724 Judgment (Filing Fee - Waived) (Sirignano, Amy) (Entered: 07/10/2019) |
| 07/11/2019 | 2738 | ORDER by District Judge James O. Browning granting 2736 Motion for Extension of Time to File Notice of Appeal as to Carlos Herrera (25) (meq) (Entered: 07/11/2019) |
| 07/11/2019 | 2739 | AMENDED ORDER by District Judge James O. Browning granting 2736 Motion for Extension of Time to File Notice of Appeal as to Carlos Herrera (25) (meq) (Entered: 07/11/2019) |
| 07/12/2019 | 2740 | Transmission of Preliminary Record as to Christopher Garcia to US Court of Appeals re 2737 Notice of Appeal - Final Judgment (bap) (Entered: 07/12/2019) |
| 07/12/2019 | 2741 | USCA Information Letter with Case Number as to Christopher Garcia 19-2109 for 2737 Notice of Appeal - Final Judgment filed by Christopher Garcia. (bap) (Entered: 07/15/2019) |
| 07/16/2019 | 2743 | TRANSCRIPT of Sentencing of Christopher Garcia as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on May 10, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 7/23/2019. Redaction Request due 8/6/2019. Redacted Transcript Deadline set for 8/16/2019. Release of Transcript Restriction set for 10/15/2019. (jab) (Entered: 07/16/2019) |
| 07/23/2019 | 2747 | AMENDED NOTICE OF HEARING as to Paul Rivera: Sentencing set for 7/25/2019 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/23/2019) |
| 07/24/2019 | 2748 | NOTICE OF HEARING as to Benjamin Clark: Sentencing set for 8/15/2019 at 04:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/24/2019) |
| 07/24/2019 | 2749 | NOTICE OF HEARING as to Ruben Hernandez: Sentencing set for 8/16/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/24/2019) |
| 07/24/2019 | 2750 | NOTICE OF HEARING as to Jerry Armenta: Sentencing set for 8/16/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/24/2019) |

| | | |
|---|---|---|
| 07/24/2019 | 2751 | NOTICE OF HEARING as to Jerry Montoya: Sentencing for 8/16/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/24/2019) |
| 07/25/2019 | 2753 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 7/25/2019 for Paul Rivera (29), Count(s) 14, 15, SENTENCE IMPOSED: CBOP-46 months concurrently; Supervised Release-3 years concurrently; SPA-waived; deft in custody. (Court Reporter: J Russin) (vv) (Entered: 07/25/2019) |
| 07/26/2019 | 2756 | AMENDED NOTICE OF HEARING as to Jerry Montoya: Sentencing set for 8/14/2019 at 02:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/26/2019) |
| 07/26/2019 | 2757 | NOTICE OF HEARING as to Eugene Martinez: Sentencing set for 8/16/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/26/2019) |
| 07/26/2019 | 2759 | TRANSCRIPT of Plea Proceedings as to Christopher Garcia held on January 25, 2018, before Magistrate Judge Kevin R. Sweazea. Court Reporter/Transcriber Recorded; LCR - Sierra Blanca, Telephone number 361-949-2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br> Notice of Intent to Request Redaction set for 8/2/2019. Redaction Request due 8/16/2019. Redacted Transcript Deadline set for 8/26/2019. Release of Transcript Restriction set for 10/24/2019. (jab) (Entered: 07/26/2019) |
| 07/26/2019 | 2761 | TRANSCRIPT ORDER FORM by Christopher Garcia for the 2737 Notice of Appeal - Final Judgment (Sirignano, Amy) (Entered: 07/26/2019) |
| 07/26/2019 | 2762 | ORDER OF USCA granting attorney Amy Sirignano's motion to continue appointment as to Christopher Garcia (vv) (Entered: 07/29/2019) |
| 07/29/2019 | 2764 | ORDER granting 2712 Unopposed MOTION *for Retention of Tablet and Related Materials* filed by Andrew Gallegos by District Judge James O. Browning (vv) (Entered: 07/29/2019) |
| 07/30/2019 | 2765 | AMENDED NOTICE OF HEARING as to Benjamin Clark: Sentencing set for 8/29/2019 at 01:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/30/2019) |
| 07/30/2019 | 2766 | AMENDED NOTICE OF HEARING as to Jerry Montoya: Sentencing set for 8/29/2019 at 02:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/30/2019) |
| 07/31/2019 | 2768 | NOTICE OF HEARING as to Timothy Martinez: Sentencing set for 10/22/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |
| 07/31/2019 | 2769 | NOTICE OF HEARING as to Robert Martinez: Sentencing set for 10/22/2019 at 11:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |
| 07/31/2019 | 2770 | NOTICE OF HEARING as to Roy Paul Martinez: Sentencing set for 10/22/2019 at 01:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |
| 07/31/2019 | 2771 | NOTICE OF HEARING as to Javier Alonso: Sentencing set for 10/22/2019 at 02:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |

| | | |
|---|---|---|
| 07/31/2019 | 2772 | NOTICE OF HEARING as to Leonard Lujan: Sentencing set for 10/23/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |
| 07/31/2019 | 2773 | NOTICE OF HEARING as to Mario Rodriguez: Sentencing set for 10/22/2019 at 03:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 07/31/2019) |
| 07/31/2019 | 2774 | FILED IN ERROR-NOTICE OF HEARING as to Robert Martinez: Sentencing set for 10/22/2019 at 04:30 PM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] Modified on 7/31/2019 (vv). (Entered: 07/31/2019) |
| 08/07/2019 | 2779 | MOTION to Withdraw as Attorney by James Castle by Billy Garcia. (Castle, James) (Entered: 08/07/2019) |
| 08/09/2019 | 2785 | NOTICE OF APPEAL by Carlos Herrera re 2725 Judgment (Filing Fee - Waived) (Maynard, William) (Entered: 08/09/2019) |
| 08/09/2019 | 2786 | Transmission of Preliminary Record as to Carlos Herrera to US Court of Appeals re 2785 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 08/09/2019) |
| 08/09/2019 | 2798 | USCA Information Letter with Case Number as to Carlos Herrera 19-2126 for 2785 Notice of Appeal - Final Judgment. (vv) (Entered: 08/12/2019) |
| 08/14/2019 | 2802 | Transmitted Record on Appeal in 3 Volume(s) as to Christopher Garcia re 2737 Notice of Appeal - Final Judgment (vv) (Entered: 08/14/2019) |
| 08/14/2019 | 2805 | NOTICE of Docketing Record on Appeal from USCA as to Christopher Garcia re 2737 Notice of Appeal - Final Judgment. USCA Case Number 19-2109 (vv) (Entered: 08/14/2019) |
| 08/16/2019 | 2808 | TRANSCRIPT ORDER FORM by Carlos Herrera for the 2785 Notice of Appeal - Final Judgment (Maynard, William) (Entered: 08/16/2019) |
| 08/16/2019 | 2811 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 8/16/2019 for Ruben Hernandez (12), Count(s) 3s, SENTENCE IMPOSED: CBOP-1357 days; Supervised Release-5 years; SPA-$100; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 08/16/2019) |
| 08/16/2019 | 2812 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 8/16/2019 for Jerry Armenta (13), Count(s) 6s, SENTENCE IMPOSED: CBOP-120 months; Supervised Release-3 years concurrently; Count(s) 7ss, SENTENCE IMPOSED: CBOP-140 months concurrently; Supervised Release-5 years concurrently; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 08/16/2019) |
| 08/19/2019 | | U.S. Probation and Pretrial Services added as interested party.(Barela, Kelly) (Entered: 08/19/2019) |
| 08/20/2019 | 2815 | ORDER OF USCA granting attorneys William R. Maynard and Carey C. Bhalla's motion to withdraw and appointing attorney Ryan Villa to represent appellant Carlos Herrera in case (vv) (Entered: 08/20/2019) |
| 08/20/2019 | | Attorney update in case as to Carlos Herrera. Attorney Ryan J Villa for Carlos Herrera added. Attorney Carey Corlew Bhalla and William R. Maynard terminated. (vv) (Entered: 08/20/2019) |
| 08/22/2019 | 2817 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Benjamin Clark (Herrera, Jerry) (Entered: 08/22/2019) |
| 08/23/2019 | 2818 | JUDGMENT as to Jerry Armenta by District Judge James O. Browning (vv) (Entered: 08/23/2019) |
| 08/26/2019 | 2827 | ORDER by District Judge James O. Browning granting 2800 MOTION for Leave to Appear Telephonically by Attorney Larry A. Hammond as to Ruben Hernandez, Jerry Armenta (vv) (Entered: 08/26/2019) |
| 08/28/2019 | 2829 | ORDER by District Judge James O. Browning as to Benjamin Clark (cab) (Entered: 08/28/2019) |
| 08/28/2019 | 2831 | AMENDED ORDER by District Judge James O. Browning as to Benjamin Clark re 2829 Order (vv) (Entered: 08/28/2019) |
| 08/28/2019 | 2834 | ORDER as to Anthony Ray Baca by District Judge James O. Browning (vv) (Entered: 08/28/2019) |
| 08/29/2019 | 2835 | MEMORANDUM OPINION AND ORDER overruling 2817 2825 Objection to Presentence Investigation Report as to Benjamin Clark by District Judge James O. Browning (vv) (Entered: 08/29/2019) |

| | | |
|---|---|---|
| 08/29/2019 | 2855 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 8/29/2019 for Benjamin Clark (11), Count(s) 3s, SENTENCE IMPOSED: CBOP-110 months; Supervised Release-5 years; SPA-$100; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 09/10/2019) |
| 08/29/2019 | 2856 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 8/29/2019 for Jerry Montoya (14), Count(s) 6s, SENTENCE IMPOSED: CBOP-120 months concurrently; Supervised Release-3 years concurrently; Count(s) 7ss, SENTENCE IMPOSED: CBOP-140 months concurrently; Supervised Release-5 years concurrently; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 09/10/2019) |
| 08/29/2019 | 2859 | Amended Clerk's minutes as to Benjamin Clark re 2855 Sentencing (vv) (Entered: 09/10/2019) |
| 08/30/2019 | 2838 | NOTICE OF HEARING as to Billy Garcia: Outstanding Restitution hearing set for 9/6/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/30/2019) |
| 09/04/2019 | 2842 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning as to Defendant Billy Garcia, the restitution hearing set for 9-6-2019 is vacated. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/04/2019) |
| 09/04/2019 | 2843 | ORDER by District Judge James O. Browning granting 2779 Motion to Withdraw as Attorney. James A. Castle withdrawn from case as to Billy Garcia (5) (vv) (Entered: 09/04/2019) |
| 09/04/2019 | 2844 | JUDGMENT as to Billy Garcia by District Judge James O. Browning (vv) (Entered: 09/04/2019) |
| 09/05/2019 | 2845 | JUDGMENT by District Judge James O. Browning as to Shauna Gutierrez (cab) (Entered: 09/05/2019) |
| 09/05/2019 | 2846 | JUDGMENT by District Judge James O. Browning as to Daniel Sanchez (cab) (Entered: 09/05/2019) |
| 09/05/2019 | 2847 | JUDGMENT by District Judge James O. Browning as to Arturo Arnulfo Garcia (cab) (Entered: 09/05/2019) |
| 09/05/2019 | 2848 | JUDGMENT by District Judge James O. Browning as to Paul Rivera (cab) (Entered: 09/05/2019) |
| 09/05/2019 | 2849 | AMENDED NOTICE OF HEARING as to Eugene Martinez: Sentencing set for 10/23/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cab) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/05/2019) |
| 09/06/2019 | 2850 | NOTICE OF APPEAL by Daniel Sanchez re 2846 Judgment (Filing Fee - Waived) (Jacks, Amy) (Entered: 09/06/2019) |
| 09/09/2019 | 2852 | Transmission of Preliminary Record as to Daniel Sanchez to US Court of Appeals re 2850 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 09/09/2019) |
| 09/09/2019 | 2853 | DESIGNATION OF RECORD ON APPEAL by Carlos Herrera re 2785 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit Docket Sheet)(Villa, Ryan) (Entered: 09/09/2019) |
| 09/09/2019 | 2854 | USCA Information Letter with Case Number as to Daniel Sanchez 19-2141 for 2850 Notice of Appeal - Final Judgment. (vv) (Entered: 09/09/2019) |
| 09/10/2019 | 2857 | TRANSCRIPT ORDER FORM by Daniel Sanchez requesting the proceedings held on pre-trial motions, jury trial, post-trial motions, and sentencing proceedings be transcribed for the 2850 Notice of Appeal - Final Judgment (Jacks, Amy) (Entered: 09/10/2019) |
| 09/10/2019 | 2858 | JUDGMENT by District Judge James O. Browning as to Jerry Montoya (cab) (Entered: 09/10/2019) |
| 09/10/2019 | 2860 | FILED IN ERROR-JUDGMENT by District Judge James O. Browning as to Benjamin Clark. (cjw) Modified on 9/10/2019 (vv). (Entered: 09/10/2019) |
| 09/10/2019 | 2861 | JUDGMENT by District Judge James O. Browning as to Benjamin Clark. (cjw) (Entered: 09/10/2019) |
| 09/11/2019 | 2863 | FILED IN ERROR-NOTICE OF APPEAL by Andrew Gallegos (Filing Fee - Waived) (Torraco, Lisa) Modified on 9/12/2019 (vv) (Entered: 09/11/2019) |
| 09/11/2019 | 2864 | DESIGNATION OF RECORD ON APPEAL by Daniel Sanchez re 2850 Notice of Appeal - Final Judgment (Jacks, Amy) (Entered: 09/11/2019) |
| 09/11/2019 | 2865 | NOTICE OF APPEAL by Arturo Arnulfo Garcia re 2847 Judgment (Filing Fee - Waived) (Attachments: # 1 Exhibit A)(Blackburn, Billy) (Entered: 09/11/2019) |
| 09/13/2019 | 2877 | Transmission of Preliminary Record as to Arturo Arnulfo Garcia to US Court of Appeals re 2865 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 09/13/2019) |

| | | |
|---|---|---|
| 09/13/2019 | 2878 | USCA Information Letter with Case Number as to Arturo Arnulfo Garcia 19-2148 for 2865 Notice of Appeal - Final Judgment (vv) (Entered: 09/13/2019) |
| 09/16/2019 | 2883 | ORDER OF USCA granting motion to withdraw attorneys Amy Jacks and Lauren Noriega and appointing FPD as to Daniel Sanchez (vv) (Entered: 09/17/2019) |
| 09/17/2019 | 2884 | NOTICE OF APPEAL by Billy Garcia re 2844 Judgment (Filing Fee - Waived) (Cooper, Robert) (Entered: 09/17/2019) |
| 09/17/2019 | | Attorney update in case as to Daniel Sanchez. Attorney Josh R. Lee for Daniel Sanchez added. Attorney Amy E. Jacks and Lauren Noriega terminated. (vv) (Entered: 09/17/2019) |
| 09/18/2019 | 2887 | Transmission of Preliminary Record as to Billy Garcia to US Court of Appeals re 2884 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 09/18/2019) |
| 09/18/2019 | 2888 | USCA Information Letter with Case Number as to Billy Garcia 19-2152 for 2884 Notice of Appeal - Final Judgment. (vv) (Entered: 09/18/2019) |
| 09/18/2019 | 2889 | Transmitted Record on Appeal in 6 Volume(s) to US Court of Appeals as to Carlos Herrera re 2785 Notice of Appeal - Final Judgment (vv) (Entered: 09/18/2019) |
| 09/18/2019 | 2890 | NOTICE of Docketing Record on Appeal from USCA as to Carlos Herrera re 2785 Notice of Appeal - Final Judgment. USCA Case Number 19-2126 (vv) (Entered: 09/18/2019) |
| 09/23/2019 | 2891 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Eugene Martinez (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C, # 4 Exhibit Ex. D, # 5 Exhibit Ex. E, # 6 Exhibit Ex. F, # 7 Exhibit Ex. G, # 8 Exhibit Ex. H)(Couleur, Douglas) (Entered: 09/23/2019) |
| 09/27/2019 | 2892 | DESIGNATION OF RECORD ON APPEAL by Arturo Arnulfo Garcia re 2865 Notice of Appeal - Final Judgment (Attachments: # 1 Document Selection 1 of 2A, # 2 Document Selection 1 of 2B, # 3 Document Selection 1 of 2C, # 4 Document Selection 1 of 2D, # 5 Document Selection 1 of 2E, # 6 Document Selection 2 of 2A, # 7 Document Selection 2 of 2B, # 8 Document Selection 2 of 2C, # 9 Document Selection 2 of 2D, # 10 Document Selection 2 of 2E, # 11 Transcript list)(Davidson, Scott) (Entered: 09/27/2019) |
| 09/27/2019 | 2893 | TRANSCRIPT ORDER FORM by Arturo Arnulfo Garcia for the 2865 Notice of Appeal - Final Judgment (Attachments: # 1 Transcript list)(Davidson, Scott) (Entered: 09/27/2019) |
| 10/01/2019 | 2895 | DESIGNATION OF RECORD ON APPEAL by Billy Garcia re 2884 Notice of Appeal - Final Judgment (Attachments: # 1 Appendix 1, # 2 Appendix 2)(Cooper, Robert) (Entered: 10/01/2019) |
| 10/01/2019 | 2896 | TRANSCRIPT ORDER FORM by Billy Garcia requesting the proceedings held on none be transcribed for the 2884 Notice of Appeal - Final Judgment (Cooper, Robert) (Entered: 10/01/2019) |
| 10/02/2019 | 2898 | ORDER OF USCA taking under advisement motion to abate and consolidate appeals as to Daniel Sanchez (vv) (Entered: 10/02/2019) |
| 10/03/2019 | 2899 | MEMORANDUM OPINION AND ORDER Re 2621 Objection to Presentence Investigation Report, 2648 MOTION for Downward Departure as to Edward Troup by District Judge James O. Browning (vv) (Entered: 10/03/2019) |
| 10/03/2019 | 2908 | ORDER OF USCA granting Attorney Cooper's motion to withdraw as attorney and appointing Kathleen A. Lord to represent appellant Billy Garcia (vv) (Entered: 10/07/2019) |
| 10/03/2019 | | Attorney update in case as to Billy Garcia. Attorney Kathleen Lord for Billy Garcia added. Attorney Robert R. Cooper terminated. (vv) (Entered: 10/07/2019) |
| 10/04/2019 | | Arrest of Angel DeLeon (kd) (Entered: 10/04/2019) |
| 10/04/2019 | 2900 | Clerk's Minutes before Magistrate Judge Karen B. Molzen: Initial Appearance/Arraignment as to Angel DeLeon (1) Count 1ss,1,1s held; Detention Hearing set for 10/8/2019 at 01:30 PM in Albuquerque - 320 Rio Grande Courtroom (Recording Info: Liberty - Rio Grande) (kd) (Entered: 10/04/2019) |
| 10/04/2019 | 2901 | DISCOVERY ORDER as to Angel DeLeon by Magistrate Judge Karen B. Molzen (kd) (Entered: 10/04/2019) |
| 10/04/2019 | 2902 | ORAL ORDER of Temporary Detention pending hearing as to Angel DeLeon by Magistrate Judge Karen B. Molzen (kd) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/04/2019) |

| | | |
|---|---|---|
| 10/04/2019 | 2903 | Unopposed MOTION to Continue *Sentencing* by Mario Rodriguez. (Hernandez, Santiago) (Entered: 10/04/2019) |
| 10/04/2019 | 2954 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez held on 10/4/2019 re 539 MOTION for Discovery filed by Billy Garcia, 678 Opposed MOTION for Discovery filed by Edward Troup, 668 MOTION to Compel *Discovery* filed by Jerry Montoya (Court Reporter: J. Bean) (cab) (Entered: 10/25/2019) |
| 10/07/2019 | 2907 | Arrest Warrant Returned Executed on 10/4/2019 as to Angel DeLeon. (jjs) (Entered: 10/07/2019) |
| 10/08/2019 | | U.S. Probation and Pretrial Services added as interested party.(Galaz, Anthony) (Entered: 10/08/2019) |
| 10/08/2019 | | U.S. Probation and Pretrial Services added as interested party.(Galaz, Anthony) (Entered: 10/08/2019) |
| 10/08/2019 | 2912 | Clerk's Minutes before Magistrate Judge Karen B. Molzen: Detention Hearing as to Angel DeLeon held (Recording Info: Liberty - Rio Grande) (kd) (Entered: 10/08/2019) |
| 10/08/2019 | 2913 | ORDER OF DETENTION as to Angel DeLeon by Magistrate Judge Karen B. Molzen (kd) (Entered: 10/08/2019) |
| 10/11/2019 | | U.S. Probation and Pretrial Services added as interested party.(Galaz, Anthony) (Entered: 10/11/2019) |
| 10/14/2019 | 2925 | RESPONSE by USA as to Eugene Martinez re 2891 Objection to Presentence Investigation Report, (Castellano, Randy) (Entered: 10/14/2019) |
| 10/15/2019 | 2928 | ORDER OF USCA as to Daniel Sanchez; the joint motion to abate and consolidate is granted as modified (vv) (Entered: 10/15/2019) |
| 10/16/2019 | 2929 | ORDER by District Judge James O. Browning granting 2903 Motion to Continue sentencing as to Mario Rodriguez (15) (vv) (Entered: 10/16/2019) |
| 10/16/2019 | 2931 | AMENDED NOTICE OF HEARING as to Defendant Timothy Martinez: Sentencing set for 10/22/2019 at 08:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/16/2019) |
| 10/16/2019 | 2932 | AMENDED NOTICE OF HEARING as to Defendant Robert Martinez: Sentencing set for 10/22/2019 at 09:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/16/2019) |
| 10/16/2019 | 2933 | AMENDED NOTICE OF HEARING as to Eugene Martinez: Sentencing set for 10/22/2019 at 10:30 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/16/2019) |
| 10/16/2019 | 2934 | NOTICE OF HEARING as to Angel DeLeon: Jury Selection/Trial set for 12/2/2019 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (vv) (Entered: 10/16/2019) |
| 10/17/2019 | 2936 | Transmitted Record on Appeal in 8 Volume(s) to US Court of Appeals as to Arturo Arnulfo Garcia re 2865 Notice of Appeal - Final Judgment (vv) (Entered: 10/17/2019) |
| 10/17/2019 | 2938 | NOTICE of Docketing Record on Appeal from USCA as to Arturo Arnulfo Garcia re 2865 Notice of Appeal - Final Judgment. USCA Case Number 19-2148 (vv) (Entered: 10/17/2019) |
| 10/18/2019 | 2939 | Transmitted Record on Appeal in 7 Volume(s) to US Court of Appeals as to Billy Garcia re 2884 Notice of Appeal - Final Judgment (vv) (Entered: 10/18/2019) |
| 10/18/2019 | 2941 | MEMORANDUM OPINION AND ORDER Related Document(s): 2801 (i) the Defendant's Objection to Presentence Investigation Report is overruled in part and sustained in part; (ii) the Objection to U.S.S.G. section 3A1.1(b)(1) is sustained; (iii) the Objection to U.S.S.G. section 3A1.3 is overruled; and (iv) Defendant Ruben Hernandez' total offense level is 38 by District Judge James O. Browning (cmm) (Entered: 10/21/2019) |
| 10/21/2019 | 2957 | NOTICE of Docketing Record on Appeal from USCA as to Billy Garcia re 2884 Notice of Appeal - Final Judgment. USCA Case Number 19-2152 (vv) (Entered: 10/28/2019) |

| 10/22/2019 | 2946 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning as to: 2891 Objection to Presentence Investigation Report. (cab) (Entered: 10/22/2019) |
|---|---|---|
| 10/22/2019 | 2960 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 10/22/2019 for Eugene Martinez (6), Count(s) 2ss, SENTENCE IMPOSED:CBOP-92 months; Supervised Release-5 years; SPA-$100; Restitution-$2645.31; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 10/31/2019) |
| 10/22/2019 | 2962 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Sentencing held on 10/22/2019 for Timothy Martinez (16), Count(s) 6s, SENTENCE IMPOSED: CBOP-92 months; Supervised Release-3 years concurrent; Count(s) 7ss, SENTENCE IMPOSED: CBOP-92 months; Supervised Release-5 years concurrent; SPA-$200; deft in custody. (Court Reporter: J Bean) (vv) (Entered: 11/01/2019) |
| 10/23/2019 | 2949 | MINUTE ORDER by District Judge James O. Browning as to Defendant Angel Deleon: The Court does not consider this case to be a complex case. If counsel believes otherwise, they must move the Court for such relief. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/23/2019) |
| 10/25/2019 | 2953 | TRANSCRIPT of Sentence Proceedings as to Timothy Martinez held on October 22, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 11/1/2019. Redaction Request due 11/15/2019. Redacted Transcript Deadline set for 11/25/2019. Release of Transcript Restriction set for 1/23/2020. (jab) (Entered: 10/25/2019) |
| 10/25/2019 | 2955 | ORDER by District Judge James O. Browning granting 2940 Motion to Continue sentencing as to Leonard Lujan (4) (vv) (Entered: 10/28/2019) |
| 10/25/2019 | 3015 | MANDATE of USCA as to Christopher Garcia re 2737 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 12/02/2019) |
| 10/29/2019 | 2958 | MEMORANDUM OPINION AND ORDER denying motions 1841 1842 1844 2408 2413 2421 by District Judge James O. Browning (vv) (Entered: 10/29/2019) |
| 10/30/2019 | 2959 | Joint MOTION Declare Case Complex by Angel DeLeon. (Gorman, Sarah) (Entered: 10/30/2019) |
| 11/04/2019 | 2964 | Judgment Returned Executed as to Arturo Arnulfo Garcia on 10/28/19. (vv) (Entered: 11/04/2019) |
| 11/04/2019 | 2965 | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning Related Document(s): 2690 Sentencing Memorandum as to Anthony Ray Baca (cab) (Entered: 11/04/2019) |
| 11/04/2019 | 2966 | JUDGMENT by District Judge James O. Browning as to Anthony Ray Baca (cab) (Entered: 11/04/2019) |
| 11/05/2019 | 2967 | ORDER OF USCA granting appellant's motion to extend time to file designation of record as to Billy Garcia (vv) (Entered: 11/05/2019) |
| 11/06/2019 | 2968 | JUDGMENT by District Judge James O. Browning as to Edward Troup (cab) (Entered: 11/06/2019) |
| 11/06/2019 | 2969 | NOTICE OF APPEAL by Edward Troup re 2968 Judgment (Filing Fee - Waived) (Harbour-Valdez, Cori) (Entered: 11/06/2019) |
| 11/07/2019 | 2970 | RETURN OF EXHIBITS to plaintiff's counsel (vv) (Entered: 11/07/2019) |
| 11/08/2019 | 2971 | Transmission of Preliminary Record as to Edward Troup to US Court of Appeals re 2969 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 11/08/2019) |
| 11/08/2019 | 2972 | USCA Information Letter with Case Number as to Edward Troup 19-2188 for 2969 Notice of Appeal - Final Judgment filed by Edward Troup. (vv) (Entered: 11/08/2019) |

| | | |
|---|---|---|
| 11/12/2019 | 2973 | ORDER declaring case complex by District Judge James O. Browning granting 2959 Motion as to Angel DeLeon (1) (vv) (Entered: 11/12/2019) |
| 11/18/2019 | 2993 | NOTICE OF APPEAL by Anthony Ray Baca re 2966 Judgment (Filing Fee - Waived) (Lowry, Marc) (Entered: 11/18/2019) |
| 11/18/2019 | 3000 | MEMORANDUM OPINION AND ORDER granting 1501 Opposed MOTION for Discovery *Regarding Monetary Payments to Inmate Informant Witnesses and 1502 Opposed MOTION in Limine Regarding Plea Agreements and Addenda by District Judge James O. Browning (vv) (Entered: 11/18/2019)* |
| 11/18/2019 | 3002 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 1299 MOTION in Limine by District Judge James O. Browning (vv) (Entered: 11/18/2019) |
| 11/18/2019 | 3005 | MEMORANDUM OPINION AND ORDER denying 1707 MOTION to Continue *January 29 2018 Trial* as to Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, Rudy Perez by District Judge James O. Browning (vv) (Entered: 11/18/2019) |
| 11/19/2019 | 3006 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 1270 Opposed MOTION to Compel *Sealed DISCLOSURE OF DISCOVERABLE MATERIALS PURSUANT TO RULE 16* by District Judge James O. Browning (vv) (Entered: 11/19/2019) |
| 11/19/2019 | 3008 | Transmission of Preliminary Record as to Anthony Ray Baca to US Court of Appeals re 2993 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 11/19/2019) |
| 11/19/2019 | 3009 | USCA Information Letter with Case Number 19-2195 for 2993 Notice of Appeal - Final Judgment filed by Anthony Ray Baca. (vv) (Entered: 11/19/2019) |
| 11/20/2019 | 3010 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 1281 1288 1293 1311 1390 1407 by District Judge James O. Browning (vv) (Entered: 11/21/2019) |
| 11/21/2019 | 3011 | SCHEDULING ORDER as to Angel DeLeon by District Judge James O. Browning. Jury Selection/Trial set for 10/26/2020 at 09:00 AM in Las Cruces, NM before District Judge James O. Browning. (vv) (Entered: 11/21/2019) |
| 11/21/2019 | 3012 | MEMORANDUM OPINION AND ORDER Re 1037 1041 1077 1524 1551 by District Judge James O. Browning (vv) (Entered: 11/21/2019) |
| 11/26/2019 | 3013 | Supplemental Record on Appeal transmitted to US Court of Appeals in 1 Volume, as to Billy Garcia re 2884 Notice of Appeal - Final Judgment (vv) (Entered: 11/26/2019) |
| 11/27/2019 | 3014 | NOTICE of Docketing Supplemental Record on Appeal from USCA as to Billy Garcia re 2884 Notice of Appeal - Final Judgment. USCA Case Number 19-2152 (vv) (Entered: 11/27/2019) |
| 12/05/2019 | 3018 | MEMORANDUM OPINION AND ORDER granting in part denying in part 1163 Opposed MOTION for Discovery *of Giglio Materials* by District Judge James O. Browning (vv) (Entered: 12/05/2019) |
| 12/06/2019 | 3019 | TRANSCRIPT ORDER FORM by Edward Troup requesting the proceedings held on May 15, 2019 be transcribed for the 2969 Notice of Appeal - Final Judgment (Harbour-Valdez, Cori) (Entered: 12/06/2019) |
| 12/06/2019 | 3020 | DESIGNATION OF RECORD ON APPEAL by Edward Troup re 2969 Notice of Appeal - Final Judgment (Harbour-Valdez, Cori) (Entered: 12/06/2019) |
| 12/09/2019 | 3028 | ORDER OF USCA granting Attorney Cori Harbour-Valdez and Patrick J. Burke's motion to withdraw as attorney and appointing attorney John T. Carlson to represent appellant as to Edward Troup (vv) (Entered: 12/18/2019) |
| 12/09/2019 | | Attorney update in case as to Edward Troup. Attorney John T. Carlson for Edward Troup added. Attorney Patrick J. Burke and Cori Ann Harbour-Valdez terminated. (vv) (Entered: 12/18/2019) |
| 12/10/2019 | 3025 | DESIGNATION OF RECORD ON APPEAL by Daniel Sanchez, Anthony Ray Baca, Carlos Herrera re 2785 Notice of Appeal - Final Judgment, 2850 Notice of Appeal - Final Judgment, 2993 Notice of Appeal - Final Judgment (Lee, Josh) (Entered: 12/10/2019) |
| 12/10/2019 | 3026 | TRANSCRIPT ORDER FORM by Daniel Sanchez, Anthony Ray Baca, Carlos Herrera requesting the proceedings held on 5/15/2019 (Transcript of Sanchez Sentencing Hearing, Doc. 2718) and on 6/12/2019 (Transcript of Baca Sentencing Hearing, Doc. 2711) be transcribed for the 2785 Notice of Appeal - Final Judgment, 2850 Notice of Appeal - Final Judgment, 2993 Notice of Appeal - Final Judgment (Attachments: # 1 Transcript Order Form - Sanchez, # 2 Transcript Order Form - Baca)(Lee, Josh) (Entered: 12/10/2019) |
| 12/16/2019 | 3027 | ORDER OF USCA as to Anthony Ray Baca ; Marc M. Lowry is appointed as attorney (vv) (Entered: 12/18/2019) |

| 01/01/2020 | 3029 | MEMORANDUM OPINION AND ORDER Terminating document(s): 1308 , 1385 , 1504 , 1512 , 1519 , 1528 , 1530 , 1531 , 1532 , 1538 , 1539 , 1549 , 1555 , 1558 , 1581 , 1602 , 1684 , 1686 , 1687 , 1702 , 1915 , 1976 , 1994 , 2000 , and 2114 as to Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Eugene Martinez, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez, Paul Rivera, Shauna Gutierrez, Brandy Rodriguez by District Judge James O. Browning {bdo} (Entered: 01/01/2020) |
| 01/03/2020 | 3030 | TRANSCRIPT of Sentencing as to Edward Troup held on May 15, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br> Notice of Intent to Request Redaction set for 1/10/2020. Redaction Request due 1/24/2020. Redacted Transcript Deadline set for 2/3/2020. Release of Transcript Restriction set for 4/2/2020. (jab) (Entered: 01/03/2020) |
| 01/07/2020 | 3032 | Court Reporter Jennifer Bean estimates date of 1/10/2020 for completion of the transcript of hearing(s) held before Judge James O. Browning on 5/15/19, as ordered by Daniel Sanchez for the Notice of Appeal. Re: 2850 Notice of Appeal - Final Judgment. (vv) (Entered: 01/07/2020) |
| 01/08/2020 | 3033 | TRANSCRIPT of Sentence Proceedings as to Daniel Sanchez held on May 15, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br> Notice of Intent to Request Redaction set for 1/15/2020. Redaction Request due 1/29/2020. Redacted Transcript Deadline set for 2/10/2020. Release of Transcript Restriction set for 4/7/2020. (jab) (Entered: 01/08/2020) |
| 01/08/2020 | 3034 | TRANSCRIPT of Sentencing Proceedings as to Anthony Ray Baca held on June 12, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jenifer L. Russin, Telephone number 575-202-4797. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br> Notice of Intent to Request Redaction set for 1/15/2020. Redaction Request due 1/29/2020. Redacted Transcript Deadline set for 2/10/2020. Release of Transcript Restriction set for 4/7/2020. (jab) (Entered: 01/08/2020) |

| 01/21/2020 | 3035 | MEMORANDUM OPINION AND ORDER re 2415 2416 2418 2419 2420 2422 2491 by District Judge James O. Browning (vv) (Entered: 01/21/2020) |
| 01/27/2020 | 3038 | MEMORANDUM OPINION AND ORDER re 2614 2617 by District Judge James O. Browning (vv) (Entered: 01/27/2020) |
| 01/28/2020 | 3039 | Transmitted Record on Appeal in 6 Volume(s) to US Court of Appeals as to Daniel Sanchez re 2850 Notice of Appeal - Final Judgment (vv) (Entered: 01/28/2020) |
| 01/28/2020 | 3040 | NOTICE of Docketing Record on Appeal from USCA as to Daniel Sanchez re 2850 Notice of Appeal - Final Judgment. USCA Case Number 19-2141 (vv) (vv). (Entered: 01/28/2020) |
| 01/28/2020 | 3041 | Transmitted Record on Appeal in 6 Volume(s) to US Court of Appeals as to Anthony Ray Baca re 2993 Notice of Appeal - Final Judgment (vv) (Entered: 01/28/2020) |
| 01/29/2020 | 3042 | NOTICE of Docketing Record on Appeal from USCA as to Carlos Herrera re 2785 Notice of Appeal - Final Judgment. USCA Case Number 19-2126 (vv) (Entered: 01/29/2020) |
| 01/30/2020 | 3043 | DESIGNATION OF RECORD ON APPEAL by Edward Troup re 2969 Notice of Appeal - Final Judgment (Carlson, John) (Entered: 01/30/2020) |
| 02/20/2020 | 3046 | Transmitted Record on Appeal in 7 Volume(s) to US Court of Appeals as to Edward Troup re 2969 Notice of Appeal - Final Judgment (vv) (Entered: 02/20/2020) |
| 02/20/2020 | 3047 | NOTICE of Docketing Record on Appeal from USCA as to Edward Troup re 2969 Notice of Appeal - Final Judgment. USCA Case Number 19-2188 (vv) (Entered: 02/20/2020) |
| 03/04/2020 | 3049 | DESIGNATION OF RECORD ON APPEAL by Edward Troup re 2969 Notice of Appeal - Final Judgment (Carlson, John) (Entered: 03/04/2020) |
| 03/04/2020 | 3050 | NOTICE of Docketing Supplemental Record on Appeal from USCA as to Edward Troup re 2969 Notice of Appeal (vv) (Entered: 03/04/2020) |
| 03/20/2020 | 3053 | Unopposed MOTION to Continue by Angel DeLeon. (Gorman, Sarah) (Entered: 03/20/2020) |
| 03/26/2020 | 3055 | Petition for Warrant or Summons for Offender Under Supervision as to Conrad Villegas (Banegas, David) (Entered: 03/26/2020) |
| 03/30/2020 | 3058 | Summons Issued as to Conrad Villegas: Initial Appearance on Revocation Proceedings set for 4/15/2020 at 01:00 PM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge Kirtan Khalsa. (cmm) (Entered: 03/30/2020) |
| 04/01/2020 | 3059 | ORDER of USCA re supplementation of record on appeal as to Edward Troup (vv) (Entered: 04/01/2020) |
| 04/02/2020 | 3060 | Proposed Scheduling ORDER by District Judge James O. Browning granting 3053 Unopposed MOTION to Continue filed by Angel DeLeon. Jury Selection/Trial set for 2/1/2021 at 09:00 AM in Las Cruces, NM before District Judge James O. Browning. (vv) (Entered: 04/02/2020) |
| 04/08/2020 | 3061 | Summons Returned Executed on 4/2/20 as to Conrad Villegas (vv) (Entered: 04/08/2020) |
| 04/08/2020 | | Terminated Initial Appearance on Revocation Proceedings Hearing as to Conrad Villegas; to be reset in Las Cruces. (eh) (Entered: 04/08/2020) |
| 04/09/2020 | 3062 | CJA 20: Appointment of Attorney B.J. Crow for Conrad Villegas by by Magistrate Judge Gregory B. Wormuth. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/09/2020) |
| 04/09/2020 | 3063 | NOTICE OF HEARING as to Conrad Villegas: Initial Appearance/Show Cause/Detention Hearing set for 4/13/2020 at 9:30 AM in Las Cruces, NM - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Kevin R. Sweazea. (kls) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/09/2020) |
| 04/09/2020 | 3064 | Supplemental Record on Appeal transmitted to US Court of Appeals in 1 Volume(s), as to Edward Troup re 2969 Notice of Appeal - Final Judgment (vv) (Entered: 04/09/2020) |
| 04/09/2020 | 3065 | NOTICE of Docketing SUPPLEMENTAL Record on Appeal from USCA as to Edward Troup re 2969 Notice of Appeal - Final Judgment filed by Edward Troup. USCA Case Number 19-2188 (vv) (Entered: 04/09/2020) |
| 04/13/2020 | 3066 | Clerk's Minutes for proceedings held before Magistrate Judge Kevin R. Sweazea: Initial Appearance/Show Cause/Detention Hearing as to Conrad Villegas held on 4/13/2020 (Recording Info: LCR-Sierra Blanca) (cer) (Entered: 04/13/2020) |

| 04/21/2020 | 3067 | JUDGMENT as to Joe Lawrence Gallegos by District Judge James O. Browning (vv) (Entered: 04/21/2020) |
| 04/21/2020 | 3068 | AMENDED JUDGMENT as to Joe Lawrence Gallegos by District Judge James O. Browning (vv) (Entered: 04/22/2020) |
| 04/22/2020 | 3069 | JUDGMENT as to Andrew Gallegos by District Judge James O. Browning (vv) (Entered: 04/22/2020) |
| 04/27/2020 | 3070 | NOTICE OF APPEAL by Andrew Gallegos (Filing Fee - Waived) (Attachments: # 1 Exhibit A)(Torraco, Lisa) (Entered: 04/27/2020) |
| 04/28/2020 | 3071 | Transmission of Preliminary Record as to Andrew Gallegos to US Court of Appeals re 3070 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 04/28/2020) |
| 04/28/2020 | 3072 | USCA Information Letter with Case Number as to Andrew Gallegos 20-2056 for 3070 Notice of Appeal - Final Judgment filed by Andrew Gallegos. (vv) (Entered: 04/28/2020) |
| 04/29/2020 | 3073 | NOTICE OF APPEAL by Joe Lawrence Gallegos re 3068 Amended Judgment (Filing Fee - Online Payment) (Benjamin, Brock) (Entered: 04/29/2020) |
| 04/30/2020 | 3074 | Transmission of Preliminary Record as to Joe Lawrence Gallegos to US Court of Appeals re 3073 Notice of Appeal - Final Judgment (Attachments: # 1 Exhibit)(vv) (Entered: 04/30/2020) |
| 04/30/2020 | 3075 | TRANSCRIPT of Sentence Proceedings as to Conrad Villegas held on February 21, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 5/7/2020. Redaction Request due 5/21/2020. Redacted Transcript Deadline set for 6/1/2020. Release of Transcript Restriction set for 7/29/2020. (jab) (Entered: 04/30/2020) |
| 04/30/2020 | 3076 | USCA Information Letter with Case Number as to Joe Lawrence Gallegos 20-2058 for 3073 Notice of Appeal - Final Judgment filed by Joe Lawrence Gallegos. (vv) (Entered: 04/30/2020) |
| 05/01/2020 | 3077 | ORDER of USCA partially consolidating these appeals for briefing and submission as to Joe Lawrence Gallegos, Andrew Gallegos (vv) (Entered: 05/06/2020) |
| 05/07/2020 | 3078 | TRANSCRIPT of Plea Hearing as to Conrad Villegas held on November 9, 2018, before Magistrate Judge Carmen E. Garza. Court Reporter/Transcriber ANNE DEHON, Telephone number (505) 8439494. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 5/14/2020. Redaction Request due 5/28/2020. Redacted Transcript Deadline set for 6/8/2020. Release of Transcript Restriction set for 8/5/2020.(dxz) (Entered: 05/07/2020) |
| 05/07/2020 | 3079 | JUDGMENT as to Timothy Martinez by District Judge James O. Browning (vv) (Entered: 05/07/2020) |
| 05/08/2020 | 3080 | JUDGMENT as to Ruben Hernandez by District Judge James O. Browning (vv) (Entered: 05/08/2020) |

| 05/08/2020 | 3081 | JUDGMENT as to Eugene Martinez by District Judge James O. Browning (vv) (Entered: 05/08/2020) |
|---|---|---|
| 05/14/2020 | 3082 | MOTION to Withdraw as Attorney by Andrew Gallegos. (Torraco, Lisa) (Entered: 05/14/2020) |
| 05/14/2020 | 3085 | ORDER OF USCA granting Attorneys Brock Benjamin and Richard Sindel's motion to withdraw and Order appointing attorney Gregory Acton to represent appellant Joe Lawrence Gallegos (vv) (Entered: 05/18/2020) |
| 05/14/2020 | | Attorney update in case as to Joe Lawrence Gallegos. Attorney Gregory M. Acton for Joe Lawrence Gallegos added. Attorney Brock Benjamin and Richard Sindel terminated. (vv) (Entered: 05/18/2020) |
| 05/14/2020 | 3086 | ORDER OF USCA - The court will reset the deadlines for the joint transcript order form and designation of record upon receipt of the appointment motion or motion to withdraw in 20-2056 as to Andrew Gallegos (vv) (Entered: 05/18/2020) |
| 05/19/2020 | 3089 | ORDER OF USCA as to Andrew Gallegos - The court reminds appellant's counsel of their obligation to file a motion to either continue or withdraw with this court. That motion remains due in this court on 05/21/2020. (vv) (Entered: 05/21/2020) |
| 05/21/2020 | 3088 | Summons Issued as to Conrad Villegas: Initial Appearance on Revocation Proceedings set for 6/5/2020 at 09:00 AM in Las Cruces - 340 Sierra Blanca Courtroom (North Tower) before Magistrate Judge Stephan M. Vidmar. (vv) (Entered: 05/21/2020) |
| 05/21/2020 | 3090 | NOTICE *TO WITHDRAW FILING OF MOTION TO WITHDRAW [DOC 3082]* by Andrew Gallegos (Torraco, Lisa) (Entered: 05/21/2020) |
| 05/22/2020 | 3091 | TRANSCRIPT of Sentencing Proceedings as to Mauricio Varela held on October 15, 2018, before District Judge James O. Browning. Official Court Reporter Vanessa I. Alyce, Telephone number 575-528-1430. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Official Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 5/29/2020. Redaction Request due 6/12/2020. Redacted Transcript Deadline set for 6/22/2020. Release of Transcript Restriction set for 8/20/2020.(via) (Entered: 05/22/2020) |
| 05/26/2020 | 3092 | ORDER OF USCA granting appellant's counsel's motion to withdraw as attorney and appointing attorney John M. Bowlin to represent Andrew Gallegos (vv) (Entered: 05/26/2020) |
| 05/26/2020 | 3093 | ORDER OF USCA directing counsel in these consolidated appeals to file a joint transcript order form and joint designation of record on or before 06/25/2020. (vv) (Entered: 05/26/2020) |
| 05/26/2020 | 3094 | ORDER OF USCA directing counsel in these consolidated appeals to file a joint transcript order form and joint designation of record on or before 06/25/2020. (vv) (Entered: 05/26/2020) |
| 06/02/2020 | 3096 | Unopposed MOTION to Continue by Conrad Villegas. (Crow, B.J.) (Entered: 06/02/2020) |
| 06/03/2020 | 3097 | ORDER by Magistrate Judge Stephan M. Vidmar granting 3096 Motion to Continue as to Conrad Villegas (20) (vv) (Entered: 06/03/2020) |
| 06/08/2020 | 3098 | Unopposed MOTION to Continue *Pre-Trial Motions Deadline* by Angel DeLeon. (Gorman, Sarah) (Entered: 06/08/2020) |
| 06/10/2020 | 3099 | Receipt for RETURN OF MOTION HEARING EXHIBITS to defense counsel (vv) (Entered: 06/10/2020) |
| 06/22/2020 | 3102 | ORDER by District Judge James O. Browning granting 3098 Motion to Continue as to Angel DeLeon (1) (vv) (Entered: 06/22/2020) |
| 06/22/2020 | 3103 | NOTICE OF ATTORNEY APPEARANCE Ryan Ellison appearing for USA. (Ellison, Ryan) (Entered: 06/22/2020) |
| 06/22/2020 | | Attorney update in case. Attorney Ryan Ellison for USA added. (vv) (Entered: 06/22/2020) |

| 06/25/2020 | 3108 | NOTICE *of Intent Not to Seek a Sentence of Death* by USA as to Angel DeLeon (Armijo, Maria) (Entered: 06/25/2020) |
|---|---|---|
| 06/25/2020 | 3109 | DESIGNATION OF RECORD ON APPEAL by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Andrew Gallegos re 3070 Notice of Appeal - Final Judgment, 3073 Notice of Appeal - Final Judgment (Attachments: # 1 Appendix Marked Docket Sheet)(Acton, Gregory) (Entered: 06/25/2020) |
| 06/25/2020 | 3110 | TRANSCRIPT ORDER FORM by Joe Lawrence Gallegos as to Joe Lawrence Gallegos, Andrew Gallegos requesting the proceedings held on 10/4/16; 11/29/16; 2/7 - 2/8/17; 5/9 - 5/11/17; 5/19/17; 11/8 - 11/9/17; 11/27/17 - 11/29/17; 12/7 - 12/8/17; 12/11/17; 12/18 -12/20/17; 1/8 - 1/12/18; 1/26/18; 3/12 - 3/16/18; 4/4 - 4/5/18; 4/9 - 5/23/18; 12/17 - 12/19/18; 5/10/19; 6/11/19; 2/20/18; 2/14/18 be transcribed for the 3070 Notice of Appeal - Final Judgment, 3073 Notice of Appeal - Final Judgment (Attachments: # 1 Appendix List of Transcripts Requested)(Acton, Gregory) (Entered: 06/25/2020) |
| 06/26/2020 | 🔗 3111 | Unopposed MOTION for Order *to Amend PSR* by Daniel Sanchez. (Attachments: # 1 Exhibit [Proposed] Order)(Jacks, Amy) (Entered: 06/26/2020) |
| 06/29/2020 | 3112 | NOTICE *Waiver of Objections* by Leonard Lujan (Clark, Russell) (Entered: 06/29/2020) |
| 06/29/2020 | 3114 | NOTICE OF HEARING as to Defendant Leonard Lujan: Sentencing set for 7/29/2020 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/29/2020) |
| 06/29/2020 | 3115 | NOTICE OF HEARING ON MOTION in case as to Defendant Leonard Lujan 3106 First MOTION for Reconsideration *Release* : Motion Hearing set for 7/29/2020 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/29/2020) |
| 07/01/2020 | 3117 | AMENDED JUDGMENT as to Carlos Herrera by District Judge James O. Browning (vv) (Entered: 07/01/2020) |
| 07/10/2020 | 3119 | ORDER OF USCA as to Carlos Herrera re 2785 Notice of Appeal - Final Judgment (vv) (Entered: 07/14/2020) |
| 07/20/2020 | 3120 | Supplemental Record on Appeal transmitted to US Court of Appeals in 1 Volume, as to Carlos Herrera re 2785 Notice of Appeal - Final Judgment (vv) (Entered: 07/20/2020) |
| 07/20/2020 | 3121 | NOTICE of Docketing Supplemental Record on Appeal from USCA as to Carlos Herrera re 2785 Notice of Appeal. USCA Case Number 19-2126 (vv) (Entered: 07/20/2020) |
| 07/27/2020 | 3126 | **FILED IN ERROR** Summons Issued as to Shauna Gutierrez: Initial Appearance on Revocation Proceedings set for 8/10/2020 at 01:30 PM in Albuquerque - 222 Video Conference Room before District Judge James O. Browning. (cmm) Modified on 7/27/2020-Filed in error as to text only (cmm). (Entered: 07/27/2020) |
| 07/27/2020 | 3127 | Summons Issued as to Shauna Gutierrez: Initial Appearance on Revocation Proceedings set for 8/10/2020 at 01:30 PM in Remote via Zoom before Magistrate Judge Laura Fashing. (cmm) (Entered: 07/27/2020) |
| 07/30/2020 | 3132 | JUDGMENT as to Leonard Lujan by District Judge James O. Browning (vv) (Entered: 07/30/2020) |
| 07/31/2020 | 3133 | MOTION to Withdraw as Attorney by Angela Arellanes by Shauna Gutierrez. (Arellanes, Angela) (Entered: 07/31/2020) |
| 08/03/2020 | 3134 | RESPONSE to Motion by USA as to Angel DeLeon re 3122 MOTION for Reconsideration *of Order of Detention Pending Trial* (Attachments: # 1 Exhibit Cibola County Preventative Measures)(Ellison, Ryan) (Entered: 08/03/2020) |
| 08/04/2020 | 3135 | ORDER OF USCA-Order filed by Clerk of the Court - This matter is before the court following notification from the court reporter that CJA counsel for appellants have not made payment arrangements for the transcripts ordered as to Joe Lawrence Gallegos, Andrew Gallegos (vv) (Entered: 08/04/2020) |
| 08/04/2020 | 3136 | FILED IN ERROR-Opposed MOTION to Continue *Trial Date and Amend Scheduling Order* by Angel DeLeon. (Gorman, Sarah) Modified on 8/5/2020 (vv). (Entered: 08/04/2020) |
| 08/05/2020 | 3137 | Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* by Angel DeLeon. (Gorman, Sarah) (Entered: 08/05/2020) |
| 08/06/2020 | 3139 | NOTICE OF HEARING ON MOTION in case as to Defendant Angel DeLeon 3137 Amended OPPOSED MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* : Motion Hearing set for 8/26/2020 at 02:30 PM in Albuquerque - 460 Vermejo Courtroom - Remote before District Judge James O. Browning. (cjw) |

|  |  |  |
|---|---|---|
|  |  | NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.<br><br>*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/06/2020) |
| 08/06/2020 | 3140 | Summons Returned Executed on 8/4/20 as to Shauna Gutierrez (vv) (Entered: 08/06/2020) |
| 08/06/2020 | 3141 | RESPONSE to Motion by USA as to Angel DeLeon re 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* (Armijo, Maria) (Entered: 08/06/2020) |
| 08/06/2020 | 3142 | MOTION to Produce *Motion For the United States to Identify and Produce All Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility* by Angel DeLeon. (Gorman, Sarah) (Entered: 08/06/2020) |
| 08/10/2020 | 3143 | Clerk's Minutes for proceedings held before Magistrate Judge Laura Fashing: Initial Appearance re Revocation of Supervised Release as to Shauna Gutierrez held on 8/10/2020; Court grants 3133 MOTION to Withdraw as Attorney by Angela Arellanes filed by Shauna Gutierrez. (Recording Info: ABQ Zoom) (nm) (Entered: 08/10/2020) |
| 08/10/2020 | 3144 | CJA: Appointment of Attorney Chandler C Blair for Shauna Gutierrez by Magistrate Judge Laura Fashing (kd)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/10/2020) |
| 08/10/2020 | 3145 | WAIVER of Personal Presence at Hearing by Shauna Gutierrez (cl) (Entered: 08/10/2020) |
| 08/10/2020 | 3147 | NOTICE OF HEARING as to Defendant Shauna Gutierrez: Final Hearing re Revocation of Supervised Release set for 8/31/2020 at 08:30 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning.<br><br>Counsel wishing to appear remotely should contact the courtroom deputy at 505-348-2289 at least 48 business hours in advance of the hearing to advise how they wish to appear and of additional other parties that would like to appear for the hearing. Absent communication as described the Court will presume personal appearance is preferred. (cjw)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/10/2020) |
| 08/11/2020 | 3148 | MOTION to Withdraw as Attorney by Angela Arellanes by Shauna Gutierrez. (Arellanes, Angela) (Entered: 08/11/2020) |
| 08/11/2020 | 3149 | Court Reporter Jennifer Bean estimates date of 8/12/2020 for completion of the transcript of hearing(s) held before Judge James O. Browning on Trial and post trial proceedings, as ordered by Joe Lawrence Gallegos, Andrew Gallegos for the Notice of Appeal. Re: 3070 Notice of Appeal - Final Judgment, 3073 Notice of Appeal - Final Judgment. (vv) (Entered: 08/11/2020) |
| 08/11/2020 | 3150 | NOTICE OF ATTORNEY APPEARANCE: Chandler C Blair appearing for Shauna Gutierrez (Blair, Chandler) (Entered: 08/11/2020) |
| 08/17/2020 | 3151 | Unopposed MOTION to Dismiss by Conrad Villegas. (Crow, B.J.) (Entered: 08/17/2020) |
| 08/17/2020 | 3153 | REPLY TO RESPONSE to Motion by Angel DeLeon re 3122 MOTION for Reconsideration *of Order of Detention Pending Trial* (Gorman, Sarah) (Entered: 08/17/2020) |
| 08/18/2020 | 3155 | AMENDED Petition for Warrant or Summons for Offender Under Supervision as to Shauna Gutierrez (Villalobos, Karina) (Entered: 08/18/2020) |

| | | |
|---|---|---|
| 08/18/2020 | 3158 | MINUTE ORDER pursuant to the direction of District Judge James O. Browning as to Defendant Shauna Gutierrez: The Revocation of Supervised Release Final Hearing presently set for August 31, 2020 is hereby vacated and will be reset at a later date. (cjw) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/18/2020) |
| 08/19/2020 | 3160 | REPLY TO RESPONSE to Motion by Angel DeLeon re 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* (Gorman, Sarah) (Entered: 08/19/2020) |
| 08/20/2020 | 3161 | AMENDED NOTICE (TO INCLUDE INTERPRETER SERVICES ONLY) OF HEARING ON MOTION in case as to Defendant Angel DeLeon 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* : Motion Hearing set for 8/26/2020 at 02:30 PM in Albuquerque - 460 Vermejo Courtroom - Remote before District Judge James O. Browning. (cjw)

NOTE:

1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode has already been provided separately to the participants email address of record. Court interpreter services will be provided this information separately.

2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.

3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.

*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***

[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/20/2020) |
| 08/25/2020 | | Arrest of Shauna Gutierrez (nm) (Entered: 08/25/2020) |
| 08/25/2020 | 3163 | NOTICE OF HEARING as to Shauna Gutierrez: Initial Appearance on Revocation Proceedings set for 8/26/2020 at 10:00 AM in Albuquerque - 440 Hondo Courtroom - Remote before Magistrate Judge Steven C. Yarbrough. (nm)

NOTE:

1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode will be provided separately to the participants email address of record.

2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.

3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.

*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***

[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/25/2020) |
| 08/25/2020 | 3164 | Arrest Warrant Returned Executed on 8/24/20 as to Shauna Gutierrez. (vv) (Entered: 08/25/2020) |
| 08/26/2020 | 3165 | WAIVER of Personal Presence at Hearing by Angel DeLeon (Gorman, Sarah) (Entered: 08/26/2020) |
| 08/26/2020 | 3166 | Clerk's Minutes before Magistrate Judge Karen B. Molzen: Initial Appearance/Preliminary Revocation hearing re Amended Petition for Revocation of Supervised Release as to Shauna Gutierrez held; Detention Hearing set for 8/28/2020 at 10:00 AM in Albuquerque - 440 Hondo Courtroom - Remote (Recording Info: Liberty-Hondo) (kd)

NOTE: |

| | | |
|---|---|---|
| | | 1. The detention hearing will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking. (Entered: 08/26/2020) |
| 08/26/2020 | 3167 | ORAL ORDER of Temporary Detention pending hearing as to Shauna Gutierrez by Magistrate Judge Karen B. Molzen (kd)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/26/2020) |
| 08/26/2020 | 3168 | WAIVER of Personal Presence at Hearing by Shauna Gutierrez (cl) (Entered: 08/26/2020) |
| 08/26/2020 | 3169 | WAIVER of Preliminary Hearing by Shauna Gutierrez (cl) (Entered: 08/26/2020) |
| 08/27/2020 | 3170 | RESPONSE to Motion by USA as to Angel DeLeon re 3142 MOTION to Produce *Motion For the United States to Identify and Produce All Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility* (Armijo, Maria) (Entered: 08/27/2020) |
| 08/28/2020 | 3171 | Clerk's Minutes held before Magistrate Judge Steven C. Yarbrough: Detention Hearing as to Shauna Gutierrez held (Recording Info: Liberty-Hondo) (kd) (Entered: 08/28/2020) |
| 08/28/2020 | 3172 | ORDER OF DETENTION PENDING REVOCATION HEARING as to Shauna Gutierrez by Magistrate Judge Steven C. Yarbrough (kd) (Entered: 08/28/2020) |
| 08/31/2020 | 3173 | NOTICE OF HEARING ON MOTION in case as to Angel DeLeon 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* : Motion Hearing set for 9/1/2020 at 08:15 AM in Albuquerque - 460 Vermejo Courtroom - Remote before District Judge James O. Browning.<br><br>Defense counsel shall file the Defendant's Waiver of Personal Appearance in advance of the hearing. (cjw)<br><br>NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.<br><br>*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 08/31/2020) |
| 09/01/2020 | 3174 | WAIVER of Personal Presence at Hearing by Angel DeLeon (Gorman, Sarah) (Entered: 09/01/2020) |
| 09/01/2020 | 3175 | Clerk's Minutes for proceedings held before District Judge James O. Browning: Motion Hearing as to Angel DeLeon re 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* filed by Angel DeLeon (Court Reporter: J Bean) (Interpreter: M Gonzalez-Hibner) (vv) (Entered: 09/01/2020) |
| 09/08/2020 | 3177 | ORDER by District Judge James O. Browning granting 3151 Motion to Dismiss Amended Petition as to Conrad Villegas (20) (meq) (Entered: 09/08/2020) |
| 09/08/2020 | 3179 | TRANSCRIPT of Sentence Proceedings as to Joe Lawrence Gallegos held on June 11, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-348-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 9/15/2020. Redaction Request due 9/29/2020. Redacted Transcript Deadline set for 10/9/2020. Release of Transcript Restriction set for 12/7/2020. (jab) (Entered: 09/08/2020) |
| 09/08/2020 | [3180](#) | TRANSCRIPT of Sentence Proceedings as to Andrew Gallegos held on May 10, 2019, before District Judge James O. Browning. Court Reporter/Transcriber Jennifer Bean, Telephone number 505-843-2283. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 9/15/2020. Redaction Request due 9/29/2020. Redacted Transcript Deadline set for 10/9/2020. Release of Transcript Restriction set for 12/7/2020. (jab) (Entered: 09/08/2020) |
| 09/10/2020 | [3181](#) | REPLY TO RESPONSE to Motion by Angel DeLeon re [3142](#) MOTION to Produce *Motion For the United States to Identify and Produce All Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility* (Gorman, Sarah) (Entered: 09/10/2020) |
| 09/14/2020 | 3182 | NOTICE OF HEARING ON MOTION in case as to Defendant Angel DeLeon [3142](#) MOTION to Produce *Motion For the United States to Identify and Produce All Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility* : Motion Hearing set for 10/16/2020 at 01:30 PM in Albuquerque - 460 Vermejo Courtroom - Remote before District Judge James O. Browning.<br><br>Defense counsel shall file Defendant's Waiver of Personal Appearance in advance of the hearing. (cjw)<br><br>NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.<br><br>*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/14/2020) |
| 09/17/2020 | [3183](#) | "FILED IN ERROR" Have to redo. Supplemental Record on Appeal transmitted to US Court of Appeals in 1 Volume(s), as to Joe Lawrence Gallegos re [3073](#) Notice of Appeal - Final Judgment (bap) Modified text on 9/23/2020 (bap). (Entered: 09/17/2020) |
| 09/17/2020 | [3184](#) | "FILED IN ERROR" will have to redo complete file. Supplemental Record on Appeal transmitted to US Court of Appeals in 1 Volume(s), as to Andrew Gallegos re [3070](#) Notice of Appeal - Final Judgment (bap) Modified text on 9/23/2020 (bap). (Entered: 09/17/2020) |

| 09/17/2020 | 3185 | ORDER by District Judge James O. Browning granting 3148 Motion to Withdraw as Attorney as to Shauna Gutierrez (30). (cmm) (Entered: 09/17/2020) |
| 09/18/2020 | 3186 | SCHEDULING ORDER by District Judge James O. Browning gramting 3137 Amended MOTION to Continue *Trial Date and Amend Scheduling Order (Amended to Correct Case Number)* filed by Angel DeLeon. Jury Selection/Trial reset for 5/3/2021 at 09:00 AM in Las Cruces - 320 Tortugas Courtroom (North Tower) before District Judge James O. Browning. (meq) (Entered: 09/18/2020) |

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 01 2015

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 15-4268 KG |
| ) | |
| vs. ) | Counts 1, 2, 3 and 5: 18 U.S.C. § |
| ) | 1959(a)(1): Violent Crimes in Aid of |
| ) | Racketeering (Murder) and 18 U.S.C. § 2; |
| ANGEL DELEON, ) | |
| JOE GALLEGOS, ) | Counts 4, 7 and 8:  18 U.S.C. § |
| EDWARD TROUP, a.k.a. "Huero ) | 1959(a)(5): Violent Crimes in Aid of |
| Troup," ) | Racketeering (Conspiracy to Murder); |
| LEONARD LUJAN, ) | |
| BILLY GARCIA, a.k.a. "Wild Bill," ) | Count 6: 18 U.S.C. § 1959(a)(6): Violent |
| EUGENE MARTINEZ, a.k.a. "Little ) | Crimes in Aid of Racketeering |
| Guero," ) | (Conspiracy to Commit Assault Resulting |
| ALLEN PATTERSON, ) | in Serious Bodily Injury). |
| CHRISTOPHER CHAVEZ, a.k.a. ) | |
| "Critter," ) | |
| JAVIER ALONSO, a.k.a. "Wineo," ) | |
| ARTURO ARNULFO GARCIA, a.k.a. ) | |
| "Shotgun," ) | |
| BENJAMIN CLARK, a.k.a. "Cyclone," ) | |
| RUBEN HERNANDEZ, ) | |
| JERRY ARMENTA, a.k.a. "Creeper," ) | |
| JERRY MONTOYA, a.k.a. "Boxer," ) | |
| MARIO RODRIGUEZ, a.k.a. "Blue," ) | |
| TIMOTHY MARTINEZ, a.k.a. "Red," ) | |
| MAURICIO VARELA, a.k.a. "Archie," ) | |
| a.k.a. "Hog Nuts," ) | |
| DANIEL SANCHEZ, a.k.a. "Dan Dan," ) | |
| GERALD ARCHULETA, a.k.a.  "Styx," ) | |
| a.k.a. "Grandma," ) | |
| CONRAD VILLEGAS, a.k.a. "Chitmon," ) | |
| ANTHONY RAY BACA, a.k.a.  "Pup," ) | |
| ROBERT MARTINEZ, a.k.a. "Baby ) | |
| Rob," ) | |
| ROY PAUL MARTINEZ, a.k.a. ) | |
| "Shadow," and ) | |
| CHRISTOPHER GARCIA, ) | |
| ) | |
| Defendants. ) | |

INDICTMENT

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

## THE RACKETEERING ENTERPRISE, SYNDICATO DE NUEVO MEXICO GANG

1.      At various times relevant to this Indictment, the defendants, **ANGEL DELEON,**

**JOE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN,**

**BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero,"**

**ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO,**

**a.k.a. "Wineo," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK,**

**a.k.a. "Cyclone," RUBEN HERNANDEZ, JERRY ARMENTA, a.k.a. "Creeper," JERRY**

**MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY**

**MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a.  "Pup," ROBERT**

**MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," MAURICIO**

**VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan,"**

**GERALD ARCHULETA, a.k.a.  "Styx," a.k.a. "Grandma," CONRAD VILLEGAS, a.k.a.**

**"Chitmon," and CHRISTOPHER GARCIA,** and others were members/prospects/associates

of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose

members/prospects/associates engaged in acts of violence and other criminal activities,

including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute

narcotics, and firearms trafficking.  At all relevant times, SNM operated in the District of New

Mexico and elsewhere.

2.      SNM, including its leadership, membership, prospects, and associates, constituted

an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of

individuals associated in fact that engaged in, and the activities of which, affected interstate

2

commerce. The enterprise constituted an ongoing organization whose members/prospects/associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## **GENERAL BACKGROUND**

3.      The Syndicato de Nuevo Mexico ("SNM"), Spanish for Syndicate of New Mexico, is a powerful and violent prison gang, which controlled drug distribution and other illegal activities within the New Mexico penal system, and was also involved in street level narcotics trafficking. It was formed in the early 1980s at the Penitentiary of New Mexico after a prison riot at the penitentiary in February, 1980. During the prison riot, twelve correctional officers were taken hostage and several of them were seriously assaulted and raped by inmates. Thirty-three inmates were killed during the riot and more than two hundred were injured.

4.      Following the prison riot, the SNM Gang expanded throughout the New Mexico penal system and has boasted of as many as 500 members since the early 1980s. The SNM Gang was comprised of approximately 250 members, who are known as "hermanos," "brothers," "carnales," "dons," "jefes," "big hommies," or "Zia manos" and who controled the gang. The SNM operated under a "panel" or "mesa" (Spanish for table) of leaders who issued orders to subordinate gang members.

5.      Despite being imprisoned and being closely scrutinized by prison officials, SNM Gang leaders managed to convey orders to SNM Gang members and associates throughout the prison system and outside the prison system through a variety of means, including secret notes, called "kites," or "welas," coded letters, and messages conveyed by complicit visitors. When SNM Gang members or associates completed their sentences and rejoined their communities, they were expected to remain loyal to the SNM Gang and work to further the goals of the SNM

Gang outside the prison environment.  Members who fail to show continued loyalty to the gang
were disciplined in various ways, to include murder and assaults. One of the significant goals of
the SNM Gang was to control and profit from narcotics trafficking.

6.      In addition to exerting its control in the New Mexico penal system, the SNM
Gang also operated on the streets of New Mexico by intimidating and influencing smaller New
Mexico Hispanic gangs for the purpose of establishing a larger network for the SNM's illegal
activities.  If a gang did not accede to the SNM Gang's demands, the SNM Gang assaulted or
killed the gang's members who were not in custody as well as those members who were
incarcerated within the New Mexico penal system.  In addition to intimidation through direct
assaults, the SNM Gang was also able to assert control and influence over gang members outside
the penal system because gangs did not want their members outside the penal system to be
assaulted or killed, and because the gang members knew that, if they are incarcerated, they
would need the protection of the SNM Gang while they served their sentences.

7.      The SNM Gang had been and continues to be engaged in a fierce and violent war
with rival gangs, to include the Barrio Azteca, Los Carnales, Sureños, and Burqueños gangs.
Within the prison system, this rivalry manifested itself in beatings and stabbings, which often
resulted in death.  Outside the prison system, the SNM Gang fought for control of territory in
which to conduct narcotics trafficking and other crimes, as well as to recruit and influence non-
gang members. In addition to fighting for control over numerous illegal activities and using
violence and terror for the purpose of enriching themselves, the SNM Gang also engaged in
violence simply to assert its gang identity, to claim or protect its territory, to challenge or
respond to challenges, to retaliate against a rival gang or member, to gain notoriety and show its

4

superiority over others, and to send a message to others that it was strong, powerful and not to be provoked.

8.      The SNM Gang sought to maintain its reputation for being strong and powerful and maintained its membership to continue functioning as an organization in prison and on the streets. If the SNM Gang was perceived as being weak, then rival gangs would challenge and assault its members and take over its territory. This could have caused the gang to lose membership and eventually dissolve. The SNM Gang maintained a large membership and a reputation for being strong, powerful and dominant so that rival gangs would think twice before they challenged it and victims/witnesses would think twice about assisting authorities with any prosecution attempt against it.  This allowed the gang to grow in strength, thrive in its criminal activity, and dominate its territory.  A member of the SNM Gang was expected to seek out and beat, stab, or shoot rival gang members.  Similarly, a member of the SNM Gang was expected to confront and attack any suspected law enforcement informants, cooperating witness, homosexuals, or sex offenders.

9.      SNM Gang members identifed themselves with the Zia symbol and the letters "SNM" or "S," which represented the "Syndicato de Nuevo Mexico" or "Syndicato" which is Spanish for Syndicate. SNM Gang members also utilized the number "19" which represents the 19th letter of the alphabet, "S," and "505," which corresponds with the area code for the greater Albuquerque area.  The SNM Gang claimed the entire state of New Mexico as its territory, which was broken into four geographical regions: North, South, East, and West. As with the numbers "19," and "505," the letters "S" or "SNM," the Zia symbol, and the Spanish word "Syndicato" were commonly, but not exclusively, displayed by SNM Gang members in tattoos,

5

DNM 429

graffiti, drawings, and on clothing, as a way of displaying affiliation, loyalty, and commitment to the gang.

## ROLES OF THE DEFENDANTS

10.    The defendants participated in the operation and management of the enterprise. Defendants **ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," BENJAMIN CLARK, a.k.a. "Cyclone," MARIO RODRIGUEZ, a.k.a. "Blue," ANTHONY RAY BACA, a.k.a. "Pup," ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," and DANIEL SANCHEZ, a.k.a. "Dan Dan,"** were the leaders of the enterprise who directed or delegated the power to direct other members of the enterprise to carry out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

11.    Under the direction and leadership of the enterprise, defendants **ANGEL DELEON,      JOE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO, a.k.a. "Wineo," RUBEN HERNANDEZ, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," and CONRAD VILLEGAS, a.k.a. "Chitmon,"** were members who participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## PURPOSES OF THE SYNDICATO DE NUEVO MEXICO GANG

12.    The purposes of the SNM Gang enterprise included the following:

DNM 430

a.      Preserving and protecting the power, territory, reputation, and profits of
the enterprise through the use of intimidation, violence, threats of
violence, assaults, and murder;

b.      Promoting and enhancing the enterprise and the activities of its members
and associates through criminal acts, including, but not limited to, murder,
attempted murder, narcotics trafficking, theft of vehicles, robberies, and
other criminal activities;

c.      Keeping victims, potential victims, witnesses, and community members in
fear of the enterprise and its members and associates through violence and
threats of violence;

d.      Protecting the enterprise's members and associates who committed crimes
by hindering, obstructing, and preventing law enforcement officers from
identifying the offenders, apprehending the offenders, and successfully
prosecuting and punishing the offenders;

e.      Providing information to members and associates of the enterprise,
including those who were incarcerated, for the purpose of committing acts
of violence, robbery, distribution of controlled substances, and other
offenses;

f.      Providing financial support and information to SNM Gang members and
associates, including those members and associates who were
incarcerated.

**MEANS AND METHODS OF THE ENTERPRISE**

DNM 431

13.     Among the means and methods by which the defendants and their associates

conducted and participated in the conduct of the affairs of the SNM Gang were the following:

    a.     Members and associates of the enterprise committed, conspired,

attempted, and threatened to commit acts of violence, including murders

and assaults, to protect and expand the enterprise's criminal operations.

    b.     To generate income, members and associates of the enterprise trafficked in

controlled substances and extorted narcotic traffickers.

    c.     To perpetuate the enterprise, members and associates of the enterprise

discussed the membership, rules, and enforcement of the rules of the SNM

Gang; the status of SNM Gang members and associates who were arrested

or incarcerated; the discipline of SNM Gang members; SNM Gang

members' encounters with law enforcement; the identities of individuals

suspected of cooperating with law enforcement and the proposed actions

to be taken against them; and plans and agreements regarding the

commission of future crimes, including murder, drug distribution,

possession of firearms, and assault, as well as ways to conceal these

crimes.

    d.     It was further part of the means and methods of the enterprise that

members and associates of the enterprise concealed from law enforcement

the way in which the enterprise conducted its affairs; the locations where

enterprise members discussed and conducted the affairs of the enterprise;

the locations where enterprise members stored and possessed weapons and

DNM 432

narcotics; and the locations where enterprise members maintained the proceeds from narcotics trafficking.

e.     Members of the SNM Gang also used violence to impose discipline within the SNM Gang. It was further part of the means and methods of the enterprise that the defendants and other members and associates of the SNM Gang agree to distribute narcotics and commit other crimes, and to conceal their criminal activities by obstructing justice, threatening and intimidating witnesses, and other means.

14.     The SNM gang enterprise through its members and associates, engaged in racketeering activity as defined 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is acts and threats involving murder in violation of New Mexico law and offenses involving trafficking in narcotics in violation of 21 U.S.C. §§ 841 and 846.

<div align="center">

Count 1

Murder of F.C.

</div>

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANGEL DELEON, JOE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup,"**

<div align="center">

9

</div>

**LEONARD LUJAN,** and **BILLY GARCIA, a.k.a. "Wild Bill,"** did unlawfully, knowingly,

and intentionally murder F.C., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2.

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Count 1 of the Indictment.

With respect to Count 1, the Grand Jury makes the following special findings that the

defendant, **ANGEL DELEON**:

    a.  was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b.  intentionally killed F.C. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.C. (18 U.S.C. § 3591 (a)(2)(B));

    d.  committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the

defendant, **JOE GALLEGOS**:

    a.  was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b.  intentionally killed  F.C. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.C.  (18 U.S.C. § 3591 (a)(2)(B));

    d.  committed the offense after substantial planning and premeditation to cause the death of F.C.  (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the

defendant, **EDWARD TROUP**:

10

    a. was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    c. committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the

defendant, **LEONARD LUJAN**:

    a. was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    c. committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the

defendant, **BILLY GARCIA**:

    a. was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

DNM 435

    c.  has a previous conviction for a violent felony involving firearms (18 U.S.C. § 3592(c)(2));

    d.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    e.  committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

<center>Count 2</center>

<center>Murder of R.G.</center>

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON,** and **CHRISTOPHER CHAVEZ, a.k.a. "Critter,"** did unlawfully, knowingly, and intentionally murder R.G., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2.

<center>Notice of Special Findings</center>

The grand jury repeats and re-alleges the accusations of Count 2 of the Indictment.

With respect to Count 2, the Grand Jury makes the following special findings that the defendant, **LEONARD LUJAN**:

    a.  was 18 years of age or older at the time of the offense charged in Count 2 (18

<center>12</center>

U.S.C. § 3591(a));

b.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and R.G. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

c.  committed the offense after substantial planning and premeditation to cause the death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **BILLY GARCIA**:

a.  was 18 years of age or older at the time of the offense charged in Count 2 (18 U.S.C. § 3591(a));

b.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and R.G. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

c.  has a previous conviction for a violent felony involving firearms, that is: Aggravated Assault With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

d.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

e.  committed the offense after substantial planning and premeditation to cause the death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **EUGENE MARTINEZ**:

a.  was 18 years of age or older at the time of the offense charged in Count 2 (18 U.S.C. § 3591(a));

b.  intentionally killed R.G. (18 U.S.C. § 3591(a)(2)(A));

13

    c.  intentionally inflicted serious bodily injury that resulted in the death of R.G. (18 U.S. C. § 3591 (a)(2)(B));

    d.  committed the offense after substantial planning and premeditation to cause the death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **ALLEN PATTERSON**:

    a.  was 18 years of age or older at the time of the offense charged in Count 2 (18U.S.C. § 3591(a));

    b.  intentionally killed  R.G. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of R.G. (18 U.S. C. § 3591 (a)(2)(B));

    d.  has a previous conviction for a violent felony involving firearms, that is: Conspiracy to Commit Murder (18 U.S.C. § 3592(c)(2));

    e.  committed the offense after substantial planning and premeditation to cause the death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **CHRISTOPHER CHAVEZ**:

    a.  was 18 years of age or older at the time of the offense charged in Count 2 (18 U.S.C. § 3591(a));

    b.  intentionally killed  R.G. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of R.G. (18 U.S. C. § 3591 (a)(2)(B));

    d.  has a previous conviction for a violent felony involving firearms, that is: Aggravated Battery With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

    e.  committed the offense after substantial planning and premeditation to cause the death of R.G. (18 U.S.C. § 3592(c)(9)).

DNM 438

Count 3

Murder of F.S.

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about June 17, 2007, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JAVIER ALONSO, a.k.a. "Wineo," EDWARD TROUP, a.k.a. "Huero Troup," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK, a.k.a. "Cyclone,"** and **RUBEN HERNANDEZ**, did unlawfully, knowingly, and intentionally murder F.S., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2.

Notice of Special Findings

The grand jury repeats and re-alleges the accusations of Count 3 of the Indictment.

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **JAVIER ALONSO**:

    a.  was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

    b.  intentionally killed F.S. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.S. (18 U.S.C. § 3591 (a)(2)(B));

    d.  has a previous conviction of other serious offenses, that is: First Degree Murder

15

DNM 439

(18 U.S.C. § 3592(c)(3));

    e.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **EDWARD TROUP**:

    a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

    b.   intentionally killed F.S. (18 U.S.C. § 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of F.S. (18 U.S.C. § 3591 (a)(2)(B));

    d.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **ARTURO ARNULFO GARCIA**:

    a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

    b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.   has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    e.   has previous convictions of two felony drug offenses, that is: Distribution of a Controlled Substance and Trafficking a Controlled Substance (18 U.S.C. § 3592(c)(10));

16

    f.  committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **BENJAMIN CLARK**:

    a.  was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

    b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.  has a previous conviction for a violent felony involving firearms, that is: Armed Robbery (18 U.S.C. § 3592(c)(2));

    e.  committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **RUBEN HERNANDEZ**:

    a.  was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

    b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.  intentionally and specifically engaged in an act of violence, knowing that the actcreated a grave risk of death to a person, other than one of the participants in

DNM 441

the offense, such that participation in the act constituted a reckless disregard for human life and  F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d.   has a previous conviction for a violent felony involving firearms, that is: Aggravated Burglary With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

e.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

<u>Count 4</u>

<u>Conspiracy to Murder J.M.</u>

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a.  "Pup," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," and DANIEL SANCHEZ, a.k.a. "Dan Dan,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

<u>Count 5</u>

<u>Murder of J.M.</u>

18

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a. "Pup," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts,"** and **DANIEL SANCHEZ, a.k.a. "Dan Dan,"** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2.

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Counts 4 and 5 of the Indictment.

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **JERRY ARMENTA:**

    a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.  intentionally killed J.M. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of J.M. (18 U.S. C. § 3591 (a)(2)(B));

    d.  has previous convictions of two felony drug offenses, that is: Trafficking Cocaine and Trafficking Heroin (18 U.S.C. § 3592(c)(10));

DNM 443

     e.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **JERRY MONTOYA**:

     a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

     b.  intentionally killed  J.M. (18 U.S.C. § 3591(a)(2)(A));

     c.  intentionally inflicted serious bodily injury that resulted in the death of J.M. (18 U.S. C. § 3591 (a)(2)(B));

     d.  has a previous conviction for a violent felony involving firearms, that is: Aggravated Battery With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

     e.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **MARIO RODRIGUEZ**:

     a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

     b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

     c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

     d.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

DNM 444

With respect to Count 5, the Grand Jury makes the following special findings that the

defendant, **TIMOTHY MARTINEZ**:

    a.   was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.   has a previous conviction for a violent felony involving firearms (18 U.S.C. § 3592(c)(2));

    e.   committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the

defendant, **ANTHONY RAY BACA**:

    a.   was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

DNM 445

offense, such that participation in the act constituted a reckless disregard for human life and J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d.  has a previous conviction for a violent felony involving firearms, that is: Armed Robbery (18 U.S.C. § 3592(c)(2));

e.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

f.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **MAURICIO VARELA**:

a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d.  has a previous conviction for a violent felony involving firearms, that is: Aggravated Assault With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

e.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

f.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

DNM 446

    g.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **DANIEL SANCHEZ**:

    a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M.  died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

    e.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    f.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

<div align="center">Count 6</div>

<div align="center">Conspiracy to Commit Assault Resulting in Serious Bodily Injury to J.R.</div>

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the

<div align="center">23</div>

Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and

maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an

enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a.**

**"Pup," GERALD ARCHULETA, a.k.a.  "Styx," a.k.a. "Grandma,"** and **CONRAD**

**VILLEGAS, a.k.a. "Chitmon,"** did unlawfully, knowingly, and intentionally conspire to

commit assault resulting in serious bodily injury to J.R., in violation of  NMSA 1978, Sections

30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

## Count 7

### Conspiracy to Murder D.S.

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by

reference as though fully set forth herein.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date

of this Indictment, in Santa Fe County, in the District of New Mexico, as consideration for the

receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to

and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an

enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a.**

**"Pup," ROY MARTINEZ, a.k.a. "Shadow,"** and **ROBERT MARTINEZ, a.k.a. "Baby**

**Rob,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and

intentionally conspire to murder  D.S., in violation of  NMSA 1978, Sections 30-2-1 and 30-28-

2.

All in violation of 18 U.S.C. § 1959(a)(5).

DNM 448

Count 8

Conspiracy to Murder G.M.

Paragraphs one through fourteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Indictment, in Santa Fe County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup," ROY MARTINEZ, a.k.a. "Shadow," ROBERT MARTINEZ, a.k.a. "Baby Rob,"** and **CHRISTOPHER GARCIA**, and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder G.M., in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY



_____
Assistant United States Attorney

11/30/15  3:56PM

25

DNM 449

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                    Plaintiff,

 v.                                        Criminal No. 15-4268 KG

ANGEL DeLEON, *et al*.

                    Defendants,

## SCHEDULING ORDER

The Court, having granted the motion by the United States and the defendants to declare this case complex (Doc. 211), and considering the parties' proposed scheduling order, hereby imposes the following deadlines in this case:

| | | |
|---|---|---|
| 1. | March 25, 2016 | Discovery by the government, including *Brady* material (except for the government's continuing duty to disclose) **[Production shall commence immediately from date of this Order and be completed no later than March 25, 2016.]**; |
| 2. | April 15, 2016 | Reciprocal discovery by the defendants (except for the defendants' continuing duty to disclose); |
| 3. | April 29, 2016 | Expert witness notices and reports; Fed. R. Crim. P. 16 discovery motions; Fed. R. Crim. P. 7(f) motions; |
| 4. | May 13, 2016 | Transcripts from government. **[Production shall commence immediately from date of this Order and continue on a biweekly basis as transcripts become available, but production to be completed no later than May 13, 2016];** |
| 5. | May 20, 2016 | Responses to Fed. R. Crim. P. 16 discovery motions and Rule 7(f) motions; |
| 6. | May 27, 2016 | Replies to responses to Fed. R. Crim. P. 16 discovery |

motions and Rule 7(f) motions;

7.  June 10, 2016       Fed. R. Crim. P. pretrial motions; *Daubert* motions;

8.  July 1, 2016       Responses to pretrial and *Daubert* motions;

9.  July 8, 2016       Replies to responses to pretrial and *Daubert* motions;

10. July 29, 2016       Plea agreements; notices of defenses pursuant to Fed. R. Crim. P. 12.1 and 12.3;

11. August 19, 2016       Responses to notices of defenses; motions *in limine;* Fed. R. Evid. 404(b) notices; jury instructions; proposed *voir dire;* and

12. October 4, 2016       Jury Selection at 9:00 AM, 4th Floor Mimbres Courtroom, United States District Courthouse, Las Cruces, NM.  Trial will be set at a later date.

The Court further orders that the United States shall make available to the defendants by the time required by the applicable law all material for which disclosure is mandated by *Giglio v. United States,* 405 U.S. 150 (1972) and the Jencks Act, 18 U.S.C. § 3500.

The Court further orders, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that the time between the entry of this Order and the trial date is excluded for the purposes of the Speedy Trial Act computation.

This Scheduling Order is subject to change depending on the United States Attorney General's decision on the death penalty eligible defendants.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

       vs.                                    NO.   CR 15-4268 KG

ANGEL DELEON, et al.,

       Defendants.

## PROTECTIVE ORDER

The Court having been advised that all counsel agree to the provision set forth herein, and the Court having considered the pleadings and oral arguments of the parties, hereby grants the United States' Sealed Motion for Protective Order (Doc. 260) and enters the following protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure.

For purposes of this protective order, the term "Confidential Material" is defined as follows:  (1) any defendant's post-arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statements in (1) or (2), above.

**Discovery materials shall be disclosed to defense counsel immediately and no later than the previously set deadline of March 25, 2016.**  The government shall have a continuing duty to disclose following that date.  Any disclosure of discovery material in the above-referenced cases shall be subject to the following restrictions:

1.      All discovery material may be reproduced and provided to the following persons: defense counsel, attorneys for the United States of America, any paralegal, secretarial, or clerical

1

personnel regularly employed by counsel for the United States or defendants in preparation of

these proceedings, including, but not limited to, associate attorneys, law enforcement and

defense investigators, expert witnesses, mitigation specialists, and Court personnel and

stenographic reporters necessarily involved in these proceedings.

2.      All discovery material may be disclosed to and viewed by a defendant in the

presence of and under the direct supervision of his counsel of record or staff, or another

individual described in paragraph 1 of this Order.  Absent further order of the Court, the

defendants are not to be provided paper copies of any discovery materials.

3.      As soon as practicable, but in no event later than April 4, 2016, the government is

to provide each defendant with a password protected tablet or laptop computer, or its substantial

equivalent ("Computer") suitable for the purposes described herein.  The government discovery

materials not designated as Confidential Material shall be loaded onto the Computers by the

designated Discovery Coordinator, who shall also update these Computers at regular intervals to

include all government discovery materials not designated as Confidential Material.  These

Computers shall be accessible to the defendants in their cells and during legal visits.  The

defendants may display the contents of their Computers only to those individuals described in

paragraph 1 of this order.  The password for each Computer shall be set by the defendant and his

counsel and shall not be disclosed to counsel for the government, United States Marshals, or

corrections officers.  Once provided to a defendant, the Computer and the materials and any

markings thereon will be protected by the attorney/client privilege.  Corrections officials may

periodically ask the defendants to unlock the Computers and scan the devices for contraband and

damage.  Corrections officials shall not read or otherwise examine the content of the Computers.

At the conclusion of the case, the Discovery Coordinator shall provide defense counsel with an

electronic copy of the entire contents of their client's Computer.  Thereafter, all materials on the

Computer shall be deleted by the Discovery Coordinator, who shall then return the Computers to

the New Mexico Department of Corrections.

4.      Nothing contained herein shall preclude the government, defendants or their

counsel, or their respective assistants from conducting an investigation of the facts of this case on

behalf of the government or defendants, including interviewing witnesses, showing witness

statements contained in the Confidential Material to witnesses and asking witnesses about the

content of such statements.

5.      Should either party seek to add or subtract discovery material from the category

of Confidential Material, as defined herein, the party seeking the addition or subtraction shall

notify and confer with all other parties of the exact discovery materials it seeks to add or subtract

from the category of Confidential Material and the reason(s) it believes such materials should be

added or subtracted.  The parties shall make all reasonable efforts to limit the volume of

discovery materials designated as Confidential Material.  In the event the government and

defense counsel arrive at an impasse as to the designation of particular discovery materials, the

party seeking to add to or subtract from the category of Confidential Material may file an

application with the Court seeking its proposed modification.  Any such application shall set

forth the party's showing of good cause for the requested modification and be served on the

Court and all parties.  The opposing party will be given 14 days to respond to the application,

unless there is an emergency or exigent situation, which shall be stated in the application.  If

necessary, the Court will request additional briefing and/or schedule a hearing regarding any

modification to the Confidential Material category prior to issuing a ruling.

6.      A copy of this order must be provided to any individual working for or with the

3

defense before providing that individual with access to any discovery material.  Counsel for the defendants shall maintain a record of all persons to whom access to the discovery material has been provided.

7.      Should counsel withdraw or cease to participate in these cases, any discovery material and any copies derived therefrom shall be provided to new counsel once the substitution is ordered by the Court.

8.      All discovery material disclosed by the government in this matter shall be used solely in connection with these proceedings, or any related appellate proceedings and collateral review, and not for any other purpose, including any other litigation or proceeding.

9.      The provisions of this order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

_____
KENNETH J. GONZALES
UNITED STATES DISTRICT JUDGE

4

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 APR 21   PM 4: 21

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,                )
                                          )
                    Plaintiff,            )       CRIMINAL NO. 15-4268 JB
                                          )
            vs.                           )       Counts 1, 2, 3, 5 and 7: 18 U.S.C. §
                                          )       1959(a)(1): Violent Crimes in Aid of
ANGEL DELEON,                             )       Racketeering (Murder); 18 U.S.C. § 2:
JOE LAWRENCE GALLEGOS,                    )       Aiding and Abetting;
EDWARD TROUP, a.k.a. "Huero Troup,"       )
LEONARD LUJAN,                            )       Counts 4, 6, 9, 10 and 14: 18 U.S.C. §
BILLY GARCIA, a.k.a. "Wild Bill,"         )       1959(a)(5): Violent Crimes in Aid of
EUGENE MARTINEZ, a.k.a. "Little           )       Racketeering (Conspiracy to Murder);
Guero,"                                   )
ALLEN PATTERSON,                          )       Count 8: 18 U.S.C. § 1959(a)(6): Violent
CHRISTOPHER CHAVEZ, a.k.a.                )       Crimes in Aid of Racketeering
"Critter,"                                )       (Conspiracy to Commit Assault Resulting
JAVIER ALONSO, a.k.a. "Wineo,"            )       in Serious Bodily Injury);
ARTURO ARNULFO GARCIA, a.k.a.             )
"Shotgun,"                                )       Count 11: 18 U.S.C. §§ 922(g)(1) and
BENJAMIN CLARK, a.k.a. "Cyclone,"         )       924(a)(2): Felon in Possession of a
RUBEN HERNANDEZ,                          )       Firearm;
JERRY ARMENTA, a.k.a. "Creeper,"          )
JERRY MONTOYA, a.k.a. "Boxer,"            )       Count 12: 18 U.S.C. § 924(c): Using and
MARIO RODRIGUEZ, a.k.a. "Blue,"           )       Carrying a Firearm During and in
TIMOTHY MARTINEZ, a.k.a. "Red,"           )       Relation to a Crime of Violence;
MAURICIO VARELA, a.k.a. "Archie,"         )
a.k.a. "Hog Nuts,"                        )       Count 13: 18 U.S.C. § 1959(a)(3): Violent
DANIEL SANCHEZ, a.k.a. "Dan Dan,"         )       Crimes in Aid of Racketeering (Assault
GERALD ARCHULETA, a.k.a. "Styx,"          )       with Dangerous Weapon); 18 U.S.C. § 2:
a.k.a. "Grandma,"                         )       Aiding and Abetting;
CONRAD VILLEGAS, a.k.a. "Chitmon,"        )
ANTHONY RAY BACA, a.k.a. "Pup,"           )       Count 15: 18 U.S.C. §§ 1959(a)(3) and
ROBERT MARTINEZ, a.k.a. "Baby Rob,"       )       1959(a)(5):Violent Crimes in Aid of
ROY PAUL MARTINEZ, a.k.a. "Shadow,"       )       Racketeering (Attempted Murder, Assault
CHRISTOPHER GARCIA,                       )       Resulting in Serious Bodily Injury and
CARLOS HERRERA, a.k.a. "Lazy,"            )       Assault with Dangerous Weapon); 18
RUDY PEREZ, a.k.a. "Ru Dog,"              )       U.S.C. § 2: Aiding and Abetting.
ANDREW GALLEGOS, a.k.a. "Smiley,"         )
SANTOS GONZALEZ,                          )
PAUL RIVERA, and                          )
SHAUNA GUTIERREZ,                         )
                                          )
                    Defendants.           )

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

## THE RACKETEERING ENTERPRISE, SYNDICATO DE NUEVO MEXICO GANG

1.      At  various times relevant to this Superseding Indictment, the defendants,
**ANGEL DELEON,   JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero
Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ,
a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun,"
BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN HERNANDEZ, JERRY ARMENTA,
a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a.
"Blue," TIMOTHY MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a.  "Pup,"
ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow,"
MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.  "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," CHRISTOPHER GARCIA, CARLOS HERRERA, a.k.a.
"Lazy," RUDY PEREZ, a.k.a. "Ru Dog," ANDREW GALLEGOS, a.k.a. "Smiley,"
SANTOS GONZALEZ, PAUL RIVERA,** and **SHAUNA GUTIERREZ,** and others were
members/prospects/associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal
organization whose members/prospects/associates engaged in acts of violence and other criminal
activities, including, murder, kidnapping, attempted murder, conspiracy to
manufacture/distribute narcotics, and firearms trafficking.  At all relevant times, SNM operated
in the District of New Mexico and elsewhere.

2

2.     SNM, including its leadership, membership, prospects, and associates, constituted

an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of

individuals associated in fact that engaged in, and the activities of which affected, interstate and

foreign commerce.  The enterprise constituted an ongoing organization whose

members/prospects/associates functioned as a continuing unit for a common purpose of

achieving the objectives of the enterprise.

## GENERAL BACKGROUND

3.     The Syndicato de Nuevo Mexico ("SNM"), Spanish for Syndicate of New

Mexico, is a powerful and violent prison gang, which controlled drug distribution and other

illegal activities within the New Mexico penal system, and was also involved in street level

narcotics trafficking. It was formed in the early 1980s at the Penitentiary of New Mexico after a

prison riot at the penitentiary in February, 1980. During the prison riot, twelve correctional

officers were taken hostage and several of them were seriously assaulted and raped by inmates.

Thirty-three inmates were killed during the riot and more than two hundred were injured.

4.     Following the prison riot, the SNM Gang expanded throughout the New Mexico

penal system and has boasted of as many as 500 members since the early 1980s. The SNM Gang

was comprised of approximately 250 members, who are known as "hermanos," "brothers,"

"carnales," "dons," "jefes," "big hommies," or "Zia manos" and who controlled the gang.  The

SNM operated under a "panel" or "mesa" (Spanish for table) of leaders who issued orders to

subordinate gang members.

5.     Despite being imprisoned and being closely scrutinized by prison officials, SNM

Gang leaders managed to convey orders to SNM Gang members and associates throughout the

prison system and outside the prison system through a variety of means, including secret notes,

called "kites," or "welas," coded letters, and messages conveyed by complicit visitors.  When

DNM 458

SNM Gang members or associates completed their sentences and rejoined their communities, they were expected to remain loyal to the SNM Gang and work to further the goals of the SNM Gang outside the prison environment. Members who failed to show continued loyalty to the gang were disciplined in various ways, to include murder and assaults. One of the significant goals of the SNM Gang was to control and profit from narcotics trafficking.

6.     In addition to exerting its control in the New Mexico penal system, the SNM Gang also operated on the streets of New Mexico by intimidating and influencing smaller New Mexico Hispanic gangs for the purpose of establishing a larger network for the SNM's illegal activities. If a gang did not accede to the SNM Gang's demands, the SNM Gang assaulted or killed the gang's members who were not in custody as well as those members who were incarcerated within the New Mexico penal system. In addition to intimidation through direct assaults, the SNM Gang was also able to assert control and influence over gang members outside the penal system because gangs did not want their members outside the penal system to be assaulted or killed, and because the gang members knew that, if they are incarcerated, they would need the protection of the SNM Gang while they served their sentences.

7.     The SNM Gang had been and continues to be engaged in a fierce and violent war with rival gangs, to include the Barrio Azteca, Los Carnales, Sureños, and Burqueños gangs. Within the prison system, this rivalry manifested itself in beatings and stabbings, which often resulted in death. Outside the prison system, the SNM Gang fought for control of territory in which to conduct narcotics trafficking and other crimes, as well as to recruit and influence non-gang members. In addition to fighting for control over numerous illegal activities and using violence and terror for the purpose of enriching themselves, the SNM Gang also engaged in violence simply to assert its gang identity, to claim or protect its territory, to challenge or respond to challenges, to retaliate against a rival gang or member, to gain notoriety and show its

4

superiority over others, and to send a message to others that it was strong, powerful and not to be provoked.

8.     The SNM Gang sought to maintain its reputation for being strong and powerful and maintained its membership to continue functioning as an organization in prison and on the streets. If the SNM Gang was perceived as being weak, then rival gangs would challenge and assault its members and take over its territory. This could have caused the gang to lose membership and eventually dissolve. The SNM Gang maintained a large membership and a reputation for being strong, powerful and dominant so that rival gangs would think twice before they challenged it and victims/witnesses would think twice about assisting authorities with any prosecution attempt against it.  This allowed the gang to grow in strength, thrive in its criminal activity, and dominate its territory.  A member of the SNM Gang was expected to seek out and beat, stab, or shoot rival gang members.  Similarly, a member of the SNM Gang was expected to confront and attack any suspected law enforcement informants, cooperating witnesses, homosexuals, or sex offenders.

9.     SNM Gang members identifed themselves with the Zia symbol and the letters "SNM" or "S," which represented the "Syndicato de Nuevo Mexico" or "Syndicato" which is Spanish for Syndicate. SNM Gang members also utilized the number "19" which represents the 19th letter of the alphabet, "S," and "505," which corresponds with the area code for the greater Albuquerque area.  The SNM Gang claimed the entire state of New Mexico as its territory, which was broken into four geographical regions: North, South, East, and West. As with the numbers "19," and "505," the letters "S" or "SNM," the Zia symbol, and the Spanish word "Syndicato" were commonly, but not exclusively, displayed by SNM Gang members in tattoos, graffiti, drawings, and on clothing, as a way of displaying affiliation, loyalty, and commitment to the gang.

DNM 460

## ROLES OF THE DEFENDANTS

10.     The defendants participated in the operation and management of the enterprise. Defendants **ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," BENJAMIN CLARK, a.k.a. "Cyclone," MARIO RODRIGUEZ, a.k.a. "Blue," ANTHONY RAY BACA, a.k.a. "Pup," ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," and DANIEL SANCHEZ, a.k.a. "Dan Dan,"** were the leaders of the enterprise who directed or delegated the power to direct other members of the enterprise to carry out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

11.     Under the direction and leadership of the enterprise, defendants **ANGEL DELEON, JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO, a.k.a. "Wineo," RUBEN HERNANDEZ, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," CONRAD VILLEGAS, a.k.a. "Chitmon," CHRISTOPHER GARCIA, CARLOS HERRERA, a.k.a. "Lazy," RUDY PEREZ, a.k.a. "Ru Dog," and ANDREW GALLEGOS, a.k.a. "Smiley," SANTOS GONZALEZ, PAUL RIVERA,** and **SHAUNA GUTIERREZ,** were members or associates who participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## PURPOSES OF THE SYNDICATO DE NUEVO MEXICO GANG

12.     The purposes of the SNM Gang enterprise included the following:

DNM 461

a.      Preserving and protecting the power, territory, reputation, and profits of

the enterprise through the use of intimidation, violence, threats of

violence, assaults, and murder;

b.      Promoting and enhancing the enterprise and the activities of its members

and associates through criminal acts, including, but not limited to, murder,

attempted murder, narcotics trafficking, theft of vehicles, robberies, and

other criminal activities;

c.      Keeping victims, potential victims, witnesses, and community members in

fear of the enterprise and its members and associates through violence and

threats of violence;

d.      Protecting the enterprise's members and associates who committed crimes

by hindering, obstructing, and preventing law enforcement officers from

identifying the offenders, apprehending the offenders, and successfully

prosecuting and punishing the offenders;

e.      Providing information to members and associates of the enterprise,

including those who were incarcerated, for the purpose of committing acts

of violence, robbery, distribution of controlled substances, and other

offenses;

f.      Providing financial support and information to SNM Gang members and

associates, including those members and associates who were

incarcerated.

## MEANS AND METHODS OF THE ENTERPRISE

13.     Among the means and methods by which the defendants and their associates

conducted and participated in the conduct of the affairs of the SNM Gang were the following:

7

a.   Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murders and assaults, to protect and expand the enterprise's criminal operations.

b.   To generate income, members and associates of the enterprise trafficked in controlled substances and extorted narcotic traffickers.

c.   To perpetuate the enterprise, members and associates of the enterprise discussed the membership, rules, and enforcement of the rules of the SNM Gang; the status of SNM Gang members and associates who were arrested or incarcerated; the discipline of SNM Gang members; SNM Gang members' encounters with law enforcement; the identities of individuals suspected of cooperating with law enforcement and the proposed actions to be taken against them; and plans and agreements regarding the commission of future crimes, including murder, drug distribution, possession of firearms, and assault, as well as ways to conceal these crimes.

d.   It was further part of the means and methods of the enterprise that members and associates of the enterprise concealed from law enforcement the way in which the enterprise conducted its affairs; the locations where enterprise members discussed and conducted the affairs of the enterprise; the locations where enterprise members stored and possessed weapons and narcotics; and the locations where enterprise members maintained the proceeds from narcotics trafficking.

e.   Members of the SNM Gang also used violence to impose discipline within the SNM Gang. It was further part of the means and methods of the

8

enterprise that the defendants and other members and associates of the

SNM Gang agreed to distribute narcotics and commit other crimes, and to

conceal their criminal activities by obstructing justice, threatening and

intimidating witnesses, and other means.

14.    The SNM gang enterprise, through its members and associates, engaged in

racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is acts and threats

involving murder and robbery in violation of New Mexico law, acts indictable under 18 U.S.C.

§§ 1503, 1512 and 1513 involving obstruction of justice, tampering with or retaliating against a

witness, victim, or an informant,  and offenses involving trafficking in narcotics in violation of

21 U.S.C. §§ 841 and 846.

<div align="center">Count 1</div>

<div align="center">Murder of F.C.</div>

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as

consideration for the receipt of, and as consideration for a promise and agreement to pay,

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the

purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,

**ANGEL DELEON, JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero**

**Troup," LEONARD LUJAN,** and **BILLY GARCIA, a.k.a. "Wild Bill,"** did unlawfully,

knowingly, and intentionally murder F.C., in violation of  NMSA 1978, Sections 30-2-1 and 30-

1-13.

All in violation of 18 U.S.C. §§1959(a)(1) and 2.

<div align="center">9</div>

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Count 1 of the Superseding Indictment.

With respect to Count 1, the Grand Jury makes the following special findings that the defendant, **ANGEL DELEON**:

    a.  was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b.  intentionally killed F.C. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.C. (18 U.S.C. § 3591 (a)(2)(B));

    d.  committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the defendant, **JOE LAWRENCE GALLEGOS**:

    a.  was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

    b.  intentionally killed  F.C. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.C.  (18 U.S.C. § 3591 (a)(2)(B));

    d.  committed the offense after substantial planning and premeditation to cause the death of F.C.  (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the defendant, **EDWARD TROUP**:

    a.  was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

10

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

c. committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the defendant, **LEONARD LUJAN**:

a. was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

c. committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

With respect to Count 1, the Grand Jury makes the following special findings that the defendant, **BILLY GARCIA**:

a. was 18 years of age or older at the time of the offense charged in Count 1 (18 U.S.C. § 3591(a));

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.C. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

c. has a previous conviction for a violent felony involving firearms (18 U.S.C. § 3592(c)(2));

d. has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

DNM 466

e.  committed the offense after substantial planning and premeditation to cause the death of F.C. (18 U.S.C. § 3592(c)(9)).

<u>Count 2</u>

<u>Murder of R.G.</u>

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON,** and **CHRISTOPHER CHAVEZ, a.k.a. "Critter,"** did unlawfully, knowingly, and intentionally murder R.G., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Count 2 of the Superseding Indictment.

With respect to Count 2, the Grand Jury makes the following special findings that the defendant, **LEONARD LUJAN:**

a.  was 18 years of age or older at the time of the offense charged in Count 2 (18 U.S.C. § 3591(a));

b.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

12

DNM 467

offense, such that participation in the act constituted a reckless disregard for
human life and  R.G. died as a direct result of the act (18 U.S.C. § 3591
(a)(2)(D));

    c.   committed the offense after substantial planning and premeditation to cause the
death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **BILLY GARCIA**:

    a.   was 18 years of age or older at the time of the offense charged in Count 2 (18
U.S.C. § 3591(a));

    b.   intentionally and specifically engaged in an act of violence, knowing that the act
created a grave risk of death to a person, other than one of the participants in the
offense, such that participation in the act constituted a reckless disregard for
human life and  R.G. died as a direct result of the act (18 U.S.C. § 3591
(a)(2)(D));

    c.   has a previous conviction for a violent felony involving firearms, that is:
Aggravated Assault With a Deadly Weapon  (18 U.S.C. § 3592(c)(2));

    d.   has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    e.   committed the offense after substantial planning and premeditation to cause the
death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **EUGENE MARTINEZ**:

    a.   was 18 years of age or older at the time of the offense charged in Count 2 (18
U.S.C. § 3591(a));

    b.   intentionally killed  R.G. (18 U.S.C. § 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of R.G. (18
U.S. C. § 3591 (a)(2)(B));

    d.   committed the offense after substantial planning and premeditation to cause the
death of R.G. (18 U.S.C. § 3592(c)(9)).

DNM 468

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **ALLEN PATTERSON**:

    a.  was 18 years of age or older at the time of the offense charged in Count 2
        (18U.S.C. § 3591(a));

    b.  intentionally killed  R.G. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of R.G. (18
        U.S.C. § 3591 (a)(2)(B));

    d.  has a previous conviction for a violent felony involving firearms, that is:
        Conspiracy to Commit Murder (18 U.S.C. § 3592(c)(2));

    e.  committed the offense after substantial planning and premeditation to cause the
        death of R.G. (18 U.S.C. § 3592(c)(9)).

With respect to Count 2, the Grand Jury makes the following special findings that the

defendant, **CHRISTOPHER CHAVEZ**:

    a.  was 18 years of age or older at the time of the offense charged in Count 2 (18
        U.S.C. § 3591(a));

    b.  intentionally killed  R.G. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of R.G. (18
        U.S.C. § 3591 (a)(2)(B));

    d.  has a previous conviction for a violent felony involving firearms, that is:
        Aggravated Battery With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

    e.  committed the offense after substantial planning and premeditation to cause the
        death of R.G. (18 U.S.C. § 3592(c)(9)).

DNM 469

Count 3

Murder of F.S.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and
incorporated by reference as though fully set forth herein.

On or about June 17, 2007, in Doña Ana County, in the District of New Mexico, as
consideration for the receipt of, and as consideration for a promise and agreement to pay,
anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the
purpose of gaining entrance to and maintaining and increasing position in the Syndicato de
Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,
**JAVIER ALONSO, a.k.a. "Wineo," EDWARD TROUP, a.k.a. "Huero Troup," ARTURO**
**ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK, a.k.a. "Cyclone," and**
**RUBEN HERNANDEZ,** did unlawfully, knowingly, and intentionally murder F.S., in violation
of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Notice of Special Findings

The grand jury repeats and re-alleges the accusations of Count 3 of the Superseding
Indictment.

With respect to Count 3, the Grand Jury makes the following special findings that the
defendant, **JAVIER ALONSO:**

    a.  was 18 years of age or older at the time of the offense charged in Count 3 (18
        U.S.C. § 3591(a));

    b.  intentionally killed F.S. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of F.S. (18
        U.S. C. § 3591 (a)(2)(B));

DNM 470

   d.   has a previous conviction of other serious offenses, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

   e.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the

defendant, **EDWARD TROUP**:

   a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

   b.   intentionally killed F.S. (18 U.S.C. § 3591(a)(2)(A));

   c.   intentionally inflicted serious bodily injury that resulted in the death of F.S. (18 U.S. C. § 3591 (a)(2)(B));

   d.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the

defendant, **ARTURO ARNULFO GARCIA**:

   a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

   b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

   d.   has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

DNM 471

e.   has previous convictions of two felony drug offenses, that is: Distribution of a Controlled Substance and Trafficking a Controlled Substance (18 U.S.C. § 3592(c)(10));

f.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **BENJAMIN CLARK**:

a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d.   has a previous conviction for a violent felony involving firearms, that is: Armed Robbery (18 U.S.C. § 3592(c)(2));

e.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

With respect to Count 3, the Grand Jury makes the following special findings that the defendant, **RUBEN HERNANDEZ**:

a.   was 18 years of age or older at the time of the offense charged in Count 3 (18 U.S.C. § 3591(a));

b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and F.S. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

17

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  F.S. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.   has a previous conviction for a violent felony involving firearms, that is: Aggravated Burglary With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

    e.   committed the offense after substantial planning and premeditation to cause the death of F.S. (18 U.S.C. § 3592(c)(9)).

<div align="center">Count 4</div>

<div align="center">Conspiracy to Murder A.B.</div>

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about November 12, 2012, in Socorro and Valencia Counties, in the District of New Mexico, and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder A.B., in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

<u>Count 5</u>

<u>Murder of A.B.</u>

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about November 12, 2012, in Socorro and Valencia Counties, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** did unlawfully, knowingly and intentionally murder A.B., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Counts 4 and 5 of this Superseding Indictment.

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **JOE LAWRENCE GALLEGOS**:

    a.  was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.  intentionally killed A.B. (18 U.S.C. § 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of A.B. (18 U.S.C. § 3591(a)(2)(B));

19

    d.   committed the offense after substantial planning and premeditation to cause the death of A.B.  (18 U.S.C. § 3592(c)(9)).

With respect to Count 5, the Grand Jury makes the following special findings that the defendant, **ANDREW GALLEGOS, a.k.a. "Smiley,"**:

    a.   was 18 years of age or older at the time of the offense charged in Count 5 (18 U.S.C. § 3591(a));

    b.   intentionally killed  A.B. (18 U.S.C. § 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of A.B. (18 U.S.C. § 3591(a)(2)(B));

    d.   committed the offense after substantial planning and premeditation to cause the death of A.B. (18 U.S.C. § 3592(c)(9)).

## Count 6

## Conspiracy to Murder J.M.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a.  "Pup," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy," and RUDY PEREZ,**

20

a.k.a. "Ru Dog," and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

<u>Count 7</u>

<u>Murder of J.M.</u>

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," ANTHONY RAY BACA, a.k.a. "Pup," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

<u>Notice of Special Findings</u>

The grand jury repeats and re-alleges the accusations of Counts 6 and 7 of this Superseding Indictment.

21

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **JERRY ARMENTA**:

    a.   was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

    b.   intentionally killed J.M. (18 U.S.C. § 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of J.M. (18 U.S.C. § 3591(a)(2)(B));

    d.   has previous convictions of two felony drug offenses, specifically: Trafficking Cocaine and Trafficking Heroin (18 U.S.C. § 3592(c)(10));

    e.   committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **JERRY MONTOYA**:

    a.   was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

    b.   intentionally killed J.M. (18 U.S.C. § 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of J.M. (18 U.S.C. § 3591(a)(2)(B));

    d.   has a previous conviction for a violent felony involving firearms, specifically: Aggravated Battery With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

    e.   committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **MARIO RODRIGUEZ**:

    a.   was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

DNM 477

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d. committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **TIMOTHY MARTINEZ**:

a. was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d. has a previous conviction for a violent felony involving firearms (18 U.S.C. § 3592(c)(2));

e. committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **ANTHONY RAY BACA**:

23

a.  was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d.  has a previous conviction for a violent felony involving firearms, that is: Armed Robbery (18 U.S.C. § 3592(c)(2));

e.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

f.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **MAURICIO VARELA**:

a.  was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

DNM 479

    d.  has a previous conviction for a violent felony involving firearms, that is: Aggravated Assault With a Deadly Weapon (18 U.S.C. § 3592(c)(2));

    e.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

    f.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    g.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the defendant, **DANIEL SANCHEZ**:

    a.  was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

    b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M.  died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

    d.  has a previous conviction of offense for which the sentence of death or life imprisonment was authorized, that is: First Degree Murder (18 U.S.C. § 3592(c)(3));

    e.  has previous convictions of other serious offenses (18 U.S.C. § 3592(c)(4));

    f.  committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the defendant, **CARLOS HERRERA**:

25

a. was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d. committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

With respect to Count 7, the Grand Jury makes the following special findings that the

defendant, **RUDY PEREZ**:

a. was 18 years of age or older at the time of the offense charged in Count 7 (18 U.S.C. § 3591(a));

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and  J.M. died as a direct result of the act (18 U.S.C. § 3591 (a)(2)(D));

d. committed the offense after substantial planning and premeditation to cause the death of J.M. (18 U.S.C. § 3592(c)(9)).

DNM 481

Count 8

Conspiracy to Commit Assault Resulting in Serious Bodily Injury to J.R.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma,"** and **CONRAD VILLEGAS, a.k.a. "Chitmon,"** did unlawfully, knowingly, and intentionally conspire to commit assault resulting in serious bodily injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

Count 9

Conspiracy to Murder D.S.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

27

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,

**ANTHONY RAY BACA, a.k.a. "Pup," ROY MARTINEZ, a.k.a. "Shadow," and ROBERT**

**MARTINEZ, a.k.a. "Baby Rob,"** and others known and unknown to the grand jury, did

unlawfully, knowingly, and intentionally conspire to murder D.S., in violation of NMSA 1978,

Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 10

Conspiracy to Murder G.M.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date

of this Superseding Indictment, in Santa Fe County, in the District of New Mexico, and

elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement

to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for

the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,

**ANTHONY RAY BACA, a.k.a. "Pup," ROY MARTINEZ, a.k.a. "Shadow," ROBERT**

**MARTINEZ, a.k.a. "Baby Rob,"** and **CHRISTOPHER GARCIA**, and others known and

unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder

G.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 11

Felon in Possession of a Firearm

On or about November 29, 2015, in Bernalillo County, in the District of New Mexico, the

28

defendant, **CHRISTOPHER GARCIA**, having been convicted of the following felony crimes

punishable by imprisonment for a term exceeding one year:

(1)  aggravated battery (great bodily harm) (firearm enhancement),

(2)  felon in possession of a firearm, and

(3)  trafficking a controlled substance,

knowingly possessed, in and affecting commerce, a firearm:

(1)  a Phoenix Arms, Model HP22, .22 caliber semiautomatic pistol, serial number

4208834.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## Count 12

### Using and Carrying a Firearm During and in Relation to a Crime of Violence

On or about November 29, 2015, in Bernalillo County, in the District of New Mexico, the

defendant, **CHRISTOPHER GARCIA**, knowingly used and carried a firearm, a Phoenix Arms,

Model HP22, .22 caliber semiautomatic pistol, serial number 4208834, during and in relation to

a crime of violence for which the defendant may be prosecuted in a court of the United States,

specifically, conspiracy to murder, as charged in Count 11 of this superseding indictment.

In violation of 18 U.S.C. § 924(c).

## Count 13

### Assault With a Dangerous Weapon Upon J.G.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

On or about March 17, 2015, in Valencia County, in the District of New Mexico, as

consideration for the receipt of, and as consideration for a promise and an agreement to pay,

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the

purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendant,

**JOE LAWRENCE GALLEGOS**, did unlawfully, knowingly, and intentionally commit assault

with a dangerous weapon against J.G., in violation of NMSA 1978, §§ 30-3-2 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

### Count 14

#### Conspiracy to Murder J.G.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

On or about February 1, 2016, to on or about February 27, 2016, in Otero and Valencia

Counties, in the District of New Mexico, as consideration for the receipt of, and as consideration

for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de

Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and

increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in

racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS, SANTOS**

**GONZALEZ, PAUL RIVERA**, and **SHAUNA GUTIERREZ**, and others known and

unknown to the grand jury, did unlawfully, knowingly and intentionally conspire to murder J.G.,

in violation of NMSA 1978, §§ 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

### Count 15

#### Attempted Murder of J.G., Assault With a Dangerous Weapon Upon J.G., Resulting in Serious Bodily Injury to J.G.

Paragraphs one through fourteen of this Superseding Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

30

On or about February 27, 2016, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS, SANTOS GONZALEZ, PAUL RIVERA,** and **SHAUNA GUTIERREZ,** did unlawfully, knowingly, and intentionally attempt to murder J.G., and committed assault with a dangerous weapon and assault resulting in serious bodily injury to J.G., in violation of NMSA 1978, §§ 30-2-1, 30-28-1, 30-3-2 , 30-3-5, and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 1959(a)(5) and 2.

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

RLW
04/20/16 3:59PM

31

| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW MEXICO<br>ALBUQUERQUE | | | | |
|---|---|---|---|---|
| Before the Honorable Karen B. Molzen | | | | |
| United States Magistrate Judge | | | | |
| Clerk's Minutes – Initial | | | | |
| Date: | 4/29/2016 | Case Number: | CR 15-4268 JB | |
| Case Title: USA v. | See below | Liberty: | Gila @ | 1:35 p.m. |
| Courtroom Clerk: | E. Romero | Total Time: | 23 minutes | |
| Probation/Pretrial: | A Candelaria | Interpreter: | n/a | |

| ATTORNEYS PRESENT: | | | |
|---|---|---|---|
| Plaintiff: | Maria Armijo and Randy Castellano | Defendant: | Pro-Se |

PROCEEDINGS:

| ☒ | Defendants Sworn | | | |
|---|---|---|---|---|
| ☒ | Defendants received copy of charging document | | | |
| ☒ | Defendants advised of rights and penalties | | | |
| ☒ | Defendants want Court appointed counsel | | | |
| ☒ | Government moves to detain and requests continuance | | | |
| ☒ | Defendants remanded to the custody of the United States Marshal's Service | | | |
| ☒ | Arraignment/Detention | Gila | 5/5/2016 | @ 1:30 p.m. |
| ☒ | Other: Defendants present: Santos Gonzalez, Carlos Herrera, Andrew Gallegos and Rudy Perez (requires medical attention). | | | |

DNM 487

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

MAY 05 2016

FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                 CASE NO. _15-4268-JB_

_ANDREW GALLEGOS_

        Defendant.

## WAIVER OF DETENTION HEARING
### (Rule 5 or 32.1, Fed. R. Crim. P., 18 U.S.C. § 3142)

      I _ANDREW GALLEGOS_____, charged in: (an indictment, complaint,

petition) with _____,

Title _____ _18_ _____, U.S.C. _1959(a)(5) & 3592(c)(9)____, and

Having appeared before this Court and been advised of my rights as required by

Fed. R. Crim. P. 5 or 32.1 and 18 U.S.C. § 3142, including my right to have a detention hearing,

do hereby waive (give up) my right to a detention hearing and agree to be detained.  However, I

reserve the right to petition the court to review my detention and set reasonable conditions of

release.

                         _____
                         Defendant

                         _____
                         Counsel for Defendant

Date: _5/5/16_____

| UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO ALBUQUERQUE | | | |
|---|---|---|---|
| Before the Honorable Karen B.Molzen | | | |
| United States Magistrate Judge | | | |
| Clerk's Minutes | | Arraignment/Detention | |
| Date: | 5/5/2016 | Case Number: | CR 15-4268 JB |
| Case Title: USA v. | Andrew Gallegos | Liberty: | Gila @    2:15 |
| Courtroom Clerk: | E. Romero | Total Time: | 2 minutes |
| Probation/Pretrial: | A Candelaria | Interpreter: | n/a |

ATTORNEYS PRESENT:

| Plaintiff: | Maria Armijo and Randy Castellano | Defendant: | Donavon Roberts |
|---|---|---|---|

PROCEEDINGS:

| ☐ | First Appearance of Defendant |
|---|---|
| ☒ | Defendant received a copy of the Superseding Indictment |
| ☒ | Defendant questioned re: time to consult with attorney regarding the penalties |
| ☒ | Defendant waives reading of Superseding Indictment |
| ☒ | Defendant is ready to enter a plea |
| ☒ | Defendant enters a plea of NOT GUILTY to all counts |
| ☒ | Motions due by:5/25/2016 |
| ☒ | Discovery Order electronically filed |
| ☒ | Case assigned to: Judge Browning |
| ☒ | Trial set on trailing docket: TO BE NOTIFIED |
| ☒ | Defendant remanded to custody of the United States Marshal's Service |
| ☒ | Other: Defendant waives detention hearing |

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

United States of America      )
     )
v.      )
     )     Case No.     CR 15-4268 JB
ANDREW GALLEGOS      )
     )
*Defendant*

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

     ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

     ☐ an offense for which the maximum sentence is death or life imprisonment.

     ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

     ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

     ☐ any felony that is not a crime of violence but involves:

         ☐ a minor victim

         ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

         ☐ a failure to register under 18 U.S.C. § 2250

☐ (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)   A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1)   There is probable cause to believe that the defendant has committed an offense

     ☐ for which a maximum prison term of ten years or more is prescribed in _____ .

     ☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

DNM 490

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

District of

☐ (2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably
assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)    There is a serious risk that the defendant will not appear.

☒ (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    ☐    clear and
convincing evidence    ☒   a preponderance of the evidence that

Defendant remanded to the custody of the USMS pending trial.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for
confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or
held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with
defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge
of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:           5/5/2016

*Judge's Signature*

Karen B. Molzen, Chief U.S. Magistrate Judge

*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et
seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

DNM 491

AO 442 (Rev. 11/11) Arrest Warrant

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 MAY -9 AM 11: 57

CLERK-LAS CRUCES

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   15-CR-4268 JB |
| ANDREW GALLEGOS | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   ANDREW GALLEGOS                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☑ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Count 5: 18 U.S.C. § 1959(a)(1): Violent Crimes in Aid of Racketeering (Murder); 18 U.S.C. § 2: Aiding and Abetting;

Count 4:  18 U.S.C. § 1959(a)(5): Violent Crimes in Aid of Racketeering (Conspiracy to Murder);

Date:    04/21/2016                                        _____
                                                              *Issuing officer's signature*

                                                              **Matthew J. Dykman, CLERK**
City and state:    Las Cruces, New Mexico              _____
                                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  4.21.16  , and the person was arrested on *(date)*  5.4.16 |
| at *(city and state)*  Las Cauces, NM  . |
| Date:  5.4.16                                  _____ |
|                                                    *Arresting officer's signature* |
|                                                    Bryan Acee, FBI SA |
|                                                    *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 MAY -9  AM 11:57

CLERK-LAS CRUCES

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   15-CR-4268 JB |
| JOE LAWRENCE GALLEGOS | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   JOE LAWRENCE GALLEGOS                                              ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☑ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Counts 1 and 5: 18 U.S.C. § 1959(a)(1): Violent Crimes in Aid of Racketeering (Murder); 18 U.S.C. § 2: Aiding and Abetting;
Counts 4 and 14:  18 U.S.C. § 1959(a)(5): Violent Crimes in Aid of Racketeering (Conspiracy to Murder);
Count 13: 18 U.S.C. § 1959(a)(3): Violent Crimes in Aid of Racketeering (Assault with Dangerous Weapon); 18 U.S.C. § 2: Aiding and Abetting;
Count 15: 18 U.S.C. §§ 1959(a)(3) and 1959(a)(5):Violent Crimes in Aid of Racketeering (Attempted Murder, Assault Resulting in Serious Bodily Injury and Assault with Dangerous Weapon); 18 U.S.C. § 2: Aiding and Abetting.

Date:     04/21/2016

*Issuing officer's signature*

**Matthew J. Dykman, CLERK**

*Printed name and title*

City and state:     Las Cruces, New Mexico

| Return |
|---|
| This warrant was received on *(date)*  4.21.16  , and the person was arrested on *(date)*  5.4.16 |
| at *(city and state)*  LAS CRUCES, NM  . |

Date:  5.4.16

*Arresting officer's signature*

Brian Acee,  FBI  SA

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    Case No.: 15-CR-4268 JB

1.     ANGEL DE LEON,
2.     JOE LAWRENCE GALLEGOS,
3.     EDWARD TROUP,
4.     LEONARD LUJAN,
5.     BILLY GARCIA,
6.     EUGENE MARTINEZ,
7.     ALLEN PATTERSON,
8.     CHRISTOPHER CHAVEZ,
9.     JAVIER ALONSO,
10.    ARTURO ARNULFO GARCIA,
11.    BENJAMIN CLARK,
12.    RUBEN HERNANDEZ,
13.    JERRY ARMENTA,
14.    JERRY MONTOYA,
15.    MARIO RODRIGUEZ,
16.    TIMOTHY MARTINEZ,
17.    MAURICIO VARELA,
18.    DANIEL SANCHEZ,
19.    GERALD ARCHULETA,
20.    CONRAD VILLEGAS,
21.    ANTHONY RAY BACA,
22.    ROBERT MARTINEZ,
23.    ROY PAUL MARTINEZ,
24.    CHRISTOPHER GARCIA,
25.    CARLOS HERRERA,
26.    RUDY PEREZ,
27.    ANDREW GALLEGOS,
28.    SANTOS GONZALEZ,
29.    PAUL RIVERA, and

30.     SHAUNA GUTIERREZ.

Defendants.

## MOTION TO SUSPEND THE SCHEDULING ORDER (DOC. 250), REQUEST FOR STATUS CONFERENCE AND EX PARTE CJA CONFERENCE WITH THE DISTRICT COURT

COME NOW, defendants, through their court-appointed attorneys and respectfully move this Court to suspend the deadlines set in the January 22, 2016 Scheduling Order (Doc. 250).  The basis for this motion is as follows:

1.     In this case thirty (30) defendants are charged by Superseding Indictment with violations of: Counts 1, 2, 3, 5, and 7: 18 U.S.C. § 1959(a)(1), Violent Crimes in Aid of Racketeering (Murder) and 18 U.S.C. 2, Aiding and Abetting; Counts 4, 6, 9, 10, and 14: 18 U.S.C. § 1959(a)(5), Violent Crimes in Aid of Racketeering (Conspiracy to Murder); Count 8: 18 U.S.C. § 1959(a)(6), Violent Crimes in Aid of Racketeering (Conspiracy to Commit Assault Resulting in Serious Bodily Injury); Count 11: 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm; County 12:  18 U.S.C. § 924(c): Using and Carrying a Firearm During and in Relation to a Crime of Violence; Count 13: 18 U.S.C. § 1959(a)(3): Violent Crimes in Aid of Racketeering (Assault with a Dangerous Weapon); 18 U.S.C. § 2: Aiding and Abetting; Count 15: 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 1959(a)(5): Violent Crimes in Aid of Racketeering (Attempted Murder, Assault Resulting in Serious Bodily Injury and Assault with Dangerous Weapon); 18 U.S.C. § 2: Aiding and Abetting. (Doc. 368).

2

2.     At least twenty-two (22) of the defendants are charged with capital

eligible offenses and face the possibility of the death penalty pursuant to 18 U.S.C. 3591

*et seq*.  The Superseding Indictment contains allegations of special findings required for

the imposition of the death penalty.  (Doc. 368).

3.     On January 7, 2016, the government filed an Unopposed Joint Motion to

Declare the Case Complex (Doc.  210).  The Court Ordered the Case Complex that same

day.  (Doc. 211).

4.     The District Court entered a Scheduling Order on January 22, 2016 (Doc.

250).  The discovery production was set to commence immediately from the date of the

order and to be completed no later than March 25, 2016 (Doc. 250).  The defense is still

receiving discovery and transcripts from the government.  The last production was sent

to the expert discovery coordinator in March, 2016.

5.     The Scheduling Order requires the government to produce transcripts on

a biweekly basis as transcripts become available, with the production to be completed

no later than May 13, 2016.   Defense counsel are awaiting biweekly transcripts.  (Doc.

250).

6.     On January 15, 2016, approximately 48 pages of discovery were disclosed

by the government to all defendants on the instant case, 15-CR-4269-JB and the 15-CR-

4275-JB case.  This discovery was not Bates numbered, and a Protective Order was not

in place.

DNM 427

7.      A Protective Order was entered in by the District Court on March 14, 2016.

(Doc. 313).  The Protective Order defined "Confidential Material," and limited what

could be given to our clients while detained.  *Id.*  The Protective Order does not allow

hard-copy discovery to be given to the defendants.  *Id.*  Paragraph 3 of the Protective

Order provides, "As soon as practicable, but in no event later than April 4, 2016, the

government is to provide each defendant with a password protected tablet or laptop

computer, or its substantial equivalent ("Computer") suitable for the purposes

described herein.  *Id*. at 2.  As of today, the defendants are still awaiting a password

protected laptop.

8.      Thousands of pages of discovery and audio files, both identified as

Confidential Materials and not labeled as confidential materials, were sent to all defense

counsel (via the expert discovery coordinator), on all 3 related cases on or about March

18, 2016 and March 25, 2016.

9.      Pursuant to the current Scheduling Order, Defendant's reciprocal

discovery was due on April 15, 2016 (Doc. 250).  Expert witness notices and reports;

Fed. R. Crim. P. 16 discovery motions; Fed. R. Crim. P. 7(f) motions were due April 29,

2016.  *Id.*  All transcripts from the government are due May 13, 2016.  *Id.* The case is set

for trial on October 4, 2016 *Id.*

10.     The indictment was superseded on April 21, 2016 and unsealed on April

28, 2016 (Doc. 368).  The Superseding Indictment added seven new counts and six new

DNM 428

defendants, three of whom are charged with murder.   A related racketeering case was
also filed in the matter of *United States v. Baca, et. al*, 16-CR-1613-JB (Doc. 1).  A motion
to declare the case complex and scheduling order has not yet been entered in 16-CR-
1613-JB.

11.     Due to the superseding indictment, new defendants and counsel, and the
new related racketeering case, the current deadlines in the Scheduling Order (Doc. 250)
are unworkable.

12.     On March 30, 2016, this case was reassigned to the Hon. James O.
Browning (Doc. 352).  Defense counsel respectfully request a Status Conference to
discuss matters involving discovery, the Scheduling Order, the Protective Order, and
other case related matters.  In addition, joint defense counsel also request an *Ex Parte*
CJA Conference to discuss outstanding CJA matters.

13.     Counsel for Mr. Garcia contacted AUSAs Randy Castellano and Maria
Armijo, counsel for the government, via email on May 10, 2016, for the government's
position on this motion.  On May 17, 2016, the government stated that it does not
oppose the motion to suspend the scheduling order and the request for a status
conference; however, the government opposes the defendants being present for the
status conference.

14.     Defendants Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia,
Allen Patterson, Christopher Chavez, Javier Alonso, Auturo Arnulfo Garcia, Benjamin

DNM 429

Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mario Rodriguez, Timothy

Martinez, Mauricio Varela, Daniel Sanchez, Gerald Archuleta, Conrad Villegas,

Anthony Ray Baca, Robert Martinez, Roy Paul Martinez, Christopher Garcia, Carlos

Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzalez and Paul Rivera, all join in

this motion.  Counsel for defendant Eugene Martinez takes not position because of the

current competency issue.  Defendants Angel DeLeon and Shauna Gutierrez have not

yet been assigned counsel.

      15.    The undersigned counsel request that the current Scheduling Order (Doc.

250), be suspended for the foregoing reasons, and that the Court enter an Order setting

a Status Conference and an *Ex Parte* CJA conference for the reasons stated above.


                Respectfully submitted,

                 /s *electronically submitted*
                Amy Sirignano, Esq.
                Law Office of Amy Sirignano, PC
                5901J Wyoming Blvd. NE #250
                Albuquerque, NM  87109
                (505) 242-2770
                (505) 242-2774 facsimile
                amy@abqnmlaw.com

                Counsel for Christopher Garcia

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Counsel for the United States | Maria Ysabel Armijo, AUSA <br> maria.armijo@usdoj.gov <br> Randy M Castellano, AUSA <br> randy.castellano@usdoj.gov <br> United States Attorney's Office <br> 555 S. Telshor, Suite 300 <br> Las Cruces, NM 88011 <br> Phone: (575) 522-2304 <br> Fax: (575) 522-2391 |
| *Counsel for Angel DeLeon* | No counsel listed to date |
| *Counsel for Joe Gallegos* | Brock Benjamin <br> Benjamin Law Firm <br> 747 E. San Antonio, Suite 203 <br> El Paso, TX 79901 <br> Phone: (915) 412-5858 <br> Fax: (915) 503-2224 <br> brock@brockmorganbenjamin.com <br><br> -and- <br><br> Richard Sindel <br> Sindel, Sindel & Noble, P.C. <br> 8000 Maryland Avenue, Suite 350 <br> Clayton, MO 63105 <br> Phone: (314) 721-6040 <br> Fax: (314) 721-8545 <br> rsindel@sindellaw.com |
| *Counsel for Edward Troup* | Cori Ann Harbour-Valdez <br> The Harbour Law Firm, PC |

DNM 431

| | |
|---|---|
| | PO Box 13268<br>El Paso, TX 79913<br>Phone: (915) 544-7600<br>Fax: (915) 975-8036<br>cori@harbourlaw.net<br><br>-and-<br><br>Patrick J. Burke<br>Patrick J. Burke, P.C.<br>999 18th Street, Suite 2055<br>Denver, Colorado 80202<br>Phone: (303) 825-3050<br>Fax: (303) 825-2992<br>Patrick-j-burke@msn.com |
| *Counsel for Leonard Lujan* | Russell Dean Clark<br>P.O. Box 576<br>Suite 4<br>Las Cruces, NM 88004<br>Phone: (575) 526-9000<br>Fax: (57) 526-9800<br>russelldeanclark@gmail.com |
| *Counsel for Billy Garcia* | Robert Cooper<br>1011 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Phone: (50) 842-8494<br>Fax: (505) 243-6279<br>bob@rrcooper.com<br><br>-and-<br><br>James A. Castle<br>Castle & Castle, P.C.<br>1544 Race Street<br>Denver, CO 80206<br>Phone: (303) 675-0500<br>Fax: (303) 329-5500<br>jcastlelaw@gmail.com |

8

| | |
|---|---|
| *Counsel for Eugene Martinez* | Doug Couleur<br>Phone: 505-984-1962<br>doug@couleurlaw.com<br><br>-and-<br><br>David A. Lane<br>Killmer, Lane & Newman, LLP<br>1543 Champa Street<br>Suite 400<br>Denver, CO 80202<br>Phone: (303) 571-1000<br>Fax: (303) 571-1001<br>dlane@kln-law.com |
| *Counsel for Allen Patterson* | Jeffrey C Lahann<br>Post Office Box 16682<br>Las Cruces, NM 88004<br>Phone: (575) 523-4394<br>Fax: (888) 694-7241<br>jeff@lahannlaw.com<br><br>-and-<br><br>Phillip A. Linder<br>Linder & Associates<br>3500 Maple Avenue, Suite 400<br>Dallas, TX 75219<br>Phone: (214) 252-9900<br>Fax: (214) 252-9902<br>phillip@thelinderfirm.com |
| *Counsel for Christopher Chavez* | Orlando Mondragon<br>1028 Rio Grande<br>El Paso, TX 79902<br>Phone: (915) 566-8181<br>Fax: (915) 566-9696<br>mondragonom@att.net |

| | |
|---|---|
| *Counsel for Javier Alonso* | Noel Orquiz<br>P.O. Box 971<br>Deming, NM 88031<br>Phone: (575) 546-4131<br>Fax: (575) 546-8406<br>norq@zianet.com<br><br>-and-<br><br>Nathan D. Chambers<br>Nathan D. Chambers LLC<br>999 18th Street<br>Suite 2055<br>Denver, CO 80202<br>Phone: (303) 825-2222<br>Fax: (303)-825-4010<br>nchambers@nathanchamberslaw.com |
| *Counsel for Arturo Arnulfo Garcia* | Billy R. Blackburn<br>1011 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Phone: (505) 242-1600<br>Fax: (505) 243-6279<br>Billy@BBlackburnlaw.com |
| *Counsel for Benjamin Clark* | Jerry Daniel Herrera<br>620 Roma Avenue, NW<br>Albuquerque, NM 87102<br>Phone: (505) 262.1003<br>Fax: (505) 246.2668<br>jd@jdherreralaw.com<br><br>-and-<br>Stephen E. Hosford<br>Stephen E. Hosford, P.C.<br>PO Box 420<br>Arrey, NM 87930<br>Phone: (575) 644-6068<br>sehosford@gmail.com |
| *Counsel for Ruben Hernandez* | Pedro Pineda<br>P.O. Box 13447 |

DNM 434

| | |
|---|---|
| | Las Cruces, NM 88013<br>Phone: (575) 644-6419<br>Fax: (575) 993-5300<br>lawyer19742003@yahoo.com |
| *Counsel for Jerry Armenta* | Gary Mitchell<br>Mitchell Law Office<br>PO Box 2460<br>Ruidoso, NM 88345<br>Phone: (575) 257-3070<br>Fax: (575) 257-3171<br>gmitchell@zianet.com |
| *Counsel for Jerry Montoya* | Larry A. Hammond<br>Osborn Maledon PA<br>2929 N Central Ave.,<br>Suite 210<br>Phoenix, AZ 85012-2794<br>Phone: (602) 640-9361<br>Fax: (602) 640-6076<br>lhammond@omlaw.com<br><br>-and-<br><br>Margaret Strickland<br>McGraw & Strickland<br>165 West Lucero Ave.<br>Las Cruces, NM 88005<br>Phone: (575) 323-1529<br>Fax: (575) 680-1200<br>Margaret@lawfirmnm.com |
| *Counsel for Mario Rodriguez* | Santiago David Hernandez<br>Law Office of Santiago D. Hernandez<br>1219 E. Missouri<br>El Paso, TX 79902<br>Phone: (915) 351-4300<br>Fax: (915) 351-4372<br>santilawyer@gmail.com |
| *Counsel for Timothy Martinez* | Steven Lorenzo Almanza<br>PO Box 1660<br>Las Cruces, NM 88004 |

|  | Phone: (575) 524-8312<br>Fax: (575) 526-6449<br>steven.l.almanza@gmail.com<br><br>-and-<br><br>Jacqueline K. Walsh<br>Walsh & Larranaga<br>705 2nd Ave., #501<br>Seattle, WA 98104<br>Phone: (206) 325-7900<br>Fax: (206) 322-4305<br>jackie@jamlegal.com |
| Counsel for Mauricio Varela | Mary Stillinger<br>4911 Alameda Ave<br>El Paso, TX 79905<br>Phone: (915) 775-0705<br>Fax: (915) 886-7178<br>stillingerlaw@sbcglobal.net<br><br>-and-<br><br>David Lindsey<br>7887 East Belleview Ave., Suite 1100<br>Englewood, CO 80111<br>Phone: (303) 228-2270<br>david@mdavidlindsey.com |
| Counsel for Daniel Sanchez | Richard Jewkes<br>701 N. Saint Vrain St<br>El Paso, TX 79902<br>Phone: (915) 534-7400<br>Fax: (915) 534-7407<br>richardjewkes@sbcglobal.net<br><br>-and-<br><br>Amy E. Jacks<br>Law Office of Amy E. Jacks<br>315 E. 8th St. #801 |

12

| | |
|---|---|
| | Los Angeles, CA 90014<br>Phone: (213) 489-9025<br>Fax: (213) 489-9027<br>amyejacks@sbcglobal.net |
| *Counsel for Gerald Archuleta* | George A Harrison<br>1990 E Lohman, Suite 121<br>Las Cruces, NM 88001<br>Phone: (575) 993-5965<br>ghlaw707@gmail.com |
| *Counsel for Conrad Villegas* | B.J. Crow<br>Crow Law Firm<br>400 N. Pennsylvania Ave.<br>Suite 1150<br>Roswell, NM 88201<br>Phone: (575) 291-0200<br>Fax: (575) 291-0201<br>bj@crow-law-firm.com |
| *Counsel for Anthony Ray Baca* | Marc M Lowry<br>Rothstein, Donatelli, Hughes,<br>Dahlstrom & Schoenburg, LLP<br>500 4th Street N.W. Suite 400<br>Albuquerque, NM 87102<br>Phone: (505) 243-1443<br>Fax: (505) 242-7845<br>mlowry@rothsteinlaw.com<br><br>-and-<br><br>Theresa M Duncan<br>515 Granite NW<br>Albuquerque, NM 87102<br>Phone: (505) 842-5196<br>Fax: (505) 750-9780<br>teri@duncanearnest.com |
| *Counsel for Robert Martinez* | Charles McElhinney<br>Johnson & McElhinney, P.C.<br>P.O. Box 413<br>Las Cruces, NM 88004<br>Phone: (575) 993-5963 |

DNM 437

| | |
|---|---|
| | Fax: (575) 993-5964<br>cjm.jmclawfirm@gmail.com |
| Counsel for Roy Paul Martinez | Marcia J. Milner<br>P.O BOX 450<br>Las Cruces, NM 88001<br>Phone: (575) 523-2696<br>Fax: (575) 523-2699<br>maalaw4@gmail.com |
| Counsel for Christopher Garcia | Amy Sirignano<br>Law Office of Amy Sirignano, PC<br>5901J Wyoming Blvd. NE<br>Suite 250<br>Albuquerque, NM 87109<br>Phone: (505) 242-2770<br>Fax: (505) 242-2774<br>amy@abqnmlaw.com |
| Counsel for Carlos Herrera | Michael V. Davis<br>Michael V. Davis, Attorney & Counselor at Law, P.C.<br>Post Office Box 3748<br>3949 Corrales Road, Suite 130<br>Corrales, NM 87048<br>Phone: (505) 242-5979<br>Fax: (505) 899-3103<br>mdavis@swcp.com |
| Counsel for Rudy Perez | Ryan J Villa<br>2501 Rio Grande Blvd NW Suite A<br>Albuquerque, NM 87104<br>Phone: (505) 639-5709<br>Fax: (505) 242-6655<br>ryan@rjvlawfirm.com |
| Counsel for Andrew Gallegos | Donavon A. Roberts<br>PO Box 36344<br>Albuquerque, NM 87176-6344<br>Phone: (505) 506-3749<br>Fax: (505) 503-8405<br>ladar170@aim.com |

| Counsel for Paul Rivera | Keith R Romero<br>500 17th Street NW<br>Albuquerque, NM 87104<br>Phone: (505) 244-7636<br>Fax: (505) 212-0895<br>romerokeith@gmail.com |
|---|---|

/s electronically filed

Amy Sirignano, Esq.

Counsel for Christopher Garcia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                         No. 15-CR-4268-JB

ANGEL DELEON,
JOE GALLEGOS,
EDWARD TROUP,
LEONARD LUJAN,
BILLY GARCIA,
EUGENE MARTINEZ,
ALLEN PATTERSON,
CHRISTOPHER CHAVEZ,
JAVIER ALONSO,
ARTURO ARNULFO GARCIA,
BENJAMIN CLARK,
RUBEN HERNANDEZ,
JERRY ARMENTA,
JERRY MONTOYA,
MARIO RODRIGUEZ,
TIMOTHY MARTINEZ,
MAURICIO VARELA,
DANIEL SANCHEZ,
GERALD ARCHULETA,
CONRAD VILLEGAS,
ANTHONY RAY BACA,
ROBERT MARTINEZ,
ROY MARTINEZ,
CHRISTOPHER GARCIA,
CARLOS HERRERA,
RUDY PEREZ,
ANDREW GALLEGOS,
SANTOS GONZALEZ,
PAUL RIVERA, and
SHAUNA GUTIERREZ,

        Defendants.

**DEFENDANTS' OPPOSED JOINT MOTION FOR RECONSIDERATION OF
THE PROTECTIVE ORDER**

Defendants Joe Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Jerry Montoya, Timothy Martinez, Daniel Sanchez, Gerald Archuleta, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Rudy Perez, Carlos Herrera, and Santos Gonzales jointly move for this Court to reconsider the Protective Order (Doc. 313) limiting the defendant's ability to possess and review certain discovery materials produced by the government in this case.

There is ample reason for this Court to reconsider the Protective Order previously issued by the Honorable Kenneth Gonzales.  (Doc. 313)(the "Order").  Procedurally, the Order was issued after a hearing held outside the presence of the defendants and over their objection, and, at the time, Judge Gonzales had a potential conflict of interest based on his position as the United States Attorney for the District of New Mexico during the time that crimes charged in this indictment were investigated by federal law enforcement authorities.   Moreover, on April 21, 2016, the grand jury returned a superseding indictment adding additional defendants, many of whom are death eligible, who were not party to this case when the Order was entered.  This includes Defendants Rudy Perez, Carlos Herrera, Andrew Gallegos, Santos Gonzales, Paul Rivera and Shauna Gutierrez.  These defendants are entitled to a full and fair opportunity to be heard regarding the Order.

The Order is also overbroad and not supported by the requisite showing of good cause.  Moreover, it is proving to be unworkable as demonstrated by the government's classification of benign discovery materials as Confidential Material without conferring with counsel about the need to protect the materials or applying to the Court for an order designating the materials as Confidential Material.  Accordingly, the defendants move the

Court, pursuant to the Fifth, Sixth, and Eighth Amendments to the United States Constitution, <u>Fed. R. Crim. P. 16(d)(1)</u>, and the Court's inherent supervisory power, to reconsider the protective order and to modify the  protective order to permit the defendants to possess all discovery on their tablet computers.

Undersigned counsel sought the position of all counsel of record as to this Motion and the relief requested herein.[1]  The government opposes the relief requested herein. Leonard Lujan, through counsel, opposes the relief requested herein.  Ruben Hernandez, through counsel, indicates he does not join the Motion.  Defendants Eugene Martinez, Roy Paul Martinez, Benjamin Clark, and Paul Rivera, through their respective counsel, take no position.  Undersigned counsel sought the position of Defendants Allen Patterson, Mauricio Varela, Robert Martinez and Andrew Gallegos, but has not received a response as of the filing of this Motion.

I.     **BACKGROUND AND INTRODUCTION**

In this case, the 24 original defendants were charged by Indictment with violations of <u>18 U.S.C. §1959(a)(1)(5)(6)</u> and <u>18 U.S.C. §2</u> (Violent Crimes in Aid of Racketeering).  (Doc. 2).  At least 19 of the original defendants were charged with capital eligible offenses and face the possibility of the death penalty under <u>18 U.S.C. § 3591</u> et. seq.  The original Indictment contains special findings required for the imposition of the death penalty.

---

[1] As will be set forth more fully in defendants' Motion for Expedited Briefing as to Joint Motion for Reconsideration of the Protective Order and Request for Hearing on June 2, 2016, Defendants request expedited briefing on this motion in order that it may be heard at the previously-scheduled conference set for June 2, 2016.  The government and all other counsel of record were provided advance notice of this Motion and received a copy of the same prior to filing.

3

Recently, on April 21, 2016, the government unsealed a superseding indictment in this case which alleges additional crimes and adds additional defendants.  (Doc. 368).  The government also revealed a new indictment in related case no. 16 CR 1613 JB in which some, but not all, of the defendants in the above-captioned matter are charged with additional criminal acts.

As discussed below, a Protective Order was entered by the Honorable Kenneth Gonzales prior to the addition of these new defendants.  None of the defendants were permitted to be present when the proposed Protective Order was discussed, and many counsel were ordered to only appear telephonically.  Moreover, none of the newly added defendants were parties to this litigation at the time, and thus they never had an opportunity to be heard, even through counsel.

A.      **Entry of Overly Expansive Protective Order**

On January 29, 2016, the government provided most, but not all, of the defense attorneys with a proposed motion and protective order.  The proposed protective order sought to prevent the defendants from possessing paper copies of *any* discovery materials.

The defense collectively informed the government there were specific concerns as to the proposed order, in that it was overbroad and, if adopted, would place severe burdens on the defendants, defense counsel, the custody facilities in which the defendants are housed and the legal visits are conducted, and the Court.  Thus, on February 4, 2016, the defense presented an alternative proposed protective order to the government.  The defense proposal would have defined a subset of the expected discovery as "confidential material" which the defendants would not possess in paper format: defendants' post-

arrest statements; statements by eyewitnesses; cooperating defendants; and confidential government sources regarding the defendants, as well as photographs, audio/video recordings that would identify such persons, which, if shared, could jeopardize the safety and security of the defendants or other individuals.

The parties did not agree fully on an uncontested stipulated proposed protective order. Thus, on February 5, 2016, the government filed its sealed motion for protective order. (Doc. 260). The government also provided the Court its proposed protective order as well as a copy of the last settlement proposal for a protective order the defense submitted in an effort to reach a compromise on the issue. A hearing on the government's motion was initially scheduled for February 8, 2016, but this first setting was vacated in order to provide the defense with an opportunity to respond. (Docs. 276, 279).

While providing the defense an opportunity to respond, on February 8, 2016, the Court also requested the government to supplement its motion, "by specifying the kinds of information or categories of information it seeks to protect by order of the Court." (Doc. 279). Pursuant to the Court's directive, on February 12, 2016, the government reiterated it sought a protective order to prevent the defendants from possessing *any* discovery materials. (Doc. 280). In support, the government alleged that: in the past, members of the Syndicato de Nuevo Mexico ("SNM") have threatened gang members who have cooperated with law enforcement based on discovery paperwork; that the motive for some of the murders alleged in the Indictment is the decedents' cooperation with law enforcement; and that one of the defendants was intercepted issuing telephonic

threats to cooperators and/or their family members.[1]  In this same filing, the government referenced approximately 5,000 pages of discovery materials in different categories, including cooperating witness interviews (2.c.); investigative reports (2.a.); witness interviews (2.b.); evidence logs (2.d.); scientific reports including forensic reports, medical records, fingerprint reports (3. a-e); recordings of telephone calls and undercover events (4); transcripts of the recordings (5); text messages (6); reports of experts (7); diagrams (8) and expert opinions, and curriculum vitae (9).

On February 17, 2016, the defendants filed a Joint Opposition to the government's motion for a protective order outlining the defense objections.  (Doc. 281). In said Joint Opposition, defendants noted that denial of access to certain discovery as proposed by the government would hinder their constitutional right to counsel and due process, particularly within the confines of a capital prosecution with the ultimate penalty of death at stake.  (Doc. 281, pp. 7-9).  Defendants also highlighted logistical issues that would result if defendants did not have access to discovery without the presence of counsel and the associated burden on counsel and custodial facilities.  (Doc. 281, pp. 9-10).

On March 3, 2016, the Court held a hearing at which the parties presented argument as to the government's Motion for a Protective Order.  (A transcript of the March 3, 2016, hearing is attached hereto as Exhibit 1 for the Court's convenience). Over defense objection, the defendants were not permitted to attend the March 3, 2016, hearing.  The Court also limited the presence of defense counsel such that all attorneys outside of a 100 mile radius of the courthouse were required to appear telephonically.

---

[1] The government did not provide the source(s) of this information, nor were the representations presented in declarations filed under oath pursuant to penalty of perjury.

Ironically, at the time they were excluded from attending the March 3, 2016, hearing, the vast majority of the defendants that wished to participate therein were held in custody within that same 100 mile radius.  (Most defendants were housed within approximately 40 minutes of travel from the courthouse – closer than most facilities housing federal detainees for cases pending in Albuquerque).

Furthermore, shortly before the March 3, 2016, hearing, the Court granted a request from the government unsealing the hearing.  Thus, while victim's families, the general public, the press, and other individuals were permitted to attend the hearing in-person, the attendance of many of the stakeholders was either limited (defense counsel) or outright denied (defendants themselves).

At the March 3, 2016, hearing, the government argued the defendants should not be allowed to possess any discovery because, it alleged, discovery paperwork was utilized by SNM gang members to substantiate an individual's cooperation with law enforcement, potentially resulting in violence being directed towards that individual.  (Tr. 3/3/2016 at p. 42:15-21; 44:9-15).  Once it appeared the Court was disinclined to prohibit the defendants from possessing any discovery, the government, for the first time, raised the possibility of providing discovery to the defendants in electronic form on tablet computers each defendant could individually access in their respective custodial settings. (Tr. 3/3/2016 at p. 49:11-17).  The government acknowledged that using this method "wouldn't create the paper trail we are so desperately worried about."  (Tr. 3/3/2016 at p. 50:6-7).

Despite the government's acknowledgment that its concerns related to proposed confidential materials would be obviated by electronic dissemination, the final Protective

Order maintained the omission of certain "Confidential Materials" from the tablet computers provided to the defendants.  (Doc. 313, ¶3).  Those discovery items defendants were prohibited from retaining, even electronically, included: (1) any defendant's post-arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statements in (1) or (2).  (Doc. 313, p. 1).

### B.      Presumed Recusal of the Honorable Kenneth Gonzales

During a status conference held before the Honorable Kenneth Gonzales on December 14, 2015, the defense collectively raised the issue of a potential conflict of interest which may have required the recusal of Judge Gonzales.  Specifically, the defense sought reassurance that Judge Gonzales's service at the United States Attorney's Office, either as an Assistant United States Attorney or as the United States Attorney, did not overlap with any of the investigation related to this matter.  At that time, the Government assured the defense and Judge Gonzales that all investigation into this matter began after Judge Gonzales's appointment to the bench.  As a result, Judge Gonzales remained as presiding judicial officer.

In March 2016, counsel for some defendants again raised the issue of a potential conflict of interest in the Honorable Kenneth Gonzales presiding over this case. Specifically, counsel questioned whether or not it was appropriate for Judge Gonzales to preside in this matter given his term of service at the United States Attorney's Office as an Assistant United States Attorney and the United States Attorney.  As a result, the government was directed to conduct an internal inquiry to determine whether or not

Judge Gonzales had any involvement in any matters associated with these defendants or this investigation.

Thereafter, on March 25, 2016, Judge Gonzales provided counsel with a letter recalling participation in a meeting in which "prison gangs in New Mexico, including SNM" were the topic of discussion. (Doc. 338). (The foundational underpinnings of this matter are allegations of a prison gang (SNM) and its activities within the New Mexico penal system). Within days after the March 25, 2016, letter was filed, this case was reassigned to the Honorable James O. Browning on March 30, 2016. (Doc. 351). On April 1, 2012, the government filed a Notice, in which it indicated potential involvement of Judge Gonzales in a related investigation in 2009 when Judge Gonzales was an Assistant United States Attorney. (Doc. 358). The government apparently ceased its inquiry after the re-assignment of this matter to Judge Browning.[2]

Based on the circumstances, it appears Judge Gonzales was recused from this matter as the result of a conflict of interest related to his service at the United States Attorney's Office. Any such conflict was pre-existing at the time the Protective Order was entered.

### C.    Difficulties Under Current Protective Order

#### 1.    *The government's over-use of "Confidential Material" designation*

The government began producing discovery to the Coordinating Discovery Attorney ("CDA') in late March, and in early April 2016, the CDA provided the materials to all defense counsel. The government provided discovery divided into two categories: general discovery and Confidential Material. As evidenced by the attached

---

[2] Defendants assert the need for this inquiry has not been alleviated or otherwise mooted by the re-assignment of this matter and intend to address the specific issue separately.

DNM 448

Declarations of Counsel, attached as Exhibits 2 through 4, the Confidential Material contained in the government's production included many items that did not comport with the definition of "Confidential Material" in the Protective Order.

If the government wished to exclude additional material from the tablets as "Confidential Material", the Protective Order required it to confer with the defendants. In that situation, if the parties were unable to reach an agreement, the government was directed to file a written application with the Court requesting modification to the "Confidential Material" designation contained within the Protective Order.  (Doc. 313, p. 3, ¶5).   The government designated law enforcement incident reports, crime scene diagrams, statements from correctional officers, interviews of medical personnel, evidence collection logs and reports, autopsy findings, photographic logs, inmate misconduct reports, disciplinary logs, correctional department memoranda, and even PowerPoint presentations as "Confidential Materials", thereby preventing defendants from viewing them outside the immediate presence of counsel.

Hundreds of pages of materials were improperly designated as "Confidential Materials" in this initial discovery production.   Unfortunately, although none of these materials fall within the definition of "Confidential Material" as defined in the Protective Order, the government neither conferred with defense counsel regarding the increased categorization, nor applied for court approval of the same.

Counsel for defendants have requested these materials be reclassified as general discovery, but the government has been unresponsive thereto.   Accordingly, if the current protective order remains in place, defendants anticipate cumbersome litigation over the appropriate level of classification of particular materials as "Confidential."   Such

litigation can reasonably be expected to repeat as a result of inevitable future discovery disclosures. The drain on judicial, defense, government, and CJA resources required by such litigation is otherwise unnecessary if defendants are permitted access to all discovery in electronic, non-passable form.

### 2.   *Delay in production of tablets*

In the meantime, general discovery materials were supposed to have been available on tablet computers and distributed to the defendants by April 4, 2016. As of the filing of this Motion, defendants have not received the tablet computers, although counsel is informed by the CDA they should be available soon. (Jacks Declaration, Ex. 2, ¶9). For the newly added defendants, production of tablets is expected to require additional time.

It is unknown at this time whether or not tablets will ultimately prove to be a satisfactory method of providing defendants with discovery. Regardless, during a crucial period of this capital litigation, defendants have remained largely without access to discovery concerning the allegations against them, thereby hindering their ability to assist counsel in formulating a complete defense.

### 3.   *Increase demand on CJA funding*

Until tablets are available to all defendants, counsel continues to be required to utilize valuable attorney-client time, and with it extensive CJA resources, simply being present while defendants review *all* discovery. Even thereafter, counsel will need to be present if a defendant is to review the most important discovery materials (and more if the government continues to over-classify materials as "Confidential Materials" in violation of the Protective Order). This unnecessarily increases the attorney hours

DNM 450

required to provide appropriate assistance of counsel in multiple ways. First, counsel's required presence means CJA funds will be expended not just for counsel's time reviewing discovery, but doubly for defendants' time as well. Moreover, additional client visits will be required because defendants will need time to ponder the discovery materials they view in counsel's presence before being able to meaningfully discuss the same with counsel. In fact, it may take several counsel-supported "viewings" before any particular defendant is in a position to meaningfully discuss the discovery with their counsel. Under the circumstances, if defendants are not permitted access to discovery to review, focus on, and consider fully without the pressure of limiting meaningful access to their own counsel, CJA funding will be unnecessarily expended in significant sums.

### C.     Defendant's Request for Reconsideration of Protective Order

As discussed in more detail below, the background set forth herein indicates that reconsideration of the protective order is appropriate because the order was entered by a conflicted judicial officer, six new defendants did not have the opportunity to be heard on the order and good cause otherwise exists to do so. A more appropriate approach to dissemination of discovery in this matter, one which alleviates the government's purported safety concerns,[3] is to include *all* discovery in electronic format on the tablets to be provided to the defendants.

## II.     GOOD CAUSE EXISTS TO RECONSIDER THE TERMS OF THE PROTECTIVE ORDER

The Federal Rules of Criminal Procedure do not expressly recognize a motion to reconsider, *United States v. Harmon*, 871 F.Supp.2d 1125, 1143 (D.N.M. 2012), but

---

[3] It is difficult not to question the authenticity of the government's alleged safety concerns given that the government already released non-protected discovery concerning cooperation from certain individuals, and even included an allegation of cooperation of an identified individual within the Superseding Indictment.

parties in criminal cases are nonetheless free to seek reconsideration of orders.  *See*

*e.g. United States v. Randall*, 666 F.3d 1238 (10th Cir. 2011)(finding motions to

reconsider appropriate in criminal prosecutions although no specific provision of the

Federal Rules of Criminal Procedure authorize such motions)  District courts retain

considerable discretion in ruling on motions to reconsider, *Phelps v. Hamilton*, 122

F.3d 1309, 1324 (10th Cir. 1997), and this discretion thus extends into the criminal

context.  Harmon, 871 F.Supp.2d at 1143 (citing *United States v. Wiseman*, 172 F.3d

1196, 1207-8 (10th Cir. 1999))In exercising discretion as to motions to reconsider

within a criminal case, courts ordinarily apply the same standards as those used in a

civil case.  *Harmon*, 871 F.Supp.2d at 1143 (citing cases establishing that standards

for relief under Fed.R.Civ.P. 59(e) may apply to motions to reconsider in criminal

cases).  The standards set forth within Fed.R.Civ.P. 59(e) provide a basis for this

Court to reconsider the Protective Order at this time.

    Under Fed.R.Civ.P. 59(e), a motion to reconsider is warranted when: (1) there

has been a change in the controlling law; (2) there is newly discovered evidence which

was previously unavailable; or (3) it is necessary to correct clear error or prevent

manifest injustice.  *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000).  Reconsideration of the Protective Order in this matter is appropriate

due to newly discovered evidence and the need to correct clear error and/or prevent

manifest injustice.  Specifically, the following factors support reconsideration: (A) the

defendants were excluded from the proceedings in which the need for and terms of the

Order were debated; (B) recent disclosures have created the appearance that the

judicial officer issuing the Order was conflicted based on his prior involvement in

DNM 452

prosecuting the SNM as the United States Attorney for the District of New Mexico;

(C) there was clear error in ordering materials omitted from the defendants' tablet

computers based on the government's arguments relating to paper discovery; (D) the

government's subsequent categorization of Confidential Materials has been overbroad

and the government has not followed the procedures mandated in the Order; and (E)

six new defendants did not have an opportunity to be heard prior to entry of the Order.

**A.  Protective Order was Issued After a Hearing From Which the Defendants Were Improperly Excluded.**

Prior to the March 3, 2016, hearing at which the Court considered issues related to

the government's request for a protective order, the defense collectively objected to

proceeding outside the presence of defendants themselves.  (Doc. 281, pp. 11-13).  (This

objection was reiterated during the hearing itself, when it was noted that entry of a

protective order requires both legal and factual determinations).  Although defendants

were excluded on March 3, 2016, and certain defense counsel were precluded from

attending in-person, the proceedings were otherwise open to the public for personal

attendance.

*1.     Violation of Fifth Amendment*

According to the Fifth Amendment, defendants are guaranteed the right to be

present at any proceeding critical to the outcome of the prosecution if his presence would

contribute to the overall fairness of the process.  *Kentucky v. Stincer*, 482 U.s. 730, 745

(1987); *Faretta v. California*, 422 U.s. 806, 819 n. 15 (1975).  This right is mirrored by

Rule 43 of the Federal Rules of Criminal Procedure, which specifically addresses

situations in which a defendant's presence may not be required, including for those

DNM 453

"conferences" or "hearings" involving "only a conference or hearing on a question of law." Fed.R.Crim.P. 43(b)(3).

At the March 3, 2016, hearing, the Court ruled that the defendants' presence was not required because the issues addressed in regards to the proposed protective order were only questions of law. This was a misinterpretation of the nature of the proceedings related to the protective order, which required resolution to legal *and* factual issues. *See Rohrbough v. Harris*, 549 F.3d 1313, 1316 (10th Cir. 2008).

Moreover, the issues addressed directly affect the defendants' ability to participate in their defense, to assist their counsel in formulating a full defense, and to meaningfully challenge the allegations against them. These are more than the ministerial concerns such as scheduling which courts have found may be conducted without the presence of the accused. *See e.g. United States v. Gagan*, 95 Fed.Appx. 941, 946 (10th Cir. 2004). Particularly in a capital case when defendants' lives are literally on the line, the issues addressed in the protective order take on great significance in the context of the overall fairness of the proceedings, both perceived and actual. Accordingly, it is appropriate to reconsider the protective order after a hearing in which defendants are permitted to participate.

2.     *Violation of Sixth Amendment*

As defense counsel noted on March 3, 2016, their ability to provide constitutionally appropriate assistance to defendants at said hearing was unreasonably hampered both by the lack of defendants' presence, and their inability to confer with co-counsel given the Court's limitation on the presence of counsel in-person. The government made vague factual assertions in support of its proposed protective order,

and defendants, through counsel, were unable to adequately respond thereto due to the complete inability to communicate (or, in defendant's case, to even know allegations were being made against them). The situation left counsel at a debilitating and unfair disadvantage raising an impossibility of adequately representing defendants' interests.

As this Court is aware, only the most experienced and competent counsel are appropriate for appointment in capital cases. This simple fact highlights the extraordinary importance of the right to counsel in cases involving the potential of execution, an importance that suggests any hindrance thereon must be scrupulously guarded against. In this context, such important matters as a defendant's right of access to discovery material to the charges against him, and thereby his ability to effectively interact with and assist counsel in the formulation of his defense, both as to guilt/innocence and sentencing, should not be decided based upon a hearing conducted without the defendant. The circumstances of this case show it is appropriate for this Court to reconsider the protective order at this juncture.

### B. The Court Issuing the Protective Order Suffered from an Appearance of Conflict.

As set forth above, the defense placed the Court and the government on notice as to the potential conflict in Judge Gonzales presiding over this matter as early as December 14, 2015. After the issue was discussed, it does not appear that the government or Judge Gonzales undertook a full inquiry to examine the possibility of a conflict until several months later, after the entry of the protective order. Within days of beginning an appropriate inquiry, evidence supporting the defendants' concerns was uncovered by both Judge Gonzales and the government. It appears the inquiry immediately ceased and the case was transferred to the Honorable James O. Browning on

DNM 455

March 30, 2016.  Defendants remain uncertain as to the full extent of Judge Gonzales's conflict.

Regardless, the subsequent removal of the case from Judge Gonzales provides an adequate basis for this Court to reexamine and reconsider the protective order.   The concerns as to Judge Gonzales's conflict were present in December 2015 and were brought to the attention of the government and the Court.   This raises grounds for potential reconsideration of the protective order entered after the concerns were raised but before the case was transferred from Judge Gonzales.  *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864-865 (1988); *Russell v. Lane,* 890 F.2d 947, 948 (7th Cir. 1989); *Moody v. Simmons*, 858 F.2d 137, 143 (3rd Cir. 1988).

As set forth above, issues surrounding the protective order were not ministerial or simple "housekeeping" matters.  To the contrary, they were important determinations that directly affected the extent to which defendants may participate in the formation of their defense and assist their counsel.  The appearance that a potentially conflicted judicial officer made these key decisions could lead many to question the overall fairness of these proceedings at a time when the collective conscience demands the opposite – cases in which the defendants' lives are in the balance.  Accordingly, it is appropriate for this Court to reconsider the protective order.

### C.  The Government Failed to Show That Good Cause Existed for the Court to Impose a Protective Order that Omitted Certain Discovery from the Defendants' Tablet Computers.

Federal Rule of Criminal Procedure 16 (d)(1) gave the Court discretion to issue a protective order, but only upon a showing of good cause. Fed. R. Crim. P. 16.  "Good cause" is defined as legally adequate or substantial grounds or reason to take a certain

DNM 456

action.  Black's Law Dictionary (2nd Edition).  As the party seeking the protective order, the government bore the burden of establishing good cause.  *United States v. Isa*, 413 F.2d 244, 248 (7th Cir. 1969).

All of the briefing and the majority of the argument regarding the issuance of the protective order sought by the government focused on the defendants' ability to possess paper copies of the discovery materials.  The crux of the government's argument was that possession of paper copies of materials such as cooperator statements by defendants could potentially be used to "prove" that an individual violated a code of ethics within the penal system, and that could then provide a basis for violence to be inflicted upon that individual.  Although required to do so in order to support entry of a protective order, the government presented no evidence to support these allegations.

Moreover, the government raised the possibility of providing tablet computers loaded with electronic versions of the discovery materials to the defendants in lieu of paper copies.  According to the government, providing discovery in this manner "wouldn't create the paper trail we are so desperately worried about."  (Tr. 3/3/2016 at p. 50:6-7).

After the government conceded that the electronic disbursement of discovery would alleviate their safety concerns, the Court nonetheless ordered "Confidential Materials" as defined in the Protective Order, (the same material the government indicated was only a concern if provided via paper copy), be omitted from the tablet computers.  No findings were made by the Court as to good cause to support this order.

As of this date, it remains unclear why the Court prohibited the defendants from possessing electronic copies of these materials, particularly given their ability to access

the information as long as a member of the defense team is present.  There does not appear to be any legitimate goal that is furthered by continuing to deny defendants access to these materials in an electronic format on the non-passable tablets.

### D. The Government has Expanded the Category of Confidential Materials without Following the Procedures Mandated by the Protective Order.

As evidenced by the declarations of counsel in Exhibits 2-4, the government has improperly expanded the materials designated as "Confidential Material" without conferring with defense counsel or seeking a modification of the Protective Order as required by the Order itself.  Moreover, the government has been unresponsive to the defendants' requests to comply with the protective order as entered.  The unresolved over-designation of discovery materials as "Confidential Material" directly impacts the ability of the defendants to review these materials, and thus hinders their ability to understand the charges against them and to fully assist in developing an appropriate defense thereto.

Pursuant to the Order, no "Confidential Material" will be placed on the defendants' Computers.  As a result, defense team members will have to spend time during client visits to review and re-review each page of Confidential Material with the defendants.  Even at a rate of 30 pages per hour, the government's designation of nearly 600 pages and several recorded interviews of what should be classified as general discovery as Confidential Material will add extensive hours of defense team time per defendant to already taxed and overburdened schedules.

Federal Rule of Criminal Procedure 16 (d) gives the Court substantial discretion to issue and modify orders regulating discovery and permits a Court to enter any order that is "just under the circumstances" where a party fails to comply with a Court's

discovery order.  FED. R. CRIM. P. 16 (d)(2)(D).  As the party who sought the protective

order, the government bore the burden of establishing good cause.  *United States v. Isa*,

413 F.2d 244, 248 (7th Cir. 1969).

      In limiting defendants' access to discovery, the Court expressly defined the

category of materials which were excluded from direct production to defendants and

further ordered that "[t]he parties shall make all reasonable efforts to limit the volume of

discovery materials designated as Confidential Material."  (Order at ¶ 5).  Substantially

ignoring the definition of Confidential Material and the procedural guidelines governing

the designation of additional Confidential Material, the government has inappropriately

designated hundreds of pages of general discovery as "Confidential Material" without

conference with defendants or guidance from the Court.

      The government's inability or unwillingness to conscientiously designate

Confidential Material makes the current Order completely unworkable.  Rather than

spend countless hours arguing over whether good cause exists to designate specific

discovery material as Confidential Material, this Court should reconsider the original

protective order and permit the defendants to view and listen to all of the discovery

material on their Computers.[4]  Such an order would still preclude the defendants from

possessing paper copies of any of the discovery materials, thereby continuing to alleviate

any concerns raised by the government.

---

[4]  This modification can be done simply by deleting all references to Confidential
Material, including the definition of Confidential Material and the entirety of ¶ 5.

DNM 459

**E.  The Court should reconsider the Order because six new defendants, who are subject to the Order, did not have an opportunity to be heard prior to the Order's entry.**

Defendants Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzales, Paul Rivera, and Shauna Gutierrez, Defendants 25 through 30, respectively, were not parties to this case when the Order was entered.  They became parties by way of the Superseding Indictment (Doc. 368) on April 21, 2016.  All are ostensibly subject to the Order, but none had an opportunity to be heard regarding the Order.  Holding these defendants to the requirements of the Order, without affording each a right to be heard, does not comport with due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotations and quoted authority omitted).  Accordingly, the Court should reconsider the Order as requested herein and permit the new defendants an opportunity to be heard.

**III.    <u>CONCLUSION</u>**

For the reasons stated herein, the Court should reconsider the Protective Order (Doc. 313) and modify it such that the defendants can view all of the discovery materials on their tablet computers.

Respectfully submitted,

*/s/ Brock Benjamin*
Brock Benjamin
Richard Sindel
Attorneys for Joe Gallegos (2)

*/s/ Patrick Burke*
Patrick Burke
Cori Harbour-Valdez
Attorneys for Edward Troup (3)

21

/s/ James Castle
James Castle
Robert Cooper
Attorneys for Billy Garcia (5)


/s/ Orlando Mondragon
Orlando Mondragon
Attorney for Christopher Chavez (8)


/s/ Nathan Chambers
Nathan Chambers
Noel Orquiz
Attorneys for Javier Alonso (9)


/s/ Billy Blackburn
Billy Blackburn
Attorney for Arturo Garcia (10)


/s/ Larry Hammond
Larry Hammond
Margaret Strickland
Attorneys for Jerry Montoya (14)


/s/ Jacqueline  Walsh
Jacqueline  Walsh
Steven Almanza
Attorneys for Timothy Martinez (16)


/s/ Amy E. Jacks
Amy E. Jacks
Richard Jewkes
Attorneys for Daniel Sanchez (18)


/s/ George A. Harrison
George A. Harrison
Attorney for Gerald Archuleta (19)


/s/ B.J. Crow
B.J. Crow
Attorney for Conrad Villegas (20)


/s/ Theresa Duncan
Theresa Duncan
Marc M. Lowry
Attorneys for Anthony Ray Baca (21)

*/s/ Amy Sirignano*
Amy Sirignano
Attorney for Christopher Garcia (24)

*/s/ Michael V. Davis*
Michael V. Daviz
Attorney for Carlos Herrera (25)

*/s/ Ryan J. Villa*
Ryan J. Villa
Attorney for Rudy Perez (27)

*/s/ Erlinda O. Johnson*
Erlinda O. Johnson
Attorney for Santos Gonzales (28)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was emailed by CM/ECF to counsel of record this 23rd day of May, 2016.

*/s/ Billy R. Blackburn*
Billy R. Blackburn

DNM 462

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 1 of 123
Case 2:15-cr-04268-KG Document 322 Filed 03/23/16 Page 1 of 123   1
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 308

```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW MEXICO
 2

 3   UNITED STATES OF AMERICA,

              Plaintiff,
 4
 5       vs.                    CRIMINAL NO. 15-4268 KG

 6   ANGEL DeLEON, et al.,

 7            Defendants.

                                and
 8
 9   UNITED STATES OF AMERICA,

10            Plaintiff,

11       vs.                    CRIMINAL NO. 15-4269 KG

12   MAURICIO VARELA, et al.,

13            Defendants.

14                              and

15   UNITED STATES OF AMERICA,

16            Plaintiff,

17       vs.                    CRIMINAL NO. 15-4275 KG

18   CHRISTOPHER GARCIA,

19            Defendant.

20        TRANSCRIPT OF MOTIONS FOR PROTECTIVE ORDERS HEARING
            BEFORE THE HONORABLE KENNETH J. GONZALES
21           THURSDAY, MARCH 3, 2016; 1:33 P.M.
               LAS CRUCES, NEW MEXICO 88001
22
     REPORTED BY:  Danna Schutte Everett, CRR, RPR, RMR, CCR 139
23                 United States Court Reporter
                   100 N. Church Street, Las Cruces, NM  88001
24                 Phone:  (575) 528-1656  Fax:  (575) 528-1645
                   dannadawn@comcast.net
25        Proceedings recorded by mechanical stenography;
     transcript produced by computer.
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

```
 1    DEFENDANTS NOT PRESENT

 2    FOR THE UNITED STATES:

 3         UNITED STATES ATTORNEY'S OFFICE
           555 South Telshor, Suite 300
 4         Las Cruces, New Mexico  88011
           BY:  MS. MARIA YSABEL ARMIJO
 5              MR. RANDY M. CASTELLANO

 6    FOR THE DEFENDANT JOE GALLEGOS:

 7         BENJAMIN LAW FIRM
           747 E. San Antonio, Suite 203
 8         El Paso, Texas  79901
           BY:  MR. BROCK BENJAMIN, Telephonically
 9
      FOR THE DEFENDANT EDWARD TROUP:
10
           THE HARBOUR LAW FIRM, PC
11         Post Office Box 13268
           El Paso, Texas  79913
12         BY:  MS. CORI ANN HARBOUR-VALDEZ
                and
13         PATRICK J. BURKE, PC
           999 18th Street, Suite 2055
14         Denver, Colorado  80202
           BY:  MR. PATRICK J. BURKE, Telephonically
15
      FOR THE DEFENDANT LEONARD LUJAN:
16
           MR. RUSSELL DEAN CLARK
17         Post Office Box 576, Suite 4
           Las Cruces, New Mexico  88004
18
      FOR THE DEFENDANT BILLY GARCIA:
19
           BOWLES LAW FIRM
20         Post Office Box 25186
           Albuquerque, New Mexico  87125-5186
21         BY:  MR. JASON BOWLES
                and
22         CASTLE & CASTLE, P.C.
           1544 Race Street
23         Denver, Colorado  80206
           BY:  MR. JAMES A. CASTLE, Telephonically
24
      FOR THE DEFENDANT EUGENE MARTINEZ:
25
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

DNM 464

```
 1          GORENCE & OLIVEROS, PC
            1305 Tijeras, Northwest
 2          Albuquerque, New Mexico  87102
            BY:  MR. ROBERT GORENCE
 3               and
            KILMER, LANE & NEWMAN, LLP
 4          1543 Champa Street, Suite 400
            Denver, Colorado  80202
 5          BY:  MR. DAVID A. LANE, Telephonically

 6     FOR THE DEFENDANT ALLEN PATTERSON:

 7          MR. JEFFREY C. LAHANN
            Post Office Box  16682
 8          Las Cruces, New Mexico  88004
                 and
 9          THE LINDER FIRM
            3500 Maple Avenue, Suite 400
10          Dallas, Texas  75219
            BY:  MR. PHILLIP A. LINDER, Telephonically
11
       FOR THE DEFENDANT CHRISTOPHER CHAVEZ:
12
            MR. ORLANDO MONDRAGON
13          1028 Rio Grande
            El Paso, Texas  79902
14
       FOR THE DEFENDANT JAVIER ALONSO:
15
            MR. NOEL ORQUIZ
16          Post Office Box 971
            Deming, New Mexico  88031
17               and
            NATHAN D. CHAMBERS, LLC
18          999 18th Street, Suite 2055
            Denver, Colorado  80202
19          BY:  MR. NATHAN D. CHAMBERS, Telephonically

20     FOR THE DEFENDANT ARTURO ARNULFO GARCIA:

21          MR. BILLY R. BLACKBURN, Telephonically
            1011 Lomas Boulevard, Northwest
22          Albuquerque, New Mexico  87102

23

24

25
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 4 of 123    4
Case 2:15-cr-04268-JB Document 322 Filed 03/23/16 Page 4 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 311

```
 1    FOR THE DEFENDANT BENJAMIN CLARK:

 2         STEPHEN E. HOSFORD, P.C.
           Post Office Box 420
 3         Arrey, New Mexico  87930
           BY:  MR. STEPHEN E. HOSFORD
 4
      FOR THE DEFENDANT RUBEN HERNANDEZ:
 5
           MR. PEDRO PINEDA
 6         Post Office Box 13447
           Las Cruces, New Mexico  88013
 7
      FOR THE DEFENDANT JERRY ARMENTA:
 8
           MITCHELL LAW OFFICE
 9         Post Office Box 2460
           Ruidoso, New Mexico  88345
10         BY:  MR. GARY MITCHELL, Telephonically

11    FOR THE DEFENDANT JERRY MONTOYA:

12         McGRAW & STRICKLAND
           165 West Lucero Avenue
13         Las Cruces, New Mexico  88005
           BY:  MS. MARGARET STRICKLAND
14              and
           OSBORN MALEDON, PA
15         2929 N Central Avenue, Suite 210
           Phoenix, Arizona  85012-2794
16         BY:  MR. LARRY A. HAMMOND, Telephonically

17    FOR THE DEFENDANT MARIO RODRIGUEZ:

18         LAW OFFICE OF SANTIAGO D. HERNANDEZ
           1219 E. Missouri
19         El Paso, Texas  79902
           BY:  MR. SANTIAGO DAVID HERNANDEZ
20
      FOR THE DEFENDANT TIMOTHY MARTINEZ:
21
           MR. STEVEN LORENZO ALMANZA
22         Post Office Box 1660
           Las Cruces, New Mexico  88004
23              and
           WALSH & LARRANAGA
24         705 Second Avenue, #501
           Seattle, Washington  98104
25         BY:  MS. JACQUELINE K. WALSH, Telephonically
```

DNM 466

Case 2:15-cr-04268-JB  Document 541-1  Filed 05/23/16  Page 5 of 123  5
Case 2:15-cr-04268-JB  Document 322  Filed 03/23/16  Page 5 of 123
Appellate Case: 20-2058  Document: 010110415662  Date Filed: 09/29/2020  Page: 312

```
 1    FOR THE DEFENDANT MAURICIO VARELA:

 2         MS. MARY STILLINGER
           4911 Alameda Avenue
 3         El Paso, Texas  79905
                and
 4         MR. MICHAEL DAVID LINDSEY
           7887 East Bellview Avenue, Suite 1100
 5         Englewood, Colorado  80111

 6    FOR THE DEFENDANT DANIEL SANCHEZ:

 7         MR. RICHARD JEWEKS
           701 N. Saint Vrain Street
 8         El Paso, Texas  79902
                and
 9         LAW OFFICE OF AMY E. JACKS
           315 E. Eighth Street, #801
10         Los Angeles, California  90014
           BY:  MS. AMY E. JACKS
11
      FOR THE DEFENDANT GERALD ARCHULETA:
12
           MR. GEORGE A. HARRISON
13         1990 E. Lohman, Suite 121
           Las Cruces, New Mexico  88001
14
      FOR THE DEFENDANT CONRAD VILLEGAS:
15
           CROW LAW FIRM
16         400 N. Pennsylvania Avenue
           Suite 1150
17         Roswell, New Mexico  88201
           BY:  MR. B.J. CROW, Telephonically
18
      FOR THE DEFENDANT ANTHONY RAY BACA:
19
           MS. THERESA M. DUNCAN
20         515 Granite, Northwest
           Albuquerque, New Mexico  87102
21
      FOR THE DEFENDANT ROBERT MARTINEZ:
22
           McELHINNEY LAW FIRM, LLC
23         Post Office 1945
           Las Cruces, New Mexico  88004
24         BY:  MR. CHARLES J. McELHINNEY

25
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 6 of 123
Case 2:15-cr-04268-RB Document 322 Filed 03/23/16 Page 6 of 123      6
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 313

```
 1    FOR THE DEFENDANT ROY PAUL MARTINEZ:

 2         MS. MARCIA J. MILNER
           Post Office Box 1450
 3         Las Cruces, New Mexico  88001

 4    FOR THE DEFENDANT CHRISTOPHER GARCIA:

 5         LAW OFFICE OF AMY SIRIGNANO, PC
           5901J Wyoming Boulevard, Northeast, #250
 6         Albuquerque, New Mexico  87109
           BY:  MS. AMY SIRIGNANO, Telephonically
 7
      FOR THE DEFENDANT DAVID CALBERT:
 8
           THE ROMERO LAW FIRM, PA
 9         1001 Fifth Street, Northwest
           Albuquerque, New Mexico  87102
10         BY:  MR. ROMAN R. ROMERO, Telephonically

11
      Also Present:  Mr. Mark Myers, Case Agent
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

DNM 468

```
 1              THE COURT:  Okay.  Good afternoon, everyone.  Please
 2    be seated.
 3              All right.  We are on the record in open court in
 4    part and telephonically in United States versus DeLeon, et al,
 5    that's 15-CR-4268, United States versus Varela, et al., that's
 6    15-CR-4269, and United States versus Garcia, 15-CR-4275.
 7              What I would like to do at this particular time is
 8    ask counsel to state their appearance, and I'm going to go down
 9    the list, and as your name is called please just indicate to me
10    that you are here.  Okay?  So it's basically going to be a roll
11    call.  You just did that with my CRD, but now we're going to do
12    that on the record.
13              Okay.  So first on behalf of Joe --
14              Well, let me just recognize Ms. Armijo and
15    Mr. Castellano are both here for the United States.
16              And so on behalf of Mr. Gallegos, do I have Brock
17    Benjamin present?
18              MR. BENJAMIN:  Here on the telephone, Your Honor.
19              THE COURT:  Okay.  He's here telephonically.
20              On behalf of Edward Troup, Cori Ann Harbour-Valdez
21    and -- who is here in person.
22              MS. HARBOUR:  Your Honor, I'm here on behalf of
23    Mr. Troup, who does not waive his appearance at this hearing.
24              THE COURT:  Okay.  Thank you.
25              MR. BURKE:  Your Honor, and Patrick Burke
```

```
 1    telephonically.

 2                THE COURT:  Yes, sir.  Okay.  Thank you.

 3                On behalf of Mr. Leonard Lujan.

 4                MR. CLARK:  Good afternoon, Your Honor.  Dean Clark

 5    on behalf of defendant.

 6                THE COURT:  Good afternoon, Mr. Clark.

 7                On behalf of Billy Garcia, I see Mr. Bowles.

 8                MR. BOWLES:  Your Honor, Jason Bowles, I'm hear.

 9                THE COURT:  Yes.

10                MR. CASTLE:  Jim Castle appearing telephonically.

11                THE COURT:  Okay.  Thank you.

12                On behalf of Eugene Martinez.

13                MR. GORENCE:  Robert Gorence, Your Honor.

14                THE COURT:  Yes, sir.  And, Mr. Lane, are you on the

15    telephone?

16                MR. GORENCE:  He is not, no.

17                THE COURT:  Apparently he was present during the

18    earlier phone call.

19                MR. LANE:  Can you hear me?

20                THE COURT:  Yes.

21                MR. LANE:  I don't know what happened.  David Lane

22    appearing telephonically.

23                THE COURT:  Okay.  Thank you.

24                And on behalf of Allen Patterson.

25                MR. LAHANN:  Jeff Lahann, Your Honor.
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

DNM 470

```
 1                THE COURT:  All right.

 2                And, Mr. Linder, are you present by telephone?

 3                MR. LINDER:  I'm here, Your Honor.

 4                THE COURT:  Ah, okay.

 5                All right.  Mr. Christopher -- on behalf of

 6   Mr. Christopher Chavez.

 7                MR. MONDRAGON:   Your Honor, Orlando Mondragon on

 8   behalf of Mr. Chavez.

 9                THE COURT:  All right.  On behalf of Javier Alonso.

10                MR. ORQUIZ:  Noel Orquiz, Your Honor.

11                THE COURT:  And, Mr. Chambers, are you on the

12   telephone?

13                MR. CHAMBERS:  Nathan Chambers here telephonically.

14                THE COURT:  Okay.  Thank you.

15                On behalf of Arturo Arnulfo Garcia, Mr. Blackburn,

16   are you on the telephone, sir?

17                MR. BLACKBURN:  Yes, I am, Your Honor.

18                THE COURT:  Good afternoon.

19                And on behalf of Benjamin Clark, Mr. Hosford.

20                MR. HOSFORD:  I'm here, Your Honor.

21                THE COURT:  He is present in court.  All right.

22                On behalf of Ruben Hernandez, Mr. Pineda.

23                MR. PINEDA:  I'm here, Your Honor, on behalf of

24   Mr. --

25                THE COURT:  Good afternoon.
```

```
 1              MR. PINEDA:  Good afternoon.

 2              THE COURT:  On behalf of Jerry Armenta, Mr. Mitchell.

 3              MR. MITCHELL:  Yes, Your Honor, I'm here.

 4              THE COURT:  Okay.  On behalf of Jerry Montoya.

 5              MS. STRICKLAND:  Margaret Strickland on behalf of

 6    Jerry Montoya.

 7              MR. HAMMOND:  Yes, Your Honor, this is Larry Hammond.

 8    I'm here.

 9              THE COURT:  All right.  Mr. Hammond is present on the

10    telephone.  Ms. Strickland is in the courtroom.

11              MS. STRICKLAND:  Good afternoon, Your Honor.  We also

12    don't waive Mr. Montoya's right to be present.

13              THE COURT:  All right.  Thank you.

14              On behalf of Mario Rodriguez.

15              MR. HERNANDEZ:  Good afternoon, Your Honor.  Santiago

16    Hernandez on behalf of Mario Rodriguez.

17              THE COURT:  Okay.  Thank you.

18              On behalf of Timothy Martinez.

19              MR. ALMANZA:  Good afternoon, Your Honor.  Steve

20    Almanza.

21              THE COURT:  Good afternoon.

22              MR. ALMANZA:  I believe learned counsel Ms. Robbins

23    is also -- or Ms. Walsh.

24              THE COURT:  Steven Almanza is present in the

25    courtroom.
```

DNM 472

```
 1              Ms. Walsh, are you on the telephone?

 2              MS. WALSH:  I am.  I'm present by phone.  I can hear

 3    your voice clearly, but it's difficult to hear any of the other

 4    participants.

 5              THE COURT:  I see how that would be.  I'll ensure

 6    that when they speak in the courtroom, that it's into a

 7    microphone for the benefit of everybody who is on the telephone

 8    participating.

 9              On behalf Mauricio Varela.

10              MS. STILLINGER:  Mary Stillinger, Your Honor, and

11    also Dave Lindsey is here from Colorado.

12              THE COURT:  All right.  Good afternoon to both of

13    you.

14              MR. LINDSEY:  Good afternoon, Your Honor.

15              THE COURT:  On behalf of Daniel Sanchez.

16              MR. JEWKES:  Richard Jewkes and Amy Jacks appearing

17    for number 18, Daniel Sanchez.

18              THE COURT:  Okay.

19              MS. JACKS:  Amy Jacks.

20              THE COURT:  All right.  Amy Jacks is here in the

21    courtroom, as well as Mr. Jewkes on behalf of Daniel Sanchez.

22              On behalf of Gerald Archuleta.

23              MR. HARRISON:  George Harrison present.

24              THE COURT:  All right.  Good afternoon, Mr. Harrison.

25              On behalf of Conrad Villegas.
```

```
 1                MR. CROW:  B.J. Crow on the telephone, Your Honor.

 2                THE COURT:  All right.  Good afternoon, Mr. Crow.

 3                MR. CROW:  Good afternoon.

 4                THE COURT:  Are you in Roswell?

 5                MR. CROW:  Yes, sir.

 6                THE COURT:  Okay.  And for Anthony Ray Baca.

 7                MS. DUNCAN:  Theresa Duncan present for Mr. Baca,

 8    Your Honor, who also does not waive his presence.

 9                THE COURT:  Okay.  Good afternoon, Ms. Duncan.

10                On behalf of Robert Martinez.

11                MR. McELHINNEY:  Good afternoon, Your Honor.

12    C.J. McElhinney.

13                THE COURT:  Okay.  Who is present in the courtroom.

14                On behalf of Roy Paul Martinez.

15                MS. MILNER:  Marcia Milner present, Your Honor.

16                THE COURT:  Okay.  Good afternoon.

17                And on behalf Christopher Garcia.  Ms. Sirignano, are

18    you on the telephone?

19                MS. SIRIGNANO:  Yes, Your Honor.  Good afternoon.

20    I'm entering my appearance for 4268 and 4275, Your Honor.

21                THE COURT:  All right.  I'll note that you are

22    present for both cases, on the telephone.

23                And I'll just note that Ms. Stillinger is present on

24    behalf of Mr. Varela in 4269.

25                On behalf of David Calbert, Mr. Romero, are you
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 13 of 123
Case 2:15-cr-04268-KG Document 321 Filed 05/21/16 Page 13 of 123    13
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 320

 1    present?

 2              MR. ROMERO:  Yes, Your Honor.  Roman Romero on behalf

 3    of Mr. Calbert.  I'm communicating through the phone from

 4    Albuquerque.

 5              THE COURT:  Yes, sir.  All right.  Thank you.

 6              And also noting for the record that Mr. McElhinney is

 7    present in 4269 for Mr. Martinez, and Mr. Hernandez is present

 8    in the courtroom in 4269 on behalf of Mr. Mario Rodriguez.

 9              All right.  Thank you for indulging me on that.

10              Obviously, this is an unusual case because of the

11    number of defendants charged and the numbers of attorneys who

12    are representing all these folks, and the fact that we have

13    attorneys who are from various geographical locations,

14    including Las Cruces, El Paso, Ruidoso, Roswell, Albuquerque,

15    Seattle, Dallas, Denver, and I think even St. Louis.  And I may

16    have left out a location.

17              MS. JACKS:  LA.

18              THE COURT:  Los Angeles.  Thank you, Ms. Jacks.

19              So because of that we are having to proceed in a

20    somewhat unusual arrangement here.

21              Now, what I'd like to do is take up the motions that

22    are pending, and I have four motions, and, obviously, the

23    corresponding responses and replies.

24              First, the Government's Motion For Protective Order,

25    that's document 260, there was a supplement filed by the United

 1    States, document 280; the defendants' joint response, that

 2    was -- that is document 281; and then the notice of joinder to

 3    defendants' response, that's as to a single defendant, document

 4    283.

 5            The next motion that I will be taking up is

 6    Defendants' Joint Motion For Protective Order concerning all

 7    defendants' professional visits and correspondence.  That's

 8    document 277.  And I have the response from the United States

 9    to that motion, it's document 284, and then the reply from the

10    defendants that was filed yesterday, document 296.

11            I also have to consider the Defendants' Motion For

12    Due Process at Hearing, that's document 291; and then a --

13    defendant Eugene Martinez's motion for determination of

14    competency.

15            And for that last motion, Mr. Gorence is present and

16    Mr. Lane -- in the courtroom, and Mr. Lane is on the telephone.

17    I'm going to ask that you gentlemen just remain -- I'll take up

18    that motion at the end of this string of hearings this

19    afternoon.

20            Mr. Lane, if you'll just remain on the phone, and

21    then I'll take up that motion probably as the last order of

22    business.  All right, sir?

23            MR. LANE:  No problem, Your Honor.

24            THE COURT:  Okay.  So the way I want to do this,

25    which will be in line with what I stated in my notice last

Case 2:15-cr-04268-JB   Document 543-1   Filed 05/23/16   Page 15 of 123
Case 2:15-cr-04268-KG   Document 532-1   Filed 05/21/16   Page 15 of 123      15
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 322

```
 1    week, is I want to hear from the United States on its motion,

 2    document 280, and then I will hear from Ms. Jacks, who will

 3    argue the response to that motion, and then what I want to do

 4    is make sure that any other defendant or defense counsel who

 5    wishes to add or clarify the position on behalf of your

 6    respective client, I'm going to give you a chance to do that,

 7    whether you're here in the courtroom or you're participating by

 8    telephone.  The way I have to do that, though, to ensure an

 9    orderly process is, I'm just going to just go down the list

10    such as I just did and give you a chance to buy in as you deem

11    appropriate and necessary.  And then we'll do the same thing

12    with the following motion, the defendants' joint motion,

13    hearing first from Ms. Jacks on that motion, hearing

14    Ms. Duncan --

15              MS. DUNCAN:  Yes.

16              THE COURT:  -- on that motion, and then hearing from

17    Ms. Armijo or Mr. Castellano in their response, and then

18    turning back to Ms. Duncan for anything to add to your reply on

19    behalf of all the defendants, and then I'll turn once again to

20    all the -- to counsel and just go down the list.

21              So that, hopefully, will be, I realize, somewhat

22    painstaking, but to ensure everybody has a full and fair

23    opportunity to state a position or clarify, that's the way

24    we'll go forward.

25              All right.  So with those instructions, let's get
```

```
 1    started.
 2              MS. DUNCAN:  Your Honor, I'm sorry, I just was
 3    wondering about defense motion 291, motion for due process.
 4              THE COURT:  Yes.  Definitely.  And that was filed by
 5    Mr. Lane on behalf -- I assume on behalf of all the defendants.
 6    And I want to turn to that at least initially, at least part of
 7    it, as we get started.
 8              Now, Ms. Duncan --
 9              And I'll just ask everyone who's participating by
10    telephone, just as you begin to speak, if you would first just
11    restate your name.  That's for the benefit of just making sure
12    we have an accurate record.  Our reporter knows just about
13    everybody by voice, but not everybody, so for that record let's
14    just try to stick to that.  Just state your name once again as
15    you speak.
16              And everyone in the courtroom, if I can just
17    reiterate, speak into the microphone for the benefit of
18    everybody on the telephone.
19              Okay.  So, Mr. Lane or Ms. Duncan, who would be
20    arguing that motion for due process?
21              MS. HARBOUR:  Your Honor, this is Cori
22    Harbour-Valdez.  I would like Mr. Lane to take the lead, if
23    possible.  I'm happy to address it.  I would like to state for
24    the record that we didn't receive notice that this hearing was
25    set for today.  The hearing notice that we received only
```

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 17 of 123
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 324

17

```
 1   referenced the two protective orders.  And so I'd like that to

 2   be made clear, that that notice wasn't part of the hearing

 3   notice that we received.

 4           THE COURT:  Yeah.  Okay.  Well, all right.  That's

 5   fine.  Ms. Duncan did include some concern in her response on

 6   the issue of presence of counsel at this hearing.  So, did I

 7   get that right?

 8           MS. HARBOUR:  Presence of the defendants, most

 9   importantly.

10           THE COURT:  Presence of the defendants at this

11   hearing.  Ms. Duncan.

12           MS. DUNCAN:  Yes, Your Honor.  I think in the

13   footnote to our reply we had raised the issue of our clients

14   not being present, which is also an issue in the motion for due

15   process.  I mean, our concern is that there are factual

16   allegations in the Government's motion for protective order,

17   also factual allegations in this response.

18           UNIDENTIFIED SPEAKER:  We're having as really hard

19   time on the phone hearing any of this.

20           THE COURT:  Yeah, let me just -- That will be fine.

21   So Ms. Duncan is going to take the podium where the microphone

22   is located.

23           MS. DUNCAN:  And I'd like to defer to Mr. Lane, who

24   wrote the motion, and also Ms. Harbour, who I think was

25   prepared to argue it.
```

DNM 479

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 18 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 325

18

```
 1              But in our reply for the defense motion for
 2    protective order, we raised in a footnote this issue of our
 3    clients not being present.  And our concern is, first, that our
 4    clients -- I can speak on behalf of Mr. Baca, who would like to
 5    be present for all proceedings in this case, given particularly
 6    that he's facing potential capital charges, but with respect to
 7    the two motions for protective order, the Government in its
 8    motion has alleged factual allegations against Mr. Baca, and so
 9    we would object to the Court considering those factual
10    allegations in his absence, because I -- I just can't respond
11    to them without the assistance of my client.
12              Also, in the response to our motion for protective
13    order, there are allegations against specific defendants, and I
14    think that their counsel would be hamstrung in responding to
15    those sorts of allegations without their clients' presence.
16              With respect to the defense motion, I think as we
17    pointed out in our reply, the Court really doesn't need to
18    address the Government's allegations, because even assuming
19    that they're true, they don't change the nature of our request
20    in any way.
21              Thank you.
22              THE COURT:  Okay.  Thank you, Ms. Duncan.
23              Mr. Lane, would you want to add anything to what you
24    put in your motion?
25              MR. LANE:  Well, you know, if -- if given a chance, I
```

```
 1    would simply, basically, just reiterate everything that I've

 2    said in the motion.  We all object to the lack of presence of

 3    all of our clients.  This is not a mere ministerial kind of a

 4    hearing.  It is of critical importance to the entire case, and

 5    from a nonlegal perspective, but from a practical perspective,

 6    having the defendants here to see what's going on and to see

 7    their lawyers in court actually representing them and fighting

 8    for them just, in fact, not only is greatly beneficial to the

 9    attorney-client relationship, I think it would be beneficial

10    for all parties, the prosecutors, the Court, as well, because

11    there has got to be a level of trust between counsel and client

12    that is frequently lacking in these kinds of cases, in part

13    because things are going on behind the defendants' backs that

14    they have no ability to see with their own eyes.

15            I've said all that in the pleading, and beyond that

16    in the pleading I think I'll just stand on the record.

17            THE COURT:  Mr. Lane, if the matter was purely as a

18    matter of law, would you agree, though, that counsel would

19    be -- in those hearings be in the courtroom without the client

20    and would be similarly -- well, the issues you raise would be

21    presented in a hearing that would be purely as a matter of law,

22    I guess is what I'm trying to say, and in that regard this

23    hearing is not so much different from that instance?  What

24    would you say about that?

25            MR. LANE:  Well, clearly, the law says if it is
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 20 of 123
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 327

29

```
 1   purely a matter of law it's within the sound discretion of the
 2   trial Court to determine whether or not to bring in the
 3   defendants.
 4           The issue of a protective order, though, is a mixed
 5   question of law and fact, so I -- I can speak for all the
 6   defendants and their counsel, that we will object to any fact
 7   finding on the record today, any factual arguments on the
 8   record today, any reference to facts anywhere in the record
 9   today.
10           And, yes, as a matter of law, if a purely legal issue
11   is being discussed, the defendants are not required to be
12   present.  But I think my last comment, though, was that it
13   would probably be to everyone's benefit if they were present
14   simply for the reasons I've previously stated.
15           THE COURT:  All right.  Ms. Armijo.
16           MS. HARBOUR:  Your Honor, may I just add one thing on
17   that?  We're also concerned that the Court entered an order
18   unsealing today's hearing and allowing --
19           MS. SIRIGNANO:  I'm sorry, we can't hear on the
20   phone.  Apologies, Your Honor.
21           MS. HARBOUR:  I'm sorry.  Cori Harbour-Valdez on
22   behalf of Edward Troup.
23           Our other concern is that the Court unsealed today's
24   hearings, allowing members of the public, press, and victims to
25   attend, and basically prohibiting those whose lives are at
```

```
 1   stake, and we think a balancing act should have allowed if

 2   members of the public to attend, most certainly those whose

 3   lives are at stake today.

 4            THE COURT:  Okay.  Thank you, Ms. Harbour.

 5            Ms. Armijo, do you want to add anything to what you

 6   put in your response as to presence of counsel and presence of

 7   the defendants?

 8            MS. ARMIJO:  Your Honor, just a couple things to

 9   note.  I noticed Mr. Lane indicated that he speaks on behalf of

10   all defendants, and I know personally from speaking from some

11   counsel that they would have waived their clients' appearance

12   for today, so I don't know that -- if that needs to be cleared

13   up, but I do know that there are some defendants who do not

14   want to be here today.

15            MR. LANE:  I can clarify, Your Honor.  I technically

16   speak only for the defendants that signed on to the pleading.

17   I think we were unable to get a response from various counsel,

18   so it was unclear.  And maybe I am assuming things that are not

19   true, but I assume every defense counsel wants their client to

20   be present in a matter of this kind of importance.

21            MS. ARMIJO:  The other issue that I think is

22   important, given that it's something that's throughout the

23   pleadings and everyone is treating this as if it is a

24   death-penalty case, we would argue that it is not a

25   death-penalty case yet.  In fact, I have an update for the
```

DNM 483

```
 1   Court.
 2            As to all defendants, they have made it past the
 3   committee and it is now, basically, on its way to the Attorney
 4   General.  Although I can't say whether a recommendation was, I
 5   think that everybody here would know that if there was a
 6   committee hearing or if mitigation was requested we would -- we
 7   would have done that by now, so no mitigation was requested,
 8   there has not -- there will not be a hearing set as to any
 9   defendants, and it will soon be on its way to the Attorney
10   General, so we should have within a matter of just a few weeks,
11   hopefully -- this Attorney General is new, and so we don't
12   really have --
13            MS. SIRIGNANO:  Your Honor, I apologize.  We're
14   having a really hard time hearing on the phone.
15            THE COURT:  All right.  Thank you.
16            MS. ARMIJO:  This Attorney General is new, and so I
17   don't have a gauge of how quickly she will sign off on things,
18   so to speak, or make her decision, but we are hopeful that it
19   will be soon.
20            THE COURT:  Okay.  Well, as the Indictment is
21   currently framed, there's good reason to just proceed as though
22   this is a death-penalty case until we hear otherwise.  And I
23   realize there has to be a notice one way or another, whether to
24   seek or no seek, but we have serious penalties still
25   potentially available, and so we'll just proceed with that
```

```
 1   assumption.

 2              Thank you, though, for that clarification.  I was

 3   going to ask you about that, Ms. Armijo, and I was also going

 4   to ask you in a moment whether you can update the Court and

 5   everybody present on the discovery process, where we are.  I

 6   realize we may be log-jammed because of this litigation, but in

 7   any event, I'll be turning to you in just a moment.

 8              Let me thank Ms. Duncan, Mr. Lane, and Ms. Harbour

 9   for that argument.

10              Let me acknowledge here quite clearly Federal Rule of

11   Criminal Procedure 43(b)(3) states that a criminal defendant

12   must be present at every stage of trial; however,

13   Subsection (b)(3) of Rule 43 provides that a criminal defendant

14   need not be present if the proceeding involves only a

15   conference or a hearing on a question of law.  And that's been

16   made clear by Mr. Lane and Ms. Duncan and Ms. Harbour.

17              The Tenth Circuit has explained that the exclusion of

18   a defendant from the courtroom during argument on a question of

19   law does not violate defendant's constitutional right to be

20   present at every step of the proceedings.

21              Now, here I'm quoting what may be familiar to you in

22   Deschenes versus United States, 224 F.2d 688 at 693.  Although

23   Rule 43(b)(3) does not define the term "question of law," the

24   Fourth Circuit, for example, refers to Black's Law Dictionary

25   to define the term as typically referring to, quote, an issue
```

1   to be decided by the judge concerning the application or

2   interpretation of the law.  There, I'm citing Gonzales-Flores,

3   701 F.3d 112 at 116.  That's a 2012 case.

4           That Court continues that "An issue can be a

5   'question of law,' moreover, 'although it may turn on a factual

6   point' so long as it 'is reserved for the court and excluded

7   from the jury."  In that particular case, it was in the context

8   of a jury.

9           Here, the Court continues, "Rule 43 affords a

10  district court the discretion to decide whether a defendant

11  must be present in order for the proceeding to be conducted

12  efficiently and fairly."  There, my pinpoint is page 119.

13          The intent of Rule 43(b)(3) is to allow courts to

14  engage in trial-management functions without the need to have

15  criminal defendants present at every pretrial hearing.  There

16  again, page 119.

17          On the other hand, a criminal defendant must be

18  present at a pretrial proceeding in which the Court is required

19  to make factual resolutions based on testimony presented at the

20  proceeding.

21          Now, I have reviewed what Mr. Lane and Mr. Gorence,

22  together, have provided in their briefing, with particular

23  citation to Rohrbough versus Harris, 549 F.3d 1313 at 1316,

24  that's Tenth Circuit, 2008, where, in a civil case, for the

25  proposition that a motion for protective order is a mixed

 1    question of law and fact.  Now, the Tenth Circuit there held

 2    that the District Court's application of the Federal Records

 3    Act to the depositions is a mixed question of law and fact, but

 4    there is no disputed historical facts.  And so the Tenth

 5    Circuit applied for that case a de novo review.  I understand

 6    what the proposition is, although I didn't find that case

 7    particularly helpful or applicable.

 8            So, I'm making the following findings.  Bear in mind,

 9    ladies and gentlemen, my scheduling order from January set a

10    discovery deadline for March 25th.  There -- At that time, when

11    I entered the order, some discovery had already been disclosed,

12    but the bulk of discovery I am certain has not been disclosed,

13    so we have a deadline that is really just coming around the

14    corner.  That is one of the very important reasons that I

15    wanted to have this hearing just as early as possible, to get a

16    ruling and to get discovery moving, and that's for the benefit

17    of your clients so that there is no undue delay.

18            Now, the Court's hearing on the respective motions

19    for protective order is not an evidentiary hearing in which

20    evidence and testimony will be taken.  The purpose of this

21    hearing is to determine how to disclose sensitive materials to

22    defense counsel in a way that satisfies the constitutional

23    rights of defendants and the security concerns of the

24    prosecution.

25            Now, that determination does not require this Court

```
1    to make any factual decisions for which defendants must be

2    present.  Instead, the purpose of this hearing requires a

3    rule -- the Court to apply Rule 16(d)(1) to decide whether and

4    to what extent to enter protective orders.

5              Carrying out its trial-management functions, this

6    Court must also take into account the logistics of having all

7    defendants present at the trial, which I would reiterate is 24

8    in number, located in Otero County, Luna County, Dona Ana

9    County, and other locations, and that this hearing is to be

10   conducted in a fair and efficient way, and that the defendants

11   need not be present.

12             So, my conclusion is that Rule 43(b)(3) in this

13   context does not require the attendance of the defendants.

14             Now, there was the notion and the consideration of

15   due process or the due process considerations.  Here, let me

16   cite United States versus Gagnon.  That's 470 U.S. 522 at 526.

17   That's a 1985 case.  And the Supreme Court in that case noted

18   that the presence of a defendant is a condition of due process

19   to the extent that a fair and just hearing would be thwarted by

20   his absence, and to that extent only.

21             Now, the right is not absolute.  The defendant's

22   presence must bear "a relation, reasonably substantial, to the

23   fullness of his opportunity to defend against the charge."

24   Now, there I'm quoting Kentucky versus Stincer, 482 United

25   States Reporter 730 at 745.
```

27

```
 1              Now, the Tenth Circuit has explained that "Due
 2    process guarantees [a defendant's] presence only when his
 3    presence would be helpful at the proceeding he seeks to
 4    attend -- that is, only 'if his presence would contribute to
 5    the fairness of the procedure.'"  There, I'm citing United
 6    States versus Beierle, 810 F.3d 1193 at 1199.  That's a 2016
 7    case.
 8              The Tenth Circuit has noted that "The Supreme Court's
 9    focus was on whether the defendant could have assisted at the
10    proceeding...from which the defendant was absent."  It's not
11    just a matter -- I'm breaking off the quote here.  It's not
12    just a matter of being present, it's really whether the
13    defendant could contribute.
14              Turning back to the quote, "Due process does not give
15    a defendant a right to be present at a proceeding just so he
16    can gather information for later use," unquote, and that is
17    from Beierle.
18              Okay.  So for that assessment my finding is that I've
19    considered the purpose of this hearing is to determine how to
20    disclose sensitive materials to defense counsel in a way that
21    satisfies the constitutional rights of the defendants and the
22    security concerns of the prosecution, which include the
23    question of whether the sensitive information can be
24    disseminated at all to the defendants, and the presence of
25    defendants will not contribute to a fair and just hearing, and
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 28 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/23/16 Page 28 of 123          28
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 335

```
 1   my finding includes that the defendants' presence will not

 2   reasonably aid in the defense of their charges in any

 3   substantial way, focusing on the question that's in front of

 4   me, and that's whether a protective order is appropriate in

 5   either the -- for either the defense or the prosecution.

 6          Now, my conclusion is that due process in this

 7   instance does not require the presence of the defendants at

 8   this particular hearing.

 9          All right.  Counsel, you've made your record both in

10   writing and in open court.

11          Now, let me -- I want to make sure that everybody has

12   had an opportunity to state their position or any position they

13   want to clarify at this particular time.  Here, I'm just going

14   to go down the list.

15          So on behalf of Mr. Gallegos, Mr. Benjamin.

16          MR. BENJAMIN:  Brock Benjamin, Your Honor.  And we

17   would join what Mr. Lane and Ms. Harbour have articulated.

18          THE COURT:  Okay.  Do you have anything to add?

19          MR. BENJAMIN:  No, Your Honor.

20          THE COURT:  All right.  On behalf of Mr. Troup.

21          MS. HARBOUR:  Your Honor, Cori Harbor-Valdez.  I have

22   nothing more to add.

23          THE COURT:  All right.  On behalf of Mr. Leonard

24   Lujan.

25          MR. CLARK:  Your Honor, Dean Clark.  I have nothing
```

```
 1    to add.

 2              THE COURT:  On behalf of Billy Garcia.

 3              MR. BOWLES:  Your Honor, nothing to add.

 4              THE COURT:  On behalf of Eugene Martinez.

 5              MR. LANE:  David Lane and Robert Gorence.  And we've

 6    already spoken, Your Honor.

 7              THE COURT:  Yes, sir.

 8              On behalf of Allen Patterson.

 9              MR. LAHANN:  Jeff Lahann.  And we have nothing to

10    add.

11              UNIDENTIFIED SPEAKER:  Your Honor, we can't hear

12    what's being said in the courtroom by the attorneys.

13              THE COURT:  All right.  Bear with us.  I'll just ask

14    the folks on the telephone to bear with us.  We have quite a

15    large group here in the courtroom and microphones throughout

16    the courtroom but not necessarily in front of each attorney.

17    So I'll just ask each attorney to step up to the microphone, if

18    you can.

19              That was Mr. Lahann.

20              MR. LAHANN:  Yes, Your Honor.  On behalf of

21    Mr. Patterson, we have nothing to add.

22              THE COURT:  All right.  Thank you.

23              On behalf of Mr. Christopher Chavez.

24              MR. MONDRAGON:  Orlando Mondragon, Your Honor.  We

25    have nothing to add.
```

Case 2:15-cr-04268-JB   Document 541-1   Filed 05/23/16   Page 30 of 123
Case 2:15-cr-04268-KG   Document 322   Filed 05/21/16   Page 30 of 123   30
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 337

```
1              THE COURT:  On behalf of Javier Alonso.

2              MR. ORQUIZ:  And, Your Honor, Noel Orquiz.  We have

3    nothing to add.  I just want to make it clear that Mr. Alonso

4    also objected to his not being here and to his learned counsel

5    not being authorized to travel for this hearing.

6              THE COURT:  All right.  Thank you.

7              On behalf of Mr. Arturo Garcia.  Mr. Blackburn?

8              MR. BLACKBURN:  I'm sorry, Your Honor, Billy

9    Blackburn.  I have nothing further to add, other than the

10   comments that have been made today and the written briefs.

11             THE COURT:  Okay.  Thank you, sir.

12             On behalf of Mr. Benjamin Clark.

13             MR. HOSFORD:  Nothing to add, Your Honor.

14             THE COURT:  That was Mr. Stephen Hosford.

15             On behalf of Ruben Hernandez.

16             MR. PINEDA:  Your Honor, Pedro Pineda on behalf

17   Mr. Hernandez.  Nothing to add, Your Honor.

18             THE COURT:  Okay.  Thank you.

19             On behalf of Mr. Armenta.  Mr. Mitchell.

20             MR. MITCHELL:  Your Honor, Gary Mitchell.  I have

21   nothing further to add.

22             THE COURT:  All right.  Thank you.

23             On behalf of Mr. Jerry Montoya.

24             MS. STRICKLAND:  Margaret Strickland, Your Honor.  So

25   in considering the defendants' joint notion for a protective
```

```
 1   order, specific allegations were made against Mr. Montoya.  Is
 2   the Court disregarding those, or I just want to clarify?
 3            THE COURT:  Yeah, I'm going to get to that motion.
 4   For now, I just want to make clear what my ruling is as to the
 5   defendants' presence.  So we'll speak to that in just a moment
 6   when I turn to that motion.
 7            MS. STRICKLAND:  Okay.  Then we object to him not
 8   being here if the Court's going to consider those facts.  Thank
 9   you.
10            THE COURT:  All right.  Thank you.
11            All right.  On behalf of Mr. Mario Rodriguez.
12            MR. HERNANDEZ:  Santiago Hernandez, Your Honor.
13   Nothing to add.
14            THE COURT:  On behalf of Timothy Martinez.
15            MR. ALMANZA:  Steven Almanza, Your Honor.  Nothing
16   further to add.
17            THE COURT:  On behalf --
18            MS. WALSH:  Your Honor, this is Jackie Walsh.  And if
19   I may make one comment in addition to what Mr. Almanza just
20   stated.  At the beginning of this hearing, the Court
21   indicated -- and again it is difficult to hear when appearing
22   by phone -- the Court had indicated something to the effect
23   that there's attorneys from various geographical places, which
24   causes us -- or makes it so that we need to proceed in an
25   unusual way, and I just wanted to note, in particular on behalf
```

1    of our client Timothy Martinez, I was perfectly willing to come

2    to this hearing and appear with my client and for my client,

3    but the Court's order that was entered indicated any attorneys

4    appearing more than a hundred miles shall appear by telephone,

5    so it certainly is not a situation where I voluntarily removed

6    myself from a hearing.

7            And again, we're noting our objection to Mr. Martinez

8    not being present.  And I bring that up again because the

9    Assistant U.S. Attorney, Ms. Armijo, made a comment that some

10   attorneys would have waived their clients' presence, and to be

11   perfectly clear, she is not speaking of our client Mr. Timothy

12   Martinez.

13           Thank you.

14           THE COURT:  All right.  Thank you, Ms. Walsh.

15           And I'll continue down the roll call here.

16           My point in mentioning the distribution, if you

17   would, of attorneys in this case, that was just one example of

18   how this case is unusual.  Not necessarily speaking to whether

19   the defendants or even counsel could be present.

20           Let me just say, though, that on -- as a factor in

21   the timing of the -- well, the timing of this hearing is a

22   factor and the need to meet that deadline for discovery, which

23   is on March 25th, and the logistics involved in gathering up

24   all counsel from whatever location in order to hold a hearing

25   as expeditiously as possible in order to meet that deadline I

```
 1    found -- anticipated would encumber, at least delay the setting

 2    for this hearing.  So that was my view of it.  I appreciate,

 3    though, that every attorney, so far as I know, is willing to be

 4    present physically if that was necessary.

 5              We have hearings quite frequently in criminal cases

 6    via telephone when counsel is out of town, and so oftentimes

 7    that's a matter of convenience and necessity, and this

 8    particular hearing I found to be not outside of that practice

 9    which we have implemented from time to time.

10              Now let me continue.  On behalf of Mauricio Varela,

11    and that would be Ms. Stillinger and Mr. Lindsey, anything to

12    add?

13              MS. STILLINGER:  Nothing to add, Your Honor.

14              THE COURT:  Okay.  On behalf of Daniel Sanchez.

15              MR. JEWKES:  Richard Jewkes and Amy Jacks, Your

16    Honor.  We have nothing to add for Daniel Sanchez.

17              THE COURT:  Okay.  Thank you.

18              On behalf of Gerald Archuleta.

19              MR. HARRISON:  George Harris.  And nothing to add.

20              THE COURT:  All right.  On behalf of Mr. Villegas.

21              MR. CROW:  Your Honor, B.J. Crow.  Nothing to add,

22    but Mr. Villegas does join in that motion, for the record.

23              THE COURT:  Yes, sir.  All right.  On the behalf of

24    Anthony Ray Baca.

25              MS. DUNCAN:  Your Honor, Theresa Duncan.  We have
```

34

```
 1   nothing to add.
 2                 THE COURT:  All right.  Thank you.
 3                 On behalf of Robert Martinez.
 4                 MR. McELHINNEY:  C.J. McElhinney.  Nothing to add on
 5   behalf of Mr. Martinez.
 6                 THE COURT:  On behalf of Roy Paul Martinez.
 7                 MS. MILNER:  Marcia Milner.  Nothing to add, Your
 8   Honor, on behalf of my client.
 9                 THE COURT:  Okay.  On behalf of Christopher Garcia.
10                 MS. SIRIGNANO:  Your Honor, Amy Sirignano appearing
11   telephonically.  I just want to join Ms. Strickland in her
12   objection to the facts in the Government's response document
13   284.  I understand you're going to be getting to that.  And I
14   just want the record to be clear, that on February 17th I filed
15   a notice of unavailability in both cases 4268, that was
16   document 282, and in case 4275, that was document 37, and I
17   would have been present having not been out of state today.
18                 THE COURT:  Yes, ma'am.  Thank you for making
19   yourself available for this hearing, though, even
20   telephonically.
21                 On behalf of David Calbert.
22                 MR. ROMERO:  Roman Romero on behalf of Mr. Calbert.
23   We have nothing to add, Your Honor.
24                 THE COURT:  Okay.  All right.  Let me turn next to
25   the issue that was raised and to some extent has been
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

 1    reiterated, and that goes to the need to have learned counsel

 2    present.  Is there anything else that counsel would want to add

 3    to that particular part of the motion?  I believe that was in

 4    Mr. Lane's motion for due process.

 5            Mr. Lane, is there anything else?

 6            MR. LANE:  Well, Your Honor, I am completely stymied

 7    in any efforts to communicate with my local counsel,

 8    Mr. Gorence, at this point.  We can't, obviously, engage in any

 9    decision making regardless of what happens at the hearing

10    today.  So our ability to consult with each other is stymied as

11    well as my ability as learned counsel to consult with counsel

12    for other defendants, and I think that is extremely important

13    in a situation like this.  So -- And I briefed all that, so I

14    stand by that objection, Your Honor.

15            THE COURT:  All right.  And, Mr. Lane, just to make

16    clear, did you receive notice of this hearing that was filed,

17    document 285, on February 25th?

18            MR. LANE:  Of course.

19            THE COURT:  And since that hearing was set, had you

20    had a chance to consult with Mr. Gorence before this hearing

21    began?

22            MR. LANE:  Yes.  I mean, I have telephone access to

23    Mr. Gorence, but the point I'm making, Your Honor, is that

24    things happen at hearings that require some changes in

25    strategy; the landscape is constantly shifting based on what

```
1    the Government says, based on what the Court says.  You know,

2    we have to consider many alternative plans for virtually

3    unlimited contingencies.  I am unable to do that with

4    Mr. Gorence.  He is unable to do that with me.  We are unable

5    to consult with other counsel, as well.

6              THE COURT:  All right.  Would you want to take a

7    recess at this particular time, Mr. Lane?

8              MR. LANE:  Not at this particular time, Your Honor.

9              THE COURT:  Do you have anything that you would like

10   to speak to Mr. Gorence about at this particular time?

11             MR. LANE:  Not this very moment, Your Honor, but is

12   there some provision that I can do that in the middle of the

13   hearing?

14             THE COURT:  Yeah, let me make that known.  If you

15   would like to consult with co-counsel at any time during this

16   hearing, I'll make that chance available to you, and that would

17   be between as we begin the motions that are the subject of this

18   hearing as well as between the motions that are subject to this

19   hearing.  Just please let me know.  We'll take a ten-minute

20   recess, you can make a call, consult with co-counsel if you

21   deem that necessary, and then we'll continue on with this

22   hearing.

23             And, Mr. Lane, would that be at least in part

24   satisfactory?

25             MR. LANE:  That is better than not being able to
```

Case 2:15-cr-04268-JB Document 1121 Filed 05/23/16 Page 37 of 123
Case 2:15-cr-04268-KG Document 321 Filed 05/21/16 Page 37 of 123    37
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 344

```
1    consult, Your Honor.
2              THE COURT:  All right.  Okay.  So let me -- I
3    mentioned this was going to be somewhat painstaking because of
4    the numbers of attorneys that we have both in the courtroom and
5    on the telephone, so thank you for your indulgence, and we'll
6    get through this.  And the idea here is to get the issues, the
7    motions decided and to give everyone as full an opportunity to
8    state their position as possible.  So please let me know if
9    there is anything else that you would like to do in order to
10   consult with counsel above what I just proposed.
11             All right.  The portion of your motion, Mr. Lane,
12   relating to the need to file a reply and the timing of this
13   hearing impeding that to some extent, I saw the reply filed
14   yesterday.  Is there anything else that I should -- I consider
15   that part of your motion somewhat moot, because I did see the
16   reply filed.  That was document 296, filed on March 2nd.
17             Is there any other argument that you'd like to make
18   with regard to whether counsel can file a reply?
19             MR. LANE:  No, Your Honor.
20             THE COURT:  All right.  Okay.  Taking up first the
21   United States' sealed motion for a protective order, document
22   260, and the corresponding supplement, document --
23             MS. SIRIGNANO:   Your Honor, this is Amy Sirignano.
24   Can I just ask for a point of clarification, please?  Have the
25   pleadings been unsealed or just the hearing?
```

Case 2:15-cr-04268-JB Document 5421 Filed 05/23/16 Page 38 of 123
Case 2:15-cr-04268-KG Document 432-1 Filed 08/21/16 Page 38 of 123

Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 345

38

```
 1            THE COURT:  Well, the question that Ms. Sirignano is

 2   asking is whether the pleadings or the briefings have been

 3   unsealed or just the hearing has been sealed.  My order from

 4   yesterday was just to unseal the hearing.  I was going to get

 5   to the question of whether any of these briefings should be

 6   unsealed, but I was going to take that up at the end of this --

 7   at the end of this hearing, Ms. Sirignano.  So be patient.

 8   I'll get to that in just due course.

 9            MS. SIRIGNANO:  Your Honor, if I may?  Unfortunately,

10   since I'm not in the courtroom, I can't visualize if there are

11   others in the courtroom, and I only raise the concern because

12   if we're going to talk about the substance of the pleadings and

13   if the pleadings themselves are not unsealed, it would seem a

14   bit of a sticky situation if the -- if there are people in the

15   courtroom that are going to be able to listen to the

16   proceedings but the substance of the pleadings themselves are

17   not unsealed.

18            THE COURT:  I recognize that.  What I saw in one of

19   the responses from defense was -- and I think the Government

20   acknowledged that there was some agreement by defense counsel

21   to unseal the hearing only if some of the briefings can also be

22   unsealed.  I want to get to that and actually put that question

23   out to the parties, but I'm not willing -- I'm not ready to do

24   that just yet, Ms. Sirignano.

25            MS. SIRIGNANO:  Thank you, Your Honor.
```

39

```
 1          THE COURT:  Let's see how far we can get with
 2   Ms. Armijo's motion for protective order.  Let me -- And you
 3   may take the podium or the speaker microphone, Ms. Armijo.
 4          Let me say first that I'm interested to hear more, I
 5   think, of what you would propose as good cause for a protective
 6   order.  In your supplement, Ms. Armijo, you listed a number of
 7   items that you are proposing should be sealed, and that's on
 8   page 2 of document 280, and on page 3 you have submitted that
 9   all of the disclosed materials in this case should be subject
10   to a protective order.
11          Now, the response from the defense and their own
12   proposed protective order, you have some agreement there.  It
13   seems as though all the defendants, so far as I know, and the
14   United States agree that some of these items should be or could
15   be or they agree would be under a protective order.  That's the
16   way I read the response from the defense.  And the defense will
17   have an opportunity to clarify.
18          There, as I read their response, it is more to the
19   scope of the protective order.  So I can -- For purposes of
20   argument, I'm going to agree that a protective order is
21   appropriate for the items where you have agreement with defense
22   counsel.  And those items are listed in defense's response,
23   document 281, on page 3, the middle paragraph.
24          There is agreement that some of these items could be
25   confidential, including the defendants' post-arrest statements,
```

DNM 501

```
1    their statements by eyewitnesses, cooperating defendants,

2    confidential Government sources regarding the defendants in

3    these cases, as well as photographs, audio-video recordings

4    that would identify such persons if shared could jeopardize the

5    safety and security of the defendants and other individuals.

6          So there is, as I see in the response, agreement that

7    if there is a protective order, and there seems to be some

8    agreement that there should be, that only the scope of it

9    really is at issue and that the agreement is that these items

10   would be within the scope of the protective order.

11         So what I'm hearing -- what I want to hear from you

12   is the good cause that you propose I should consider in

13   bringing all the other items that you've listed in your

14   supplement within the protective order.

15         I'll tell you first, I'm most interested in things

16   such as the evidence logs, scientific reports, including drug

17   laboratory reports, DNA reports, autopsy reports, hospital

18   medical records, and fingerprint reports, as well as reports of

19   experts, diagrams, expert opinions and curriculum vitae.

20         What would you propose would be the good cause I

21   should consider to bring those within the scope of the

22   protective order?  And I understand what your -- what the

23   sensitivity is and the background that you outlined in your

24   sealed motion, including specific events, including those which

25   Ms. Strickland mentioned.  I don't need to hear anything more
```

DNM 502

1    about that, but I want to hear more specifically why these

2    items that I just mentioned should be protected from copying

3    and ultimately dissemination for the possession of the

4    defendants as they are -- well, while they're in custody.

5         MS. ARMIJO:   Your Honor, I think that what's

6    important to note is -- and I'll go through different things.

7    Drug laboratory reports, I guess -- I guess on its face unless

8    there was something where one defendant was told to another,

9    since this is a racketeering case, that one drug would be sold

10   and a different drug was sold, I guess that could potentially

11   be hazardous.

12        But notwithstanding that, I think what's important in

13   even talking about evidence logs and crime scenes and things

14   like that, which on its face could seem, oh, this is something

15   that the defendant could have, could have different

16   significance for those that are involved in this crime.  For

17   instance, I know that in one of the murders the crime scenes

18   have ligatures.  What if one of those persons that was to have

19   committed this murder at the behest of another one was not to

20   have left that, and those that are involved and know about this

21   murder find out through a crime scene diagram that a ligature

22   was left behind?  Well, that could really put in danger the

23   person that was not supposed to leave that ligature behind.

24        So while a crime scene diagram may seem pretty

25   straightforward, not to put anybody in harm's way, that,

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

DNM 503

42

1    obviously, could have some meaning to one of the persons

2    involved in this case.

3         And I say that -- the same thing with the DNA

4    reports.  We actually do have DNA as to one person in this

5    case, and, again, that could cause harm to that person if it

6    was known that he didn't take the proper steps to take his DNA

7    off of it.

8         Same thing with the fingerprint reports.  If there

9    are fingerprint reports that show that fingerprints were left

10   behind, again, which, as in one of these murders that I can

11   think about, there was specific people that were to clean up

12   the scene, if those people didn't clean up the scene

13   sufficiently and there was evidence left behind, those persons'

14   lives could be put in jeopardy.

15        And I say that because paper is very important in a

16   case like this, which, in order to have a hit proceed, paper

17   has to be given down, and that is what has happened in a lot of

18   these murders.  And, in fact, at least one defendant, if not

19   more, in this case has been charged with their role in bringing

20   down the paper, the documentation to show that a person has

21   violated the SNM code and, thus, to be killed.

22        So -- Let's see.  Autopsy reports.  Autopsy reports

23   actually for the same reasons.  If they were to kill by

24   strangulation, but instead they stabbed a person numerous

25   times, that could go against code, because as we know some of

DNM 504

43

```
1    these earlier homicides are all done by strangulation.  The

2    last murder was done by shanking a person.

3             THE COURT:  Well, Ms. Armijo, here's where I'm having

4    trouble, is the -- these items will all be disclosed to defense

5    counsel, and in order to represent their clients effectively

6    they'll have to show these items to their client.  Now, your

7    proposal is that these items not be photocopied so that the

8    client would not be able to keep them.  But in sharing these

9    items with their client, defense counsel, all these items, this

10   will all be known to the defendant, their clients, including

11   maybe it's a ligature, but it's something that's inescapable

12   from their view if these attorneys are to represent their

13   clients effectively.

14            How do you guard about -- It seems like a protective

15   order as you propose it doesn't safeguard these kinds of

16   concerns.

17            MS. ARMIJO:  Well, yes, it would.

18            MR. LANE:  Before she responds, Your Honor, and I'm

19   sorry to interrupt, I have interpose an objection at this

20   point.  This is David Lane on behalf of Eugene Martinez.  This

21   is precisely the fact-based proffer that is informing the

22   Court.  Facts are being adduced on the record.  The Court is

23   considering factual proffers.  The defendants are not present.

24   That's what we meant when we were talking about this is not

25   simply a question of law.
```

44

```
 1              So I note my objection on behalf of Eugene Martinez,
 2    and I apologize for the interruption.
 3              THE COURT:  All right.  Thank you.
 4              And for everyone, including you, Mr. Lane, I've made
 5    my ruling.  Right now I'm hearing from Ms. Armijo.  You'll get
 6    a chance to state your position or restate your position.  So I
 7    appreciate your indulgence.
 8              Ms. Armijo.
 9              MS. ARMIJO:  Your Honor, they will, obviously, learn
10    of the information from it, but it's different in that when
11    they have an actual piece of paper that is what is important
12    with the SNM.  They actually show the piece of paper to another
13    SNM member, saying, Look, this is how so-and-so violated our
14    code.  He left -- And I'm just using this -- We can even talk
15    about it in hypothetical terms, Your Honor.
16              Hypothetically, if a ligature was left behind, if it
17    is given to defendant A and he has that in his cell, he could
18    bring defendant B into his cell, show him that paper, and that
19    paper would be the violation and would show it.  The hits are
20    called, and they need to be documented, and it's the actual
21    paperwork that is -- that -- what provides the basis for these
22    hits and the documentation.
23              It's not a simple matter of one defendant saying,
24    "Hey, I saw, you know, on my discovery that this happens."
25    They need it verified.  It needs to be documented, and it's an
```

45

```
 1    actual paper that's important, and that's the distinction that
 2    is made.
 3             And it's hard to know, because I know the defense is
 4    saying, well, let's put it on the Government to decide what is
 5    important and what is not important.  One, it's hard to know
 6    what is important now versus what is important later as the
 7    case progresses and defendants proceed to trial or don't
 8    proceed to trial; and, two, although we would like to think
 9    that we know everything about the case, something may escape us
10    and go out there for which we would later be held liable for.
11    And it's a position that we're just not comfortable taking, of
12    being responsible.
13             As for the gang -- I'm sorry.  As to the expert
14    opinions, well, one of those -- I can give you a very good
15    example of expert opinions and the CV.  In one of these charged
16    murders, it was pending in state court, there was a motion to
17    have a gang expert by the name Adam Vigil testify.  There was a
18    hearing in state court on that matter last fall.  As a result
19    of Mr. Vigil's testimony and his declaration of being a gang
20    expert, one of the defendants in a recorded conversation
21    basically wanted to put a hit out on that person, as well.  He
22    is not a listed victim because the person who was putting the
23    hit out on that person, on Adam Vigil, was co-conspiring with
24    cooperators, but he certainly had every intention to take out
25    Adam Vigil.  So in that instance a simple notice or a report
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 46 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/21/16 Page 46 of 123
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 353

46

```
 1    for an expert put Mr. Vigil's life in danger, and we have

 2    that -- a recording of that.  So that is one example of how

 3    expert opinions and CV's can come into play, because it has

 4    come into play in this very case.

 5              THE COURT:  All right.

 6              MS. ARMIJO:  And I know -- Your Honor, at this point,

 7    do you want me to give you an update on where the discovery is?

 8              THE COURT:  I would.

 9              MS. ARMIJO:  Okay.  As you know, we initially gave

10    out 48 pages of discovery that dealt with the Chris Garcia drug

11    case.  It was not in the VICAR case, and that was because the

12    case was set for trial and there was -- it was set for trial in

13    March, actually, and before it was continued we wanted to get

14    out discovery, and we sent out discovery in that case only.  It

15    was 48 pages.

16              After that discovery was sent out, Mr. Garcia's

17    attorney requested the protective order, basically saying, hey,

18    we need to get a protective order out right away, which had

19    always been our intention, of getting a protective order out.

20    None of the discovery in the VICAR, in the 68 matter, had been

21    disclosed.

22              There was a lot of going back and forth between

23    attorneys, and on February 5th Mr. Castellano e-mailed

24    everybody and said, If you all agree that you want us to start

25    disclosing materials now, I believe we have a batch of
```

1    discovery largely focused on Chris Garcia that is ready to go.

2    And again -- And at that point, the trial had been continued

3    until May, and he said, let us know if you object to this

4    disclosure no latter than five today, and Mr. Garcia's attorney

5    objects to any further discovery being disclosed.

6           So with that, I know that more recently one of the

7    defense attorneys contacted Mr. Castellano and indicated that

8    if there could be an agreement that we proceed with discovery,

9    and I believe Mr. Castellano said, well, if you can get every

10   single defense attorney to agree to the protective order

11   temporarily as proposed by the United States, then, you know,

12   this is something we would consider.  And we never heard back

13   from anybody.

14          So at this point in time the only thing that has

15   officially been disclosed is the 48 pages as it relates to the

16   Chris Garcia case.  On our end, we have been proceeding to

17   redact information and proceeding to work with all the

18   different discovery that we have.

19          I can tell you that we've received more discovery

20   from the FBI, things like that, more areas -- documents, so to

21   speak, but nothing has gone out, Your Honor.  And if, in fact,

22   it will be left up to the United States to parcel out things

23   and to review things carefully, it's going to cause a delay and

24   we will not be able to make the March 26th deadline.

25          THE COURT:  So what is the discovery?  I've heard

48

```
 1   estimates of 5,000 pages and various or numerous audio-video
 2   types of recordings.
 3           MS. ARMIJO:  I would say now that we at least would
 4   have at a minimum probably 10,000.  And I'm just basing that on
 5   what I know are various other documents that have come in.  And
 6   we still have a lot of the jail calls, the same amount of calls
 7   and transcripts.  With all the transcripts and everything else,
 8   I would say we easily have probably over 10,000 at a minimum.
 9           THE COURT:  I find -- Okay.  That's significant.
10           What I'm sensitive to, however, is what defense
11   counsel has described as an unduly burdensome process.
12   Assuming that there is a protective order in place that covers
13   everything that you just outlined or anything -- everything
14   that you've proposed in your supplement, what I don't really
15   envision happening very easily is them, number one, spending as
16   much time as necessary to sit with their clients in going over
17   all of these thousands of pages and then taking them back from
18   their client.  Their estimate is many days.
19           And layered on top of that is the difficulty in
20   finding space, because all counsel would have to do that at the
21   very same facilities.  So I think they have a legitimate reason
22   to be concerned, that this process, if all of this is within
23   the scope of the protective order, that in, itself, is going to
24   cause significant delay, and among other things, perhaps.
25           And that's why I am -- I'm happy to know there's
```

49

```
 1    agreement that some of these items should be within the
 2    protective order.  What I'm not amenable to doing is capturing
 3    it all within the protective order.  Everything that you've
 4    outlined and the description that it all has to be --
 5    everything disclosed has to be protected, I don't see how that
 6    works in the -- in a -- to say the least, in an efficient
 7    matter, but perhaps even an effective manner.
 8              MS. ARMIJO:  May I throw out an alternative, Your
 9    Honor?
10              THE COURT:  Yes.
11              MS. ARMIJO:  The Department of Corrections has agreed
12    to provide -- and I guess Mr. Aoki would actually probably be
13    the best one to speak to this, because I'm not sure of the
14    logistics of it, but the Department of Corrections has been
15    willing to provide for each defendant a tablet to which
16    discovery could be downloaded on and it could be held at the
17    facility and checked out by defendants in a room.
18              So, in other words, discovery -- And I don't know how
19    he's going to be dividing it.  We're going to disclose it all
20    one way.  But let's say they disclosed discovery as to
21    Ms. Stillinger's client and he puts it all on a tablet.  That
22    goes to the facility where Ms. Stillinger's client is at, and
23    then her client is allowed no Internet access, obviously, and
24    he would be allowed to go in and then access and view on his
25    own from the tablet items that -- as we agreed to.  And then
```

1    after that the tablet would have to be checked back in.

2            So it wouldn't allow various people to see it at one

3    time.  They'd have to see it as they would alone, not allowing

4    inmates to collaborate together on things.  And certainly with

5    the exception of an inmate having a telephone and being able to

6    take screen shots, it wouldn't create the paper trail that we

7    are so desperately worried about.  Because there hasn't -- I

8    mean, in addition to the incidents that we have listed, there

9    have been two other attempted murders just this week on SNM

10   members directly related to their being witnesses, and one of

11   them directly tied to one of the codefendants in this case

12   that's being investigated.

13           So it's of utmost importance to us that paper trails

14   not leave, and that is why the Department of Corrections is

15   willing to have tablets with the information downloaded.

16           THE COURT:  Tablets plural.  That means how many

17   tablets?

18           MS. ARMIJO:  I believe they're willing to provide a

19   tablet for each defendant.

20           MR. MYERS:  Yes, Your Honor, that's true.

21           THE COURT:  So for the benefit of everyone on the

22   telephone, let me just tell you.  So I'm not sure how much you

23   heard of that, but the proposal is for the Department of

24   Corrections to provide each of your clients with a tablet with

25   all of the discovery that would be uploaded and that would be

DNM 512

```
 1    available within the facility for your client to check out for

 2    a period of time and then checked back in, and that way the

 3    Government's concern as far as distribution of paper would be

 4    met, the client would have at least the information available

 5    to him that is made available to you.  There's no -- And I

 6    heard from the agent, who is sitting at the table, that that is

 7    what the department is willing to do.

 8              MS. ARMIJO:  Yes.  And I have Mark Myers here, who is

 9    one of the co-case agents, and he's with the Department of

10    Correction's, and that is who spoke.

11              THE COURT:  Okay.

12              MS. ARMIJO:  And I will note that statements of

13    cooperating defendants maybe we should keep out of that, but

14    certainly all the other things and some of the more generic

15    discovery certainly could go on that.

16              THE COURT:  Well, is this -- Have you floated this

17    proposal by opposing counsel?

18              MS. ARMIJO:  We have not, Your Honor.  We have not

19    floated it by, because our office's position was that nothing

20    should go back at all, and I was instructed to not, basically,

21    back down on that position; however, if necessary, we would do

22    the -- provide the tablets.

23              THE COURT:  Okay.  So this -- Let me ask.  Is there

24    anything else, Ms. Armijo?

25              MS. ARMIJO:  No, unless you have any further
```

1    questions about the tablet or anything else.

2               THE COURT:  I don't at this particular time.

3               Let me hear from Ms. Jacks.  Let me ask you.  This is

4    a joint -- defendants' joint opposition to the Government's

5    sealed motion for a protective order, and in that briefing,

6    Ms. Jacks, is listed all the items that I earlier described.

7    Is there still agreement among all defense counsel that these

8    items can be within a protective order?

9               MS. JACKS:  Your Honor, I think maybe given the

10   recent disclosures by the Government it might be a good time to

11   take a recess and let us talk and determine what our position

12   is in response.

13              THE COURT:  All right.  That's fine.

14              MS. JACKS:  Thank you.

15              THE COURT:  So for everybody on the telephone, it is

16   20 -- about 18 minutes till the hour, and so we are going to

17   take a --

18              MS. JACKS:  I'm coming back, so I was going to ask,

19   can we have until 3:00, please?

20              THE COURT:  Until 3:00.  We'll take a break until

21   3:00 New Mexico time for those of you outside of this zone.

22   We'll reconvene at the top of the hour.  Now is the time to

23   make telephone calls and consult with your co-counsel.  So

24   please do that, and we'll reconvene at 3:00.

25              Oh, yes.  And, indeed, please do not disconnect from

53

```
 1    the telephone line for those of you on the phone.
 2              MS. HARBOUR:  How can we call our learned counsel if
 3    they don't disconnect?
 4              THE COURT:  Oh, boy.
 5              MR. BLACKBURN:  Judge, this is Billy Blackburn.  It's
 6    going to be difficult for me not to, because I'm appearing -- I
 7    have a hearing in Carrizozo today, so I'm sitting in a parking
 8    lot and able to do this hearing on a cell phone, so it would be
 9    difficult for me to consult with anybody and then not connect
10    and disconnect.
11              I mean, I think one of other things is, obviously,
12    this is -- this is the obvious time that I have no clue if my
13    client knows anything about a tablet, knows anything about a
14    computer, or can even work one of these issues.  So that is --
15    that is another problem.  So that's two of the problems.  But
16    one is me disconnecting.  I'm not going to be able to talk to
17    anybody.
18              THE COURT:  Yeah.  Now, Mr. Blackburn, let me just
19    make very clear, if I can have everybody's attention, the
20    opportunity I'm giving you right now is to consult with
21    co-counsel to the extent you're not in the same room or the
22    same location.
23              So, Mr. Blackburn, for Mr. Arturo Garcia, I don't see
24    that you have co-counsel, so this would not necessarily apply
25    to you.  I'll just ask that you stay on the telephone line and
```

DNM 515

```
1    be ready as we reconvene at 3:00.

2              For everybody else, I'll just ask you to do your best

3    under the circumstances to consult with your co-counsel.  We'll

4    reconvene at 3:00.

5              MS. ARMIJO:  Your Honor, if it's easier, we can step

6    out, the Government can step out.

7              MS. SIRIGNANO:  Your Honor --

8              MS. HARBOUR:  That would be helpful.  Because there's

9    no room --

10             MS. SIRIGNANO:  Are we off the record, Your Honor,

11   or --

12             THE COURT:  All right.  Let me -- Before everybody

13   starts to break away, I'm instructing the prosecutors and all

14   the representatives here for the Government to step out of the

15   courtroom.  This line will remain open so that you can consult

16   amongst yourselves within the group.  To the extent necessary,

17   and, obviously, if you have another way to consult via

18   telephone outside the courtroom, you may do that.  Okay?

19             So we'll be in recess until 3:00.

20         (Court stood in recess at 2:44 p.m. and resumed at

21         3:03 p.m. as follows:)

22             THE COURT:  Okay.  Please be seated.

23             Okay.  We are back on the record.

24             And, Ms. Jacks.

25             MS. JACKS:  Good afternoon, Your Honor.
```

```
 1              During the recess, I think what we talked about, and
 2     I think we're close to an agreement, is what -- I believe what
 3     the defense position is, is, given the Government's offer of
 4     the tablet with all the discovery for each defendant and being
 5     password-protected and the defendants having access to that in
 6     their cell, that's something that the defense would agree to,
 7     and we could -- we could end this hearing right now.  I just
 8     have a couple comments, because I'm not quite sure.  I think
 9     the Government's close to that same position, but not quite
10     there.  So I just want to make a couple of comments.
11              On a couple of occasions, the Court has said that the
12     fact that we offered to agree to a protective order and
13     actually proffered one ourselves meant that we thought the
14     Court should issue a protective order, and that's not really
15     what that means.
16              In the interest of getting the discovery and with the
17     recognition that as to some types of discovery we thought the
18     prosecution could meet their burden of showing good cause that
19     it should be protected, we proffered our protective order as to
20     certain materials.
21              So it's a fine distinction, but we're not admitting
22     that there should be one, but what we're saying is we think the
23     Government, if pressed, could meet their burden of proof to
24     show good cause as to certain types of materials.
25              THE COURT:  Okay.  I read that.  That was my
```

1    inference because you tendered your own protective order, which

2    listed those items.  That's why I came away with that

3    understanding.  But I understand what your point is.

4              MS. JACKS:  Okay.  I appreciate that.

5              I think the other -- the other comment that the

6    Government made is, I guess throughout the Government's

7    argument, it seems like there's a lot of speculation as to how

8    certain materials could potentially be used by the defendants

9    to perform various nefarious activity.

10             The issue in deciding on the protective order for the

11   Court is whether the Government has established good cause, and

12   our position is that they haven't established good cause for

13   anything.  But given that we have or are very close to an

14   agreement, what we would request at this point is that the

15   Court withhold -- or postpone further argument on this issue

16   and withhold ruling for 30 days and give us an opportunity to

17   pursue the tablet situation and see if we can't work the

18   situation out with the Government.

19             THE COURT:  Well, I will say, I will find good cause

20   in some of these items.  I do believe that there is a showing,

21   based on what I've heard and read in the briefing, for example,

22   a statement by a cooperating defendant, I think there's good

23   cause there, so that's-- but that's just one example of many

24   items that the Government seeks to protect.

25             And I agree with you, there still needs to be a

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

DNM 518

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 57 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/23/16 Page 57 of 123          57
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 364

1   showing for many of these items.

2             MS. JACKS:  And I think what our position is, is that

3   if the issue with the Government or that the Government's

4   spoken about so far is the defendants passing paperwork, that

5   issue goes away if the defendants are issued tablets of their

6   own.  There's no way to print from a tablet.  The defendants

7   would have the discovery materials on an electronic device for

8   themselves.  So that's why we're agreeing to accept the tablets

9   if all of the discovery materials are provided on those

10  tablets.

11            THE COURT:  Okay.

12            MS. JACKS:  And then, finally, just in speaking with

13  counsel during the recess, I think everybody wants to reiterate

14  their objection, that much of the Government's argument was

15  fact-based and was factual allegations or factual allegations

16  combined with speculation, and we would note our continuing

17  objection to that, strike it, and finally note that if -- that

18  given those discussions, those are just the type of things that

19  the defendants should be here present to listen to and

20  understand.

21            THE COURT:  Okay.  And that being a motion to strike

22  those representations, let me consider that, although I will

23  note that the courts accept proffers in any number of contexts,

24  and that's at this point what I was viewing this as, as a

25  proffer.

DNM 519

1          All right.  Ms. Armijo.

2          MS. ARMIJO:  Your Honor, I believe that we provided

3   the tablets for the items that were disagreed.  I thought at

4   the beginning, when we started this process, that the defense

5   had agreed that there are certain objects that should clearly

6   be in a protective order and -- the protective order as far as

7   not being allowed for the defendants to have in their position,

8   that, obviously, the main thing being cooperating defendants'

9   statements.

10         So it is our position that those sorts of things,

11  cooperating defendants' statements, should not go on the

12  tablets.  Things that should go on the tablet are the things

13  that the Court has issues with, things -- other things.  And I

14  think, really, it's the cooperators' statements that should not

15  go on the tablet.  With that, they're asking for another 30

16  days to hold this without a protective order.  That means

17  another 30 days without any discovery going out.  And that's

18  one of our concerns in this case.  And if that's what they

19  want, discovery to not go out until an agreement can be met --

20  However, I think that the United States has conceded that --

21  and has come up with a resolution to deal with the Court's

22  concerns about lots of man-hours and everything else, so our

23  position is, cooperators' statements and the items that they

24  had agreed that should not be reproduced not be reproduced.

25  Items -- All other items can go on the tablet.  And with that

```
1    maybe we could start discovery soon, as opposed to wait yet

2    another 30 days.

3              THE COURT:  Tell me specifically -- You mentioned

4    cooperating codefendants' statements.  What other specifically

5    would you want -- or not want, I should say, in the tablet if

6    that is the course that we go?

7              MS. ARMIJO:  Well, I'm referring to page 3 of their

8    document 281 -- yes -- which is items that they had agreed were

9    confidential materials.  And I would say that those items,

10   which they agreed, if shared could jeopardize the safety and

11   the security of defendants or other individuals.  I would

12   propose that those items that they had agreed upon previously

13   still not go on the tablets.  Everything else could go on the

14   tablets.

15             I believe that's what the Court had started out with

16   as far as there was some agreement here at the very beginning.

17             THE COURT:  Well, but I also heard the concern was

18   paper, and this would seem to resolve that concern, there would

19   be no paper.

20             MS. ARMIJO:  This is true, but, I say that if they

21   have the statements to memorize -- and let's say they have pad

22   and paper and they're writing them down and they're saying, "I

23   wrote this down from my discovery and this is what defendant C

24   said about us, and here, you know, on my honor, this is what I

25   copied down from this," then there is created another paper
```

69

```
1    trail.  So that's a concern, because it is -- And again, it's

2    just given the nature of this case and what is currently not

3    only the motive for many of the crimes that are charged, but

4    what is currently ongoing right now this week in this case.

5             THE COURT:  Okay.  Thank you, Ms. Armijo.

6             Just how soon can these tablets be made available?

7             MS. ARMIJO:  I don't know.

8             MR. MEYERS:  Your Honor, I think that we would have

9    to --

10            THE COURT:  Can you speak into the microphone, and

11   just state your name for the benefit of the folks on the call?

12            MR. MEYERS:  Yes, sir, Your Honor.  My name is Mark

13   Myers.  I'm with the New Mexico Corrections Department.

14            I think the time would --

15            UNIDENTIFIED SPEAKER:  Can't hear anything, Your

16   Honor.

17            THE COURT:  All right.  Once again.

18            MR. MEYERS:  I'm sorry.  One more time.  My name's

19   Mark Myers with the New Mexico Corrections Department.

20            Your Honor, I believe that would have to involve a

21   conversation with the third party that's handling the discovery

22   and the vendor.  I believe the vendor could produce the tablets

23   very quickly.  We would just have to ensure that they could be

24   loaded in the time that you would require.

25            THE COURT:  Well, I want to set a deadline, but I
```

DNM 522

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 61 of 123
Case 2:15-cr-04268-KG Document 321 Filed 05/23/16 Page 61 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 368
61

```
 1    want to set a reasonable deadline.  Are we talking about two

 2    weeks or two months?  What are we thinking?

 3            MS. ARMIJO:  Well, as far as getting the tablets, I

 4    think that maybe we could probably get it in two weeks.

 5            MR. MEYERS:  We could easily get the tablets within

 6    two weeks.

 7            MS. ARMIJO:  We would be in possession in two weeks.

 8    The only thing that we don't know is from Mr. Aoki's

 9    standpoint, is him loading up.

10            And the other thing for the Court to consider is that

11    we're doing rolling discovery because we want to get things out

12    right away for people to start digesting.  And so, in a normal

13    situation, we would be sending out discovery every couple days,

14    and so something has to be worked out with Mr. Aoki to where

15    the tablets would then be collected and downloaded again.

16            THE COURT:  Okay.  Let me tell you what I am going to

17    propose, and then I'll hear from each of you as to your

18    position, whether you object to this course.

19            So, I'm going to grant the motion for a protective

20    order insofar as the items listed in document 281, page 3, are

21    listed as items for protection.  Okay?  So those items will be

22    protected under a protective order.

23            Now, I'm going to require you, Ms. Armijo, to confer

24    with opposing counsel on the tablet idea, and to the extent you

25    can agree on what should go on the tablet, please proceed with
```

1  that method.  That's everything else that is not listed on page
2  3 of document 281.
3          Now, anything that you seek to be protected beyond
4  what I just articulated, I'm going to require a motion from you
5  outlining the specific reasons why that particular item should
6  be within -- also within the scope of the protective order.
7  I'll receive that motion and, pursuant to the rule, view that
8  motion and the items ex parte in camera.  All right?
9          Now, let me ask you if you have any questions about
10 that course.
11         MS. ARMIJO:  Just to be clear, anything outside
12 what's listed on page 3 of document 281 will go on the tablet.
13 Correct?
14         THE COURT:  Yes.
15         MS. ARMIJO:  And then the other items --
16         THE COURT:  But let me be clear.  Let me be clear.
17 These items that are listed in page 3, document 281, those
18 shall be disclosed to opposing counsel subject to the
19 protection of my order.  Anything beyond that will also be on
20 the tablet or disclosed to opposing counsel in any form.  What
21 I'm asking you to do is seek agreement on the tablet idea.  But
22 discovery will proceed.
23         If you have determined that there are items beyond
24 what is listed in document 281 that should be protected, you
25 are to file a motion that I will consider in camera ex parte.

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 63 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/23/16 Page 63 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 370

63

1    Did that clarify it?

2              MS. ARMIJO:  With one exception, Your Honor.

3              THE COURT:  Okay.

4              MS. ARMIJO:  The items that go on -- that are outside

5    of document 281, they will go on the tablet, are they still,

6    then, not to be reproduced by paper and provided to the

7    defendants?  In other words, they're to be provided to the

8    defendants and not reproduced.  So in a sense they're under a

9    protective order, as well, it's just that they're going to be

10   allowed to be put on a tablet.  I guess that's my question.

11             MS. SIRIGNANO:  Your Honor, can you repeat the

12   question, please?  We couldn't hear on the phone.

13             THE COURT:  Yes.  So -- I assume that's

14   Ms. Sirignano.  I'll just remind everyone to speak -- on the

15   telephone just to state your name.

16             So what I want to do is make sure all the discovery

17   is turned over.  What I've articulated is what is protected as

18   of today.  That's my order for today.  Okay?

19             The scope of my order for protection is what is

20   listed in document 281, paragraph 3 -- or page 3.  Everything

21   else shall be turned over.  If you turn that over in a tablet,

22   you'll have to articulate to me what should not be provided in

23   the tablet or in any form whatsoever.  That should be subject

24   to the protection order.  I hope that clarified it.

25             MS. ARMIJO:  So if it's outside of -- and I'm sorry,

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 64 of 123
Case 2:15-cr-04268-KG Document 321 Filed 05/24/16 Page 64 of 123     64
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 371

```
1    I just want to make sure -- if it's outside of 281, then the

2    defense can simply share it and reproduce it and do whatever

3    they please with it, so to speak, because it's not under

4    protective order?

5              THE COURT:  Yes.

6              MS. ARMIJO:  Okay.  Well, then, I guess that -- I

7    guess, then, we don't even need the tablet.

8              THE COURT:  Well --

9              MS. ARMIJO:  Because the point of the tablet was that

10   all the -- Our point in giving the tablet was that -- So our

11   position will be, if the Court's order is that this should not

12   be disclosed, then that's fine, we'll just proceed with

13   discovery as normal.  But the point with the tablet was that

14   all of the discovery would be subject to the protective order

15   in not being reproduced and shared.  And so I guess with the

16   Court's order, if the only thing that is not being reproduced

17   is the defendants' statements, then there's no need for the

18   tablets.

19             THE COURT:  Well, let me refine my order, because I'm

20   not sure that's what I'm really setting out to do.  And I

21   apologize, because ultimately what I'm trying to do is get into

22   your hands discovery.  What I'm trying to do is delineate what

23   should be within the scope of the protective order.  I have

24   found good cause for at least some of the items.  Those are the

25   items that are listed in paragraph -- page 3 of document 281.
```

```
 1              Okay.  Is that clear so far?
 2              MS. ARMIJO:  Yes, Your Honor.
 3              THE COURT:  Okay.  Now, what I want to do is leave
 4    open the possibility -- while all of that is ongoing, leave
 5    open the possibility for you, Ms. Armijo, to bring -- to bring
 6    to me whatever concerns you have about any other discovery.
 7              MS. ARMIJO:  Yes.  And that is also clear.  Thank
 8    you.
 9              THE COURT:  Okay.  Now, I see heads nodding.  So let
10    me just go down the roll to give you a chance to tell me
11    whether you object to that proposal.  All right?
12              Okay.  So let me just ask, on behalf of Mr. Joe
13    Gallegos, Mr. Benjamin, do you agree?  Do you object to that
14    proposal?
15              MR. BENJAMIN:  Your Honor, I would -- my concern is,
16    I guess I don't understand.  I'm looking at the -- it's the
17    paragraph on page 281 -- document 281, page 3, that starts out
18    "On February 4th," and that lists certain items that we've gone
19    back and forth and dealt with.  And I guess I'm confused as to
20    what's going to be produced and how it's going to be produced,
21    is the best way that I would say that.  And that's why I
22    understood that if everything was going on the tablet, that
23    would make everything simple, because everything would then be
24    produced and could not be reproduced by the defendants in
25    custody.  And so I apologize, but I'm unclear, Your Honor.
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 66 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 373

66

 1          THE COURT:  Okay.  The tablet idea, that's fine, but

 2   what I'm concerned with is the amount of time it's going to

 3   take to get that tablet, number one, and then get the

 4   information uploaded and then distributed.

 5          So I hear counsel for the defense represent that

 6   you're willing to wait 30 days for that to, perhaps, come

 7   together.  I'm hearing from the prosecutor that it could take

 8   at least two weeks to obtain these tablets and then another

 9   period of time to actually upload the discovery into the

10   tablets, and that period of time is indefinable at this

11   particular time.

12          So what I'm wanting to do is get discovery started so

13   that it is in your hands just as soon as possible.

14          MS. JACKS:  And we appreciate that.  Amy Jacks on

15   behalf of Daniel Sanchez.

16          THE COURT:  Okay.

17          MS. JACKS:  I think maybe the reason we're having a

18   problem --

19          MR. BENJAMIN:  Microphone please.

20          MS. JACKS:  I think maybe the reason we're having a

21   problem wrapping our heads around this is, there's really two

22   issues we're trying to deal with.  One is what's going to be

23   disclosed to the defense counsel as soon as possible, and the

24   other is what are the defendants ultimately going to have

25   access to.

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 67 of 123
Case 2:15-cr-04268-KG Document 321 Filed 03/31/16 Page 67 of 123
Appellate Case: 20-2058     Document: 010110415662     Date Filed: 09/29/2020     Page: 374
67

```
 1              And so what I thought where we kind of were, was that

 2    all the discovery materials would be disclosed to defense

 3    counsel; there would be a protective order as to the materials

 4    that were outlined in a protective order defense counsel

 5    submitted to the Government on February 4th, which is

 6    summarized on page 3 of document 281.

 7              And then my other understanding is that but for those

 8    materials that are -- that are protected, the rest of the

 9    discovery would be loaded on a tablet at some point as soon as

10    practicable to be provided to each defendant to review

11    themselves at their leisure.

12              THE COURT:  As soon as practicable.  Okay.  So...

13              MS. ARMIJO:  And that is -- I believe that -- that,

14    basically, that was our agreement.  I believe the issue was the

15    defense wanted everything.  We did not want what was here on

16    the tablet, but if the defense agrees that it's subject to

17    protective order but for the tablet going in, that way they

18    would have it.  In other words, paper, outside of what --

19    What's outside of document 281, page 3, if it's on the tablet,

20    then they cannot provide it in paper to their clients, then

21    we'd be willing to work -- work with them and get everything

22    out as quickly as possible and continue.

23              MS. JACKS:  So I think we're almost there.  The one

24    thing I just want to make very clear is that we don't agree

25    that the items on page 3 of document 281 should be omitted from
```

DNM 529

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 68 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/23/16 Page 68 of 123                68
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 375

```
1    the tablet.  And I think the Court's already made its ruling

2    about that.

3          But the reason we don't is the whole purpose of

4    protecting those materials was to prevent paperwork from

5    circulating in the jail.  If those materials were provided to

6    the defendants on a tablet, there is no paperwork to circulate

7    in the jail and the need to protect the materials is gone.

8          THE COURT:  Okay.  Let me take just a moment.  Don't

9    go anywhere.  Please stay on the line.  I'm going to recess for

10   just a few minutes and be right back.

11         So we are in recess.

12    (Court stood in recess at 3:25 p.m. and resumed at

13       3:33 p.m. as follows:)

14         THE COURT:  Okay.  Thank you.  Please be seated.

15         All right.  We're back on the record.

16         And what I want to do is state my ruling, which,

17   hopefully, will address the questions that were raised.  So

18   I'll be as clear and helpful as possible here.

19         So I'm going to grant the motion for a protective

20   order.  Okay?  I think there's two parts to this ruling.  The

21   first part is, the motion is granted with respect to the items

22   that are listed in paragraph -- page 3 of document 281.  Okay.

23   The motion is also granted with regard to any of the discovery

24   that can be put on a tablet.  So in that regard, all of the

25   discovery is protected.  Okay?
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

 1          So, let me be clear here.  The items in document 281

 2   shall be disclosed as soon as possible without regard to

 3   whether they can be uploaded on a tablet.  So what I want is

 4   those items disclosed immediately, no later than March 25th,

 5   which is the deadline for discovery.

 6          Now, if you have an agreement that any of the

 7   remaining items within the scope, the general scope of

 8   discovery, that can be put into a tablet, I'll encourage you to

 9   do that, to come to an agreement.  If it's on a tablet and it's

10   not on paper, in that regard it's also protected.  The main

11   idea from the prosecutors was paper.  If it's on a tablet, then

12   it's protected insofar as it's not paper.

13          Ms. Armijo, if there is any item that you have

14   determined should not be disclosed even in the tablet, file a

15   motion, and I'll review that under the rule ex parte in camera.

16   And that option is available to any defense counsel, as well,

17   to bring those somewhat -- well, before that is put onto a

18   tablet form.

19          Any questions about what I just said, Ms. Armijo?

20          MS. ARMIJO:  I guess the only question --

21          THE COURT:  Let me just ask you to speak into the

22   microphone.

23          MS. ARMIJO:  I'm sorry.

24          I guess the only question is, then, is all the other

25   stuff that is not covered in document 281, it will still be

disclosed, can that then be reproduced by the defendants and given to them in paper?

THE COURT: Well, it's a protective order, so it cannot be reproduced, copied, and provided to the client.

MS. ARMIJO: Okay.

THE COURT: So I am finding good cause with regard to those items and also with regard to, at least initially there was some agreement that there -- if there is a protective order, these would be the items that would be protected. So I'm relying on that representation.

Nevertheless, I'm finding good cause. For any other items, I'll be -- I'll have to make a finding of good cause, and I'll do that pursuant to any motion that the United States brings to me as well as any motion that defense counsel brings to me.

Okay. So, Ms. Jacks. Yes.

MS. JACKS: Amy Jacks. I have just a question.

THE COURT: Okay.

MS. JACKS: With respect the materials that, say, in the future the Government may seek a protective order to cover, will the defense have an opportunity to view the reasons advanced by the Government and respond to the ex parte application?

THE COURT: Now, that's a fair question, Ms. Jacks. And so, it's not necessarily a response. I have to review

```
 1    those ex parte, but I'll ask -- I'll instruct you, Ms. Armijo,
 2    to meet and confer with opposing counsel.  If there is any
 3    agreement that you can come to before you file that motion, I
 4    certainly would encourage you to do that.
 5              Did that answer your question, Ms. Jacks?
 6              MS. JACKS:  Halfway.
 7              THE COURT:  Okay.  Then if you can't come to an
 8    agreement, is your question, what do you do next?
 9              MS. JACKS:  Correct.
10              THE COURT:  It's -- The rule calls for ex parte.
11    You'll know about it because you've had a chance to confer
12    about it.
13              So file your motion, Ms. Armijo.
14              Defense counsel can respond.
15              MS. JACKS:  Okay.  Thank you.
16              THE COURT:  Okay?  That's just the way we'll have to
17    move forward.  I have no idea how much still would be open
18    for -- or needing a Court ruling, but we'll just have to go one
19    step at a time as it comes up.
20              Okay.  So that's the idea.  I hope that was clear
21    enough for counsel to state an objection or -- well, to state
22    an objection.  So let me do that.
23              I'm going to go down the list.  Please bear with me.
24              Okay.  Mr. Benjamin, on behalf of Mr. Gallegos.
25              MR. BENJAMIN:  Yes, Your Honor.  And because I'm
```

```
 1    first, if I could just clarify my understanding.  I understand
 2    that, by way of example, statements of eyewitnesses, which is
 3    one of the listed items in document 281, those type of things
 4    will be produced to me.  I'm not -- They're subject to a
 5    protective order, and I'm not allowed to reproduce those.
 6            But the CV of experts, the diagrams and those kind of
 7    things, the Court is instructing the Government to produce
 8    those, and those are going to be produced and will be on a
 9    tablet so that I can -- that will be left with my client, is my
10    understanding.  Correct?
11            THE COURT:  Correct.
12            MR. BENJAMIN:  Okay.  Your Honor, to the extent that
13    I think that the items on 281, if everything is subject to a
14    protective order, I believe that all that information should be
15    placed on the tablet, although I do like the Court's initial
16    disclosure, and so my objection would be, I guess that I would
17    like all that produced on the tablet, but I understand it's all
18    subject to a protective order.
19            THE COURT:  Well, you will have those items, those
20    items being what is listed in document 281, you'll have them at
21    least initially in paper form.
22            MR. BENJAMIN:  Yes, Your Honor.
23            THE COURT:  You'll have those in paper form, not just
24    initially, but in paper form as soon as possible.
25            All right.  Ms. Harbour-Valdez or Mr. Burke on behalf
```

DNM 534

```
1    of Mr. Troup.

2              MS. HARBOUR:  Your Honor, Cori Harbour-Valdez and Pat

3    Burke.  We do not object.

4              THE COURT:  You do not object.  Okay.

5              On behalf of Leonard Lujan, Mr. Clark.

6              MR. CLARK:  No objection, Your Honor.

7              THE COURT:  Okay.  On behalf of Billy Garcia,

8    Mr. Bowles or Mr. Castle.

9              MR. BOWLES:   Your Honor, I believe --

10             MR. CASTLE:  Jim Castle will be addressing this, Your

11   Honor.

12             I have two concerns.  The first is the concept of an

13   ex parte filing by the Government.  Rule 16(d) does contemplate

14   situations in which a party can request protective orders via

15   an ex parte application; however, the committee comments to

16   that rule indicate that ex parte proceedings are looked on with

17   disfavor and that the Court should look at and only authorize

18   ex parte filings if an adversary proceeding would defeat the

19   purpose of the protective order.

20             And so I believe that the Government's application

21   may in some instances contain a portion that is ex parte if

22   they have to reveal information that would defeat the purpose

23   of their requested protective order, but all else should be

24   dealt with in a filing that is not ex parte.  So that's my

25   first concern.
```

DNM 535

```
 1            And then the second concern I have is that the
 2   Government's protective order as requested in document number
 3   260, subparagraph 7.b, also covers an area that isn't really
 4   dealing with the dissemination of materials to a defendant.  It
 5   also talks about how defense counsel could use materials that
 6   we are providing, and it indicates that we shall not disclose
 7   the substance of any materials received by the Government to
 8   any third party unrelated to the above-captioned cases unless
 9   such materials are already a matter of public record.
10            The problem with that provision -- If the Court's
11   contemplating that, then I need to address it.  If it's not,
12   then I can just be quiet.  But the problem is, is that, for
13   example, witness statements are often used by defense counsel
14   to talk to the witnesses themselves, and if we can't say, you
15   know, these indicate to us that on such and such a date you
16   said the following to an investigative individual, then we
17   can't really do our job.
18            And so I believe that portion of it is overbroad, and
19   we would ask that that portion of the protective order not be
20   included in the Court's protective order.  I think the major
21   concern that the Government has expressed is dissemination of
22   materials to defendants in custody, and with respect to that I
23   think the Court has tried to accommodate everyone's interests.
24            THE COURT:  Okay.  Let me try to address the first
25   concern, the ex parte portion of your concern, Mr. Castle.
```

1           So what I explained to Ms. Jacks is that Ms. Armijo

2    for the Government will be -- I'm going to be requiring a

3    meet-and-confer kind of discussion before any motion is filed

4    seeking to protect anything else beyond what I've just

5    articulated.

6           Now, for that -- in that context, you'll have a

7    chance to file a motion or respond to a motion.  Now, I would

8    anticipate there are those items that you -- that perhaps could

9    defeat the purpose.  What I'm envisioning is that you have an

10   opportunity to know what the Government is seeking to protect

11   and would have an opportunity to state your position on it

12   before I actually decide whether it, in fact, should be

13   protected.  I hope that helps.  You may not have heard that

14   when I explained that to Ms. Jacks when she was at the podium.

15          With regard to the second concern and being able to

16   utilize the discovery when you meet with any witnesses in

17   preparation for trial, the scope of the protective order is to

18   not photocopy or provide those photocopies to anybody not

19   directly related to the case.

20          I don't envision where you cannot discuss the

21   substance of an investigative report, for example, with a

22   prospective witness.  What I would make clear, because that

23   would be an item that is -- could be protected, you just simply

24   could not leave the witness with a copy of that item.  I hope

25   that addresses your concern.

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 76 of 123
Case 2:15-cr-04268-KG Document 322 Filed 05/23/16 Page 76 of 123    76
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 383

```
1                MR. CASTLE:  That satisfies our concern, Your Honor.

2                THE COURT:  Okay.  All right.  Anything else,

3      Mr. Castle?

4                MR. CASTLE:  No, Your Honor.

5                THE COURT:  Okay.  On behalf of Mr. Eugene Martinez,

6      Mr. Gorence or Mr. Lane.

7                MR. LANE:  Mr. Lane here.  I was concerned about the

8      same things Mr. Castle was concerned about.  You clarified

9      that, Your Honor, so --

10               THE COURT:  Okay.

11               MR. LANE:  -- we're good.

12               THE COURT:  All right.  And on behalf of Allen

13     Patterson, it's Mr. Lahann or Mr. Linder.

14               MR. LAHANN:  No objection, Your Honor.

15               THE COURT:  Okay.  Thank you, Mr. Lahann.

16               On behalf of Christopher Garcia, that would be

17     Mr. Mondragon.

18               MR. MONDRAGON:  No, Christopher Chavez, Your Honor.

19     No objection.

20               THE COURT:  Okay.  There's no objection.

21               On behalf of Javier Alonso.

22               MR. CHAMBERS:  Your Honor, this is Nathan Chambers.

23     First of all, thank you for clarifying the concerns that

24     Mr. Castle raised.

25               Secondly, I'm concerned -- we object to the Court's
```

 1   protective order.  And let me try to briefly explain why.  The

 2   Court talks about the items that are itemized on page 3 of

 3   document 281.  And there are, indeed, a list of items listed

 4   there; however, there's an important modifier to each of those

 5   documents, and that is, that if these documents were shared

 6   they'd jeopardize the safety or security of someone.

 7          So, it's not as if we agreed that any statement of an

 8   eyewitness should be protected.  We agreed that that might be

 9   appropriate if there was a showing that production of that

10   could jeopardize the safety or security of such a person.  In

11   my view, there has been no such showing.  There's been nothing

12   even approaching that there's a showing for such protective

13   order.

14          Instead what we have are unsupported allegations and

15   rank speculation, and that is not an adequate grounds to base a

16   protective order.  So we object.

17          Furthermore, the Government, today, said that their

18   concern was with paper and the danger that paper causes.  Well,

19   because tablets are paperless, the Government's concern is then

20   obviated.  And, therefore, I agree with the comments of

21   Mr. Gallegos's counsel.  I'm sorry, I don't remember who

22   exactly it was, but I know it was Mr. Gallegos's counsel just a

23   few minutes ago who said that everything, including the items

24   listed on page 3 of document 281, should be included on the

25   tablets.  So for those reasons we object to the protective

```
  1    order.

  2              Thank you.

  3              THE COURT:  All right.  Thank you, sir.

  4              Mr. Blackburn on behalf of Mr. Arturo Garcia.

  5              MR. BLACKBURN:   Your Honor, I have nothing further

  6    to add, and we object based upon the comments by Mr. Chambers.

  7              THE COURT:  Okay.  On behalf of Mr. Clark,

  8    Mr. Hosford.

  9              MR. HOSFORD:  No objection.

 10              THE COURT:  There's no objection.

 11              Okay.  On behalf of Mr. Ruben Hernandez, that would

 12    be Mr. Pineda.

 13              MR. PINEDA:  No objection, Your Honor.

 14              THE COURT:  All right.  Thank you.

 15              On behalf of Jerry Armenta, Mr. Mitchell.

 16              MR. MITCHELL:  Your Honor, I don't object; however, I

 17    wish to bring to the Court's attention a problem some of us

 18    have who represented these defendants in state court prior to

 19    their removal to federal court, and we had discovery in those

 20    cases and that discovery was dispensed to our clients.  I do

 21    not wish to be held in contempt of Court or for the Court to

 22    think that we disrespected your order simply because our

 23    clients in some way had part of this discovery given to them

 24    while we were attending to their representation in state court.

 25    I just bring that to the Court's attention.  I do not think
```

79

```
1    that that is a problem, but I want to alert the Court to that

2    fact.

3              THE COURT:  Mr. Mitchell, you have these items, at

4    least some of them, from a disclosure in a state prosecution

5    and these items were not subject to a protective order?

6              MR. MITCHELL:  That's correct, Judge.

7              THE COURT:  Okay.  Well, I see some heads nodding

8    here in court -- in the courtroom.

9              Ms. Armijo.

10             This is new to me, so...

11             MS. ARMIJO:  Yes, Your Honor.  The Molina murder was

12   charged, which I don't have the Indictment in front of me, but

13   it's the J.M. murder was charged in state court and it was

14   dismissed in November of 2015 prior to our Indictment.  We

15   would request that there be no further dissemination.  And I

16   can tell you specifically, and we have a recording if this is

17   an issue, because I know several people have said that they

18   haven't made a showing, that as to that murder, one of the

19   codefendants in this case specifically names one of the

20   defendants in that case that was cooperating, names him by name

21   and says that he needs to be visited upon, taken care of, and

22   that his family needs to be visited upon for his cooperation

23   with the district attorney, and we have that in a recording by

24   one of the charged defendants, that we can certainly provide to

25   the Court and to anyone else who challenges that.  So that is
```

```
1    just one example of why the discovery should not be disclosed

2    anymore, and so I would request that as to those defendants

3    that have it and attorneys that have it -- and I believe there

4    should be three, two of which are in this case, not -- take

5    those items and treat them as they are in a protective order

6    from this point forward.

7            THE COURT:  Well, okay.  Hold on, Ms. Armijo.

8            MS. ARMIJO:  Sorry.

9            THE COURT:  So in that, when you say "the Molina

10   murder" --

11           MS. ARMIJO:  Yes.

12           THE COURT:  -- there are two counsel in this case

13   that were involved in that case in the state court?

14           MS. ARMIJO:  Yes.

15           THE COURT:  And who are they?  Mr. Mitchell?

16           MS. ARMIJO:  Mr. Mitchell and Mr. Almanza.

17           THE COURT:  Okay.

18           MS. ARMIJO:  And I believe Mario Esparza, who is not

19   part of this case, also represented one of the defendants, but

20   he is not here, but he is in custody of some of those

21   documents.

22           THE COURT:  So Mr. Molina, the one who had -- the

23   victim --

24           MS. ARMIJO:  Yes.

25           THE COURT:  -- is he one of the victims alleged in
```

DNM 542

```
 1    this Indictment 4268?

 2              MS. ARMIJO:  Yes.

 3              THE COURT:  Okay.

 4              MS. ARMIJO:  He is victim J.M., and he is one of the

 5    ones that in my motion I put that he was killed as far as being

 6    a cooperator.

 7              THE COURT:  Well, even if I ruled that from here

 8    forward it's subject to a protective order, how do we deal with

 9    the information that's out there already that was the same

10    information?  It seems like I'm being asked and counsel's being

11    asked to unring that bell.

12              MS. ARMIJO:  Well, I'm just saying that there's

13    probably counsel here today that do not have those documents,

14    and so, obviously, we would be disclosing the same documents,

15    and we would ask that they not -- that they treat it as a

16    protective order for the attorneys that have not.  Obviously,

17    anything that's already been produced we can't protect, but

18    certainly here going forward, especially with any of the

19    attorneys that don't have it.

20              THE COURT:  All right.  Mr. Mitchell, so, thank you

21    for bringing that up.

22              MR. MITCHELL:  Your Honor, I can live within those

23    constraints.

24              THE COURT:  Well, all right.  So that information

25    that has been disclosed in the state court case will be subject
```

```
 1    to the protective order.  Now, I think, you know, anticipating
 2    what could happen, although, hopefully, it will not happen, is
 3    that there is an alleged violation of the protective order with
 4    regard to that particular murder.  I'll just have to deal with
 5    that in a motion with the response and decide that based on
 6    what's been represented here in part.  So that's the best I
 7    think we can do with that at the moment.
 8            MS. DUNCAN:  Your Honor, may I approach?
 9            THE COURT:  Ms. Duncan would like to approach the
10    podium.
11            MS. DUNCAN:  Yes, Your Honor.  I just want to, I know
12    I'm coming out of turn, but level an objection on behalf of my
13    client, Mr. Baca, who is named in that count, the J.M. count.
14    My concern is that the Government's asking the Court to include
15    within a protective order documents that the defense collects,
16    not documents that the Government has given us, but things that
17    we do through our own investigation.
18            I'm worried because there may be some duplication, I
19    mean, not just from the state case, but from our collecting
20    records from the Department of Corrections, from our collecting
21    police reports.  So I don't want to open this door that somehow
22    I can't share defense-collected documents with my client
23    because the Government thinks that they present some sort of a
24    danger or that there may be some kind of duplication.
25            To me, it seems that the protective order should only
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 83 of 123
Case 2:15-cr-04268-KG Document 321 Filed 05/23/16 Page 83 of 123
83
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 390

```
 1    apply to documents that we receive from the United States

 2    Government and nothing that we collect from another source.  So

 3    we object on that ground.

 4              THE COURT:  Okay.  That's fine.  Thank you,

 5    Ms. Duncan.

 6              Once again, I think the issue is going to be having

 7    to sort out whether it was copied, disseminated where it should

 8    not have been, to whom it should not have been, and, thus, a

 9    violation of the protective order.  That's an issue for another

10    day, and I'll deal with that at that time.

11              All right.  On behalf of Mr. Mauricio Varela, that

12    would be Ms. Stillinger or Mr. Lindsey.

13              MS. STILLINGER:  Your Honor, with respect to the

14    issue the Court was just talking about and to avoid -- Yes, you

15    might have skipped Ms. Strickland.  People get us confused all

16    the time.

17              But to avoid those problems, I just wonder if maybe

18    those items that we're getting in paper form that are covered

19    by the protective order, maybe the Government could put a

20    watermark --

21              UNIDENTIFIED SPEAKER:  Can't hear.

22              THE COURT:  Yeah, you'll have to you speak up a

23    little.

24              MS. STILLINGER:  -- that if the Government could put

25    a watermark, I think, or some sort of identifying -- I think
```

84

```
 1    it's a pretty easy thing to do, to put some sort of marking on

 2    the documents that they disclose in paper form, because I do

 3    think the protective order should just cover what they give us,

 4    and then if there's something out there that hasn't been

 5    watermarked, it's from a different source, and we all know it's

 6    from a different source, and there won't be any confusion

 7    about, was this covered by the protective order or was it not;

 8    if it's duplicative, oh, well, it's a duplication, but this

 9    particular piece of paper was not covered.

10           Other than that, I have no objection to the plan.  I

11    do want to talk to my client about how he -- if he can work

12    with a tablet, I don't know, but we have no objection to it

13    right now.

14           THE COURT:  Okay.  Thank you, Ms. Stillinger.

15           And, you know, thank you for that suggestion.  That

16    may be something the United States would consider.  Ultimately,

17    to show a violation of the protective order, the burden's on

18    the United States.  So there could be some steps that they

19    could take at this point to deal with what we now have is a

20    complicating factor with regard to that Molina homicide.

21           All right.  I was going to continue going down the

22    list here.

23           Mr. Castellano.

24           MR. CASTELLANO:  Thank you, Your Honor.

25           My understanding, in speaking with Mr. Aoki, is that
```

Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 392

```
 1   he does watermark the discovery, so we will know which defense

 2   team has the discovery and we would be able to track that down.

 3          One concern I have about what Ms. Duncan said about

 4   the discovery, is that I understand that there are times when

 5   they obtain documents that we would otherwise produce subject

 6   to the protective order, but if they're able to do that, then,

 7   obviously, that vitiates the protective order and defeats the

 8   entire purpose of having one, if they can have documents that

 9   are otherwise protected when provided by the Government, but

10   when they get it from another source, they can disclose it,

11   which means we're back to the same problem we were with paper

12   in the first place.

13          THE COURT:  Okay.  I see that as an issue for another

14   day.  So for now what I just want to hear is your position on

15   the proposal as we now have it.  So I think we can -- Well, let

16   me continue on.

17          Ms. Strickland.

18          MS. STRICKLAND:  I'm sorry.  Thank you, Your Honor.

19          Your Honor, first for the record, I spoke to my

20   learned counsel in this case, Mr. Hammond, during the break,

21   and he said that he was not able to hear everything that was

22   going on, so I'm going to object to him not being here in

23   person for that reason.

24          THE COURT:  Okay.

25          MS. STRICKLAND:  Also -- I'm sorry.  Also, when
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

```
 1    Ms. Armijo was discussing the possibility that a ligature was

 2    left behind, that there was an expert from the state court

 3    case, DNA concerns, those are all from Mr. Montoya's case,

 4    those are factual issues Mr. Montoya is not here to help his

 5    counsel on.  I would ask the Court strike all of those examples

 6    and not consider it at all in its order.

 7             My client, Mr. Montoya's case also was a state case

 8    for many years, and I have substantial discovery produced by

 9    his state court attorney and from other sources, IPRA requests,

10    things like that.

11             Is the Court -- Before I complain about those being

12    protected, is the Court planning to order today that those

13    items I have from an independent source are subject to the

14    protective order?

15             THE COURT:  Let he hear from Ms. Armijo or

16    Mr. Castellano.

17             MR. CASTELLANO:  Your Honor, I do think that should

18    be protected, otherwise there's no need for the protective

19    order in the first place.  Without protection, those documents

20    could be given to the defendants, and the whole discussion

21    today was about paper.  So, if a defendant wants to prove that

22    someone else is cooperating, they provide paperwork to

23    substantiate that claim, and that's in large part why we're

24    here today prosecuting this case.  So it's basically going to

25    destroy the Court's protective order.
```

DNM 548

```
 1              THE COURT:  Well, what I'm interested in is how to
 2    enforce the protective order.  So what I'm not sure, and maybe
 3    you can explain how you would be able to -- What I'm having
 4    trouble seeing is, if an item that Ms. Strickland is describing
 5    ends up in one of these defendant's hands and it doesn't
 6    include a watermark, then where is the violation?  Who is at
 7    fault for the violation?
 8              MR. CASTELLANO:  I think the first question is to ask
 9    whether or not that discovery is marked.  Does it say State
10    versus Montoya, for example?  And then it at least probably
11    narrows it down to one of the defense counsel from that case,
12    and then it's really a process of elimination.  It's probably
13    only three or four people.
14              THE COURT:  Well, the idea here, Ms. Strickland, is
15    to try and in some ways ultimately keep people from getting
16    hurt.  Now, the risk is there because of what we know of these
17    allegations.  So if the items that are being disclosed that are
18    identical to what is being -- in the state case that is
19    identical to what is being disclosed in the federal case, even
20    though from an independent source, we have the same problem.
21    Don't we?
22              MS. STRICKLAND:  We have a problem somebody might get
23    hurt, although I don't think the Government -- I think that's
24    an assumption.  I don't think the Government's proved that up
25    at this hearing.
```

```
 1              I'll tell you, the defendants --

 2              THE COURT:  It's the nature of the case, isn't it,

 3    Ms. Strickland?  It's a VICAR prosecution, Violent Crimes In

 4    Aid of Racketeering.  It's the nature of the alleged

 5    organization.  Now, nothing's been proven.  Your clients are

 6    presumed innocent, but it's a protective order to keep the risk

 7    minimal, if at all possible.  So given what we have in the

 8    nature of this case, how do we assure that that risk is

 9    minimal?

10              MS. STRICKLAND:  I don't think that that's the

11    appropriate way to address the question, but I'll let the Court

12    know, the defendants have these materials that were in the

13    state court case, and I have materials that I have received

14    independently, and I didn't realize that the Government at this

15    hearing was going to ask for my case file to be now protected.

16    So if the Court is going to order that, I want time to brief

17    that.  I'm not sure the Government has the ability to even ask

18    that my materials not be given to my client.  So if the Court

19    wants to do a temporary order on that, that's fine, but I need

20    time to brief it.

21              THE COURT:  Yeah.  Okay.  So let's set that issue

22    aside.

23              MS. STRICKLAND:  Okay.

24              THE COURT:  All right?  And I would invite that

25    briefing.
```

```
 1                    MS. STRICKLAND:  I will do that.

 2                    THE COURT:  Okay.

 3                    MS. STRICKLAND:  Just for the record, my other things

 4       were --

 5                    THE COURT:  Ms. Strickland, I apologize for

 6       interrupting, but --

 7                    MS. STRICKLAND:  I'm sorry.

 8                    THE COURT:  -- to the extent that there are other

 9       defense counsel who would join that motion on behalf of their

10       client, please seek that --

11                    MS. STRICKLAND:  I will.

12                    THE COURT:  -- and indicate that on your motion.

13                    MS. STRICKLAND:  Of course, Your Honor.  Thank you.

14       I will do that.

15                    I would just also agree with Mr. Alonso.  I believe

16       it was his attorney speaking on the phone earlier.  We did not

17       agree in our response to the Government's motion that the items

18       listed on page 3 of document 281 should be subject to a

19       protective order, only if the Government proved at that hearing

20       that the end qualifying phrase of that sentence were to be

21       established, and it has not been.

22                    Thank you.

23                    THE COURT:  All right.  Thank you, Ms. Strickland.

24                    Okay.  On behalf of Mario Rodriguez, Mr. Hernandez.

25                    MR. HERNANDEZ:  Santiago Hernandez, Your Honor.  No
```

```
1    objection.

2              THE COURT:  All right, on behalf of Timothy Martinez.

3              MR. ALMANZA:  Your Honor, Steven Almanza on behalf of

4    Timothy Martinez.  I would just echo the concerns that were

5    raised by Mr. Mitchell and also Ms. Strickland.

6              The difference might be with my client, is that we've

7    had state material discovery since approximately September,

8    October, so I -- regardless of how the Court rules, we don't

9    want to run contrary to the Court's order, or give the

10   appearance that we are, since that material's already been

11   disclosed to our clients.

12             THE COURT:  All right.  Thank you, Mr. Almanza.

13             MS. WALSH:  Your Honor, this is Jackie Walsh.  I'm

14   sorry.  May I add something in addition to what my co-counsel,

15   Mr. Almanza, just stated?

16             THE COURT:  Sure.

17             MS. WALSH:  What I'd like to add is the point that it

18   certainly seems that the need for a protection order or a

19   showing of good cause for a protection order is necessarily

20   diminished by the fact that many parties -- or I assume many

21   parties already have copies of the state discovery, so I think

22   that it's almost like we're taking the cart before the horse in

23   what's happened today, in that now that this information is

24   coming before the Court after a ruling, it could affect the

25   Court's ruling or should have at least been considered by the
```

91

```
1    Court.  But I apologize to the extent that, you know, I'm to

2    blame for things not being taken in order.

3             And we would also join in the objection stated by

4    Mr. Castle, Mr. Chambers, Ms. Duncan, and what was just

5    indicated by Mr. Marm -- Monte with regard to --

6             THE COURT:  All right.  Thank you, Ms. Walsh.

7             All right.  Ms. Stillinger, Mr. Lindsey, on behalf of

8    Mr. Mauricio Varela.  Oh, you already stated.

9             MS. STILLINGER:  I'm sorry.

10            THE COURT:  Thank you.

11            All right.  On behalf of Daniel Sanchez.

12            MS. JACKS:  Your Honor, Amy Jacks on behalf of

13   Mr. Sanchez.  We would join in the objections and concerns of

14   others and also urge the Court not make any sort of ruling with

15   respect to the issue that was just brought up today about the

16   state discovery materials.  I'm not -- We haven't had a chance

17   to brief the issue, even look into what authority the Court

18   might have to place a protective order on materials that

19   weren't disseminated by the United States Government.

20            THE COURT:  Okay.  So I'll defer ruling on that until

21   I have full briefing.  Ms. Strickland should seek your

22   position.  If you'd like to file an independent brief,

23   Ms. Jacks, you're -- you can do that, as well.

24            MS. JACKS:  Thank you.

25            THE COURT:  All right.
```

```
 1              Okay.  And with regard to Mr. Gerald Archuleta,
 2   Mr. Harrison.
 3              MR. HARRISON:  No objection.
 4              THE COURT:  Okay.  On behalf of Mr. Villegas,
 5   Mr. Crow.
 6              MR. CROW:  Yes, Your Honor, we would just rely on the
 7   other counsels' objection.  And I'm just concerned that -- I
 8   would just like the Government to mark what they think is
 9   subject to the protective order so we're not at risk at turning
10   something over that they think is protected.
11              THE COURT:  Yes, sir.  So, Mr. Castellano.
12              MR. CASTELLANO:  Your Honor, that issue came up when
13   we were trying to discuss the protective order with defense
14   counsel.  And I think the Court has the e-mail between
15   Ms. Jacks and myself.  And I raised the issue of an inadvertent
16   disclosure by the defense not knowing what a document contains
17   or what it means, and if that happens, what's the liability for
18   something like that happening.
19              We don't want to take on that responsibility, either,
20   of being responsible for a document where we may or may not
21   know the meaning of what's contained in that document, where we
22   would miss marking it as confidential when it should have been,
23   and then us being on the hook on it.  So it's really a question
24   of who wants to be responsible for an inadvertent disclosure
25   that causes harm.  And we stated to the defense that we don't
```

                                                                           93

```
 1    want that responsibility, and it sounds like they don't either.
 2              So I'm not sure that we're willing to mark things
 3    confidential, and to do that would also slow the discovery
 4    process because we would have to go through each document more
 5    carefully in order to determine how important that is for
 6    purposes of keeping it confidential.
 7              THE COURT:  So, Mr. Crow, are you thinking of any
 8    paper that you would get in discovery that you would want to or
 9    inadvertently disclose and actually leave with your client?
10              MR. CROW:  Yes, Your Honor.  Yeah, that's correct.  I
11    mean, I always provide, you know, copies of discovery to my
12    client.  I just don't want to turn over something to him that
13    the Government thinks is protected which isn't clearly marked
14    as protected under the order.  You know, for example, in civil
15    cases, when something is subject to a protective order, it's
16    marked and all the parties know not to turn that over.  So I
17    don't want to get into some kind of situation where I turn
18    something over and the Government comes back and says, you
19    know -- you know, Mr. Crow messed up because he turned this
20    over to his client.
21              THE COURT:  Well, I think the scope of my order is
22    that there are specific items that I have included as
23    protected.  Everything else, to the extent it could be uploaded
24    on a tablet would be not paper.  I think the assumption,
25    Mr. Crow, is to assume it's protected, and if you have any
```

1    questions about that, consult with the Government.

2              MR. CROW:  Yes, sir.

3              THE COURT:  The nature of a protective order is to,

4    to the best we can, avoid inadvertence.  So we'll proceed with

5    that understanding.

6              MR. CROW:  Okay.

7              THE COURT:  I hope that helped.

8              All right.  Ms. Duncan, anything else you'd like to

9    say?

10             MS. DUNCAN:  No, Your Honor.  But on behalf of

11   Mr. Baca, I join the objections of the other counsel.

12             THE COURT:  Okay.

13             All right.  Mr. McElhinney on behalf of Robert

14   Martinez.

15             MR. McELHINNEY:  No objection, Your Honor.

16             THE COURT:  Okay.  On behalf of Roy Paul Martinez,

17   Ms. Milner.

18             MS. MILNER:  No objection, Your Honor.

19             THE COURT:  And on behalf of Christopher Garcia,

20   Ms. Sirignano.

21             MS. SIRIGNANO:  Thank you, Your Honor.  I will

22   continue to object and join the arguments from prior counsel in

23   both of Mr. Garcia's cases, and I just would like to clarify

24   for the record and the Court that the 48 pages of discovery

25   that was produced was not produced solely in Mr. Garcia's drug

```
 1   case 4275.  It was also produced in 4268 and given to all

 2   defense counsel, and I understand that there was no protective

 3   order at that point in time, so that discovery has already been

 4   disseminated to some clients and is already in some of the

 5   detention centers.

 6           And so just so the Court's clear, the reason why I

 7   asked for a protective order from the Government is because

 8   that discovery was released without any protective order in

 9   place at the time.

10           THE COURT:  So your question is whether that

11   disclosure would be protected retroactively, Ms. Sirignano?  Is

12   that the effect of your question?

13           MS. SIRIGNANO:  Well, yes, Your Honor.  My concern

14   is, is that that discovery is already out there.

15           THE COURT:  Ms. Armijo, do you seek to protect that,

16   as well?

17           MS. ARMIJO:  I believe Ms. Sirignano had wanted that

18   protected, and we -- we -- it probably should be protected, as

19   well.  And when I said that it was disclosed, it's as to the

20   drug case, but yes, we did disclose it in the 68 case, as well,

21   because it is racketeering activities, but it is -- but it is

22   her client's drug case.

23           MS. SIRIGNANO:  Your Honor, I apologize, I had a

24   difficult time hearing the Government just now.  This is Amy

25   Sirignano.
```

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 96 of 123
Case 2:15-cr-04268-KG Document 5321 Filed 05/23/16 Page 96 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 403

```
 1              MS. ARMIJO:  Your Honor, it was my understanding that
 2    defense counsel wanted that protected, and we would request
 3    that it be protected, as well.
 4              THE COURT:  Defense counsel meaning Ms. Sirignano?
 5              MS. ARMIJO:  Yes.
 6              THE COURT:  Ms. Sirignano, do you want that
 7    protected?
 8              MS. SIRIGNANO:  Your Honor, I did not specifically
 9    request that that was material to be protected.  My request to
10    A.U.S.A. Castellano was that before any other discovery go out,
11    that we should discuss a protective order, because that was
12    material that already made it to the clients in their
13    respective detention centers.
14              THE COURT:  Okay.  That discovery, I don't know what
15    it is, so it's difficult for me to rule that it's protected
16    retroactively or prospectively.  So, Ms. Armijo, if you'd like
17    any of that protected, you'll have to file a motion.  All
18    right?
19              MS. ARMIJO:  Yes, Your Honor, that's fine.  And, like
20    I said, I was going based upon an e-mail on February 5th where
21    she said, "I object to my client Chris Garcia's discovery being
22    disclosed without an agreed-upon protective order."  So that
23    was the basis of my assumption, that she wanted it disclosed,
24    and I apologize if I misspoke for her.
25              THE COURT:  All right.  Okay.  Mr. Romero on behalf
```

```
 1    of Mr. Calbert.
 2            MR. ROMERO:  I join the same objections as the
 3    codefendants' counsels in all of the three cases, Your Honor.
 4    Thank you.
 5            THE COURT:  All right.  Thank you, sir.
 6            All right.  So, my order as I proposed it will be my
 7    order that I'll enter.  I will look for additional briefing,
 8    though, on the question of that state-related disclosures.
 9            So I'm going to set that aside for the time being
10    from the scope of my protective order.  All right?
11            Any questions about what I just said, Ms. Jacks?
12            Mr. Almanza?
13            MS. JACKS:  I just had one comment.  I spoke briefly
14    with -- Excuse me.  Amy Jacks.  I spoke briefly with
15    Mr. Castellano.  I'm not sure what the practice of this Court
16    is, but we discussed perhaps trying to put the Court's rulings
17    into a draft protective order to submit to the Court to sign so
18    that the Court isn't -- doesn't have to spend time going
19    through that, and I think we could probably submit that to you
20    tomorrow or Monday.
21            THE COURT:  Okay.  I'll look for that proposal, then.
22    That will be appreciated.
23            Okay.  So, goodness, 15 minutes after 4:00.  We've
24    just wrapped up the first motion.  Let me jump right into the
25    second motion, and that is the Defendants' Joint Motion for
```

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 98 of 123
Case 2:15-cr-04268-KG Document 1322 Filed 05/23/16 Page 98 of 123
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 405

98

```
1   Protective Order Concerning All Defendants' Professional Visits
2   and Correspondence.  That's document 277.  I have the response
3   from the United States, document 284.
4            Ms. Duncan, do you want to handle that?
5            MS. DUNCAN:  Yes.  Thank you, Your Honor.
6            THE COURT:  Okay.
7            MS. DUNCAN:  I realize it's late, so I'll be brief.
8   And we did file our reply late yesterday.
9            UNIDENTIFIED SPEAKER:  Can't hear her, Judge.
10           MS. DUNCAN:  I apologize.  Can you hear me now?
11           UNIDENTIFIED SPEAKER:  Yep.
12           MS. DUNCAN:  Okay.  Sorry.  I'll rely mostly on our
13  papers.  There are just three points I want to make.  The first
14  is, I'm a little bit surprised that we're even litigating this.
15  There's no question that the Government's not entitled to the
16  information that we're seeking to protect.  Their only argument
17  in their response is that the Court shouldn't interfere with
18  the policies of the detention centers, which is not the issue
19  that we've raised.  And in addition to that the fact that the
20  Government's not entitled to any of this information, allowing
21  them to access and know it gives them an unfair advantage of
22  where the defense is going in its investigation and potentially
23  protected communications between defendants and their counsel.
24           The third part of it is that allowing the Government
25  to access this information would have an incredibly detrimental
```

1    impact on our relationship with our clients.  Particularly in a

2    capital case or in any murder case, the relationship between

3    counsel and the defendant is critical.  The amount of, you

4    know, maintaining trust that the counsel's not in bed with the

5    Government, that we're doing everything that we can to protect

6    our clients rights' and their confidences is critical.  So this

7    protective order is necessary to protect that relationship and

8    that information.

9         THE COURT:  Ms. Duncan, now, I get it, this is a

10   capital case until somebody tells us otherwise.  How is what

11   you are seeking different from what is ordinarily the practice?

12   There are -- It's very clear, there are certain things that the

13   Government should not be privy to, the substance of your

14   conversations with your client, any work product relating to

15   your representation of your client, any of those -- well,

16   anything that's protected under the attorney-client privilege.

17        Can you speak to whether the knowledge -- And I'll

18   ask Ms. Armijo to be clear on where she believes anything that

19   the Government might be interested in is not protected, but

20   a -- so these are things that are already very sensitive and

21   off limits to the Government.  Why would we need a protective

22   order?

23        MS. DUNCAN:  Your Honor, I think we need a protective

24   order sort of at the fringes of those rights.  So, in prior

25   capital cases, the Government has collected visitors' logs and

```
1    mail in anticipation of their case in aggravation.  So having

2    an order that makes clear to the detention centers and the

3    U.S. Marshals Service that information regarding defense

4    visits, correspondence between defense counsel and their

5    clients, any defense-collected documents or defense materials

6    are off limits, protects to make sure that that kind of

7    information doesn't make it to the Government inadvertently.

8            So, you know, the Government has no right to know at

9    this point what experts I've retained and are visiting my

10   client.  So I think that this protective order is just

11   necessary to ensure that attorney-client information work

12   product doesn't cross the line into the Government's hands.

13           THE COURT:  Okay.  Now, do you -- "the Government"

14   meaning the prosecution --

15           MS. DUNCAN:  The prosecution.

16           THE COURT:  -- and any agents working in the scope of

17   this particular prosecution?

18           MS. DUNCAN:  That's correct, Your Honor.  So, you

19   know, when I set up a visit with my client, I alert the

20   Marshals Service, I alert the detention center.  Both the

21   detention center and the Marshals Service know everyone who's a

22   member of my defense team.  And I coordinate those visits.

23   And, clearly, they need to know who's on my team and who's not.

24   So I'm not talking about them.  I'm just talking about the

25   prosecution, the FBI, anyone who's investigating these cases or
```

```
 1   might be involved in the prosecution of my client.

 2            THE COURT:  And your concern is their mere knowledge

 3   of a visit by an expert, for example, working within that

 4   criminal defense would be prejudicial to your client?

 5            MS. DUNCAN:  It can be, Your Honor, because

 6   there's -- the identity of the expert alerts the Government to

 7   an area of investigation that I've decided is important on

 8   behalf of my client, and that's information that the Government

 9   at this point is not entitled to.  I mean, it would be the same

10   if, you know, I was to ask this Court to order the Government

11   to tell me every expert that they've consulted with so far and

12   in the future, even if they're going to -- not going to call

13   them at trial, they're just consulting experts, and you would

14   never do that, because it's improper under Rule 16.

15            And my concern is that because my client is

16   incarcerated the Government's going to get that information

17   unless the Court orders it protected.

18            THE COURT:  Okay.  And this would be in the form of,

19   for example, a visitors' log?

20            MS. DUNCAN:  Correct, visitors' log or any

21   information -- you know, whatever form it might come in from

22   the detention center of professional visits.

23            THE COURT:  Okay.  So mere knowledge of the visit by

24   virtue of a visitors' log.  Any other way that you are

25   concerned that this could be made aware to the Government?
```

```
1              MS. DUNCAN:  Counsel just reminded me.  So e-mails,

2    we put all of our requests for visits into e-mails identifying

3    who's coming and when, so I think that would be information

4    that we would want to have protected.  Also, correspondence

5    with the Marshals Service and the detentions centers about

6    those kinds of visits.

7              THE COURT:  So if, for example, you wanted to e-mail

8    the jail that you have a particular expert or investigator

9    going to visit your client, you want that off limits from the

10   United States?

11             MS. DUNCAN:  I do, Your Honor.

12             THE COURT:  As well as any other form of

13   communication to the Government of this visit?

14             MS. DUNCAN:  That's correct.

15             THE COURT:  Okay.  Just so I understand.  Okay.  Do

16   you have any general objections to the practice of the jail

17   itself, the staff, to conduct their inspections for visitors

18   that come into or out of the jail?

19             MS. DUNCAN:  No, Your Honor.  I mean, I haven't had

20   any issues, and if -- so no.

21             THE COURT:  Okay.

22             MS. DUNCAN:  I mean, if a specific issue came up, we

23   would raise it separately, but in this motion we're not

24   challenging the jail's right to look for contraband in mail or

25   to screen the materials, you know, just to purview materials to
```

```
 1    see if there's contraband in terms of visits, so no.

 2              THE COURT:  Okay.  Thank you, Ms. Duncan.

 3              MS. DUNCAN:  Thank you.

 4              THE COURT:  I'll give you a chance to reply.

 5              And let me hear from Mr. Castellano.

 6              MR. CASTELLANO:  Your Honor, we tend not to disagree

 7    with the defense on some of those matters.

 8              THE COURT:  All right.  Let me just ask you to speak

 9    into the microphone.

10              MR. CASTELLANO:  Yes, sir.  We tend not to disagree

11    with the defense on some of those matters, but the problem is

12    that legal visits aren't always legal visits, legal

13    correspondence isn't always legal correspondence, and there are

14    times when we need to collect information for purposes of an

15    investigation.  So to have a blanket rule becomes a problem

16    especially if there's a need to investigate something that

17    happens.

18              So, for example, if an SNM member puts a hit out on

19    somebody and somebody's injured, we will need to see who

20    visited that person and we will need to listen to the phone

21    calls.  And so there will be a need to see who had contact with

22    that person before someone else was injured, and we had that

23    happen recently.

24              So we're not interested in who the experts are.  Even

25    though within little more than a month expert notices are due
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 104 of 128
Case 2:15-cr-04268-KG Document 532-1 Filed 03/21/16 Page 104 of 128   104
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 411

```
 1   anyway, I understand there are other experts that the defense

 2   sometimes hires who are nontestifying experts.

 3           So what I would propose is that if the -- if there is

 4   a need to see the visitor logs, we could potentially use a

 5   taint team to review the log, and if there's anyone who is an

 6   expert, for example, that that person be redacted before the

 7   log be turned over to the prosecution team.  So that's why

 8   we're opposed to necessarily a blanket protective order.

 9           And just as we needed good cause for a protective

10   order, the defense also needs a good cause for a protective

11   order.  So that needs to be established here today.

12           So like I said earlier, legal visits aren't always

13   legal visits.  Other people do try to come in as a member of

14   the defense team who is not a member of the defense team.

15   Legal correspondence sometimes looks like legal correspondence,

16   but it's really a way of smuggling drugs into the jail.  And so

17   that's why we say we just -- we just -- and the defense agrees

18   with this, that we should allow the jail to do what it does,

19   and if something comes to our notice that is something outside

20   of the scope of what's privileged, then we should have access

21   to that information.

22           THE COURT:  All right.

23           MR. CASTELLANO:  If I can also add, Your Honor,

24   related to that.  For defense counsel who don't know, because

25   sometimes we collect calls en masse, their calls are recorded
```

```
 1   at the jail and not subject to privilege unless they follow the
 2   procedures at the jail where their calls are removed from the
 3   system.  So I want to let defense counsel know that, because in
 4   prior cases they've complained that we listened to phone calls,
 5   but the calls at the jails typically say "This call is subject
 6   to recording and monitoring."  So if they do not want their
 7   calls to come through to us if we're collecting information
 8   on -- as part of an investigation, we would invite them to
 9   follow the jail's procedures to have their calls removed from
10   the system.
11         THE COURT:  Okay.  Thank you.  And for anybody that
12   doesn't know, I assume most people, if not all, do, but for
13   purposes of any needed explanation, Mr. Castellano, what is a
14   taint team?  How does it work?
15         MR. CASTELLANO:  Your Honor, if there's an issue
16   about whether or not an item is privileged, a procedure would
17   be set up where the investigating agency would have taint
18   agents, agents who are not part of the investigative part of
19   the case.  There would be taint attorneys, who would also not
20   be part of the prosecution team.  They would get together, make
21   a decision about -- review the materials, make a decision about
22   whether or not it's privileged or not, would probably run it
23   through an ethics advisor within the office, and a decision
24   would be made what could be turned over to the prosecution and
25   what should be kept from the prosecution.  We've already done
```

```
 1    that in this case on -- related to one issue.  So that's the

 2    procedure that we would follow if there's an issue.

 3              THE COURT:  Okay.  Thank you, Mr. Castellano.

 4              Ms. Duncan.

 5              MS. DUNCAN:  Briefly, Your Honor.

 6              I think -- One of the concerns that we would have

 7    would be the Government deciding for itself when a situation

 8    rises that it would require this taint team procedure or to

 9    access material that may contain attorney-client privileged

10    information.

11              At the very least, I think -- Obviously, if an issue

12    comes up where either the detention center or the U.S. Marshals

13    Service is concerned that attorney-client visitation or mail is

14    being used or misused, they should have a mechanism for

15    investigating that, but at the very least we'd ask that the

16    Government seek leave of the Court to set up -- or to notify

17    the Court of this taint team method.

18              THE COURT:  All right.  So even if I didn't impose a

19    protective order, that's something that you would ask me to

20    review if it -- that's an example of something that you would

21    want me to review when it's brought to me by the Government?

22              MS. DUNCAN:  So what we'd ask the Court to do is

23    enter the protective order that we're requesting, but include a

24    provision that if there's a need, the Government has a need to

25    collect information that might implicate the protective order,
```

DNM 568

```
 1    that it seek leave of the Court to set up this taint team and
 2    that the Court be supervising that process to make sure
 3    attorney-client materials aren't disclosed to the prosecution
 4    team.
 5           THE COURT:  Okay.  Ms. Duncan, I'm not sure I've
 6    heard anything so far, but I'll allow you to add, I'm not sure
 7    we have anything here that is different from what we ordinarily
 8    have in a prosecution, even of the most sensitive nature, to
 9    assure that prosecutors don't have the information that they
10    simply should not have.
11           We have jail procedures that for the most part work,
12    and when they don't, then we deal with those on a case-by-case
13    basis, and there's a motion to -- in the event there's a
14    suspected or an actual violation of that attorney-client
15    privilege.  So long as within what is protected, then, that's
16    certainly concerned, an area for concern, but I don't hear, so
17    far, anything that really causes me to think that a protective
18    order is necessary for the kinds of concerns you've just
19    raised.
20           MS. DUNCAN:  If I could just answer that, Your Honor.
21           THE COURT:  Yes, ma'am.
22           MS. DUNCAN:  I think -- One of the reasons why I
23    think a protective order is necessary in this case and this
24    case is different from your average cases, is the scrutiny
25    under which the defendants are.  I mean, we see in the
```

DNM 569

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 108 of 123
Case 2:15-cr-04268-KG Document 322 Filed 03/23/16 Page 108 of 123    108
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 415

```
 1    Government's response to our motion collecting documents about
 2    legal visits, legal mail.  We hear, you know, even coming in
 3    today, the Government's alleging new allegations against our
 4    clients.  I mean, our clients are under very close supervision
 5    at the jail and the prosecution's clearly working very closely
 6    with jailers and the U.S. Marshals Service to gather
 7    information about our clients.
 8                So, given that close scrutiny, this is not the
 9    average case where, you know, the jail just collects the
10    information, occasionally the prosecution will go in to get
11    phone calls.  So given that level of scrutiny, given that this
12    is a capital case, I think enhanced protections are warranted
13    to protect the defendant's right to counsel, effective
14    assistance of counsel, and work product.
15                THE COURT:  Okay.  Thank you, Ms. --
16                MR. LANE:  Your Honor, this is David Lane.  May I
17    supplement those remarks?
18                THE COURT:  No, not yet, Mr. Lane.
19                MR. LANE:  Okay.
20                THE COURT:  But I am going to give you a chance.  But
21    please be patient.
22                I'm going to go down the list and give everyone a
23    chance to weigh in.  This is important.  It's 4:30.  We are
24    pushing the envelope here, but, nevertheless, I'm going to give
25    everybody a chance to weigh in.  I'm going ask you to keep your
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 109 of 123
Case 2:15-cr-04268-JB Document 322-1 Filed 03/21/16 Page 109 of 123    109
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 416

```
 1   comments very brief to the extent you have anything to add.

 2   Please don't feel obligated if you simply don't have anything

 3   to add to what has already been said.

 4           First, on behalf of Mr. Gallegos, Mr. Benjamin.

 5           MR. BENJAMIN:  No comments, Your Honor.

 6           THE COURT:  All right.  On behalf of Mr. Troup.

 7           MS. HARBOUR:  Cori Harbour-Valdez and Patrick Burke.

 8   Nothing to add, Your Honor.

 9           THE COURT:  Okay.  On behalf of Leonard Lujan.

10           MR. CLARK:  Nothing to add, Your Honor.

11           THE COURT:  On behalf of Billy Garcia.

12           MR. BOWLES:  Nothing to add, Your Honor.

13           THE COURT:  All right.  Mr. Bowles does not have

14   anything to add.

15           On behalf of Eugene Martinez, Mr. Lane.

16           MR. LANE:  Thank you, Your Honor.  David Lane on

17   behalf of Eugene Martinez.

18           Your Honor, I'd like to supplement by giving an

19   illustration of what counsel is talking about here.

20           This, unlike a normal case, is a potential

21   death-penalty case.  Mitigation is absolutely relevant.  And

22   what we have seen here is, you have law enforcement officials

23   in the persons of prison guards reading incoming mail.  They're

24   not just shaking it out to see if a handcuff key falls out.

25   They're reading it to determine, is this legitimate legal mail,
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

```
 1    is this coded messages coming in from some nefarious source.

 2              The point I'm making with all of this is, when you

 3    have a client who is communicating primarily via U.S. mail with

 4    distant learned counsel, and some of the most sensitive issues

 5    in their lives are at issue, meaning mitigation, evidence of a

 6    troubled childhood involving gross sexual or physical abuse, we

 7    now have back and forth communications between counsel and

 8    client involving these incredibly sensitive issues that are

 9    absolutely relevant to saving a defendant's life, and we have

10    prison guards reading this stuff, which, obviously, would

11    prevent any defendant from writing all of these critically

12    important facts into a letter and mailing it to counsel for

13    fear that counsel might write back and refer to, you know, how

14    the defendant was sexually assaulted by his father as a child,

15    you know, over years.  Those kinds of things are not going to

16    occur when you have prison guards reading incoming and outgoing

17    mail.

18              A taint team doesn't stop this process from

19    happening, it doesn't protect the attorney-client privilege.

20    It's just more government people reading the most private --

21    the most private letters a defendant can write.

22              There are other ways, besides having another layer of

23    government bureaucracy examining incoming mail.  For example,

24    counsel has the ability to e-mail the prison and say to the

25    prison, you know, on March 4th, I mailed a letter to my client,
```

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 111 of 123
Case 2:15-cr-04268-JB Document 512-1 Filed 05/23/16 Page 111 of 123    111
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 418

```
 1    you should receive it, I've put a code -- for example, they can

 2    agree on a code with the prison, a numerical code on an

 3    envelope, and once the envelope arrives at the prison, if that

 4    is, in fact, the numerical code that matches up with the

 5    e-mail, they have assurance that this is legitimate

 6    attorney-client communication.  And all they have to do is open

 7    it in the presence of the inmate, shake it out so that a

 8    handcuff key doesn't fall out of the envelope, and then hand it

 9    over without reading it.  There should be no reading of

10    legitimate attorney-client mail.

11            I'm litigating this very issue right now in the Ninth

12    Circuit in a death-row case out of Arizona, and these proposals

13    have been considered by the courts, and we're up in the Ninth

14    Circuit Court of Appeals right now on these very issues.  But

15    that is illustrative of the problems defense counsel is facing

16    here.  The taint team doesn't solve the problem.  The only

17    thing that we should be looking for is alternatives so that

18    when legitimate attorney-client mail is coming in and going out

19    the prison has those assurances and there will be no scanning

20    of mail, no reading of mail, simply a shake-out and a

21    hand-over.

22            THE COURT:  So, Mr. Lane, what I -- and I appreciate

23    what you have just articulated, and I would agree that when you

24    have attorney-client mail aired out in open for any jail member

25    to read, that causes me concern, as well, but we have that in
```

Case 2:15-cr-04268-JB   Document 541-2   Filed 05/23/16   Page 112 of 123
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 419

112

```
 1    any case.  That is something that any defense counsel, any

 2    client would be concerned about.

 3            What I'm looking for is something that makes this

 4    case unique, where that case -- where that kind of practice

 5    would be especially -- well, because of the nature of this case

 6    is especially --

 7            MR. LANE:  It's actually an anomaly that any mail is

 8    read.  Most states -- And we briefed this in the Ninth Circuit.

 9    Virtually every state in the country has an "open in the

10    presence of the inmate, shake out the letter, and hand it over

11    policy."  They're looking for drugs, they're looking for metal,

12    they're looking for any physical contraband.  But virtually

13    nobody is reading incoming correspondence.

14            THE COURT:  Okay.  So let me tell you, what I'm -- I

15    appreciate the sensitivity.  What I'm not going to do is enter

16    an order that affects the jail staff's ability to do their job

17    under existing policy and under existing law.

18            If, Mr. Lane, you know of a violation, you have

19    reason to believe that your client's rights have been violated,

20    you should bring that to the attention of the Court, but at

21    this point in time I'm not hearing anything beyond what is

22    ordinarily in place and practiced that this case presents an

23    especially high risk of a violation.  You're litigating the

24    issue presumably because of a violation, I don't know, but if

25    you do have a specific violation that you'd like to bring to my
```

```
1    attention, I would certainly invite that.  Otherwise, I would

2    note your position as objecting.

3            MR. LANE:  Yes, Your Honor.

4            THE COURT:  Okay.  To the Government's position, that

5    is.

6            All right.  Thank you, sir.

7            On behalf of Allen Patterson, that would be

8    Mr. Lahann or Mr. Linder.

9            MR. LAHANN:  Nothing further to add.

10           THE COURT:  Okay.  On behalf of Christopher Chavez.

11           MR. MONDRAGON:  Nothing to add, Your Honor.

12           THE COURT:  Nothing to add.  All right.

13           On behalf of Mr. Alonso, Mr. Orquiz.

14           MR. ORQUIZ:  Nothing further to add.

15           THE COURT:  All right.  On behalf of Mr. Arturo

16   Garcia, Mr. Blackburn, are you still there?

17           MR. BLACKBURN:  Yes, sir.  Nothing to add, Your

18   Honor.

19           THE COURT:  Okay.  On behalf of Mr. Benjamin Clark,

20   Mr. Hosford.

21           MR. HOSFORD:  Nothing to add.

22           THE COURT:  All right.  On behalf of Ruben Hernandez.

23           MR. PINEDA:  Nothing to add, Your Honor.

24           THE COURT:  Okay.  On behalf of Jerry Armenta,

25   Mr. Mitchell.
```

Case 2:15-cr-04268-JB Document 543-1 Filed 05/23/16 Page 114 of 128
Case 2:15-cr-04268-JB Document 321 Filed 08/23/16 Page 114 of 128   114
Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 421

```
 1                MR. MITCHELL:  Nothing further to add.

 2                THE COURT:  All right.  Thank you.

 3                On behalf of Jerry Montoya, Ms. Strickland.

 4                MS. STRICKLAND:  Just very briefly, Your Honor.

 5                It sounded like the Government said earlier that they

 6     had gotten some phone calls between attorneys and clients in

 7     this case.  If that is true, then we definitely need a

 8     protective order as to those calls.  The Government should not

 9     be listening to them even if they were given inadvertently.

10                THE COURT:  Okay.  If you need clarification of what

11     Mr. Castellano said, Ms. Strickland, let me invite

12     Mr. Castellano to clarify what he said.

13                MR. CASTELLANO:  Yes, sir.  When I said we had

14     previously received phone calls, it was in other cases, not in

15     this case, but like I said, there is a procedure for defense

16     counsel to follow if they want their calls completely excluded

17     from the system, otherwise they'll hear a recording that says

18     "Your calls are subject to recording and monitoring," and those

19     would be turned over if we collected a batch of e-mails

20     en masse.  And that's always been the case.  And like I said,

21     there is a procedure if they want their calls removed from the

22     system, otherwise when they call it's treated like any other

23     call.

24                THE COURT:  All right.  Are you familiar with that

25     practice, Ms. Strickland?
```

```
 1              MS. STRICKLAND:  Of course, Your Honor, I call the

 2    jail all the time.  But if the Government accidently gets one I

 3    don't think we've obliterated privilege because it was

 4    accidentally disclosed.  I want the Government to stop

 5    listening to that call and notify us.

 6              MR. CASTELLANO:  It's clear that letting a third

 7    person in on a conversation obliterates the privilege, Your

 8    Honor.

 9              Regarding Mr. Lane's comments and concerns and

10    worries, people are not reading the legal mail, and there is a

11    rule in place, even by case law, that the legal mail must be

12    opened in the presence of the detained individual.  So that's

13    the practice that will continued to be followed.  They have a

14    different practice for personal mail, but as to legal mail, it

15    is opened in the defendant's presence.

16              THE COURT:  That's occurring.  What safeguards are in

17    place to make sure that doesn't end up in the prosecution's or

18    case agents' hands?

19              MR. CASTELLANO:  It would not come to our attention

20    whatsoever unless there was some -- something strange or the

21    appearance of something illegal.  So, as Mr. Lane said, if you

22    shake out the envelope and something falls out, then obviously

23    we'd be notified of the contents of the envelope, but not

24    necessarily the contents of the correspondence.

25              The same thing with drugs that are contained within
```

DNM 577

116

```
 1    documents, we would know about that.  But the same thing

 2    applies.  If there's any issue or concern about there being

 3    privileged information, then once again, a taint team would

 4    have to be used.

 5              THE COURT:  All right.  So with regard to the calls,

 6    Ms. Strickland, that -- your concern would apply to any case,

 7    the practices or the procedures in place would be not only in

 8    this case, but in any other case.  Trusting that you follow

 9    those procedures, that at least minimizes, if not entirely

10    eliminates, the risk, but in the event that it does happen

11    inadvertently, there is a screening process.  So I would just

12    urge you to follow the procedures that are in place, assure

13    yourself and your client that that is not supposed to happen

14    and that it wouldn't.

15              MS. STRICKLAND:  I will, and I do.  If the Government

16    does receive a phone call, would they be obligated to let me

17    know about that, a recorded phone call between me and my

18    client?  Because otherwise I wouldn't know when to file a

19    motion.

20              THE COURT:  Yeah.  You know, I think what I would

21    like to know is, if that does occur, that that be brought to my

22    attention immediately.

23              MR. CASTELLANO:  Yes, Your Honor.  The first time we

24    come across that example, we will let the Court and counsel

25    know.  And usually we know it has not been excluded from the
```

```
 1    system because there is an introductory statement at the

 2    beginning of the call that says the call is subject to

 3    monitoring and recording, so we would know then, but we will

 4    let the Court and counsel know when we discover it the first

 5    time.

 6              THE COURT:  Okay.

 7              MS. STRICKLAND:  Thank you, Your Honor.

 8              THE COURT:  All right.  You're welcome.

 9              Okay.  Continuing on.  On behalf of Mario Rodriguez,

10    Mr. Hernandez.

11              MR. HERNANDEZ:  Nothing to add, Your Honor.

12              THE COURT:  Okay.  On behalf of Timothy Martinez,

13    Mr. Almanza or Ms. Walsh.

14              MR. ALMANZA:   Your Honor, I have nothing --

15              MS. WALSH:  I'm sorry, go ahead.

16              THE COURT:  Mr. Almanza has nothing to add.

17              Ms. Walsh.

18              MS. WALSH:  Yes, Your Honor.  When the Government

19    began its response, they noted that they tend not to disagree

20    with the defense, so if they tend not to disagree with the

21    defense's request for a protection order, then they would be

22    agreeing that they cannot and should not interfere with the

23    defense function, which is knowing which members of a legal

24    team, including experts, are visiting their clients.  And the

25    Government's request for a taint team certainly undermines
```

```
 1   their very own argument or even contrasts their very own
 2   argument.
 3           And I would note that any request for a taint team is
 4   just a way for the Government to try to circumvent 12.2 and, as
 5   noted by Ms. Duncan, have an unfair advantage and learn about
 6   experts before they're ever entitled to.
 7           So we would join in the objection and add our
 8   additional objections that were just stated.  Thank you.
 9           THE COURT:  All right, Ms. Walsh.
10           Mr. Castellano, do you wish to respond to that in any
11   way?
12           MR. CASTELLANO:  Only to say, Your Honor, that good
13   cause has still not been established.  This case is being
14   treated like any other case.  I understand the defense
15   typically says that death is different.  We understand that, as
16   well.  But I already gave examples of times when we do not
17   agree with them, and that's because legal mail isn't always
18   legal mail and legal visits are aren't always legal visits.
19           And a taint team doesn't create any problems that
20   defense counsel says anyway, because we don't learn about
21   anything at all until there is something that seems to be a
22   potential problem, and only then are we alerted and only then
23   does the taint team come into play.  So we're a few steps away
24   from that.
25           THE COURT:  But it's in that context that I would
```

Appellate Case: 20-2058   Document: 010110415662   Date Filed: 09/29/2020   Page: 426

```
 1   like to be notified immediately.

 2              MR. CASTELLANO:  Yes, sir.

 3              THE COURT:  Okay?

 4              All right.  Mr. Lindsey or Ms. Stillinger, on behalf

 5   of Mr. Mauricio Varela.

 6              MR. LINDSEY:  David Lindsey, Your Honor.  We join in

 7   the comments of all counsel and have nothing to add.

 8              THE COURT:  Okay.  Thank you, sir.

 9              On behalf of Daniel Sanchez, Mr. Jewkes, Ms. Jacks.

10              MR. JEWKES:   Your Honor, we have nothing to add.  We

11   join in the comments of the other counsel.  Thank you.

12              THE COURT:  Okay.  Thank you, sir.

13              On behalf of Gerald Archuleta.

14              MR. HARRISON:  Nothing further.

15              THE COURT:  On behalf of Conrad Villegas, Mr. Crow.

16              MR. CROW:  Nothing to add, Your Honor.

17              THE COURT:  On behalf of Anthony Ray Baca,

18   Ms. Duncan, this was your -- another opportunity.

19              MS. DUNCAN:  Your Honor, nothing to add.

20              THE COURT:  Okay.  On behalf of Robert Martinez,

21   Mr. McElhinney.

22              MR. McELHINNEY:  Nothing to add, Your Honor.

23              THE COURT:  On behalf of Roy Paul Martinez.

24              MS. MILNER:  Nothing to add, Your Honor.

25              THE COURT:  On behalf of Christopher Martinez.
```

```
 1   Ms. Sirignano?
 2           MS. SIRIGNANO:  Apologies, Your Honor.  We would join
 3   in the arguments --
 4           THE COURT:  Nothing to add?
 5           MS. SIRIGNANO:  -- from counsel, and nothing to add,
 6   Your Honor.
 7           THE COURT:  All right.  And on behalf of David
 8   Calbert, Mr. Roman Romero.
 9           MR. ROMERO:  I join in the argument of counsel, and
10   nothing to add, Your Honor.
11           THE COURT:  Okay.  All right.  Well, thank you.
12           Now, I read your motion, I assure you, carefully,
13   trying to find from that motion, Ms. Duncan, and for the entire
14   defense team, what is it about this case that presents unique
15   difficulties.  Obviously, I get it, death is different, but
16   there are protections in place by law, by rule, and by policy
17   to assure that the attorney-client privilege is protected and
18   not violated.  Unfortunately, there are instances where it has
19   been, but I haven't yet heard anything that makes this case
20   unique that a protective order is necessary in this particular
21   case, otherwise, there would be no reason not to impose a
22   protective order in any other case.
23           There are communications you have to make with your
24   client.  Those certainly are protected just by virtue of by
25   law, by rule.
```

Case 2:15-cr-04268-JB Document 541-1 Filed 05/23/16 Page 121 of 123
Case 2:15-cr-04268-KG Document 5321 Filed 03/21/16 Page 121 of 123    121
Appellate Case: 20-2058    Document: 010110415662    Date Filed: 09/29/2020    Page: 428

```
 1              Your communications to the jail to arrange for a
 2     visit I don't find within the scope of the privilege or
 3     warranting a protective order.  If you have specific law on
 4     that, however, please bring that to my attention.  So that
 5     would be very helpful.
 6              For now, I'm going to deny the motion for a
 7     protective order insofar as it relates to any protection of
 8     client visits or correspondence.  I am reminding, and I think
 9     the Government is well aware of what the precautions are and
10     what the consequences are of any violation of these protections
11     that are -- that should be very clear to everybody concerned.
12              I will ask, though, if there is additional law,
13     Ms. Duncan, please bring that to my attention.  Okay?
14              All right.  Now, that is my ruling with regard to
15     that motion.
16              It's been a long afternoon, and, as anticipated, you
17     know, this is -- because this case is fairly unique in a number
18     of ways, you know, this was an unusual hearing because of the
19     numbers, but what I endeavor to do is give everybody an
20     opportunity to state their position, whether telephonically or
21     in person, and so I don't know if we'll use this model if we
22     have to do something like this again in the future, but I would
23     be open to suggestions if there's any other model.
24              Now, I do understand the preference by counsel to be
25     present.  Because of the nature of the motion and how -- why we
```

Danna Schutte Everett
Official United States Court Reporter
100 N. Church, Las Cruces, New Mexico  88001
(575)528-1656

122

```
1    are so close to the discovery deadline, your clients have been

2    under Indictment already for a period of months, there is a

3    batch of discovery that is ready to get out the door from the

4    Government.  My instructions to the Government is to get on

5    with that process just as speedily as you possibly can, all

6    within the context of what we just discussed today.  So that's

7    the aim and that's where we'll go.

8              All right.  Now, there's one more motion that I need

9    to take up, and that involves Mr. Gorence and Mr. Lane.  I'll

10   ask at least Ms. Armijo, if not both Ms. Armijo and

11   Mr. Castellano, to remain.

12             Mr. Lane, if you can remain on the telephone while we

13   just wrap up with this portion of the hearing.

14             Thank you, everyone.  Have a good evening.

15        (Court stood in recess at 4:48 p.m.)

16

17

18

19

20

21

22

23

24

25
```

DNM 584

1                    C-E-R-T-I-F-I-C-A-T E

2    UNITED STATES OF AMERICA

3    DISTRICT OF NEW MEXICO

4

5        I, Danna Schutte Everett, RPR, CCR, CRR, Official

6    Court Reporter for the State of New Mexico, do hereby

7    certify that the foregoing pages constitute a true

8    transcript of proceedings had before the said Court held

9    in the city of Las Cruces, New Mexico, in the matter

10   therein stated.

11       In testimony whereof, I have hereunto set my hand on

12   this 21st day of March, 2016.

13

14                    _____

                      DANNA SCHUTTE EVERETT
15                    Registered Professional Reporter
                      Registered Merit Reporter
16                    Certified Realtime Reporter
                      NM Certified Court Reporter #139
17                    100 Church Street
                      Las Cruces, New Mexico  88001
18                    Phone:  (575) 528-1656
                      Fax:  (575) 528-1656
19                    dannadawn@comcast.net

20

21

22   March 3, 2016, USA vs. DeLeon, et al.

23

24

25

                    Danna Schutte Everett
            Official United States Court Reporter
        100 N. Church, Las Cruces, New Mexico  88001
                      (575)528-1656

                                                        DNM 585

I, Amy E. Jacks, declare and state as follows:

1.    I have been appointed as learned counsel for defendant Daniel Sanchez in the above captioned case.

2.    I am aware of the Protective Order issued in this case (Doc. 313).  The terms of that Protective Order authorized the government to designate certain discovery materials as "Confidential Material."   Confidential Material is defined to be: (1) any defendant's post arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statement in (1) or (2) above.  Pursuant to the terms of the Protective Order, copies of Confidential Material were not to be provided to the defendants or put on the tablets that were to be provided to the defendants.

3.    I have received the first and second production of discovery materials in this case.  The materials are broken down into folders for confidential and non-confidential materials.

4.    I have reviewed discovery relating to the charged conspiracy and homicide of J.M. charged in Counts 4 and 5 of the indictment.

5.    Many of the discovery materials designated by the government as Confidential Material does not fit the Protective Order's definition of Confidential Material and/or does not appear to have any need to be designated as Confidential Material.

6.    The discovery improperly classified as Confidential Material is summarized as follows:

   a.   Pages 1591-1631 are a redacted report authored by the New Mexico State Police ("NMSP") and identified as Supplemental Report #2. This report describes law enforcement's response to the crime scene, provides crime scene information, summarizes the content of crime scene video, and records statements and observations of corrections officers, medical personnel investigators and inmates, none of whom , according to the report's author, provided information "relevant to the homicide."  Attachments to the document include crime scene diagrams and logs, property reports and waiver of rights forms.

   b.   Pages 1674-1608 are a redacted version of NMSP Supplemental Report #5.  The report contains law enforcement's observations of the crime scene and documents law enforcement's response.  Only one page of the report contains material potentially falling within the

Protective Order's definition of Confidential Material.  This page contains a summary of statements from two inmates who may possibly be or become government cooperators. This material could be easily redacted from the report.

c.  Pages 2135-2137 contain a memo from the New Mexico Department of Corrections Swing Shift Supervisor to the Chief of Security describing the correctional officer and prison staff response to the homicide.  It does not reference cooperators or contain summaries of any cooperator statements.

d.  Pages 2138-2140 are handwritten notes of correctional officers and prison staff regarding their observations of the incident.

e.  Pages 2141-2142 consist of a report of the Department of Corrections Security Threat Intelligence Unit regarding interviews with inmates, none of whom provided any substantive information.

f.  Page 2143 is a memo of a correctional officer documenting conversations with seven (7) inmates none of whom knew anything.

g.  Pages 2157-2158 contain New Mexico Department of Corrections memo entitled "Critical Incident Debriefing."  The memo describes the incident and the reaction of corrections staff.  It does not contain any information concerning confidential informants.

h.  The production also includes recordings of interviews with the following inmates on March 8, 2014, none of whom professed to know anything about the homicide: Daniel Sanchez, Jerry Armenta, Michael Jason Wright, and Mario Rodriguez.

i.  The production also includes a recording of a March 10, 2014 interview with inmate Michael Hernandez during which he says he knows nothing about the homicide.

j.  The government has also designated the prison videos of the assault on J.M. as Confidential Material.  These videos do not have sound and show the movement of individuals within the unit at or around the time of the alleged assault.

7.  The only materials in this production designated by the government as Confidential Material that fit within the Protective Order's definition of Confidential Material are as follows:

a.  Pages 2249-2253 which is an FBI 302 documenting an interview with an inmate who is attempting to cooperate.

    b.  Recordings of interviews with five (5) inmates that are potential cooperating witnesses.

8.    The government has not contacted me to discuss the need to designate additional materials as Confidential Material as ordered in Protective Order (Doc. 313) ¶ 5.  Nor am I aware of any additional government filing seeking to include additional materials in the category of Confidential Material.

9.    On April 17, 2016 I contacted the Coordinating Discovery Attorney ("CDA") to inquire about the status of the tablet computers that are to be given to the defendants.  On April 18,2016, the CDA informed me that the tablets are scheduled to ship to the New Mexico Department of Corrections ("NMDC").  NMDC will then "lock the tablets down" and provide them to the CDA to load the discovery materials.  The CDA estimated that the defendants will receive the tablets containing the discovery materials in late May, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of April, 2016 at Los Angeles, California.

*/s/ Amy E. Jacks*
Amy E. Jacks

I, Cori A. Harbour-Valdez, declare and state as follows:

1.    I have been appointed as counsel for defendant Edward Troup in the above captioned case.

2.    I am aware of the Protective Order issued in this case (Doc. 313). The terms of that Protective Order authorized the government to designate certain discovery materials as "Confidential Material." Confidential Material is defined to be: (1) any defendant's post arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statement in (1) or (2) above. Pursuant to the terms of the Protective Order, copies of Confidential Material were not to be provided to the defendants or put on the tablets that were to be provided to the defendants.

3.    I have received the first and second production of discovery materials in this case. The materials are broken down into folders for confidential and non-confidential materials.

4.    I have reviewed discovery relating to the alleged homicide of F.S. charged in Count 3 of the indictment.

5.    Many of the discovery materials designated by the government as Confidential Material do not fit the Protective Order's definition of Confidential Material and/or do not appear to have any need to be designated as Confidential Material.

6.    For the homicide of F.S. 171 pages of material has been marked as non-confidential and 127 pages have been marked as confidential.

7.    The discovery improperly classified as Confidential Material is summarized as follows:

    a.    Pages 1285-1287 are a redacted report authored by the New Mexico State Police ("NMSP") and identified as Incident Report. This report documents the investigating officer's initial involvement in the investigation and the reason he believed it was not an unattended death. The victim's personal information is appropriately redacted.

    b.    Pages 1442-1451 are the incident reports from various New Mexico Corrections Department Staff Members documenting their roles and actions taken during the investigation. The document does not contain information regarding confidential informants.

c.  Pages 1452-1471 are handwritten notes of the inmate interviews in which the vast majority either refused to answer questions and/or claimed no knowledge. While some of these individuals are, or may become, government cooperators, nothing in these pages indicates anyone is cooperating or providing any information about anyone else.

d.  Pages 1472-1474 are the typed notes from four of the inmate interviews referenced above. While some of these individuals are, or may become, government cooperators, nothing in these pages indicates anyone is cooperating or providing any information about anyone else.

e.  Pages 1476-1479 are the New Mexico Corrections Department Shift Supervisor's Serious Incident Report Form. The document describes the correctional officers and prison staff response to the homicide.  It does not reference cooperators or contain summaries of any cooperator statements.

f.  Pages 1483-1490 are the New Mexico Corrections Department Inmate Misconduct Reports. These reports describe the reporting employee's findings based on his investigation. It does not reference from whom he obtained the information, thus no cooperators are specifically identified.

g.  Pages 1507-1510 are the Disciplinary Placement Form, New Mexico Corrections Department Disciplinary Officer's Investigation Report, Findings and Recommendation, and New Mexico Corrections Department Inmate Conduct Report for Kyle Dwyer. Nothing in these documents identifies any cooperators or provides any cooperators' statements.

h.  Pages 1511-1512 are the Disciplinary Officer's request for an extension of time to complete the investigation into Kyle Dwyer's misconduct and another copy of New Mexico Corrections Department Inmate Conduct Report for Kyle Dwyer. Nothing in these documents identifies any cooperators or provides any cooperators' statements.

i.  Pages 1513-1517 contain two almost identical memos from the New Mexico Department of Corrections Day Shift Commander to the Chief of Security detailing the chain of events of June 17, 2007. Nothing in these documents identifies any cooperators or provides any cooperators' statements.

j.  Pages 1521-1522 contain a memo from an STIU Officer to the STIU Coordinator and documents a phone call between and inmate and a

recently paroled inmate. Nothing in the call transcript identifies any cooperators or provides any cooperators' statements.

k.  Pages 1539-1543 contain letters from inmates. Nothing in the letters identifies any cooperators or provides any cooperators' statements.

l.  Pages 1555-1560 include a memorandum from STIU Elint Officer to the STIU Administrator documenting a letter from an inmate to another inmate. Nothing in the letter identifies any cooperators or provides any cooperators' statements.

m.  Page 1561 is an FBI 302 dated January 11, 2012, documenting an interview with STIU Coordinator Adam Vigil. Nothing in the report identifies any cooperators or provides any cooperators' statements.

8.  The only materials in this production designated by the government as Confidential Material that fit within the Protective Order's definition of Confidential Material are as follows:

a.  Pages 1358-1360 are a report identified as NMSP Supplement #3. This report documents interviews with inmates believed to have been involved and who are, or may become, government cooperators. The inmates' names can easily be redacted from the report.

b.  Pages 1518-1520 contain a memo from the STIU Coordinator to the STIU Administrator documenting the inmate interviews. They are heavily redacted and thus the names of the interviewees are not disclosed.

c.  Pages 1523-1537 contain the Security Threat Intelligence Unit Memorandum regarding the investigation. The names of the interviewees are not disclosed.

d.  Page 1538 is a memorandum from the Deputy Warden to the STIU Administrator which documents the interview of a cooperator. The cooperator's name is redacted.

e.  Pages 1544-1550 contain the handwritten declaration from a cooperator and a memorandum from STIU Manager to the STIU Administrator transcribing the handwritten letter. The cooperator's name is redacted.

f.  Pages 1551-1554 contain an FBI 302 dated February 2, 2012, documenting an interview with an inmate, whose name is not redacted, in which he describes what he witnessed in 2007.

g.  Pages 1562-1582 contain FBI 302s regarding interviews of two Confidential Human Sources and two cooperators.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of April, 2016 at El Paso, Texas.


_/s/ Cori A. Harbour-Valdez_
Cori A. Harbour-Valdez

Pursuant to 28 U.S.C. 1746,I, James Castle, declare and state as follows:

1.     I am counsel for defendant Billy Garcia in the above captioned case.

2.     I am aware of the protective order issued in this case (Doc. No. 313).  The terms of that protective order authorized the government to designate certain materials as "confidential."  Confidential materials were not to be put on the tablets that were to be provided to the defendants.  The protective order defined "confidential materials" as (1) any defendant's post-arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statements in (1) or (2), above.

3.     I have received discovery materials in this case.  The materials are broken down into folders for confidential and non-confidential materials.

4.     I have reviewed discovery relating to the two homicides of F.C. (Count One) and R.G. (Count Two).

5.     In the confidential folders there appears material, which does not appear to have any need to be labeled "confidential" as they do not relate to a confidential informant.

6.     For the homicide of F.C. (Count One) only 238 pages of material has been marked as non-confidential whereas 489 pages have been marked as confidential.

7.     For the homicide of F.C., the below materials do not appear to have any material which should be kept confidential and not reviewable by the defendants:

       a.   Page 1-38 is an incident report, which describes crime scene information and statements of corrections officers, medical personnel investigators and inmates who did not request anonymity.   No statements of any confidential informants are contained within these pages.   Some material could be redacted as it contains inmate statements.

       b.   Pages 131-197 comprise a supplementary report, which describes evidence collection.

       c.   Pages 198-201 are materials from the state of New Mexico indicating they were declining to prosecute in the matter and materials indicating the transfer of the case.

    d.  Pages 490-502 are reports of interviews with correctional officers.

    e.  Pages 513-519 are pages of an interview of a correctional officer.

    f.  Pages 543-590 are pages from a PowerPoint setting forth the government's presentation of the evidence against the defendants. These pages do not contain any information concerning confidential informants.

    g.  Pages 613-620 is an FBI document which sets forth the information the government possesses allegedly linking the numerous homicides. One portion discusses a confidential human source, which can be redacted but the remainder of the document does not contain information regarding confidential informants.

    h.  Pages 656-658 is a report of SNM activity at Southern New Mexico Correctional Facility. A portion of the document is in regard to an informant can be redacted but the remainder does not relate to confidential informants.

    i.  Pages 676-678 is a report of an interview of a police officer.

    j.  Pages 716-727 is an interoffice memo from the SNMCF. It does contain some information from confidential informants which can be redacted but but the remainder does not contain such information.

8.  For the homicide of R.G. (Count Two) 320 pages have been marked as non-confidential and 236 pages have been marked as confidential.

9.  For the homicide of R.G. (Count Two), the below materials do not appear to have any material which should be kept confidential and not reviewable by the defendants.

    a.  Pages 728-762 comprise an incident report, which describes crime scene information and statements of corrections officers, medical personnel investigators and inmates who did not request anonymity. No statements of any confidential informants are contained within these pages. Some material could be redacted as it contains inmate statements.

    b.  Pages 763-775 comprise a supplementary report, which describes evidence collection.

    c.  Pages 930-935 are pages of a supplementary report, which describes statements of corrections officers and medical personnel.

d.  Pages 938-1076 is a supplementary report, which contains the autopsy findings, photographic logs, a note and interview from a clerk and other evidence logs.

e.  Pages 1093-1095 are handwritten notes from investigators.

f.  Pages 1114-1146 are notes and transcripts of interviews of correctional officers.

g.  Pages 1153-1200 and page 1215 are pages from a PowerPoint setting forth the government's presentation of the evidence against the defendants.  These pages do not contain any information concerning confidential informants.

h.  Pages 1224-1225 is a report by an investigator regarding proposed DNA testing.

i.  Pages 1246-1247 are handwritten notes regarding bruises or marks on inmates observed on date of discovery of body.


Executed on this 18th day of April, 2016.


s/James A. Castle
James A. Castle
Attorney for Billy Garcia

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN PARTIAL OPPOSITION TO
DEFENDANTS' MOTION TO SUSPEND THE SCHEDULING
ORDER (DOC. 250), REQUEST FOR STATUS CONFERENCE AND EX
PARTE CONFERENCE WITH THE DISTRICT COURT [DOC. 535]**

The Defendants' Motion to Suspend the Scheduling Order (Doc. 250), Request for Status

Conference and Ex Parte Conference with the District Court [Doc. 535] ("Motion for Status

Conference") requests a status conference to discuss only "matters involving discovery, the

Scheduling Order, the Protective Order, and other case related matters," as well as some "CJA

matters" ex parte. Id. ¶ 12. The Motion for Status Conference asserts that "the government opposes

the defendants being present for the status conference." The United States of America files this

response to clarify that, in accordance with Rule 43 of the Federal Rules of Criminal Procedure, it

asks only that the Court not order that all Defendants be present at the Status Conference.

The United States Court of Appeals for the Tenth Circuit provided clear guidance that the

constitution does not require that defendants attend conferences or hearings on matters of law,

including "administrative conference[s]." United States v. Oles, 994 F.2d 1519, 1525 (10th Cir.

1993). The United States Marshals Service is concerned about logistics and public safety in

coordinating 30 dangerous Defendants' personal appearance at the June 2, 2016 conference. And

several Defendants have voiced their wishes, out of concern for their and their families' safety, not

to be compelled to be present personally in the courtroom with the other Defendants. Given these

circumstances, and given the Tenth Circuit's clear guidance that there is no requirement or right of

a defendant to attend administrative conferences, should this Court order and compel each and

every one of the approximately 30 Defendants in this matter to attend personally the status

conference?

## **BACKGROUND**

This complex criminal matter involves approximately 30 Defendants who have been

indicted on charges of racketeering, including charges that they conspired to murder certain

individuals. Moreover, the Indictment includes allegations that these Defendants, at the time that

they were incarcerated within the District of New Mexico and elsewhere, orchestrated this

conspiracy to murder these individuals both within and outside of prisons.

As this Court is presumably aware, the Defendants are high-ranking members of the

Syndicato de Nuevo Mexico ("SNM") prison gang. Part of SNM's operations is to take out "hits"

on members who cooperate with law enforcement authorities, and to take out hits on members who

do not follow orders (including the orders to hit those cooperating SNM members). But SNM's

murder conspiracies do not stop there; SNM goes so far as to order hits not only on the cooperating

members themselves, but also on their entire families.

Sound public policy dictates protection of cooperating defendants. The effective

prosecution of multi-defendant criminal conspiracies necessarily requires the cooperation of

certain defendants. And cooperation has taken place in this case. Generally, cooperation in any

multi-defendant case places the cooperator in harm's way. But particularly here, given the charges

and allegations in the Indictment, including the Defendants' orchestration of assaults and murders

DNM 597

of SNM cooperators within the prison walls, and orchestration of assaults and murders of the cooperators' families outside of those walls, it is unsurprising that certain Defendants do not want to be compelled to appear personally alongside certain co-Defendants in open court. The United States therefore asks the Court simply to abide by the proposition that Rule 43 of the Federal Rules of Criminal Procedure recognizes: a "defendant need not be present" at conferences or hearings, where "[t]he proceeding involves only a conference or hearing on a question of law." Id. Fed. R. Crim. P. 43(b)(3).

## **PROCEDURAL HISTORY**

On December 1, 2015, the United States filed the Redacted Indictment [Doc. 2] in this matter ("Original Indictment"), charging approximately 24 defendants with violations of, among others, 18 U.S.C. § 1959(b)(2). See id. ¶ 2. That Original Indictment charges that each of the co-Defendants "were members/prospects/associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities, including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking." Id. ¶ 1. The Original Indictment additionally charges that SNM, a prison gang consisting of over 250 members who reside both inside and outside of prisons across New Mexico and elsewhere, is led by a table of leaders who orchestrate murders and assaults of members who fail to follow SNM orders and their families. See id. ¶¶ 3-5, 8, 13(c).

On January 7, 2016, the United States filed an Unopposed Motion to Declare the Case Complex [Doc. 210], which the Court granted the same day, see Order [Doc. 211].

On April 21, 2016, the United States filed the Redacted Superseding Indictment [Doc. 368] ("Indictment"), which alleged the same charges against the same Defendants, but added additional Defendants and additional counts to bring the case to 30 Defendants.

On May 18, 2016, Defendant Christopher Garcia, on behalf of many of the Defendants indicted in this matter, submitted the Motion for Status Conference, requesting "a Status Conference "to discuss matters involving discovery, the Scheduling Order, the Protective Order, and other case related matters." Motion for Status Conference ¶ 12. When Defendant Christopher Garcia's counsel called Ms. Armijo, counsel for the United States, to ask for the United States' position on this motion, Ms. Armijo informed Counsel that the United States does not oppose the motion, but asks that not all Defendants be required to attend the status conference. See Motion for Status Conference ¶ 13. The United States takes this position because Defendants, including both Defendants who cooperated and at least one Defendant who has not cooperated with the United States, through their counsel, has told the United States that they wish not to attend the hearing personally.

## **ARGUMENT AND AUTHORITIES**

I.   GENERAL LAW

The Tenth Circuit recognized that "[t]he constitutional right of the defendant to be present at trial is rooted in both the Confrontation Clause and the Due Process Clause." United States v. Beierle, 810 F.3d 1193, 1198 (10th Cir. 2016) (citing United States v. Gagnon, 470 U.S. 522, 526 (1985) (per curiam)). Other than the actual presentation of evidence at trial, court proceedings implicate the Due Process Clause, and not the Confrontation Clause. See id. Under the Due Process Clause, "'the presence of a defendant is a condition of due process to the extent that a fair

DNM 599

and just hearing would be thwarted by his absence, <u>and to that extent only</u>.'" <u>Id.</u> (original

alterations omitted) (emphasis added) (quoting <u>Gagnon</u>, <u>470 U.S. at 526</u>).

This due-process principle has been codified in Rule 43 of the Federal Rules of Criminal

Procedure. Rule 43(b)(3) provides that "[a] defendant need not be present . . . [when] [t]he

proceeding involves only a conference or hearing on a question of law."

The late Professor Charles Alan Wright, and Professors Andrew D. Leipold, Peter J.

Henning, and Sarah N. Welling explain that the requirements for a defendant's presence under

Rule 43 may best be illustrated by distinguishing between a hearing at which there is legal

argument only, and one at which factual issues are presented:

> Undoubtedly there are many motions that require only argument on a
> question of law. Neither the Rule nor the Constitution requires the presence of
> defendant at the argument on such a motion. If fact issues are presented, however,
> as they often will be on a pretrial motion to suppress evidence, it would seem that
> defendant has a right to be present although in some instances the absence can be
> regarded as harmless error.

3B Charles Alan Wright et al., <u>Federal Practice & Procedure: Criminal</u> § 722 (4th ed.) (internal

footnotes omitted). Wright & Miller acknowledge, however, that several courts have gone so far as

to hold that Rule 43 and the Constitution do not require even that a defendant be present when

factual issues are presented, including at suppression hearings. <u>See</u> <u>id.</u> § 722 n.4 (citing, among

others, <u>United States v. Burke</u>, <u>345 F.3d 416, 422</u>–24 & n.8 (6th Cir. 2003)).

The Tenth Circuit noted, specifically, that the defendant does not have a right to be present

at any "administrative conference unrelated to any issues at trial." <u>United States v. Oles</u>, <u>994 F.2d</u>

<u>1519, 1525</u> (10th Cir. 1993). Similarly, the Honorable Kenneth J. Gonzales, United States District

Court for the District of New Mexico, recognized that "[t]he intent of Rule 43(b)(3) [of the Federal

Rules of Criminal Procedure] is to allow courts to engage in trial-management functions without

the need to have criminal defendants present at every pretrial hearing." Transcript of March 3,

2016 Hearing on Motions for Protective Orders at 24:13-16 [Doc. 322] (Gonzales, J.) (citing

United States v. Gonzales-Flores, 701 F.3d 112, 119 (4th Cir. 2012) ("Rule 43 affords a district

court the discretion to decide whether a defendant must be present in order for the proceeding to be

conducted efficiently and fairly . . . . The rule thereby recognizes and safeguards the traditional

trial-management functions of district courts.")).

II.      ARGUMENT

Under Fed. R. Crim. P. 43(b)(3), "[a] defendant need not be present . . . [when] [t]he

proceeding involves only a conference or hearing on a question of law." It's almost axiomatic that

the status conference that Defendants request in their Motion for Status Conference obviously is

"only a conference," or   may involve "a question of law" at most. Id. So the United States simply

asks this Court not to order Defendants to appear personally. That way, the Defendants who

reasonably are concerned for their personal safety, and also for that of their families, may opt out

of appearing if they so choose. So may the other Defendants who for whatever reason may choose

not to attend.

Clearly there is no requirement -- constitutional or otherwise -- that a defendant attend

conferences such as the June 2, 2016 Status Conference. The Tenth Circuit follows the United

States Supreme Court's guidance that a defendant's is required at pretrial hearing only where "'a

fair and just hearing would be thwarted by [the defendant's] absence.'" Beierle, 810 F.3d at 1198

(quoting (quoting Gagnon, 470 U.S. at 526). Wright & Miller helps understand that such hearings

are those in which "fact issues are presented," such as "a pretrial motion to suppress evidence" where "it would seem that [a] defendant has a right to be present." 3B Wright et al., supra, § 722.[1]

Additionally, the Tenth Circuit has provided valuable insight into the high bar that must be met to find that a hearing before trial is one which a defendant has the right to attend. Even if the presence of the defendant at the jury's viewing of an alleged crime scene could "[en]sure that the jury had seen the right place and nothing had been altered," there is no constitutional right to attend that conference so long as the defendant afterward can "learn whatever there was need to know" to defend against the charges by inquiring of the bailiffs or witnesses what they saw. Beierle, 810 F.3d at 1198 (internal quotation marks & citation omitted). And even if the presence of the defendant at a hearing on proposed jury instructions would have "contributed to his opportunity to defend himself against the charges" by learning that the government intended to impeach him by asking about certain previous charges, there is no constitutional right to attend so long as "Defendant could have learned . . . from his counsel all he needed to know about what happened at the instruction conference." Id. at 1199 (internal quotation marks & citation omitted).

Here, there is no constitutional right of the Defendants to attend the June 2, 2016 status conference, because the Defendants can afterwards learn from their counsel all they need to know about what happened at the status conference. Notably, in Beierle and in the cases that Beierle discussed regarding the defendant's presence at a conference with the jurors, the courts concluded that there was no right of the defendant to attend, because the defendant could afterwards learn what happened with ample time to prepare a defense accordingly. The Defendants here similarly have ample time after the June 2, 2016 status conference to prepare their defenses and to address

---

[1]This Response is limited to the administrative status conference to "discuss matters involving discovery, the Scheduling Order, the Protective Order, and other case related matters" that the Defendants' Motion for Status Conference requests. So to the extent that the Court has, or in the future may, set any proceeding for June 2, 2016, at which fact issues will be presented, this Response does not implicate such additional proceedings.

anything that happened at the conference. Currently, even under the Scheduling Order that

Defendants contend is "unworkable," Motion for Status Conference ¶ 11, trial isn't set to begin for

another five months: in October 2016. So there is ample time for the Defendants to "have learned .

. . from [their] counsel all [they] need[] to know about what happened at the . . . conference."

Beierle, 810 F.3d at 1199 (internal quotation marks and citation omitted). If, by some chance, any

factual issues arise -- which the requests in the Motion for Status Conference certainly do not

suggest -- then the Defendants can "learn whatever there was need to know" by inquiring of any

witnesses what they saw. Id. at 1198 (internal quotation marks and citation omitted). Thus, the

Defendants do not have a constitutional right to attend the June 2, 2016 status conference.

But the Court should not lose sight of the issue that this Response presents. This issue is

distinct from that in Beierle and even those issues that gave rise to the discussion in Wright &

Miller. This Response does not present a Defendant's objection to a proceeding that took place

when the Defendant was not present. This Response does not even present a Defendant's objection

to a proceeding that will take place in the future for which the Defendant has been ordered not to

appear. Instead, this Response simply presents the requests of the U.S. Marshals Service and

Defendants not to be compelled to attend the status conference. Notably, none of the cited

constitutional rights, rules or cases discussed even touch on a defendant's ability to opt out of

attending personally the hearing or otherwise waive the right to be present (even when the

defendant may have that right).

The United States does not move the Court to exclude all Defendants. The United States

does not ask the Court to exclude any Defendant. And the United States does not oppose the

presence of Defendants who wish to attend personally the June 2, 2016 status conference. The

United States simply asks this Court to allow any Defendants who prefer not to appear personally

to opt out; regardless whether they indeed have the right to attend, the Court should not impede

their right to opt out of attendance if they wish to do so.[2]

The Indictment charges that the SNM gang, of which the grand jury concluded that there is

probable cause to find the Defendants as members, murders SNM members who cooperate with

law enforcement. But even worse, the Indictment charges that the SNM gang members murder the

families of such cooperating SNM member. Given these charges, it's no wonder why some

Defendants would ask that they be allowed not to appear personally in the courtroom with their

co-Defendants.[3]

The United States therefore requests that the Court not order the appearance, personally, of

all Defendants at the June 2, 2016 status conference.[4]

## <u>CONCLUSION</u>

The Defendants do not have a constitutional right to attend the June 2, 2016 status

conference that the Defendants' Motion for Status Conference requests. And the Federal Rules of

Criminal Procedure and federal precedent case law make clear that the Defendants are not required

---

[2]As the United States pointed out above in the procedural background section, not only counsel for Defendants who have cooperated, but counsel for at least one of the Defendants who has not cooperated has informed the United States that their clients would like to be excused from appearing personally at the June 2, 2016 hearing.

[3]This situation in which some co-Defendants may wish not to appear personally in the courtroom beside the other Defendants may be analogous to a situation in which a confidential informant wishes to be kept confidential from those on whom he or she informs. The Court has, in the past, recognized that the public interest supports protecting that confidentiality. <u>See, e.g.</u>, <u>United States v. Rivas</u>, <u>26 F. Supp. 3d 1082, 1117</u> (D.N.M. 2014) (Browning, J.) ("The purpose of the [informer's privilege] is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."). While the situation here is not precisely the same, as the Defendants may well know who are their co-Defendants, allowing the Defendants some level of protection from having to sit side-by-side with those on whom they may have informed (or may inform some time in the future) likewise furthers the public interest in effective law enforcement.

[4]Out of an abundance of caution, the United States makes clear that this Response does not in any way object to or oppose the Court requiring presence of counsel personally at the June 2, 2016 status conference for each Defendant, regardless whether the Defendant appears personally.

DNM 604

to attend. The U.S. Marshals Service and the Defendants have asked that the Defendants not be

compelled -- or ordered -- by the Court to attend the status conference. The United States therefore

requests that the Court allow Defendants who choose not to attend the June 2, 2016 status

conference to opt out. Accordingly, the United States respectfully requests that the Court not order

the appearance of each and every Defendant personally in court on June 2, 2016.

<div style="text-align: right">

Respectfully Submitted,

DAMON P. MARTINEZ

United States Attorney

*__Electronically filed on 5/25/16____*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304 – Tel.

</div>

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/_____
MARIA Y. ARMIJO
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                 No. CR 15-4268 JB

ANGEL DELEON, et al.

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court: (i) on the United States' Response in Partial Opposition to Defendants' Motion to Suspend the Scheduling Order (Doc. 250), Request for Status Conference and Ex Parte Conference with the District Court (Doc. 535), filed May 25, 2016 (Doc. 547)("Response"); and (ii) the Unopposed Motion to Waive Eugene Martinez's Presence at Hearing, filed May 26, 2016 (Doc. 554). The Defendants -- not counsel -- may seek to be excused from attending in person the hearing set for June 2, 2016. The Defendant and all counsel representing the Defendant should execute a waiver and excusal request. The Court will assume, from Plaintiff United States of America's Response, that the United States does not and will not oppose any request for excusal. The United States has also adequately explained why certain Defendants may not want to appear personally. Any Defendant seeking excusal must, however, seek and state the position of each or all Defendants. In addition, all counsel will need to certify to the Court, before any excusals are granted, that the June 2, 2016, substantive motion hearing -- involving a discovery dispute that the Court understands is very important to the Defendants -- is merely an administrative conference unrelated to any issues at trial, and is only a conference or hearing on a question of law. The parties should be advised that the Court will, at

the end of the hearing, ask whether there are any other issues that the Court needs to address or any other matters with which the Court can help the parties before the Court recesses.  It seems sound that, if the Court and the parties are going to go to such great lengths to get together for the status conference that the Defendants have requested and for this motions hearing that the Court has set, the Court and the parties should maximize the use of time to discuss and decide as much as possible.

The Defendants must decide what is in their best interests.  The Court is, however, skeptical that the counsel can take good notes and then explain fully what occurred at the hearing to the clients.  The Court has stated elsewhere:

> Getting the decision "right," i.e. getting the law and facts correct and accurate, is obviously important, but getting it right is only one-half of a judge's task, particularly a trial judge's job.  The other half of dispensing justice is the appearance of justice -- did the Court listen to the litigant's arguments, wrestle with those arguments, and deal with them in an intellectually honest way. Americans are pretty good about accepting a judicial decision -- even an adverse one -- and cease obsessing over an issue, if they are convinced that an authority figure has dressed up, taken them seriously, listened patiently and politely, wrestled with the arguments, addressed them, and accurately stated the facts.

A.M. ex rel. Youngers v. New Mexico Dep't. of Health, 117 F. Supp. 3d 1220, 1253 n.14 (D.N.M. 2015)(Browning, J.).  The Court is hesitant to agree that the Defendants can fully appreciate whether the Court will do justice, whether the Court has the appropriate demeanor, and whether the Court will wrestle with the issues in an intellectually honest way, from listening to his or her counsel read notes at a detention facility.

Defendant Eugene Martinez is currently in Los Angeles, California, being evaluated for competency.  His counsel contacted all parties, including the United States, and no party opposes Martinez waiving his appearance.  A knowing, voluntary, and intelligent waiver from Martinez is

not possible at this time because of the concerns about Martinez' competency.  His waiver request is granted.

IT IS ORDERED that: (i) the individual Defendants -- not their counsel -- may petition the Court to be excused from the hearing set for June 2, 2016, at 9:00 a.m., as set forth in this Memorandum Opinion and Order; and (ii) the Unopposed Motion to Waive Eugene Martinez's Presence at Hearing, filed May 26, 2016 (Doc. 554), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
    United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
    Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

-- and --

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

        *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

-- and --

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Donald R. Knight
Littleton, Colorado

-- and --

Russell Dean Clark
Las Cruces, New Mexico

     *Attorneys for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

-- and --

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

David A. Lane
Killmer, Lane & Newman, LLP
Denver, Colorado

-- and --

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

-- and --

DNM 609

Jeffrey C. Lahann
Las Cruces, New Mexico

 *Attorneys for Defendant Allen Patterson*

Orlando Mondragon
El Paso, Texas

 *Attorney for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers LLC
Denver, Colorado

-- and --

Noel Orquiz
Deming, New Mexico

 *Attorneys for Defendant Javier Alonso*

Billy R. Blackburn
Albuquerque, New Mexico

 *Attorney for Defendant Arturo Arnulfo Garcia*

Jerry Daniel Herrera
Albuquerque, New Mexico

-- and --

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

 *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

 *Attorney for Defendant Ruben Hernandez*

- 5 -

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon P.A.
Phoenix, Arizona

-- and --

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Miami, Florida

-- and --

Santiago David Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

-- and --

Steven Lorenzo Almanza
Las Cruces, New Mexico

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

-- and --

Mary Stillinger
El Paso, Texas

     *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

-- and --

Richard Jewkes
El Paso, Texas

     *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

     *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

     *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Albuquerque, New Mexico

-- and --

Marc M. Lowry
Rothstein, Donatelli, Hughes, Dahlstrom & Shoenburg, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm LLC
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorney for Defendant Christopher Garcia*

Michael V. Davis
Michael V. Davis, Attorney & Counselor at Law, P.C.
Corrales, New Mexico

     *Attorney for Defendant Carlos Herrera*

Donald R. West
Orlando, Florida

-- and --

Ryan J. Villa
Albuquerque, New Mexico

     *Attorneys for Defendant Rudy Perez*

Donavon A. Roberts
Albuquerque, New Mexico

     *Attorney for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

     *Attorney for Defendant Santos Gonzalez*

Keith R. Romero
Albuquerque, New Mexico

     *Attorney for Defendant Paul Rivera*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF INTENT NOT TO SEEK A SENTENCE OF DEATH

The United States hereby notifies this Court and Defendants that the United States will

not seek a sentence of death for the following Defendants who are charged with capital-eligible

offenses in this case:   **JOE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup,"**

**LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a.**

**"Little Guero,"ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter,"**

**JAVIER ALONSO, a.k.a. "Wineo,"ARTURO ARNULFO GARCIA, a.k.a.**

**"Shotgun,"BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN HERNANDEZ, JERRY**

**ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO**

**RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO**

**VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan,"**

**ANTHONY RAY BACA, a.k.a. "Pup," CARLOS HERRERA, a.k.a. "Lazy," RUDY**

**PEREZ, a.k.a. "Ru Dog," and ANDREW GALLEGOS, a.k.a. "Smiley."**

Respectfully Submitted,

DAMON P. MARTINEZ
United States Attorney

***Electronically filed on 6/6/2016***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 16 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    vs.                         )    CRIMINAL NOS.    15-4268 JB
                                )                    16-1613 JB
ANGEL DELEON, et al.,           )
ANTHONY BACA, et al.,           )
                                )
            Defendants.         )

## [PROPOSED] PROTECTIVE ORDER

The Court, having considered the pleadings and oral arguments of the parties, hereby

enters the following protective order (the "Order") pursuant to Rule 16(d) of the Federal Rules of

Criminal Procedure or by the agreement of the parties. Any other protective order presently in

place in any of the above-referenced cases is vacated and superseded by this Order.

**Discovery materials will be disclosed to defense counsel immediately and no later**

**than July 1, 2016, for case number 15-CR-4268 and June 17, 2016 for case number**

**16-CR-1613.** The government has a continuing duty to disclose materials following those dates.

Disclosure of discovery materials in the above-referenced cases will be subject to the following

restrictions:

1.    All discovery materials may be reproduced and provided to the following persons

defense counsel, attorneys for the United States of America, any law clerk, paralegal, secretarial,

or clerical personnel regularly employed, or contracted for any of these cases, by counsel for the

United States or defendants in preparation of these proceedings, including, but not limited to,

1

USA 000616

associate attorneys, law enforcement and defense investigators, expert witnesses, mitigation specialists, law clerks, Court personnel or stenographic reporters necessarily involved in these proceedings.

2.     All discovery materials can be disclosed to and viewed by each defendant in the presence of, and under the direct supervision of, his or her counsel, staff, or another individual described in paragraph 1 of this Order. Outside of this context, no paper copies of discovery can be provided to any defendant. In the event paper discovery is reviewed with a defendant, the individual supervising that review must ensure that no paper discovery is left with the defendant.

3.     As soon as practicable, but in no event later than August 15, 2016, the government must provide each defendant with a password protected tablet or laptop computer, or its substantial equivalent ("Computer") suitable for the purposes described herein. All government discovery materials will be loaded onto the Computers by the designated Discovery Coordinator, who will also update these Computers at regular intervals as additional government discovery materials are disclosed. These Computers must be accessible to the defendants in their cells and during legal visits. Except as provided in this Order, a defendant cannot be forced to display his or her Computer to anyone other than defense counsel or persons associated with their defense counsel as described in paragraph 1 of this Order. The password for a defendant's Computer will be set by the defendant and his counsel and will not be disclosed to counsel for the government, the United States Marshals, corrections officers, or any other member of law enforcement. Once provided to a defendant, the Computer and all data in any form inside that Computer, including any markings thereon, will be protected by the attorney/client privilege.

4.     At the conclusion of an attorney visit, a corrections officer may ask the attorney to unlock the defendant's Computer and briefly conduct a visual examination of the Computer in

2

the presence of the attorney and the defendant to determine if the device contains contraband or

is damaged. A corrections officer performing such cursory inspection shall not attempt to read or

photograph the contents of the Computer and, unless there is cause to believe that the Computer

contains contraband or is damaged, shall return the Computer to the defendant in the presence of

the attorney. If a cursory inspection of a Computer provides cause to believe that the Computer

contains contraband or is damaged or if the government otherwise has cause to believe that the

Computer contains contraband or is damaged, a corrections officer may seize the Computer.

Before the Computer is taken out of the presence of the attorney, it must be powered down and

turned completely off. If any Computer is seized in this manner, it shall be taken directly to the

Warden of the institution and placed in a secure, locked area accessible only to the Warden until

further order of the Court. The corrections officer shall immediately provide a written declaration

signed under penalty of perjury as to the cause for the seizure of the Computer ("Statement of

Cause"). The Court and counsel for the prosecution and the defendant shall be immediately

notified of the seizure and be provided a copy of the Statement of Cause within 72 hours of the

seizure of the Computer. The Court will accept input from the parties prior to conducting further

proceedings regarding the seized Computer.

5.      At the conclusion of the case, the Discovery Coordinator will provide defense

counsel with an electronic copy of the entire contents of their client's Computer. Thereafter, all

materials on the Computer will be deleted by the Discovery Coordinator, who will then return

the Computers to the New Mexico Department of Corrections.

6.      Nothing contained herein precludes the government, defendants, their counsel, or

their respective assistants and staff from conducting an investigation of the facts of this case on

behalf of the government or defendants, including interviewing witnesses, showing witness

*[handwritten margin notes]* ask the deft to chk the computer while it is ~~powered~~ on and it must be powered off before the visual scan takes place. Corrections shall not touch the computer except to deny it as described above.

*[handwritten note at bottom]* At any other time, corrections officials may periodically ask the defendant to, unlock the computer and visually scan the device for contraband; the deft must unlock and provide the corrections officer visual access to the computer. Corrections shall *[initials]* 6/16/16 need or otherwise examine the content of the computer. The corrections officer shall n...

statements contained in the discovery material to witnesses and asking witnesses about the content of such statements.

7.      Unless expressly addressed herein, or allowed by a future Court order, the defendants are not to be provided paper copies of documents, investigative reports, witness interviews or other defense team work product ("Defense Materials"). If any defense team wants to provide Defense Materials to their client, defense counsel for that defendant shall upload the Defense Materials onto his or her defendant's Computer and return the Computer to the defendant. All parties acknowledge that Defense Materials handled in this manner retain all attorney-client privilege and work product protections.

8.      Counsel can provide, and the defendants can possess, paper copies of publicly filed pleadings. Ex parte or sealed filings may be shown to defendants during defense team legal visits and/or loaded onto the defendant's Computers in the same manner as Defense Materials but defendants cannot have paper copies of ex parte or sealed pleadings.

9.      Defense counsel shall make all reasonable efforts to recover all paper copies of discovery from this case or prior State prosecutions, all paper copies of Defense Materials, and all paper copies of ex parte or sealed pleadings currently in the possession of any defendant, from any source, within 14 days of the entry of this Order. Such material can be loaded onto that defendant's Computer as described above. In the event that defense counsel cannot recover paper copies of materials previously provided to his or her defendant, he or she shall notify the government of this fact.

10.     In the event the government and/or any defense counsel need to provide any defendant with a paper copy of any document covered by this Order or want some other modification of the Order, the party seeking modification of the Order shall move the Court for

the modification. Such motion must comply with the Local Rules and set forth good cause for

the requested modification. Unless exigent circumstances can be shown in the motion for a

shortened briefing schedule, an ordinary briefing schedule shall apply.

11.     A copy of this order must be provided to any individual working for or with the

defense teams before providing that individual with copies, either electronic or paper, to any

discovery material. In the event a defense team member was provided access to discovery under

a previous protective order, he or she can continue to have uninterrupted access to the discovery

material as long as he or she acknowledges to defense counsel receipt of this Order within seven

days of its entry. Counsel for the defendants will maintain a record of all persons with access, or

continuing access, to the discovery material and/or who have acknowledged receipt thereof

pursuant to this Order.

12.     Should counsel withdraw or cease to participate in the above-referenced cases,

any discovery materials and any copies derived therefrom will be provided to new counsel once

the substitution is ordered by the Court.

13.     Discovery material disclosed by the government in these matters shall be used

solely in connection with these proceedings, or any related appellate proceedings and collateral

review. Government discovery materials shall not be used for any other purpose, including any

other litigation or proceeding.

14.     The provisions of this order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

DATED: June____, 2016

_____
JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOE GALLEGOS,** | ) | |
| **EDWARD TROUP,** | ) | |
| **BILLY GARCIA,** | ) | |
| **CRISTOPHER CHAVEZ, and** | ) | |
| **JERRY MONTOYA.** | ) | |

Defendants.

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SPECIFIC DISCOVERY [DOC. 539]

The Defendants' Motion for Specific Discovery [Doc. 539] ("Discovery Motion") requests a broad range of discovery to which neither the Federal Rules of Criminal Procedure nor the United States Constitution entitles them. Importantly, the Discovery Motion requests materials unrelated to the criminal case against them and intelligence materials that would harm the United States' and others' interests and safety if disclosed. The United States of America provided Defendants liberal discovery -- more than that to which the federal criminal rules or the United States Constitution entitles them. But the United States opposes many of these requests because they are nothing more than fishing expeditions, which both this Court and the United States Court of Appeals for the Tenth Circuit has concluded are improper. Accordingly, the United States asks this Court to deny the remaining requests for the materials requested that the United States has not agreed to disclose.

## **BACKGROUND**

This criminal matter involves approximately 30 Defendants who have been indicted on charges of, among others, violent crimes in aid of racketeering, including charges that they conspired to murder and assault certain individuals. Moreover, the Indictment includes allegations that these Defendants, while incarcerated within the District of New Mexico and elsewhere, orchestrated this conspiracy to murder these individuals both from within and outside of New Mexico prisons.

The Defendants are high-ranking members of the Syndicato de Nuevo Mexico ("SNM") prison gang. SNM is a powerful and violent prison gang that operates to control illegal activities within the New Mexico penal system, including drug trafficking and violent crimes therein. It also operates in drug trafficking outside of the prison system on the streets of New Mexico. One of the ways in which SNM operates and exerts control on inmates and others is by taking out "hits" on members who cooperate with law enforcement authorities and taking out hits on members who aren't loyal to SNM because they do not follow orders (including the orders to hit those cooperating SNM members). SNM's murder conspiracies don't stop there; SNM goes so far as to hit not only the cooperating members or members who don't follow orders, but oftentimes also those members' entire families.

In pursuit of these illegal purposes and activities, SNM, and its leaders and members, including Defendants Angel DeLeon, Joe Lawrence Gallegos, Edward Troup, Eugene Martinez, Allen Patterson, Christopher Chavez, Leonard Lujan and Billy Garcia, murdered F.C. and R.G. on March 26, 2001 at the Southern New Mexico Correctional Facility. They murdered these two individuals to further SNM's purposes and reputation in the New Mexico prison system, and to further their own standing within SNM.

2

## PROCEDURAL HISTORY

On December 1, 2015, the United States filed the Redacted Indictment [Doc. 2] in this matter, charging approximately 24 defendants with violations of, among others, 18 U.S.C. § 1959(b)(2). See id. ¶ 2. On April 21, 2016, the United States filed the Redacted Superseding Indictment [Doc. 368] ("Indictment"), which alleged the same charges against the same Defendants, but adds additional Defendants and additional counts to bring the case to 30 Defendants. The Indictment charges that each of the Defendants "were members/prospects/ associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities, including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking." Id. ¶ 1. The Indictment additionally charges that SNM, a prison gang consisting of over 250 members who reside both inside and outside of prisons across New Mexico and elsewhere, is led by a table of leaders who orchestrate murders and assaults of members who fail to follow SNM orders and their families. See id. ¶¶ 3-5, 8, 13(c).

The first two Counts in the Indictment charge Defendants DeLeon, Gallegos, Troup, Martinez, Patterson, Chavez, Lujan and Garcia, with the premeditated murder of F.C. or R.G. See id. at 9-14.

On May 23, 2016, Defendants Gallegos, Troup, Garcia, Chavez and Montoya filed the Discovery Motion. The Discovery Motion makes 16 separate requests of this Court to order the United States to disclose materials that they assert are somehow related to F.C.'s or R.G.'s murders. The requests span the range of materials that the United States has access to or control over, and materials that are obviously in the possession and control of New Mexico state agencies.

3

On June 2, 2016, the Court held a status conference and hearing in this matter on other motions and filings. The Court did not rule on the requests, as the United States had not yet responded, but directed the parties to look at the Court's previous decisions and attempt to reach a compromise. The parties attempted to compromise, and some concessions are set forth below in the Argument portion of this brief.

## LEGAL AUTHORITIES

I.     Rule 16 of the Federal Rule of Criminal Procedure.

Rule 16 of the Federal Rules of Criminal Procedures guides the discovery process in criminal proceedings. Rule 16(a)(1)(E) provides the Government's obligation to disclose documents and objects:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>> **(i)** the item is material to preparing the defense;
>>
>> **(ii)** the government intends to use the item it its case-in-chief at trial; or
>>
>> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Rule 16 does not authorize a defendant to engage in a fishing expedition, nor does it grant defendants access to the prosecution's file: "Although rule 16's language is permissive, it does not authorize 'a blanket request to see the prosecution's file,' and a defendant may not use the rule to engage in a 'fishing expedition.'" United States v. Hykes, No. CR 15-4299 JB, 2016 WL 1730125, at *5 (D.N.M. Apr. 11, 2016) (Browning, J.) (quoting United States v. Maranzino, 860 F.2d 981, 985-86 (10th Cir. 1988)). Rule 16 does not require the Government to discover information that it

4

does not have. And Rule 16 does not require the Government to secure information from third parties. See id. (citing United States v. Badonie, No. CR 03-2062 JB, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005) (Browning, J.)).

With regard to Rule 16(a)(1)(E)(i), an item is material to the defense's preparation "if 'there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, or assisting impeachment or rebuttal.'" Id. (quoting United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)). "'[T]he Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor.'" Id. (quoting United States v. Graham, 83 F.3d at 1474).

II.   The United States Constitution's Criminal Disclosure Obligations.

Aside from the criminal procedural rules, the United States Constitution's Due Process clause also imposes disclosure obligations on the Government. It requires the Government to disclose "any evidence that 'is material either to guilt or to punishment,'" including "evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory." United States v. Hykes, 2016 WL 1730125, at *6 (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963); citing Giglio v. United States, 405 U.S. 150, 153 (1972)).

"'[T]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard.'" United States v. Rivas, 26 F. Supp. 3d 1082, 1110 (D.N.M. 2014) (Browning, J.) (quoting United States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994)). Duplicative impeachment evidence isn't material; nor is inadmissible information. See id. "Favorable evidence is only material and thus subject to mandated disclosure when it 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Id. at 1111 (quoting Cone v. Bell, 556 U.S. 449, 470 (2009)).

5

The timing when the Government must disclose materials under Brady and Giglio varies. But "[a]s a general matter, 'some limitation on disclosure delay is necessary to protect the principles articulated in Brady v. Maryland.'" Id. at 1106-07 (quoting United States v. Burke, 571 F.3d 1048, 1054 (10th Cir. 2009)). The Supreme Court articulated a bright-line rule that Brady does not require "preguilty plea disclosure of impeachment information." United States v. Ruiz, 536 U.S. 622, 629 (2002). The United States Court of Appeals for the Tenth Circuit recently affirmed this Court's conclusion in United States v. Harmon, 871 F. Supp. 2d 1125, 1151 (D.N.M. 2012) (Browning, J.), that the Government is not required to disclose impeachment information before a suppression hearing. See United States v. Harmon, 742 F.3d 451 (10th Cir. 2014).

III.    The Jencks Act.

In response to the Supreme Court of the United States' decision in Jencks v. United States, 353 U.S. 657 (1957), Congress enacted the Jencks Act, 18 U.S.C. § 3500, which requires the Government to disclose a government witness's statements after that witness's trial testimony. See United States v. Lujan, 530 F. Supp. 2d 1224, 1232-33 (2008) (Brack, J.) (quoting 18 U.S.C. §§ 3500(a) & (b)) (cited in Hykes, 2016 WL 1730125, at *11). While the Tenth Circuit held that "[i]nterview notes could be 'statements' under the [Jencks] Act if they are substantially verbatim," United States v. Smith, 984 F.2d 1084, 1086 (10th Cir. 1993), this Court has required the Government to turn over law enforcement agents' reports and even investigative and interview notes that contain statements from a testifying Government witness. See United States v. Tarango, 760 F. Supp. 2d 1163, 1164, 1167 (D.N.M. 2009) (Browning, J.); United States v. Harry, No. CR 10-1915 JB, 2013 WL 684671, at *11-12 (D.N.M. Feb. 6, 2013) (Browning, J.).

## ARGUMENT

The Defendants' Discovery Motion makes sixteen specific requests for discovery materials. The United States provided broad discovery in this matter. But the lion's share of these broad requests lack any facts or even beliefs whatsoever to support that disclosure of the information sought would provide any relevant evidence, let alone evidence "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The United States therefore opposes Defendants' Discovery Motion to the extent that most of their requests are "sending the United States on a fishing expedition" without any "demonstrat[ion]" that the requested files contain information in any way relevant to their defense. Hykes, 2016 WL 1730125, at *20.

In Hykes, the defendant was charged with being a felon in possession of a firearm after three Bernalillo County New Mexico Sheriff's Office ("BCSO") officers found a firearm in the back of his truck. The defendant moved to compel the United States to disclose impeachment material inside the personnel files of the three BCSO officers who would testify at the defendant's suppression hearing. See id. at *1. The defendant contended that he had "'a good faith basis'" to believe that the personnel files included useful impeachment information, and, because these officers would be the only witnesses against him at a suppression hearing and at trial, anything that goes to their credibility is exculpatory and admissible. Id. at *3. The defendant requested this information in advance of a hearing on his motion to suppress evidence, which he filed the same day as the motion to compel discovery. See id. at *1-2.

To support the good faith basis for the requested discovery, the defendant came forward with actual facts to support his contention that the personnel files included useful impeachment information. The Court pointed out specifically that "Hykes explained that, after only a simple Internet search, he found 'at least' two excessive force cases filed against Koppman, and another

7

excessive force case against Koppman and Funes together." Id. at *4 (citation omitted). The Court

later used the defendant's specific support for the request in concluding that the United States must

search these officers' files for possible impeachment materials:

> Hykes is not sending the United States on a fishing expedition. Hykes demonstrates
> that the officers' personnel files may contain impeachment evidence. As support,
> Hykes points to the officers' involvement in several excessive-force lawsuits,
> discrepancies between the officers' story and eyewitnesses' stories, and evidence
> that the officers had a personal feud with Hykes.

Id. at *20 (citation omitted). And rather than a broad request, the Court was also swayed to grant

the motion for discovery as "Hykes also requested specific information within the personnel files."

Id. That may be why when the Court granted in part the motion and ordered the United States to

search the personnel files, "[t]he Court directed Hykes to send a letter to the United States with the

case names [that he found on the internet] and 'as much information as you can so that he can

trigger the officers' memory.'" Hykes, 2016 WL 1730125, at *5 (citation omitted).

Viewed through the lens of the specificity of the requests in Hykes, and the support with

which the defendant made those specific requests, Hykes counsels this Court to deny the

Defendants overly broad and unsupported requests in their Discovery Motion here. Specifically,

the Court should deny each request for the following reasons:

    1)  Federal Investigations under Case Nos. 281D-AQ-62017, 281D-AQ-
          59388, 2450-AQ-63435.

The Discovery Motion concedes that "the first two" federal investigations only "involve

the investigation of the murders alleged in Counts 1 and 2." Discovery Motion at 7. But even then,

the Discovery Motion fails to identify which two of the three case numbers purportedly involve the

investigation of the two murders.

With regard to disclosure of any <u>Brady</u>, <u>Giglio</u> and Jencks material, the Government unsealed the superseding indictment on April 21, 2016. So this case is still in the early stages of litigation. Certainly we're in the "preguilty plea" phase in which the obligations to disclose <u>Brady</u>, <u>Giglio</u> and Jencks material hasn't yet arisen. <u>Ruiz</u>, <u>536 U.S. at 629</u>. <u>See</u> <u>Rivas</u>, <u>26 F. Supp. 3d at 1106-10</u>. Requiring disclosure of any such materials here would therefore be improper.

The Government concedes, however, that the Defendants in this request "demonstrate[] that the" first two investigation files may contain information that may be material to preparing their defense. <u>Hykes</u>, <u>2016 WL 1730125</u>, at *20 (requiring the United States to look through BCSD's files where the defendant "demonstrates that the officers' personnel files may contain impeachment evidence"). If Defendants identify which of the two federal investigations they contend "specifically involve the investigation of the murders alleged in Counts 1 and 2," then the Government agrees to request these files from the proper agency. If those files still exist, and if the agency agrees to produce the file to the United States Attorney's office for review, then the Government will look through the two files and, consistent with pressing confidentiality and law enforcement concerns, disclose any documents and objects in these two investigation files which, if they were in this case's investigation file, would fall within <u>Fed. R. Crim. P. 16(a)(1)(E)</u>'s information subject to disclosure.

> 2) <u>NM Corr. Dept.'s STIU files on all inmates who were at Southern New Mexico Correctional Facility on March 26, 2001, and all incidents from the earliest date that either R.G. or F.C. arrived at the facility</u>.

The Defendants' requests for the STIU files on "*all inmates*" who were at SNMCF on March 26, 2001 and "*all incidents from the earliest date* that either R.G. or F.C. arrived at the facility," Motion at 7 (emphasis added), is the quintessential fishing expedition. The Defendants

DNM 629

simply provide no evidence or contention that demonstrates that each and every one of these dozens or even hundreds of *State*-owned files contain evidence to which they'd be entitled under Rule 16 or the United States Constitution. Compare Hykes, 2016 WL 1730125, at *20 (requiring the United States to look through BCSD's files where "Hykes is not sending the United States on a fishing expedition. Hykes demonstrates that the officers' personnel files may contain impeachment evidence."). In accordance with this Court's decision in Hykes, therefore, the Government asks this Court to deny the Defendants' second specific discovery request.

> 3)  Criminal history, impeachment materials, STIU files for Leonard Lujan and any other cooperating informant witness.

The Defendants acknowledge, as this Court has recognized many times in its opinions, "[n]ormally, impeachment materials concerning a witness are . . . not provided until sometime before trial." Discovery Motion at 8. But they contend that this is abnormal as "the witnesses are also alternate suspects." Discovery Motion at 8. But aside from this unsupported assertion, they fail to provide any factual detail who that might be.

This Court has recognized the importance of maintaining the anonymity of Confidential Informants. See, e.g., Rivas, 26 F. Supp. 3d at 1117. Those same law enforcement and public safety concerns are present in protecting cooperating witnesses' identities. Especially in this case, in which the SNM murders anyone, including its own members, who cooperate with law enforcement. Thus, even if it were true that cooperating witnesses may be alternate murder suspects, more abnormal -- and more pressing -- is that those cooperating witnesses face real and imminent concerns for their lives if their identities are turned over to the Defendants.

No doubt, the Government will have to turn over the criminal history and other impeachment materials for any cooperating witnesses. That question is beyond dispute under Brady, Giglio and the Jencks Act. But that obligation hasn't yet arisen.

Right now, the Court shouldn't upset that settled precedent, and certainly shouldn't place in harm's way any of the Defendants based upon only the unsupported assertion that "they are also alternate suspects." Motion at 8.

To be sure, Defendants aren't left without options. The Defendants can simply tell their attorneys who they think may be an alternate suspect and why. If the Defendants then come forth with that specific information and identification of a certain individual, then the Court may appropriately consider that "demonstrat[ion] that the [alleged co-Defendant's] files may contain impeachment evidence." Hykes, 2016 WL 1730125, at *20. Until then, however, the Court should deny Defendants' third specific request for discovery.[1]

> 4)  The "pen packs" for R.G. and F.C., and all inmates housed in P-1 Green Pod and 0-1 Yellow Pod on March 26, 2001, including the "pen packs" for Leonard Lujan and Lawrence Torres.

Defendants' request for "pen packs" apparently misunderstands the way in which pen packs are created and stored by the New Mexico Corrections Department ("NMCD"). NMCD doesn't maintain pen packs or store them in its archives. Rather, pen packs are created from public records on each of the Defendants. Because pen packs are created from public records, the Defendants may obtain the information contained therein. The United States therefore asks the Court to deny this specific discovery request.

---

[1] The Court should note that denial of this request simply maintains the status quo, as the Government must, and will, comply with its obligations under Brady, Giglio and the Jencks Act, of which obligations it is well aware.

5)  Any and all files, including intelligence materials, concerning the SNM

listing suspected and confirmed members and their activities from the time

period that the SNM was formed to the last date alleged in the Indictment,

February 27, 2016.

This request asks for "*[a]ny and all files*" from 1980 to February 2016 -- *over 36 years*.

Motion at 8. And it requests that huge range of information without any factual support

whatsoever. It does not demonstrate that these files contain anything material to the Defendants'

defense. Indeed, it doesn't even demonstrate that there may be anything relevant to this case. This

simply is the Defendants "sending the United States on a fishing expedition," which this Court

held is improper. Hykes, 2016 WL 1730125, at *20. The Court should therefore deny this request.

Moreover, given the huge range of time for which Defendants request this overly broad

range of information, much, if not almost all, of the information has likely been destroyed pursuant

to NMCD's records retention policy.[2]

6)  Any and all files on Los Carnales listing suspected and confirmed members

and their activities, specifically including such files on victim R.G.

This request, like request No. 5, fails to set forth even one assertion that may support that

"*[a]ny and all files*" on Los Carnales may contain information material to preparation of the

Defendants' defense or impeachment material. It fails to set forth any basis on which the Court

_____

[2] Most of the documents and information that the Defendants' Discovery Motion requests aren't in the United States' possession, custody or control; they're in the possession of the State of New Mexico. In light of Hykes, the United States anticipated that, after hearing this Discovery Motion, the Court would order the United States to inquire of the State whether the State would allow the United States to look through its files for certain materials and information. The United States therefore inquired while attempting to reach an agreement with defense counsel before filing this response. NMCD responded that, given the time period for these requests, many or most of the requested files no longer exist, as they were destroyed pursuant to the State Government's records retention policy, including NMAC 1.18.770.75. That section of the New Mexico Administrative Code requires destruction of certain correctional facility files "five years after close of calendar year in which file created." Id. 1.18.770.75(D). The United States therefore attached this section as Exhibit A to this Response.

may conclude that the Defendants may be entitled to these files. It fails even more fundamentally to set forth a basis on which the Court may conclude that these files contain relevant materials. The Court should therefore deny Defendants' request No. 6.

       7)  Security Threat Group files for the entire SNM from period of 1985 to 2016.

     This request, like requests Nos. 5 and 6, fails to explain or even contend how this overly broad swath of files may contain information material to preparation of the Defendants' defense or impeachment material. These files, to the extent that they may still exist, see footnote 2, supra, contain sensitive information, information which, particularly in this case, may place certain people directly and immediately in harm's way. The Court should therefore not require disclosure of any of these files. The Court certainly shouldn't do so here, where the Defendants fail to make any "demonstrat[ion]" that the files may contain information material to their defense. Hykes, 2016 WL 1730125, at *20.

       8)  Separatee listings for inmates F.C. and R.G.

     In request No. 8, the Defendants make the case -- or demonstrate -- that these separate listings may be material to the Defendants' defense, as they contend that the prisons maintain a list that "identif[ies] other inmates who pose" a risk of harm to F.C. and R.G., the victims in this case. Discovery Motion at 9. In the interest of compromise, and understanding the Court's reasoning and view of criminal discovery that it articulated in Hykes and in United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711931, at *39 n.12 (D.N.M. Feb. 2, 2015) (Browning, J.), the United States will not object to disclosure of these listings.

Thus, the United States agrees to request from NMCD these listings. To the extent that they exist, and to the extent that NMCD agrees to allow the United States to obtain these listings, the United States will produce them to Defendants.

         9) <u>Administrative segregation waivers signed by F.C. or R.G. and associated documentation</u>.

As above in response to request No. 8, given the Defendants' request here, the United States does not object to disclosure of these "Administrative Segregation waivers" and "associated documentation," which the Defendants contend "will shed light on potential alternate suspects." Discovery Motion at 9. Thus, the United States agrees to request from NMCD these listings. To the extent that they exist, and to the extent that NMCD agrees to allow the United States to obtain these listings, the United States will produce them to Defendants.

        10) <u>List of inmates in facility</u>.

This request asks for lists of all inmates and the "Alpha Roster," which allegedly "contains information about inmate transfers, prisoner in-state or out-of-state locations, prisoner locations within the facility, and prisoner transfers from unit to unit." Discovery Motion at 10. This request is again overly broad and merely sending the United States on a fishing expedition. The Defendants do not specify a facility or even a time period for which they request. They fail to limit the list to specific pods where they apparently believe (although they fail to articulate any basis for this belief) these alternate suspects or "possible motives" may be found. <u>Id.</u> Thus, their requests for the list of inmates is nothing more than a "'broad or blind fishing expedition'" that both the Supreme Court and this Court held are not permitted. <u>Rivas</u>, <u>26 F. Supp. 3d at 1105</u> (Criminal defendants may not, however, embark on a "broad or blind fishing expedition among documents

14

possessed by the Government.") (quoting Jencks, 353 U.S. at 667). Accordingly, the United States

asks the Court to deny this request.

> 11) List of inmates residing in the Dep't of Corr., PNM-North facility between
> January 1, 2001 and March 26, 2001.

Again, request No. 11 fails to "demonstrate[]" that the requested full list of inmates at the

North Facility may contain any information material to the Defendants' defense. Hykes, 2016 WL

1730125, at *20. Defendants contend that they "need[] the full list of inmates at the North Facility

as it is necessary to investigate possible witnesses or alternate suspects," because an allegation in

this case's sister case -- CR No. 16-1613 JB -- references a meeting between Frederico Munoz and

other SNM members there. Discovery Motion at 10. As an initial matter, this is not CR No.

16-1613, so it's difficult to understand from Defendants' Discovery Motion why they need to find

alternate suspects based on an allegation in another matter. But even setting that aside, Defendants

can identify suspects by telling their attorneys who they believe may have been in the North

Facility at that time, or even that they believe there were present other SNM members who are not

co-Defendants in this case or in CR. No. 16-1613 JB. Just as the Court recognized in Hykes that a

mere internet search in that case provided the defendant some information which entitled him to

relief on his discovery motion, the Defendants here have to do something more than point to

allegations and then contend that there may be "possible witnesses or alternate suspects." The

Court should therefore deny Defendants' request No. 11 unless and until they come forward with

something more than an allegation in another case.[3]

---

[3] As the United States pointed out in footnote 2, supra, even if the Court orders the United States to ask NMCD to provide such a list, given that the request is for a list in 2001, and given the 5-year destruction of documents according to New Mexico's correctional facilities' document retention policy, see Exhibit A, it is unlikely that these documents still exist.

12) The pen pack for Frederico Munoz.

The Defendants contend ask this Court to compel the Government to disclose Frederico

Munoz's pen pack as it contains "records which are necessary for impeachment." Discovery

Motion at 10. The United States' obligation to disclose impeachment materials has not yet arisen.

See, e.g., . Ruiz, 536 U.S. at 629; Rivas, 26 F. Supp. 3d at 1106-10; Hykes, 2016 WL 1730125, at

*7-11. The United States therefore requests that the Court deny this request.

13)  Log books

The United States asked NMDC whether these log books still exist. According to NMDC,

these log books were destroyed pursuant to their records retention policy: NMAC 1.18.770.75

(attached as Exhibit A). The log books from the day of the murders, however, have been preserved

as part of the investigation and, if not yet disclosed, are in the process of being disclosed.

14) DNA analysis notes, electropherograms and graphs.

Rule 16(a)(1)(F) provides that, upon a defendant's request, the government must permit

the Defendant to inspect and to copy "*the results or reports* of any physical or mental examination,

and of any scientific test or experiment," if, among other things, it's in the government's

possession, custody or control and it's material to the Defendant's defense. (Emphasis added).

Rule 16 does not provide for disclosure of the "notes, graphs or raw data from the testing."

Discovery Motion at 11. Nevertheless, in the interest of compromise, and in light of the Court's

decisions in Hykes and Rodella, the United States agrees to produce the requested information to

the extent that it exists and is in the United States' possession, custody or control.

15) Copies of inmates' "Wanted for Escape/Master Record Entry."

The Discovery Motion does not identify who are the "Inmates[]" whose flyers the

Defendants request. To the extent that the inmates are the victims R.G. and F.C., the United States,

in light of this Court's decisions in <u>Hykes</u> and <u>Rodella</u>, doesn't object to disclosure of their flyers. The United States will therefore ask NMCD whether the flyers exist and whether the United States may have access to them. To the extent they exist, the United States will disclose R.G. and F.C.'s flyers.

But to the extent that the inmates asks for a broader group of flyers -- that of all inmates -- that is an overly broad and improper fishing expedition. The United States therefore asks the Court to deny this request to the extent that it requests flyers for inmates other than R.G. and F.C.

           16) <u>Security Threat Group's "Master Roster."</u>

The United States asked NMCD what Defendants refer to as this "Master Roster." The NMCD did not know to what the Defendants refer. The United States therefore cannot respond to this request, and asks that the Court deny it.

<div align="center"><strong><u>CONCLUSION</u></strong></div>

For the reasons above, the United States of America asks that the Court deny the Defendants' overly broad and unsupported requests in their Motion for Specific Discovery.

        Respectfully submitted,

        DAMON P. MARTINEZ
        United States Attorney

        ***<u>Electronically filed on 7/5/16</u>***
        MARIA Y. ARMIJO
        RANDY M. CASTELLANO
        MATTHEW M. BECK
        Assistant United States Attorneys
        555 S. Telshor Blvd., Suite 300
        Las Cruces, NM   88011
        (575) 522-2304

<div align="center">17</div>

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.


/s/_____
MARIA Y. ARMIJO
Assistant United States Attorney

18

DNM 638

**1.18.770.75    SECURITY FILES:**
    **A.**    **Program:** security
    **B.**    **Maintenance system:** chronological by calendar year and month, then by date and time
    **C.**    **Description:** records concerning documentation of correctional facility and inmate security protocols. These files are input to the *CMIS*, 1.18.770.21 NMAC. Files may contain inmate change sheets; transfer sheets; institutional count sheets; master count sheets; sally port logs; inventory checkout lists; shift post logs; daily post log collection forms; morning and evening watch call logs; perimeter security inspection forms; shakedown and search records; control center daily logs; broken, lost or retained tools forms; briefing and unusual event forms; background investigation forms; teletype message logs; administrative message forms; NCIC cancellation forms; escapee and parole violation wanted forms; radio dispatch logs; dispatcher desk logs; key tracking forms; post order signature forms; visitor logs, etc.
    **D.**    **Retention:** five years after close of calendar year in which file created
    **E.**    **Confidentiality:** Portions of this record may be confidential pursuant, but not limited to, 5 USC 552a (i.e., social security number), 28 CFR 20 (i.e., protection of individual privacy) and Subsection B, Paragraph 4 of Section 14-2-1 NMSA 1978 (i.e., investigative information).
[1.18.770.75 NMAC - Rp, 1.18.770.311, 312, 313, 314, 315, 316. 317, 319, 320, 321, 322, 324, 325, 326, 329, 331, 332, 333, 334, 335, 337, 338, 339, 340, 341 & 342 NMAC, 7/21/2008]

**1.18.770.76 - 1.18.770.80 [RESERVED]**

**1.18.770.81    MASTER INVENTORY AND MONTHLY REPORTS:**
    **A.**    **Program:** armory
    **B.**    **Maintenance system:** chronological by fiscal year, then by month
    **C.**    **Description:** reports concerning the inventory and condition of equipment, weapons and parts, chemical agents and ammunition for a correctional facility. Report may contain type and grade of ammunition, inventory of ammunition, non-lethal chemical munitions and equipment, lethal weapons equipment list, handcuff inventory, leg-iron inventory, belly-chain inventory, non-lethal equipment list, inventory of mental health security equipment, , munitions inspection sheet, munitions accountability sheet, etc.
    **D.**    **Retention:** six years after close of fiscal year in which report created
    **E.**    **Confidentiality:** Portions of this record may be confidential pursuant, but not limited to, CD-131400 Policy (i.e., armory operations)
[1.18.770.81 NMAC - Rp, 1.18.770.351 NMAC, 7/21/2008]

**1.18.770.82    SUB INVENTORY FILES:**
    **A.**    **Program:** armory
    **B.**    **Maintenance system:** chronological by calendar year, then by month
    **C.**    **Description:** inventory of equipment issued to specific units within a designated correctional facility. File may contain various inventory forms such as *hospital detail bag* form, *housing unit* armory equipment form, *housing unit* control center equipment form, *quarterly weapon - ammunition inventory inspection* form, *quarterly chemical munitions inventory inspection* form, etc.
    **D.**    **Retention:** three years after close of fiscal year in which file created
    **E.**    **Confidentiality:** Portions of this record may be confidential pursuant, but not limited to, CD-131400 Policy (i.e., armory operations)
[1.18.770.82 NMAC - Rp, 1.18.770.352 NMAC, 7/21/2008]

**1.18.770.83    CHEMICAL AGENTS ISSUANCE FILES:**
    **A.**    **Program:** armory
    **B.**    **Maintenance system:** chronological by calendar year, then by day
    **C.**    **Description:** records concerning chemical munitions issued to officers for the purpose of controlling inmate incidents. File may contain non-lethal chemical munitions and equipment log, chemical agent usage report, etc.
    **D.**    **Retention:** three years after close of fiscal year in which file created
    **E.**    **Confidentiality:** Portions of this record may be confidential pursuant, but not limited to, CD-131400 Policy (i.e., armory operations)
[1.18.770.83 NMAC - Rp, 1.18.770.353 NMAC, 7/21/2008]

1.18.770 NMAC
8

EXHIBIT A

DNM 639

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal. No. 15-CR-4268-JB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANGEL DELEON,
**JOE GALLEGOS**,
**EDWARD TROUP**,
LEONARD LUJAN,
**BILLY GARCIA**,
EUGENE MARTINEZ,
ALLEN PATTERSON,
**CHRISTOPHER CHAVEZ**,
JAVIER ALONSO,
ARTURO ARNULFO GARCIA,
BENJAMIN CLARK,
RUBEN HERNANDEZ,
JERRY ARMENTA,
**JERRY MONTOYA**,
MARIO RODRIGUEZ,
TIMOTHY MARTINEZ,
MAURICIO VARELA,
DANIEL SANCHEZ,
GERALD ARCHULETA,
CONRAD VILLEGAS,
ANTHONY RAY BACA,
ROBERT MARTINEZ,
ROY MARTINEZ,
CHRISTOPHER GARCIA,
CARLOS HERRERA,
RUDY PEREZ,
ANDREW GALLEGOS,
SANTOS GONZALEZ,
PAUL RIVERA, AND
SHAUNA GUTIERREZ,
           Defendants.

DNM 640

## REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SPECIFIC DISCOVERY [DOC. 613]

Defendants Joe Gallegos, Edward Troup, Billy Garcia, Christopher Chavez, Jerry Montoya hereby submit this reply to the United States' Response in Opposition to Defendants' Motion for Specific Discovery.

1.    On May 23, 2016 the above referenced defendants, all but one of whom are charged in Counts One and Two of the Superseding Indictment, filed a Motion for Specific Discovery (Doc. # 539). A copy of the motion had been previously provided to the government on May 20, 2016 but the government objected to the motion and that objection was noted in the body of the motion.

2.    On June 30, 2016, the government sent a letter to the defense proposing an agreement for the resolution of the discovery motion.  In the letter the government proposed to provide some, but not all, of the discovery requested in return for the withdrawal of the motion for specific discovery.  See Appendix A.  The government did not commit to a date by which the agreed upon materials would be provided.  The government requested a further extension to July 12, 2016 for the defense to consider matters but also requested a response within 24 hours.

3.    On July 1, 2016 counsel Bob Cooper sent a response, within the allotted 24 hours, in which he indicated he would like to see the documents first before making any decisions regarding withdrawal of the motion and indicated while that was being accomplished, that the defense would, "agree that a response need not be filed until a

reasonable time after we are able to review the documents to make sure that they satisfy our request."  Appendix B.  That proposal was not accepted by the government.

4.      On July 5, 2016, 43 days after the defendant's motion was filed, the government finally filed its response to the Motion for Specific Discovery. Doc. No. 613. The discussion below will specifically address certain of the government's arguments.

5.      As a general matter the government appears to be mistaken in its analysis of its constitutional obligations.  The duty to review files or material in the government's possession does not turn on the specificity of a defense request.  Simply stated, it has been the government's obligations since the time the indictments were issued to learn of the existence of all related files in the possession of the government, review such files and disclose exculpatory material. See *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *Douglas v. Workman*, 560 F.3d 1156, 1172 (10th Cir. 2009) ("The government's obligation to disclose exculpatory evidence does not turn on an accused's request."); see also this Court's discussion in *U.S. v. Padilla*, CR 09-3598-JB. The indictment is broad and has an extensive temporal range.  The government's concomitant obligation to review and disclose is similarly broad.

6.      The government responded to defendants' request No. 1- Federal Investigations under Case Nos. 281D-AQ-62017, 281D-AQ-59388, 2450-AQ-63435. The government concedes they will produce materials from 281D-AQ-62017 and/or 281D-AQ-59388 if the defendants identify which of these two federal investigations they contend specifically involve the investigation of the murders alleged in Counts 1 and 2. The defense contends that both of these files relate to the murders alleged in Counts 1

DNM 642

and 2 and indicated so in the Motion for Specific Discovery.  The government's obligation to review such files for exculpatory material has existed since the inception of this case. The defense requests that the Court order that the government produce any and all exculpatory material contained within those files within 10 days.

The government in its response did not address file 2450-AQ-63435.   The defense admits its showing in regards to this investigation was inadequate, if a showing was necessary given the government's affirmative duties.  Attached hereto is Appendix C, which is a report that links file 2450-AQ-63435 with the other prior files regarding the murders alleged in Counts 1 and 2.  The report contained within file 2450-AQ-63435 specifically addresses an investigation into defendants Billy Garcia, Edward Troup, Gerald Archuleta and others in their alleged involvement in the murders alleged in Counts One and Two. The defense requests the government review that file and produce all exculpatory material and Crim P. 16 material contained therein within 10 days.

7.   The government claims that in regard to criminal history, impeachment materials, and STIU files for Leonard Lujan and any other cooperating informant witness that the defense has failed to demonstrate any facts, which would indicate they are potential alternate suspects.   Leonard Lujan admitted to orchestrating the murders alleged in Counts One and Two.  As far as the remaining informants they have all admitted to being SNM members during the times alleged in the indictment.  Under the government's theory of prosecution all such SNM members were part of an organized criminal enterprise responsible for the murders alleged in the indictment.  If the

DNM 643

government wishes to withdraw that contention then they would have grounds to deny disclosure. Otherwise, under the government's theory each of the informants are part of the organized criminal activity alleged in the indictment.

8.      The government concedes it will disclose separatee listings for inmates F.C. and R.G. and administrative segregation waivers and associated documentation signed by F.C. or R.G..  The government, however, has not done so.  The defense requests that given that almost two months have expired since the request was made, that the government be ordered to provide the materials within 10 days.

9.      In regard to the defense request for a list of inmates in the facility the government indicates, "The Defendants do not specify a facility or even a time period for which they request."  If it is not clear from the motion, the defense is requesting a list for the dates of March 25 and 26, 2001 for the Southern New Mexico Correctional Facility. This is not a fishing expedition, it is merely a targeted request for a list of potential witnesses to the crimes and possible alternate suspects.  The defense would note that corrections officials considered and treated all the inmates as possible suspects at the time of the murders.

10.     In regard to the defense request for DNA analysis notes, electropherograms and graphs, the government indicates such are not covered by Crim. P. 16.   The defense strongly disagrees with the government that such data is not covered by Crim. P. 16 but the government has agreed to disclose such materials.  They have not yet done so.  The defense requests that the government be ordered to provide the materials within 10 days.

DNM 644

11.     To the extent that the government has agreed to other disclosures, the defense requests that the government be ordered to provide the materials within 10 days.

12.     The government has indicated that much of what the defense has requested is impeachment material, which they need not disclose at this time.  Although the defense disagrees with the characterization of most of the materials as being impeachment information, it must be noted that the government's proposal to put off disclosure of impeachment materials until some short period of time before trial is impractical.  It will result in motions for continuance, last minute scrambling which is not conducive to a fair trial and a multitude of follow up motions.  This case is extremely complex.  There are approximately 100 reports from informants whose identities have been withheld to date.[1]  These informants are inmates, so by their nature there will need to be extensive investigation into their credibility once their identities are disclosed and the government provides its *Giglio* materials.  Dozens of attorneys and court staff will need to set aside significant portions of their calendars and arrange their lives around a planned trial date.   If massive impeachment disclosure is not accomplished far in advance of any trial, there will be valid motions to continue which will upset the apple cart and cost the government precious taxpayer dollars. The defense is aware that in *Padilla*, supra, and other cases the Court has provided a deadline of 30 days prior to trial for disclosure of confidential witness materials.   *Padilla*, supra, appears to be a fairly

---

[1]A count of the reports detailing only CHS involvement in the case number over 91 in the most recent disclosure on July 1, 2016. It is unknown whether there are over 100 possible cooperator/ witnesses or these are repeat individuals.

DNM 645

straightforward narcotics case, whereas the present case is likely to be the most complex criminal case in New Mexico history.  The sheer number of informants and their likely extensive criminal and life histories, which will provide fodder for credibility attacks, along with probable litigation regarding whether production is adequate, militates in favor of much more advance disclosure.  These are considerations, which the defense urges the Court to consider.

13.     The government's suggestion is that defense counsel merely ask their clients if they wish to know the identity of alternate suspects.  Such a response ignores the presumption of innocence and misconceives that nature of an alternate suspect defense which is based on a charged defendant not committing the crimes.

14.     The defense requests an omnibus discovery conference to address this and other discovery issues.  Discovery disputes, as the Court has noted, should be resolved by the parties.  But the discovery process to date has been painfully slow and inadequate.  For example, materials required to be disclosed under Crim. P. 16 still have not been provided.  In an effort to avoid litigation the defense provided written notice of these very basic disclosure shortcomings on June 23, 2016.  See Appendix D.  The government has neither responded nor provided the materials.  In a case of this magnitude, a discovery conference appears to be necessary.

Submitted this 25th day of July, 2016.

/s/ Brock Benjamin
Brock Benjamin
Richard Sindel
Attorneys for Joe Gallegos (2)

7

/s/ Cori Harbour-Valdez
Patrick Burke
Cori Harbour-Valdez
Attorneys for Edward Troup (3)

/s/ Robert Cooper
Jim Castle
Robert Cooper
Attorneys for Billy Garcia (5)

/s/ Orlando Mondragon
Orlando Mondragon
Attorneys for Christopher Chavez (8)

/s/ Margaret Strickland
Margaret Strickland
Larry Hammond
Attorneys for Jerry Montoya (14)

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, I presented the foregoing to the Clerk of the Court
for filing and uploading to the CM/ECF system which will send notification of such filing to
counsel of record.

/s/ Robert Cooper
Robert Cooper

DNM 647



**U.S. Department of Justice**

*United States Attorney*
*District of New Mexico*

| | |
|---|---|
| *555 S. Telshor Blvd., Suite 300* | *Phone: (575) 522-2304* |
| *Las Cruces, NM  88011* | *Fax:  (575) 522-2391* |

June 30, 2016

*Sent via email*

Brock Benjamin
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, Texas 79901

Cori Ann Harbour-Valdez
The Harbour Law Firm, PC
PO Box 13268
El Paso, Texas 79913

Robert R. Cooper
1011 Lomas Blvd NW
Albuquerque, New Mexico 87102

Orlando Mondragon
1028 Rio Grande
El Paso, Texas 79902

Margaret Strickland
McGraw & Strickland
165 West Lucero Ave.
Las Cruces, New Mexico 88005

Richard Sindel
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, Missouri 63105

Patrick J. Burke
Patrick J. Burke, PC
999 18th Street
Suite 2055
Denver, Colorado 80202

James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, Colorado 80206

Larry Hammond
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793

RE:   **UNITED STATES v. ANGEL DELEON, et al.**
      No. 15-CR-4268 JB

Dear Counsel:

At the June 2, 2016 hearing and status conference, Judge Browning discussed your Motion for Specific Discovery. He encouraged the Defendants and the Government to review his decisions on criminal discovery and disclosure so that both parties may find guidance how he may rule.

# Appendix A

*U.S. v. Angel DeLeon, et al.*
*June 30, 2016*
*Page 2*

Judge Browning also said that he thought many, if not all of these disputes could "fall by the wayside" and even obviate the Motion for Specific Discovery in its entirety.

We have reviewed Judge Browning's decisions regarding discovery and disclosure under the Federal Rules of Criminal Procedure and under the United States Constitution's Due Process Clause. We have reviewed each of your specific discovery requests both internally and with the appropriate agents given those requests. We met with those agents to look at documents that may be responsive that they have been able to gather so far, and will likely meet with them again as they search for additional responsive documents, if any.

To heed Judge Browning's advice at the June 2, 2016 hearing, we propose that you withdraw your Motion for Specific Discovery without prejudice to renewing any requests you think may be appropriate after we work through some of the issues outlined below. In exchange, we'll agree to provide you the specific discovery discussed in the following paragraphs. We'll also agree to disclose certain additional documents, if appropriate, also as discussed in the paragraphs below.

Also, because the United States' current deadline to respond to your Motion is next Tuesday, July 5, 2016, we ask that, while you consider our proposal below, you extend to us an additional one week, until July 12, 2016, to file a response. Please let us know by close of business (5 pm Mountain Time) on Friday, July 1, whether you agree to the one-week extension.

In exchange for withdrawal of your Motion for Specific Discovery, we offer to do the following:

1. We will agree to disclose to you the discovery that you request in Requests No. 8, 9, 12, 14. As to Request 14, we will disclose the requested information once we receive it, to the extent it has not already been disclosed.

2. With regard to Request No. 2, to the extent that they exist, we'll agree to disclose to you the STIU files for R.G. and F.C. Similarly, with regard to Request No. 4, we'll agree to provide to you the "pen packs" for R.G. and F.C. to the extent that they exist, as well as the pen packs for Leonard Lujan. We also will agree to disclose the relevant portions of the STIU files and complete "pen packs" for all charged defendants.

3. With regard to Request No. 1 -- Federal Investigations under Case Nos. 281D-AQ-62017, 281D-AQ-59388, and 2450-AQ-63435 -- your Motion asserts that only "the first two" federal investigations "involve the investigation of murders alleged in Counts 1 and 2." (Motion ¶ 1, at 7.) But you don't identify which of those three numbers are the first two federal investigations. If you identify which of the three case numbers are the two that "specifically involve the investigation of the murders alleged in Counts 1 and 2," then to the extent that we haven't already disclosed files which, if they were in this case's investigation file, would fall within Fed. R. Crim. P. 16(a)(1)(E)'s provisions, we'll disclose those documents to you. With regard to the third file, we'll agree to ask the

*U.S. v. Angel DeLeon, et al.*
*June 30, 2016*
*Page 3*

proper agency to look through that file and, if documents within that file "relate to the allegations contained within the indictment," and if the agency does not have any specific safety or confidentiality concerns in the document(s), we'll disclose those to you as well.

4.      As mentioned above in paragraph 2, we'll agree to provide you the STIU files for R.G. and F.C. to the extent that they exist. Additionally, if you provide us information so that we can determine what "missing pages and/or supporting documents referenced" were omitted from the STIU materials that you have (see Motion ¶ 2, at 8), then we'll ask STIU whether their omission was intentional -- because there exists certain information, the release of which they have valid law enforcement concerns. We'll then disclose those materials to you as appropriate.   Also, we will agree to provide you the relevant portions of the STIU files for any gang member that was housed in the pods where the murders occurred, if they still exist.

Otherwise, your request for all STIU files on "all inmates who were at SNMCF on March 26, 2001 and all incidents from the earliest date that either R.G. or F.C. arrived at the facility" (Motion ¶ 2, at 7), is "sending the United States on a fishing expedition," as the Motion does not provide any specific support for what relevant information may be found in these files. United States v. Hykes, No. CR 15-4299 JB, 2016 WL 1730125, *20 (D.N.M. Apr. 11, 2016) (Browning, J.). And STIU articulated legitimate law enforcement reasons that disclosure of these files, without more specific support for why they may be relevant to your clients' defense, cannot take place. If, however, after you've reviewed the discovery provided in this case, including discovery that we'll provide according to agreement to this letter, you have specific support for your request for particular inmates' STIU files, we'll agree now to reconsider your request at that time.

5.      With regard to your Request No. 3, for "criminal history, impeachment materials, STIU files for Leonard Lujan and any other cooperating informant witness," we will not disclose these materials at this time. Like the request for all STIU files in Request No. 2, this request is too broad. Judge Browning's decisions uniformly acknowledge that disclosure of impeachment materials isn't required until trial, or, at the earliest, until the witness testifies at a pretrial hearing, such as a suppression hearing. See Hykes, 2016 WL 1730125, at *20. Plus, Judge Browning's decisions recognize the necessity for protecting CIs' anonymity. See, e.g., United States v. Rivas, 26 F. Supp. 3d 1082, 1117 (D.N.M. 2014) (Browning, J.) Judge Browning reasoned in Hykes that disclosure of certain non-federal officers' files was proper because the defendant "pointed to the officers' involvement in several excessive-force lawsuits, discrepancies between the officers' story and eyewitnesses' stories, and evidence that the officers had a personal feud with Hykes." 2016 WL 1730125, at *20. Applying that reasoning here, to require the United States to disclose the materials    in Request No. 3, Judge Browning will likely require specific support beyond just that these individuals may also be suspects. Thus, if you have specific information why any particular defendant or cooperating witness may also be an alternate suspect, we'll agree to reconsider this request once you present us with that

*U.S. v. Angel DeLeon, et al.*
**June 30, 2016**
**Page 4**

information.

6.    Request No. 4 asks for the "pen packs" for R.G. and F.C., and all inmates housed in P-1 Green Pod and 0-1 Yellow Pod on March 26, 2001, including the "pen packs" for Leonard Lujan and Lawrence Torres." (Motion ¶ 4, at 8.) As noted above in Paragraph 1, we'll agree to provide you with the "pen packs" for R.G., F.C., and all charged defendants.  With regard to the request for pen packs for other inmates housed in P-1 Green Pod and O-1 Yellow Pod on March 26, 2001, the New Mexico Corrections Department ("NMCD") will release those with a public records request at a cost of $.25 per page.

7.    To the extent that we have not already disclosed the materials that Request No. 5 seeks, we will not disclose additional materials in response to this broad request. If you or your clients can support that there are specific responsive documents that we have not already produced which are material to preparing your client's defense, we will reconsider our decision.

8.    As noted above, we'll agree to produce any and all files on R.G.'s connection to Los Carnales, if any, that we haven't already disclosed. But to the extent that we understand Request No. 6 to request any and all NMCD files on suspected or confirmed Los Carnales members, without any support why these may be material to your clients' defense or to this matter at all, Request No. 6 is too broad and is an improper fishing expedition. However, if you or your clients provide support for a request for any individual's files who may be associated with Los Carnales, we will consider asking NMCD to provide such materials at that time.

9.    Request No. 7 for STIU files for the entire SNM from period of 1985 to 2016, is, again, not a properly tailored request and is a fishing expedition. We believe that we have or are in the process of disclosing all such materials that Rule 16(a)(1) requires. If you believe that there are files of specific confirmed or suspected SNM members, or any other documents, that we properly should have disclosed, but we didn't, please let us know and we'll address that concern.  As stated above, we will agree to disclose the relevant portions of the STIU files for any gang members that were housed in P-1 Green Pod and O-1 Yellow Pod.

10.    With regard to Requests No. 10, 11, which seek lists of inmates in SNMCF and PNM for certain time periods, and Request No. 13, which we understand requests log books from P-1 Green Pod and O-1 Yellow Pod, we will provide the list of inmates for March 26, 2001 at both locations.  Our understanding is that the log books no longer exist; however, we do have the logs from SNMCF from March 26, 2001 which were preserved as part of the investigations.

11.    With regard to Request No. 15, for "Inmates' 'Wanted for Escape/Master Record

*U.S. v. Angel DeLeon, et al.*
*June 30, 2016*
*Page 5*

Entry,'" you didn't identify who these "inmates" are. We'll agree to provide you the Wanted for Escape/Master Record Entry for R.G. and F.C. For any other inmates that you may be requesting, please let us know and we'll consider your requests immediately.

12.     Request No. 16 asks for "The Security Threat Group's 'Master Roster.'" In our meeting with DOC, including with STIU, no one knew to what you're referring. We therefore cannot provide you that document.

Given Judge Browning's guidance at the status conference to see if we can work together so that these issues "fall by the wayside," we will agree to concede to you the above requests if you agree to withdraw your motion. You may renew and refile it later if you think it proper.

Based on Judge Browning's previous criminal discovery opinions, we believe that these concessions meet or exceed the relief that he would grant to you upon consideration of your Motion.

Again, please respond by close of business on July 1, 2016 whether you will grant us a one-week extension to respond to your Motion, to July 12, 2016. If you agree to withdraw your Motion and accept our offers of compromise above, then you may let us know that and you may withdraw your Motion without us having to file a request for extension.

If you have any questions, please contact me at (575) 323-5276.

Sincerely,

DAMON P. MARTINEZ
United States Attorney

MARIA Y. ARMIJO
RANDY CASTELLANO
MATTHEW BECK
Assistant United States Attorneys

MYA/rcc

Gmail - RE: Letter - U.S. v. DeLeon et al.     Case 2:15-cr-04268-JB   Document 632-2   Filed 07/25/16   Page 1 of 2     7/19/16, 12:50 PM

Appellate Case: 20-2058     Document: 010110415662     Date Filed: 09/29/2020     Page: 498

 Gmail

James Castle <jcastlelaw@gmail.com>

## RE: Letter - U.S. v. DeLeon et al.
1 message

**bob@rrcooper.com** <bob@rrcooper.com>                                          Fri, Jul 1, 2016 at 3:18 PM
To: "Armijo, Maria (USANM)" <Maria.Armijo@usdoj.gov>, Brock Benjamin <brockmbenjamin@yahoo.com>,
rsindel@sindellaw.com, "Cori A. Harbour-Valdez" <charbour@harbourlaw.net>, patrick-j-burke@msn.com,
jcastlelaw@gmail.com, Orlando Mondragon <mondragonom@att.net>, Margaret Strickland <margaret@lawfirmnm.com>,
lhammond@omlaw.com
Cc: "Castellano, Randy (USANM)" <Randy.Castellano@usdoj.gov>, "Beck, Matthew (USANM)"
<Matthew.Beck2@usdoj.gov>, "Castillo, Roxane (USANM) 1" <Roxane.Castillo@usdoj.gov>

Maria,

In response to your letter requesting an additional one week extension within which to file a response to our
Motion for Specific Discovery (Doc. 539), the Billy Garcia team states that we would first like to see what you
plan to disclose before we approve your request.  That said, if you agree to produce, within one week, the
documents as set forth in your letter then we will agree that a response need not be filed until a reasonable
time after we are able to review the documents to make sure that they satisfy our request.  Thank you.

Bob.

From: Armijo, Maria (USANM) [mailto:Maria.Armijo@usdoj.gov]
Sent: Thursday, June 30, 2016 1:42 PM
To: Brock Benjamin (brockmbenjamin@yahoo.com); rsindel@sindellaw.com; Cori A. Harbour-Valdez
(charbour@harbourlaw.net); patrick-j-burke@msn.com; Bob Cooper (bob@rrcooper.com); jcastlelaw@gmail.com;
'Orlando Mondragon'; Margaret Strickland; lhammond@omlaw.com
Cc: Castellano, Randy (USANM); Beck, Matthew (USANM); Castillo, Roxane (USANM) 1
Subject: Letter - U.S. v. DeLeon et al.

Good afternoon Counsel,

Please see attached.

Thanks - Maria

# Appendix B

DNM 653

DNM 654

**Filing and Security**

Primary Case: 245D-AQ-63435

Case Title: (U) OPERATION TAR PIT;
OCDETF-GANGS;
SW-NML-225

Serial Number: 441

Serialized: 11/21/2011

Category: Full Investigation
Initiated: 08/11/2010

**Details**

Serial #: 441                                          Type: FD1023

Document Title: DELTA SERIAL: ▮▮▮▮▮▮▮

Approval Date: 11/22/2011
Classification: U

Contents: UNCLASSIFIED

FEDERAL BUREAU OF INVESTIGATION
CHS REPORTING DOCUMENT

Form Classification: UNCLASSIFIED
Source Id: ▮▮▮▮▮
Date: 2011-11-23
Case Agent Name: Roundy, Lance A
Field Office: Albuquerque
Squad: Squad 9

Date of Contact: 2011-11-22
Participants/Witnesses: SA Elizabeth Hasty, SA Lance Roundy

Type of Contact: In Person
Location
Country: UNITED STATES
City: Las Cruces
State: New Mexico
Date of Report 2011-11-22

Substantive Case File Number: 281D-AQ-62017 245D-AQ-63435

Source Reporting:

On 11/22/2011, Special Agents Lance Roundy and Elizabeth Hasty,
Albuquerque
Division, Las Cruces Resident Agency of the Federal Bureau of
Investigation met
with a confidential human source (CHS).During the meeting, the CHS
voluntarily
provided the following:

Sindicato Nuevo Mexico (SNM) gang member George Manzanares works for
Cheryl
Butler as a maintenance worker, and is dating an unknown Korean
lady.Manzanares
utilizes telephone number ▮▮▮▮▮▮ and drives a Harley Davidson
motorcycle
and a white-colored mid-sized SUV.Manzanares' son, Raymond Garces,
approximately 16-17 years old, was known by the CHS to carry
firearms on his

## Appendix C

U.S. v. DELEON, ET AL.   669   12/20/M 1655PM

person.The CHS stated that Garces had an altercation some time ago at the 575
Ink tattoo shop with First Name Unknown (FNU) Last Name Unknown (LNU), aka
Cain, son of Matthew Juarez, in which Garces pulled a gun and threatened
Cain.Cain was known to be involved in home invasions/burglaries in Las Cruces
and the surrounding area.When asked about Isaac Garces, the CHS said that
he/she did not know Isaac Garces personally, but recognized the name.


On or about 11/19/2011, FNU LNU, aka Pelon, a Barrio Azteca gang member, came
to 575 Ink and provided a "paper" of heroin to BA member/associate and tattoo
artist Alfi Gamboa.Pelon was known by the CHS to drive a grey-colored Chevrolet
Impala with tinted windows.


Luis Morales told the CHS that he acquires his supply of illegal narcotics from
an individual known as "Buddas" Juarez, the brother of Ricky Juarez.The CHS
stated that Ricky Juarez sells ounce quantities of crack cocaine for
approximately $1,200.Morales is the brother of Marcos and Juan Morales, owners
of the Santa Fe Grill restaurant chain.The CHS said that Ray Marquez was the
Morales' "right hand man."Luis Morales was described as a heavy drug user and a
drunk by the CHS.


Jerrian LNU and Stephanie LNU work at the Long Johns Silver restaurant off of
El Paseo in Las Cruces and sell a lot of drugs from the restaurant.The CHS said
that Jerrian and Stephanie go to Mexico to acquire their supply of drugs, and
have mentioned to the CHS that they were going through Palomas instead of El
Paso.Gabriela "Gabby" Padilla was also selling a lot of drugs, and wanted the
CHS to work for her as a security guard.Padilla was known to sell heroin to
several "old school" gang members.


Fausto Acosta and another individual known only as "Paisa" work for a
construction business and sell ounce quantities of powder cocaine.Acosta
claimed to be a Sureno gang member.


The CHS said that he/she had several "connects" for drugs located on the
northeast side of El Paso, Texas.

U.S. v. DELEON, ET AL.   670
DNM 656

SNM gang member Vernon Clark owed FNU LNU, aka Daffy approximately $1,000 for
heroin.FNU LNU, aka Smasher told the CHS that Daffy, a former Eastside San Jose
gang member, current SNM member, was dealing a lot with the Los Padillas gang
in Albuquerque to acquire and sell drugs.The CHS said that SNM member Sammy
Chavez had a greenlight on him by several gangs due to him stealing drugs and
acting like a bully on the streets.The CHS said that Daffy was upset that a lot
of individuals wanted to kill Chavez.


SNM member Bill Garcia, aka Wild Bill was "running the line" at the Southern
New Mexico Correctional Facility when Frank Castillo and FNU LNU, aka Looney
were killed.The CHS said that all sanctioned hits would have gone through
Garcia prior to the murders.SNM member Edward Troup was close to Gerald
Archuleta, aka Styx, and Daffy.


Greg Urunga has a warehouse in Las Cruces and does mechanical work.Urunga also
drives a yellow Chevrolet Camaro and was known to sell large amounts
of drugs.


UNCLASSIFIED

To:     Maria Armijo, Esq.
        Randy M. Castellano
        Assistant United States Attorney
        District of New Mexico
        Las Cruces Branch Office
        555 S. Telshor Blvd., Suite 300
        Las Cruces, NM 88011

From:   Counsel for defendants Joe Gallegos, Edward Troup, Billy Garcia, Javier Alonso,
        Arturo Arnulfo Garcia, Jerry Montoya, Daniel Sanchez, Rudy Perez, Anthony
        Ray Baca, Daniel Archuleta

Re:     Disclosures in cases 15-cr-4268, 16-cr-1613 and 15-cr-4275

Date:   June 23, 2016

Dear Ms. Armijo and Mr. Castellano,

A review of the discovery reflects that certain items are missing that are required to be
produced pursuant Crim. P. 16.  These materials may very well be in materials soon to be
discovered but in the event they are not, please send them to us as soon as possible.

1.      **Recorded statements of all defendants** – Crim. P. 16 (a) (1) (B)

We do not believe we have any recorded statements for the vast majority of the
defendants.  It is our understanding that during the arrests of defendants who were not in
custody an interview was conducted.  At a minimum an FBI 302 for all such defendants
should exist and be provided.

2.      **Prior records of defendants**- Crim. P. 16 (a) (1) (D)

A review of discovery does not reveal the government has provided criminal histories for
any of the defendants.

3.      **Documents and Objects**- Crim. P. 16 (a) (1) (E)

 It is our understanding that arrest warrants, search warrants and/or wiretap applications
were issued.  Affidavits in support and applications for such searches and/or arrests and
inventories of what was seized have not been provided. If these seizures are of items for
which the defendants have a property or privacy interest (including but not limited to
phone calls, items seized from a home, vehicle searches, etc.) they are required to be
produced.  Applications and affidavits must be disclosed, as they are material to the
preparation of the defense (eg. suppression motions).

# Appendix D

Please advise whether or not you agree to produce the above information so that we can avoid litigation for materials in which we are in agreement.


Sincerely,


Brock Benjamin
Richard H. Sindel
Attorneys for Joe Gallegos

Patrick Burke
Cori Harbour-Valdez
Attorneys for Edward Troup

Bob Cooper
James A. Castle
Attorneys for Billy Garcia

Noel Orquiz
Nathan Chambers
Attorneys for Javier Alonso

Billy Blackburn
Attorney for Arturo Arnulfo Garcia

Margaret Strickland
Larry Hammond
Attorneys for Jerry Montoya

Richard E. Jewkes
Amy E. Jacks
Attorneys for Daniel Sanchez

Ryan Villa
Attorney for Rudy Perez

Marc Lowry
Theresa Duncan
Attorneys for Anthony Ray Baca

Ahmad Assed
Attorney for Daniel Archuleta

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                       No. 15-cr-4268-JB

ANGEL DELEON, et al.,

      Defendants.

**DEFENDANTS' JOINT MOTION TO VACATE MARCH 2017 TRIAL SETTING, IMPOSE A DISCOVERY SCHEDULING ORDER AND REQUEST FOR A HEARING**

Defendant Rudy Perez, by his counsel, Ryan J. Villa, joined by Defendants Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Jerry Montoya, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzales, Paul Rivera and Shauna Gutierrez, by their respective counsel, move this Court to vacate the March 2017 trial setting, set a discovery scheduling order and set a hearing on this matter.

**INTRODUCTION**

The instant criminal prosecution is perhaps the single largest and most complicated prosecution this district has ever seen. Because the Unites States chose to prosecute thirty defendants in this indictment, with multiple counts, spanning over 3 decades, the discovery is massive. Moreover, discovery is being disclosed in this matter as well as the parallel RICO indictment in 16-cr-1613. Trial is likely to last months in the absence of severance, with corresponding trial preparation and pretrial motions litigation likely to take twice as

long. The corresponding investigation needed to effectively represent each defendant is massive. However, due to the nature in which the United States is disclosing discovery, and the limitations set forth in the discovery order requiring defendants to have discovery on tablets, the March trial date and corresponding proposed scheduling order is unworkable. The United States is producing discovery in a rolling fashion and a manner that makes it difficult for counsel to efficiently ascertain which documents are pertinent to a specific defendant and a specific count or counts. Compounding the issue is that defendants themselves have just begun to review discovery. Defendants who were initially indicted in this case in December only just received their tablets a couple weeks ago and recently learned that they will need to be sent back due to technical problems, and defendants who were indicted via the superseding indictment have not received them to date.

The defendants identified herein request the Court vacate the trial date and schedule a hearing so the parties can discuss a realistic timetable for all discovery to be produced by the government, and for defendants to review said discovery. Defendants cannot adequately assist counsel in preparing a defense if they cannot review discovery. Counsel cannot adequately prepare for trial without sufficient time to review discovery, discuss the discovery with Defendants after they have reviewed it, conduct an investigation into the facts of the case, conduct any research into the facts and then prepare for trial.

## **BACKGROUND**

In this case, the 24 original defendants were charged by Indictment with violations of 18 U.S.C. §1959(a)(1)(5)(6) and 18 U.S.C. §2 (Violent Crimes in Aid of Racketeering). *See* Indictment [Doc. 2]. At least 19 of the original defendants were charged with capital

DNM 661

eligible offenses and faced the possibility of the death penalty under 18 U.S.C. § 3591 et.

seq.  The original Indictment contains special findings required for the imposition of the

death penalty.  The Court declared the case complex on January 7, 2016.  *See* Order [Doc.

211].  On April 21, 2016, the government unsealed a superseding indictment in this case

which alleges additional crimes and adds additional defendants.  *See* Superseding

Indictment [Doc. 368].  The government also revealed a new indictment in related case no.

16-cr-1613 JB in which some, but not all, of the defendants in the above-captioned matter

are charged with additional criminal acts.  Both indictments allege defendants are members

of the Syndicato Nuevo Mexico (SNM), which engaged in racketeering and committed

violent crimes in aid thereof. The United States also obtained a separate indictment against

defendant Chris Garcia in cause no. 2:15-cr-4275 (Garcia indictment), who is a defendant

in this and the other RICO indictment.  In this matter, the United States has notified the

parties it does not intend to seek the death penalty, but in 16-cr-1613, the case is still death

eligible.  For ease of reference, counsel will refer to these cases as the "SNM cases."  With

respect to discovery, the United States has produced all discovery in the SNM cases to all

defendants named in the SNM cases.  There are a number of other indictments against

alleged members of SNM or those alleged to have aided and abetted SNM racketeering

activity that have not been grouped with these cases, at least insofar as discovery

production is concerned.

Since the inception of the SNM cases, discovery has been produced by the United

States to the discovery coordinating law firm, Aoki Law, PLLC.  Aoki Law has, in turn,

produced this discovery to counsel for all Defendants in the SNM cases.  As of August 12,

2016, there have been 40,784 pages and 412 hours of audio and video recordings produced

by the Government.  According to Assistant United States Attorney (AUSA) Maria Armijo, this production is still ongoing and it is uncertain when it will be complete.  *See* Email Thread from Armijo to Jim Castle, dated 8/18/16, *attached as* **Exhibit 1**.  Ms. Armijo's letter was in response to two letters written by Jim Castle, counsel for defendant Billy Garcia, inquiring when the Rule 16 discovery production will be complete.  *See* Letter from Castle to Armijo dated June 23, 2016 (requesting certain Rule 16 discovery), *attached as* **Exhibit 2**, and Letter from Castle to Armijo dated August 18, 2016 (requesting approximate date of completion of Rule 16 discovery), *attached as* **Exhibit 3**.  It is apparent from Ms. Armijo's response that discovery is still being obtained by the United States, even though it may be in possession of law enforcement, and it is unknown when all that information can be provided to defendants.  For instance, in Mr. Castle's letter of June 23, 2016 he requested 3 categories of discovery covered by Rule 16: 1.) statements of defendants, 2.) prior records of defendants, and 3.) documents and objects seized from defendants, including accompany documentation such as search warrants, inventories and returns.  To date, all of these items have not been produced.

The Government has provided discovery in 10 separate productions.  *See* Declaration of Russell M. Aoki, dated August 29, 2016, *attached as* **Exhibit 4.**  Initial discovery was produced on March 18, 2016, and appears to be related to the allegations contained in the single defendant indictment against Defendant Garcia in cause no. 2:15-cr-4275.  *See* **Ex. 4**, Aoki Dec. at 2.  However, because it was produced to all Defendants, counsel for all Defendants have a duty to review this discovery and Defendants have a corresponding right to review said discovery.

On March 25, 2016, the Government produced discovery that appears to be primarily related to the charges alleged in the indictment in this case.  *See* **Ex. 4**, Aoki Dec. at 3.  This production is divided into numerous folders based on specific alleged victims as well as approximately five other folders containing hundreds of audio recordings and texts purportedly made by cooperating witnesses.  *Id.*  There were also a few video recordings. Although the folders related to specific alleged victims are easy to associate with a particular count as are the video, the folders with the hundreds of audio recordings and texts are not.  These cooperating witnesses were involved in more than one particular count and defendant, and require counsel to sift through each one to determine which particular count or defendant it might apply to.  Transcripts have been ordered by the government for some of these recordings, but are not available yet.    Following this production, the government obtained the superseding indictment on April 21, 2016 in this case, adding six new defendants.

Per the government's request, the Court issued a protective order restricting defendants from having any paper discovery and requiring it only be reviewed in the presence of counsel or employee working at the direction of counsel.  *See* Protective Order, ¶ 2 [Doc. 589].  The Order directed the Government to provide to Defendants a tablet computer by no later than August 15, 2016, which contained discovery.  Upon information and belief, the original 24 defendants indicted in this cause in December 2015 have received their tablets.  However, some have experienced technical problems and may have to be returned.  The six new defendants indicted in the Superseding Indictment have not received their tablets.  According to the discovery coordinating attorney, Russ Aoki, these

tablets have not been received by his office, but are on the way.  His office is currently estimating the new defendants will receive their tablets by the end of September.

The Court held a status hearing in this matter on June 2, 2016.  At that hearing, it scheduled the trial in this matter to commence in March of 2017.  *See* Transcript of Motion Proceedings, at 103 [Doc. 624].  The Court also ordered the United States to produce discovery within 30 days of the date of this hearing.  *See* Trans. at 91-92.  Subsequently, the Government produced some discovery to all defendants in this case and the parallel RICO case on June 17 and 24.  *See* **Ex. 4**, Aoki Dec. at 3.  It then produced discovery in this matter on July 1, 18 and 22.  *Id.* at 3-4.  The Government produced discovery related to the Garcia indictment to all defendants on July 26 and 27, and related to the Baca indictment on August 8 and August 11.  *Id.* at 4.  On September 6, 2016, counsel were informed by Mr. Aoki's office that additional discovery was produced on August 31, 2016, which has been identified as being related to this case.  To date, counsel is unaware of the contents of this discovery as it has not yet been reviewed.

### ARGUMENT

The Court should vacate the March trial setting as, due to the extreme complexity and size of the case, counsel cannot be prepared for trial because:

1.) the United States is still obtaining and producing Rule 16 discovery;

2.) counsel for defendants need additional time to review the enormous amount of discovery produced to date and receive the discovery not yet produced;

3.) defendants need time to review discovery on their tablet computers;

4.) counsel for defendants need time to confer with their clients regarding the discovery, identify discovery not produced and seek to obtain it via request from the United States or the Court by way of motion practice;

5.) counsel for defendants need more time to conduct an investigation into the facts of the case, and

6.) counsel for defendants need time to conduct legal research regarding legal issues that arise from said discovery and investigation, and to prepare and litigate any pretrial motions that may need to be filed.

The parties have at all times acted with due diligence.  However, the enormity and complexity of the case has made obtaining and reviewing discovery difficult both for counsel and Defendants.  This case has been declared complex for speedy trial purposes. *See* Order [Doc. 211].  Given the above-state needs, Defendants believe a continuance of the trial date is warranted.   Defendants submit that, pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist for the continuance as explained herein.

As the Court is aware, there are 30 defendants charged in the Superseding Indictment in this matter with a total of 15 counts.  All but one count alleges violent crimes in aid of racketeering pursuant to 18 U.S.C. § 1959.  The racketeering allegations date back to the early 1980s. Counts 1, 2, 3, 5, 7 allege murder of seven different victims.  If convicted of these murder counts, defendants would be sentenced to life in prison.  *See* 18 U.S.C. § 1959(a)(1).   Given these allegations, short of the death penalty, the stakes could not be higher for these defendants.  That a criminal enterprise and racketeering allegations have been made dating back to the 1980s, means counsel for defendants must begin their

DNM 666

investigation at that date.  The discovery produced by the United States to date is massive and the discovery that will be produced or will be the subject of motions to produce will be exponentially larger.  Critical to preparation of the defense is the ability of defendants to review their discovery.

Federal Rule of Evidence 16 requires the Government, upon request, produce certain discovery.  "Rule 16 is designed to provide the defendant with sufficient information to make an informed decision about a plea, to allow the court to rule on admissibility motions before trial, to minimize prejudicial surprise at trial, and to generally increase the efficiency of litigation.  *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1010 (10th Cir. 1999).  None of these purposes can be met if the defendants themselves cannot review the discovery.  "While there is no general constitutional right to discovery in a criminal case, the Constitution mandates that a defendant be accorded the opportunity to present a defense." *United States v. Libby*, 453 F. Supp. 2d 35, 42 (D.D.C. 2006).  Defendants' constitutional right to present a defense as provided for in *South Carolina v. Holmes*, 547 U.S. 319 (2006), cannot be effectuated fully without the ability of the defendants, not just their counsel, to review all of the discovery. While most of the defendants just received their tablets and have begun reviewing discovery, six defendants still have not.  As currently scheduled, trial begins in six months and Defendants have only begun to review their discovery and many have not received discovery.  Accordingly, more time is needed to permit discovery review.  Given the quantity of discovery in this case, much more time is needed than normal.

Discovery review and investigation into the allegations of the indictment will be an impossible task to be completed by the current trial date of March 2017.  Defendants are

entitled to a constitutionally adequate investigation sufficient to enable counsel to properly defend their case.  *See Medina v. Barnes,* 71 F.3d 363, 369 (10th Cir. 1995).  Once the defense review of discovery and investigation is complete, identifying legal issues, participating in motion practice and developing trial strategy will be demanding. Should any defendants proceed to trial, the trial is likely to last a month or longer.  Should all or multiple defendants proceed to trial it could last several months.  Trials of this length and complexity require significantly more preparation time than normal.  Defendants who join this Motion agree that they cannot be prepared to try a case of this complexity by the March trial date and a continuance is needed.

### CONSULTATION WITH COUNSEL

Counsel for Rudy Perez, Ryan J. Villa, sought the position of all counsel for all parties on this Motion.  All Defendants concur in this motion except Defendant Eugene Martinez, who takes no position on the motion due to ongoing competency issues.  Defendants Hernandez, and Martinez's counsel did not respond.  Counsel for the United States, Maria Armijo, opposes this Motion.  *See* Email from AUSA Armijo to Villa, *attached as* **Exhibit 5**.  In her opposition, Ms. Armijo indicates she would agree to a continuance in this matter if the defendants in the parallel RICO indictment in 16-cr-1613 do not oppose a continuance of their trial date in July.  Defendants in this matter are not in a position to extract a continuance from the defendants in the 1613 matter and such is not practical.

### <u>CONCLUSION</u>

For the reasons stated herein, the Court should vacate the March trial date.  This date is simply unworkable as Defendants are in need of significantly more time. Defendants request a status hearing to discuss rescheduling the trial date, setting meaningful and

attainable discovery deadlines and deadlines for discovery motions, and a scheduling order

that realistically reflects the anticipated timeframes in this case.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
Attorney for Rudy Perez (26)

**Joined by**:

*/s/ Brock Benjamin*
Brock Benjamin
Richard Sindel
Attorneys for Joe Gallegos (2)

*/s/ Cori Harbour-Valdez*
Cori Harbour-Valdez
Patrick Burke
Attorneys for Edward Troup (3)

*/s/ Russell Dean Clark*
Russell Dean Clark
Donald R. Knight
Attorney for Leonard Lujan (4)

*/s/ Robert R. Cooper*
Robert Cooper
James Castle
Attorneys for Billy Garcia (5)

*/s/ Jeffrey Lahann*
Jeffrey Lahann
Phillip Linder
Attorneys for Allen Patterson (7)

*/s/ Orlando Mondragon*
Orlando Mondragon
Attorney for Christopher Chavez (8)

*/s/ Nathan Chambers*
Nathan Chambers
Noel Orquiz
Attorneys for Javier Alonso (9)

DNM 669

*/s/ Billy Blackburn*
Billy Blackburn
Attorney for Arturo Garcia (10)


*/s/ Benjamin Clark*
Jerry Herrera
Stephen Hosford
Attorneys for Arturo Garcia (11)


*/s/ Gary Mitchell*
Gary Mitchell
Attorney for Javier Armenta (13)


*/s/ Larry Hammond*
Larry Hammond
Margaret Strickland
Attorneys for Jerry Montoya (14)


*/s/ Mario Rodriguez*
Santiago Hernandez
Steven M. Potolsky
Attorneys for Mario Rodriguez (15)


*/s/ Mary Stillinger*
Mary Stillinger
Joe Spencer
Attorneys for Mauricio Varela (17)


*/s/ Amy E. Jacks*
Amy E. Jacks
Richard Jewkes
Attorneys for Daniel Sanchez (18)


*/s/ B.J. Crow*
B.J. Crow
Attorney for Conrad Villegas (20)


*/s/ Theresa Duncan*
Theresa Duncan
Marc M. Lowry
Attorneys for Anthony Ray Baca (21)


*/s/ Charles J. McElhinney*
Charles J. McElhinney
Attorney for Robert Martinez (22)

/s/ Marcia J. Milner
Marcia J. Milner
Attorney for Roy Paul Martinez (23)


/s/ Amy Sirignano
Amy Sirignano
Christopher W. Adamas
Attorneys for Christopher Garcia (24)

/s/ Michael V. Davis
Michael V. Davis
Attorney for Carlos Herrera (25)


/s/ Donavon A. Roberts
Donavon A. Roberts
Attorney for Andrew Gallegos (27)

/s/ Erlinda O. Johnson
Erlinda O. Johnson
Attorney for Santos Gonzalez (28)

/s/ Keith R. Romero
Keith R. Romero
Attorney for Paul Rivera (29)

/s/ Angela Arellanes
Angela Arellanes
Attorney for Shauna Gutirrez (30)

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, a copy of the foregoing document was

filed electronically with the Clerk of the Court to be served by operation of the Court's

electronic filing system upon all counsel of record.


/s/Ryan J. Villa
Ryan J. Villa

| | |
|---|---|
| **From:** | Armijo, Maria (USANM) |
| **Received:** | Thu 8/18/2016 4:32 PM |
| **To:** | Jim Gmail |
| **Cc:** | Castellano, Randy (USANM); cc: Cori A. Harbour-Valdez; Amy Jacks; Billy Blackburn; BMB Law; Cori A. Harbour-Valdez; Larry Hammond; Marc Lowry; Margaret Strickland; Nate Chambers; Noel Orquiz; Patrick J Burke; Richard Jewkes; Robert Cooper; Ryan Villa; Theresa Duncan; Ahmad Assed; Beck, Matthew (USANM); Castillo, Roxane (USANM) 1 |
| **Subject:** | RE: U.S. ve Deleon, et al 15-cr-4268 |

Discovery is on-going – so even when we finish that, there may be something else that comes in –

As we told Theresa, we have completed the vast majority of our discovery and will be constantly sending in things as we receive them.

---

**From:** Jim Gmail [mailto:jcastlelaw@gmail.com]
**Sent:** Thursday, August 18, 2016 4:28 PM
**To:** Armijo, Maria (USANM)
**Cc:** Castellano, Randy (USANM); cc: Cori A. Harbour-Valdez; Amy Jacks; Billy Blackburn; BMB Law; Cori A. Harbour-Valdez; Larry Hammond; Marc Lowry; Margaret Strickland; Nate Chambers; Noel Orquiz; Patrick J Burke; Richard Jewkes; Robert Cooper; Ryan J. Villa; Theresa Duncan; Ahmad Assed; Beck, Matthew (USANM); Castillo, Roxane (USANM) 1
**Subject:** Re: U.S. ve Deleon, et al 15-cr-4268

Thank you for your prompt response.  Will the government notify us when that final review and any concomitant disclosure is completed?

Sent from my iPhone

On Aug 18, 2016, at 4:19 PM, Armijo, Maria (USANM) <Maria.Armijo@usdoj.gov> wrote:

> Mr. Castle,
>
> We are going through some CDs that we believe are duplicates and don't need to be disclosed, as well as two notebooks that may be duplicates.  Other than that – we have disclosed everything we have to date and will disclose items as we receive them.
>
> Thanks – Maria
>
> **From:** James Castle [mailto:jcastlelaw@gmail.com]
> **Sent:** Thursday, August 18, 2016 1:34 PM
> **To:** Armijo, Maria (USANM); Castellano, Randy (USANM); cc: Cori A. Harbour-Valdez; Amy Jacks; Billy Blackburn; BMB Law; Cori A. Harbour-Valdez; Larry Hammond; Marc Lowry; Margaret Strickland; Nate Chambers; Noel Orquiz; Patrick J Burke; Richard Jewkes; Robert Cooper; Ryan J. Villa; Theresa Duncan; Ahmad Assed
> **Subject:** U.S. ve Deleon, et al 15-cr-4268
>
> Dear Ms. Armijo and Mr. Castellano,
>
> Attached please find a letter regarding discovery in the above captioned case.  Your prompt attention to this request would be appreciated.
>
>
> James Castle
> Castle & Castle, P.C.
> 1544 Race Street
> Denver, CO 80206
> (303) 675-0500
> email: jcastlelaw@gmail.com

*This electronic message is confidential and is intended only for the use of the individual to whom it is addressed.  The information may also be legally privileged.  This transmission is sent in trust, for the sole purpose of delivery to the intended recipient.  If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this*

*transmission is strictly prohibited.  If you are not the intended recipient, please immediately notify me by electronic message or telephone at 303-675-0500, and delete the message from your system.*

Ryan Villa

Printed: Tue 8/23/2016 2:48 PM

To:     Maria Armijo, Esq.
        Randy M. Castellano
        Assistant United States Attorney
        District of New Mexico
        Las Cruces Branch Office
        555 S. Telshor Blvd., Suite 300
        Las Cruces, NM 88011

From:   Counsel for defendants Joe Gallegos, Edward Troup, Billy Garcia, Javier Alonso,
        Arturo Arnulfo Garcia, Jerry Montoya, Daniel Sanchez, Rudy Perez, Anthony
        Ray Baca, Daniel Archuleta

Re:     Disclosures in cases 15-cr-4268, 16-cr-1613 and 15-cr-4275

Date:   June 23, 2016

Dear Ms. Armijo and Mr. Castellano,

A review of the discovery reflects that certain items are missing that are required to be
produced pursuant Crim. P. 16.  These materials may very well be in materials soon to be
discovered but in the event they are not, please send them to us as soon as possible.

1.      **Recorded statements of all defendants** – Crim. P. 16 (a) (1) (B)

We do not believe we have any recorded statements for the vast majority of the
defendants.  It is our understanding that during the arrests of defendants who were not in
custody an interview was conducted.  At a minimum an FBI 302 for all such defendants
should exist and be provided.

2.      **Prior records of defendants**- Crim. P. 16 (a) (1) (D)

A review of discovery does not reveal the government has provided criminal histories for
any of the defendants.

3.      **Documents and Objects**- Crim. P. 16 (a) (1) (E)

 It is our understanding that arrest warrants, search warrants and/or wiretap applications
were issued.  Affidavits in support and applications for such searches and/or arrests and
inventories of what was seized have not been provided. If these seizures are of items for
which the defendants have a property or privacy interest (including but not limited to
phone calls, items seized from a home, vehicle searches, etc.) they are required to be
produced.  Applications and affidavits must be disclosed, as they are material to the
preparation of the defense (eg. suppression motions).

Please advise whether or not you agree to produce the above information so that we can avoid litigation for materials in which we are in agreement.


Sincerely,


Brock Benjamin
Richard H. Sindel
Attorneys for Joe Gallegos

Patrick Burke
Cori Harbour-Valdez
Attorneys for Edward Troup

Bob Cooper
James A. Castle
Attorneys for Billy Garcia

Noel Orquiz
Nathan Chambers
Attorneys for Javier Alonso

Billy Blackburn
Attorney for Arturo Arnulfo Garcia

Margaret Strickland
Larry Hammond
Attorneys for Jerry Montoya

Richard E. Jewkes
Amy E. Jacks
Attorneys for Daniel Sanchez

Ryan Villa
Attorney for Rudy Perez

Marc Lowry
Theresa Duncan
Attorneys for Anthony Ray Baca

Ahmad Assed
Attorney for Daniel Archuleta

To:     Maria Armijo, Esq.
        Randy M. Castellano
        Assistant United States Attorney
        District of New Mexico
        Las Cruces Branch Office
        555 S. Telshor Blvd., Suite 300
        Las Cruces, NM 88011

From:  Counsel for Billy Garcia, Joe Gallegos, Edward Troup, Rudy Perez

Re:     Discovery in 15-cr-4268


Date:  August 18, 2016

Dear Ms. Armijo,

I am writing on behalf of defendant Billy Garcia in case 15-cr-4268 and I am authorized
to indicate that counsel for Joe Gallegos, Edward Troup, Rudy Perez join in the request
detailed below.

We are in the process of working on a proposed scheduling order.  Before we can make
informed decisions on such proposals we need to know the status of discovery
production.  Discovery has been continuing to be produced in numerous batches with the
most recent batch having been provided just a few days ago.

Can you provide the defense in 15-cr-4268 with a date when you believe the production
of all non-Giglio, non-Jencks material will be concluded?  Obviously, there will always
be some new material that will be disclosed once it is produced but when will the
government be finished disclosing material it currently knows it must disclose?  Included
in this request is a date by which all Crim. P. 16 material will be produced as outlined in
a letter I sent on June 23, 2016.

Your prompt attention to this matter is appreciated.

Sincerely,

Jim Castle
Attorney for Billy Garcia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. 2:15-cr-04268 JB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL DELEON, | ) | DECLARATION OF RUSSELL M. AOKI, |
| JOE GALLEGOS, | ) | THE COORDINATING DISCOVERY |
| EDWARD TROUP, | ) | ATTORNEY ON DISCOVERY |
| LEONARD LUJAN, | ) | PRODUCTIONS |
| BILLY GARCIA, | ) | |
| EUGENE MARTINEZ, | ) | |
| ALLEN PATTERSON, | ) | |
| CHRISTOPHER CHAVEZ, | ) | |
| JAVIER ALONSO, | ) | |
| ARTURO ARNULFO GARCIA, | ) | |
| BENJAMIN CLARK, | ) | |
| RUBEN HERNANDEZ, | ) | |
| JERRY ARMENTA, | ) | |
| JERRY MONTOYA, | ) | |
| MARIO RODRIGUEZ, | ) | |
| TIMOTHY MARTINEZ, | ) | |
| MAURICIO VARELA, | ) | |
| DANIEL SANCHEZ, | ) | |
| GERALD ARCHULETA, | ) | |
| CONRAD VILLEGAS, | ) | |
| ANTHONY RAY BACA, | ) | |
| ROBERT MARTINEZ, | ) | |
| ROY PAUL MARTINEZ, | ) | |
| CHRISTOPHER GARCIA, | ) | |
| CARLOS HERRERA, | ) | |
| RUDY PEREZ, | ) | |
| ANDREW GALLEGOS, | ) | |
| SANTOS GONZALEZ, | ) | |
| PAUL RIVERA, and | ) | |
| SHAUNA GUTIERREZ, | ) | |
| | ) | |
| Defendants. | ) | |

1

DNM 677

I, Russell M. Aoki, hereby declare and state as follows:

1.      I am the court-appointed Coordinating Discovery Attorney (CDA).  I make the following statements based upon my personal knowledge, information, and belief.

2.      Set out below is a chronology of Government discovery productions.

3.      The first column is the date the discovery was produced by the Government as reflected in the cover letter that accompanied each production.

4.      The second column is the case referenced, although all the discovery is to be shared with all the defendants in the related cases of *U.S. v. Garcia*, Case No. 2:15-cr-04275 JB, *U.S. v. Varela*, Case No. 2:15-cr-04269 JB, and *U.S. v. Baca*, Case No. 2:16-cr-01613 JB.

5.      The third column sets out the manner in which we received the discovery. USAfx is the Government's cloud transfer system.  Smaller productions were provided by way of USAfx.  Larger productions were sent by next business-day FedEx.

6.      The last column is a summary of the discovery produced.  Our office performs no discovery analysis and therefore we can only provide a summary description based on the file names and/or the production letters produced by the Government.

| DISCOVERY PRODUCTION DATE : | CASE | REC'D FROM GOVT VIA: | DESCRIPTION OF DISCOVERY PRODUCED: |
|---|---|---|---|
| 3-18-16 | Garcia | USAfx | Documents [Bates 1-1074]: (Bates 1-52; 56; 64-68; 81-787; 885; 922; 930-1030; 1051-1074); Originally Produced 3-18-16 (Bates 53-55; 57-63; 69-80; 788-884; 886-921; 1040-1050). Audio of UC buy and interviews. |

2

| DISCOVERY PRODUCTION DATE : | CASE | REC'D FROM GOVT VIA: | DESCRIPTION OF DISCOVERY PRODUCED: |
|---|---|---|---|
| 3-25-16 | DeLeon; Varela | USAfx | DeLeon Documents [Bates 1-2606]: VICTIM - 2001 F. Castillo (Bates 1-727); VICTIM - 2001 R. Garza (Bates 728-1284); VICTIM - 2007 F. Sanchez (Bates 1285-1582); VICTIM - 2014 J. Molina (Bates 1583-2253); VICTIM - 2015 J. Romero (Bates 2254-2316); VICTIMS -2015, D. Santistevan & G. Marcantel (Bates 2317-2606). Varela Documents [Bates 1-603]: VICTIM – P. Silva 2011 (Bates 1-131); VICTIM - A. Sosaya 2011 (Bates 132-603). Wiretap: M. Montoya, S. Griego, T. Clark, E. Duran phone calls and texts. Video: Assault on J. Molina & J. Romero. Audio: VICTIMS – 2015, G. Marcantel Audio#1-4. |
| 6-17-16 | Baca | USAfx; FedEx | Documents [Bates 1-2464]: VICTIM-2005 Shane Dix (Bates 1-696); VICTIM - 2014 Michael Giron (Bates 697-2098); VICTIM - 1998 F. Martinez (Bates 2099-2297); VICTIM - 2003 R. Contreras (2298-2464). Videos: 2005-Shane Dix homicide case interviews; Surveillance from Artisco Heritage and Good Fallas barbershop; Interviews of F. Quintana, Gallegos, R. Quintana, Ortiz, Armijo, F. Munoz. Richard Gallegos' cell phone data. |
| 6-24-16 | Baca | USAfx; FedEx | Documents [Bates 2465-6359]: CONSPIRACY-Overt Acts (Bates 2465-4724); VICTIM- 1998, F. Martinez (Bates 4725-4770); VICTIM - 2014, M. Giron (Bates 4771-4836); MISC (Bates 4837-5152); SNM Letters (Bates 5153-6359). Audios re: VICTIM-1998 F. Martinez and 2003 R. Contreras. |
| 7-1-16 | DeLeon | USAfx; FedEx | Documents [Bates 2607-8433]: MISC (Bates 2607-3169; 3233-3366; 6340-6352); VICTIM – 2001 F. Castillo (Bates 3367); VICTIM - 2001 R. Garza (Bates 3368); VICTIM - 2007 F. Sanchez (Bates 3170-3200; 3231-3232); VICTIM - 2015 J. Romero (Bates 3201-3230); VICTIM - 2015 D. Santistevan & G. Marcantel (Bates 3369-3379; 5981-6339); VICTIM - 2012 A. Burns (Bates 3380-5725); VICTIM - 2016 J. Gomez (Bates 5726-5980); Photos of VICAR defendants (Bates 6353-8433). Audio: 2015 Gregg Marcantel (CHS conversations); MISC audio (jail calls, CHS conversations); 2012 Adrian Burns (dispatch, interviews, video, jail calls). Adrian Burns cell phone records. Video: SNMCF re Murder F. Sanchez. |

| DISCOVERY PRODUCTION DATE: | CASE | REC'D FROM GOVT VIA: | DESCRIPTION OF DISCOVERY PRODUCED: |
|---|---|---|---|
| 7-18-16 | DeLeon | FedEx | Replacements of DVD 09 & 10 from 7-1-16 production: Surveillance of Adrian Burns. |
| 7-22-16 | DeLeon | USAfx | Audio file in .mp3 format (originally prod.7-1-16 in .wav): Jail call btwn Pup, Mom & Yvonne |
| 7-26-16 | Garcia | USAfx | Documents [Bates 1085-1302] and enhanced audio. |
| 7-27-16 | Garcia | USAfx; FedEx | C. Garcia's cell phone data & reproduction of 3-18-16 discovery (Bates 53-55; 57-63; 69-80; 788-884; 886-921; 1040-1050). |
| 8-8-16 | Baca | FedEx | F. Quintana and R. Gallegos jail calls. |
| 8-11-16 | Baca | USAfx | Documents [Bates 6360-7777]: VICTIM-2014 M. Giron (Bates 6360-6469; 7772-7777); CONSPIRACY-Overt Acts (Bates 6470-6603); MISC (Bates 6604-7771). Audio of interviews/overt act. |

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

DATED: August 29, 2016, at Seattle, Washington.

Russell M. Aoki, WSBA # 15717
Aoki Law PLLC
IBM Building
1200 Fifth Ave, Ste. 750
Seattle WA 98101
Telephone: (206) 624-1900
Facsimile: (206) 442-4396
Email: russ@aokilaw.com

DNM 680

| | |
|---|---|
| **From:** | Armijo, Maria (USANM) |
| **Received:** | Tue 9/6/2016 4:16 PM |
| **To:** | Ryan Villa; amy@abqnmlaw.com; Cori A. Harbour-Valdez; Ahmad Assed; Alex Olivas; Amy Jacks; Barry Porter; Billy Blackburn; BMB Law; Christopher Adams; Cori A. Harbour-Valdez; David Evans; Diego Esquibel; Donald Kochersberger; Donavon Roberts; Erlinda Ocampo Johnson; Greg Acton; Jeff Lahann; Jim Castle; Joe Spencer; Kari Morrissey; Larry Hammond; Marc Lowry; Marcia Morrissey; Margaret Strickland; Marshall Ray; Mary Stillinger; Michael Davis; Nate Chambers; Noel Orquiz; Orlando Mondragon; Patrick J Burke; Phillip Linder; Richard Jewkes; Rick Sindel; Robert Cooper; Theresa Duncan; Wayne Baker; arellanesattorney@yahoo.com; romerokeith@gmail.com; maalaw4@gmail.com; cjm@cjmlawfirm.com; bj@crow-law-firm.com; ghlaw707@gmail.com; santilawyer@gmail.com; gmitchell@zianet.com; lawyer19742003@yahoo.com; jd@jdherreralaw.com; doug@couleurlaw.com; russelldeanclark@gmail.com |
| **Cc:** | Castellano, Randy (USANM); Beck, Matthew (USANM) |
| **Subject:** | RE: USA v. DeLeon- 15-cr-4268- motion to vacate-position needed |

Mr. Villa,

I believe one of the questions that was posed was whether the defendants in the 1613 RICO case oppose a continuance of their trial date in July as well.  I don't believe that question has been answered.  If it has, I apologize.  Please let me know.

Assuming that all the defendants in the 1613 RICO case do NOT oppose a continuance in their case, the United States is not opposed to vacating the trial date currently set in March, 2017.  However, after reviewing your motion, we are opposed to that motion per se because we disagree with some of the assertions made.

For instance, we are opposed to the following statements in your motion:

(1) That the U.S. production is making it difficult for counsel to efficiently ascertain which documents are pertinent to a specific defendant and a specific count or counts.  We disagree – for the most part, the discovery letters that we send out quite clearly indicate what discovery is contained in that batch of discovery, and what murder (etc…) it pertains to – and if it is in a "MISC" category – we provide descriptions of the discovery.

(2) We believe we have already complied with discovery, and will continue to disclose materials as we receive them.  Thus, we are opposed to the Court setting a deadline on the Government.

(3) We disagree that there are 40,000 documents.  Our indication via bates stamped material is that we have disclosed approximately 16,000 pages.  Mr. Aoki calculates it differently when he includes other files such as telephone calls, etc….

Unless changes such as these are removed from the motion, and all the defendants in the 1613 RICO agree with vacating their trial date, we are opposed to the motion.

---

**From:** Ryan Villa [mailto:ryan@rjvlawfirm.com]
**Sent:** Tuesday, September 06, 2016 2:14 PM
**To:** Armijo, Maria (USANM); amy@abqnmlaw.com; Cori A. Harbour-Valdez; Ahmad Assed; Alex Olivas; Amy Jacks; Barry Porter; Billy Blackburn; BMB Law; Christopher Adams; Cori A. Harbour-Valdez; David Evans; Diego Esquibel; Donald Kochersberger; Donavon Roberts; Erlinda Ocampo Johnson; Greg Acton; Jeff Lahann; Jim Castle; Joe Spencer; Kari Morrissey; Larry Hammond; Marc Lowry; Marcia Morrissey; Margaret Strickland; Marshall Ray; Mary Stillinger; Michael Davis; Nate Chambers; Noel Orquiz; Orlando Mondragon; Patrick J Burke; Phillip Linder; Richard Jewkes; Rick Sindel; Robert Cooper; Theresa Duncan; Wayne Baker; arellanesattorney@yahoo.com; romerokeith@gmail.com; maalaw4@gmail.com; cjm@cjmlawfirm.com; bj@crow-law-firm.com; ghlaw707@gmail.com; santilawyer@gmail.com; gmitchell@zianet.com; lawyer19742003@yahoo.com; jd@jdherreralaw.com; doug@couleurlaw.com; russelldeanclark@gmail.com
**Cc:** Castellano, Randy (USANM); Beck, Matthew (USANM)
**Subject:** RE: USA v. DeLeon- 15-cr-4268- motion to vacate-position needed

Counsel,

I've heard back from all Defendants, except Defendants Patterson, Hernandez and Rodriguez.  I think I left out Defendant Martinez's counsel in my original email, so they have now been added.  All Defendants have responded that they concur, except Defendant Martinez, who's counsel Doug Couleur takes no position due to ongoing competency issues.

**Ms. Armijo**: Can you please tell me the government's position? I intend to file the motion tomorrow by close of business. I've attached an updated version of the proposed motion to be provided. The changes are not substantive, only stylistic and a couple typos I've caught and I've highlighted those Defendants I've yet to hear from.

Would the attorneys, on behalf of **Defendants Patterson, Hernandez, Rodriguez** and **Martinez** please provide your position on a motion to vacate the March trial date?

Thanks.

Ryan J. Villa

The Law Office of Ryan J. Villa
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Office: 505-639-5709
Fax:   505-433-5812
Email: ryan@rjvlawfirm.com

---

**From:** Armijo, Maria (USANM)
**Sent:** Friday, September 02, 2016 1:29:26 PM
**To:** Ryan Villa; amy@abqnmlaw.com; Cori A. Harbour-Valdez; Ahmad Assed; Alex Olivas; Amy Jacks; Barry Porter; Billy Blackburn; BMB Law; Christopher Adams; Cori A. Harbour-Valdez; David Evans; Diego Esquibel; Donald Kochersberger; Donavon Roberts; Erlinda Ocampo Johnson; Greg Acton; Jeff Lahann; Jim Castle; Joe Spencer; Kari Morrissey; Larry Hammond; Marc Lowry; Marcia Morrissey; Margaret Strickland; Marshall Ray; Mary Stillinger; Michael Davis; Nate Chambers; Noel Orquiz; Orlando Mondragon; Patrick J Burke; Richard Jewkes; Rick Sindel; Robert Cooper; Theresa Duncan; Wayne Baker; arellanesattorney@yahoo.com; romerokeith@gmail.com; erlindajohnsonlaw@comcast.net; ladar170@aim.com; maalaw4@gmail.com; cjm@cjmlawfirm.com; bj@crow-law-firm.com; ghlaw707@gmail.com; santilawyer@gmail.com; gmitchell@zianet.com; lawyer19742003@yahoo.com; jd@jdherreralaw.com; mondragonom@att.net; jeff@lahannlaw.com; phillip@thelinderfirm.com; doug@couleurlaw.com; russelldeanclark@gmail.com
**Cc:** Castellano, Randy (USANM); Beck, Matthew (USANM)
**Subject:** RE: USA v. DeLeon- 15-cr-4268- motion to vacate

Good afternoon Ryan,

We would like to know what all the defendants' position is prior to giving our position.

Thanks - Maria

---

**From:** Ryan Villa [mailto:ryan@rjvlawfirm.com]
**Sent:** Friday, September 02, 2016 1:26 PM
**To:** amy@abqnmlaw.com; Cori A. Harbour-Valdez; Ahmad Assed; Alex Olivas; Amy Jacks; Barry Porter; Billy Blackburn; BMB Law; Christopher Adams; Cori A. Harbour-Valdez; David Evans; Diego Esquibel; Donald Kochersberger; Donavon Roberts; Erlinda Ocampo Johnson; Greg Acton; Jeff Lahann; Jim Castle; Joe Spencer; Kari Morrissey; Larry Hammond; Marc Lowry; Marcia Morrissey; Margaret Strickland; Marshall Ray; Mary Stillinger; Michael Davis; Nate Chambers; Noel Orquiz; Orlando Mondragon; Patrick J Burke; Phillip Linder; Richard Jewkes; Rick Sindel; Robert Cooper; Theresa Duncan; Wayne Baker; arellanesattorney@yahoo.com; romerokeith@gmail.com; erlindajohnsonlaw@comcast.net; ladar170@aim.com; maalaw4@gmail.com; cjm@cjmlawfirm.com; bj@crow-law-firm.com; ghlaw707@gmail.com; santilawyer@gmail.com; gmitchell@zianet.com; lawyer19742003@yahoo.com; jd@jdherreralaw.com; mondragonom@att.net; jeff@lahannlaw.com; phillip@thelinderfirm.com; doug@couleurlaw.com; russelldeanclark@gmail.com
**Cc:** Armijo, Maria (USANM)
**Subject:** RE: USA v. DeLeon- 15-cr-4268- motion to vacate

All,

This email is (hopefully) being sent to all parties U.S. and Defendants in the DeLeon case. I've attached a proposed motion to vacate the March trial date. Per Judge Browning's request, I need to hear from everyone on whether they oppose.

Thank you.

Ryan J. Villa

The Law Office of Ryan J. Villa
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Office: 505-639-5709
Fax:   505-433-5812
Email: ryan@rjvlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               NO.  15-CR-4268-JB

ANGEL DELEON, et al.,

        Defendants.

## UNOPPOSED MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER[1]

COMES NOW, defendant Christopher Garcia, by and through co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and joined by defendants Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, and Shauna Gutierrez by their respective counsel, and files this Unopposed Motion Continue the October 4, 2016 Trial Setting

---

[1] On September 7, 2016, Counsel for Mr. Rudy Perez, Ryan Villa, filed Defendants Joint Opposed Motion to Vacate the March 2016 Trial Setting, Impose a Discovery Scheduling Order and Request for Hearing (Doc. 676).

(Doc. 250), and related Scheduling Order.[2]  In support thereof, defendants state the following:

1.      In this case, the 24 original defendants were charged by Indictment with violations of 18 U.S.C. §1959(a)(1)(5)(6) and 18 U.S.C. §2 (Violent Crimes in Aid of Racketeering ("VICAR"), Aiding and Abetting).  *See* Indictment (Doc. 2).  At least 19 of the original defendants were charged with capital eligible offenses and faced the possibility of the death penalty under 18 U.S.C. § 3591 et. seq.  *Id*.  The original Indictment contains special findings required for the imposition of the death penalty. *Id*.

2.      The Court did not set an initial trial date after each defendants' respective Arraignment.

3.      On April 21, 2016, the government unsealed a superseding indictment in this case, which alleged additional crimes and added additional defendants.  *See* Superseding Indictment (Doc. 368).  The government also revealed a new indictment in related case, 16-CR-1613, in which some, but not all, of the defendants in the above-captioned matter are charged with additional criminal acts (Doc. 1, 16-CR-1613).  Both indictments allege defendants are members or affiliates of the Syndicato de Nuevo

---

[2] A Motion to Suspend the Scheduling Order Request for Status Conference and Ex Parte CJA Conference was filed on May 18, 2016 (Doc. 535).

DNM 685

Mexico ("SNM") prison gang, which the government alleges engaged in racketeering and committed violent crimes in aid thereof.

4.      The United States also obtained a separate indictment against defendant Chris Garcia in 15-CR-4275 (Garcia indictment) (Docs. 2, 49, 15-CR-4275), who is a defendant in this matter and also in 16-CR-1613.

5.      In this matter, on June 6, 2016, the United States notified the parties it does not intend to seek the death penalty (Doc. 567), but in 16-CR-1613, the case is still death eligible, *See Indictment*, (Doc. 1, 16-CR-1613).  For ease of reference, counsel will refer to these cases as the "SNM cases."

6.      On January 7, 2016, the government filed an Unopposed Joint Motion to Declare the Case Complex (Doc. 210). The Court entered an order declaring the case complex that same day. (Doc. 211).

7.      On January 22, 2016, the Court set a Scheduling Order and initial jury trial setting on October 4, 2016 in Las Cruces, NM (Doc. 250).

8.      All pending SNM cases were reassigned to this Court on March 30, 2016 (Doc. 352, in 15-CR-4268; and Doc. 57 in 15-CR-4275).

9.      The parties filed a Motion to Suspend Scheduling Order, Request for Status Conference and Ex Parte CJA Conference on May 18, 2016 (Doc. 535).  The Court held a hearing on June 2, 2016.  (*Transcript of June 2, 2016 Hearing*, Doc. 624; Clerk's

3

Minutes, (Doc. 536, 537, 552, 557).  The Scheduling Order was ordered suspended by

this Court during that hearing (Doc. 624, p. 102-103).

> THE COURT: All right. Well, let me do this: Let's set the case for
> March. And I understand that the defense counsel think that that's not
> realistic, and I'll remember that. I'm going to put the burden on the
> parties to draft a motion or an order that complies -- I know it's
> designated complex, but I'd still like to have it comply as much as
> possible with *Toombs* and *Hernandez-Mejia*. And I'm going to put the
> burden on the United States to do the first draft. And then defendants
> load it up as much as possible, so that if anybody reviews that down
> the road -- and I'll remember this -- I mean, we all know we're going to
> have to probably look at the schedule from time to time, and see if it
> can be done on the schedule.

Doc. 624, p. 102-103 (lines 12-25).

10.      During the June 2, 2016 hearing, the Court ordered a March 6, 2017 trial

date.  (Doc. 624 at p. 103).  No Clerk's post-hearing minutes have been entered pending

the filing of this motion.

11.      Counsel for Mr. Anthony Ray Baca, Theresa Duncan, contacted AUSA

Maria Armijo on August 1, 2016, to discuss a proposed Scheduling Order after the June

2, 2016 hearing.  On August 10, 2016, Ms. Armijo sent Ms. Duncan an initial scheduling

order, which Ms. Duncan edited and circulated to other defense counsel.   Many

defense counsel were hesitant to enter into a Scheduling Order with the government

due the volume of discovery disclosed to date in this case and uncertainties regarding

when the government would disclose any remaining discovery.  Ultimately, defense

counsel were unable to reach a consensus regarding the proposed scheduling order.

12.     Counsel has been practicing law in the District of New Mexico since
approximately 2002.  These three interwoven SNM cases are among the most complex
ever filed in the District.

13.     Because the Unites States chose to prosecute thirty defendants in this
indictment, with multiple counts, spanning over 3 decades, the discovery is massive.
Moreover, discovery is continually being disclosed in this matter as well as the parallel
RICO indictment in 16-CR-1613 and 15-CR-4275.  Trial is likely to last months in the
absence of severance, with corresponding trial preparation and pretrial motions
litigation likely to take twice as long.  The corresponding investigation needed to
effectively represent each defendant is massive.  However, due to the nature in which
the United States is disclosing discovery, and the limitations set forth in the discovery
order requiring defendants to have discovery on tablets, the October 4, 2016 trial date
and corresponding proposed scheduling order (Doc. 250) is unworkable.

14.     The United States is producing discovery in a rolling fashion and a
manner that makes it difficult for counsel to efficiently ascertain which documents are
pertinent to a specific defendant and a specific count or counts.  Compounding the issue
is that defendants themselves have just begun to review discovery.  Defendants who
were initially indicted in this case in December, 2015 only just received their tablets on
or about August 3, 2016, and recently learned that the tablets will need to be sent back
to the NM Department of Corrections due to technical problems.  Accordingly, most

5

defendants and counsel are not placing defense attorney-client materials on their tablets

due to possible access by the NM Department of Corrections and the government

(which is the only way counsel can leave documents with their clients since they are

prohibited pursuant to the Protective Order (Doc. 589) to leave hard copy documents

with their client.  Defendants who were indicted via the superseding indictment have

not received tablets to date and thus have only reviewed discovery during limited, in

person meetings with counsel.

15.     The discovery in 15-CR-4275 has been produced to all counsel in 15-CR-

4268 and the racketeering (death) case, 16-CR-1613.  Most, if not all pretrial motions that

will be filed in this case will also be filed in 15-CR-4275 and 16-CR-1613, notably

motions to suppress evidence -- since the evidence will be used by the government in

all three (3) cases.

16.     Approximately 48 pages of discovery were initially disclosed by the

government in 15-CR-4275.  The same discovery was disclosed to all defendants in the

related 15-CR-4268 VICAR conspiracy case.  On March 15, and March 25, 2016, the

government disclosed over 3,000 pages of discovery to the expert discovery coordinator

and all defense counsel on this case and 15-CR-4275.  In late July 2016, the government

produced additional discovery in 15-CR-4275 to the discovery coordinator that was

initially disclosed in mid-May 2016, but due to technical reasons was not properly

disseminated.  As of August 12, 2016, there have been 40,784 pages and 412 hours of

6

audio and video recordings produced by the Government.  According to Assistant

United States Attorney (AUSA) Maria Armijo, this production is still ongoing and it is

uncertain when it will be complete.  *See Motion to Vacate*, Doc. 676, Exhibit 1.

17.     The government sent a number of discovery productions **after** some of the

defendants received their tablets.  Specifically, the government produced discovery

with a letter dated August 8, 2016 in the 16-CR-1613 case, and with a letter dated

August 11, 2016 in the 16-CR-1613 case.  The expert discovery coordinator prepared a

Declaration on discovery productions in all related matters, attached hereto as Exhibit

A.

18.     All counsel and defendants are attempting to timely review

approximately 40,784 pages of discovery and 412 audio and video files that have been

produced in all three SNM cases to all defendants as of August 12, 2016.[3]  The written

reports contain thousands of pages of telephone calls, text messages, FBI-302s,

Bernalillo County Sheriff's Office (BCSO) investigative reports, NM Department of

Corrections STIU investigative reports, reports on alleged victims, witnesses,

confidential informants, confidential human sources and other alleged SNM gang

members, many of which are ***highly redacted***.[4]  The government has identified at least

_____

[3] Russell Aoki, Expert Discovery Coordinator provided these numbers to all defense
counsel on August 12, 2016 via email.
[4] Counsel is concerned that identifiers needed to ascertain whether evidence is
exculpatory is being redacted.

12 confidential informants/cooperating witnesses/confidential human source(s) thus far

that will provide testimony in all three SNM cases.

19.     The government's redactions have increased the burden of reviewing

discovery and conducting necessary investigations.  For example, one folder recently

disclosed by the government titled, MISC, contains approximately 91 confidential

human source (CHS) reports.   Counsel must review these individual reports with their

respective clients and conduct an independent investigation into the veracity of each

CHS.

20.     The expert discovery coordinator does not disseminate the discovery

immediately to defense counsel, as required sorting and conversion is necessary before

producing.  The government is taking the position that discovery is complete and is

producing discovery on a rolling basis.  However, many Rule 16 documents have not

yet been produced, and will be subject to multiple motions to compel.

21.     As in all complex prosecutions (all three of Mr. Garcia's matters could

result in life imprisonment for many defendants, or in the matter of 16-CR-1613, death),

the defense must fully investigate all charges against their client, and identify

exculpatory evidence.  The defense must identify expert and lay witnesses to defend the

alleged acts and research the applicable law and penalty enhancements at the time of

the alleged charged offenses, and must then determine the intent of all the players

involved.  Multiple individuals were allegedly involved in each Count/Overt Act in all three SNM indictments.

22.     This process will not only require substantial additional discovery from the government that has not yet been demanded as Counsel is diligently determining what has already been produced in each case and attempting to match it up to each Count/Overt Act in the three Indictments.  It has been a challenging task since the government's discovery productions have been recent, voluminous, and not produced in an organized fashion.

23.     Moreover, an independent analysis of the government's narcotics, fingerprint, DNA, and firearms laboratory findings, and the reliability, protocol, and procedures of all the testing done by the laboratory will also be required to proceed to trial in all three SNM Indictments.  Defense experts must be engaged once all the discovery is disclosed.

24.     Litigation on the Protective Order, Scheduling Orders, Complex Case Designation and Discovery has already consumed more than seven (7) months on all three cases.

25.     Counsel have been reviewing discovery with their clients in a diligent fashion.  Per the Court's oral order on June 2, 2016 (Doc. 624), defense counsel require that the October 4, 2016 trial date be continued, to give counsel time to obtain and review discovery with their respective clients, compensate for the time when the

defendants' have not had access to their tablets and the discovery, continue the defense

investigation, summarize and transcribe thousands of audio recordings, locate

witnesses, hire expert witnesses, file pretrial motions, including, but not limited to

multiple discovery motions, motions to suppress (impacting all three cases), *Brady*

motions, a motion to identify the multiple CHS/informants early, Motion to Produce

unredacted discovery, a Motion to Dismiss based on Multiplicity/Duplicity, among

others.  Counsel also need time to ascertain if any competency or mental health issues

exist with their respective clients, conduct plea negotiations, and obtain records

necessary for each clients' defense.  Many CJA counsel are also in the process of

compiling discovery demands and motions to compel discovery to the government

while reviewing the discovery.

     26.     Pursuant to 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in

*United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist for the

continuance as explained herein.  The defendants stated need for a continuance

outweigh the best interests of the public and the defendant in a speedy trial.  As

appears from the foregoing, the parties and their counsel have been exercising due

diligence.  The parties have been diligently communicating, continuing to review

thousands of pages of discovery with their clients, compensating for the lost time when

the defendants have not had access to their tablets and the discovery, and continuing

their respective defense investigations.  Counsel must summarize and transcribe

thousands of audio recordings, locate witnesses, hire expert witnesses, file pretrial

motions, including, but not limited to multiple discovery motions, motions to suppress

(impacting all three cases), *Brady* motions, a motion to identify the multiple

CHS/informants early, Motion to Produce unredacted discovery, a Motion to Dismiss

based on Multiplicity/Duplicity, among others.  Counsel must also ascertain if any

competency or mental health issues exist with their respective clients, conduct plea

negotiations, and obtain records necessary for their client's defense.  Many counsel are

also in the process of compiling discovery demands and motions to compel discovery to

the government while reviewing the discovery.  Therefore, defendants submit that,

pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), as further clarified by the

decision of the Tenth Circuit Court of Appeals in *United States v. Toombs*, 574 F.3d 1262

(10th Cir. 2009), good grounds exist to continue the October 4, 2016 trial setting and

related Scheduling Order (Doc. 250).

      27.    The defendants respectfully request that the Court exclude the time

between October 4, 2016 and the Court's June 2, 2016 oral setting of trial on March 6,

2017, for purposes of the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(B).

      28.    The defense has made inquiry with the parties concerning this motion.

The government is not opposed. Counsel for Eugene Martinez takes no position.

Undersigned did not receive a response from the following defendants: Allen Patterson,

Conrad Villegas, and Andrew Gallegos.  The remaining defendants, who are not

signatories, have no objection to the motion.

For the foregoing reasons, the defendants and their respective counsel

respectfully request that the Court enter an Order continuing the October 4, 2016 trial

date to March 6, 2017.

Respectfully submitted,

_/s_____
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

_/s_____
Christopher W. Adams, Esq.
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston SC 29401-2276
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com
*Attorneys for Christopher Garcia*

*s/ Brock Benjamin*
Brock Benjamin
Richard Sindel
*Attorneys for Joe Gallegos*

*s/ Cori A. Harbour-Valdez*
Cori A. Harbour
Patrick J. Burke
*Attorneys for Edward Troup*

12

_s/ Russell Dean Clark_
Russell Dean Clark
_Attorney for Leonard Lujan_


_s/ James Castle_
James Castle
Robert Cooper
_Attorneys for Billy Garcia_


_s/ Orlando Mondragon_
Orlando Mondragon
_Attorney for Christopher Chavez_


_s/ Nathan Chambers_
Nathan Chambers
Noel Orquiz
_Attorneys for Javier Alonso_


_s/ Billy Blackburn_
Billy Blackburn
_Attorney for Arturo Arnulfo Garcia_


_s/ Steve Hosford_
Steve Hosford
J.D. Herrera
_Attorneys for Benjamin Clark_


_s/ Pedro Pineda_
Pedro Pineda
_Attorney for Ruben Hernandez_


_s/ Gary Mitchell_
Gary Mitchell
_Attorney for Jerry Armenta_


_s/ Margaret Strickland_
Margaret Strickland
Larry Hammond
_Attorneys for Jerry Montoya_


13

_s/ Mary Stillinger_
Mary Stillinger
Joe Spencer
_Attorneys for Mauricio Varela_


_s/ Amy Jacks_
Amy Jacks
Richard Jewkes
_Attorneys for Daniel Sanchez_


_s/ Theresa M. Duncan_
Theresa M. Duncan
Marc Lowry
_Attorneys for Anthony Ray Baca_


_s/ C.J. McElhinney_
C.J. McElhinney
_Attorney for Robert Martinez_


_s/ Michael Davis_
Michael Davis
_Attorney for Carlos Herrera_


_s/ Ryan Villa_
Ryan Villa
_Attorney for Rudy Perez_


_s/ Erlinda Johnson_
Erlinda Johnson
_Attorney for Santos Gonzalez_


_s/ Keith Romero_
Keith Romero
_Attorney for Paul Rivera_


_s/ Angela Arellanes_
Angela Arellanes
_Attorney for Shauna Gutierrez_

14

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system to opposing counsel, AUSAs Maria Armijo, Matthew Beck, and Randy Castellano, this 13th day of September 2016.

*s/ Cori A. Harbour-Valdez*
Cori A. Harbour-Valdez

DNM 698